IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., : | |
| : | |
| Plaintiff, : | |
| v. : | Docket No. 1:20-cv-00292 |
| : | |
| ECKERT SEAMANS CHERIN & MELLOTT, : | |
| LLC, : | |
| : | |
| Defendant. : | |

### ANSWER OF DEFENDANT,
### ECKERT SEAMANS CHERIN & MELLOTT, LLC,
### TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), by and through its

counsel, Fox Rothschild LLP, hereby answers the Complaint of plaintiff, Pace-O-Matic, Inc.

("POM"), with Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12, as follows:

### ANSWER

### Nature of the Action

Eckert disagrees with and denies in its entirety POM's self-serving and misleading

characterization of the nature of this action.  In fact, POM mischaracterizes the nature of Eckert's

limited representation of POM.  Worse, POM ignores the fact that Eckert obtained a prospective

waiver, and its representation of POM in Pennsylvania ended shortly after it began in the fall of

2011.  POM also attempts to misconstrue a positional conflict with a conflict of interest as

contemplated under the Rules of Professional Conduct.  Because this is not an actual conflict of

interest and the Rules of Professional Conduct do not govern positional conflicts, POM is not

entitled to any of the relief that it seeks.

## Parties

1.      Admitted in part. Denied in part. It is admitted only that POM is organized and existing under the laws of the State of Wyoming and that it has a principal place of business in Georgia. It is denied that POM retained Eckert to provide legal services in all of the jurisdictions where POM sells its products. The remaining allegations in paragraph 1 are denied on the grounds that Eckert is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

2.      Admitted.

## Jurisdiction and Venue

3.      Denied. The allegations contained in paragraph 3 of POM's Complaint are denied as conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

4.      Denied. The allegations contained in paragraph 4 of POM's Complaint are denied as conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

## Background

5.      Denied. The allegations contained in paragraph 5 of POM's Complaint are denied on the grounds that they purport to characterize the September 30, 2011 written engagement letter which, as a written document, speaks for itself. By way of further response, Eckert's representation of POM in Pennsylvania ended almost immediately after it began in the fall of 2011.

6.      Denied.

7.      Denied.  The allegations contained in paragraph 7 of POM's Complaint are denied on the grounds that they purport to characterize the December 20, 2016 written engagement letter which, as a written document, speaks for itself.  By way of further response, Eckert's representation of POM was limited to Virginia and subject to a prospective waiver.  The Eckert attorneys who represented POM in Virginia advised POM that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

8.      Denied.  The allegations contained in paragraph 8 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that they purport to characterize the written engagement letters which, as written documents, speak for themselves.  By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia.  In addition, Eckert's representation as counsel for POM was limited to Virginia and subject to a prospective waiver. The Eckert attorneys who represented POM in Virginia advised POM that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

9.      Denied as stated.  Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. Eckert billed POM from 2017 to 2019 relating to legal services performed by Eckert on POM's behalf in Virginia.

10.      Denied.  The allegations contained in paragraph 10 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia.

11.      Denied.  The allegations contained in paragraph 11 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that they purport to characterize the December 20, 2016 written engagement letter which, as a written document, speaks for itself.  By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia.  In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

12.      Denied as stated.  Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia.  In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

13.      Denied.  The allegations contained in paragraph 13 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated.  Such allegations are further denied on the grounds that they purport to characterize arguments and

4

submissions to the court which, as written documents, speak for themselves. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

14.   Denied. The allegations contained in paragraph 14 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania. Also, Eckert's representation as counsel for POM was limited to Virginia and subject to a prospective waiver. The Eckert attorneys who represented POM in Virginia advised POM that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

15.   Denied. The allegations contained in paragraph 15 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated. Such allegations are further denied on the grounds that they purport to characterize arguments and submissions to the court which, as written documents, speak for themselves. By way of further response, POM is not a party to the Bucks County action. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

16.     Denied.  The allegations contained in paragraph 16 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

17.     Denied.  The allegations contained in paragraph 17 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated.  Such allegations are further denied on the grounds that they purport to characterize letters, arguments and submissions to the court which, as written documents, speak for themselves.  By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia.  In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

18.     Denied.  The allegations contained in paragraph 18 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia.  In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.  No actual conflict of interest existed because different counsel represented POM in Pennsylvania, Eckert does not represent a party adverse to POM in litigation, and POM agreed to a prospective waiver.

19.     Denied.  The allegations contained in paragraph 19 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia.  In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania. No actual conflict of interest existed because different counsel represented POM in Pennsylvania, Eckert does not represent a party adverse to POM in litigation, and POM agreed to a prospective waiver.

20.     Denied.  The allegations contained in paragraph 20 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

21.     Denied.  The allegations contained in paragraph 21 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

22.     Denied.  The allegations contained in paragraph 22 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

23.     Denied.  The allegations contained in paragraph 23 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

24.     Denied.  The allegations contained in paragraph 24 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further

response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia.  In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.  Also, Eckert's representation of POM was limited to Virginia and subject to a prospective waiver.  The Eckert attorneys who represented POM in Virginia advised POM that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

25.     Denied.  The allegations contained in paragraph 25 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, and as POM is aware, Eckert appropriately screened the attorneys representing its gaming clients in Pennsylvania from the attorneys representing POM in Virginia.

26.     Admitted in part.  Denied in part.  It is admitted only that POM confronted Eckert about its representation of Parx Casino in Pennsylvania.  The remaining factual allegations contained in paragraph 26 of POM's Complaint are denied.  By way of further response, Eckert did not drop POM like a "hot potato"; instead, POM forced Eckert to terminate its representation of POM in Virginia because POM refused to acknowledge its prior waiver of any potential conflict and demanded that Eckert limit and/or withdraw from its attorney-client relationship with a prior existing client.

27.     Denied.  The allegations contained in paragraph 27 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

28.     Denied.  The allegations contained in paragraph 28 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

**COUNT I**
**CLAIM FOR DECLARATORY JUDGMENT**

29.     Eckert incorporates by reference its responses to paragraphs 1-28 of POM's Complaint as if the same were set forth in full herein.

30.     Denied.  The allegations contained in paragraph 30 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

31.     Denied.  The allegations contained in paragraph 31 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

32.     Denied.  The allegations contained in paragraph 32 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

33.     Denied.  The allegations contained in paragraph 33 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

34.     Denied.  The allegations contained in paragraph 34 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

35.     Denied.  The allegations contained in paragraph 35 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

36.     Denied.  The allegations contained in paragraph 36 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

WHEREFORE, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court enter judgment in its favor and against plaintiff, Pace-O-Matic, Inc., on Count I of its Complaint and award defendant its reasonable costs and attorneys' fees.

## COUNT II
## CLAIM FOR BREACH OF FIDUCIARY DUTY

37.     Eckert incorporates by reference its responses to paragraphs 1-36 of POM's Complaint as if the same were set forth in full herein.

38.     Denied.  The allegations contained in paragraph 38 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

39.     Denied.  The allegations contained in paragraph 39 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

40.     Denied.  The allegations contained in paragraph 40 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

41.     Denied.  The allegations contained in paragraph 41 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

WHEREFORE, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court enter judgment in its favor and against plaintiff, Pace-O-Matic, Inc., on Count II of its Complaint and award defendant its reasonable costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

By way of further response to the allegations asserted, Eckert hereby asserts the following affirmative defenses to the claims asserted in the Complaint:

### First Defense

POM's Complaint fails to state a claim against Eckert upon which relief may be granted.

### Second Defense

POM's Complaint fails to state a claim for declaratory relief.

### Third defense

POM's Complaint fails to state a claim for breach of fiduciary duty.

### Fourth Defense

POM's claims are barred, in whole or in part, by the doctrine of laches.

### Fifth Defense

POM's claims are barred by the doctrines of waiver and/or estoppel.

11

### Sixth Defense

POM's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Seventh Defense

POM has suffered no damages.

### Eighth Defense

Eckert did not cause any damages that POM allegedly sustained.

### Ninth Defense

POM's damages, if any, were caused by its own actions or inactions.

### Tenth Defense

POM is not entitled to any disgorgement of legal fees for work performed by Eckert.

### Eleventh Defense

POM is not entitled to punitive damages.

### Twelfth Defense

When POM approached Eckert about representing POM in Virginia, Eckert advised POM of its representation of other gaming clients in Pennsylvania, and POM consented to Eckert's representation of POM in Virginia knowing that Eckert represented other gaming clients in Pennsylvania.

### Thirteenth Defense

Eckert fully advised POM of Eckert's prior representation of other gaming clients in Pennsylvania, and Eckert undertook its representation of POM in Virginia subject to that disclosure and POM's waiver of any potential conflict in that regard.

### Fourteenth Defense

The Eckert attorneys who represented POM in Virginia advised POM that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

### Fifteenth Defense

Eckert appropriately limited the scope of its representation of POM to legal issues concerning the sale of its products in Virginia.

### Sixteenth Defense

Eckert screened the attorneys representing POM in Virginia from the attorneys representing its gaming clients in Pennsylvania.

### Seventeenth Defense

Eckert is not counsel in any litigation where POM is an adverse party.

### Eighteenth Defense

Eckert did not breach its duty of confidentiality to POM.

### Nineteenth Defense

Eckert did not breach its duty of loyalty to POM.

### Twentieth Defense

Eckert did not breach or violate any Rule of Professional Conduct.

### Twenty-First Defense

A purported violation of a Rule of Professional Conduct does not create a cause of action against an attorney.

13

### Twenty-Second Defense

A purported violation of a Rule of Professional Conduct does not create a presumption that an attorney has breached his/her legal duty.

### Twenty-Third Defense

Positional conflicts do not create conflicts of interest as contemplated by the Rules of Professional Conduct.

### Twenty-Fourth Defense

The "hot potato" rule is inapplicable here.

### Twenty-Fifth Defense

POM forced Eckert to terminate its representation of POM in Virginia because POM refused to acknowledge its prior waiver of any potential conflict and demanded that Eckert limit and/or withdraw from its attorney-client relationship with a prior existing client.

WHEREFORE, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court enter judgment in its favor and against plaintiff, Pace-O-Matic, Inc., on all claims contained in its Complaint and award defendant its reasonable costs and attorneys' fees.

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendant,**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

Date:   March 10, 2020

14

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,             :
                                  :
                    Plaintiff,    :
      v.                            :         Docket No. 1:20-cv-00292
                                    :
ECKERT SEAMANS CHERIN & MELLOTT,  :
LLC,                                 :
                                  :
                  Defendant.   :

## CERTIFICATE OF SERVICE

       I, Robert S. Tintner, Esquire, hereby certify that, on this 10th day of March, 2020, I served

a true and correct copy of the foregoing Answer with Affirmative Defenses to the Complaint, via

ECF and U.S. First-Class Mail, upon the following:

                    Daniel T. Brier, Esquire
                    Myers, Brier & Kelly, LLP
                    425 Spruce Street, Suite 200
                    Scranton, PA 18503

                    **Counsel for Plaintiff**
                    **PACE-O-MATIC, INC.**

                    ROBERT S. TINTNER, ESQUIRE