

June 15, 2020

**VIA ECF**

Honorable Jennifer P. Wilson
U.S. District Court for the Middle District of Pennsylvania
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101

      Re:    Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC – No. 20-292

Dear Judge Wilson:

This office represents Plaintiff Pace-O-Matic, Inc. ("POM") in the above-referenced matter. I write pursuant to the Court's Civil Practice Order to advise the Court regarding several discovery disputes that have arisen.

POM initiated this action against its now former counsel, Defendant Eckert, Seamans, Cherin & Mellott, LLC ("Eckert"), seeking injunctive and other relief to enforce the fiduciary duty of undivided loyalty which Eckert owes to POM. POM alleges that Eckert breached its fiduciary duty by advocating against POM on behalf of another client, Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino"), while representing POM. Among other things, the Complaint alleges that Eckert breached its fiduciary duty by appearing with and assisting other counsel for Parx Casino in a matter pending in Commonwealth Court captioned *POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, No. 503 M.D. 2018. (*See* Compl. (ECF No. 1) ¶ 17.) POM also maintains that Eckert breached its fiduciary duty by distributing a press release encouraging law enforcement authorities to pursue criminal proceedings against POM and entities offering POM games based on Eckert's characterization of a decision issued by the Commonwealth Court in a related matter captioned *POM of Pennsylvania, LLC v. Department of Revenue and City of Philadelphia*, No. 418 M.D. 2018. Eckert's press release, which was distributed while Eckert was representing POM, advocates: "POM and any person who makes, sells, leases, maintains or offers for play one of their games should be immediately subject to criminal enforcement by local and state law enforcement authorities."

In relation to POM's pending motion for preliminary injunction in this case, POM served written discovery requests on Eckert, noticed the deposition of a 30(b)(6) designate of Eckert and served third-party subpoenas aimed at discovering Eckert's participation in the Commonwealth Court litigation and whether Eckert sought or received a waiver from Parx Casino authorizing its concurrent representation of POM. Specifically, POM seeks:

425 Spruce Street | Suite 200 | Scranton, PA 18503 | p (570) 342-6100 | f (570) 342-6147
240 North Third Street | 5th Floor | Harrisburg, PA 17101 | p (717) 553-6251
www.mbklaw.com

1. **Communications and documents exchanged between Eckert and counsel representing Parx Casino in the Commonwealth Court matters.** (*See* Req. for Prod. No. 2 (attached as Exhibit "A"); Interrog. No. 5 (attached as Exhibit "B").) Because counsel is not permitted to do indirectly what it cannot do directly, *see* Pa. R. Prof. Conduct 8.4(a), Eckert's collaboration with counsel representing Parx Casino in the Commonwealth Court matters is a breach of fiduciary duty and relevant and discoverable in this action. Further, such communications are relevant to disprove Eckert's asserted defense that it "does not represent a party adverse to POM in litigation." (*See* Def.'s Answer & Affirm. Defs. (ECF No. 9) ¶¶ 18, 19 & Seventeenth Defense.) Eckert cannot deny involvement in the Commonwealth Court matters as a defense and prevent POM from testing its denial.

2. **Communications between Eckert and Parx Casino concerning any conflict waiver.** (*See* Notice of Dep. Pursuant to Fed. R. Civ. P. 30(b)(6) ¶¶ 1, 2 (attached as Exhibit "C").) Eckert asserted as a defense in this action that it obtained a blanket advance waiver from POM relating to any potential conflict with Parx Casino. (*See* Def.'s Answer & Affirm. Defs. ¶¶ 7, 8, 14, 18, 19, 24 & Thirteenth Defense.) Because an effective waiver requires informed consent from both clients, *see* Pa. R. Prof. Conduct 1.7(b)(4), and because Eckert has already produced internal firm emails referencing conversations with Parx Casino concerning the conflict, Eckert's communications with Parx Casino concerning any alleged conflict waiver are discoverable.

3. **Total legal fees paid by Parx Casino to Eckert.** (*See* Notice of Dep. Pursuant to Fed. R. Civ. P. 30(b)(6) ¶ 14.) POM alleges that Eckert withdrew from representing its interests early this year in an attempt to avoid the conflict with its more remunerative client, Parx Casino. *See generally International Longshoremen's Ass'n, Local Union 1332 v. International Longshoremen's Ass'n*, 909 F. Supp. 287, 293 (E.D. Pa. 1995) ("[A]n attorney may not drop one client like a 'hot potato' in order to avoid a conflict with another, more remunerative client."). The total amount of fees paid by Parx Casino to Eckert during the period of the conflicting representations is therefore relevant. Further, the amount of fees paid is not privileged. *See generally In re Semel*, 411 F.2d 195, 197 (3d Cir. 1969) ("In the absence of unusual circumstances, the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee do not come within the privilege of the attorney-client relationship.").

4. **Communications between Eckert and Parx Casino concerning the conflict asserted by POM and/or Eckert's decision to withdraw from representing POM.** (*See* Notice of Dep. Pursuant to Fed. R. Civ. P. 30(b)(6) ¶ 15.) Such communications do not relate to the provision of legal advice to Parx Casino

*Honorable Jennifer P. Wilson*
*June 15, 2020*
*Page 3*

and are not privileged. *See generally Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007) ("[B]ecause the purpose of the privilege is to promote the dissemination of sound legal advice, the privilege will extend only to advice which is legal in nature. Where a lawyer provides non-legal business advice, the communication is not privileged.").

Eckert objected to these requests on privilege grounds. While we maintain that no privilege applies, Eckert has refused to provide the required privilege log describing the materials that were withheld and the specific basis for any privilege assertion. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."); *see generally United States ex rel. Spletzer v. Allied Wire & Cable, Inc.*, No. 09-4744, 2015 WL 7014620, at *4 (E.D. Pa. Nov. 12, 2015) ("[S]ince Plaintiff/Relator seeks to withhold certain documents from discovery because it is privileged, Plaintiff/Relator must provide Defendant with a privilege log."); *Velocity Int'l Inc. v. Celebrity Healthcare Sols., Inc.*, No. 09-102, 2010 WL 2196423, at *4 (W.D. Pa. June 1, 2010) ("[W]hen a party has asserted [] privilege[], its work is not complete; Rule 26(b)(5) requires preparation of a privilege log which describes the documents or things being withheld.").

There are two related discovery issues.

First, POM served a subpoena on Parx Casino compelling production of: (1) communications with Eckert concerning an actual or potential conflict with POM; (2) communications with Eckert relating to any request that Parx Casino consent to Eckert's concurrent representation of POM; (3) communications with Eckert concerning its decision to withdraw from representing POM; and (4) documents relating to this action. Parx Casino served written objections to the subpoena asserting, *inter alia*, that the documents requested are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, but declined to provide the necessary privilege log. *See* Fed. R. Civ. P. 45(e)(2)(A)(ii) ("A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must . . . describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."). (Copies of the subpoena served on Parx Casino and Parx Casino's objections are attached as Exhibits "D" and "E," respectively.)

Second, POM served a subpoena on Hawke, McKeon & Sniscak, LLP, the law firm that represents Parx Casino in the No. 503 M.D. 2018 action pending in Commonwealth Court, compelling production of: (1) communications with Eckert and materials received from Eckert in relation to that action or the related action docketed at No. 418 M.D. 2018; and (2) communications regarding any actual or potential conflict of interest between POM and Parx Casino. The Hawke McKeon firm served objections to the subpoenas asserting privilege but,

*Honorable Jennifer P. Wilson*
*June 15, 2020*
*Page 4*

like Eckert and Parx Casino, refused to provide a privilege log.  (Copies of the subpoena served on Hawke, McKeon & Sniscak, LLP and its objections are attached as Exhibits "F" and "G," respectively.)

We conferred with counsel for Eckert, Parx Casino and Hawke, McKeon & Sniscak, LLP in an effort to resolve these disputes, but were able to reach a resolution.

I respectfully request a conference with the court to address these disputes.

Respectfully,

Daniel T. Brier

DTB:cak
cc:    George A. Bibikos, Esquire (Counsel for Parx Casino) (via email)
       Dennis A. Whitaker, Esquire (Counsel for Hawke, McKeon & Sniscak, LLP) (via email)
       Robert S. Tintner, Esquire (via ECF)

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                           :
                                              :
                    Plaintiff,                :
                                              :
        v.                                    :       Docket No. 1:20-cv-00292
                                              :
ECKERT SEAMANS CHERIN & MELLOTT,              :
LLC,                                          :
                                              :
                    Defendant.                :
                                              :

**ECKERT SEAMANS CHERIN & MELLOTT, LLC'S
RESPONSES TO PACE-O-MATIC, INC.'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Eckert Seamans Cherin & Mellott, LLC. (hereinafter referred to as

"Eckert), by and through its attorneys, Fox Rothschild LLP, hereby responds to the First

Request for Production of Documents of Plaintiff, Pace-O-Matic, Inc. ("POM"), pursuant to

Federal Rule of Civil Procedure 34.

## I. GENERAL OBJECTIONS

1.      Eckert objects to POM's document requests to the extent that they exceed the

scope of discovery as stated by the Federal Rules of Civil Procedure. Eckert will only

respond to plaintiff's document requests within the limits set forth in Federal Rule of Civil

Procedure 34.

2.      Eckert objects to any document request that calls for information protected

by the attorney-client privilege and/or the work-product doctrine. By making a response to

any such document request, Eckert does not waive the attorney-client privilege and/or work-

product doctrine as to that document request or as to any other present or future document

request. Further, to the extent that Eckert inadvertently produces any information that, in

whole or in part, contains information protected by the attorney-client privilege and/or

work-product doctrine, the production of such information does not waive the protection of the attorney-client privilege and/or work-product doctrine.

3. Eckert objects to POM's document requests to the extent that they call for proprietary and/or confidential information. Eckert will only consider setting forth information responsive to these document requests in accordance with a stipulated protective order entered into by the parties.

Notwithstanding the foregoing objections, Eckert responds as follows:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents that refer or relate to communications with any agent, employee, representative or affiliate of Pace-O-Matic, Inc. relating to the terms of any engagement.

**RESPONSE: Eckert will produce all responsive, non-privileged documents.**

2. Any and all documents that refer or relate to or otherwise embody communications with any person or entity concerning the matter captioned *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Department of Revenue and City of Philadelphia,* docketed at No. 418 M.D. 2018 in the Commonwealth Court of Pennsylvania, or the matter captioned *POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control Enforcement,* docketed at No. 503 M.D. 2018 in the Commonwealth Court of Pennsylvania, including, but not limited to, communications with any *amicus* counsel representing Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino and communications to municipal, government and regulatory bodies that reference or relate to either action.

> **RESPONSE: Objection. Eckert objects to such a request because the information sought is protected by the attorney-client privilege, client confidentiality and the attorney work product doctrine. Eckert further objects to the request as overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence.**

2

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ECKERT SEAMANS CHERIN & MELLOTT, LLC'S
RESPONSES TO PACE-O-MATIC, INC.'S FIRST SET OF INTERROGATORIES**

Defendant, Eckert Seamans Cherin & Mellott, LLC. (hereinafter referred to as "Eckert"),

by and through its attorneys, Fox Rothschild LLP, hereby responds to the First Set of

Interrogatories of Plaintiff, Pace-O-Matic, Inc. ("POM"), pursuant to Federal Rule of Civil

Procedure 33.

## I. GENERAL OBJECTIONS

1.      Eckert objects to POM's interrogatories to the extent that they exceed the scope of

discovery as stated by the Federal Rules of Civil Procedure. Eckert will only respond to POM's

interrogatories within the limits set forth in Federal Rule of Civil Procedure 33.

2.      Eckert objects to any interrogatory that calls for information protected by the

attorney-client privilege and/or the work-product doctrine. By making a response to any such

interrogatory, Eckert does not waive the attorney-client privilege and/or work-product doctrine

as to that interrogatory or as to any other present or future interrogatory. Further, to the extent

that Eckert inadvertently produces any information that, in whole or in part, contains

5. Identify and describe with particularity all communications that any Eckert lawyer, including Mark S. Stewart, had with any *amicus* counsel for Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino in the matter captioned *POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control Enforcement,* docketed at No. 503 M.D. 2018 in the Commonwealth Court, including, but not limited to, at the hearing in the Commonwealth Court on January 15, 2020.

> **RESPONSE: Objection. The information requested is objected to because it is protected by the attorney-client privilege, client confidentiality and the attorney work product doctrine.**

6. Identify Eckert's information technology administrator(s) responsible for controlling employee access to Eckert's internal document management system from December 2016 to the present.

> **RESPONSE: Christine Meyer, Application Systems Analyst, is the IT administrator principally responsible for matters relating to the Firm's Worldox document management system.**

7. Identify and describe the "potential positional conflict" which you claim to have disclosed to Pace-O-Matic, Inc., as alleged in Paragraphs 7, 8, 14 and 24 of your Answer and identify the person or persons who allegedly disclosed the "potential positional conflict," the date, place, substance and manner of the communication and all documents that refer or relate to the communication.

# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                    :
                                       :
                    Plaintiff,         :
                                       :
        v.                             :        NO. 20-CV-292
                                       :
ECKERT, SEAMANS, CHERIN & :            JUDGE WILSON
MELLOTT, LLC,                          :
                                       :
                    Defendant.         :

## NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

To:   Abraham C. Reich, Esquire
      Robert S. Tintner, Esquire
      Fox Rothschild, LLP
      2000 Market Street, 20th Floor
      Philadelphia, PA  19103

        PLEASE TAKE NOTICE THAT Plaintiff Pace-O-Matic, Inc. will take the

deposition of a Corporate Designate of Defendant Eckert, Seamans, Cherin &

Mellott, LLC ("Eckert") pursuant to Federal Rule of Civil Procedure 30(b)(6)

before a notary public or some other officer authorized to administer oaths under

law, at the offices of Myers, Brier & Kelly, LLP, Suite 200, 425 Spruce Street,

Scranton, Pennsylvania on June 26, 2020 commencing at 10:00 a.m. and

continuing from day to day thereafter until completed.  You are invited to attend

and participate in the examination if you so desire.

        Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the

matters on which the corporate designate will be examined include:

1.    Disclosures, whether oral or written, made to Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino") in connection with seeking Parx Casino's informed consent for any representation involving an actual or potential conflict of interest with Pace-O-Matic, Inc. or any of its affiliates and/or subsidiaries (hereafter "POM").

2.    Disclosures, whether oral or written, made to any other client of Eckert in connection with seeking informed consent for any representation involving an actual or potential conflict of interest with POM.

3.    Disclosures, whether oral or written, made to POM in connection with seeking POM's informed consent for any representation involving an actual or potential conflict of interest with any other client of Eckert.

4.    The "confidentiality screen" referenced in the January 29, 2020 letter from Timothy S. Coon, Esquire.

5.    Participation, direct or indirect, and/or involvement of any member, employee, agent or representative of Eckert in the matters docketed at No. 418 M.D. 2018 and/or No. 503 M.D. 2018 in the Commonwealth Court.

6.    Communications with counsel and/or the parties in the matters docketed at No. 418 M.D. 2018 and/or No. 503 M.D. 2018 in the Commonwealth Court.

2

7.     The "gaming clients" referenced in Paragraphs 7, 8, 14 and 24 of the Answer filed in this matter (ECF No. 9).

8.     Conflict checks performed by Eckert in relation to any proposed representation of POM.

9.     The assertions in the Answer filed in this matter (ECF No. 9).

10.    The basis for the assertion in the April 7, 2017 email from Mark S. Stewart, Esquire that "[t]he casinos we represent are . . . working actively against [Pace-O-Matic, Inc.] in the legislative sphere in PA."

11.    The basis for the assertion in the February 6, 2017 email from Mark S. Stewart, Esquire that "our clients do not agree they [*i.e.* Pace-O-Matic, Inc.'s] games are games of skill and will likely be actively opposing them on legal and legislative fronts."

12.    The basis for the assertion in the February 1, 2017 email from Mark S. Stewart, Esquire that "we will definitely be affirmatively going after this industry in PA. . . ."

13.    Communications between any member, employee, agent or representative of Eckert and any municipality, law enforcement agency, regulatory agency or government unit in Pennsylvania concerning electronic games.

3

14.    Fees paid by the "gaming clients" referenced in Paragraph 7 above to Eckert during the period from December 20, 2016 to January 29, 2020.

15.    Communications between Eckert and Parx Casino concerning Eckert's decision to withdraw from the representation of POM.

Respectfully submitted:

/s/ Daniel T. Brier
Daniel T. Brier
Donna A. Walsh

Attorneys for Plaintiff,
Pace-O-Matic, Inc.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Dated:  June 5, 2020

4

## CERTIFICATE OF SERVICE

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing

Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) was served upon the

following counsel of record via electronic and first-class mail, postage prepaid, on

this 5th day of June 2020:

Abraham C. Reich, Esquire
Robert S. Tintner, Esquire
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA  19103-3291

/s/ Daniel T. Brier
Daniel T. Brier

# Exhibit D

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | |
|---|---|
| PACE-O-MATIC, INC. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 20-CV-292 |
| ECKERT, SEAMANS, CHERIN & MELLOTT, LLC | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Greenwood Gaming & Entertainment, Inc. / d/b/a Parx Casino
        2999 Street Road, Bensalem, PA 19020

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 'A'

| Place: Myers, Brier & Kelly, LLP<br>425 Spruce Street, Suite 200<br>Scranton, PA 18503 | Date and Time:<br><br>06/15/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     6-4-70

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
PACE-O-MATIC, INC._____ , who issues or requests this subpoena, are:
Donna A. Walsh, Esquire
MYERS, BRIER & KELLY, LLP 425 Spruce Street, Suite 200, Scranton, PA 18503 570-342-6100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-CV-292

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit "A"

## Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino
## 2999 Street Road Bensalem, PA 19020

### Definitions

"Document" and "documents" mean any written, recorded or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody or control. The term includes agreements, contracts, letters, correspondence, inter-office communications, memoranda, reports, records, notes, diaries, drawings, sketches, diagrams, photographs, photocopies, charts, graphs, descriptions, drafts, minutes, invoices, recordings, publications, transcripts, electronic mail, voice mail, social media posts and printouts. The term "document" includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back up systems). Any such document is to be produced in a reasonably legible and usable form. The term "document" also includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking or information not on the original.

### Documents Requested

1. Any and all documents that constitute, include or reflect communications with any member, employee, agent or representative of Eckert, Seamans, Cherin & Mellott, LLC ("Eckert") concerning any actual or potential conflict of interest that Eckert may have in representing Pace-O-Matic, Inc. or any of its affiliates and Greenwood Gaming & Entertainment, Inc. d/b/a. Parx Casino or any of its affiliates ("Parx Casino").

2. Any and all documents that constitute, include or reflect communications with any member, employee, agent or representative of Eckert relating to any request by Eckert that Parx Casino or any of its affiliates consent to Eckert's concurrent representation of Pace-O-Matic, Inc. or any of its affiliates.

3. Any and all documents that constitute, include or reflect communications with any member, employee, agent or representative of Eckert relating to Eckert's decision to withdraw from its representation of Pace-O-Matic, Inc. or any of its affiliates.

4. Any and all documents relating or referring to the matter pending in the Middle District of Pennsylvania captioned *Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*, No. 20-CV-00292.

# Exhibit E



## GA BIBIKOS LLC
relentless. advocacy. period.

**VIA EMAIL**

George A. Bibikos
(t): (717) 580-5305
(e): gbibikos@gabibikos.com
(w) www.gabibikos.com

Donna Walsh, Esq,
Myers, Brier & Kelly LLP
425 Spruce St., Suite 200
Scranton, PA 18503
dwalsh@mbklaw.com

June 12, 2020

Re:     *Subpoena Duces Tecum Directed to Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino*

Dear Ms. Walsh:

I represent Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx"). Please direct any further correspondence regarding this matter to me.

Parx forwarded a subpoena *duces tecum* dated June 4, 2020, with a return date of June 15, 2020, in the matter of *Pace-O-Matic, Inc. v. Eckert Seamans Cherrin & Mellot, LLC,* Docket No. 20-292 in the U.S. District Court for the Middle District of Pennsylvania. Parx is not a party to the litigation.

We understand that, in the litigation, Pace-O-Matic, Inc. ("POM") alleges that Eckert Seamans Cherrin & Mellot, LLC ("Eckert") breached a fiduciary duty to POM by also representing Parx in unrelated matters. We also understand that POM has served discovery requests upon Eckert and an additional subpoena on another of Parx's law firms (Hawke McKeon & Sniscak LLP) and lawyers (Kevin McKeon, Esq.) calling for documents relating to their representation of Parx and various state court proceedings in which Parx is participating.

Parx objects to the subpoena and requests that POM withdraw it, along with written confirmation of POM's withdrawal directed to my attention, to avoid an unnecessary dispute over the pursuit of documents that indisputably fall outside the scope of permissible discovery.

As you know, Rule 45 precludes the disclosure of privileged or other protected matter to which no exception or waiver applies. The subpoena here calls for a broad range of "documents" that "constitute, include or reflect communications" about (1) actual or potential conflicts between POM and Eckert; (2) requests by Eckert that Parx consent to Eckert's representation of POM; (3) Eckert's decision to withdraw from its representation of POM; and (4) the above-captioned litigation.

Each and every possible type of "document" as defined in the *duces tecum* portion of the subpoena would inevitably include communications between Parx and its lawyers and law firms that (a) are subject to a duty of confidentiality under Rule 1.6 of the Pennsylvania Rules of Professional Conduct, including lawyer-client communications about conflicts of interest as required by Rules 1.7 through 1.10; (b) constitute legal advice that Parx's lawyers and law firms provided to which the attorney-client privilege attaches; and (c) constitute work product prepared on behalf of Parx that is immune from disclosure under the attorney work-product doctrine. Parx therefore objects to the subpoena to the extent it calls for documents containing such information from Parx, including (without limitation) that which is confidential, subject to the attorney-client privilege or the doctrine of attorney work-product immunity, trial preparation material, or the mental impressions, conclusions,

### +lawyer | innovations
rethink everything.

5901 Jonestown Rd. #6330 | Harrisburg, PA 17112 | (717) 580-5305 | gbibikos@gabibikos.com | www.gabibikos.com



## GA BIBIKOS LLC
relentless. advocacy. period.

opinions, or legal theories or advice of counsel to or any representative of Parx which are protected from discovery by the Federal Rules of Civil Procedure.

POM's attempt to subpoena Parx's confidential and privileged communications directly from its lawyers or law firms fares no better. The client confidences and privileged communications embodied in documents belong to Parx, not its lawyers or law firms. Accordingly, Parx has instructed Mr. McKeon, his law firm, and Eckert to raise objections to discovery requests and/or subpoenas based on various privileges and immunities to protect Parx's confidences from disclosure to POM. Parx incorporates those objections by reference here, particularly to the extent that those law firms have work product prepared on Parx's behalf that is protected by the immunity created by the attorney work-product doctrine.

The subpoena is also premature. We understand that Eckert and POM are engaged in the meet-and-confer process regarding POM's discovery requests, the resolution of which should confirm that POM's attempt to pursue confidential/privileged communications and attorney work-product in the above action is improper. Yet, POM served its subpoena before that process concluded and, in turn, imposed upon Parx the unnecessary burden and related expense of objecting to a subpoena for information to which POM has no right.

Finally, although the impropriety of the subpoena calling for Parx's confidential and privileged documents is itself a basis for an order to quash, the subpoena engenders other concerns that Parx identifies here for purposes of the record. To illustrate:

1. Parx objects to the subpoena to the extent it seeks information from Parx which is not relevant to any claim or defense in the above-captioned matter.

2. Parx objects to the *duces tecum* portion of the subpoena, including its definition(s), as vague and confusing.

3. Parx objects to the subpoena as overly broad and unduly burdensome, in part (and without limitation) because they are repetitive of POM's discovery requests directed to Eckert in the litigation.

4. Parx objects to the subpoena to the extent it requests documents that contain Parx's confidential or proprietary business communications or information or trade secrets.

\* \* \*

If you wish to discuss further, please feel free to contact me.

Very truly yours,

GA BIBIKOS LLC

George A. Bibikos

**+lawyer | innovations**
rethink everything.

- 2 -

5901 Jonestown Rd. #6330 | Harrisburg, PA 17112 | (717) 580-5305 | gbibikos@gabibikos.com | www.gabibikos.com

# Exhibit F

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | |
|---|---|
| PACE-O-MATIC, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  20-CV-292 |
| ECKERT, SEAMANS, CHERIN & MELLOTT, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: HAWKE, MCKEON & SNISCAK LLP
100 NORTH TENTH STREET, PO BOX 1778, HARRISBURG, PA 17105

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 'A'

| Place: Myers, Brier & Kelly, LLP<br>425 Spruce Street, Suite 200<br>Scranton, PA 18503 | Date and Time:<br>06/15/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6-4-20

CLERK OF COURT

OR _____

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff
PACE-O-MATIC, INC. _____ , who issues or requests this subpoena, are:

Donna A. Walsh, Esquire
MYERS, BRIER & KELLY, LLP 425 Spruce Street, Suite 200, Scranton, PA 18503 570-342-6100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 20-CV-292

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*    HAWKE, MCKEON & SNISCAK LLP

on *(date)*    6/5/2020    .

☑ I served the subpoena by delivering a copy to the named individual as follows:    I served Dixie Kortright,

Office Manager at 110 Sunset Drive, Liverpool, PA 17045.

on *(date)*    6/8/2020    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    6/10/2020

_____
*Server's signature*

Andrew C. Katerman, Jr., Process Server
_____
*Printed name and title*

5235 N. Front Street, Harrisburg, PA 17110
_____
*Server's address*

Additional information regarding attempted service, etc.:

The office of HAWKE, MCKEON & SNISCAK LLP was closed with a note on the door with a phone number to call. Therefore this was served to the Office Manager's home address.

A check in the amount of $40.00 was also served.

# Exhibit G



**ATTORNEYS AT LAW**

Dennis A. Whitaker
(717) 236-1300 x226
dawhitaker@hmslegal.com

100 North Tenth Street, Harrisburg, PA 17101 Phone: 717.236.1300 Fax: 717.236.4841 www.hmslegal.com

June 13, 2020

*Via email only*
dwalsh@mbklaw.com

Donna Walsh, Esq.
Myers, Brier & Kelly LLP
425 Spruce St., Suite 200
Scranton, PA  18503

> Subject:   *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC*, Docket No. 20-cv- 292 (M.D.Pa.); **Subpoena To Produce Documents Directed to Hawke McKeon & Sniscak LLP**

Dear Ms. Walsh:

Hawke, McKeon & Sniscak LLP (HMS) is in receipt of Pace-O-Matic, Inc.'s (POM) subpoena to produce documents (HMS subpoena) for review in a pending federal court matter, *Pace-O-Matic, Inc. v. Eckert Seamans Cherrin & Mellot, LLC*, Docket No. 20-cv-292 (M.D. Pa.) (POM/Eckert litigation).  The HMS Subpoena has a return date of June 15, 2020. Please be advised that I represent HMS and Kevin J. McKeon, an HMS attorney named in the HMS subpoena, with respect to that subpoena. You surely are aware that HMS is not a party to the POM/Eckert litigation.  On behalf of HMS and Mr. McKeon, the purpose of this letter is to object to the HMS Subpoena.

We understand that the POM/Eckert litigation involves POM's claim that Eckert breached a fiduciary duty to POM by representing Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino (Parx), in matters related to devices that POM calls "skill games". POM initiated litigation in the Commonwealth Court of Pennsylvania at Docket Nos. 418 MD 2018 and 502 MD 2108 seeking declarations concerning the legal status of these "skill games", which litigation is active and ongoing (Commonwealth Court cases).  HMS represents Parx in the Commonwealth

Donna Walsh, Esq.
Myers, Brier & Kelly LLP
June 13, 2020
Page 2

Court cases. On behalf of Parx, HMS filed an amicus brief opposing POM's request for a preliminary injunction, and presently has pending a request to intervene.

POM's HMS Subpoena commands HMS to produce: (1) any document that reflects communications between HMS and Eckert relating to the Commonwealth Court cases; (2) any document HMS received from Eckert for use or reference relating to the Commonwealth Court cases; (3) any communications between Mr. McKeon or any other HMS employee and any person at Eckert relating to either the Commonwealth Court cases or the POM/Eckert litigation; and (4) any communications or documents relating to any potential or actual conflict between Eckert and POM.

We understand that POM posed discovery requests to Eckert seeking the same or similar information from Eckert to which Eckert already has objected, which objections remain unresolved. HMS has, of course, informed Parx of the HMS Subpoena, and HMS is aware that Parx also has received a subpoena seeking similar information (Parx Subpoena), to which Parx is objecting through separate counsel. Parx has also directed HMS to take whatever steps are needed to object to the HMS Subpoena in order to protect the confidentiality and privacy of communications between Parx and its lawyers, and the confidentiality of legal advice that Parx's lawyers and law firms provided to Parx to which the attorney-client privilege or any other privilege attaches. All the document requests in the HMS Subpoena are immune from production under one or more of these protections.

HMS objects to the HMS Subpoena and requests that POM withdraw it. Fed. R. Civ. P. 45 (d)(3)(A)(iii) precludes the disclosure of "privileged or other protected matter to which no exception or waiver applies." All the documents requested in the HMS Subpoena are privileged because the requests seek communications between and among Parx's lawyers at Eckert, Parx's lawyers at HMS, and Parx. HMS has a duty of confidentiality to Parx under Rule 1.6 of the Pennsylvania Rules of Professional Conduct to protect such communications, which extends to lawyer-client communications about conflicts of interest as required by Rules 1.7 through 1.10. The communications likewise involve legal advice that Parx's lawyers and law firms provided to Parx to which the attorney-client privilege attaches. Finally, the communications involve and constitute work product prepared on behalf of Parx that is protected from disclosure under the attorney work-product doctrine.

Donna Walsh, Esq.
Myers, Brier & Kelly LLP
June 13, 2020
Page 3

Moreover, we further object to the duces tecum portion of the subpoena, including its definition(s), as vague and confusing. Finally, we object to the subpoena as overly broad and unduly burdensome, in part (and without limitation) because it seeks documents wholly unrelated to the POM/Eckert action to which POM lacks even a pretense of gaining access, with the apparent intent to unfairly advantage POM in the Commonwealth Court cases.

Given the dispute in progress between Eckert and POM in which POM seeks the same or similar privileged information, there is no reason for POM to burden needlessly HMS and Parx with the duty to respond to meritless subpoenas for information that is so obviously privileged and irrelevant to any of the claims in the POM/Eckert litigation. Should you decline to withdraw the HMS subpoena and continue your present course, you should expect to litigate HMS' motions to quash and for a protective order.

Please contact me if you want to discuss this matter further.

Sincerely,

Dennis A. Whitaker

DAW/jld