

Fox Rothschild LLP
ATTORNEYS AT LAW

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com

ROBERT S. TINTNER, ESQUIRE
Direct Dial: 215-299-2766
Email Address: rtintner@foxrothschild.com

June 18, 2020

**VIA ECF FILING**

The Honorable Jennifer P. Wilson
United States District Court for the
Middle District of Pennsylvania
Ronald Reagan Federal Building & US Courthouse
228 Walnut Street
Harrisburg, PA  17101

> **Re:    Pace-O-Matic, Inc. v. Eckert Seamans Cherin Mellott, LLC**
> **U.S.D.C., Middle District of Pennsylvania, Docket No. 1:20-cv-00292**

Dear Judge Wilson:

I represent defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), in the above-referenced matter.  In accordance with Your Honor's Civil Practice Rules, I write in opposition to the June 15, 2020 correspondence of Daniel T. Brier, Esquire, who is counsel to plaintiff, Pace-O-Matic, Inc. ("POM").

While Mr. Brier complied with Your Honor's Civil Practice Rules following our meet-and-confer, I respectfully request the opportunity to file an appropriate motion for protective order to address the full breadth of the attorney-client privilege issues, client confidentiality and potential attorney work product concerns raised by POM.  While somewhat unusual, I must note for the Court that the attorney-client privilege and client confidentiality concerns raised here are not my client's; instead, Eckert is asserting those privileges on behalf of its client, Greenwood Gaming Entertainment, Inc. d/b/a Parx Casino ("Parx Casino"), as it is required to do under the Pennsylvania Rules of Professional Conduct.  As such, I will defer to the Court as to whether Your Honor would prefer an initial telephone conference with all counsel, including counsel who is handling the subpoena on behalf of Parx Casino, and the other law firm that POM subpoenaed, Hawke McKeon & Sniscak, LLP, before filing any motion for protective order.

A Pennsylvania Limited Liability Partnership

California    Colorado    Connecticut    Delaware    District of Columbia    Florida
Illinois    Minnesota    Nevada    New Jersey    New York    Pennsylvania    Texas



By way of background, POM brought this breach of fiduciary duty action against its former counsel, Eckert, because it asserts that Eckert has taken adverse positions to POM in matters pending in the Commonwealth of Pennsylvania. The entirety of Eckert's representation of POM from December 2016 to January 2020 related to matters pending in the Commonwealth of Virginia. Because of Eckert's separate representation of Parx Casino and other gaming clients, Eckert, at the outset of the POM representation, advised POM of its inability to represent POM in Pennsylvania and its ability to continue to represent its gaming clients in Pennsylvania, including being adverse to POM in Pennsylvania, as a condition of the representation. From Eckert's perspective, POM agreed to those limitations.

Notwithstanding those limitations and the fact that Eckert represented POM only in the Commonwealth of Virginia, in late 2019, POM raised the fact that Eckert was involved in lawsuits that POM believed were adverse to POM's business interests in Pennsylvania as a basis to insist that Eckert withdraw from those other representations. Eckert did not agree and wanted POM to honor its prior advanced conflict waiver and acknowledge the representational limitations. When POM refused, Eckert could no longer represent POM in Virginia and withdrew.

POM subsequently sued Eckert in this matter and, separately, sought an injunction to disqualify Eckert from its ongoing representation of Parx Casino in these other matters in Pennsylvania. Eckert opposed the motion, and the parties are currently engaged in discovery.

POM's sole claim in this case is that Eckert violated a fiduciary duty to POM merely by *taking positions and having any communications adverse to POM in Pennsylvania*. While obviously we disagree, POM filed its Complaint and Motion for Preliminary Injunction on that issue; it is in our view a threshold legal question. It is entirely unclear why POM would need the privileged communications between Eckert and its other clients. Moreover, the nature and content of those communications should absolutely remain privileged and confidential regardless of how this case is ultimately decided and, thus, are irrelevant to any issues in the case.

As the Court will see from Eckert's responses to POM's interrogatories and document requests provided with POM's submission, Eckert objected to one document request and one corresponding interrogatory that sought these privileged communications between Eckert, its client, Parx Casino, and its other counsel. Eckert responded fully to all of POM's other discovery requests. There is absolutely no dispute that the attorney-client privilege and client confidentiality as articulated in Pennsylvania Rule of Professional Conduct 1.6 protects the substance and content of those communications. The notion that "no privilege applies" flies in the face of all legal authority on the issue. For that reason, I would respectfully request the opportunity to file a motion for protective order with the relevant and appropriate legal authority to support the position. I anticipate that other counsel for Parx Casino would also like that opportunity given that POM sent subpoenas to these non-parties seeking the exact same information.



With respect to POM's assertion of a privilege log, I articulated to POM's counsel that, I as counsel to Eckert, am not privy to any privileged or confidential communications between Parx Casino and its counsel, am not authorized to review such documents, and that none of the communications would appear to be relevant in any way to those proceedings. I, thus, cannot provide a privilege log as requested by POM.

Finally, of equal or greater concern is the fact that POM appears to be seeking such communications for tactical or other strategic reasons – wholly unrelated to this case. Indeed, seeking privileged and confidential communications from individuals and entities who are not parties in this case about other pending matters appears to be retaliatory in nature and evidences an improper motive. There is simply no basis for requesting the substance of these communications as they are irrelevant to these proceedings and, in no way, could be intended to lead to the discovery of any admissible evidence. Indeed, both the discovery requests and the subpoenas seek documents and information that POM could never obtain in the pending Commonwealth Court matters.

For all of those reasons, I respectfully oppose the relief sought by POM and request the opportunity to file a motion for protective order when the Court believes it is ripe for disposition.

Thank you for Your Honor's consideration of my request.

Respectfully,

Robert S. Tintner

RST/ebm

cc:     Daniel T. Brier, Esquire (via ECF and e-mail)
        George A. Bibikos, Esquire (via e-mail)
        Dennis A. Whitaker, Esquire (via e-mail)