IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                           :
                                              :
                          Plaintiff,          :
          v.                                  :          Docket No. 1:20-cv-00292
                                              :
ECKERT SEAMANS CHERIN &                       :
MELLOTT, LLC,                                 :          (Judge Jennifer P. Wilson)
                                              :          (Judge Joseph F. Saporito, Jr.)
                          Defendant.          :
_____:

## MEMORANDUM OF LAW OF DEFENDANT, ECKERT SEAMANS CHERIN & MELLOTT, LLC, IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), by and through its counsel, Fox Rothschild LLP, hereby files its Memorandum of Law in Support of its Motion for Protective Order related to requests for privileged and confidential communications about other Eckert clients from plaintiff, Pace-O-Matic, Inc. ("POM").

## INTRODUCTION

In connection with its discovery requests addressed to Eckert – all of which (other than the two requests at issue) were fully answered with responsive documents – POM made two (2) requests in the form of a document request and an interrogatory seeking documents and information obviously protected by the attorney-client privilege, the attorney work product doctrine and client

1

confidentiality. There is no dispute that the information sought is privileged on its face and relates to another Eckert client and not POM. After several attempts to resolve the dispute, Eckert is left with no alternative but to seek an appropriate protective order to put to rest these requests and any others that seek otherwise attorney-client privileged, confidential or work product information relating to Eckert's other client and its counsel.

Most importantly, POM has failed to articulate any legitimate or cognizable basis to overcome the attorney-client privilege, the work product doctrine or client confidentiality consistent with applicable Pennsylvania law. Of critical importance to the Court's analysis is that the information sought is the privileged and confidential information of a non-party to this action for whom Eckert represents in unrelated cases. Accordingly, this Court should grant Eckert's motion for a protective order and prohibit POM from obtaining any information covered by those privileges.

## FACTUAL AND PROCEDURAL BACKGROUND

### Facts Underlying This Dispute

POM has brought a breach of fiduciary duty action against Eckert, who previously represented POM in Virginia, subject to a conflict waiver and other representational limitations, including the inability to represent POM in Pennsylvania and an acknowledgement that Eckert could be adverse to POM in

2

Pennsylvania.  Eckert's long-standing and separate representation of its gaming clients in Pennsylvania is of course subject to the attorney-client privilege as well as client confidentiality as stated in Pennsylvania Rule of Professional Conduct ("RPC") 1.6.  During the course of this litigation, Eckert intentionally has not addressed those representations or the work that it is currently performing for its current clients.  Indeed, it is largely irrelevant, as there was no overlap between the work that Eckert was performing for its gaming clients in Pennsylvania and that which Eckert did for POM in Virginia.[1]

Through other counsel, POM filed two (2) Petitions for Review in the Commonwealth Court of Pennsylvania seeking certain declarations about the use of its games in Pennsylvania.  POM put those legal issues – and, specifically, the legality of its games – directly before the courts in Pennsylvania.  Indeed, the gaming client for which POM seeks the requested discovery is one of its adversaries in those Commonwealth Court actions.  Eckert is not counsel to any party in those actions, and Eckert's client did not put that issue before the Commonwealth Court to decide; POM through other counsel did.

---

[1] Contrary to POM's advocacy that the legal issues in Virginia and Pennsylvania are substantially related, they are not.  They involve different issues altogether.  In Virginia, gambling and casinos are illegal. In Pennsylvania, gambling is legal and is part of a highly regulated, statewide industry.  As such, the work that Eckert was doing on POM's behalf in Virginia was unrelated to the work that Eckert was performing for its gaming clients in Pennsylvania.

Notwithstanding the fact that Eckert properly disclosed its prior existing representations to POM and that Eckert could not represent POM in Pennsylvania, POM began to raise concerns about Eckert's representation of its gaming clients in Pennsylvania in October 2019.  Eckert addressed the concerns and sought confirmation of its prior conflict waiver in order to continue to represent POM in Virginia.  Not only did POM refuse to acknowledge its prior waiver, POM then took the position that Eckert had to withdraw from its representation of other pre-existing clients in order to satisfy POM's concern.  Because of POM's insistence that Eckert withdraw from its other representations in Pennsylvania and its refusal to acknowledge its prior waiver, Eckert was left with no alternative but to withdraw as POM's counsel in Virginia in early 2020.

Consistent with the ethical screen, at no time did any of the Eckert attorneys working on the POM matters in Virginia discuss those matters with the Eckert attorneys who were representing gaming clients in Pennsylvania.  The Eckert attorneys who represented POM did not disclose any of POM's confidential information to anyone.

Also consistent with the ethical screen, the Eckert attorneys working for Parx Casino did not discuss the matters on which they were working for their gaming clients in Pennsylvania with the Eckert attorneys who were representing

POM in Virginia.  Those Eckert attorneys did not disclose any of his gaming clients' confidential information to anyone.

**Relevant Discovery Requests**

POM made the following discovery requests:

2.    Any and all documents that refer or relate to or otherwise embody communications with any person or entity concerning the matter captioned *POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Department of Revenue and City of Philadelphia,* docketed at No. 418 M.D. 2018 in the Commonwealth Court of Pennsylvania, or the matter captioned *POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control Enforcement,* docketed at No. 503 M.D. 2018 in the Commonwealth Court of Pennsylvania, including, but not limited to, communications with any *amicus* counsel representing Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino and communications to municipal, government and regulatory bodies that reference or relate to either action.

> **RESPONSE:  Objection.  Eckert objects to such a request because the information sought is protected by the attorney-client privilege, client confidentiality and the attorney work product doctrine.  Eckert further objects to the request as overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence.**

5.    Identify and describe with particularity all communications that any Eckert lawyer, including Mark S. Stewart, had with any *amicus* counsel for Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino in the matter

captioned *POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control Enforcement,* docketed at No. 503 M.D. 2018 in the Commonwealth Court, including, but not limited to, at the hearing in the Commonwealth Court on January 15, 2020.

> **RESPONSE:  Objection.  The information requested is objected to because it is protected by the attorney-client privilege, client confidentiality and the attorney work product doctrine.**

Before now, POM has not sought to compel the information.  POM has separately sought communications between Eckert and third parties, and Eckert intends to provide those documents and information.

## Procedural History

POM filed its Complaint in this action on February 18, 2020.  Eckert timely answered the Complaint and asserted Affirmative Defenses on March 10, 2020. Despite the passage of time and the onset of the COVID-19 crisis, POM filed the Motion for Preliminary Injunction on March 24, 2020.  Eckert filed its opposition to the Motion for Preliminary Injunction on April 21, 2020.  POM later filed a reply brief. Discovery followed, and this Court granted the parties the opportunity to file motions by July 20, 2020 on these issues.

## LEGAL ARGUMENT

### Standard for Motion for Protective Order

Pursuant to Federal Rule of Civil Procedure 26(c), the Court may issue a protective order to protect persons from "annoyance, embarrassment, oppression, or undue burden and expense" in connection with discovery.  Indeed, the Court can issue an order that forbids "the disclosure or discovery" of certain information and "forbid[s] inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  F.R.C.P. 26(c)(A), 26(c)(D).  Eckert moves the Court respectfully for an Order that Eckert is not required to provide information or documents in response to POM's Interrogatory No. 5 and Document Request No. 2, as that information and those documents are protected by the attorney-client privilege, client confidentiality, and the attorney work product doctrine.

### The Documents and Information Are Privileged.

The attorney-client privilege is the most sacrosanct of all the privileges recognized under the law.  It is based upon both statute and common law.  Indeed, 42 Pa. C.S.A. §5928 states:

> In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

42 Pa.C.S.A. §5928.  Here, POM seeks to compel both attorney and client to disclose confidential, attorney-client privileged communications.

The Supreme Court of Pennsylvania recently clarified the application and scope of both the attorney-client privilege and the attorney work product doctrine in *Bousamra v. Excela Health*, *et al.*, 210 A.3d 967 (Pa. 2019).  The guidance of *Bousamra* is important here in understanding the import of what POM seeks.

In *Bousamra*, the plaintiff argued that Excela Health had waived the attorney work product doctrine and the attorney-client privilege when its in-house counsel forwarded an email he received from its outside counsel to Excela's public relations and crisis management advisors.  210 A.3d at 969.  The Court noted that the work product doctrine, codified in Pennsylvania Rule of Civil Procedure 4003.3, belongs to the attorney as opposed to the client and is intended to keep the files of counsel free from examination by the opponent.  *Id.* at 974 (citing comment to Pa.R.C.P. 4003.3).  Indeed, "[t]he purpose of the work product doctrine is to protect the mental impressions and processes of an attorney acting on behalf of a client, regardless of whether the work product was prepared in anticipation of litigation."  *Id.* at 976 (internal citations omitted).  *Bousamra* reinforced that "confidentiality is <u>not</u> a cornerstone" of the work product doctrine and that disclosure to a third party does not necessarily waive the protection of the work

product doctrine "because disclosure does not always undermine its purpose." *Id.* at 978.

*Bousamra* ultimately held that "the work product doctrine is waived when the work product is shared with an adversary, or disclosed in a manner which significantly increases the likelihood that an adversary or anticipated adversary will obtain it." *Id.* Recognizing that a determination of whether the in-house counsel's sharing of the email with the public relations firm "significantly increased the likelihood that an adversary or potential adversary would obtain it" would involve a fact intensive analysis, the court remanded the issue to the trial for factual findings and an application of the standard for determining waiver. Bousamra also argued that Excela had waived the attorney-client privilege by forwarding the subject email to a third party, namely, Excela's outside public relations consultant.

What is abundantly clear is that the purpose of the attorney-client privilege is "'to foster the free and open exchange of relevant information between the lawyer and client.'" *Id.* at 982, citing *Gillard v. AIG Ins. Co.,* 15 A.3d 44, 47 (Pa. 2011). The attorney-client privilege is a "two-way street" that protects both communications from the client to the attorney as well as from the attorney to the client in connection with legal advice being provided. *Id.* at 59. In order to invoke properly, which was done here entirely, a party must show the following:

9

(1) the asserted holder of the privilege is or sought to become a client;

(2) the person to whom the communication was made is a member of the bar of a court, or his subordinate;

(3) the communication related to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort;

(4) the privilege has been claimed and is not waived.

*Id.* at 983; *see also Nationwide Mut. Ins. Co. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007), *aff'd* 992 A.2d 65 (2010).  Once the moving party has made that showing, the party seeking disclosure then has the burden of explaining why the attorney-client privilege does not apply to the particular document or communication.  *Id.*

Here, there is no dispute that Parx Casino is an Eckert client and that the communications that POM seeks are between Eckert and Parx Casino, as well as between Eckert, Parx Casino and Parx Casino's other counsel.  Eckert asserts – and Parx Casino has confirmed – that the information sought is for purposes relating to securing legal advice.  Eckert on Parx Casino's behalf has properly asserted the privilege, and there has been no waiver.  If, in fact, Eckert is forced to turn over the

10

communications at issue, Eckert will be waiving Parx Casino's attorney-client privilege.

Although the Supreme Court in *Bousamra* found that Excela had waived the attorney-client privilege when its in-house counsel forwarded the email to its public relations firm, the Court in *Bousamra* noted that certain Pennsylvania courts have extended the application of the attorney-client privilege to third parties who are agents of the client or the lawyer. *Id.*, *citing Commonwealth v. Noll*, 662 A.2d 1123, 1126 (1995). Specifically, in cases where a third party's "presence was either indispensable to the lawyer giving legal advice or facilitated the lawyer's ability to give legal advice to the client," the third party's receipt of information that would otherwise be protected by the attorney-client privilege would not result in a waiver. *Id.* at 986.

Here, there has not even been an assertion of waiver. Indeed, POM cannot show that there has been any waiver or a failure to assert the privilege – as Eckert, Parx Casino and Hawke, McKeon, Parx Casino's other counsel, have all asserted the attorney-client privilege, client confidentiality and the attorney work product doctrine.

Finally, the information that POM seeks in Interrogatory No. 5 and Document Request No. 2 is protected by the rules regarding client confidentiality. Pennsylvania RPC 1.6(a) states that "[a] lawyer shall not reveal information

11

relating to representation of a client unless the client gives informed consent,

except for disclosure that are impliedly authorized in order to carry out the

representation and except as stated in paragraphs (b) and (c)." Pa.R.P.C. 1.6.[2] A

client's knowledge that the lawyer is prohibited from revealing any information

"relating to representation of a client" "contributes to the trust that is the hallmark

of the client-lawyer relationship." *See* Pa.R.P.C. 1.6, cmt. [2]. Significantly, the

Rule regarding confidentiality "applies not only to matters communicated in

confidence by the client but also to *all information relating to the representation,*

*whatever its source." Id.*, cmt. [3]. In this regard, RPC 1.6 protects an even greater

universe of information than that encompassed by the attorney-client privilege.

Because of the attorney-client privilege, client confidentiality and the

attorney work product doctrine, the Court should protect the communications and

information that POM seeks and enter an order prohibiting POM from obtaining

such information.

**Putting Aside the Various Privileges, the Information Sought is Irrelevant.**

Putting aside the obviously privileged nature of the communications sought,

POM cannot demonstrate a need for the actual communications. POM has

separately sought Eckert's communications *with third parties* about the issues

---

[2] Pa R.P.C. 1.6(b) allows disclosure in order to comply with counsel's obligation of candor toward the tribunal and 1.6(c) allows disclosure in limited circumstances to prevent death or bodily harm, to prevent the client from committing a criminal act that would substantially harm the financial interests of another, to establish a claim or defense by the lawyer, to secure advice regarding compliance with the Rules of Professional conduct, to sell a law practice, to resolve a conflict of interest, or to comply with a court order. None of those exceptions is at issue here.

related to its Commonwealth Court actions.  Eckert is providing that information to POM.  More importantly, to the extent that POM believes that Eckert's mere communication or discussion with its existing client about its games in Pennsylvania is disloyal or part of its breach of fiduciary duty claim – which is exactly what POM asserts in its Complaint – then POM can make that argument, which it has already done.  POM does not need to see or invade what is clearly attorney-client privileged communications to state its position and make its legal argument.

Moreover, Eckert has already confirmed by several attorney declarations that an ethical screen was in place and that Eckert did not share any confidential information learned in its representation of POM in Virginia with any Eckert attorney representing Parx Casino in Pennsylvania.  Thus, the actual communications between Eckert, Parx Casino and Parx Casino's other counsel are irrelevant to these proceedings and are not at all likely to lead to the discovery of any admissible information.   Accordingly, this Court also should grant Eckert's motion for a protective order because the requested information is irrelevant to the proceedings.

## **The Motives behind These Requests are Suspect.**

Finally, the Court should understand that the information that POM is seeking is strategic in nature and constitutes the confidential information of one of

13

its adversaries in pending litigation matters before other courts.  The

Commonwealth Court of Pennsylvania – where two of the actions are pending –

would never permit such discovery, and Parx Casino is now a party to those

proceedings.  It is concerning that POM is using this breach of fiduciary duty

action against Eckert as an improper vehicle to request obviously attorney-client

privileged and confidential communications from an adversary in another

proceeding – either through the direct discovery requests or the subpoenas.  The

Court should not condone – let alone entertain – such improper requests to invade

and infringe upon what is otherwise confidential, attorney-client privileged

communications and information protected by the attorney work product doctrine.

Therefore, the Court should grant Eckert's motion and enter the proposed

form of order prohibiting any discovery in this realm.

14

## CONCLUSION

For all of the foregoing reasons, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court enter its proposed form of Order and grant the motion for protective order as to the discovery requests of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendant,**
**ECKERT SEAMANS CHERIN & MELLOTT,**
**LLC**

Date:   July 20, 2020

15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

_____

PACE-O-MATIC, INC.,                :
                                         :
              Plaintiff,     :
   v.                      :     Docket No. 1:20-cv-00292
                                         :
ECKERT SEAMANS CHERIN &      :
MELLOTT, LLC,              :     (Judge Jennifer P. Wilson)
                                       :     (Judge Joseph F. Saporito, Jr.)
             Defendant.   :
_____:

## CERTIFICATE OF NON-CONCURRENCE

I, Robert S. Tintner, Esquire, hereby certify that counsel for plaintiff, Daniel

T. Brier, Esquire, opposes the relief sought in this motion.


_____
ROBERT S. TINTNER, ESQUIRE

Dated:  July 20, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

_____

PACE-O-MATIC, INC.,              :
                                 :
                Plaintiff,       :
                                 :
    v.                           :     Docket No. 1:20-cv-00292
                                 :
ECKERT SEAMANS CHERIN &          :
MELLOTT, LLC,                    :     (Judge Jennifer P. Wilson)
                                 :     (Judge Joseph F. Saporito, Jr.)
                Defendant.       :
_____:

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 20th day of July,

2020, I served a true and correct copy of the foregoing Motion for Protective

Order, together with proposed form of Order and supporting Memorandum of Law,

via ECF, upon the following:

>       Daniel T. Brier, Esquire
>       Myers, Brier & Kelly, LLP
>       425 Spruce Street, Suite 200
>       Scranton, PA 18503
>
>       **Counsel for Plaintiff**
>       **PACE-O-MATIC, INC.**

_____
ROBERT S. TINTNER, ESQUIRE