# In the United States District Court for the Middle District of Pennsylvania

| | |
|---|---|
| PACE-O-MATIC, INC. | ) |
| | ) |
| *Plaintiff,* | ) [ELECTRONICALLY FILED] |
| | ) |
| *vs.* | ) Docket No. 20-292 |
| | ) |
| ECKERT, SEAMANS, CHERIN | ) JUDGE WILSON |
| & MELLOT, LLC | ) |
| | ) |
| *Defendant.* | ) |

## MOTION TO QUASH SUBPOENA

Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), files its motion to quash the subpoena *duces tecum* ("Parx Subpoena") issued by Pace-O-Matic, Inc. ("POM") in the above matter.

1. POM initiated the above matter by filing a complaint against Eckert Seamans Cherin & Mellot, LLC ("Eckert").

2. The complaint alleges that Eckert breached a fiduciary duty to POM.

3. POM served discovery requests on Eckert calling for, among other things, confidential and privileged communications between Parx

and Eckert and the attorney work-product of lawyers and/or law firms representing Parx.

4. Eckert asserted objections to the requests calling for confidential communications, privileged communications, and attorney work product.

5. POM then issued the Parx Subpoena on June 4, 2020, that Parx received on June 9, 2020, calling for any "documents" (as that term is broadly defined by the subpoena) regarding (a) actual or potential conflicts between POM and Eckert; (b) requests by Eckert that Parx consent to Eckert's representation of POM; (c) Eckert's decision to withdraw from its representation of POM; and (d) the above-captioned litigation.

6. On the same day, POM served an additional subpoena on another of Parx's law firms (Hawke McKeon & Sniscak LLP) and lawyers (Kevin McKeon, Esq.) calling for documents relating to their representation of Parx and various state court proceedings in which Parx is participating.

7. Parx, Eckert, and Hawke McKeon raised objections to the subpoenas based on confidentiality, attorney-client privilege, and the immunity from discovery under the work-product doctrine.

8. The Court held a status conference and issued an order calling for the parties to file motions and supporting briefs, together with appropriate privilege logs, on July 20, 2020.

9. As described in more detail in the supporting brief supporting filed contemporaneously with this motion, the Court should quash the Parx Subpoena because (a) Parx does not have documents in its possession responsive to three out of four of the requests in the Parx Subpoena; and (b) the documents POM requested from Eckert and subpoenaed from Parx (regarding this litigation) and Hawke are confidential and privileged and/or subject to the work-product doctrine.

10. In addition, Parx agrees with Eckert that all documents requested or subpoenaed are irrelevant to the claims or defenses in the case and joins the briefs of Eckert and Hawke regarding relevancy and privileged nature of documents that POM requested and/or subpoenaed that implicate Parx's privileged information or the work-product of Parx's lawyers or law firms of which Parx as their client is a beneficiary.

11. Parx's supporting brief contains additional points of law and authorities that Parx incorporates by reference.

WHEREFORE, the Court should grant this motion and quash the Parx Subpoena. A proposed form of order is attached.

Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming & Entertainment, d/b/a Parx Casino*

## **CERTIFICATE OF NON-CONCURRENCE AND SERVICE**

I hereby certify that POM does not concur in this motion or the relief it requests and that I filed and served the foregoing electronically.

/s George A. Bibikos
George A. Bibikos
