# In the United States District Court for the Middle District of Pennsylvania

| | | |
|---|---|---|
| PACE-O-MATIC, INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | [ELECTRONICALLY FILED] |
| | ) | |
| *vs.* | ) | Docket No. 20-292 |
| | ) | |
| ECKERT, SEAMANS, CHERIN & MELLOT, LLC | ) | JUDGE WILSON |
| | ) | |
| | ) | |
| *Defendant.* | ) | |

## BRIEF OF PARX CASINO IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA

Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), files its brief in support of its motion to quash the subpoena issued by Pace-O-Matic, Inc. ("POM") in the above matter.

## I.   INTRODUCTION AND SUMMARY

If ever there were a situation in which the Court should quash subpoenas based on privilege and other protected information, this is it.

Pace-O-Matic, Inc. ("POM") served a subpoena *duces tecum* on Parx ("Parx Subpoena") that expressly calls for documents containing privileged communications between Parx and Eckert, Seamans, Cherin

& Mellot, LLC ("Eckert").  Parx is not a party to the litigation. POM also served discovery requests upon Eckert and an additional subpoena on another of Parx's non-party law firms (Hawke McKeon & Sniscak LLP) calling for privileged documents relating to their representation of Parx and various state court proceedings in which Parx is participating.

The Court could quash all the subpoenas and issue a protective order to Eckert without further analysis given POM's barefaced demand for confidential and privileged communications and attorney work product that Federal Rule of Civil Procedure 45 excludes from the scope of permissible discovery. Whether POM requests privileged documents from Parx or others, the privilege belongs to Parx.  To that end, Parx has asserted the privilege, Parx has instructed its law firms to assert the privilege, Parx has not waived any privilege, and there are no applicable exceptions to disclosure.  The Court should quash.

As it relates to Parx, there is another way to resolve the motion. After reasonable inquiry, Parx has no documents in its possession responsive to three out of four requests in the Parx Subpoena (regarding potential conflicts of interests between Parx and POM and concurrent representation/withdrawal of representation).  Those communications, if

embodied in documents, would have occurred in late 2016 or early 2017. Any such documents or emails would have been purged by late 2019, before this litigation began, pursuant to Parx's two-year retention policy.

After further inquiry to confirm whether or not Parx has responsive documents, Parx has discovered only several email exchanges with Eckert in February 2020 regarding this litigation, and all of them are privileged. The emails arguably are responsive to the fourth request in the Parx Subpoena. Those privileged emails are reflected in a privilege log submitted with Eckert's motion for protective order. In addition, Parx discovered several internal emails in which Parx's Chief Counsel informed the board and management about this litigation and discussed it with Parx's CFO after forwarding him a copy of the complaint filed by POM that Parx received from Eckert. These emails are also privileged and listed in the privilege log embedded in this brief.

In the end, POM's subpoenas and discovery requests are improper. Because all the documents POM requested from Eckert and subpoenaed from Parx and Hawke are confidential and privileged and/or subject to the work-product doctrine, the Court is duty bound under Rule 45 to

quash the Parx and Hawke Subpoenas with prejudice and issue a protective order to Eckert to prevent their disclosure.

## II.    BACKGROUND

In this case, POM alleges that Eckert breached a fiduciary duty to POM by also representing Parx in unrelated matters or matters in which Parx and POM have adverse business positions. POM served discovery requests upon Eckert and a subpoena on another of Parx's law firms (Hawke McKeon & Sniscak LLP) calling for documents relating to their representation of Parx and various state court proceedings in which Parx is participating.

POM also served a subpoena *duces tecum* on Parx dated June 4, 2020, with a return date of June 15, 2020, in the above matter.  The Parx Subpoena broadly defines the term "documents" as essentially anything in written or electronic form and requires the disclosure of the following:

> 1. Any and all documents that constitute, include or reflect communications with any member, employee, agent or representative of Eckert, Seamans, Cherin & Mellott, LLC ("Eckert") concerning any actual or potential conflict of interest that Eckert may have in representing Pace-O-Matic, Inc. or any of its affiliates and Greenwood Gaming & Entertainment, Inc. d/b/a. Parx Casino or any of its affiliates ("Parx Casino").

2. Any and all documents that constitute, include or reflect communications with any member, employee, agent or representative of Eckert relating to any request by Eckert that Parx Casino or any of its affiliates consent to Eckert's concurrent representation of Pace-O-Matic, Inc. or any of its affiliates.

3. Any and all documents that constitute, include or reflect communications with any member, employee, agent or representative of Eckert relating to Eckert's decision to withdraw from its representation of Pace-O-Matic, Inc. or any of its affiliates.

4. Any and all documents relating or referring to the matter pending in the Middle District of Pennsylvania captioned *Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC,* No. 20-CV-00292.

*See* Parx Subpoena, Tab "A."

Parx lodged objections by letter dated June 12, 2020, based on confidentiality, privilege, and attorney work product, as did Eckert and Hawke McKeon.  At POM's request, the Court held a status conference on June 25, 2020, with the parties, Parx, and Hawke McKeon to discuss the subpoenas and objections. The Court issued an order calling for motions and supporting briefs from the parties and the third parties on or before July 20, 2020, together with an appropriate privilege log.

Parx filed its motion to quash on July 20, 2020.  This is the supporting brief.

## III.  ARGUMENT

Under Rule 45, the Court must quash a subpoena that "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]."

As described below, the Court should quash the Parx and Hawke Subpoenas and issue a protective order to Eckert because (a) Parx does not have documents in its possession responsive to three out of four of the requests in the Parx Subpoena; and (b) documents that POM requested from Eckert and subpoenaed from Parx (regarding this litigation) and Hawke are confidential and privileged and/or subject to the immunity created by the work-product doctrine.

Finally, Parx agrees with Eckert that all documents requested or subpoenaed are irrelevant to the claims or defenses in the case and joins the briefs of Eckert and Hawke regarding relevancy and privileged nature of documents that POM requested and/or subpoenaed that implicate Parx's privileged information or the work-product of Parx's lawyers or law firms of which Parx as their client is a beneficiary.

### A.    *Parx does not have documents responsive to Request Nos. 1-3 in the Parx Subpoena regarding conflicts.*

As a threshold matter, the Parx Subpoena calls for documents that Parx does not have in its possession, if they ever existed at all.

The Parx Subpoena calls for documents containing communications about potential conflicts and concurrent representation of POM and other gaming clients including Parx that would have taken place in late 2016 and early 2017.  *See* Declaration of Thomas C. Bonner, ¶ 9, at 1 ("Bonner Decl."), attached at Tab "B."  Pursuant to Parx's document retention policy, all emails and other documents are automatically purged after two years unless certain steps are taken by users to preserve them.  *See* Bonner Decl. ¶¶ 6, 9-10, at 1-2. To the extent documents or emails responsive to Request Nos. 1-3 in the Parx Subpoena ever existed, they would be subject to Parx's retention policy and purged by the end of 2019 before this litigation commenced.

However, Parx further engaged in reasonable search for documents in response to the subpoena to confirm whether or not any documents or emails had been saved by users as exceptions to the retention policy.  *See* Bonner Decl. ¶¶ 11-12, at 2.  Except for several emails dated February 2020 between Eckert and Parx that arguably are responsive to Request

No. 4 of the Parx Subpoena, Parx does not have responsive documents in its possession. *See* Bonner Decl. ¶ 11, at 2. These five emails dated February 19 and 21, 2020, are all privileged. They are identified in the log submitted by Eckert with its motion. *See* Bonner Decl. ¶ 14, at 2.

In addition, Parx discovered several internal emails in which Parx's Chief Counsel informed the board and management about this litigation and discussed it with Parx's CFO after forwarding him a copy of the complaint filed by POM that Parx received from Eckert. These emails are also privileged and listed in the privilege log embedded below.

| Date | Subject Line | Subject Matter | Sender | Sender's Title | Recipient(s) | Recipient(s)'s Title(s) | Privilege |
|---|---|---|---|---|---|---|---|
| 2/19/2020 @ 6:20 PM EST | FW: Lawsuit filed by Pace-O-Matic | Forwarding complaint; summarizing contents | Thomas C. Bonner | Chief Counsel | Members of the Board; Officers; Management; Board Advisors and Board Representatives | Chairman; Board of Directors, CEO, CFO, COO, Group VPs, Legal and Financial Advisors | Attorney-Client; Work-Product |
| 2/21/2020 @ 2:57:47 PM EST | FW: [External] POM v ESCM | Forwarding complaint; discussing contents | Thomas C. Bonner | Chief Counsel | Bryan Bartlett | Chief Financial Officer | Attorney-Client; Work-Product |
| 2/21/2020 @ 3:02:17 PM EST | RE: [External] POM v ESCM | Discussing contents of complaint | Bryan Bartlett | Chief Financial Officer | Thomas C. Bonner | Chief Counsel | Attorney-Client; Work-Product |
| 2/21/2020 @ 3:04:18 PM EST | RE: [External] POM v ESCM | Discussing contents of complaint | Thomas C. Bonner | Chief Counsel | Bryan Bartlett | Chief Financial Officer | Attorney-Client; Work-Product |

Accordingly, although Parx submits that documents regarding conflicts, waivers, concurrent representation, or withdrawal from representation are privileged and protected from disclosure for the

reasons described below, Parx does not have any responsive documents in its possession.

### B. The documents that POM requested from Eckert and subpoenaed from Parx and Hawke are privileged.

In any event, POM is not entitled to documents requested or subpoenaed from Parx, Hawke, or Eckert because they are confidential and privileged and/or subject to the work-product doctrine.

Rule 45 compels the Court to quash a subpoena to protect against the disclosure of attorney-client communications. The attorney-client privilege attaches when (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of the bar of a court, or his subordinate; (3) the communication related to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort; (4) the privilege has been claimed and is not waived. *Nationwide Mut. Ins. Co. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007), *aff'd* 992 A.2d 65 (2010).

In addition, Rule 45 protects against the disclosure of "other protected matter" such as confidential client information.  Pennsylvania

Rule of Professional Conduct 1.6(a), for example, states that "[a] lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, except for disclosure that are impliedly authorized in order to carry out the representation and except as stated in paragraphs (b) and (c)." Pa.R.P.C. 1.6.[1] The rule regarding confidentiality "applies not only to matters communicated in confidence by the client but also to *all information relating to the representation, whatever its source." Id.* cmt. [3] (emphasis added).

Finally, "other protected matter" includes attorney work product. The work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) (citation omitted). The work product doctrine, codified in Pa.R.C.P. 4003.3, belongs to the attorney as opposed to the client and is intended to keep counsel's file free from examination by the opponent. *Bousamra v. Excela Health, et al.*, 210 A.3d 967 (Pa. 2019). Indeed, "[t]he purpose of the work product doctrine is to protect the

---

[1] Although there are exceptions to non-disclosure of confidential information under Pa.R.P.C. 1.6(b) and 1.6(c), none of them apply here.

mental impressions and processes of an attorney acting on behalf of a client, regardless of whether the work product was prepared in anticipation of litigation." *Id.* at 976.

Here, the attorney-client privilege attaches and precludes POM from discovering any documents or emails between Eckert and Parx for purposes of legal advice, whether that be for purposes of advising as to conflicts, concurrent representation, this litigation, or other litigation. There is no question that Eckert represents Parx in various matters. The document requests directed to Eckert along with the Parx and Hawke Subpoenas all call for communications embodied in documents between Parx and its law firms for purposes of securing legal advice. There is no other purpose for those communications. Parx has asserted the privilege, Parx has instructed its law firms to assert its privilege, Parx has not waived any privilege, and there are no applicable exceptions.

Likewise, confidentiality applies here. Each and every possible type of "document" as defined in the *duces tecum* portion of the Parx and Hawke subpoenas and the document requests directed to Eckert would inevitably include confidential client communications between Parx and its lawyers and law firms that are subject to a duty of confidentiality

under Rule 1.6 of the Pennsylvania Rules of Professional Conduct, including lawyer-client communications about conflicts of interest and information as required by Rules 1.7 through 1.10 and communications about this litigation or other litigation in which Parx is participating.

Finally, the work-product doctrine applies to any documents POM subpoenaed directly from Parx's lawyers or law firms that reflect work performed on Parx's behalf for purposes of litigation or for purposes of advising Parx. Parx is the beneficiary of any work product developed by Hawke and Eckert in the course of their representation of Parx. POM therefore cannot circumvent privilege by attempting to subpoena documents prepared by law firms on Parx's behalf that are protected by the immunity created by the attorney work-product doctrine.

Accordingly, the Court is duty bound to quash the subpoenas directed to Parx and Hawke and grant Eckert's motion for protective order to protect Parx's confidential information.

## IV.  CONCLUSION

WHEREFORE, the Court should grant the motion and quash the subpoenas directed to Parx and Hawke and grant a protective order to Eckert to prevent disclosure of privileged materials.

Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming &
Entertainment, d/b/a Parx Casino*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed and served the foregoing electronically.


<u>/s George A. Bibikos</u>
George A. Bibikos