**Tab "B" – Declaration**

# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC.                )
                                  )
                    Plaintiff,    )  [ELECTRONICALLY FILED]
                                  )
        vs.                       )  Docket No. 20-292
                                  )
ECKERT, SEAMANS, CHERIN           )  JUDGE WILSON
& MELLOT, LLC                     )
                                  )
                    Defendant.    )

## DECLARATION OF THOMAS C. BONNER

1.   My name is Thomas C. Bonner.

2.   I am Group Vice President of Legal and Chief Counsel of Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx").

3.   I am authorized to make this declaration on behalf of Parx.

4.   I have personal knowledge of the matters addressed in this declaration.

5.   Parx has a two-year record-retention policy.

6.   Pursuant to the policy, all user emails and other documents stored electronically are automatically purged after two years unless certain steps are taken by users to preserve them.

1

7.      On June 9, 2020, Parx received a subpoena issued by Pace-O-Matic, Inc. ("POM") in the above matter. A true and correct copy of the subpoena is attached to the brief supporting Parx's motion to quash at Tab "A."

8.      The subpoena calls for "documents," broadly defined, that contain communications between Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") and Parx regarding (1) potential conflicts of interests between Parx and POM; (2) Eckert's concurrent representation of Parx and POM; (3) Eckert's withdrawal of representation of POM; and (4) the above-captioned litigation.

9.      The communications identified in Request Nos. 1-3 in the Parx Subpoena, if embodied in documents or emails, would have taken place in late 2016 and early 2017.

10.      To the extent documents or emails responsive to Request Nos. 1-3 in the Parx Subpoena ever existed, they would be subject to Parx's retention policy and purged by the end of 2019 before this litigation commenced.

11.    Parx engaged in reasonable search for emails or documents to confirm whether or not any responsive documents or emails had been saved by users as exceptions to the policy.

12.    After further review, Parx does not have in its possession any documents responsive to Requests 1-3 in the subpoena.

13.    During its search, Parx discovered several emails dated February 2020 between Eckert and Parx regarding the above-captioned litigation that are arguably responsive to Request No. 4 in the subpoena.

14.    These emails are identified in the privilege log submitted by Eckert with its motion for protective order and supporting brief.

I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct to the best of my knowledge and information or belief.

Date: 7. 20.2020

Thomas C. Bonner
Group Vice President of Legal
and Chief Counsel

3