# Exhibit E

Case 1:20-cv-00292-JPW    Document 51-5    Filed 07/20/20    Page 1 of 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Middle District of Pennsylvania

| | |
|---|---|
| PACE-O-MATIC, INC. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  20-CV-292 |
| ECKERT, SEAMANS, CHERIN & MELLOTT, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  HAWKE, MCKEON & SNISCAK LLP
100 NORTH TENTH STREET, PO BOX 1778, HARRISBURG, PA 17105

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit 'A'

| Place: Myers, Brier & Kelly, LLP 425 Spruce Street, Suite 200 Scranton, PA 18503 | Date and Time: 06/15/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6-4-20

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____Plaintiff_____
PACE-O-MATIC, INC. _____ , who issues or requests this subpoena, are:

Donna A. Walsh, Esquire
MYERS, BRIER & KELLY, LLP 425 Spruce Street, Suite 200, Scranton, PA 18503 570-342-6100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  20-CV-292

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*     HAWKE, MCKEON & SNISCAK LLP

on *(date)*     6/5/2020     .

☑ I served the subpoena by delivering a copy to the named individual as follows:     I served Dixie Kortright,

Office Manager at 110 Sunset Drive, Liverpool, PA 17045.

on *(date)*     6/8/2020     ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                    .

My fees are $                    for travel and $                    for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date:     6/10/2020

*Server's signature*

Andrew C. Katerman, Jr., Process Server

*Printed name and title*

5235 N. Front Street, Harrisburg, PA 17110

*Server's address*

Additional information regarding attempted service, etc.:

The office of HAWKE, MCKEON & SNISCAK LLP was closed with a note on the door with a phone number to call.
Therefore this was served to the Office Manager's home address.

A check in the amount of $40.00 was also served.

**Exhibit "A"**
**Hawke, McKeon & Sniscak LLP**
**100 North Tenth Street**
**P.O. Box 1778**
**Harrisburg, PA 17105**

## Definitions

"Document" and "documents" mean any written, recorded or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody or control. The term includes agreements, contracts, letters, correspondence, inter-office communications, memoranda, reports, records, notes, diaries, drawings, sketches, diagrams, photographs, photocopies, charts, graphs, descriptions, drafts, minutes, invoices, recordings, publications, transcripts, electronic mail, voice mail, social media posts and printouts. The term "document" includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back up systems). Any such document is to be produced in a reasonably legible and usable form. The term "document" also includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking or information not on the original.

## Documents Requested

1.    Any and all documents that constitute, include or reflect communications with any member, employee, agent or representative of Eckert, Seamans, Cherin & Mellott, LLC ("Eckert") concerning either of the following matters pending in the Commonwealth Court of Pennsylvania:

  (a)    *POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, No. 503 M.D. 2018; or

  (b)    *POM of Pennsylvania, LLC v. Department of Revenue and City of Philadelphia (POM I)*, No. 418 M.D. 2018.

2.    Any and all documents received from Eckert for use or reference in relation to either of the matters identified in Paragraph 1.

3.    Any and all communications involving Kevin McKeon or any other employee of Hawke, McKeon & Sniscak, LLP and any member, employee, agent or representative of Eckert related to any of the following matters:

  (a)    *POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, No. 503 M.D. 2018; or

  (b)    *POM of Pennsylvania, LLC v. Department of Revenue and City of Philadelphia (POM I)*, No. 418 M.D. 2018; or

(c)    *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC,* No. 20-CV-292.

4.    Any and all documents and communications regarding any potential or actual conflicts of interest between Eckert and Pace-O-Matic, Inc. or any of its affiliates or subsidiaries.