# Exhibit G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                          :
                                             :
                           Plaintiff,        :
                                             :          Docket No. 1:20-cv-00292
       v.                                    :
                                             :
ECKERT SEAMANS CHERIN & MELLOTT,             :
LLC,                                         :
                                             :
                           Defendant.        :
                                             :

### ECKERT SEAMANS CHERIN & MELLOTT, LLC'S
### RESPONSES TO PACE-O-MATIC, INC.'S FIRST SET OF INTERROGATORIES

Defendant, Eckert Seamans Cherin & Mellott, LLC. (hereinafter referred to as "Eckert"),

by and through its attorneys, Fox Rothschild LLP, hereby responds to the First Set of

Interrogatories of Plaintiff, Pace-O-Matic, Inc. ("POM"), pursuant to Federal Rule of Civil

Procedure 33.

## I.  GENERAL OBJECTIONS

1.     Eckert objects to POM's interrogatories to the extent that they exceed the scope of

discovery as stated by the Federal Rules of Civil Procedure.  Eckert will only respond to POM's

interrogatories within the limits set forth in Federal Rule of Civil Procedure 33.

2.     Eckert objects to any interrogatory that calls for information protected by the

attorney-client privilege and/or the work-product doctrine.  By making a response to any such

interrogatory, Eckert does not waive the attorney-client privilege and/or work-product doctrine

as to that interrogatory or as to any other present or future interrogatory.  Further, to the extent

that Eckert inadvertently produces any information that, in whole or in part, contains

5.    Identify and describe with particularity all communications that any Eckert lawyer, including Mark S. Stewart, had with any *amicus* counsel for Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino in the matter captioned *POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control Enforcement,* docketed at No. 503 M.D. 2018 in the Commonwealth Court, including, but not limited to, at the hearing in the Commonwealth Court on January 15, 2020.

> **RESPONSE: Objection. The information requested is objected to because it is protected by the attorney-client privilege, client confidentiality and the attorney work product doctrine.**

6.    Identify Eckert's information technology administrator(s) responsible for controlling employee access to Eckert's internal document management system from December 2016 to the present.

> **RESPONSE: Christine Meyer, Application Systems Analyst, is the IT administrator principally responsible for matters relating to the Firm's Worldox document management system.**

7.    Identify and describe the "potential positional conflict" which you claim to have disclosed to Pace-O-Matic, Inc., as alleged in Paragraphs 7, 8, 14 and 24 of your Answer and identify the person or persons who allegedly disclosed the "potential positional conflict," the date, place, substance and manner of the communication and all documents that refer or relate to the communication.

4