# Attachment 2



**Dennis A. Whitaker**
**(717) 236-1300 x226**
**dawhitaker@hmslegal.com**

**100 North Tenth Street, Harrisburg, PA 17101 Phone: 717.236.1300 Fax: 717.236.4841 www.hmslegal.com**

June 13, 2020

*Via email only*
dwalsh@mbklaw.com

Donna Walsh, Esq.
Myers, Brier & Kelly LLP
425 Spruce St., Suite 200
Scranton, PA  18503

>        **Subject:**    *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC*,
>        Docket No. 20-cv- 292 (M.D.Pa.); **Subpoena To Produce**
>        **Documents Directed to Hawke McKeon & Sniscak LLP**

Dear Ms. Walsh:

Hawke, McKeon & Sniscak LLP (HMS) is in receipt of Pace-O-Matic, Inc.'s (POM) subpoena to produce documents (HMS subpoena) for review in a pending federal court matter, *Pace-O-Matic, Inc. v. Eckert Seamans Cherrin & Mellot, LLC*, Docket No. 20-cv-292 (M.D. Pa.) (POM/Eckert litigation).  The HMS Subpoena has a return date of June 15, 2020. Please be advised that I represent HMS and Kevin J. McKeon, an HMS attorney named in the HMS subpoena, with respect to that subpoena. You surely are aware that HMS is not a party to the POM/Eckert litigation.  On behalf of HMS and Mr. McKeon, the purpose of this letter is to object to the HMS Subpoena.

We understand that the POM/Eckert litigation involves POM's claim that Eckert breached a fiduciary duty to POM by representing Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino (Parx), in matters related to devices that POM calls "skill games". POM initiated litigation in the Commonwealth Court of Pennsylvania at Docket Nos. 418 MD 2018 and 502 MD 2108 seeking declarations concerning the legal status of these "skill games", which litigation is active and ongoing (Commonwealth Court cases).  HMS represents Parx in the Commonwealth

Donna Walsh, Esq.
Myers, Brier & Kelly LLP
June 13, 2020
Page 2


Court cases.  On behalf of Parx, HMS filed an amicus brief opposing POM's request for a preliminary injunction, and presently has pending a request to intervene.

POM's HMS Subpoena commands HMS to produce: (1) any document that reflects communications between HMS and Eckert relating to the Commonwealth Court cases; (2) any document HMS received from Eckert for use or reference relating to the Commonwealth Court cases; (3) any communications between Mr. McKeon or any other HMS employee and any person at Eckert relating to either the Commonwealth Court cases or the POM/Eckert litigation; and (4) any communications or documents relating to any potential or actual conflict between Eckert and POM.

We understand that POM posed discovery requests to Eckert seeking the same or similar information from Eckert to which Eckert already has objected, which objections remain unresolved.  HMS has, of course, informed Parx of the HMS Subpoena, and HMS is aware that Parx also has received a subpoena seeking similar information (Parx Subpoena), to which Parx is objecting through separate counsel. Parx has also directed HMS to take whatever steps are needed to object to the HMS Subpoena in order to protect the confidentiality and privacy of communications between Parx and its lawyers, and the confidentiality of legal advice that Parx's lawyers and law firms provided to Parx to which the attorney-client privilege or any other privilege attaches. All the document requests in the HMS Subpoena are immune from production under one or more of these protections.

HMS objects to the HMS Subpoena and requests that POM withdraw it. Fed. R. Civ. P.  45 (d)(3)(A)(iii) precludes the disclosure of "privileged or other protected matter to which no exception or waiver applies."  All the documents requested in the HMS Subpoena are privileged because the requests seek communications between and among Parx's lawyers at Eckert, Parx's lawyers at HMS, and Parx.  HMS has a duty of confidentiality to Parx under Rule 1.6 of the Pennsylvania Rules of Professional Conduct to protect such communications, which extends to lawyer-client communications about conflicts of interest as required by Rules 1.7 through 1.10.  The communications likewise involve legal advice that Parx's lawyers and law firms provided to Parx to which the attorney-client privilege attaches.  Finally, the communications involve and constitute work product prepared on behalf of Parx that is protected from disclosure under the attorney work-product doctrine.

Donna Walsh, Esq.
Myers, Brier & Kelly LLP
June 13, 2020
Page 3

Moreover, we further object to the duces tecum portion of the subpoena, including its definition(s), as vague and confusing. Finally, we object to the subpoena as overly broad and unduly burdensome, in part (and without limitation) because it seeks documents wholly unrelated to the POM/Eckert action to which POM lacks even a pretense of gaining access, with the apparent intent to unfairly advantage POM in the Commonwealth Court cases.

Given the dispute in progress between Eckert and POM in which POM seeks the same or similar privileged information, there is no reason for POM to burden needlessly HMS and Parx with the duty to respond to meritless subpoenas for information that is so obviously privileged and irrelevant to any of the claims in the POM/Eckert litigation. Should you decline to withdraw the HMS subpoena and continue your present course, you should expect to litigate HMS' motions to quash and for a protective order.

Please contact me if you want to discuss this matter further.

Sincerely,

Dennis A. Whitaker

DAW/jld