# Attachment 3



Dennis A. Whitaker
(717) 236-1300 x226
dawhitaker@hmslegal.com

100 North Tenth Street, Harrisburg, PA 17101 Phone: 717.236.1300 Fax: 717.236.4841 www.hmslegal.com

June 18, 2020

Honorable Jennifer P. Wilson
United States District Court for the
Middle District of Pennsylvania
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101

Via email only to: David_Onstott@pamd.uscourts.gov

**Subject:**    *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC,*
Docket No. 20-cv- 292 (M.D. Pa.); Subpoena To Produce Documents Directed to
Hawke McKeon & Sniscak LLP

Dear Judge Wilson:

I represent Hawke, McKeon & Sniscak LLP and Kevin J. McKeon, (HMS),
with respect to Pace-O-Matic, Inc.'s (POM) subpoena to produce documents (HMS
subpoena) in the above-referenced matter. (POM/Eckert litigation). HMS requests
the opportunity to participate in any status conference you convene on this issue and
seeks to reserve the right to file a motion to quash and/or for protective order in
response to the subpoena.

The HMS Subpoena was served on HMS on June 8, 2020, and had a return
date of June 15, 2020 by 10 a.m. By letter dated Saturday, June 13, 2020 and emailed
to POM counsel I objected to the subpoena on behalf of HMS. In that letter, a copy
of which is attached, I advised POM's counsel that HMS objects to the HMS
Subpoena and requested that POM withdraw it where Fed. R. Civ. P.  45
(d)(3)(A)(iii) precludes the disclosure of "privileged or other protected matter to
which no exception or waiver applies", and that all the documents requested in the

Honorable Jennifer P. Wilson
June 18, 2020
Page 2

HMS Subpoena are privileged because the requests seek communications between and among Parx's lawyers at Eckert, Parx's lawyers at HMS, and Parx.    As explained to POM's counsel, HMS has a duty of confidentiality to Parx under Rule 1.6 of the Pennsylvania Rules of Professional Conduct to protect such communications, which extends to lawyer-client communications about conflicts of interest as required by Rules 1.7 through 1.10.  Moreover, we advised counsel that the communications involve legal advice that Parx's lawyers and law firms provided to Parx to which the attorney-client privilege attaches. Finally, we asserted that the communications involve and constitute work product prepared on behalf of Parx that is protected from disclosure under the attorney work-product doctrine.

We further objected to the duces tecum portion of the subpoena, including its definition(s), as vague and confusing, and we objected to the subpoena as overly broad and unduly burdensome, in part (and without limitation) because it seeks documents wholly unrelated to the POM/Eckert action to which POM lacks even a pretense of gaining access, with the apparent intent to unfairly advantage POM in the Commonwealth Court cases.

I was contacted by Mr. Brier on Monday and during our conversation advised that it was premature to discuss preparation of a privilege log as the same objections to the same set of documents are at issue before your honor, and that it was unduly burdensome to require HMS a  non-party in this matter, to respond and prepare a privilege log where the issues likely would be resolved through the ongoing POM/Eckert litigation. These communications notwithstanding Mr. Brier filed a letter with the court later that day where he referenced and attached the HMS subpoena. By this letter, HMS provides your honor with our response and perspectives on the HMS subpoena.

We understand that the POM/Eckert litigation involves POM's claim that Eckert breached a fiduciary duty to POM by representing Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino (Parx), in matters related to devices that POM calls "skill games". POM initiated litigation in the Commonwealth Court of Pennsylvania at Docket Nos. 418 MD 2018 and 502 MD 2108 seeking declarations concerning the legal status of these "skill games", which litigation is active and ongoing (Commonwealth Court cases). HMS represents Parx in the Commonwealth Court cases. On behalf of Parx, HMS filed an amicus brief opposing POM's request for a preliminary injunction, and presently has pending a request to intervene.

Honorable Jennifer P. Wilson
June 18, 2020
Page 3

POM's HMS Subpoena commands HMS to produce: (1) any document that reflects communications between HMS and Eckert relating to the Commonwealth Court cases; (2) any document HMS received from Eckert for use or reference relating to the Commonwealth Court cases; (3) any communications between Mr. McKeon or any other HMS employee and any person at Eckert relating to either the Commonwealth Court cases or the POM/Eckert litigation; and (4) any communications or documents relating to any potential or actual conflict between Eckert and POM.

We understand that POM posed discovery requests to Eckert seeking the same or similar information from Eckert to which Eckert already has objected, which objections remain unresolved. HMS has, of course, informed Parx of the HMS Subpoena, and HMS is aware that Parx also has received a subpoena seeking similar information (Parx subpoena), to which Parx is objecting through separate counsel. Parx has also directed HMS to take whatever steps are needed to object to the HMS subpoena in order to protect the confidentiality and privacy of communications between Parx and its lawyers, and the confidentiality of legal advice that Parx's lawyers and law firms provided to Parx to which the attorney-client privilege or any other privilege attaches. We submit that all the document requests in the HMS subpoena are immune from production under one or more of these protections, and present the following objections for your honor's consideration:

To begin, as we advised POM counsel, the subpoenas are premature and unnecessary. Eckert's similar objections to POM's similar document requests remain unresolved. Parx has directed Eckert to assert Parx's privileges and immunities in response to discovery requests, and Eckert has done so. The Court's resolution of the discovery dispute may render the subpoenas moot. HMS incorporates by reference the bases for asserting privileges and immunities as expressed in its objections and is prepared to elaborate on them at a status conference or in a motion to quash or for protective order if such becomes necessary.

We further submit that HMS' letter complies with Rule 45's requirement to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." As outlined above, HMS' written objections state that we are withholding any "documents" (as that term is defined by the subpoena) in our possession, custody, or control that contain communications about (1) any document that reflects communications between HMS and Eckert relating to

Honorable Jennifer P. Wilson
June 18, 2020
Page 4

the Commonwealth Court cases; (2) any document HMS received from Eckert for use or reference relating to the Commonwealth Court cases; (3) any communications between Mr. McKeon or any other HMS employee and any person at Eckert relating to either the Commonwealth Court cases or the POM/Eckert litigation; and (4) any communications or documents relating to any potential or actual conflict between Eckert and POM. The letter describes the nature of the documents, stops short of any details about documents that would reveal the protected communication, and gives POM sufficient information to assess HMS' privilege claims.

A privilege log is not necessary for POM to evaluate any privilege claim. POM's subpoena on its face demands that HMS provide privileged lawyer-client communications and attorney work product communications. HMS' objections advise that we are withholding lawyer-client and work product communications based on confidentiality, privileges, and immunities. Any communication between anyone at HMS and anyone at Eckert about the topics in the subpoena (conflicts, informed consent, dual representation, withdrawal of representation, or litigation is a confidential lawyer-client communication, and any work-product prepared involving any such topics is immune from disclosure under the work-product doctrine.

Finally, requiring a non-party lawyer and law firm to review, assess, confer with the affected client concerning, object to, and produce a privilege log with respect to a subpoena within the 5 working days imposes an undue burden within the meaning of Rule 45, [1] especially where sensitive attorney client communications and work product are the subject of the demand. Given the circumstances, HMS should be excused from any obligation to produce a privilege log to support its objections.

Thank you for the opportunity to submit this letter. If you decide to convene a status conference we would appreciate the opportunity to participate and thereafter

---

[1] Rule 45 provides in part that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

Honorable Jennifer P. Wilson
June 18, 2020
Page 5


if necessary to file a motion to quash and/or for protective order in order to formally assert HMS' and Parx's privileges in response to the subpoena.

Finally, if the court would prefer that we enter an appearance at this stage and submit this letter via ECF, we will do so.

Sincerely,

Dennis A. Whitaker

DAW/das
Attachment



**Dennis A. Whitaker**
**(717) 236-1300 x226**
**dawhitaker@hmslegal.com**

**100 North Tenth Street, Harrisburg, PA 17101 Phone: 717.236.1300 Fax: 717.236.4841 www.hmslegal.com**

June 13, 2020

*Via email only*
dwalsh@mbklaw.com

Donna Walsh, Esq.
Myers, Brier & Kelly LLP
425 Spruce St., Suite 200
Scranton, PA  18503

> **Subject:** *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC*, Docket No. 20-cv- 292 (M.D.Pa.); **Subpoena To Produce Documents Directed to Hawke McKeon & Sniscak LLP**

Dear Ms. Walsh:

Hawke, McKeon & Sniscak LLP (HMS) is in receipt of Pace-O-Matic, Inc.'s (POM) subpoena to produce documents (HMS subpoena) for review in a pending federal court matter, *Pace-O-Matic, Inc. v. Eckert Seamans Cherrin & Mellot, LLC*, Docket No. 20-cv-292 (M.D. Pa.) (POM/Eckert litigation).  The HMS Subpoena has a return date of June 15, 2020. Please be advised that I represent HMS and Kevin J. McKeon, an HMS attorney named in the HMS subpoena, with respect to that subpoena. You surely are aware that HMS is not a party to the POM/Eckert litigation.  On behalf of HMS and Mr. McKeon, the purpose of this letter is to object to the HMS Subpoena.

We understand that the POM/Eckert litigation involves POM's claim that Eckert breached a fiduciary duty to POM by representing Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino (Parx), in matters related to devices that POM calls "skill games". POM initiated litigation in the Commonwealth Court of Pennsylvania at Docket Nos. 418 MD 2018 and 502 MD 2108 seeking declarations concerning the legal status of these "skill games", which litigation is active and ongoing (Commonwealth Court cases).  HMS represents Parx in the Commonwealth

Donna Walsh, Esq.
Myers, Brier & Kelly LLP
June 13, 2020
Page 2


Court cases.  On behalf of Parx, HMS filed an amicus brief opposing POM's request for a preliminary injunction, and presently has pending a request to intervene.

POM's HMS Subpoena commands HMS to produce: (1) any document that reflects communications between HMS and Eckert relating to the Commonwealth Court cases; (2) any document HMS received from Eckert for use or reference relating to the Commonwealth Court cases; (3) any communications between Mr. McKeon or any other HMS employee and any person at Eckert relating to either the Commonwealth Court cases or the POM/Eckert litigation; and (4) any communications or documents relating to any potential or actual conflict between Eckert and POM.

We understand that POM posed discovery requests to Eckert seeking the same or similar information from Eckert to which Eckert already has objected, which objections remain unresolved.  HMS has, of course, informed Parx of the HMS Subpoena, and HMS is aware that Parx also has received a subpoena seeking similar information (Parx Subpoena), to which Parx is objecting through separate counsel.  Parx has also directed HMS to take whatever steps are needed to object to the HMS Subpoena in order to protect the confidentiality and privacy of communications between Parx and its lawyers, and the confidentiality of legal advice that Parx's lawyers and law firms provided to Parx to which the attorney-client privilege or any other privilege attaches. All the document requests in the HMS Subpoena are immune from production under one or more of these protections.

HMS objects to the HMS Subpoena and requests that POM withdraw it. Fed. R. Civ. P.  45 (d)(3)(A)(iii) precludes the disclosure of "privileged or other protected matter to which no exception or waiver applies."  All the documents requested in the HMS Subpoena are privileged because the requests seek communications between and among Parx's lawyers at Eckert, Parx's lawyers at HMS, and Parx.  HMS has a duty of confidentiality to Parx under Rule 1.6 of the Pennsylvania Rules of Professional Conduct to protect such communications, which extends to lawyer-client communications about conflicts of interest as required by Rules 1.7 through 1.10.  The communications likewise involve legal advice that Parx's lawyers and law firms provided to Parx to which the attorney-client privilege attaches.  Finally, the communications involve and constitute work product prepared on behalf of Parx that is protected from disclosure under the attorney work-product doctrine.

Donna Walsh, Esq.
Myers, Brier & Kelly LLP
June 13, 2020
Page 3


Moreover, we further object to the duces tecum portion of the subpoena, including its definition(s), as vague and confusing. Finally, we object to the subpoena as overly broad and unduly burdensome, in part (and without limitation) because it seeks documents wholly unrelated to the POM/Eckert action to which POM lacks even a pretense of gaining access, with the apparent intent to unfairly advantage POM in the Commonwealth Court cases.

Given the dispute in progress between Eckert and POM in which POM seeks the same or similar privileged information, there is no reason for POM to burden needlessly HMS and Parx with the duty to respond to meritless subpoenas for information that is so obviously privileged and irrelevant to any of the claims in the POM/Eckert litigation. Should you decline to withdraw the HMS subpoena and continue your present course, you should expect to litigate HMS' motions to quash and for a protective order.

Please contact me if you want to discuss this matter further.

Sincerely,

Dennis A. Whitaker

DAW/jld