*EXHIBIT "A"*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,          :

                               :

            **Plaintiff,**        :

                               :

**v.**                              :      **NO. 20-CV-292**

                               :

**ECKERT, SEAMANS, CHERIN &** :      **JUDGE WILSON**
**MELLOTT, LLC,**              :

                               :

            **Defendant.**     :

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Pace-O-Matic, Inc. ("POM"), by and through its undersigned counsel, hereby objects and responds to Defendant Eckert, Seamans, Cherin & Mellott, LLC's ("Eckert") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

The following general objections apply to and are expressly made part of the responses to each interrogatory set forth below:

1.      POM objects to these interrogatories to the extent they purport to require the production of information that is not relevant to the claim or defense of either party and/or are not reasonably calculated to lead to the discovery of admissible evidence.

2.     POM objects to these interrogatories to the extent they seek the production of documents, materials or information which contain or comprise attorney-client communications or confidential attorney work product or are otherwise protected from discovery by any privilege.

3.     POM objects to these interrogatories to the extent they exceed the permissible scope of discovery established by the Federal Rules of Civil Procedure and/or Local Rules of Court.

4.     POM objects to the instructions contained in these interrogatories to the extent they purport to impose obligations beyond that which is required by the Federal Rules of Civil Procedure and/or Local Rules of Court.

5.     POM objects to the instructions and definitions utilized by Eckert to the extent the instructions and definitions exceed or diverge from the requirements of the Federal Rules of Civil Procedure and/or Local Rules of Court.

6.     POM objects to these interrogatories as overly broad and unduly burdensome to the extent they purport to require an unreasonable search or the production of voluminous records.

7.     POM objects to these interrogatories to the extent they constitute an unreasonably burdensome and sweeping attempt to engage in an unlimited and

2

unwarranted examination of its records and/or to examine its records in far greater quantity or far greater scope than the circumstances warrant.

8.     POM objects generally to these interrogatories to the extent they are not likely to lead to the discovery of admissible evidence.

9.     POM objects generally to any interrogatory that purports to require the production of documents on the grounds that such a request exceeds the permissible scope of Rule 33 of the Federal Rules of Civil Procedure.

10.     POM objects to these interrogatories to the extent they seek information that is not in its possession, custody or control.

11.     POM objects to these interrogatories to the extent they seek information that is equally available to or already in the possession of Eckert.

12.     POM objects to these requests to the extent they purport to require the production of confidential and proprietary financial and/or business information.

13.     POM objects to any requests for specific information concerning the legal services provided by Eckert to POM on the grounds that such information is protected from disclosure by the attorney-client privilege and/or work product doctrine and such information is already in possession of Eckert.

3

14.    POM expressly reserves the right to supplement these responses in accordance with the Federal Rules of Civil Procedure as additional information becomes available or as is otherwise appropriate.

15.    POM's responses to these interrogatories are made without waiver of these general objections or any specific objection.  These general objections are incorporated by reference into each response.

## INTERROGATORIES

1.      Identify all Persons who are answering or assisting with the answering of these Interrogatories.

**RESPONSE:**      POM objects to this request on the grounds that the information sought is protected from disclosure by the attorney client privilege and/or attorney work-product doctrine. POM further objects on the grounds that the information sought is not relevant to the claim or defense of any party and the request is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Identify all Persons that possess knowledge or information relevant to the allegations in the Complaint.

**RESPONSE:**      POM objects to this request as overly broad and unduly burdensome and harassing and on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of these objections, POM responds as follows:

B. Greg Cline, General Counsel for Pace-O-Matic, Inc., has knowledge concerning the matters summarized in the Declaration filed in this matter, including, *inter alia*, POM's engagement of Eckert to provide legal services, the circumstances surrounding the engagement, the legal services that were requested and the confidential and proprietary information provided to Eckert in furtherance of the requested legal services.

5

Thomas A. Lisk has knowledge and information concerning the matters summarized in the Declaration filed in this matter, including, *inter alia*, POM's engagement of Eckert to provide legal services, the circumstances surrounding the engagement, the legal services that were requested and the confidential and proprietary information provided to Eckert in furtherance of the requested legal services.

Lee Wesson, has knowledge and information concerning the request to Eckert to provide legal services to Pace-O-Matic, Inc.

Various Eckert personnel, including Anthony Troy, have knowledge and information concerning the legal services that Eckert provided to POM and the confidential information acquired in the course of the representation. Other Eckert personnel, including Mark Stewart, have knowledge and information concerning Eckert's advocacy on behalf of Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino and adverse to POM.

Discovery is ongoing. Accordingly, POM reserves the right to supplement this response.

3. Describe with particularity the knowledge or information possessed by each Person you identified in response to the preceding Interrogatory.

**RESPONSE:**   POM incorporates by reference its objections and response to Interrogatory No. 2 as if set forth fully herein.

6

4.    Identify each lay witness you intend to depose, call to testify at a

hearing, call to testify at a trial and/or rely upon in any way in connection with the

allegations in the Complaint.

    **RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  POM further objects to this request as unduly vague and ambiguous and as premature in that discovery is ongoing.

    Without waiver of these objections, POM responds as follows:

    POM has given notice of intent to depose the following: Timothy Coon, Esquire; Mark Stewart, Esquire; and a 30(b)(6) designate of Eckert.

    It has not yet been determined whether an evidentiary hearing will be scheduled.  POM will exchange witness lists in advance of any hearing and will make its trial witness list available pursuant to any pre-trial schedule issued by the Court.

5.    Describe with particularity the facts to which each lay witness

identified in your answer to the preceding Interrogatory is expected to testify.

    **RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  POM further objects to this request as premature in that discovery is ongoing.

    Without waiver of these objections, POM responds as follows:

POM incorporates by reference its objections and response to Interrogatory No. 4 as if set forth fully herein.

6.      Identify each expert witness you intend to depose, call to testify at a hearing, call to testify at a trial and/or rely upon in any way in connection with the allegations in the Complaint.

**RESPONSE:**  POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  POM further objects to this request as premature in that discovery is ongoing.

Without waiver of these objections, POM responds as follows:

POM has not yet determined which expert witnesses will be called to testify at any hearing or at the trial of this matter.  Further, it has not yet been determined whether an evidentiary hearing will be scheduled.  POM will exchange witness lists in advance of any hearing and will make its expert disclosures pursuant to any pre-trial schedule issued by the Court.

7.      Describe with particularity the substance of the facts and opinions to which each expert witness identified by you in the preceding Interrogatory is expected to testify, as well as providing a summary of the grounds for each opinion held or which will be expressed by each such expert.

**RESPONSE:**  POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or

8

attorney work product doctrine.  POM further objects to this request as premature in that discovery is ongoing.

Without waiver of these objections, POM responds as follows:

POM has not yet determined which expert witnesses will be called to testify at any hearing or at the trial of this matter.  Further, it has not yet been determined whether an evidentiary hearing will be scheduled.  POM will exchange witness lists in advance of any hearing and will make its expert disclosures pursuant to any pre-trial schedule issued by the Court.

8.    Describe with particularity your claim(s) for damage arising from or related to the allegations in the Complaint, including, but not limited to:

(a)    Each and every category of damages sought;

(b)    The nature and amount of each and every damage sought; and

(c)    The factual basis supporting each and every damage sought.

**RESPONSE:**    POM seeks:  disgorgement of the legal fees paid to Eckert based on Eckert's breaches of fiduciary duty; compensatory damages, including payment of fees incurred in enforcing Eckert's obligations and other compensatory damages in as yet undetermined amounts to redress the substantial business harm sustained due to Eckert's continuing breach of fiduciary duty and continuing advocacy against POM products; and an award of punitive damages.

Discovery is ongoing.  Accordingly, POM reserves the right to supplement this response.

9. State whether you contend that Eckert made any admissions that refer or relate to the allegations in the Complaint, and if so, for each purported admission so identified:

> (a) Describe with particularity the nature and substance of each admission;
>
> (b) Identify person making the admission;
>
> (c) Identify all persons present when the admission was made;
>
> (d) State the time and place of the admission; and
>
> (e) If the admission was reduced to writing or otherwise memorialized in writing, attach a copy of the writing hereto.

> **RESPONSE:** Eckert's Answer and Affirmative Defenses, written discovery responses and letters sent prior to commencement of this litigation constitute admissions by Eckert.

10. Describe with particularity each and every alleged purported statement of confidential information that Eckert allegedly disclosed.

> **RESPONSE:** POM objects to this request on the grounds that Eckert maintains that its communications with Parx Casino that relate to POM are privileged. The Court will need to address the propriety of this assertion. Further, discovery is ongoing. Accordingly, POM reserves the right to supplement this response.

11.    With respect to each purported statement of confidential information,

identify the person or person(s) that POM has relied upon in making such an

allegation.

**RESPONSE:**    POM objects to this request on the grounds that Eckert maintains that its communications with Parx Casino that relate to POM are privileged.  The Court will need to address the propriety of this assertion.  Further, discovery is ongoing.  Accordingly, POM reserves the right to supplement this response.

12.    Describe with particularity each and every fiduciary duty allegedly

breached by Eckert.

**RESPONSE:**    Eckert breached its fiduciary duty of undivided loyalty and engaged in prohibited conflicts of interest through its concurrent representation of POM and Parx Casino and its advocacy against POM on behalf of Parx Casino. Discovery is ongoing.  Accordingly, POM reserves the right to supplement this response.

13.    Describe with particularity the details surrounding the declaration that

you obtained from Thomas Lisk, Esquire.  Please provide all communications

surrounding that declaration.

**RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  POM further objects to this request as unduly vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

11

Without waiver of this objection, POM responds as follows:

A draft declaration was sent to Mr. Lisk for his review. After review, Mr. Lisk directed that the declaration be revised. Mr. Lisk then executed the revised declaration.

14.     Describe with particularity the specific positions that you believe that Eckert took which are adverse to POM and provide the details, documents in which those statements were contained, and the circumstances in which those positions were stated.

**RESPONSE:**    POM objects to this request as unduly vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of this objection, POM responds as follows:

Eckert commenced actions in the Bucks County Court of Common Pleas and Montgomery County Court of Common Pleas against establishments offering POM games seeking, *inter alia*, to have those games declared a public nuisance. Eckert also sent letters to Pennsylvania municipalities urging them to enact ordinances outlawing POM's games. Eckert appeared with *amicus* counsel at the January 15, 2020 hearing and appears to have assisted *amicus* counsel in urging the Court to deny the relief sought by POM. Documents relating to these breaches of fiduciary duty will be made available for Eckert's review and inspection.

Eckert maintains that its communications with Parx Casino are privileged. The Court will need to address specific assertions of privilege. Further, discovery is ongoing. Accordingly, POM reserves the right to supplement this response.

12

15.    Describe with particularity when you first became aware that Eckert took positions adverse to POM and what actions POM took to address such concerns.

**RESPONSE:**    POM objects to this request as unduly vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of these objections, POM responds as follows:

Counsel for POM communicated with Eckert in the fall of 2019 concerning Eckert's initiation of actions on behalf of Parx Casino against establishments offering POM games.

By way of further response, Eckert maintains that its communications with Parx Casino are privileged. The Court will need to address specific assertions of privilege. Further, discovery is ongoing. Accordingly, POM reserves the right to supplement this response.

Objections by:

Daniel T. Brier
Donna A. Walsh

Attorneys for Plaintiff,
Pace-O-Matic, Inc.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Dated:  June 11, 2020

13

## VERIFICATION

I, B. Greg Cline, hereby aver and state that I have read the foregoing Objections and Responses to Defendant's First Set of Interrogatories which was drafted by counsel. The factual statements contained therein are true and correct to the best of my knowledge, information and belief although the language is that of counsel and, to the extent the content of the foregoing document is that of counsel, I have relied upon counsel in making this verification.

This statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
B. Greg Cline

Date: June 11, 2020