*E X H I B I T "B"*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PACE-O-MATIC, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 20-CV-292** |
| | : | |
| **ECKERT, SEAMANS, CHERIN &** | : | **JUDGE WILSON** |
| **MELLOTT, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Pace-O-Matic, Inc. ("POM") by and through its undersigned counsel, hereby objects and responds to Defendant Eckert, Seamans, Cherin & Mellott, LLC's ("Eckert") First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

The following general objections apply to and are expressly made part of the responses to each request set forth below:

1.    POM objects to these requests to the extent they seek the production of documents, materials or information which contain or comprise attorney-client communications or confidential attorney work product or are otherwise protected from discovery by any privilege.

2.    POM objects to these requests to the extent they exceed the permissible scope of discovery established by the Federal Rules of Civil Procedure and/or Local Rules of Court.

3.    POM's production of documents or materials in response to these requests does not constitute an admission of fact or law, a waiver of any defense that POM can or shall raise in this matter or an admission that the documents or materials are relevant to any claim or defense asserted in this matter.

4.    POM objects to these requests to the extent they impose an unreasonable, expensive and time-consuming burden to assemble material over a longer period of time and in far greater quantity than the circumstances warrant.

5.    POM objects to these requests to the extent they constitute an unreasonably burdensome and sweeping attempt to engage in an unlimited and unwarranted examination of its records.

6.     POM objects to these requests to the extent they purport to require the production of "[a]ll documents" on the grounds that such requests are overly broad and unduly burdensome.

7.     POM objects to the instructions and definitions utilized by Eckert to the extent the instructions and definitions exceed or diverge from the requirements of the Federal Rules of Civil Procedure and/or Local Rules of Court.

8.     POM objects to these requests as overly broad and unduly burdensome to the extent they purport to require an unreasonable search or the production of voluminous records.

9.     POM objects to these requests to the extent they purport to require the production of information this is not relevant to the claim or defense of either party and are not reasonably calculated to lead to the discovery of admissible evidence.

10.     POM objects to these requests to the extent they seek information that is not in POM's possession, custody or control.

11.     POM objects to these requests to the extent they seek information that is equally available to or already in the possession of Eckert.

12.     POM objects to any requests for specific information concerning the legal services provided by Eckert to POM on the grounds that such information is

3

protected from disclosure by the attorney-client privilege and/or work product doctrine and such information is already in the possession of Eckert.

13.    POM expressly reserves the right to supplement these responses in accordance with the Federal Rules of Civil Procedure and/or Local Rules of Court as additional information becomes available or as is otherwise appropriate.

14.    POM's responses to these requests are made without waiver of these general objections or any specific objection.  These general objections are incorporated by reference into each response.

4

## RESPONSES AND OBJECTIONS

1.      All documents and/or communications and/or tangible things, electronically stored or otherwise, that were used, referenced and/or relied upon in answering the First Set of Interrogatories propounded on POM, unless otherwise produced herein.

**RESPONSE:**      POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Without waiver of these objections, POM responds as follows:

POM will make non-privileged, responsive documents available for Eckert's review and inspection.

2.      All documents and/or communications and/or tangible things, electronically stored or otherwise, that were used, referenced and/or relied upon in answering the First Set of Requests for Admissions propounded on POM, unless otherwise produced herein.

**RESPONSE:**      POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Without waiver of these objections, POM responds as follows:

POM will make non-privileged, responsive documents available for Eckert's review and inspection.

3.    All documents and/or communications and/or tangible things,

electronically stored or otherwise, that POM listed or referenced in its Rule 26

Initial Disclosures.

**RESPONSE:**    POM will make the requested documents other than Eckert's bills available for Eckert's review and inspection.  Eckert is in possession of the bills which are protected by client confidentiality, the attorney-client privilege and the attorney work product doctrine.

4.    All documents and/or communications and/or tangible things,

electronically stored or otherwise, that refer or relate to POM's claim(s) for

damages allegedly suffered as a result of the conduct alleged in the Complaint.

**RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Without waiver of these objections, POM responds as follows:

POM will make responsive documents available for Eckert's review and inspection.

5.    All documents and/or communications and/or tangible things,

electronically stored or otherwise, that refer or relate to the allegations in the

Complaint, unless otherwise produced herein.

**RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected

6

from disclosure by the attorney-client privilege and/or attorney work product doctrine. POM further objects on the grounds that the request is unduly vague and ambiguous, unreasonably harassing and burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.

Without waiver of these objections, POM responds as follows:

POM will make responsive documents available for Eckert's review and inspection.

6.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that POM intends to use or rely on at any hearing or trial.

**RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Without waiver of these objections, POM responds as follows:

POM will make responsive documents available for Eckert's review and inspection.

7.    All documents and/or communications and/or tangible things, electronically stored or otherwise, which POM has received from any witness that may or will be called to testify on POM's behalf at any evidentiary hearing or trial.

**RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected

7

from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Without waiver of these objections, POM responds as follows:

POM has not yet determined which witnesses will be called to testify at any hearing or at the trial of this matter. POM will make the Declarations signed by B. Greg Cline and Thomas A. Lisk available for Eckert's review and inspection.

8.     All documents and/or communications and/or tangible things,

electronically stored or otherwise, received by POM from Thomas Lisk, Esquire.

**RESPONSE:**     POM objects to this request on the grounds that it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

9.     The current resume or Curriculum Vitae for any expert witness

retained by POM in the above-captioned matter.

**RESPONSE:**     POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Without waiver of these objections, POM responds as follows:

POM has not yet determined which expert witnesses will be called to testify at any hearing or at the trial of this matter. POM will make its expert witness disclosures in accordance with the Federal Rules of Civil Procedure and any pre-trial schedule set by the Court.

8

10.    All documents and/or communications and/or tangible things,

electronically stored or otherwise, that were provided to any expert witness

retained by POM in the above-captioned matter.

    **RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

                Without waiver of these objections, POM responds as follows:

                POM has not yet determined which expert witnesses will be called to testify at any hearing or at the trial of this matter.  POM will make its expert witness disclosures in accordance with the Federal Rules of Civil Procedure and any pre-trial schedule set by the Court.

11.    All reports for any expert witness retained by POM in the above-

captioned matter, as well as all documents and/or communications and/or tangible

things, electronically stored or otherwise, that each expert witness relied upon to

generate a report.

    **RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

                Without waiver of these objections, POM responds as follows:

                POM has not yet determined which expert witnesses will be called to testify at any hearing or at the trial of this matter.  POM will make its expert witness disclosures in

accordance with the Federal Rules of Civil Procedure and any pre-trial schedule set by the Court.

12.    All recordings that refer or relate in any way to the allegations in the Complaint.

**RESPONSE:**    POM is not in possession of any such recordings.

13.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that refer or relate to the purported conflict issue raised by POM.

**RESPONSE:**    POM objects to this request as overly broad, unduly vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.

Without waiver of these objections, POM responds as follows:

POM will produce responsive documents relating to the claims alleged in the Complaint.

14.    All documents and/or communications and/or tangible things, electronically stored or otherwise, between POM, POM's current counsel and Thomas Lisk, Esquire that refer or relate to the allegations in the Complaint.

**RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. POM further objects to this request as overly broad, unduly vague and

10

ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of these objections, POM responds as follows:

POM will produce documents relating to the declaration that Mr. Lisk signed.

15.    All documents and/or communications and/or tangible things, electronically stored or otherwise, between POM, POM's current counsel and Thomas Lisk, Esquire that refer or relate to the declaration that Thomas Lisk, Esquire provided in connection with POM's motion for preliminary injunction.

**RESPONSE:**    POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. POM further objects to this request as overly broad, unduly vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of these objections, POM responds as follows:

POM will produce documents relating to the declaration that Mr. Lisk signed.

11

16.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that refer or relate to communications between POM and any third parties about the facts or circumstances alleged in the Complaint.

**RESPONSE:**    POM objects to the reference to "third parties" as unduly vague and ambiguous and to the request generally as not reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of these objections, POM responds as follows:

POM is not aware of communications with non-parties concerning the facts or circumstances alleged in the Complaint.

17.    All pleadings and/or other documents filed by POM in connection with its Petitions for Review currently pending in the Commonwealth Court of Pennsylvania.

**RESPONSE:**    Responsive documents will be made available for Eckert's review and inspection.

18.    All pleadings and/or other documents filed by POM in connection with any other action in Pennsylvania in which POM successfully intervened or sought to intervene.

**RESPONSE:**    POM objects to this request as overly broad, unduly vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

12

> Without waiver of these objections, POM responds as follows:
>
> POM did not intervene or seek to intervene in any matter involving Eckert.

19.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that demonstrate that Eckert represented POM between December 2011 and December 2016.

> **RESPONSE:**    POM objects to this request as unduly vague and ambiguous and on the grounds that it misstates the claims asserted.
>
> Without waiver of these objections, POM responds as follows:
>
> Responsive documents will be made available for Eckert's review and inspection.

20.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that demonstrate that Eckert represented POM in Pennsylvania after December 2011.

> **RESPONSE:**    POM objects to this request as unduly vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.
>
> Without waiver of these objections, POM responds as follows:
>
> Responsive documents will be made available for Eckert's review and inspection.

13

21.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that demonstrate that Eckert allegedly failed to maintain the confidentiality of POM's information that was otherwise confidential or subject to attorney-client privilege.

**RESPONSE:**    POM objects to this request on the grounds that Eckert maintains that its communications with Parx Casino related to POM are privileged. The Court will need to address the propriety of this assertion. Further, discovery is ongoing. Accordingly, POM reserves the right to supplement this response.

22.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that demonstrate that Eckert allegedly breached its fiduciary obligations to POM.

**RESPONSE:**    Responsive documents will be made available for Eckert's review and inspection.

Objections by:

Daniel T. Brier
Donna A. Walsh

Attorneys for Plaintiff,
Pace-O-Matic, Inc.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Dated: June 11, 2020

14

## CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Objections and Responses to First Request for Production of Documents was served upon the following counsel of record via electronic and first-class mail, postage prepaid, on this 11th day of June 2020:

Abraham C. Reich, Esquire
Robert S. Tintner, Esquire
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA  19103-3291

Donna A. Walsh