IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,             :

                       : No. 1:20-cv-00292

         Plaintiff        :

                       : (Judge Jennifer P. Wilson)

       v.                  : (Magistrate Judge Joseph F. Saporito,

                       : Jr.)

ECKERT SEAMANS CHERIN &        :
MELLOTT, LLC,                 :

                       : Electronically Filed Document

         Defendant.       :

**BRIEF OF HAWKE MCKEON & SNISCAK LLP IN RESPONSE TO
PACE-O-MATIC'S MOTION TO COMPEL DISCOVERY**

Hawke McKeon & Sniscak LLP (HMS) submits this brief in response to

Plaintiff Pace-O-Matic, Inc.'s (POM) Motion to Compel Discovery and in support

of HMS' Motion for a Protective Order and/or Motion to Quash the subpoena to

produce documents served by POM upon HMS (HMS subpoena) in the above-

captioned matter.

**I.        Introduction and Summary**

POM subpoenaed documents from non-party HMS seeking the same

documents POM sought from Defendant Eckert in the instant matter (POM/Eckert

litigation). The HMS subpoena *on its face* demands documents protected by the

attorney-client privilege, the attorney work-product doctrine, or both, information

that is so obviously privileged and irrelevant to any of the claims in the POM/Eckert litigation. Put simply, POM's HMS subpoena seeks documents wholly unrelated to that litigation to which POM lacks even a pretense of gaining access.

As explained more-fully below, POM in its filings concedes that HMS is Parx' counsel in both Commonwealth Court matters referenced in the subpoena, which is confirmed by the attached docket sheets from those matters. As such, HMS' communications with Parx are protected by the attorney-client privilege and/or the attorney work product doctrine. Because Parx was also represented by Eckert, HMS' communications with Eckert also are privileged and/or covered by the work product doctrine. HMS' communications with counsel for other Commonwealth Court parties such as the Pennsylvania Attorney General and other proposed intervenors who are operators of legal gaming devices are covered by these protections by virtue of our common litigation interest.

As to the other issues raised by POM's discovery propounded to Eckert and to Parx, HMS joins Eckert's and Parx' briefs seeking relief from that discovery. Finally, as to the fourth category of documents sought through the HMS subpoena, HMS restates what it advised POM's counsel previously: "[t]here are no internal HMS emails regarding any potential or actual conflicts of interest between Eckert and POM."

## II.    Argument

### A.    HMS' communications with Parx are protected by attorney-client privilege and/or the attorney work product doctrine where HMS is Parx' counsel in both Commonwealth Court matters referenced in the subpoena

HMS' status as counsel to Parx is dispositive as to POM's efforts to obtain communications between HMS and Parx regarding the Commonwealth Court matters docketed at 418 MD 2018 and 503 MD 2018. Indeed, POM's filings in this court concede that status.

In his letter to Judge Wilson dated June 15, 2020 (Doc. 28), POM counsel states in the second paragraph:

> Among other things, the Complaint alleges that Eckert breached its fiduciary duty by appearing with and assisting other counsel for Parx Casino in a matter pending in Commonwealth Court captioned *POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control Enforcement,* No. 503 M.D. 2018. *(See* Compl. (ECF No. 1) ¶17.)

In numbered paragraph 1 on page 2 of that letter, POM counsel writes, "Eckert's collaboration with counsel representing Parx Casino in the Commonwealth Court matters is a breach of fiduciary duty and relevant and discoverable in this action." Later on page 4, counsel states "POM served a subpoena on Hawke, McKeon & Sniscak, LLP, the law firm that represents Parx Casino in the No. 503 M.D. 2018 action pending in Commonwealth Court, compelling production of: (1)

communications with Eckert and materials received from Eckert in relation to that action or the related action docketed at No. 418 M.D. 2018 . . . ."

In POM's brief in support of its Motion to Compel (Doc. 51), counsel on page 3 states "[o]n January 15, 2020, Eckert appeared and collaborated with Parx Casino's *amicus* counsel at a hearing in Commonwealth Court opposing POM's motion for an order preventing the unlawful seizure of its skill games", and, at pages 4-5 "[w]hile Parx Casino is nominally represented in that litigation by Hawke McKeon & Sniscak LLP . . . ." Finally, at page 10, "[i]n sum, no privilege applies to Eckert's communications with separate counsel for Parx Casino concerning litigation in which Parx Casino was not a party.

To the extent some of these references refer obliquely to Parx' counsel without naming HMS, the docket sheets from the Commonwealth Court matters appended hereto as Attachments 1 and 2 confirm that HMS is counsel to Parx as *amicus* at No. 418 MD 2018 and represents Parx and other operators of legal gaming devices seeking to intervene at No. 418 MD 2018 and No. 503 MD 2018.

Given that HMS is counsel to Parx, its communications with Parx are as a matter of law protected by the attorney-client privilege and/or the work product doctrine. POM has failed to articulate why those protections do not apply to HMS/Parx communications and its Motion to compel should be denied and HMS' Motion for Protective Order and/or to Quash should be granted.

**B.     HMS' communications with Eckert also are privileged and/or covered by the work product doctrine because Parx also was represented by Eckert.**

While this point seems as if it should go without saying, POM's efforts make it necessary. As clear as it now should be that HMS is Parx' counsel in the Commonwealth Court matters, it is equally clear that Eckert also represents Parx. As such, any communications between Eckert and HMS regarding the Commonwealth Court litigation are protected by Parx' attorney-client privilege and as to HMS by the work-product doctrine. As noted above, HMS joins in Parx' and Eckert's briefs regarding POM's argument that those protections somehow do not apply.

**C.     HMS' communications with counsel for other Commonwealth Court parties such as the Pennsylvania Attorney General and other proposed intervenors who are operators of legal gaming devices are covered by these protections by virtue of our common litigation interest.**

HMS addressed this issue in its Brief in Support of its Motion for Protective Order and/or to Quash (Doc. 53), citing *Eisenberg v. Gagnon*, 766 F. 2d 770, 787 (3d. Cir.), *cert denied*, 474 U.S. 946 (1985), and *Andritz Sprout-Bauer v. Beazer-East, Inc.*, 174 F.R.D. 609 (M.D. Pa. 1997), for the rule that: communications which form part of an "ongoing and joint effort to set up a common [litigation] strategy" are protected from disclosure. Specifically, this refers to communications identified

in HMS privilege log submitted with its Motion for Protective Order and/or to Quash and updated in response to a letter from POM counsel.[1]

Parx opposes POM's efforts to establish its so called "skill games" in Pennsylvania. In furtherance of its efforts to do so, POM sued the Pennsylvania Department of Revenue and the Pennsylvania State Police Bureau of Liquor Control Enforcement, both of whom contend that POM's devices are illegal and both of whom are represented by the Pennsylvania Office of Attorney General (Pa OAG). HMS also represents other operators of legal gaming devices who seek to intervene in the matters at No. 418 MD 2018 and No. 503 MD 2018. That entities with the common goal of prohibiting POM's so called "skill games" would communicate regarding their litigation strategy for their common interests is unsurprising. It

---

[1] By letter dated July 22, 2020, Counsel for POM asserted that HMS' privilege log appended as Attachment 4 to HMS brief in support of its Motion for Protective Order and/or to Quash was "problematic and deficient" in five particulars. By letter dated July 24, 2020, HMS responded and rejected POM's assertions regarding group emails, and asserted that communications with Pa OAG are protected by the common-interest doctrine. A copy of the July 22, 2020 and July 24, 2020 letters are appended hereto as Attachments 3 and 4 respectively. In response to two other assertions, HMS provided an amended privilege log which it also filed with this court on July 24, 2020 (Doc. 56). Finally, as noted above, HMS advised POM counsel that "[t]here are no internal HMS emails regarding any potential or actual conflicts of interest between Eckert and POM."

Mr. Brier has offered no further objections in response to HMS' July 24, 2020 letter and HMS stands by its response detailed in the letter. To the extent POM raises additional arguments beyond what is contained in its letter (but not contained in its Motion to Compel), HMS requests leave to respond.

should be equally evident that such communications are protected by the common-interest doctrine.

## III.    Conclusion

WHEREFORE, for the aforestated reasons, this Court should deny POM's Motion to Compel and should enter a protective order relieving HMS of the burden and duty of responding to meritless subpoenas for information that is so obviously privileged and irrelevant to any of the claims in the POM/Eckert litigation and/or enter an order quashing the HMS subpoena where all of the document requests in the HMS Subpoena are immune from production under the attorney client privilege and/or the attorney work product doctrine, and the subpoena presents an undue burden on HMS.

Respectfully submitted,

*/s/ Dennis A. Whitaker*

Dennis A. Whitaker, I.D. #53975
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA  17101
(717) 236-1300
(717) 236-4841
dawhitaker@hmslegal.com

*Counsel for Hawke McKeon & Sniscak LLP*

Dated: August 14, 2020

## CERTIFICATION OF COUNSEL

The undersigned certifies, subject to Fed. R. Civ. P. 11, that the foregoing brief contains 1453 words and, therefore, complies with the word-count limit set forth by local rule 7.8(b). This certification is based upon the word count feature of Microsoft Word, the software used to prepare the brief.

/s/ *Dennis A. Whitaker*
Dennis A. Whitaker

Dated: August 14, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 14, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the Middle District of Pennsylvania by using the ECF system. Pursuant to LR 5.7, participants in the case who are registered ECF users will be served by the ECF system.

*/s/ Dennis A. Whitaker*