# Attachment 4



**Dennis A. Whitaker**
**(717) 236-1300 x226**
**dawhitaker@hmslegal.com**

**100 North Tenth Street, Harrisburg, PA 17101 Phone: 717.236.1300 Fax: 717.236.4841 www.hmslegal.com**

July 24, 2020

*Via email only*
dbrier@mbklaw.com

Daniel T. Brier, Esq,
Myers, Brier & Kelly LLP
425 Spruce St., Suite 200
Scranton, PA 18503

> **Subject:** *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC*, Docket No. 20-cv-292 (M.D. Pa.): Your July 22, 2020 letter re: Hawke McKeon & Sniscak LLP's privilege log filed with HMS' Motion for Protective Order and/or to Quash POM's Subpoena To Produce Documents Directed to HMS.

Dear Mr. Brier:

I am in receipt of your July 22, 2020 letter regarding Hawke McKeon & Sniscak LLP's (HMS) privilege log filed with HMS' Motion for Protective Order and/or to Quash Pace-O-Matic, Inc.'s (POM) Subpoena To Produce Documents related to the above referenced matter (POM/Eckert litigation) directed to HMS (HMS subpoena). You are aware of and are in receipt of: HMS' objections to the HMS subpoena addressed to attorney Walsh of your firm dated June 13, 2020; HMS' June 18, 2020 letter to Judge Wilson stating the same; and, HMS' Motion for Protective Order and/or to Quash the HMS subpoena filed on July 20, 2020. I will not repeat those objections here. Per Magistrate Judge Saporito's order, HMS filed a privilege log as part of the package supporting its Motion.

Your letter identifies five ways in which you assert that HMS' privilege log is "problematic and deficient." Your characterizations aside, HMS hereby responds to your assertions as follows:

Daniel T. Brier, Esq,
Myers, Brier & Kelly LLP
July 24, 2020
Page 2

1. **Assertion:** "The privilege log improperly groups numerous emails into a single entry." **Response:** The groupings accurately reflect that the identified group of lawyers was discussing the identified topic via a group email.  No further detail is needed.

2. **Assertion:** "There is no appropriate basis to withhold communications involving [Chief Deputy Attorney General Karen M.] Romano or any other third parties." **Response:** Emails with CDAG Romano were pursuant to a common litigation interest and therefore are covered by the asserted privileges. See HMS' Brief in Support of its Motion at 9, n. 3: Communications which form part of an "ongoing and joint effort to set up a common [litigation] strategy" are protected from disclosure. *Eisenberg v. Gagnon*, 766 F. 2d 770, 787 (3d. Cir.), *cert denied*, 474 U.S. 946 (1985): *Andritz Sprout-Bauer v. Beazer-East, Inc*., 174 F.R.D. 609 (M.D. Pa. 1997).

3. **Assertion:** "The privilege log does not include text messages . . . ." **Response:** Our oversight. There are some text messages, all of which are privileged.  An amended privilege log including those text messages is attached hereto.

4. **Assertion:** "The privilege log fails to identify additional communications [between HMS attorney Kevin J. McKeon and CDAG Romano] relating to [POM]."  **Response:** We have logged any emails from or to CDAG Romano which fit the criteria of the HMS subpoena and included them in the amended privilege log attached hereto. However, all such communications fall within HMS' privilege claim.

5. **Assertion:** "The privilege log does not identify HMS' internal communications regarding the [POM/Eckert litigation]. Please confirm there are no internal emails over which HMS is asserting privilege [regarding the POM/Eckert litigation]." **Response:** There are no internal HMS emails regarding the any potential or actual conflicts of interest between Eckert and POM.

Daniel T. Brier, Esq,
Myers, Brier & Kelly LLP
July 24, 2020
Page 3


The attached amended privilege log identifies text messages and identifies email communications with CDAG Romano which meet the parameters of the HMS subpoena, both as you requested. However, HMS asserts the same privileges to these communications as it did to those identified in the original log.

I will reiterate that HMS objects to the HMS Subpoena and requests that POM withdraw it for the reasons stated in the above referenced letters and in the pending motion. Given the dispute in progress between Eckert and POM in which POM seeks the same or similar privileged information, there is no reason for POM to burden HMS with the duty to respond to meritless subpoenas for information that is so obviously privileged and irrelevant to any of the claims in the POM/Eckert litigation. Obviously, should you seek further relief beyond your July 22, 2020 letter and pending Motion, HMS will respond in the appropriate measure.

Please contact me if you want to discuss this matter further.

Sincerely,

Dennis A. Whitaker

DAW/jld