IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                    :
                                       :
                    Plaintiff,         :
        v.                             :        Docket No. 1:20-cv-00292
                                       :
ECKERT SEAMANS CHERIN &                :
MELLOTT, LLC,                          :        (Judge Jennifer P. Wilson)
                                       :        (Judge Joseph F. Saporito, Jr.)
                    Defendant.         :
_____:

### REPLY MEMORANDUM OF DEFENDANT, ECKERT SEAMANS CHERIN & MELLOTT, LLC, IN FURTHER SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), through its counsel, Fox Rothschild LLP, hereby files this Reply Memorandum in further support of its Motion for Protective Order pursuant to Local Rule 7.7.

### OVERVIEW OF ARGUMENT

Plaintiff, Pace-O-Matic, Inc. ("POM"), sought an extension to respond to Eckert's pending Motion for Protective Order ("Eckert's Motion"). POM neither responded to nor answered Eckert's Motion. Instead, POM filed a "reply" to its own motion, but it never responded to Eckert's Motion or that of the motions of the third parties who were subpoenaed, Greenwood Gaming & Entertainment d/b/a Parx Casino ("Parx Casino") and its other counsel, Hawke McKeon, neither of whom are parties to this lawsuit. Notwithstanding that procedural deficiency, Eckert is entitled to a protective order.

1

Eckert will not belabor the issues raised in its opposition to POM's motion to compel.  Instead, Eckert seeks to clarify arguments made in Eckert's Motion, to respond to issues raised in POM's "reply," and to identify several key points for the Court in disposing of the various pending motions.

### The Attorney-Client Privilege and Confidentiality Apply.

**First**, POM has failed in any of its briefing to cite to a single case that supports its position that communications between Eckert and Parx Casino are not privileged or confidential simply because Eckert is not counsel of record in the actions filed by POM in the Commonwealth Court of Pennsylvania. POM also has failed to provide any legal support or authority for the proposition that the communications somehow fall outside the attorney-client privilege regardless.

While Eckert agrees that the issue of whether there is a conflict as between POM and Eckert is a separate legal one, it gives the Court no basis to invade Parx Casino's attorney-client privilege with Eckert or any of its other counsel.  They are two separate and distinct issues, and POM's attempt to confuse the two is not supported by any relevant authority.  Simply because POM believes that Parx Casino's privileged communications may be relevant or that they may support POM's claim in some way does not give the Court any basis to eviscerate the attorney-client privilege or client confidentiality of a different non-party.  There is simply no case law supporting such an untenable and potentially problematic position.

## Eckert Has Produced Non-Privileged, Relevant Communications

**Second**, Eckert has provided POM with non-privileged, third party communications involving POM's (and Parx Casino's) legal positions in Pennsylvania. POM has already made – and continues to make arguments (albeit legally insupportable ones) – based upon those non-privileged documents and positions that Eckert attorneys took in Pennsylvania on behalf of Parx Casino.  POM does not need to see, review or otherwise invade Parx Casino's confidential and attorney-client privileged communications in order to argue its position or make its point.  POM has whatever documents POM believes that it needs in order to assert its argument as to the purported conflict.  To the extent that POM seeks to argue, "that Eckert was advocating against POM while representing POM," it has such relevant documents with third parties which obviate the need to seek any confidential or privileged communications. Thus, not only would such an invasion of the attorney-client privilege be unprecedented, it would be inconsistent with POM's assertion of the same attorney-client privilege as to its own communications with former Eckert attorney, Thomas Lisk, and its current counsel.

## POM Fails to Address any Deficiencies with Eckert's Privilege Log.

**Third**, although POM lumps Eckert's privilege log in with the other logs provided as somehow deficient, POM fails to identify any specific problems or issues with the entries contained in Eckert's privilege log.  As POM has had more than sufficient time to do so, the Court should consider the issue waived as to Eckert's privilege log.

### **POM's Understanding of the Ethical Screen is Incorrect.**

**Fourth,** in a footnote, POM argues that Eckert's ethical screen is not a defense to POM's claims and/or that Eckert did not properly implement the ethical screen.  POM is wrong on both accounts, and its position evidences a lack of understanding about the purpose of the ethical screen.

Eckert's ethical screen was designed to separate communications and confidential information obtained by the Eckert attorneys representing POM in Virginia from those Eckert attorneys representing Parx Casino in Pennsylvania.  Eckert properly implemented the ethical screen, and the Eckert attorneys adhered to that ethical screen as demonstrated by the various declarations provided by those attorneys in opposition to POM's motion for preliminary injunction. As further support for the efficacy of the Eckert ethical screen, POM has produced no evidence that any of POM's confidential information was shared with anyone, including the Eckert attorneys representing Parx Casino in Pennsylvania.  That is precisely why Eckert implemented the ethical screen. Thus, the fact that Mr. Stewart was advocating for his client in Pennsylvania not does establish that he ever had access to or utilized POM's confidential information.  In fact, he did not, and POM's argument on this issue misses the point entirely.  The Court should disregard the argument.

## Eckert Did Not Put any Communications with Parx Casino at Issue

**Finally**, in a somewhat desperate attempt to justify its attempt to invade Parx Casino's attorney-client privilege and client confidentiality, POM argues that Eckert somehow put such communications and its own work product at issue.  POM's position on this issue is without merit.

Whether Eckert separately sought and obtained a conflict waiver from Parx Casino, again, has nothing to do with the actual communications between those attorneys and that other client in order to obtain that other client's informed consent.  It also has nothing to do with the penultimate question in this case, which is:  as between Eckert and POM, *whether POM agreed to the advanced conflict waiver and the representational limitation on Eckert's inability to represent POM in Pennsylvania*.  As such, Eckert put no attorney-client privileged or otherwise confidential information at issue in this case, and the Court should reject POM's argument on that point.

In addition, the affirmative defenses raised by Eckert in its reply brief relate only to POM and Eckert's representation of POM.  Such defenses do not in any way implicate Eckert's communications with and/or its separate representation of Parx Casino.  As such, this issue is nothing more than a red herring and provides the Court with no basis to invade Parx Casino's attorney-client privilege or Eckert's work product.

## CONCLUSION

For all of the foregoing reasons, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court enter its proposed form of Order granting Eckert's motion for protective order in its entirety and denying the motion to compel of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendant,**
**ECKERT SEAMANS CHERIN & MELLOTT,**
**LLC**

Date:   August 28, 2020

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                  :
                                     :
                  Plaintiff,         :
                                     :
        v.                           :       Docket No. 1:20-cv-00292
                                     :
ECKERT SEAMANS CHERIN &              :
MELLOTT, LLC,                        :       (Judge Jennifer P. Wilson)
                                     :       (Judge Joseph F. Saporito, Jr.)
                  Defendant.         :
_____:

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 28th day of August,

2020, I served a true and correct copy of the foregoing Reply Memorandum, via

ECF, upon the following:

> Daniel T. Brier, Esquire
> Myers, Brier & Kelly, LLP
> 425 Spruce Street, Suite 200
> Scranton, PA 18503
>
> **Counsel for Plaintiff**
> **PACE-O-MATIC, INC.**

_____
ROBERT S. TINTNER, ESQUIRE