IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PACE-O-MATIC, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **NO. 20-CV-292** |
| | : | |
| **v.** | : | **JUDGE WILSON** |
| | : | |
| **ECKERT, SEAMANS, CHERIN &** | : | **MAGISTRATE JUDGE SAPORITO** |
| **MELLOTT, LLC,** | : | |
| | : | **ELECTRONICALLY FILED** |
| **Defendant.** | : | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT
OF MOTION TO COMPEL DISCOVERY PURSUANT TO
FED. R. CIV. P. 37(a)(1) AND IN OPPOSITION TO MOTIONS
FOR PROTECTIVE ORDER FILED BY DEFENDANT AND
<u>RECIPIENTS OF THIRD-PARTY SUBPOENAS</u>[1]**

**<u>INTRODUCTION</u>**

The discrete categories of information sought—communications regarding

Defendant Eckert Seamans Cherin & Mellott, LLC's ("Eckert") advocacy against

---

[1]   Consistent with the June 25, 2020 Order (ECF No. 35), Plaintiff Pace-O-Matic, Inc.'s initial brief (ECF No. 51) and response brief (ECF No. 61) included arguments in support of POM's motion to compel and in opposition to the motions for protective order filed by Defendant Eckert Seamans Cherin & Mellott, LLC ("Eckert"), Hawke McKeon & Sniscak LLP ("Hawke McKeon") and Greenwood Gaming & Entertainment d/b/a Parx Casino ("Parx Casino").  This brief likewise addresses all motions consistent with our understanding of the June 25, 2020 Order and the discussion at the September 9, 2020 telephone conference.  Because the issues raised are either mirror images of each other or substantively identical, granting POM's motion to compel will moot the motions for protective order.

Plaintiff Pace-O-Matic, Inc. ("POM") in the pending Commonwealth Court litigation; communications regarding the purported conflict waiver that Eckert proffers as a defense; communications regarding Eckert's decision to withdraw from representing POM or this litigation; the total fees paid to Eckert; and relevant communications with government relations consultants—are not protected from disclosure by any privilege, are highly probative of Eckert's breach of fiduciary duty and are required to be produced.  Neither Eckert nor third parties Hawke McKeon & Sniscak LLP ("Hawke McKeon") or Greenwood Gaming & Entertainment d/b/a Parx Casino ("Parx Casino") cite to any authority or offer any evidence that might support a different conclusion.  To the contrary, the parties' and third-parties' submissions establish POM's entitlement to the communications and materials at issue.

## ARGUMENT

### A.    The privilege logs are insufficient and do not substantiate the claims of privilege.

In its response brief (ECF No. 61), POM detailed defects in the privilege logs produced by Eckert, Hawke McKeon and Parx Casino.  Those defects have not been remedied.  To the contrary, Eckert made a supplemental production on August 14, 2020 with an additional privilege log that suffers from the same defect.[2]

---

[2]  Copies of the privilege logs produced by Eckert on July 20, 2020 and August 14, 2020 are attached hereto as Exhibits "A" and "B," respectively.  The log

Eckert continues to improperly assert privilege over communications with government relations consultants for Parx Casino, including Richard Gmerek, Sean Schafer and Pete Shelly.  Eckert is withholding more than 300 responsive, non-privileged communications with these consultants.  Many of the communications at issue have subject lines that relate to news articles, editorials and meetings with government officials.  The attorney-client privilege does not apply to any of the withheld communications with third-party consultants.  *BouSamra v. Excela Health*, 210 A.3d 967, 985-86 (Pa. 2019).  Further, because such communications do not assist counsel in providing legal services, they are not entitled to protection under the federal work product doctrine.  *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1429 (3d Cir. 1991).  These communications, which Eckert identified as responsive to POM's written discovery requests, should be produced or, in the alternative, they should be provided to the Court for *in camera* review and evaluation of any privilege claim.  *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988).

> **B.     Communications relating to Eckert's involvement adverse to POM in the Commonwealth Court litigation are not privileged.**

Eckert's supplemental production of documents on August 14, 2020 provided even more proof that, while representing POM, Eckert encouraged and

---

attached as Exhibit A was inadvertently omitted from POM's brief filed on August 14, 2020 (ECF No. 61).

3

directed the Pennsylvania Office of Attorney General in opposing declaratory relief sought by POM in Commonwealth Court and that Eckert covertly choreographed and managed the representation of Parx Casino in relation to those actions.  For example:

- The Eckert firm, while representing POM, prepared an *amicus* brief which Hawke McKeon filed in the Commonwealth Court under the Hawke McKeon firm name advocating against POM's application for injunctive relief.  The Co-Chair of Eckert's Gaming Practice Group, Mark S. Stewart, sent a copy of what he referred to as "our amicus curiae brief" to the Office of Attorney General on December 18, 2019 with the following email:

> **From:** Mark S. Stewart [mailto:MStewart@eckertseamans.com]
> **Sent:** Wednesday, December 18, 2019 4:20 PM
> **To:** Romano, Karen M.
> **Subject:** Amici curiae brief
>
> Karen
>
> Hope you survived the crunch of the deadline.  Attached is a copy of our amici curiae brief that was filed in support of your position.
>
> Thanks and have a good holiday!
>
> **Mark Stewart, Esquire**
> **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
>
> 213 Market Street • 8th Floor • Harrisburg, PA 17101
> Direct (717) 237-7191 | Mobile (717) 579-7358
> mstewart@eckertseamans.com

The privilege log produced by Eckert reveals that Eckert is withholding additional emails with Hawke McKeon concerning

Eckert's drafting of the *amicus* brief, including an email to Kevin McKeon at Hawke McKeon at 2:55 am on December 18, 2019 with the "Draft brief" which was filed later that same day. (*See* Ex. B at p. 15.)

- The next day, December 19, 2019, in an email to, *inter alia*, Parx Casino's government relations consultants, Mr. Stewart excoriated the Office of Attorney General for failing to adopt the arguments that he had proposed in opposition to the position advanced by POM. He accused the Office of Attorney General of being "extremely obtuse or they actually want POM to win" in the following email exchange:

| | |
|---|---|
| **From:** | Mark S. Stewart |
| **To:** | Richard Gmerek; Ryan Skoczylas; Sean Schafer |
| **Subject:** | RE: WTF????? |
| **Date:** | Thursday, December 19, 2019 1:17:43 PM |

You nailed it. My assistant is in process of sending around. Cannot believe it. We gave them the full casino law firm letter. We spoke with them on the phone multiple times. We've been sending them emails explaining it since 11/20. They are either extremely obtuse or they actually want POM to win.

Mark Stewart, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

-----Original Message-----
From: Richard Gmerek <RGmerek@ggrgov.com>
Sent: Thursday, December 19, 2019 1:04 PM
To: Ryan Skoczylas <rskoczylas@pasen.gov>; Sean Schafer <sean@schafergovaffairs.com>
Subject: [External] Re: WTF?????

I'm paraphrasing what I've been told as I haven't read the brief,....but mark should know details

Please excuse brevity and typos as this message was likely dictated

> On Dec 19, 2019, at 1:01 PM, Richard Gmerek <RGmerek@ggrgov.com> wrote:
>
> Oh my God...Attorney General filed their brief today in Commonwealth Court and said that the court should apply the 51 to 49% test...(really?????)....but they should not grant the injunction because these machines are a different model (number) machine than the old ones in Beaver County... Are you freaking kidding me?
>
> Dick
>
>
> Please excuse brevity and typos as this message was likely dictated

5

Eckert continues to withhold other emails with the same government relations consultants for Parx Casino (Messrs. Gmerek and Schafer). (*See* Ex. B.)

- In an email to the Pennsylvania Office of Attorney General dated January 17, 2020, while Eckert was still representing POM, Mr. Stewart suggested that the Office of Attorney General "consider" asking the Commonwealth Court to "enjoin POM from bringing new machines into the state":

> **From:** Mark S. Stewart <MStewart@eckertseamans.com>
> **Sent:** Friday, January 17, 2020 3:04 PM
> **To:** Romano, Karen M. <kromano@attorneygeneral.gov>
> **Subject:** Idea
>
> Karen
>
> Had an idea. Can't take credit for it. But, if the court enjoins PSP from seizing them until the merits are decided, they should enjoin POM from bringing new machines into the state. The uncertainty is good for goose and gander. Not sure how it's raised, but something to consider.
>
> **Mark Stewart, Esquire**
> **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
>
> 213 Market Street • 8th Floor • Harrisburg, PA 17101
> Direct (717) 237-7191 | Mobile (717) 579-7358
> mstewart@eckertseamans.com

The privilege log provided by Eckert reveals that Eckert had follow-up communications (which it is withholding) between Mr. Stewart, Mr. McKeon and the government relations consultant, Mr. Gmerek, concerning Mr. Stewart's "idea" to bar POM—Eckert's own client—

from bringing new machines into the Commonwealth.  (*See* Ex. B at p. 19.)

- Despite Eckert's claim that it is "not representing parties in litigation adverse to POM," *see* Def.'s Mem. in Opp'n to Pl.'s Mot. for Prelim. Inj. (ECF No. 21) at 2, on January 26, 2020, Mr. Stewart sent to Hawke McKeon a draft application for intervetion and supporting brief which Hawke McKeon later filed on behalf of Parx Casino in the Commonwealth Court.  *See* January 26, 2020 email at 22:47 re: "Intervention petition and brief."  Eckert is withholding this and other communications which prove Eckert's involvement in the Commonwealth Court litigation.  (*See* Ex. B at p. 21.)

These are not the only communications evidencing Eckert's active involvement in litigation adverse to POM.  Eckert's privilege log confirms that Eckert personnel continued to participate in discussions with Hawke McKeon personnel and others concerning the Commonwealth Court litigation even after this action was filed. *See*, *e.g.*, April 6, 2020 email at 15:15 "RE: POM 503 MD 2018"; May 1, 2020 email at 17:12 "RE: POM cases next steps"; May 15, 2020 email at 16:12 "FW: POM – letter requesting status conference."  (*See* Ex. B at pp. 28-29.)

In papers filed in this Court, Hawke McKeon defined its role as "conflict counsel" for Parx Casino in the Commonwealth Court actions.  *See* Hawke

McKeon Mem. in Supp. of Mot. for Prot. Order (ECF No. 53) at 2.  But the privilege logs and limited productions to date reveal that Hawke McKeon served as the public face while Eckert drafted court filings, coordinated with the Office of Attorney General and directed Parx Casino's representation behind the scenes. The privilege logs confirm that, while representing POM, Eckert attached and provided as yet unknown documents and materials to Hawke McKeon at the time Hawke McKeon was retained— *see* Nov. 27, 2019 email at 14:13 re: "FW: Documents discussed on 10/31 Industry call"; Dec. 10, 2019 email at 9:24 re: "Draft of law firm letter"; *see* Dec. 11, 2019 email at 23:24 re: "Legal letter," (Ex. B at pp. 12-14)—and drafted and circulated to Hawke McKeon various drafts of the *amicus* brief and intervention application which Hawke McKeon later filed under its own signature—*see* Dec. 18, 2019 email at 2:55 re: "Draft brief"; Jan. 22, 2020 email at 16:28 re: "POM litigation—draft answer in opposition to POMs application to clarify/amend"; Jan. 23, 2020 email at 11:19 re: "POM Amici answer 20.01.23.docxr"; Jan. 26, 2020 at 22:47 re: "Intervention petition and brief"; February 4, 2020 at 12:05 re: "Revised Intervention Application"; Feb. 4, 2020 email at 12:53 re: "Revised Intervention Memorandum in Support.";  Feb. 4, 2020 at 16:21 re: "Emailing: POM INTERVENORS ANSWER TO POMS PETITION FOR REVIEW . . ."; Feb. 20, 2020 email at 11:05 re: "FW: Background information on POM issue."  (*See* Ex. B at pp. 15, 20-22, 25.)

8

These and other communications between Eckert and Hawke McKeon relating to the Commonwealth Court litigation are relevant to Eckert's conflict of interest and also to Eckert's proffered defense that it has no conflict because it does not represent a party adverse to POM in litigation. Eckert's overt and covert advocacy against POM simply cannot be squared with its assertion that it "is not counsel in any litigation where POM is an adverse party." Def.'s Answer & Affirm. Defenses (ECF No. 9) at Seventeenth Defense. Having denied serving as counsel for Parx Casino in relation to the Commonwealth Court actions and thereby placing its involvement in that litigation squarely at issue, Eckert cannot invoke privilege to hide its conduct and avoid making relevant discovery. Eckert simply cannot have it both ways.

Communications between Eckert and Hawke McKeon relating to the Commonwealth Court cases should be produced.

### C.  Communications between Eckert and Parx Casino concerning any alleged conflict waiver are not protected by any privilege.

Eckert has already disclosed to POM certain communications it had with Parx Casino regarding the issue of a conflict. In furtherance of its defense, Eckert strategically and selectively produced internal Eckert email communications referencing discussions with Parx Casino in 2017 relating to POM's request for representation. *See*, *e.g.*, Jan. 25, 2017 email at 4:29 pm ("they [*i.e.* Parx Casino] are still interested in us being able to represent them down there [i.e. Virginia]");

9

Feb. 1, 2017 email at 4:13 pm ("It is looking like we will definitely be affirmatively going after this industry in PA, so the waiver language is important."); Feb. 10, 2017 email at 1:43 pm ("There will be adverse legislative action and potential litigation against them [i.e. POM].").[3]  Having claimed an advance waiver which requires informed consent of *both* parties, and having selectively and partially disclosed its communications with Parx Casino, Eckert cannot withhold other communications on the same subject.[4]

> **D.    Communications between Eckert and Parx Casino concerning this action and Eckert's decision to withdraw from representing POM are not protected by any privilege.**

The privilege log produced by Eckert confirms that Eckert is withholding communications with Parx Casino concerning the filing of this action.  *See*, *e.g.*, February 21, 2020 email at 19:56 "RE: [External] POM v. ESCM"; Feb. 21, 2020 email at 20:12 (same subject).  (*See* Ex. B at p. 26.)  Communications concerning this lawsuit do not implicate legal advice to Parx Casino.  Therefore, these

---

[3]  The referenced emails are attached to Eckert's Mem. in Opp'n to Pl.'s Mot. for Prelim. Inj. as Exhibit D (ECF No. 21-5).  Thomas A. Lisk confirmed in his deposition on September 1, 2020 that he did not disclose Parx Casino's plans to POM because he did not believe he was permitted to do so.

[4]  This may include the February 14, 2017 email communication at 15:34 from Jennifer Skoff, who is believed to be a member of Eckert's support staff, and Parx Casino personnel and government affairs consultants concerning "Games of Skill." *See* Ex. B at p. 1.  This document and the other documents referenced herein should be provided to the Court for *in camera* evaluation of the privilege claims.

communications and any other communications concerning this litigation or Eckert's decision to withdraw from representing POM are discoverable and should be produced.

### E.   The fees billed to Parx Casino are relevant and discoverable.

Eckert contends that the fees it collected from Parx Casino are not discoverable notwithstanding the settled law that a law firm cannot drop one client like a "hot potato" to avoid a conflict with another, "more remunerative client." *Int'l Longshoremen's Ass'n, Local Union 1332 v. Int'l Longshoremen's Ass'n*, 909 F. Supp. 287, 293 (E.D. Pa. 1995). Eckert does not and cannot argue that the fees billed are privileged, but rather argues that the fees charged are not relevant. This argument is not well taken. Eckert's bills are relevant both to its involvement in the Commonwealth Court litigation and to its breach of fiduciary duty in dropping POM like a "hot potato." The requested fee information should be produced, or at a minimum, provided to the Court for *in camera* review to allow the Court to identify Eckert's billings to Parx Casino that relate to Eckert's involvement in the Commonwealth Court matter or, more generally, Eckert's adversity to POM.

### CONCLUSION

For the reasons set forth above and in its earlier briefs (ECF Nos. 51 and 61), POM's motion to compel should be granted and the motions for protective order filed by Eckert, Parx Casino and Hawke McKeon should be denied. Eckert, Parx

Casino and Hawke McKeon should be compelled to produce:  (1) all responsive communications on any privilege log between Eckert and government relations consultants for Parx Casino;  (2) all communications between Eckert and Hawke McKeon concerning the Commonwealth Court litigation; (3) all communications between Eckert and Parx Casino concerning any conflict of interest between POM and Parx Casino or any alleged advance conflict waiver; (4) all communications between Eckert and Parx Casino concerning this litigation or Eckert's decision to withdraw from representing POM; and (5) the fees paid to Eckert by Parx Casino.

Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier
Donna A. Walsh

Attorneys for Plaintiff,
Pace-O-Matic, Inc.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Dated:  September 16, 2020

12

## CERTIFICATE OF SERVICE

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing

Supplemental Memorandum was served upon the following counsel of record via

the Court's ECF filing system on this 16th day of September 2020:

Abraham C. Reich, Esquire
Robert S. Tintner, Esquire
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA  19103-3291

/s/ Daniel T. Brier
Daniel T. Brier