# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,    :
          :
   Plaintiff    : No. 1:20-cv-00292
          :
  v.       : (Judge Jennifer P. Wilson)
          : (Magistrate Judge Joseph F. Saporito,
ECKERT SEAMANS CHERIN   : Jr.)
MELLOTT, LLC,    :
          :
   Defendant.  : Electronically Filed Document

## REPLY BRIEF OF HAWKE MCKEON & SNISCAK LLP
## TO PACE-O-MATIC'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
## MOTION TO COMPEL DISCOVERY AND IN OPPOSITION TO
## MOTIONS FOR PROTECTIVE ORDERS

Hawke McKeon & Sniscak LLP (HMS) submits this reply brief in opposition to Plaintiff Pace-O-Matic, Inc's (POM) Motion to Compel Discovery as it relates to the third party subpoena for documents served upon HMS (HMS subpoena) by POM in the above-captioned matter.

## I. Introduction and Summary

HMS is constrained to file yet another brief (previously filed briefs are Doc. Nos. 53 and 62) in opposition to POM's Ahab-esque fishing expedition aimed at obtaining the same documents from third parties HMS and Parx that POM seeks from Defendant Eckert. HMS is not involved whatsoever in the dispute between POM and Eckert in the above-captioned matter (POM/Eckert litigation).

Nonetheless HMS now finds itself before this Court defending against a subpoena that seeks the same information POM seeks from Eckert and which *on its face* seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, or both.

HMS earlier arguments against POM's subpoena remain salient. Given the Eckert/POM litigation in which POM seeks the same or similar privileged information, there is no reason for POM to seek the same information from HMS. As is obvious from its face, POM's HMS subpoena seeks documents wholly unrelated to the POM/Eckert litigation; rather, it seeks attorney communications and work product related to litigation POM initiated in the Commonwealth Court of Pennsylvania that POM could never obtain through discovery in the Commonwealth Court litigation itself. *As such, it is reasonable to conclude that,* aside from punishing HMS for becoming involved in POM's Commonwealth Court cases*, the HMS subpoena was issued with the apparent intent to unfairly advantage POM in those cases*. Despite POM's multiple filings, nothing has changed to make the HMS subpoena any more viable. However, as detailed below, recent filings by POM in the Commonwealth Court cases make what then was suspected and covert now confirmed and overt.

This Court should end POM's fishing expedition and issue a protective order and/or quash the HMS subpoena.

## II. Argument

### A. This court should issue a protective order and/or quash the HMS subpoena where POM's latest Commonwealth Court filings confirm that the HMS subpoena is aimed at unfairly advantaging POM in those matters.

As detailed previously in HMS' brief in support of its motion for protective order and/or to quash (doc 53), POM initiated litigation in Commonwealth Court against the Pennsylvania Department of Revenue and the City of Philadelphia (Docket No. 418 MD 2018) and against the Pennsylvania State Police, Bureau of Liquor Control Enforcement (Docket No. 502 MD 2018) seeking declarations concerning the legal status of its so called "skill games" and preliminary injunctive relief, which litigation is active and ongoing (Commonwealth Court cases).

HMS represents Parx in the Commonwealth Court cases.[1] Eckert is Parx's usual counsel, but HMS has appeared for the Parx companies on a number of occasions, particularly in Pennsylvania's Commonwealth Court and Supreme Court.[2] HMS filed an amicus brief on behalf of Parx and other Pennsylvania casinos

---

[1] The docket sheets from those matters are before this court as documents 62-1 and 62-2.

[2] *See, e.g., SugarHouse HSP Gaming, L.P. v. Pennsylvania Gaming Control Board*, 162 A.3d 353 (Pa. 2017); *SugarHouse HSP Gaming, LP v. Pennsylvania Gaming Control Bd.*, 136 A.3d 457 (Pa. 2016); *Greenwood Gaming and Entertainment, Inc. v. Com., Dept. of Revenue,* 90 A.3d 699 (Pa. 2014); *Greenwood Gaming and Entertainment, Inc. v. Pennsylvania Gaming Control Bd.*, 2013 WL 3984742 (Pa. Cmwlth. 2013) (unreported); *Bensalem Racing Ass'n v. Pa. State Harness Racing*

opposing POM's request for preliminary injunction in No. 502 MD 2018, and presently has pending requests on behalf of an expanded group of licensed casino operators of legal gaming devices to intervene in both Commonwealth Court cases.

The court will recall that POM's HMS Subpoena commands HMS to produce: (1) any document that reflects communications between HMS and Eckert *relating to the Commonwealth Court cases*; (2) any document HMS received from Eckert for use or reference *relating to the Commonwealth Court cases*; (3) any communications between HMS attorney Kevin J. McKeon or any other HMS employee and any person at Eckert *relating to* either *the Commonwealth Court cases* or the POM/Eckert litigation; and (4) any communications or documents relating to any potential or actual conflict between Eckert and POM.

POM, through its counsel in the Commonwealth Court cases, filed on September 22, 2020 identical applications for leave to file a supplemental brief in opposition to the intervention petitions. POM attached its proposed brief to each application. In each of those identical briefs, POM states in footnote 3:

> *POM anticipates the filing of a motion to disqualify the Casinos' counsel, Hawke McKeon & Sniscak LLP. The facts underlying the motion are the subject of an ongoing lawsuit and set forth in the attached brief filed therein. Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellot, LLC*, 1:20-cv-00292 (M.D.Pa.) (Doc. No. 70) (Supplemental Brief in Further Support of Motion to

*Comm'n*, 19 A.3d 549 (Pa. Cmwlth. 2011); *Greenwood Gaming and Entertainment, Inc. v. Pennsylvania Gaming Control Bd.*, 15 A.3d 884 (Pa. 2011).

> Compel) (attached hereto as Exhibit 6). Due to the undersigned's representation of Eckert, Seamans, Cherin & Mellot, LLC in a separate, unrelated matter, the motion to disqualify would be filed by a different law firm.

(emphasis added). POM attached its Supplemental Brief in this matter filed on September 16 (referenced as Doc. 70) as an exhibit to its Commonwealth Court filings.[3] As stated above, that which was suspected and covert now is confirmed and overt.

As correctly pointed out by Parx in its Reply to POM's supplemental brief (Br. at 3-5), this court may limit discovery if the requesting party is using the federal proceeding to obtain documents for use in another proceeding, *citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352–53 & n.17 (1978) ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."), and other cases. HMS will not repeat here what Parx ably argues in its brief, and hereby joins Parx in asserting that POM's latest Commonwealth Court filings are alone a basis for this court to deny POM's requested discovery and to issue a protective order and/or quash the HMS subpoena.

---

[3] Those filings are appended hereto as Attachments 1 and 2.

B. **The work-product doctrine protects documents identified in HMS' privilege log regardless of whether those documents were shared with non-third-party government relations consultants.**

POM continues to assert that certain documents identified in Eckert's and HMS' privilege logs are not protected by either the attorney client privilege or the work product doctrine because they were shared with government relations consultants, citing *BouSamra v. Excela Health*, 210 A.3d 967 (Pa. 2019). POM then asserts without authority that the federal work product doctrine also does not apply. POM is wrong on both counts.

As to attorney client privilege, Eckert ably addresses this issue in its brief and HMS hereby joins and will not repeat Eckert's arguments.

As to work product privilege, POM is likewise incorrect. In *BouSamra*, the Pennsylvania Supreme Court held that the work product privilege would only be waived when the materials are shared with an adversary or disclosed in a manner that significantly increases the likelihood that an adversary or anticipated adversary will obtain it.[4] That certainly is not the case here – the emails were shared with government relations attorneys who are part of Parx Casino's team.

---

[4] See *BouSamra*, 210 A.3d at 969: *How Pa. High Court Ruling Makes Life Easier For Corp. Clients*, Law360, *available at* https://www.law360.com/personal-injury-medical-malpractice/articles/1174338/how-pa-high-court-ruling-makes-life-easier-for-corp-clients (July 1, 2019).

POM's citation to the federal work product doctrine is no more availing. Disclosure to third parties similarly results in a waiver only where it substantially increases the opportunity for potential adversaries to obtain the information. *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1428 (3rd Cir. 1991). Again, given the facts as outlined by Eckert, that circumstance does not apply here.

## III.    Conclusion

WHEREFORE, for the aforestated reasons, this Court should enter a protective order relieving HMS of the burden and duty of responding to meritless subpoenas for information that is so obviously privileged and irrelevant to any of the claims in the POM/Eckert litigation order and/or enter an order quashing the HMS subpoena where: 1) POM is using this proceeding to obtain documents for use in the Commonwealth Court cases; 2) all of the document requests in the HMS Subpoena are immune from production under the attorney client privilege and/or the attorney work product doctrine; and, 3) the subpoena presents an undue burden on HMS.

Respectfully submitted,

*/s/ Dennis A. Whitaker*

Dennis A. Whitaker, I.D. #53975
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA  17101
(717) 236-1300
(717) 236-4841
dawhitaker@hmslegal.com

*Counsel for Hawke McKeon & Sniscak LLP*

Dated: September 25, 2020

8

## CERTIFICATION OF COUNSEL

The undersigned certifies, subject to Fed. R. Civ. P. 11, that the foregoing brief contains 1448 words and, therefore, complies with the word-count limit set forth by local rule 7.8(b). This certification is based upon the word count feature of Microsoft Word, the software used to prepare the  brief.

/s/ *Dennis A. Whitaker*
Dennis A. Whitaker

Dated: September 25, 2020

# Attachment 1

Received 9/22/2020 2:52:55 PM Commonwealth Court of Pennsylvania

Filed 9/22/2020 2:52:00 PM Commonwealth Court of Pennsylvania
418 MD 2018

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| POM OF PENNSYLVANIA, LLC, | : | |
| *Petitioner,* | : | |
| v. | : | No. 418 MD 2018 |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE, *et al.*, | : | |
| *Respondents.* | : | |

**PETITIONER POM OF PENNSYLVANIA, LLC'S APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO GREENWOOD GAMING AND ENTERTAINMENT, INC., DOWNS RACING, L.P., MOUNTANVIEW THOROUGHBRED RACING ASSOCIATION, LLC, WASHINGTON TROTTING ASSOCIATION, LLC, STADIUM CASINO, LLC, CHESTER DOWNS AND MARINA, LLC, AND WIND CREEK BETHLEHEM, LLC'S <u>APPLICATION FOR LEAVE TO INTERVENE</u>**

Petitioner, POM of Pennsylvania, LLC ("POM") files this

application for leave to file a supplemental brief in opposition to

Greenwood Gaming and Entertainment, Inc., Downs Racing, L.P.,

Mountainview Thoroughbred Racing Association, LLC, Washington

Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and

Marina, LLC, and Wind Creek Bethlehem, LLC's (collectively, the

"Casinos") Application for Leave to Intervene (the "Application").

1

The proposed supplemental brief, attached hereto as Exhibit A, is necessitated by POM's recent receipt of written correspondence between the Casinos and the Commonwealth, showing extensive coordination and collaboration and refuting the Casinos' argument that its purported interests in this matter are inadequately represented by the Commonwealth.  *See* Rule 2329(2).

Accordingly, POM respectfully requests that the Court grant this application and consider the supplemental brief attached hereto.

Respectfully submitted,

Dated:  September 22, 2020

*/s/ Matthew H. Haverstick*
Matthew H. Haverstick (No. 85072)
Paul G. Gagne (No. 42009)
Shohin H. Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email:  mhaverstick@kleinbard.com
        pgagne@kleinbard.com
        svance@kleinbard.com

2

# EXHIBIT A

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

_____

## No. 418 MD 2018

_____

POM OF PENNSYLVANIA, LLC,

*Petitioner*,

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF
REVENUE, and CITY OF PHILADELPHIA,

*Respondents*.

_____

**PETITIONER POM OF PENNSYLVANIA, LLC'S
SUPPLEMENTAL BRIEF IN OPPOSITION TO
GREENWOOD GAMING AND ENTERTAINMENT, INC., DOWNS
RACING, L.P., MOUNTANVIEW THOROUGHBRED RACING
ASSOCIATION, LLC, WASHINGTON TROTTING ASSOCIATION,
LLC, STADIUM CASINO, LLC, CHESTER DOWNS AND
MARINA, LLC, AND WIND CREEK BETHLEHEM, LLC'S
APPLICATION FOR LEAVE TO INTERVENE**

_____

Matthew H. Haverstick (No. 85072)
Paul G. Gagne (No. 42009)
Shohin H. Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email:  mhaverstick@kleinbard.com
        pgagne@kleinbard.com
        svance@kleinbard.com
*Attorneys for Petitioner
POM of Pennsylvania, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................................................ii

I.   INTRODUCTION ...........................................................................1

II.  THE CASINOS' PURPORTED INTERESTS ARE ALIGNED WITH THOSE OF RESPONDENTS AND THEIR LITIGATION EFFORTS ARE COORDINATED..............................................2

III. CONCLUSION ..............................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Cherry Valley Assocs. v. Stroud Twp. Bd. of Supervisors*, 530 A.2d 1039
(Pa. Cmwlth. 1987)...............................................................................3

**Rules**

Pa.R.C.P. 2327.......................................................................................1

Pa.R.C.P. 2329................................................................................. 1, 4

## I.   <u>INTRODUCTION</u>

Petitioner POM of Pennsylvania, LLC ("POM"), through its undersigned counsel, hereby submits this Supplemental Brief in Opposition to Greenwood Gaming and Entertainment, Inc., Downs Racing, L.P., Mountainview Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC, and Wind Creek Bethlehem, LLC's (collectively, the "Casinos") Application for Leave to Intervene (the "Application").

The purpose of this brief is to bring to the Court's attention certain recently acquired evidence that supports denial of the Application.  Specifically, the Casinos and the Respondents, through their respective counsel, have engaged in coordinated and collaborative litigation efforts related to this case, thus removing any doubt as to whether the Casinos' purported interest in this litigation is already adequately represented by existing parties.  Accordingly, even if the Casinos could meet the requirements of Rule 2327—which they cannot—the Application should be denied under Rule 2329(2).

## II.    THE CASINOS' PURPORTED INTERESTS ARE ALIGNED WITH THOSE OF RESPONDENTS AND THEIR LITIGATION EFFORTS ARE COORDINATED.

The Casinos do not cite a single case in support of their assertion that their purported interests in this action are inadequately represented by existing parties. Instead, they state, in conclusory fashion, that the Commonwealth will not adequately represent the interests of the Casinos because "[t]he Commonwealth has an extensive array of legal and policy interests to balance in its enforcement of the Crimes Code vis-a-vis policing illegal activities occurring outside the purview of the Gaming Act." (Casinos' Application for Leave to Intervene, at ¶¶ 33-34.) This baseless assertion misses the mark completely.

Despite the Casinos' attempts to reframe the issues and this action, this is not a licensing proceeding under the Gaming Act. The only issue remaining in this action is whether the Skill Games are legal under the Crimes Code.[1] The Casinos have offered nothing to suggest

---

[1] The Casinos' efforts to distinguish between their purported private interests and the Commonwealth's public interests are misplaced. The Skill Games' legality is a legal question that neither involves discretion nor permits consideration of private interests; either the Skill Games are legal or they are not. This action simply is not a proper forum for the Casinos to assert their purported private interests. *C.f. Cherry Valley Assocs. v. Stroud Twp. Bd. of Supervisors*, 530 A.2d

2

that the Commonwealth is unable or unwilling to enforce its own laws or otherwise capably litigate this action.  To the extent the Casinos claim an interest in defeating POM's Petition for Review, those interests are aligned with those of the Commonwealth.

The Casinos' only complaint concerning the Commonwealth's representation is that it has not yet adopted, verbatim, their statutory construction argument under Section 5513 of the Crimes Code. (*See* Casinos' Mem. in Supp. of Application for Leave to Intervene, at p. 11.) This argument, however, does not impugn the adequacy of the Commonwealth's representation.

Recently acquired email correspondence shows that the Casinos are actively collaborating with the Commonwealth, exchanging ideas and coordinating strategies.[2]  Indeed, in November 2019, the Casinos

---

1039, 1041 (Pa. Cmwlth. 1987) (denying intervention application of residents and landowners in appeal of conditional use permit decision because only public interests were relevant and those interests were adequately represented by township board of supervisors).

[2] (*See, e.g.*, December 18, 2019 email from Mark Stewart (Casino Counsel) to Gregory Schwab (Commonwealth General Counsel) Chain (attached hereto as Exhibit 1)(referencing meeting between the Casinos and OAG's office and the Governor and attaching written legal analysis for use by the Commonwealth); January 13, 2020 Email Chain (attached hereto as Exhibit 2) (coordinating opposition to POM's injunction application); January 17, 2020 Email (attached hereto as Exhibit 3) (same); January 29, 2020 Email Chain (attached hereto as Exhibit 4) (coordinating opposition to POM Application to Clarify/Amend).)

conveyed their statutory construction argument to the Commonwealth. (*See* November 22, 2019 Email (attached hereto as Exhibit 5).)  In response, the Commonwealth noted weaknesses in the Casinos' analysis.  (*See id.*)  Thus, the Commonwealth's failure to adopt the Casinos' specific argument is **not** evidence of diverging interests or inadequate representation; it is proof of competent representation.[3]

In summary, the Casinos' attacks as to the adequacy of the Commonwealth's representation are belied by the fact that the Casinos have actively coordinated and collaborated with the Commonwealth to date.[4]  Accordingly, the Application should be denied under Rule 2329(2).

---

[3] POM anticipates the filing of a motion to disqualify the Casinos' counsel, Hawke McKeon & Sniscak LLP.  The facts underlying the motion are the subject of an ongoing lawsuit and set forth in the attached brief filed therein. *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellot, LLC*, 1:20-cv-00292 (M.D.Pa.) (Doc. No. 70) (Supplemental Brief in Further Support of Motion to Compel) (attached hereto as Exhibit 6).  Due to the undersigned's representation of Eckert, Seamans, Cherin & Mellot, LLC in a separate, unrelated matter, the motion to disqualify would be filed by a different law firm.

[4] To the extent the Casinos are dissatisfied with the Commonwealth's decision to assert legal arguments that are different from—yet entirely consistent with—their own, the Casinos showed that intervention is unnecessary. The Casinos filed an *amicus* brief containing the very arguments that they wanted the Commonwealth to assert.  (*See* Casinos' Mem. in Supp. of Application for Leave to Intervene, at n. 4 (referencing *amicus* brief filed on December 18, 2019 at Docket No. 503 MD 2018.)  Having filed that *amicus* brief prior to seeking intervention, they cannot credibly claim that intervention is now necessary to protect their

## III.   <u>CONCLUSION</u>

For the foregoing reasons and the reasons set forth in its opposition brief, POM respectfully requests that this Court enter an order denying the Casinos' Application.

Respectfully submitted,

Dated:  September 22, 2020        */s/ Matthew H. Haverstick*
Matthew H. Haverstick (No. 85072)
Paul G. Gagne (No. 42009)
Shohin H. Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email:   mhaverstick@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

*Attorneys for Petitioner POM of Pennsylvania, LLC*

---

purported interests.

5

# Attachment 2

Received 9/22/2020 2:30:42 PM Commonwealth Court of Pennsylvania

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| POM OF PENNSYLVANIA, LLC | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | No. 503 MD 2018 |
| | : | |
| PENNSYLVANIA STATE POLICE, | : | |
| BUREAU OF LIQUOR CONTROL | : | |
| ENFORCEMENT, | : | |
| *Respondent.* | : | |

**PETITIONER POM OF PENNSYLVANIA, LLC'S APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO GREENWOOD GAMING AND ENTERTAINMENT, INC., DOWNS RACING, L.P., MOUNTANVIEW THOROUGHBRED RACING ASSOCIATION, LLC, WASHINGTON TROTTING ASSOCIATION, LLC, STADIUM CASINO, LLC, CHESTER DOWNS AND MARINA, LLC, AND WIND CREEK BETHLEHEM, LLC'S <u>APPLICATION FOR LEAVE TO INTERVENE</u>**

Petitioner, POM of Pennsylvania, LLC ("POM") files this application for leave to file a supplemental brief in opposition to Greenwood Gaming and Entertainment, Inc., Downs Racing, L.P., Mountainview Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC, and Wind Creek Bethlehem, LLC's (collectively, the "Casinos") Application for Leave to Intervene (the "Application").

1

The proposed supplemental brief, attached hereto as Exhibit A, is necessitated by POM's recent receipt of written correspondence between the Casinos and the Commonwealth, showing extensive coordination and collaboration and refuting the Casinos' argument that its purported interests in this matter are inadequately represented by the Commonwealth. *See* Rule 2329(2).

Accordingly, POM respectfully requests that the Court grant this application and consider the supplemental brief attached hereto.

Respectfully submitted,

Dated:  September 22, 2020      */s/ Matthew H. Haverstick*
Matthew H. Haverstick (No. 85072)
Paul G. Gagne (No. 42009)
Shohin H. Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email:  mhaverstick@kleinbard.com
        pgagne@kleinbard.com
        svance@kleinbard.com

2

# EXHIBIT A

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

---

No. 503 MD 2018

---

POM OF PENNSYLVANIA, LLC,

*Petitioner,*

v.

PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT,

*Respondent.*

---

## PETITIONER POM OF PENNSYLVANIA, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO GREENWOOD GAMING AND ENTERTAINMENT, INC., DOWNS RACING, L.P., MOUNTANVIEW THOROUGHBRED RACING ASSOCIATION, LLC, WASHINGTON TROTTING ASSOCIATION, LLC, STADIUM CASINO, LLC, CHESTER DOWNS AND MARINA, LLC, AND WIND CREEK BETHLEHEM, LLC'S APPLICATION FOR LEAVE TO INTERVENE

---

Matthew H. Haverstick (No. 85072)
Paul G. Gagne (No. 42009)
Shohin H. Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email:  mhaverstick@kleinbard.com
        pgagne@kleinbard.com
        svance@kleinbard.com
*Attorneys for Petitioner*
*POM of Pennsylvania, LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................ii

I.  INTRODUCTION ........................................................................ 1

II.  THE CASINOS' PURPORTED INTERESTS ARE ALIGNED
WITH THOSE OF RESPONDENTS AND THEIR LITIGATION
EFFORTS ARE COORDINATED..............................................2

III. CONCLUSION ...........................................................................5

i

# TABLE OF AUTHORITIES

**Cases**

*Cherry Valley Assocs. v. Stroud Twp. Bd. of Supervisors*, 530 A.2d 1039 (Pa. Cmwlth. 1987)..............................................................................3

**Rules**

Pa.R.C.P. 2327.............................................................................................1

Pa.R.C.P. 2329..........................................................................................1, 4

{01981560;v1 }

ii

## I.    <u>INTRODUCTION</u>

Petitioner POM of Pennsylvania, LLC ("POM"), through its undersigned counsel, hereby submits this Supplemental Brief in Opposition to Greenwood Gaming and Entertainment, Inc., Downs Racing, L.P., Mountainview Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC, and Wind Creek Bethlehem, LLC's (collectively, the "Casinos") Application for Leave to Intervene (the "Application").

The purpose of this brief is to bring to the Court's attention certain recently acquired evidence that supports denial of the Application. Specifically, the Casinos and the Respondents, through their respective counsel, have engaged in coordinated and collaborative litigation efforts related to this case, thus removing any doubt as to whether the Casinos' purported interest in this litigation is already adequately represented by existing parties. Accordingly, even if the Casinos could meet the requirements of Rule 2327—which they cannot—the Application should be denied under Rule 2329(2).

1

## II. THE CASINOS' PURPORTED INTERESTS ARE ALIGNED WITH THOSE OF RESPONDENTS AND THEIR LITIGATION EFFORTS ARE COORDINATED.

The Casinos do not cite a single case in support of their assertion that their purported interests in this action are inadequately represented by existing parties. Instead, they state, in conclusory fashion, that the Commonwealth will not adequately represent the interests of the Casinos because "[t]he Commonwealth has an extensive array of legal and policy interests to balance in its enforcement of the Crimes Code vis-a-vis policing illegal activities occurring outside the purview of the Gaming Act." (Casinos' Application for Leave to Intervene, at ¶¶ 33-34.) This baseless assertion misses the mark completely.

Despite the Casinos' attempts to reframe the issues and this action, this is not a licensing proceeding under the Gaming Act. The only issue remaining in this action is whether the Skill Games are legal under the Crimes Code.[1] The Casinos have offered nothing to suggest

---

[1] The Casinos' efforts to distinguish between their purported private interests and the Commonwealth's public interests are misplaced. The Skill Games' legality is a legal question that neither involves discretion nor permits consideration of private interests; either the Skill Games are legal or they are not. This action simply is not a proper forum for the Casinos to assert their purported private interests. *C.f. Cherry Valley Assocs. v. Stroud Twp. Bd. of Supervisors*, 530 A.2d

2

that the Commonwealth is unable or unwilling to enforce its own laws or otherwise capably litigate this action.  To the extent the Casinos claim an interest in defeating POM's Petition for Review, those interests are aligned with those of the Commonwealth.

The Casinos' only complaint concerning the Commonwealth's representation is that it has not yet adopted, verbatim, their statutory construction argument under Section 5513 of the Crimes Code. (*See* Casinos' Mem. in Supp. of Application for Leave to Intervene, at p. 11.) This argument, however, does not impugn the adequacy of the Commonwealth's representation.

Recently acquired email correspondence shows that the Casinos are actively collaborating with the Commonwealth, exchanging ideas and coordinating strategies.[2]  Indeed, in November 2019, the Casinos

_____

1039, 1041 (Pa. Cmwlth. 1987) (denying intervention application of residents and landowners in appeal of conditional use permit decision because only public interests were relevant and those interests were adequately represented by township board of supervisors).

[2] (*See, e.g.*, December 18, 2019 email from Mark Stewart (Casino Counsel) to Gregory Schwab (Commonwealth General Counsel) Chain (attached hereto as Exhibit 1)(referencing meeting between the Casinos and OAG's office and the Governor and attaching written legal analysis for use by the Commonwealth); January 13, 2020 Email Chain (attached hereto as Exhibit 2) (coordinating opposition to POM's injunction application); January 17, 2020 Email (attached hereto as Exhibit 3) (same); January 29, 2020 Email Chain (attached hereto as Exhibit 4) (coordinating opposition to POM Application to Clarify/Amend).)

3

conveyed their statutory construction argument to the Commonwealth. (*See* November 22, 2019 Email (attached hereto as Exhibit 5).)  In response, the Commonwealth noted weaknesses in the Casinos' analysis.  (*See id.*)  Thus, the Commonwealth's failure to adopt the Casinos' specific argument is **not** evidence of diverging interests or inadequate representation; it is proof of competent representation.[3]

In summary, the Casinos' attacks as to the adequacy of the Commonwealth's representation are belied by the fact that the Casinos have actively coordinated and collaborated with the Commonwealth to date.[4]  Accordingly, the Application should be denied under Rule 2329(2).

---

[3] POM anticipates the filing of a motion to disqualify the Casinos' counsel, Hawke McKeon & Sniscak LLP.  The facts underlying the motion are the subject of an ongoing lawsuit and set forth in the attached brief filed therein. *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellot, LLC*, 1:20-cv-00292 (M.D.Pa.) (Doc. No. 70) (Supplemental Brief in Further Support of Motion to Compel) (attached hereto as Exhibit 6).  Due to the undersigned's representation of Eckert, Seamans, Cherin & Mellot, LLC in a separate, unrelated matter, the motion to disqualify would be filed by a different law firm.

[4] To the extent the Casinos are dissatisfied with the Commonwealth's decision to assert legal arguments that are different from—yet entirely consistent with—their own, the Casinos showed that intervention is unnecessary. The Casinos filed an *amicus* brief containing the very arguments that they wanted the Commonwealth to assert.  (*See Amicus* Brief filed on December 18, 2019; Casinos' Mem. in Supp. of Application for Leave to Intervene, at n. 3 (referencing *amicus* brief).)  Having filed that *amicus* brief prior to seeking intervention, they cannot credibly claim that intervention is now necessary to protect their purported

4

## III.   <u>CONCLUSION</u>

For the foregoing reasons and the reasons set forth in its opposition brief, POM respectfully requests that this Court enter an order denying the Casinos' Application.

Respectfully submitted,

Dated:  September 22, 2020       */s/ Matthew H. Haverstick*
Matthew H. Haverstick (No. 85072)
Paul G. Gagne (No. 42009)
Shohin H. Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email:   mhaverstick@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

*Attorneys for Petitioner POM of
Pennsylvania, LLC*

---

interests.

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 25, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the Middle District of Pennsylvania by using the ECF system. Pursuant to LR 5.7, participants in the case who are registered ECF users will be served by the ECF system.

*/s/ Dennis A. Whitaker*