# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC.      )
                             )
         *Plaintiff,*   ) [ELECTRONICALLY FILED]
                             )
        *vs.*       ) Docket No. 20-292
                             )
ECKERT, SEAMANS, CHERIN  ) JUDGE WILSON
& MELLOT, LLC        )
                             )
        *Defendant.*  )

## REPLY OF PARX CASINO TO THE SUPPLEMENTAL BRIEF FILED BY PACE-O-MATIC, INC.

Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), files this reply to the supplemental brief filed by Pace-O-Matic, Inc. ("POM") in the above matter supporting its motion to compel responses to (a) discovery requests served on the defendant, Eckert, Seamans, Cherin & Mellot, LLC ("Eckert"), and (b) two subpoenas issued separately to Parx and another of Parx's law firms, Hawke McKeon & Sniscak ("Hawke").

Parx incorporates its previous briefs and arguments (Doc. Nos. 49 and 60), namely, that the attorney-client privilege, client confidentiality,

and the immunity afforded by the work-product doctrine protect against the disclosure of documents that POM has requested. Parx also agrees with and incorporates by reference the positions espoused by Eckert and Hawke in their respective responses to POM's supplemental submission.

Parx writes separately to make two additional points unrelated to the privilege issues that the Court may wish to consider.

First, under Rule 26(b)(2)(C), the Court should limit further discovery if it would be "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C). *See also Jupiter Painting Contracting Co. v. United States*, 87 F.R.D. 593 (E.D. Pa. 1980) (summary prepared by IRS regional counsel in connection with an investigation of taxpayer along with certain transmittal documents and various administrative forms were not discoverable by taxpayer, since the information contained in the documents at issue was largely cumulative of previous discovery).

In its supplemental filing, POM acknowledges that it has already received documents, a privilege log, or other information from the parties and third parties demonstrating that (a) Eckert has worked with Parx's counsel in the Commonwealth Court matters, (b) Eckert received a conflict waiver from Parx, and (c) Eckert communicated with Parx about

this litigation. The Court can cut the Gordian Knot without reaching thorny privilege issues by concluding, as it well should, that the documents requested and identified in privilege logs provided by Parx, Eckert, and Hawke would be cumulative of the information POM already has about these topics.

As far as documents reflecting discussions behind any conflict waiver, Eckert's withdrawal, or this litigation, they are privileged and are not subject to discovery as Parx explained in its previous briefing, even if Parx had such documents.  (With the exception of the emails logged in Parx's opening brief, Parx has no such documents.)  To the extent additional documents regarding *the fact* of Eckert seeking a conflict waiver from Parx or *the fact* of Eckert discussing this litigation with Parx, those documents surely would be duplicative of what POM already knows about those topics through other sources.

Second, the Court may limit discovery if the requesting party is using the federal proceeding to obtain documents for use in another proceeding. *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352–53 & n.17 (1978) ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for

- 3 -

which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."). *See also Hall v. Harleysville Ins. Co.*, 164 F.R.D. 172, 173 (E.D. Pa. 1995) (no discovery of class member names that were only relevant for other actions); *Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 434 (W.D.N.C. 2005) (court quashed subpoenas because defendants intended to use the information requested to defend other actions).

As the Court is by now aware, POM is involved in two matters pending before the Commonwealth Court of Pennsylvania. POM is calling on this court to exercise its compulsory power to extract from Eckert and third parties documents that POM could never obtain in the Commonwealth Court cases for use in those proceedings. Indeed, POM moved to file a supplemental brief in Commonwealth Court to challenge Parx's intervention in the those cases and expressed its intent to move for disqualification of Hawke in those proceedings based almost entirely on documents that it recently procured during this proceeding. *See* Tabs "A" and "B."

If POM already is using documents obtained in this case to help further its cause in Commonwealth Court, then surely POM will use any additional documents it obtains in this case for whatever purpose it desires, including presumably to gain an advantage in these other actions. The Court would be well within its discretion to deny POM's discovery requests on that basis alone.

WHEREFORE, the Court should deny POM's motion; grant Parx's motion and quash the subpoenas directed to Parx and Hawke; grant a protective order to Eckert to prevent disclosure of privileged materials; and order such other and further relief as the Court deems necessary or appropriate.

September 25, 2020                    Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming & Entertainment, d/b/a Parx Casino*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed and served the foregoing electronically via the Court's ECF system.

/s George A. Bibikos
George A. Bibikos