# Tab "A"

Received 9/22/2020 2:52:55 PM Commonwealth Court of Pennsylvania

Filed 9/22/2020 2:52:00 PM Commonwealth Court of Pennsylvania
418 MD 2018

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| POM OF PENNSYLVANIA, LLC, | : | |
| *Petitioner,* | : | |
| v. | : | No. 418 MD 2018 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, DEPARTMENT | : | |
| OF REVENUE, *et al.,* | : | |
| *Respondents.* | : | |

**PETITIONER POM OF PENNSYLVANIA, LLC'S APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO GREENWOOD GAMING AND ENTERTAINMENT, INC., DOWNS RACING, L.P., MOUNTANVIEW THOROUGHBRED RACING ASSOCIATION, LLC, WASHINGTON TROTTING ASSOCIATION, LLC, STADIUM CASINO, LLC, CHESTER DOWNS AND MARINA, LLC, AND WIND CREEK BETHLEHEM, LLC'S <u>APPLICATION FOR LEAVE TO INTERVENE</u>**

Petitioner, POM of Pennsylvania, LLC ("POM") files this application for leave to file a supplemental brief in opposition to Greenwood Gaming and Entertainment, Inc., Downs Racing, L.P., Mountainview Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC, and Wind Creek Bethlehem, LLC's (collectively, the "Casinos") Application for Leave to Intervene (the "Application").

1

The proposed supplemental brief, attached hereto as Exhibit A, is necessitated by POM's recent receipt of written correspondence between the Casinos and the Commonwealth, showing extensive coordination and collaboration and refuting the Casinos' argument that its purported interests in this matter are inadequately represented by the Commonwealth.  *See* Rule 2329(2).

Accordingly, POM respectfully requests that the Court grant this application and consider the supplemental brief attached hereto.

Respectfully submitted,

Dated:  September 22, 2020          */s/ Matthew H. Haverstick*
                                    Matthew H. Haverstick (No. 85072)
                                    Paul G. Gagne (No. 42009)
                                    Shohin H. Vance (No. 323551)
                                    KLEINBARD LLC
                                    Three Logan Square, 5th Floor
                                    1717 Arch Street
                                    Philadelphia, PA 19103
                                    Ph: (215) 568-2000
                                    Fax: (215) 568-0140
                                    Email:  mhaverstick@kleinbard.com
                                            pgagne@kleinbard.com
                                            svance@kleinbard.com

2

# EXHIBIT A

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

_____

## No. 418 MD 2018

_____

POM OF PENNSYLVANIA, LLC,

*Petitioner*,

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF
REVENUE, and CITY OF PHILADELPHIA,

*Respondents*.

_____

**PETITIONER POM OF PENNSYLVANIA, LLC'S
SUPPLEMENTAL BRIEF IN OPPOSITION TO
GREENWOOD GAMING AND ENTERTAINMENT, INC., DOWNS
RACING, L.P., MOUNTANVIEW THOROUGHBRED RACING
ASSOCIATION, LLC, WASHINGTON TROTTING ASSOCIATION,
LLC, STADIUM CASINO, LLC, CHESTER DOWNS AND
MARINA, LLC, AND WIND CREEK BETHLEHEM, LLC'S
APPLICATION FOR LEAVE TO INTERVENE**

_____

Matthew H. Haverstick (No. 85072)
Paul G. Gagne (No. 42009)
Shohin H. Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email:  mhaverstick@kleinbard.com
        pgagne@kleinbard.com
        svance@kleinbard.com
*Attorneys for Petitioner*
*POM of Pennsylvania, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................ii

I.   INTRODUCTION ........................................................................ 1

II.  THE CASINOS' PURPORTED INTERESTS ARE ALIGNED
     WITH THOSE OF RESPONDENTS AND THEIR LITIGATION
     EFFORTS ARE COORDINATED. .............................................. 2

III. CONCLUSION ............................................................................ 5

{01980480;v1 }                                                   i

# TABLE OF AUTHORITIES

**Cases**

*Cherry Valley Assocs. v. Stroud Twp. Bd. of Supervisors*, 530 A.2d 1039
(Pa. Cmwlth. 1987)..............................................................................3

**Rules**

Pa.R.C.P. 2327.....................................................................................1

Pa.R.C.P. 2329................................................................................ 1, 4

## I.    **<u>INTRODUCTION</u>**

Petitioner POM of Pennsylvania, LLC ("POM"), through its undersigned counsel, hereby submits this Supplemental Brief in Opposition to Greenwood Gaming and Entertainment, Inc., Downs Racing, L.P., Mountainview Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC, and Wind Creek Bethlehem, LLC's (collectively, the "Casinos") Application for Leave to Intervene (the "Application").

The purpose of this brief is to bring to the Court's attention certain recently acquired evidence that supports denial of the Application.  Specifically, the Casinos and the Respondents, through their respective counsel, have engaged in coordinated and collaborative litigation efforts related to this case, thus removing any doubt as to whether the Casinos' purported interest in this litigation is already adequately represented by existing parties.  Accordingly, even if the Casinos could meet the requirements of Rule 2327—which they cannot—the Application should be denied under Rule 2329(2).

1

## II.    THE CASINOS' PURPORTED INTERESTS ARE ALIGNED WITH THOSE OF RESPONDENTS AND THEIR LITIGATION EFFORTS ARE COORDINATED.

The Casinos do not cite a single case in support of their assertion that their purported interests in this action are inadequately represented by existing parties.  Instead, they state, in conclusory fashion, that the Commonwealth will not adequately represent the interests of the Casinos because "[t]he Commonwealth has an extensive array of legal and policy interests to balance in its enforcement of the Crimes Code vis-a-vis policing illegal activities occurring outside the purview of the Gaming Act."  (Casinos' Application for Leave to Intervene, at ¶¶ 33-34.)  This baseless assertion misses the mark completely.

Despite the Casinos' attempts to reframe the issues and this action, this is not a licensing proceeding under the Gaming Act.  The only issue remaining in this action is whether the Skill Games are legal under the Crimes Code.[1]  The Casinos have offered nothing to suggest

---

[1] The Casinos' efforts to distinguish between their purported private interests and the Commonwealth's public interests are misplaced.  The Skill Games' legality is a legal question that neither involves discretion nor permits consideration of private interests; either the Skill Games are legal or they are not.  This action simply is not a proper forum for the Casinos to assert their purported private interests.  *C.f.  Cherry Valley Assocs. v. Stroud Twp. Bd. of Supervisors*, 530 A.2d

2

that the Commonwealth is unable or unwilling to enforce its own laws or otherwise capably litigate this action. To the extent the Casinos claim an interest in defeating POM's Petition for Review, those interests are aligned with those of the Commonwealth.

The Casinos' only complaint concerning the Commonwealth's representation is that it has not yet adopted, verbatim, their statutory construction argument under Section 5513 of the Crimes Code. (*See* Casinos' Mem. in Supp. of Application for Leave to Intervene, at p. 11.) This argument, however, does not impugn the adequacy of the Commonwealth's representation.

Recently acquired email correspondence shows that the Casinos are actively collaborating with the Commonwealth, exchanging ideas and coordinating strategies.[2] Indeed, in November 2019, the Casinos

---

1039, 1041 (Pa. Cmwlth. 1987) (denying intervention application of residents and landowners in appeal of conditional use permit decision because only public interests were relevant and those interests were adequately represented by township board of supervisors).

[2] (*See, e.g.*, December 18, 2019 email from Mark Stewart (Casino Counsel) to Gregory Schwab (Commonwealth General Counsel) Chain (attached hereto as Exhibit 1)(referencing meeting between the Casinos and OAG's office and the Governor and attaching written legal analysis for use by the Commonwealth); January 13, 2020 Email Chain (attached hereto as Exhibit 2) (coordinating opposition to POM's injunction application); January 17, 2020 Email (attached hereto as Exhibit 3) (same); January 29, 2020 Email Chain (attached hereto as Exhibit 4) (coordinating opposition to POM Application to Clarify/Amend).)

3

conveyed their statutory construction argument to the Commonwealth.

(*See* November 22, 2019 Email (attached hereto as Exhibit 5).)  In

response, the Commonwealth noted weaknesses in the Casinos'

analysis.  (*See id.*)  Thus, the Commonwealth's failure to adopt the

Casinos' specific argument is **not** evidence of diverging interests or

inadequate representation; it is proof of competent representation.[3]

    In summary, the Casinos' attacks as to the adequacy of the

Commonwealth's representation are belied by the fact that the Casinos

have actively coordinated and collaborated with the Commonwealth to

date.[4]  Accordingly, the Application should be denied under Rule

2329(2).

---

[3] POM anticipates the filing of a motion to disqualify the Casinos' counsel, Hawke McKeon & Sniscak LLP.  The facts underlying the motion are the subject of an ongoing lawsuit and set forth in the attached brief filed therein. *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellot, LLC*, 1:20-cv-00292 (M.D.Pa.) (Doc. No. 70) (Supplemental Brief in Further Support of Motion to Compel) (attached hereto as Exhibit 6).  Due to the undersigned's representation of Eckert, Seamans, Cherin & Mellot, LLC in a separate, unrelated matter, the motion to disqualify would be filed by a different law firm.

[4] To the extent the Casinos are dissatisfied with the Commonwealth's decision to assert legal arguments that are different from—yet entirely consistent with—their own, the Casinos showed that intervention is unnecessary. The Casinos filed an *amicus* brief containing the very arguments that they wanted the Commonwealth to assert.  (*See* Casinos' Mem. in Supp. of Application for Leave to Intervene, at n. 4 (referencing *amicus* brief filed on December 18, 2019 at Docket No. 503 MD 2018.)  Having filed that *amicus* brief prior to seeking intervention, they cannot credibly claim that intervention is now necessary to protect their

## III.    <u>CONCLUSION</u>

For the foregoing reasons and the reasons set forth in its

opposition brief, POM respectfully requests that this Court enter an

order denying the Casinos' Application.

Respectfully submitted,

Dated:  September 22, 2020

*/s/ Matthew H. Haverstick*
Matthew H. Haverstick (No. 85072)
Paul G. Gagne (No. 42009)
Shohin H. Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email:   mhaverstick@kleinbard.com
         pgagne@kleinbard.com
         svance@kleinbard.com

*Attorneys for Petitioner POM of*
*Pennsylvania, LLC*

---

purported interests.

5