## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,

                       Plaintiff,

     v.

ECKERT SEAMANS CHERIN &
MELLOTT, LLC,

                    Defendant.

Docket No. 1:20-cv-00292

(Judge Jennifer P. Wilson)
(Judge Joseph F. Saporito, Jr.)

### SUPPLEMENTAL BRIEF OF DEFENDANT, ECKERT SEAMANS CHERIN & MELLOTT, LLC, IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL BRIEF

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), through its counsel, Fox Rothschild LLP, hereby files this Supplemental Memorandum in opposition to the supplemental brief filed by Plaintiff, Pace-O-Matic, Inc. ("POM").

### OVERVIEW OF ARGUMENT

POM requested that the Court permit the filing of supplemental briefs in order to address the supplemental document production and privilege log provided by Eckert. Despite this additional opportunity to address certain issues in any meaningful or substantive way, POM instead raised an improper challenge to Eckert's privilege log and regurgitated arguments previously made that lack any legal support. Eckert briefly will address those issues in this opposition brief.

1

## The Purported Deficiency with Eckert's Privilege Log

The sole focus of POM's alleged challenge to Eckert's privilege log is that Eckert properly asserted the attorney-client privilege over communications as between Parx Casino's various counsel, including their government relations "consultants." What POM appears to ignore is that these consultants and, in particular, Richard Gmerek and Sean Schafer, are attorneys licensed to practice law in Pennsylvania. *See* Disciplinary Board website information attached hereto. As such, the attorney-client privilege applies to their communications with Parx Casino and their other counsel. These individuals are not consultants like the outside third-party, public relations consultants who were improperly forwarded privileged communications, as was the case in BouSamra v. Excela Health, 210 A.3d 967, 985-986 (Pa. 2019). There, the Supreme Court of Pennsylvania found that forwarding what was otherwise attorney-client privileged communications to outside, third parties waived the privilege. *Id.* Here, these government relations attorneys are part of Parx Casino's team and, as such, the attorney-client privilege and work product doctrines absolutely apply. It is troubling for POM to assert such an argument when POM itself relies upon government relations attorneys as part of its own legislative team and, no doubt, would want the attorney-client privilege to apply in that context.

Thus, POM's argument about purported deficiencies concerning Eckert's privilege log fails.

2

## POM's Arguments about Relevance Provide No Basis to Eviscerate the Attorney-Client Privilege or Work Product Doctrines.

Aside from the fact that POM has failed in any of its briefing to cite to a single case that supports its position that communications between Eckert and Parx Casino are not privileged or confidential simply because Eckert is not counsel of record in the actions filed by POM, POM's arguments also ignore the importance of the attorney-client privilege entirely. The gist of POM's arguments are that, because the privilege log and the third-party communications already produced provide further evidence concerning arguments that POM intends to make, the Court should eviscerate the attorney-client privilege. That is not the law in any jurisdiction in the United States. If it was, courts would routinely order the production of attorney-client privileged communications because, of course, they are relevant and in some cases, extremely probative. The fact remains that the attorney-client privilege trumps any arguments about relevance or the highly probative nature of the potential communications at issue.

While Eckert agrees that the issue of whether there is a conflict as between POM and Eckert is a separate legal one, it gives the Court no basis to invade Parx Casino's attorney-client privilege with Eckert or any of its other counsel. They are two separate and distinct issues, and POM's attempt to confuse the two is not supported by any relevant authority. Simply because POM believes that Parx Casino's privileged communications may be relevant or that they may support POM's "conflict" argument in some way does not give the Court any basis to eviscerate the attorney-client privilege or

3

client confidentiality of a different non-party. There is simply no case law supporting such an untenable and potentially problematic position.

To the extent that POM seeks to use the third-party communications with the Pennsylvania Office of the Attorney General, which Eckert produced, they may do so. Yet, there is no need for the Court to overrun the attorney-client privilege in order for POM to make the argument that it wants to make and/or to rely upon third party communications that Eckert already has produced in discovery, if it so chooses. Accordingly, such an argument provides no basis to eviscerate the attorney-client privilege or attorney work product doctrine.

## POM's Argument about the Conflict Waiver is Incorrect.

Contrary to what POM has advanced, the only conflict waiver that is relevant to these proceedings is that between Eckert and POM. Communications with Eckert and Parx Casino concerning Parx Casino and Eckert are just that – communications between Eckert and Parx Casino. If Parx Casino, for example, wanted to challenge or question the waiver, there would be no basis to involve POM or produce to Parx Casino any communications as between Eckert and POM. To that point, advising two potential clients about the existence of a potential conflict or that the clients have consented to the potential waiver – which is perfectly permissible to do – is certainly not the same thing as sharing the actual attorney-client privileged communications or other communications that elaborate upon the informed consent.

4

Indeed, whether Eckert separately sought and obtained a conflict waiver from Parx Casino, again, has nothing to do with the actual communications between those attorneys and that other client in order to obtain that other client's informed consent. It also has nothing to do with the penultimate question in this case, which is: as between Eckert and POM, *whether POM agreed to the advanced conflict waiver and the representational limitation on Eckert's inability to represent POM in Pennsylvania.* As such, Eckert put no attorney-client privileged or otherwise confidential information at issue in this case, and the Court should reject POM's argument on that point. POM's argument on that point, accordingly, misses the mark.

### POM's Argument about Eckert's Decision to Withdraw Is Incorrect.

POM argues that an entry in Eckert's privilege log somehow suggests a communication as between Eckert and Parx Casino concerning this litigation is not privileged. POM mischaracterizes the entry and the purported communication, which, of course, is indeed privileged. Accordingly, this argument and the reference to the entry provide this Court with no basis to eviscerate the attorney-client privilege or to require either Eckert or Parx Casino to turn over its attorney-client privileged communications and documents protected by the work product doctrine.

## CONCLUSION

For all of the foregoing reasons, defendant, Eckert Seamans Cherin & Mellott,

LLC, respectfully requests that this Court enter its proposed form of Order granting

Eckert's motion for protective order in its entirety and denying the motion to compel of

plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendant,**
**ECKERT SEAMANS CHERIN & MELLOTT,**
**LLC**

Date:  September 25, 2020

☐ 100% ☐

*Search the website*   ⌕



**The**
# DISCIPLINARY BOARD
*of the Supreme Court of Pennsylvania*

*I need to...*    ⌄

**FOR ATTORNEYS     FOR THE PUBLIC     NEWS & MEDIA     ABOUT**

*Quick Links*

**BROWSE RULES**

*Browse the Rules that govern attorneys.*

**FILE A COMPLAINT**

*File a complaint against an attorney.*

**FIND AN ATTORNEY**

*Look up an attorney's contact information and disciplinary history.*

**SEARCH OPINIONS**

*Search Supreme Court and Disciplinary Board Opinions.*

**SEARCH RECENT DISCIPLINE**

❮ Back to Search

# Gmerek, Richard James

## Public Information

Attorney ID: 33872

Current Status: Active

Date of Admission: 5/20/1981

Law Firm:

Other Organization:

Address: GMEREK GOVERNMENT RELATIONS IN

212 LOCUST ST STE 300

HARRISBURG Pennsylvania 17101

Country: United States

Telephone: (717) 234-8525

Fax: (717) 234-8812

*Search Supreme Court and Disciplinary Board Actions.*

County: Dauphin

District: District 3

Professional Liability Insurance: I maintain, either individually or through my firm, professional liability insurance pursuant to the provisions of Rule of Professional Conduct 1.4(c).

Comment(s):

Pennsylvania Judicial Center
601 Commonwealth
Ave. Suite 5600
P.O. Box 62625
Harrisburg, PA 17106-2625

Phone: 717.231.3380
Fax: 717.231.3381

**FOR ATTORNEYS**

Rules

Forms

Attorney Registration

Reinstatement

FAQs & Resources

Search Opinions

Update My Information

**FOR THE PUBLIC**

File a Complaint

Find an Attorney

FAQs & Resources

**NEWS & MEDIA**

**ABOUT**

Our Structure

The Discipline Process

The Reinstatement Process

Annual Report

Leadership

Contact Us

Newsletter Sign-up

Please enter your email address to sign up for the newsletter

Email

**SIGN UP!**

Follow us on Faceb

Follow us on Twit

 100%  | 🐦 | f |    *Search the website*    🔍

 **The**
**DISCIPLINARY BOARD**
*of the Supreme Court of Pennsylvania*

*I need to...*    ⌄

**FOR ATTORNEYS**    **FOR THE PUBLIC**    **NEWS & MEDIA**    **ABOUT**

*Quick Links*

**‹ Back to Search**

**BROWSE RULES**

*Browse the Rules that govern attorneys.*

**FILE A COMPLAINT**

*File a complaint against an attorney.*

**FIND AN ATTORNEY**

*Look up an attorney's contact information and disciplinary history.*

**SEARCH OPINIONS**

*Search Supreme Court and Disciplinary Board Opinions.*

**SEARCH RECENT DISCIPLINE**

# Schafer, Sean Donald

## Public Information

Attorney ID: 321434

Current Status: Active

Date of Admission: 10/29/2015

Law Firm:

Other Organization:

Address: 45 CANAL RUN W

WASHINGTON CROSSING Pennsylvania 18977

Country: United States

Telephone: (267) 804-5017

Fax:

*Search Supreme Court and Disciplinary Board Actions.*

County: Bucks

District: District 2

Professional Liability Insurance: I do not maintain professional liability insurance because I do not have private clients and have no possible exposure to malpractice actions (e.g. retired, full-time in-house counsel, prosecutor, full-time government counsel, etc.)

Comment(s):

Pennsylvania Judicial Center
601 Commonwealth
Ave. Suite 5600
P.O. Box 62625
Harrisburg, PA 17106-2625

Phone: 717.231.3380
Fax: 717.231.3381

**FOR ATTORNEYS**

Rules

Forms

Attorney Registration

Reinstatement

FAQs & Resources

Search Opinions

Update My Information

**FOR THE PUBLIC**

File a Complaint

Find an Attorney

FAQs & Resources

**NEWS & MEDIA**

**ABOUT**

Our Structure

The Discipline Process

The Reinstatement Process

Annual Report

Leadership

Contact Us

Newsletter Sign-up

Please enter your email address to sign up for the newsletter

Email

**SIGN UP!**

Follow us on Faceb

Follow us on Twit

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

_____

PACE-O-MATIC, INC.,                        :
                                           :
                    Plaintiff,             :
      v.                                   :      Docket No. 1:20-cv-00292
                                           :
ECKERT SEAMANS CHERIN &                    :
MELLOTT, LLC,                              :      (Judge Jennifer P. Wilson)
                                           :      (Judge Joseph F. Saporito, Jr.)
                    Defendant.             :
_____:

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 25th day of

September, 2020, I served a true and correct copy of the foregoing Supplemental

Brief in Opposition to POM's Brief, via ECF, upon the following:

> Daniel T. Brier, Esquire
> Myers, Brier & Kelly, LLP
> 425 Spruce Street, Suite 200
> Scranton, PA 18503
>
> **Counsel for Plaintiff
> PACE-O-MATIC, INC.**

_____
ROBERT S. TINTNER, ESQUIRE