

December 16, 2020

**VIA ECF**

Magistrate Judge Joseph F. Saporito, Jr.
U.S. District Court for the Middle District of Pennsylvania
Max Rosenn U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701

      Re:     <u>Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC – No. 20-292</u>

Dear Judge Saporito:

On December 2, 2020, POM of Pennsylvania, LLC ("POM") moved in the Pennsylvania Commonwealth Court to disqualify Hawke McKeon & Sniscak, LLP from representing Parx and other casinos in their efforts to intervene as parties adverse to POM in the declaratory judgment actions. The application to disqualify is based on Eckert's covert involvement and extensive collaboration with Hawke McKeon in opposing POM's claims for declaratory relief. (A copy of the application filed in the No. 418 matter is attached as Exhibit "A.")

On December 7, 2020, Hawke McKeon filed a verified Answer to POM's application ("Answer") (attached as Exhibit "B")[1] which bears directly on POM's motion to compel pending in this Court. *See* ECF Nos. 50, 51, 61, 70. Specifically:

- Hawke McKeon now claims that it became involved in the Commonwealth Court actions as a result of a phone call from the Chairman of Parx Casino concerning a "white paper" that became "the basis for an amicus brief" later filed in Commonwealth Court. Answer ¶ 9. This directly contradicts Mr. Whitaker's representation to this Court on October 20, 2020 that *Eckert* solicited Hawke McKeon: "Eckert reached out to our firm saying, you know, can you do this for us? We had represented Parx before, so the answer was yes. . . . [H]ence, filing

---

[1]  POM filed applications to disqualify Hawke McKeon in both actions pending in Commonwealth Court, No. 418 MD 2018 and No. 503 MD 2018. The applications to disqualify and the Casino Intervenors' answers in both actions are substantially the same. For convenience, only the filings in the No. 418 matter are attached to and referenced in this letter.

425 Spruce Street, Suite 200 • Scranton, PA 18503  |  240 North Third Street, 5th Floor • Harrisburg, PA 17101
P: 570-342-6100 • F: 570-342-6147    P: 717-553-6251

**www.mbklaw.com**

*Magistrate Judge Joseph F. Saporito, Jr.*
*December 16, 2020*
*Page 2*

the amicus."  Tr. of Proceedings on October 20, 2020 at 51.  (The relevant pages of the transcript are attached as Exhibit "C.")

- The verified Answer also expressly contradicts written representations Hawke McKeon made in this Court concerning its engagement.  In support of its motion for protective order, Hawke McKeon admitted that it "agree[d] to step in as conflict counsel" and that its "representation [of Parx Casino] commenced upon referral from Eckert due to Eckert's alleged conflict with POM . . . ."  ECF No. 53 at 2, 4.  Notwithstanding its self-described role as "conflict counsel," Hawke McKeon's verified Answer in the Commonwealth Court contains repeated admissions that Hawke McKeon actively collaborated with Eckert <u>against</u> POM.  Answer ¶¶ 9, 10, 18, 19.

- The verified Answer claims that Mr. McKeon communicated with Mr. Green and later Mr. Stewart about the purported "white paper" and that Mr. McKeon "provided comments" concerning the "white paper" "in early December 2019."  Answer ¶ 9; McKeon Decl. (attached to Answer as Ex. 1) ¶¶ 3-5.  The Green-McKeon communications and transmission of purported comments do not appear in the privilege logs submitted by Eckert or Hawke McKeon in this action.  However, Hawke McKeon voluntarily filed to the record part of a November 25-27, 2019 text exchange between Mr. Stewart and Mr. McKeon.  McKeon Decl., App. 1.  By voluntarily disclosing the text exchange and discussions concerning Hawke McKeon's participation in the Commonwealth Court litigation, Parx Casino and Hawke McKeon waived any alleged privilege relating to the subject of those communications.  *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 361 (3d Cir. 2007) ("Disclosing a communication to a third party unquestionably waives the privilege. . . . When one party takes advantage of another by selectively disclosing otherwise privileged communications, courts broaden the waiver as necessary to eliminate the advantage.") (citations omitted).  All communications on these subjects should be produced.

- The new claim that Mr. McKeon was "an intended signator to the amicus brief, as w[as] Mr. Stewart at Eckert . . .," Answer ¶ 9, constitutes a waiver of any alleged work product or other privilege relating to drafts of the *amicus* brief.  All drafts of the pleadings that were exchanged between Eckert and Hawke McKeon should be produced.

- The verified Answer further admits that Eckert drafted and assisted in drafting documents filed on behalf of the Casino Intervenors in the Commonwealth Court.  Answer ¶¶ 9, 10; McKeon Decl. ¶¶ 10, 11.  These documents are relevant, *inter alia*, to refute Eckert's proffered—and baseless—defense that it had no involvement in the Commonwealth Court actions.  *See*, *e.g.*, Def.'s Answer and

425 Spruce Street, Suite 200 • Scranton, PA 18503    |    240 North Third Street, 5th Floor • Harrisburg, PA 17101
P: 570-342-6100 • F: 570-342-6147    P: 717-553-6251

**www.mbklaw.com**

*Magistrate Judge Joseph F. Saporito, Jr.*
*December 16, 2020*
*Page 3*

Affirmative Defenses (ECF No. 9) ¶ 18 ("Eckert does not represent a party adverse to POM in litigation"); *id.* at Seventeenth Affirmative Defense ("Eckert is not counsel in any litigation where POM is an adverse party."); Joint Case Management Plan (ECF No. 18) § 1.1 ("Eckert is not involved in that case."); Def.'s Mem. in Opp'n to Pl.'s Mot. for Prelim. Inj. (ECF No. 21) ¶ 2 ("Eckert is not representing parties in litigation adverse to POM").  Eckert and Hawke McKeon should be compelled to produce in native format with complete metadata all litigation filings that Eckert prepared or assisted in preparing.

- Contrary to Eckert's repeated denials, the verified Answer admits that Eckert, after "decid[ing] to eschew an on-the-record role adverse to POM" in the Commonwealth Court, Answer at p.2, was regularly involved in that litigation on behalf of parties directly adverse to POM, *id.* ¶¶ 9, 10, 18, 19.  Documents relating to Eckert's and Hawke McKeon's collaboration are relevant to Eckert's "non-involvement" defense in this matter and should be produced.  Further, Eckert's continuing effort to conceal its conflicted involvement implicates this Court's inherent authority to sanction misconduct.  *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).

- The verified Answer also admits that Eckert's covert active involvement adverse to POM in the Commonwealth Court cases continued unabated after POM sued Eckert in this Court.  Answer ¶ 10; McKeon Decl. ¶¶ 10-12.

- Finally, the verified Answer reaffirms that "POM had not given a conflict waiver" to Eckert.  Answer ¶ 10.  This important admission corroborates Mr. Tintner's recent concession to this Court that Eckert never obtained a conflict waiver from POM.  *See* Tr. of Proceedings on Oct. 20, 2020 at 25-26.

These waivers, admissions and concessions provide important additional context for the Court's ongoing *in camera* evaluation of the communications between Hawke and Eckert.  The Court should reject all efforts to shield this serious misconduct.

Respectfully,

/s/ Daniel T. Brier
Daniel T. Brier

DTB:cak
Enclosures
cc:    Robert S. Tintner, Esquire
       Dennis A. Whitaker, Esquire
       George A. Bibikos, Esquire

425 Spruce Street, Suite 200 • Scranton, PA 18503      240 North Third Street, 5th Floor • Harrisburg, PA 17101
P: 570-342-6100 • F: 570-342-6147           P: 717-553-6251

www.mbklaw.com

# Exhibit A

Received 12/2/2020 8:00:56 PM Commonwealth Court of Pennsylvania

Filed 12/2/2020 8:00:00 PM Commonwealth Court of Pennsylvania
418 MD 2018

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | :     **No. 418 M.D. 2018** |
| | : |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE and CITY OF PHILADELPHIA, | : : : : |
| | : |
| Respondents. | : |

### APPLICATION TO DISQUALIFY COUNSEL
### FOR PROPOSED INTERVENORS

Pursuant to Rule 123 of the Pennsylvania Rules of Appellate Procedure,

Petitioner POM of Pennsylvania, LLC ("POM"), by and through its undersigned

counsel,[1] hereby moves to disqualify Hawke, McKeon & Sniscak, LLP ("Hawke

McKeon") from representing proposed intervenors Greenwood Gaming &

Entertainment, Inc. d/b/a Parx Casino, Downs Racing, L.P., Mountainview

Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC,

Stadium Casino, LLC, Chester Downs and Marina, LLC and Wind Creek

---

[1] Because Kleinbard has a conflict that precludes it from being adverse to the Eckert firm, the undersigned counsel filed a limited entry of appearance in this matter to address only the issue of disqualification. POM will continue to be represented by Kleinbard with respect to all other matters.

Bethlehem LLC (collectively, "the Casino Intervenors") in this matter and, in support thereof, states as follows:

## INTRODUCTION

The Pennsylvania Rules of Professional Conduct make clear that a lawyer cannot do through another lawyer what he cannot himself do under the rules. Pa. R. Prof. Conduct 8.4(a). Eckert, Seamans, Cherin & Mellott, LLC ("Eckert") is ethically prohibited from representing the proposed intervenors in this action because the Eckert firm represented Pace-O-Matic, Inc.[2] and its affiliates concerning the very same skill games that are at issue in this action. Because the Rules of Professional Conduct and Pennsylvania common law prohibit Eckert from being adverse to POM while also representing POM, Eckert solicited Hawke McKeon to serve as counsel of record for the proposed intervenors in this action while the Eckert firm covertly drafted pleadings and directed the representation behind the scenes. This is a plain violation of the ethics rules. Because Eckert cannot do through Hawke McKeon what it is prohibited from doing directly, Hawke McKeon should be disqualified from representing the Casino Intervenors in this matter.

---

[2] For convenience, Pace-O-Matic, Inc., POM of Pennsylvania LLC and their affiliates are referred to collectively herein as "POM," unless otherwise noted.

2

## BACKGROUND

1.     POM commenced this action on June 8, 2018 seeking a declaration under the Declaratory Judgments Act, 42 Pa. C.S.A. § 7246 *et seq.*, that its skill games are legal devices.  POM also seeks injunctive relief barring Respondents Commonwealth of Pennsylvania, Department of Revenue and the City of Philadelphia from seizing or threatening to seize POM games and from initiating any administrative or criminal proceedings with regard to those games.

2.     On November 20, 2019, this Court issued an Opinion holding that POM's games are not subject to the restrictions or regulations in the Pennsylvania Race Horse Development and Gaming Act ("Gaming Act"), 4 Pa. C.S. § 1103 *et seq.*

3.     After the subsequent seizure of several of its games, POM filed an application for preliminary injunction in the related action docketed at No. 503 MD 2018 on December 12, 2019 seeking to enjoin the Pennsylvania State Police from further seizures.  This Court issued an Order in that action on December 13, 2019 enjoining the State Police from seizing POM games pending a hearing on the application.

4.     Less than a week later, on December 18, 2019, Hawke McKeon entered an appearance No. 503 MD 2018 on behalf of four casinos, Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino, Downs Racing, L.P.,

3

Mountainview Thoroughbred Racing Association, LLC and Washington Trotting Association, LLC. On the same day, Hawke McKeon filed an *amicus* brief in No. 503 MD 2018 in opposition to POM's application for preliminary injunction on behalf of the casinos. The only counsel identified on the brief are Hawke McKeon and Ballard Spahr, LLP.

5.    The *amicus* brief represents that "no person or entity, other than amici, and their members and counsel, (1) paid in whole or in part for the preparation of the amicus brief or (ii) authored in whole or in part the amicus curiae brief." *See* Br. of Amicus Curiae at 6 n.1.

6.    The *amicus* brief asserts that the casinos named therein "support the position of the Pennsylvania State Police Bureau of Liquor Control Enforcement ('PSP') that POM of Pennsylvania LLC's ('POM') so-called skill games are illegal slot machines under Section 5513 of the Crimes Code, 18 Pa.C.S. § 5513." *Id.* at 1. The brief further argued that POM's games "cut[] into the licensed gaming market" and urged the Court to deny POM's request for an injunction barring seizure of its games. *Id.* at 5-6.

7.    On January 21, 2020, the Court issued a Memorandum and Order denying POM's application for preliminary injunctive relief in No. 503 MD 2018, citing testimony from a Pennsylvania State Police Captain that POM games have never been the direct target or focus of its law enforcement investigations.

4

8.    On February 14, 2020, Hawke McKeon filed an application for leave to intervene on behalf of the Casino Intervenors pursuant to Rule 1531(b) of the Pennsylvania Rules of Appellate Procedure. In their application, the Casino Intervenors claimed a "specialized interest" in this litigation and represented to the Court that they "seek intervention to advance, among other positions, certain legal arguments that [the Pennsylvania State Police] has not, to date, asserted." *See* Appl. for Leave To Intervene at 2-3. The application to intervene is scheduled for a hearing on December 15, 2020 at 10:00 am.

9.    While the Casino Intervenors are nominally represented by Hawke McKeon, it is actually Eckert that has been drafting litigation filings, communicating with Respondent's counsel on behalf of the Casino Intervenors and setting the litigation strategy attacking POM. In other words, Eckert has been the marionettist directing the actions of Hawke McKeon.

10.    Eckert is hiding behind the scenes in this litigation because it has an unwaiveable conflict of interest that prevents it from undertaking any representation adverse to POM, including the representation of the Casino Intervenors in this matter. For this reason, Eckert solicited Hawke McKeon to enter an appearance and serve as Eckert's mask, so that Eckert did not have to make an appearance as counsel of record. This proven breach of professional ethics compels disqualification of Hawke McKeon.

5

**Eckert Represented POM Relating to the Same Skill Games**

11.    From late 2016 to early 2020, the Eckert firm was engaged to represent POM's affiliates, including Pace-O-Matic, Inc., concerning *the very same skill games* that are the subject of this action.

12.    During the course of the years-long representation of POM, Eckert had broad access to POM's confidential, proprietary and privileged information and confidential communications concerning its business and skill game products as well as its legal strategies.

13.    Throughout this period, Eckert advocated correctly on behalf of POM that POM's games are predominantly skill-based and not illegal gambling devices. For example, in the Verified Complaint filed on behalf of the plaintiffs in *Queen of Virginia Skill & Entertainment, LLC, POM of Virginia, LLC and Miele Manufacturing, Inc. v. Joseph D. Platania* in the Circuit Court for the City of Charlottesville, Virginia, Eckert advocated that POM's games are not gambling devices and proffered expert opinions supporting this truth. *See, e.g.*, Compl. ¶ 48 ("the irrebuttable fact [is] that [POM's] Game is skill-based" and "cannot be a gambling device and cannot be subjected to criminal penalty").

14.   Eckert abruptly terminated its representation of POM on January 29, 2020 after POM refused Eckert's demand to sign a written conflict waiver that would have allowed Eckert to represent clients in matters adverse to POM.[3]

### The Middle District Action

15.   POM initiated an action against Eckert in the U.S. District Court for the Middle District of Pennsylvania on February 18, 2020 ("the Middle District Action") asserting claims for breach of fiduciary duty based on Eckert's attacks on POM's games while also representing POM. The Complaint seeks, *inter alia*, declaratory and injunctive relief barring Eckert from representing POM adversaries in matters adverse to POM. (A copy of the Complaint is attached hereto as Exhibit "A.")

16.   Eckert has attempted to defend against POM's breach of fiduciary duty claim by representing in the Middle District Action that it had no involvement in any litigation matter adverse to POM. *See, e.g.*, Eckert's Answer and Affirmative Defenses ¶ 18 ("Eckert does not represent a party adverse to POM in litigation"); *id.* at Seventeenth Affirmative Defense ("Eckert is not counsel in any

---

[3]   On behalf of one of the Casino Intervenors, Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino, Eckert initiated more than 20 different actions in Bucks and Montgomery Counties against establishments hosting POM games. Eckert, on behalf of Parx Casino, is seeking a judicial declaration that POM's games constitute a public nuisance. This is a flagrant breach of fiduciary duty by Eckert.

7

litigation where POM is an adverse party."); *see also* Joint Case Management Plan § 1.1 ("Eckert is not involved in that case [*i.e.* this action]."). (Copies of Eckert's Answer and the Joint Case Management Plan are attached hereto as Exhibits "B" and "C," respectively.)

17.     These assertions that Eckert made in the Middle District Action are false. Eckert continued and continues to direct the representation of Parx Casino and the other Casino Intervenors in this action behind the scenes and through the Hawke McKeon firm in plain violation of the Rules of Professional Conduct. Information and documents concerning Eckert's involvement in this litigation adverse to POM are the subject of a motion to compel which is presently pending in the Middle District Action. Magistrate Judge Joseph F. Saporito has directed, *inter alia*, that Eckert and Hawke McKeon produce for *in camera* review communications between them related to this action over which Eckert has asserted privilege.

**Eckert Encouraged POM's Adversary While Representing POM**

18.     Unknown to POM, on or around November 22, 2019, just after the Court issued its opinion that skill games are not regulated by the Gaming Act and while Eckert was representing POM, Mark S. Stewart, Esquire, the co-chair of Eckert's gaming practice, and his partner, Kevin M. Skjoldal, Esquire, reached out to counsel for Respondent Department of Revenue in this matter and offered legal

8

strategies that the Office of Attorney General and district attorneys might use "to go after POM's" games.  (A copy of the November 22-26. 2020 email chain is attached as Exhibit "D.")

### Eckert Drafted the Casino Intervenors' *Amicus* Brief That Hawke McKeon Filed

19.    On November 26, 2019, Mr. Stewart advised counsel for the Department of Revenue that "we (and other casinos) would be interested in filing an *amicus* brief in support of your position." *See* Ex. D.  On December 16, 2019, Mr. Stewart repeated that "we're anticipating potentially filing an amicus in support of the Commonwealth . . . ."  (A copy of the December 16-17, 2020 email chain is attached as Exhibit "E.")

20.    A privilege log produced by Eckert in the Middle District Action confirms that Eckert drafted the *amicus* brief that Hawke McKeon filed under Hawke McKeon's name in the No. 503 MD 2018 action.  (A copy of the privilege log is attached as Exhibit "F.")  For example, the log shows that Mr. Stewart sent an attachment by email to Kevin McKeon, Esquire of Hawke McKeon on December 18, 2019 at 2:55 am with an email message with the subject "Draft brief."  Mr. Stewart sent another "draft" at 2:04 pm and the "FINAL BRIEF" at 3:14 pm. The *amicus* brief was filed by Hawke McKeon a half hour later at 3:47 pm. The relevant entries in the privilege log are:

9

| | | | | | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
|---|---|---|---|---|---|---|---|---|
| 12/18/2019 2:55 | Draft brief | | Yes | Mark Stewart | Kevin McKeon | | | |
| 12/18/2019 12:12 | RE: Amicus brief | | No | Kevin Skjoldal | Mark Stewart, Kevin McKeon , David C. Hittinger, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/18/2019 14:04 | draft | | Yes | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/18/2019 14:42 | [External] POM - AMICUS BRIEF - GGE AND DOWNS (L0847857-3xA35AE).docx | | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/18/2019 15:14 | FINAL BRIEF | | Yes | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

Mr. Stewart circulated "a copy of *our* amici curiae brief" (emphasis added) to

Respondent's counsel at 4:20 pm on December 18 with the following email:

From: Mark S. Stewart
Sent: Wednesday, December 18, 2019 4:20 PM
To: Romano, Karen M.
Subject: Amici curiae brief

Karen

Hope you survived the crunch of the deadline. Attached is a copy of our amici curiae brief that was filed in support of your position.

Thanks and have a good holiday!

Mark Stewart, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct          | Mobile

(A copy of the December 18-19, 2020 email chain is attached as Exhibit "G.")

Neither Mr. Stewart nor the Eckert firm appear on the *amicus* brief, which was

signed by Mr. McKeon of Hawke McKeon on behalf of the Casino Intervenors.

**Eckert Represented the Casino Intervenors—POM's Adversaries—
Through Hawke McKeon**

21.    The very next day, December 19, 2020, Mr. Stewart circulated an

email excoriating Respondent's counsel for neglecting to include his suggested

arguments in its brief in opposition to POM's application for preliminary

injunction which was filed the day before in the No. 503 MD 2018 matter.  The

email exchange is:

| From: | Mark S. Stewart |
|---|---|
| To: | Richard Gmerek; Ryan Skoczylas; Sean Schafer |
| Subject: | RE: WTF????? |
| Date: | Thursday, December 19, 2019 1:17:43 PM |

You nailed it. My assistant is in process of sending around. Cannot believe it. We gave them the full casino law firm letter. We spoke with them on the phone multiple times. We've been sending them emails explaining it since 11/20. They are either extremely obtuse or they actually want POM to win.

Mark Stewart, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

-----Original Message-----
From: Richard Gmerek <RGmerek@ggrgov.com>
Sent: Thursday, December 19, 2019 1:04 PM
To: Ryan Skoczylas <rskoczylas@pasen.gov>; Sean Schafer <sean@schafergovaffairs.com>
Subject: [External] Re: WTF?????

I'm paraphrasing what I've been told as I haven't read the brief,....but mark should know details

Please excuse brevity and typos as this message was likely dictated

> On Dec 19, 2019, at 1:01 PM, Richard Gmerek <RGmerek@ggrgov.com> wrote:
>
> Oh my God...Attorney General filed their brief today in Commonwealth Court and said that the court should apply the 51 to 49% test...(really?????)....but they should not grant the injunction because these machines are a different model (number) machine than the old ones in Beaver County... Are you freaking kidding me?
>
> Dick
>
>
> Please excuse brevity and typos as this message was likely dictated

(A copy of the December 19, 2020 email chain is attached as Exhibit "H.")

22.    Mr. Stewart was present in the courtroom on January 15, 2020 for the hearing on POM's application for preliminary injunctive relief in the No. 503 MD 2018 matter. He collaborated with Mr. McKeon regarding his presentation but did not enter an appearance on the record.

23.    Eckert represented to POM on January 17, 2020 that it "is not counsel for a party in a litigation where POM is an adverse party," *see* January 17, 2020 letter from Timothy S. Coon, Esquire, Chief Legal Officer for Eckert, at p. 2 (attached as Exhibit "I"), but Eckert has been directly involved in this litigation and the related litigation at No. 503 MD 2018, both in advocating and attempting to influence counsel for Respondent Department of Revenue and through Hawke McKeon. This involvement continued long after January 17, 2020 and persists to this day.

### Eckert Drafted Papers for Hawke McKeon To File

24.    On January 23, 2020 at 5:00 pm, Mr. Stewart sent an email to counsel for the Department of Revenue advising that "[t]he amici" were planning to file an opposition to POM's application to clarify and/or amend the Court's January 21, 2020 ruling on POM's motion for preliminary injunction in the No. 503 MD 2018 action. Mr. Stewart attached a draft of the response to his email and said "[w]e'd appreciate the chance to coordinate our filing timing-wise with yours." The entire email is as follows:

12

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Thursday, January 23, 2020 5:00 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Cc:** Kevin J. McKeon <KJMckeon@hmslegal.com>; King, Jr., Adrian R. <KingA@ballardspahr.com>;
Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** Response to POM application to amend/clarify

Karen

The amici are planning on filing an opposition to POM's application to clarify/amend whenever the Commonwealth files its response. Attached is a draft of the filing. As indicated during the hearing, intervention is still planned and in the works.

We'd appreciate the chance to coordinate our filing timing-wise with yours.

Thanks very much.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

(A copy of the January 23-28, 2020 email chain is attached as Exhibit "J.") The privilege log produced by Eckert in the Middle District Action shows that Mr. Skjoldal sent a "draft answer in opposition to POM's application to clarify/amend" to, *inter alia*, Mr. McKeon on January 22, 2020 at 4:28 pm. The relevant entries from the privilege log are:

13

| | | | | | |
|---|---|---|---|---|---|
| 1/22/2020 16:28 | POM litigation -- draft answer in opposition to POMs application to clarify/amend | Yes | Kevin Skjoldal | Mark Stewart, Kevin McKeon , Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/22/2020 16:28 | POM litigation -- draft answer in opposition to POMs application to clarify/amend | Yes | Kevin Skjoldal | Mark Stewart , Kevin McKeon , Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/22/2020 18:44 | [External] RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | Yes | Kevin McKeon | Kevin Skjoldal, Mark Stewart, Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 7:21 | [External] RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | Yes | Kevin McKeon | Kevin Skjoldal, Mark Stewart, Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 9:19 | RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | No | Kevin Skjoldal | Mark Stewart, Kevin McKeon , Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 9:19 | RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | No | Kevin Skjoldal | Mark Stewart, Kevin McKeon , Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 9:40 | [External] RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | No | Adrian King | Mark Stewart, Kevin Skjoldal, Kevin McKeon | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

The answer drafted by Eckert was filed by Hawke McKeon on February 5, 2020.

25.    In an email to Respondent's counsel on January 28, 2020 at 5:26 pm, Mr. Skjoldal offered legal arguments for Respondent to use in opposing POM's position. (A copy of the January 23-29, 2020 email chain is attached as Exhibit "K.") In an email on January 29, 2020 at 12:43 pm, Mr. Stewart referred to the proposed application to intervene and said "[o]ur intervention timing is still for end of this week but may slip to next." (A copy of the email is attached as Exhibit "L.")

26.    The privilege log produced in the Middle District Action likewise confirms that Mr. Stewart prepared and circulated the Casino Intervenors' application to intervene and supporting brief which Hawke McKeon filed on February 14, 2020. *See, e.g.,* Jan. 26, 2020 email from Mr. Stewart to, *inter alia,* Mr. McKeon at 10:47 pm re: "Intervention petition and brief."

14

**Eckert Shared Other Information With Hawke McKeon**

27.    In addition, the privilege log reveals that Eckert shared other substantial information with Hawke McKeon for use in this proceeding.  For example, on November 25, 2019 at 6:01 pm, Mr. Stewart forwarded to Mr. McKeon at Hawke McKeon an attachment to an email with the subject "POM Opinion – next steps."  On November 27, 2019 at 2:23 pm, Mr. Stewart forwarded to Mr. McKeon "Documents discussed on 10/31 industry call."  On December 10, 2019 at 4:08 am, Mr. Stewart sent to, *inter alia*, Mr. McKeon a "[d]raft of law firm letter."  The next day at 11:24 pm, he sent attachments with an email with the subject "Legal letter."

**Hawke McKeon Should Be Disqualified**

28.    Pennsylvania courts have the power to regulate the conduct of attorneys practicing before them and the duty to ensure that those attorneys act in accordance with the Rules of Professional Conduct.  *See American Dredging Co. v. City of Philadelphia*, 389 A.2d 568, 571 (Pa. 1978).

29.    An attorney owes a fiduciary duty to his client which demands individual loyalty and prohibits an attorney from engaging in a conflict of interest. *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992).

30.    It is also the duty of a lawyer to preserve the confidences of his client and to refrain from representing conflicting interests except by express consent of all concerned given after full disclosure of the facts. *Slater v. Rimar, Inc.*, 338 A.2d 584, 587 (Pa. 1975).

31.    Where a breach of professional ethics is established, a court is authorized to grant a motion to disqualify and remove the offending lawyer. *Id.* at 589. Remedies for breach of the duty of undivided loyalty may also include dismissal of pleadings filed by the lawyer laboring under a conflict of interest. *Id.* at 590. As the Supreme Court explained in *Slater*, "[t]his sanction is peculiarly appropriate where the information on which the suit is bottomed has been supplied altogether by the former lawyer for the defendant, now counsel for the plaintiff." *Id.* (citations omitted).

32.    In the course of its years-long representation of POM, the Eckert firm had access to POM's confidential and proprietary information concerning the very same skill games that are the subject of this litigation. Eckert is barred from disclosing that information or using that information to the disadvantage of POM. Pa. R. Prof. Conduct 1.6.

33.    Rule 1.7 of the Pennsylvania Rules of Professional Conduct prohibits a lawyer from representing a client if that representation "will be directly adverse to another client" unless each client gives informed consent. Pa. R. Prof. Conduct.

16

1.7(a)(1), (b)(4). The two representations do not have to be related, but rather it is enough that the clients' interests are adverse. *Id.* at cmt. 6 ("[A] lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated.").

34. POM did not consent to Eckert's representation of the Casino Intervenors in this or any other action challenging the legality of the same skill games that Eckert defended as entirely lawful while representing POM. The former Eckert partner in charge of the POM relationship, Thomas A. Lisk, Esquire, confirmed that no one ever secured POM's consent to such conflicting representation. *See* Lisk Dep. at 56-59, 84-85. (Copies of the relevant pages of the transcript of the deposition of Thomas A. Lisk, Esquire are attached as Exhibit "M.") Eckert's counsel conceded as much. *See* Tr. of Oral Argument on Oct. 20, 2020 at 25-26. (Copies of the relevant pages of the transcript are attached as Exhibit "N.") Because there was no informed consent, there was no valid advance conflict waiver for purposes of Rule 1.7(b)(4). *See* Pa. R. Prof. C. 1.0(e) ("informed consent" is defined as "consent by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct").

17

35.    Rule 8.4 of the Pennsylvania Rules of Professional Conduct provides that it is also a violation of the ethics rules for a lawyer to request or instruct an agent to violate the rules. Rule 8.4 provides, in pertinent part, that "[i]t is professional misconduct for a lawyer to . . . violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another. . . ." Pa. R. Prof. Conduct 8.4(a).

36.    Eckert covertly represented the Casino Intervenors behind the scenes and through Hawke McKeon to avoid the duties of undivided loyalty and confidentiality owed to POM.

37.    Eckert's covert representation of the Casino Intervenors in opposition to POM in this matter constitutes an undeniable conflict of interest in clear violation of Rule 1.7 as well as the common law duty of undivided loyalty. Accordingly, Eckert is ethically prohibited from representing the Casino Intervenors adverse to POM in this action.

38.    Recognizing its conflict, Eckert solicited Hawke McKeon to serve as the public face while Eckert covertly did the work in representing the Casino Intervenors. Counsel for Hawke McKeon confirmed in a proceeding before Magistrate Judge Saporito in the Middle District Action that Hawke McKeon became involved in this litigation because Mr. Stewart "reached out to our firm" and asked "can you do this for us?":

18

> [A]t some point . . . .Mr. Stewart, at Eckert obviously has an ongoing relationship with Parx and he had one with POM. POM filed these actions, but, to my understanding at least, nobody from Eckert ever entered an appearance in that case, and at some point, apparently whatever date and time – again, I really know nothing, you know, about all the sort of background here and, frankly, the less I know, the better – but whatever date and time there was regarding representation in Virginia by Eckert, representation in Pennsylvania fell apart, at which point **Eckert reached out to our firm saying, you know, can you do this for us?** We had represented Parx before, so the answer was yes. So what we have – so that, **hence, filing the amicus.** I don't think it matters who prepared it, but for right now, **we represent Parx, Eckert represents Parx.**

*See* Tr. Of Proceedings on Oct. 20, 2020 at 50-51. Incredibly, Hawke McKeon does not "think it matters" that Eckert prepared the *amicus* brief which Hawke McKeon filed under its name. *Id.* POM vehemently disagrees.

39.    Eckert's covert representation of entities adverse to POM through Hawke McKeon is a plain violation of Rules 1.7 and 8.4(a) of the Rules of Professional Conduct.

40.    As a result, Hawke McKeon should be disqualified from representing the Casino Intervenors in this matter.

WHEREFORE, POM respectfully requests that Hawke McKeon be disqualified from representing the Casino Intervenors.

19

Respectfully submitted,

Daniel T. Brier (PA ID 53248)
dbrier@mbklaw.com
Donna A. Walsh (PA ID 74833)
dwalsh@mbklaw.com

Attorney for Petitioner,
POM of Pennsylvania, LLC

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date:  December 2, 2020

20

## VERIFICATION

I, B. Greg Cline, hereby aver and state that I have read the foregoing

Application To Disqualify Counsel for Proposed Intervenors which was drafted by

counsel. The factual statements contained therein are true and correct to the best of

my knowledge, information and belief although the language is that of counsel

and, to the extent the content of the foregoing document is that of counsel, I have

relied upon counsel in making this verification.

This statement is made subject to the penalties of 18 Pa. C.S.A. § 4904

relating to unsworn falsification to authorities.

_____

B. Greg Cline

Date: December 2, 2020

## CERTIFICATE OF COMPLIANCE

I, Donna A. Walsh, hereby certify that this filing complies with the

provisions of the <u>Public Access Policy of the Unified Judicial System of</u>

<u>Pennsylvania:  Case Records of the Appellate and Trial Courts</u> that require filing

confidential information and documents differently from non-confidential

information and documents.

_____
Donna A. Walsh

Dated:   December 2, 2020

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,        :

                         :

        **Plaintiff,**     :

                         :

    v.                  :    **NO.**   1:20-cv-00292

                         :           Judge Jones

ECKERT SEAMANS CHERIN &amp;  :

MELLOTT, LLC,        :    **ELECTRONCIALLY FILED**

                         :

        **Defendant.**    :

## COMPLAINT

Plaintiff Pace-O-Matic, Inc. ("POM"), by and through its undersigned counsel, alleges the following as its Complaint against Defendant Eckert Seamans Cherin & Mellott, LLC ("Eckert") in the above-captioned matter:

## NATURE OF THE ACTION

For years, POM relied on Eckert for legal advice concerning the marketing and sale of its electronic skill games and, in seeking that advice, entrusted Eckert with highly proprietary and confidential information concerning the design, development and operation of its skill games. Eckert's representation of POM has been extensive and multi-dimensional and includes the defense of POM's electronic skill games in litigation and representation of POM in government relations strategies to educate public officials about the legality of POM's skill

Case 1:20-cv-00292-JEJ    Document 69    Filed 02/13/20    Page 2 of 15

games. Eckert, however, recently took up arms on behalf of Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino") *against* POM over the continued legality of skill games. While advocating on behalf of POM that its devices are games of skill and not illegal gambling, Eckert concurrently advocates on behalf of Parx Casino that the *same games* should be outlawed as illegal gambling devices. Eckert's client's interests could not be more directly and materially adverse. When POM confronted Eckert with its impermissible conflict, Eckert further breached the duty of undivided loyalty owed to POM by dropping POM like the proverbial "hot potato" in favor of its more lucrative client relationship with Parx Casino. POM brings this action for a judicial declaration that Eckert breached and continues to breach its fiduciary duty to POM and as a result must be enjoined from representing Parx Casino in matters adverse to POM.

## PARTIES

1.    POM is a corporation organized and existing under the laws of the State of Wyoming with a principal place of business at 3450 Corporate Way, Duluth, Georgia. POM developed, produced and licensed legally compliant electronic games of skill which are sold in Pennsylvania, Virginia and elsewhere and retained Eckert to provide legal services for itself and its affiliates. The games

Case 1:20-cv-00292-JEJ    Document 69    Filed 02/13/20    Page 3 of 15

of skill that POM sells in Virginia and Pennsylvania utilize identical algorithms and there is no difference in how the machines operate or function.

2.    Eckert is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 213 Market Street, 8th Floor, Harrisburg, Pennsylvania. Eckert is a law firm that touts its ability to "develop[] strategies . . . to establish an environment in which [its gaming] clients can achieve maximum success." On information and belief, Eckert does not maintain a place of business in Wyoming or Georgia and none of its members are citizens of Wyoming or Georgia.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) in that this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. The object of the litigation is enforcement of POM's right to conflict-free legal representation. The deprivation of that right threatens the very future of POM's business in Pennsylvania and elsewhere. POM's sales of skill games in Pennsylvania exceed $75,000 and the fees paid to Eckert which are subject to disgorgement far exceed $75,000 and therefore the amount in controversy requirement in 28 U.S.C. § 1332(a) is met.

3

4.    Venue is proper in this district under 28 U.S.C. § 1391(b) because Eckert has a place of business in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND

5.    Pursuant to a written engagement letter dated September 13, 2011, Eckert agreed to provide legal services to POM in relation to "distribution of [POM]'s 'Palmetto Gold' skill games or similar devices within the Commonwealth of Pennsylvania, and any legal issues which may arise from the distribution of any such devices within the Commonwealth of Pennsylvania."

6.    Eckert provided legal services pursuant to the engagement in 2011 and, on information and belief, retains the unearned balance of the retainer remitted by POM in accordance with the September 13, 2011 engagement letter.

7.    On December 20, 2016, Eckert and POM executed a second engagement letter pursuant to which Eckert agreed to provide legal services to POM relating to "legal, regulatory and possible legislative matters in Virginia" concerning "sales and marketing of [POM's] electronics and software."

8.   Eckert's representation of POM and its affiliates pursuant to the December 20, 2016 engagement letter relates to substantially the same electronics and software referenced in the September 13, 2011 engagement letter.[1]

9.   Eckert regularly billed POM for its legal services and POM remitted very substantial fees for those legal services.

10.   Relying on the duties of undivided loyalty and confidentiality owed to POM as a client of Eckert and in furtherance of the requested legal services, POM provided Eckert with highly sensitive, proprietary, confidential and non-public information concerning its skill games and business operations as well as confidential and privileged communications concerning the development and execution of legal strategies to preserve and defend the legality of those games.

11.   Eckert regularly participated in privileged conferences with POM representatives involving and relating to POM's short and long-term business objectives, competitive business strategies, litigation matters and legal, regulatory and legislative strategies in, *inter alia*, the Commonwealth of Pennsylvania and

---

[1] The nature of Eckert's years-long representation of POM and its affiliates is described in only general terms to protect and preserve the attorney-client and attorney work product privileges. POM does not in any way waive, but on the contrary expressly reserves and asserts, the attorney-client and work product privileges with respect to all communications with and legal services provided by Eckert.

Case 1:20-cv-00292-JNEJ  Document 69  Filed 02/18/20  Page 6 of 15

Commonwealth of Virginia concerning POM's skill games. As legal counsel for POM, Eckert has been intimately involved in POM's affairs.

12. Eckert's representation of POM includes, but is not limited to: representing POM and its affiliates in meetings with law enforcement and government personnel; representing POM and its affiliates in litigation matters concerning the legality of POM's skill games; negotiating and drafting agreements between POM and its affiliates and third parties; and providing advice and counsel relating to legal, legislative and litigation strategies for marketing and selling POM skill games.

13. As counsel for POM and its affiliates, Eckert secured legal and governmental opinions attesting that POM's products are games of skill and not gambling devices and, citing those opinions, accurately asserted on June 28, 2019 in state court in Virginia that POM's games "are not illegal gambling" because "skill is determinative of successful play." In fact, the legal opinion that Eckert submitted to the court in Virginia relied on *In re Pace-O-Matic, Inc. Equip.*, M.D. 965-2013 (Ct. Common Pleas Beaver Cty. Dec. 23, 2014), which held that POM's skill games are legal in Pennsylvania.

14. Unbeknownst to POM, while Eckert was in possession of POM's confidential information and privileged communications, Eckert represented Parx

6

Casino and/or its affiliates in matters directly adverse to POM's interests and substantially related to matters Eckert handled or was handling for POM. Nevertheless, Eckert continued to represent POM, advocate for the legality of POM's skill games and participate in confidential conferences regarding POM's legal and business strategies while secretly and simultaneously advising Parx Casino on matters materially adverse to the interests of POM.

15.     Eckert's conflicted representation was exposed when Eckert openly and publicly attacked POM in the context of an action filed on behalf of Parx Casino against an establishment that offers POM skill games.  In the action filed in the Court of Common Pleas of Bucks County, Eckert fired a shot directly at POM by arguing on December 2, 2019 that POM manufactures "illegal slot machine[s]" and "deceptively market[s] these games as 'legal,' when, in fact, they are not."

16.     Eckert was actively representing POM when it made this accusation on behalf of Parx Casino against POM.  In fact, before Eckert openly attacked POM, an Eckert lawyer participated in privileged conference calls with POM and POM's Pennsylvania counsel relating to, *inter alia*, POM's Pennsylvania legal matters affecting POM and its affiliates.

17.     On or about January 10, 2020, while Eckert was representing POM, the Harrisburg-based co-chair of Eckert's gaming practice authored letters sent on

7

behalf of Parx Casino to hundreds of Pennsylvania municipalities advocating that skill games including those manufactured by POM are "illegal slot machines" that should be outlawed through a local ordinance which Eckert drafted and enclosed with the letter. Again, while Eckert was representing POM, Eckert appeared and collaborated with Parx Casino's *amicus* counsel at a January 15, 2020 hearing in the Commonwealth Court in Harrisburg to oppose POM's motion to prevent the unlawful seizure of its skill games. Further, Eckert hosted a gaming industry meeting and legislative reception in Harrisburg on February 4, 2020, just after Eckert declared its intention to drop POM as a client, at which Eckert advocated for legislation banning skill games like POM's. These and other activities by Eckert on behalf of Parx Casino are attempts to secure judicial and/or legislative determinations that POM's skill games—the same games that Eckert simultaneously promoted in Virginia as *legal* games of skill—should be illegal in Pennsylvania. Eckert engaged in these actions against POM during its concurrent representation of POM.

18.    Eckert's representation of Parx Casino is directly and materially adverse to the interests of POM. Eckert's argument on behalf of Parx Casino that POM's skill games should be illegal in Pennsylvania cannot be reconciled with Eckert's express and repeated reliance on *In re Pace-O-Matic, Inc. Equip.* which holds that POM's games are "predominantly . . . game[s] of skill rather than . . .

8

game[s] of chance" and therefore not illegal gambling devices under Pennsylvania law. Eckert simultaneously worked for and against POM in direct violation of its fiduciary and ethical duties to POM.

19.    Eckert's conflicted efforts on behalf of Parx Casino to destroy POM's Pennsylvania market threatens POM's continued existence.

20.    Eckert breached its fiduciary duty to POM, violated its duty of loyalty and violated its ethical obligations by advocating on behalf of Parx Casino directly against POM while representing POM and while in possession of POM's confidential information.

21.    Rule 1.7 of the Pennsylvania Rules of Professional Conduct provides in pertinent part that "a lawyer shall not represent a client if . . . the representation of one client will be directly adverse to another client" unless "each client affected informed consent." Pa. R. Prof. Conduct 1.7(a)(1), (b)(4).

22.    Rule 1.9 of the Pennsylvania Rules of Professional Conduct provides in pertinent part that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Pa. R. Prof. Conduct 1.9(a).

23. Rule 1.10(a) of the Pennsylvania Rules of Professional Conduct provides that, "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, or 1.9 . . . ." Pa. R. Prof. Conduct 1.10(a).

24. Eckert did not communicate information to POM concerning its direct conflict of interest before undertaking the representation of Parx Casino against POM and POM did not knowingly consent to waive Eckert's conflict of interest.

25. Eckert engaged in an impermissible conflict of interest in violation of Rules 1.7 and 1.9 by working for and against POM and, as a result, the Eckert firm and all of its attorneys are barred by Rule 1.10(a) from continuing the conflicting representation of Parx Casino.

26. POM confronted Eckert concerning its impermissible conflict and requested that Eckert withdraw from any representation of Parx Casino adverse to POM. Eckert refused to withdraw on behalf of Parx Casino and instead attempted to negate its conflict by dropping POM like a "hot potato" on January 29, 2020. Eckert's termination of its representation of POM is a further breach of the fiduciary and ethical duties owed to POM.

27.    POM has been forced to retain counsel to enforce Eckert's fiduciary and ethical obligations, to address Eckert's refusal to withdraw from the adverse representation of Parx Casino and to protect POM's interests.

28.    This Court has the power and the obligation to enforce fiduciary duties owed by a lawyer to a client and to restrain violations of a lawyer's fiduciary duties.

## COUNT I

### CLAIM FOR DECLARATORY JUDGMENT

### 28 U.S.C. §§ 2201-02

29.    Paragraphs 1 through 28 of this Complaint are incorporated by reference as if set forth fully herein.

30.    Under Pennsylvania common law, Eckert owes a fiduciary duty to POM to act with undivided loyalty. Accordingly, Eckert is prohibited from undertaking a representation adverse to POM and from misusing POM's confidences.

31.    While representing POM, Eckert acquired detailed confidential and proprietary information and privileged communications concerning POM's skill games, business operations and legal strategies that is highly relevant to its

11

Case 1:20-cv-00292-JPW  Document 69  Filed 02/18/20  Page 12 of 15

representation of Parx Casino and Parx Casino's efforts to challenge the legality of the very same POM skill games.

32.    Eckert breached its fiduciary duty to POM by representing Parx Casino in matters that are directly and materially adverse to POM and its affiliates concerning the very same POM skill games.

33.    Eckert further breached its fiduciary duty to POM by terminating its representation of POM when POM challenged its concurrent representation of Parx Casino.

34.    There exists an actual controversy between the parties as to the fiduciary and ethical duties owed by Eckert to POM and thus declaratory relief under 28 U.S.C. § 2201 is warranted.

35.    POM is entitled to a judicial declaration under 28 U.S.C. § 2201 that Eckert breached its fiduciary duty to POM by representing Parx Casino in matters directly adverse to POM.

36.    Pursuant to the authority in 28 U.S.C. § 2202 to grant further necessary relief based on a declaratory judgment, POM is also entitled to an injunction barring Eckert from representing Parx Casino or any other client in any

matter directly adverse to POM and an order compelling Eckert to disgorge all fees paid by POM and awarding other relief to remedy Eckert's unlawful conduct.

WHEREFORE, POM respectfully requests:

(1)    A judicial declaration that Eckert has breached its fiduciary duty to POM;

(2)    A judicial declaration that Eckert is enjoined from representing, advising or otherwise acting on behalf of or in support of Parx Casino and its affiliates on matters adverse to POM;

(3)    A judicial declaration that Eckert is prohibited from using, relying on or disclosing any information acquired from its representation of POM in any representation of any other client;

(4)    An order requiring Eckert to disgorge all fees paid by POM and otherwise remedy the breach of fiduciary duty; and

(5)    Such other and further relief as the Court deems appropriate under the circumstances.

13

## COUNT II

## BREACH OF FIDUCIARY DUTY

37.  Paragraphs 1 through 36 of this Complaint are incorporated by reference as if set forth fully herein.

38.  A fiduciary relationship exists between Eckert and POM and its affiliates by virtue of POM's retention of Eckert to provide legal services to it and to its affiliates.

39.  Eckert knowingly failed to act in good faith and solely for the benefit of POM and its affiliates in matters for which Eckert was employed.

40.  POM suffered and continues to suffer substantial injury as a direct result of Eckert's breach of its fiduciary duty, including, but not limited to, by incurring costs and fees to enforce the right to conflict-free representation and to otherwise protect itself against Eckert's breach of fiduciary duty.

41.  Eckert's conduct was malicious, wanton and willful and done with reckless indifference to the rights of POM and therefore warrants an award of punitive damages.

WHEREFORE, POM demands the entry of judgment in its favor and against

Eckert, together with an award of compensatory and punitive damages and such

other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier (PA ID 53248)
dbrier@mbklaw.com
Donna A. Walsh (PA ID 74833)
dwalsh@mbklaw.com
Erik R. Anderson (PA ID 203007)
eanderson@mbklaw.com

Attorneys for Plaintiff,
Pace-O-Matic, Inc.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date: February 18, 2020

15

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Pace-O-Matic, Inc. | Eckert, Seamans Cherin & Mellott, LLC |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Dauphin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel T. Brier, Esquire / Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200, Scranton, PA 18503  (570) 342-6100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 2201-02

Brief description of cause:
Action pursuant to 28 U.S.C. Section 2201 for declaration to restrain breach of fiduciary duty & related damages

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE  2/18/20

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# Exhibit B

Case 1:20-cv-00292-JPW   Document 9   Filed 03/10/20   Page 1 of 15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                          :
                                             :
                   Plaintiff,                :
                                             :
       v.                                    :       Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN & MELLOTT,             :
LLC,                                         :
                                             :
                   Defendant.                :
                                             :

ANSWER OF DEFENDANT,
ECKERT SEAMANS CHERIN & MELLOTT, LLC,
TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), by and through its

counsel, Fox Rothschild LLP, hereby answers the Complaint of plaintiff, Pace-O-Matic, Inc.

("POM"), with Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12, as follows:

ANSWER

Nature of the Action

Eckert disagrees with and denies in its entirety POM's self-serving and misleading

characterization of the nature of this action. In fact, POM mischaracterizes the nature of Eckert's

limited representation of POM. Worse, POM ignores the fact that Eckert obtained a prospective

waiver, and its representation of POM in Pennsylvania ended shortly after it began in the fall of

2011. POM also attempts to misconstrue a positional conflict with a conflict of interest as

contemplated under the Rules of Professional Conduct. Because this is not an actual conflict of

interest and the Rules of Professional Conduct do not govern positional conflicts, POM is not

entitled to any of the relief that it seeks.

## Parties

1.     Admitted in part. Denied in part. It is admitted only that POM is organized and existing under the laws of the State of Wyoming and that it has a principal place of business in Georgia. It is denied that POM retained Eckert to provide legal services in all of the jurisdictions where POM sells its products. The remaining allegations in paragraph 1 are denied on the grounds that Eckert is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

2.     Admitted.

## Jurisdiction and Venue

3.     Denied. The allegations contained in paragraph 3 of POM's Complaint are denied as conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

4.     Denied. The allegations contained in paragraph 4 of POM's Complaint are denied as conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

## Background

5.     Denied. The allegations contained in paragraph 5 of POM's Complaint are denied on the grounds that they purport to characterize the September 30, 2011 written engagement letter which, as a written document, speaks for itself. By way of further response, Eckert's representation of POM in Pennsylvania ended almost immediately after it began in the fall of 2011.

6.     Denied.

7.     Denied. The allegations contained in paragraph 7 of POM's Complaint are denied on the grounds that they purport to characterize the December 20, 2016 written engagement letter which, as a written document, speaks for itself. By way of further response, Eckert's representation of POM was limited to Virginia and subject to a prospective waiver. The Eckert attorneys who represented POM in Virginia advised POM that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

8.     Denied. The allegations contained in paragraph 8 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that they purport to characterize the written engagement letters which, as written documents, speak for themselves. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, Eckert's representation as counsel for POM was limited to Virginia and subject to a prospective waiver. The Eckert attorneys who represented POM in Virginia advised POM that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

3

9.      Denied as stated. Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. Eckert billed POM from 2017 to 2019 relating to legal services performed by Eckert on POM's behalf in Virginia.

10.      Denied. The allegations contained in paragraph 10 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia.

11.      Denied. The allegations contained in paragraph 11 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that they purport to characterize the December 20, 2016 written engagement letter which, as a written document, speaks for itself. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

12.      Denied as stated. Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

13.      Denied. The allegations contained in paragraph 13 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated. Such allegations are further denied on the grounds that they purport to characterize arguments and

4

submissions to the court which, as written documents, speak for themselves. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

14.   Denied. The allegations contained in paragraph 14 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania. Also, Eckert's representation as counsel for POM was limited to Virginia and subject to a prospective waiver. The Eckert attorneys who represented POM in Virginia advised POM that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

15.   Denied. The allegations contained in paragraph 15 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated. Such allegations are further denied on the grounds that they purport to characterize arguments and submissions to the court which, as written documents, speak for themselves. By way of further response, POM is not a party to the Bucks County action. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

16.    Denied. The allegations contained in paragraph 16 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

17.    Denied. The allegations contained in paragraph 17 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated. Such allegations are further denied on the grounds that they purport to characterize letters, arguments and submissions to the court which, as written documents, speak for themselves. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

18.    Denied. The allegations contained in paragraph 18 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania. No actual conflict of interest existed because different counsel represented POM in Pennsylvania, Eckert does not represent a party adverse to POM in litigation, and POM agreed to a prospective waiver.

6

19.     Denied. The allegations contained in paragraph 19 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania. No actual conflict of interest existed because different counsel represented POM in Pennsylvania, Eckert does not represent a party adverse to POM in litigation, and POM agreed to a prospective waiver.

20.     Denied. The allegations contained in paragraph 20 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

21.     Denied. The allegations contained in paragraph 21 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

22.     Denied. The allegations contained in paragraph 22 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

23.     Denied. The allegations contained in paragraph 23 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

24.     Denied. The allegations contained in paragraph 24 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further

7

response, Eckert's representation of POM beginning in December 2016 related entirely to the sales of POM's products in Virginia. In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania. Also, Eckert's representation of POM was limited to Virginia and subject to a prospective waiver. The Eckert attorneys who represented POM in Virginia advised POM that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

25.    Denied. The allegations contained in paragraph 25 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, and as POM is aware, Eckert appropriately screened the attorneys representing its gaming clients in Pennsylvania from the attorneys representing POM in Virginia.

26.    Admitted in part. Denied in part. It is admitted only that POM confronted Eckert about its representation of Parx Casino in Pennsylvania. The remaining factual allegations contained in paragraph 26 of POM's Complaint are denied. By way of further response, Eckert did not drop POM like a "hot potato"; instead, POM forced Eckert to terminate its representation of POM in Virginia because POM refused to acknowledge its prior waiver of any potential conflict and demanded that Eckert limit and/or withdraw from its attorney-client relationship with a prior existing client.

8

27.    Denied. The allegations contained in paragraph 27 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

28.    Denied. The allegations contained in paragraph 28 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

## COUNT I
## CLAIM FOR DECLARATORY JUDGMENT

29.    Eckert incorporates by reference its responses to paragraphs 1-28 of POM's Complaint as if the same were set forth in full herein.

30.    Denied. The allegations contained in paragraph 30 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

31.    Denied. The allegations contained in paragraph 31 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

32.    Denied. The allegations contained in paragraph 32 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

33.    Denied. The allegations contained in paragraph 33 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

34.    Denied. The allegations contained in paragraph 34 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

35.    Denied. The allegations contained in paragraph 35 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

36.    Denied. The allegations contained in paragraph 36 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

WHEREFORE, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court enter judgment in its favor and against plaintiff, Pace-O-Matic, Inc., on Count I of its Complaint and award defendant its reasonable costs and attorneys' fees.

## COUNT II
## CLAIM FOR BREACH OF FIDUCIARY DUTY

37.    Eckert incorporates by reference its responses to paragraphs 1-36 of POM's Complaint as if the same were set forth in full herein.

38.    Denied. The allegations contained in paragraph 38 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

39.    Denied. The allegations contained in paragraph 39 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

40.    Denied. The allegations contained in paragraph 40 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

41.    Denied. The allegations contained in paragraph 41 of POM's Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

WHEREFORE, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court enter judgment in its favor and against plaintiff, Pace-O-Matic, Inc., on Count II of its Complaint and award defendant its reasonable costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

By way of further response to the allegations asserted, Eckert hereby asserts the following affirmative defenses to the claims asserted in the Complaint:

### First Defense

POM's Complaint fails to state a claim against Eckert upon which relief may be granted.

### Second Defense

POM's Complaint fails to state a claim for declaratory relief.

### Third defense

POM's Complaint fails to state a claim for breach of fiduciary duty.

### Fourth Defense

POM's claims are barred, in whole or in part, by the doctrine of laches.

### Fifth Defense

POM's claims are barred by the doctrines of waiver and/or estoppel.

11

## Sixth Defense

POM's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Seventh Defense

POM has suffered no damages.

## Eighth Defense

Eckert did not cause any damages that POM allegedly sustained.

## Ninth Defense

POM's damages, if any, were caused by its own actions or inactions.

## Tenth Defense

POM is not entitled to any disgorgement of legal fees for work performed by Eckert.

## Eleventh Defense

POM is not entitled to punitive damages.

## Twelfth Defense

When POM approached Eckert about representing POM in Virginia, Eckert advised POM of its representation of other gaming clients in Pennsylvania, and POM consented to Eckert's representation of POM in Virginia knowing that Eckert represented other gaming clients in Pennsylvania.

## Thirteenth Defense

Eckert fully advised POM of Eckert's prior representation of other gaming clients in Pennsylvania, and Eckert undertook its representation of POM in Virginia subject to that disclosure and POM's waiver of any potential conflict in that regard.

12

### Fourteenth Defense

The Eckert attorneys who represented POM in Virginia advised POM that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

### Fifteenth Defense

Eckert appropriately limited the scope of its representation of POM to legal issues concerning the sale of its products in Virginia.

### Sixteenth Defense

Eckert screened the attorneys representing POM in Virginia from the attorneys representing its gaming clients in Pennsylvania.

### Seventeenth Defense

Eckert is not counsel in any litigation where POM is an adverse party.

### Eighteenth Defense

Eckert did not breach its duty of confidentiality to POM.

### Nineteenth Defense

Eckert did not breach its duty of loyalty to POM.

### Twentieth Defense

Eckert did not breach or violate any Rule of Professional Conduct.

### Twenty-First Defense

A purported violation of a Rule of Professional Conduct does not create a cause of action against an attorney.

### Twenty-Second Defense

A purported violation of a Rule of Professional Conduct does not create a presumption that an attorney has breached his/her legal duty.

### Twenty-Third Defense

Positional conflicts do not create conflicts of interest as contemplated by the Rules of Professional Conduct.

### Twenty-Fourth Defense

The "hot potato" rule is inapplicable here.

### Twenty-Fifth Defense

POM forced Eckert to terminate its representation of POM in Virginia because POM refused to acknowledge its prior waiver of any potential conflict and demanded that Eckert limit and/or withdraw from its attorney-client relationship with a prior existing client.

WHEREFORE, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court enter judgment in its favor and against plaintiff, Pace-O-Matic, Inc., on all claims contained in its Complaint and award defendant its reasonable costs and attorneys' fees.

ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendant,**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

Date:  March 10, 2020

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 10th day of March, 2020, I served

a true and correct copy of the foregoing Answer with Affirmative Defenses to the Complaint, via

ECF and U.S. First-Class Mail, upon the following:

> Daniel T. Brier, Esquire
> Myers, Brier & Kelly, LLP
> 425 Spruce Street, Suite 200
> Scranton, PA 18503
>
> **Counsel for Plaintiff**
> **PACE-O-MATIC, INC.**

ROBERT S. TINTNER, ESQUIRE

# Exhibit C

Attorneys for Plaintiff:

Daniel T. Brier
Donna A. Walsh
Myers, Brier & Kelly LLP
425 Spruce Street, Suite 200
Scranton, PA 18507
(570) 342-6100

Attorneys for Defendant:

Abraham C. Reich
Robert S. Tintner
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PACE-O-MATIC, INC.,** | ) | |
| | ) | **No. 1:20-CV-292** |
| **v.** | ) | |
| | ) | |
| **ECKERT, SEAMANS, CHERIN** | ) | **JUDGE WILSON** |
| **& MELLOTT, LLC,** | ) | |
| | ) | |

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

## 1. Principal Issues

1.1   Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

Plaintiff Pace-O-Matic, Inc. ("POM") develops, produces and licenses legally compliant electronic games of skill which have been sold in Pennsylvania and elsewhere.   In 2011, POM retained Defendant Eckert, Seamans, Cherin & Mellott, LLC ("Eckert") to provide legal services in relation to distribution of its "Palmetto Gold" skill game in Pennsylvania. In 2016, POM and Eckert entered into a second engagement letter pursuant to which Eckert agreed to provide legal services in relation to legal, regulatory and legislative matters in Virginia concerning sales and marketing of POM's skill games.   In furtherance of the requested legal services and in reliance on Eckert's duties of undivided loyalty and confidentiality, POM provided Eckert with highly sensitive, proprietary and confidential information concerning its skill games and business operations and participated with Eckert in confidential and privileged discussions concerning, *inter alia*, the development of legal strategies to preserve and defend the legality of those games.

Unbeknownst to POM, while Eckert possessed confidential information concerning POM's games and participated in privileged communications with POM personnel concerning legal matters relating to those same games, Eckert was simultaneously representing one of Pennsylvania's casinos, Parx Casino, in preparing to challenge the legality of POM's games in Pennsylvania.   In the fall and early winter of 2019, Eckert filed actions on behalf of Parx Casino in Pennsylvania state courts against nearly two dozen smoke shops, convenience stores and other establishments that offer POM skill games.   Eckert, acting on behalf of Parx Casino, is seeking in those actions a judicial declaration that skill games constitute a public nuisance.   In late 2019, Eckert openly attacked POM and its skill games in the context of those actions, falsely alleging that POM "deceptively market[s] these games as 'legal,' when, in fact, they are not."

2

Eckert's simultaneous representation of POM and Parx Casino while attacking POM on behalf of Parx Casino is a plain breach of the duty of undivided loyalty which Eckert owes to POM.   When POM confronted Eckert with its conflict, Eckert dropped POM like a "hot potato" on January 29, 2020 in favor of its more lucrative relationship with Parx Casino.

POM seeks injunctive and other relief for Eckert's breach of fiduciary duty.   Among other things, POM is entitled to disgorgement of fees paid to Eckert and an injunction barring Eckert from continuing to represent Parx Casino in matters adverse to POM.

By defendant(s):

POM approached Eckert in 2011 about representing POM in Pennsylvania concerning the proposed distribution of one of its games, "Palmetto Gold."   After making several inquiries and doing some limited investigation, Eckert advised POM that it could not represent POM.   Eckert returned the balance of the retainer provided.

In 2016, POM approached Eckert about representing POM in Virginia.   POM agreed to a prospective waiver.   Further, Eckert agreed to represent POM on the condition that POM had no objection to POM's prior and pre-existing representation of gaming clients in Pennsylvania.   POM agreed, and Eckert undertook the representation.   An ethical screen was put in place between the attorneys representing Eckert's gaming clients in Pennsylvania and the lawyers representing POM in Virginia.   There was no sharing of any confidential or other proprietary information for any of the clients by their respective attorneys subject to the ethical screen.

Represented by counsel other than Eckert, POM filed a Petition for Review in the Commonwealth Court of Pennsylvania concerning the legal status of its games in Pennsylvania.   Eckert is not involved in that case.

3

In October 2019, POM raised concerns about positions that Eckert was taking in litigation in which POM was not a party but where POM alleges an interest in the outcome of the case. The cases at issue are pending in Bucks County and Montgomery County, Pennsylvania. POM sought a stay of those cases pending the outcome of its case in the Commonwealth Court and, to date, all of the Bucks County cases are stayed. Ultimately, POM demanded that Eckert withdraw from its representation of its Pennsylvania gaming clients. As that condition could not be met, and POM refused to acknowledge its prior waiver of the potential conflict that it was then asserting in connection with Eckert's representation of its gaming clients in Pennsylvania, Eckert was left with no alternative but to withdraw from its representation of POM in Virginia.

Eckert is not representing a client that is directly adverse to POM in Pennsylvania. Eckert did not drop POM like a "hot potato" as Eckert's representation of its gaming client predated any representation of POM. Eckert did not disclose any confidential information or otherwise breach any duties owed to POM.

There is no basis for injunctive relief or any of the damages that POM is seeking.

1.2    The facts the parties <u>dispute</u> are as follows:

    1.21    Whether, while still representing POM, Eckert challenged the legality of POM's skill games on behalf of Parx Casino.

    1.22    Whether Eckert, on behalf of Parx Casino, advocated in Pennsylvania state court actions that POM "deceptively market[s] [its skill] games as 'legal,' when, in fact, they are not."

    1.23    Whether Eckert ever disclosed to POM that it had been engaged by Parx Casino to challenge the legality of POM's skill games.

    1.24    Whether Eckert withdrew from the representation of POM on January 29, 2020 after POM allegedly demanded that Eckert withdraw from its representation of its Pennsylvania gaming clients and refused to acknowledge an alleged waiver of any potential conflict.

4

1.25  Whether Eckert continues to represent Parx Casino in matters adverse to POM relating to the legality of POM skill games.

1.26  Whether, as of the date of Eckert's withdrawal as counsel for POM, Eckert represented POM only with respect to the sale of its products in Virginia.

agree upon are as follows:

1.27  In December 2016, POM engaged Eckert to provide legal services concerning matters in Virginia relating to the sales and marketing of its electronics and software.

1.28  The partner in charge of the POM relationship at Eckert from December 2016 to September 2018 was Thomas A. Lisk.

1.29  POM paid Eckert more than $700,000.00 in legal fees.

1.3  The legal issues the parties dispute are as follows:

1.31  Whether Eckert breached a fiduciary duty to POM.

1.32  Whether Eckert violated its duty of confidentiality to POM.

1.33  Whether Eckert violated its duty of loyalty to POM.

1.34  Whether POM is entitled to any disgorgement of legal fees.

1.35  Whether POM agreed to Eckert's alleged condition of representation that it waive any conflict of interest with respect to Eckert's representation of gaming clients in Pennsylvania and whether any such alleged waiver is valid.

agree upon are as follows:

1.36  Eckert owes a duty of undivided loyalty to POM.

1.37  Eckert owes a duty of confidentiality to POM.

1.4  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

Per the Court's request, the parties will brief the issue concerning subject matter jurisdiction.

5

1.5   Identify any named parties that have not yet been served:

None.

1.6   Identify any additional parties that:

plaintiff(s) intends to join:   None at this time.

defendant(s) intends to join:

1.7   Identify any additional claims that:

plaintiff(s) intends to add:   None at this time.

defendant(s) intends to add:

## 2.0   Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Plaintiff:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| B. Greg Cline | General Counsel, Pace-O-Matic, Inc. |
| Thomas A. Lisk | Former Member, Eckert, Seamans, Cherin & Mellott, LLC |

Disclosed by Defendant:

| Name | Title/Position |
|------|----------------|
| Mark Stewart | Co-Chair of Gaming Practice, Eckert, Seamans, Cherin & Mellott, LLC |
| Anthony F. Troy | Member, Eckert, Seamans, Cherin & Mellott, LLC |
| Timothy S. Coon | Chief Legal Officer, Eckert, Seamans, Cherin & Mellott, LLC |
| Matthew B. Kirsner | Member, Eckert, Seamans, Cherin & Mellott, LLC |
| David J. Mayernik | Member, Eckert, Seamans, Cherin & Mellott, LLC |

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|------------------|--------------|-------------------------|
| Motion for Prelim. Inj. | Plaintiff | March 10, 2020 |

**4.0   Discovery**

4.1   Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

By defendant(s):

7

4.2 Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

POM will serve written discovery requests and will depose Eckert personnel and other persons with relevant knowledge, including a 30(b)(6) designate of Eckert. POM will also serve third-party subpoenas to obtain relevant documents.

Eckert will send written discovery requests and conduct depositions. Eckert may also send third-party subpoenas.

4.3 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

4.4 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

4.5 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1 depositions (excluding experts) to be taken by:

        plaintiff(s):__7____        defendant(s):___7___

    4.5.2 interrogatories to be served by:
        plaintiff(s):__25____        defendant(s):__25_____

8

    4.5.3  document production requests to be served by:

        plaintiff(s):___25___        defendant(s):___25___

    4.5.4  requests for admission to be served by:

        plaintiff(s):___25___        defendant(s):___25___

4.6    Discovery of Electronically Stored Information

X Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0  Protective Order

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.   Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

Both parties may request an appropriate protective order as the matter progresses.

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 6.0  Scheduling

6.1    Final date for joining additional parties:

July 1, 2020_____  Plaintiff(s)

July 1, 2020_____  Defendants(s)

6.2   Final date for amending pleadings:

July 1, 2020_____ Plaintiff(s)

July 1, 2020_____ Defendants(s)

6.3   All fact discovery commenced in time to be completed by:

October 30, 2020

6.4   All potentially dispositive motions should be filed by:   November 30, 2020

6.5   Reports from retained experts due:

from plaintiff(s) by _November 30, 2020_____

from defendant(s) by _January 1, 2021_____

6.6   Supplementations due   _January 15, 2021_____

6.7   All expert discovery commenced in time to be completed by February 12, 2021_____

6.8   This case may be appropriate for trial in approximately:

___ 240 Days from the filing of the action in this court

___ 365 Days from the filing of the action in this court

425 Days from the filing of the action in this court

6.9   Suggested Date for the final Pretrial Conference:

_April 11, 2021_____

6.10  Trial

10

6.10.1  Suggested Date for Trial:

_May 2021_____

## 7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

B. Greg Cline
General Counsel, Pace-O-Matic, Inc.
c/o Myers, Brier & Kelly LLP
425 Spruce Street, Suite 200
Scranton, PA 18507
(570) 342-6100

Timothy S. Coon
Chief Legal Officer
Eckert, Seamans, Cherin & Mellott, LLC
c/o Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222

## 8.0    Alternative Dispute Resolution ("ADR")

8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure_ N/A _____
Date ADR to be commenced_____
Date ADR to be completed_____

8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

11

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

## 9.0    Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __Y _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    _____ Scranton/Wilkes-Barre
    _____ Harrisburg
    _____Williamsport

## 10.0    Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

## 11.0    Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.   Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.   Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.   The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.   Also please indicate ECF User status below.

Dated:                     s/ Daniel T. Brier
                                 Attorney(s) for Plaintiff(s)

                X     ECF User(s)
                ☐     Waiver requested (as separate document)
                ☐     Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:                     s/ Robert S. Tintner
                                 Attorneys(s) for Defendant(s)

                X     ECF User(s)
                ☐     Waiver requested (as separate document)
                ☐     Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

13

# Exhibit D

| | |
|---|---|
| **From:** | Romano, Karen M. |
| **To:** | Mark S. Stewart |
| **Subject:** | [External] RE: POM Opinion - next steps |
| **Date:** | Tuesday, November 26, 2019 3:51:08 PM |

Hi Mark,

No formal decision has been made but, generally, my clients are interested in exploring our appellate options. Our Chief of appeals is in the process of reviewing the decision so we can make a determination as to whether that is feasible.   Happy Thanksgiving to you as well.

Karen M. Romano
Acting Chief Deputy Attorney General
(717) 787-2717

---

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Tuesday, November 26, 2019 1:50 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Subject:** RE: POM Opinion - next steps

Hi, Karen. Just touching base to see if there was anything new on this matter. To the extent you are interested, we have identified a few cases where the court has looked to other statutes specifically to determine what a definition means in the law under consideration.  Of course, the cases are legion that hold generally that you look to such other same/similar subject laws for construction under 1 Pa.CS §§ 1921(c)(5) and 1932.  And, as we noted, 18 Pa.CS 5513(e.1)(4) ties the provision directly to Title 4 and the slot machine activity conducted thereunder.

I assume you have this, but I wanted also to pass along is the link to the floor debate on HB 271: https://www.legis.state.pa.us/WU01/LI/HJ/2017/0/20171025.pdf.  The relevant discussion begins on the page that has "1773" at the top.  Interestingly, the Court only quoted part of this debate; the part where one representative states that the bill does not address skill games.  The quote references the comments of Representative Scott Petri, who was chair of the House Gaming Oversight Committee, in which he stated that the bill would render skill games illegal as slot machines.  His comments, specifically, were that the definitional changes in HB 271 to the definition of slot machines would render the skill games illegal – under the Crimes Code.  The Court didn't reference Representative Petri's comments as part of its analysis of the scope of the Gaming Act, but the floor comments would go directly to the applicability of the slot machine definition in the Act to interpreting what is a slot machine under the Crimes Code.

Ultimately, should you move for summary relief on POM's claims under 5513, based on the slot machine argument, we (and other casinos) would be interested in filing an amicus brief in support of your position. So, just trying to provide some guidance for the clients on that front.

Thanks.  Hope you have a great and work-free Thanksgiving.

**Mark S. Stewart, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

ECKERT00316

213 Market Street · 8th Floor · Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

**From:** Romano, Karen M. [mailto:kromano@attorneygeneral.gov]
**Sent:** Friday, November 22, 2019 2:19 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>; Kevin M. Skjoldal
<KSkjoldal@eckertseamans.com>
**Subject:** [External] RE: POM Opinion - next steps

Thanks, Mark.  I appreciate this perspective.

Karen M. Romano
Acting Chief Deputy Attorney General
(717) 787-2717

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Friday, November 22, 2019 1:56 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>; Kevin M. Skjoldal
<KSkjoldal@eckertseamans.com>
**Subject:** RE: POM Opinion - next steps

Karen

Thanks very much for considering our thoughts.  We appreciate your point on the "if" language, but the "slot machine" language in 5513(a) will still need to be dealt with by the Court.  And, that question is one of law, not fact.  Certainly, the Court's conclusion that the games are slot machines under the Gaming Act should inform the 5513 "slot machine" interpretation.  Throughout the rest of the decision (especially B.2), the Court continues referring to them as slot machines and discusses whether the Gaming Act was intended to address "all unlicensed and/or illegal slot machines."  The conclusion is more about the limits of the Gaming Act to address illegal slot machines, than POM's games ceasing to be slot machines.

I read the Court's comment in fns 17 and 19 more as preserving the potential illegality under 5513 and this issue for you; not necessarily indicating that the term "slot machine" is going to be given a different meaning in 5513.  For all the reasons outlined below (as well as the rule in 1 Pa.C.S. § 1932), the Court should find a slot is a slot is a slot.  If the Court finds that "slot machine" means X in Title 4, and it means Y in 5513, then we'll all be stuck with the game by game, skill/chance analysis.

Thanks again.  And you have a nice weekend too!

**Mark S. Stewart, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street · 8th Floor · Harrisburg, PA 17101

ECKERT00317

Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

**From:** Romano, Karen M. [mailto:kromano@attorneygeneral.gov]
**Sent:** Friday, November 22, 2019 12:46 PM
**To:** Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Cc:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** [External] RE: POM Opinion - next steps

Hi Kevin,
Thank you for this analysis, it is very helpful. As I mentioned yesterday, while I certainly I agree this is how the law should be applied to the analysis, I am concerned the Court has wiggle room to avoid such a conclusion because of how they worded the opinion. The Court stated that POM's Game meets the definition of slot machine, skilled slot machine, manufacturer and supplier *if* the Gaming Act applies to them and then went on to say the Gaming Act doesn't apply. In any event, I am scheduled to speak with my clients Monday afternoon to discuss next steps. I will let you know how we plan to proceed. Have a nice weekend.

Karen M. Romano
Acting Chief Deputy Attorney General
(717) 787-2717

**From:** Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Sent:** Friday, November 22, 2019 12:36 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Cc:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** POM Opinion - next steps

Karen:

As we discussed the other day, while there is some flawed analysis in the Commonwealth Court's recent decision in the POM action, there are positive points as well. Most significantly, the Court concluded that POM's games are slot machines. This determination should dictate the applicability of Section 5513 of the Crimes Code to the machines, and it sets this case up nicely for a motion for judgment on the pleadings on the principal issue in POM's complaint (i.e., the legality of their games).

Section 5513 of the Crimes Code states, in part, that:

> A person is guilty of a misdemeanor of the first degree if he:
>
> (1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease or gift, any punch board, drawing card, <u>slot machine</u> or any device to be used for gambling purposes, except playing cards ....

**ECKERT00318**

If the conduct in question involves punch boards, drawing cards or slot machines, you do not need to go to the skill-chance test to determine a violation. The conduct is illegal by the statute's express terms.

Although the term "slot machine" is not defined in the Crimes Code, the Legislature has clearly defined that term in the Gaming Act – and the Court found POM's machines fall within it. Absent some express declaration by the Legislature, or a "notwithstanding any other provision of law" type of clause, the same word cannot have two different, and conflicting, meanings.

In fact, the rules of statutory construction require just the opposite. It is well-established that the meaning of words in a statute may be ascertained by considering other statutes concerning the same or similar subjects. 1 Pa.C.S. § 1921; see also *PPL Holtwood, LLC v. Pike County Bd. of Assessment & Revision of Taxes*, 846 A.2d 201, 207 (Pa. Cmwlth 2004) ("We may, of course, derive guidance from another statute that is concerned with the same or a similar subject pursuant to Section 1921(c)(5) of the Statutory Construction Act.").

Both the Gaming Act and Section 5513 address the same subject: gambling. Even more specifically, the Gaming Act allows certain persons (i.e., licensees) to have "slot machines" that would be otherwise be illegal under Section 5513(a). Indeed, § 5513 expressly ties itself to the Gaming Act by providing that nothing therein prohibits lawful conduct under the Gaming Act. 18 Pa.C.S. § 5513 (e.1). If the "slot machine" referenced in Section 5513(a) is not the same "slot machine" referenced in the Gaming Act, then the exemption in 5513(e.1) would be completely unnecessary and surplusage. As such, the law is clear that slot machines are illegal under the Crimes Code unless they are offered by a slot machine licensee in a licensed facility.

As you know, the interpretation of § 5513 is a legal issue that can be addressed by the Court on a motion for judgment on the pleadings. Because the Court has already determined POM's games are slot machines, this issue should be a straightforward matter of statutory interpretation. A motion for judgment on the pleadings would seem to be the most efficient and effective measure for bringing the issue before the Court and concluding the litigation.

However, we could also understand if you are thinking about asking for reconsideration of the Court's decision. The Court did not address those provisions of the Gaming Act that are directly applicable to unlicensed persons. For example, §§ 1518(a)(9), (9.1), and (10) are criminal offenses that apply to any "person," and are not limited to only licensed entities. *See* 4 Pa.C.S. §§ 1518(a)(9),(9.1), and (10). And, § 1518(f) provides for the seizure of the unlawful machines and money from these unlicensed persons. 4 Pa.C.S. § 1518(f). It would have been helpful for the Court to recognize that the Gaming Act does have applicability to unlicensed persons and entities in these instances.

Regardless of whether you seek reconsideration, the plain language of the Gaming Act is clear that your Gaming Unit and the district attorneys are

ECKERT00319

specifically authorized to investigate and prosecute these offenses against unlicensed persons. 4 Pa.C.S. § 1517(d). The Court did not address these provisions in its opinion, so it would seem that the OAG would still have this power in its arsenal to go after POM's slot machines.

Please let us know how you intend to proceed. We would welcome the chance to discuss these issues, especially the Section 5513 analysis. If we can be of any assistance, please let us know.

Thanks,

Kevin

**Kevin M. Skjoldal**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street  ·  8th Floor  ·  Harrisburg, PA 17101
Direct (717) 237.6039
kskjoldal@eckertseamans.com

eckertseamans.com  |  bio  |  vCard  |  LinkedIn

This communication may contain federal tax advice. Recent IRS regulations require us to advise you that any discussion of federal tax issues in this communication was not intended or written to be used and cannot be used to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein. Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the Firm's Tax partners if you have any questions regarding federal tax advice.

------------------------------------------------------------------

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

Click here to report this email as spam.

The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers. Unintended transmissions shall not constitute waiver of any applicable attorney-client or any other applicable privilege. PA-OAG

This message has been scanned for malware by Websense. www.websense.com

------------------------------------------------------------------

ECKERT00320

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

------------------------------------------------------------------

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

ECKERT00321

# Exhibit E

| From: | Mark S. Stewart |
|---|---|
| To: | Romano, Karen M. |
| Subject: | RE: Continuance |
| Date: | Tuesday, December 17, 2019 10:34:20 AM |

Thanks, Karen.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

**From:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Sent:** Tuesday, December 17, 2019 9:53 AM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** [External] RE: Continuance

FYI our continuance request was granted. Response deadline is still tomorrow.

Karen M. Romano
Chief Deputy Attorney General
(717) 787-2717

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Tuesday, December 17, 2019 8:29 AM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Subject:** RE: Continuance

Hey, Karen. Good seeing you. Kevin M. advises that Wicket is the main case I was referencing, but that it was actually a rules amendment that happened after that case that is applicable. He's saying 311(a)(8) is what applies. FWIW.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

**From:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Sent:** Monday, December 16, 2019 5:02 PM

ECKERT00299

**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** [External] RE: Continuance ·

Hi Mark,
A copy of the filing is attached.  We asked to continue the hearing to January but did not ask to move the response deadline (probably a poor decision on my part as I haven't started drafting it yet).  POM did concur.

Karen M. Romano
Chief Deputy Attorney General
(717) 787-2717

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Monday, December 16, 2019 4:45 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Subject:** Continuance

Karen — Saw a continuance request was filed.  I assume it is not objected to by POM since they have the special injunction in place.  Can you confirm, and can you advise if the proposal changes the date for your answer/response?  We cannot get access to the document until tomorrow due to court being closed, and we're anticipating potentially filing an amicus in support of the Commonwealth so trying to assess if it impacts that due date.

Thanks.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

Click here to report this email as spam.

The information transmitted is intended only for the person or entity to whom it is addressed

ECKERT00300

and may contain confidential and/or privileged material. Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers. Unintended transmissions shall not constitute waiver of any applicable attorney-client or any other applicable privilege. PA-OAG

This message has been scanned for malware by Websense. www.websense.com

------------------------------------------------------------------

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

ECKERT00301

# Exhibit F

## Pace-O-Matic, Inc. v. Eckert Seamans; Docket No: 1:20-cv-00292
### Eckert Seamans' Privilege Log

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 2/14/2017 15:34 | Games of Skill | Yes | Jennifer Skoff | Bob Green, Anthony Ricci, Richard Gmerek, Sean Shafer | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/20/2017 0:02 | RE: | Yes | Mark Stewart | Richard Gmerek | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/6/2017 11:46 | FW: Skill Games | Yes | Mark Stewart | Anthony Ricci, Bob Green | Richard Gmerek, Sean Shafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/20/2018 10:09 | Skill Games - New Castle | No | Richard Gmerek | Bob Green , Anthony Ricci | Mark Stewart, Sean Shafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/20/2018 10:12 | RE: Skill Games - New Castle | No | Richard Gmerek | Bob Green , Anthony Ricci | Mark Stewart, Sean Shafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/9/2018 16:22 | RE: Skill games lawsuit | No | Mark Stewart | Bob Green , Anthony Ricci , Richard Gmerek, Sean Schafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/10/2018 13:11 | FW: Pong Marketing v. Miele Amusements, Skill games lawsuit | Yes | Mark Stewart | Bob Green , Anthony Ricci , Richard Gmerek, Sean Shafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/27/2018 14:04 | FW: Parx, POM actions - skill games | No | Mark Stewart | Bob Green , Anthony Ricci, Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/28/2018 19:57 | RE: Some litigation / legislative updates | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/28/2018 20:12 | [External] RE: Some litigation / legislative updates | No | Thomas Bonner | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/28/2018 20:13 | FW: Parx; POM actions - skill games | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/28/2018 20:15 | RE: Some litigation / legislative updates | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/24/2019 16:07 | FW: Parx, POM actions - skill games | Yes | Mark Stewart | Bob Green, Anthony Ricci , Richard Gmerek, Sean Schafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/13/2019 12:07 | FW: Parx, POM actions - skill games | No | Mark Stewart | Bob Green, Anthony Ricci, Richard Gmerek,Sean Shafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/1/2019 11:01 | RE: Skills games | No | Mark Stewart | Richard Gmerek, Bob Green, Anthony Ricci | Sean Shafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/1/2019 11:06 | [External] Re: Skills games | No | Richard Gmerek | Mark Stewart | Bob Green, Anthony Ricci, Sean Shafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 3/1/2019 11:39 | [External] Re: Skills games | No | Sean Shafer | Richard Gmerek | Mark Stewart, Bob Green, Anthony Ricci | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/1/2019 15:53 | RE: [External] Re: Skills games | No | Mark Stewart | Sean Shafer, Richard Gmerek | Bob Green, Anthony Ricci | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/1/2019 15:55 | Re: [External] Re: Skills games | No | Richard Gmerek | Mark Stewart | Sean Shafer, Bob Green, Anthony Ricci | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/1/2019 15:58 | Re: [External] Re: Skills games | No | Sean Shafer | Richard Gmerek | Mark Stewart, Bob Green, Anthony Ricci | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/1/2019 16:00 | RE: [External] Re: Skills games | No | Mark Stewart | Sean Shafer, Richard Gmerek | Bob Green, Anthony Ricci | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/18/2019 15:52 | RE: ILottery and skill games litigation | Yes | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/12/2019 14:36 | [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Sean Shafer | Anthony Ricci, Richard Gmerek, Mark Stewart, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/12/2019 14:49 | [External] RE: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Richard Gmerek | Sean Shafer | Anthony Ricci, Mark Stewart, Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/12/2019 15:16 | [External] RE: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Richard Gmerek | Sean Shafer | Anthony Ricci, Mark Stewart, Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/15/2019 10:00 | RE: [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Mark Stewart | Sean Shafer, Anthony Ricci, Richard Gmerek, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/15/2019 10:03 | RE: [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Mark Stewart | Sean Shafer, Anthony Ricci, Richard Gmerek, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/15/2019 11:30 | RE: [External] Re: Draft skill games industry letter | No | Mark Stewart | Richard Gmerek | Bob Green , Anthony Ricci, Sean Shafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/22/2019 21:17 | [External] Upcoming GRI board meeting | No | Thomas Bonner | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/23/2019 15:24 | RE: Upcoming GRI board meeting | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 4/24/2019 15:48 | [External] Yes? No? | No | Richard Gmerek | Bob Green , Tony Ricci | Mark Stewart, Sean Shafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/25/2019 10:32 | [External] RE: Yes? No? | No | Richard Gmerek | Bob Green , Tony Ricci | Mark Stewart, Sean Shafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/25/2019 16:26 | FW: [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Mark Stewart | Bob Green , Anthony Ricci , Richard Gmerek,Sean Shafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/25/2019 21:06 | FW: Parx; POM, skill game, oral argument | Yes | Mark Stewart | Bob Green; Anthony Ricci; Richard Gmerek; Sean Schafer | Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/25/2019 22:01 | Re: [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Richard Gmerek | Mark Stewart | Bob Green, Anthony Ricci,Sean Shafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/26/2019 9:59 | RE: [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Mark Stewart | Sean Schafer , Richard Gmerek | Bob Green, Anthony Ricci | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/26/2019 11:41 | Re: [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Sean Schafer | Mark Stewart | Richard Gmerek, Bob Green, Anthony Ricci | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/26/2019 11:54 | RE: [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Richard Gmerek | Mark Stewart,Sean Shafer | Bob Green, Anthony Ricci | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/26/2019 12:15 | RE: [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Mark Stewart | Sean Schafer | Richard Gmerek, Bob Green, Anthony Ricci | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/26/2019 12:15 | RE: [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Mark Stewart | Sean Schafer | Richard Gmerek, Bob Green, Anthony Ricci | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/26/2019 15:47 | [External] RE: Parx; POM, skill game, oral argument | No | Richard Gmerek | Mark Stewart; Bob Green; Anthony Ricci; Sean Schafer | Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/26/2019 18:58 | RE: Upcoming GRI board meeting | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/26/2019 19:42 | [External] RE: Upcoming GRI board meeting | No | Thomas Bonner | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 4/26/2019 19:56 | RE: Upcoming GRI board meeting | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/2/2019 13:49 | Skill Games legality opinion"" | Yes | Mark Stewart | Bob Green,Sean Shafer, Richard Gmerek | Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/2/2019 13:50 | Skill Games legality opinion"" | Yes | Mark Stewart | Bob Green,Sean Shafer, Richard Gmerek | Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/2/2019 15:29 | Hahn response | Yes | Mark Stewart | Richard Gmerek,Sean Shafer | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/2/2019 16:40 | RE: [External] Re: Hahn response | Yes | Mark Stewart | Sean Schafer | Richard Gmerek, Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/6/2019 16:02 | Parx; Skill Games, letter regarding POMs Sur-Reply Brief | Yes | Kevin Skjoldal | Bob Green; Sean Schafer; Richard Gmerek; Thomas Bonner | Mark S Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/6/2019 18:48 | [External] Re: Parx; Skill Games, letter regarding POMs Sur-Reply Brief | No | Sean Schafer | Kevin Skjoldal | Bob Green; Richard Gmerek; Thomas Bonner; Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/6/2019 19:43 | RE: [External] Re: Parx; Skill Games, letter regarding POMs Sur-Reply Brief | No | Kevin Skjoldal | Sean Schafer | Bob Green; Richard Gmerek; Thomas Bonner; Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/9/2019 22:23 | FW: POM of Pennsylvania Oral Argument Report | Yes | Mark Stewart | Bob Green, Richard Gmerek, Sean Shafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/10/2019 13:31 | Summary of skill games oral argument | Yes | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/20/2019 23:17 | [External] Update | No | Thomas Bonner | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/21/2019 0:07 | RE: [External] Update | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/22/2019 13:54 | RE: [External] Update | No | Mark Stewart | Thomas Bonner | Bryan Schroeder | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/22/2019 14:03 | RE: [External] Update | No | Mark Stewart | Thomas Bonner | Bryan Schroeder | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/28/2019 16:03 | [External] Skill Games Meeting w/ Local Legislators | Yes | Sean Schafer | Richard Gmerek, Bob Green, Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/28/2019 16:22 | RE: [External] Skill Games Meeting w/ Local Legislators | No | Mark Stewart | Sean Schafer , Richard Gmerek, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 5/29/2019 12:09 | [External] RE: Skill Games Meeting w/ Local Legislators | No | Richard Gmerek | Bob Green, Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/3/2019 19:53 | [External] Farry Conversation | No | Sean Schafer | Bob Green; Mark Stewart; Richard Gmerek; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/12/2019 16:55 | FW: [External] Fwd: LCB notice to licensees re: skill games | No | Mark Stewart | Bob Green, Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/14/2019 18:19 | [External] RE: Reply to Haverstick letter to Diaz | Yes | Richard Gmerek | Mark Stewart; Thomas Bonner; Bob Green; Sean Schafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/14/2019 18:29 | [External] FW: Reply to Haverstick letter to Diaz | Yes | Thomas Bonner | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/14/2019 18:56 | RE: Reply to Haverstick letter to Diaz | No | Mark Stewart | Richard Gmerek; Sean Schafer | Thomas Bonner; Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/14/2019 21:21 | Question piece for Farry | Yes | Mark Stewart | Richard Gmerek; Sean Schafer | Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/14/2019 21:50 | [External] RE: Reply to Haverstick letter to Diaz | No | Richard Gmerek | Bob Green | Thomas Bonner; Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/14/2019 21:51 | RE: Reply to Haverstick letter to Diaz | No | Mark Stewart | Richard Gmerek; Bob Green | Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/17/2019 20:05 | RE: Question piece for Farry | Yes | Mark Stewart | Richard Gmerek; Sean Schafer | Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/17/2019 20:51 | [External] RE: Question piece for Farry | No | Richard Gmerek | Mark Stewart; Sean Schafer | Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/17/2019 21:22 | [External] Re: Question piece for Farry | No | Sean Schafer | Richard Gmerek | Mark Stewart; Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/17/2019 21:30 | [External] Re: Question piece for Farry | No | Richard Gmerek | Sean Schafer | Mark Stewart; Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/18/2019 14:12 | [External] Skill Games Attorney | Yes | Bryan Schroeder | Mark Stewart | Thomas Bonner; Sarah Stoner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/18/2019 14:19 | RE: Skill Games Attorney | No | Mark Stewart | Bryan Schroeder | Thomas Bonner; Sarah Stoner; Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/18/2019 14:35 | [External] Re: Skill Games Attorney | No | Richard Gmerek | Mark Stewart | Bryan Schroeder; Thomas Bonner; Sarah Stoner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 6/18/2019 15:49 | RE: Skill Games Attorney | No | Mark Stewart | Richard Gmerek | Bryan Schroeder; Thomas Bonner; Sarah Stoner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/18/2019 20:24 | Skill Games legal plan | No | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/18/2019 20:45 | RE: Skill Games legal plan | No | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/19/2019 12:43 | [External] Re: T | No | Richard Gmerek | Bob Green | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/19/2019 13:04 | [External] Re: T | No | Richard Gmerek | Bob Green | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/19/2019 13:55 | [External] Re: T | No | Richard Gmerek | Bob Green | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/19/2019 14:07 | [External] Re: T | No | Richard Gmerek | Bob Green | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/19/2019 14:59 | RE: [External] Re: T | No | Mark Stewart | Richard Gmerek, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/19/2019 15:00 | Re: [External] Re: T | No | Richard Gmerek | Mark Stewart | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/19/2019 15:38 | RE: [External] Re: T | No | Mark Stewart | Richard Gmerek | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/19/2019 15:42 | RE: [External] Re: T | No | Mark Stewart | Richard Gmerek | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/11/2019 10:57 | [External] FW: Former U.S. Attorney and Congressman Tom Marino Stops in Johnstown to Announce Lawsuit Against Illegal Gambling Machine Operators | No | Richard Gmerek | Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/11/2019 19:59 | [External] Fwd: Former U.S. Attorney and Congressman Tom Marino Stops in Johnstown to Announce Lawsuit Against Illegal Gambling Machine Operators | No | Sean Shafer | Richard Gmerek, Mark Stewart, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 7/11/2019 20:15 | [External] Re: Former U.S. Attorney and Congressman Tom Marino Stops in Johnstown to Announce Lawsuit Against Illegal Gambling Machine Operators | No | Richard Gmerek | Sean Shafer | Mark Stewart, Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/11/2019 21:17 | [External] Re: Former U.S. Attorney and Congressman Tom Marino Stops in Johnstown to Announce Lawsuit Against Illegal Gambling Machine Operators | No | Sean Shafer | Richard Gmerek | Mark Stewart, Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/15/2019 10:15 | [External] Fwd: Former U.S. Rep. Tom Marino takes aim at 'illegal games,' announces lawsuit against Boalsburg bar | No | Richard Gmerek | Bob Green, Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/16/2019 13:26 | [External] Litigation update - board meeting | Yes | Thomas Bonner | Mark Stewart | Sarah Stoner; Kristine Marsilio | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/16/2019 23:06 | POM complaint | Yes | Mark Stewart | Bob Green, Richard Gmerek, Sean Shafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/17/2019 14:38 | FW: Parx, Skill Games - Dauphin County decision | No | Mark Stewart | Richard Gmerek, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/17/2019 15:28 | [External] Re: Parx, Skill Games - Dauphin County decision | No | Richard Gmerek | Mark Stewart | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/17/2019 16:26 | FW: Parx, Skill Games - Dauphin County decision | No | Mark Stewart | Richard Gmerek, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/17/2019 16:36 | RE: Parx, Skill Games - Dauphin County decision | No | Mark Stewart | Richard Gmerek | Bob Green, Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/17/2019 16:48 | [External] Re: Parx, Skill Games - Dauphin County decision | No | Richard Gmerek | Mark Stewart | Bob Green, Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/17/2019 21:15 | RE: Parx, Skill Games - Dauphin County decision | No | Kevin Skjoldal | Mark Stewart, Richard Gmerek | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/18/2019 9:23 | RE: Parx, Skill Games - Dauphin County decision | No | Mark Stewart | Kevin Skjoldal, Richard Gmerek | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/19/2019 20:57 | RE: Litigation update - board meeting | Yes | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 7/25/2019 18:26 | RE: POM - Cambria County suit | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 7/25/2019 19:04 | [External] RE: POM - Cambria County suit | No | Thomas Bonner | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 8/7/2019 17:18 | [External] Skill Games PAC Report | Yes | Sean Schafer | Bob Green; Richard Gmerek; Thomas Bonner; Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 8/14/2019 16:40 | [External] FW: Pace-O-Matic Findings | Yes | Grace H. Flanagan | Mark Stewart; Kevin Skjoldal | Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 8/16/2019 10:16 | Parx, Pace-O-Matic sites in Bucks County | No | Kevin Skjoldal | Christopher White | Grace Flanagan, Mark Stewart, Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 8/16/2019 10:35 | [External] RE: Parx, Pace-O-Matic sites in Bucks County | No | Christopher White | Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 8/16/2019 10:42 | RE: Parx, Pace-O-Matic sites in Bucks County | No | Kevin Skjoldal | Christopher White | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 9/12/2019 18:19 | FW: Parx/skill games; new articles | No | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek; Sean Schafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 9/12/2019 19:25 | [External] Re: FW: Parx/skill games; new articles | Yes | Sean Schafer | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 9/12/2019 20:51 | [External] Re: Parx/skill games; new articles | No | Richard Gmerek | Mark Stewart | Bob Green; Thomas Bonner; Sean Schafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 9/13/2019 14:26 | RE: PLD - COMPLAINT SKILL GAMES LITIGATION PARX V. JSB NEWGAS (L0830697xA35AE) | No | Mark Stewart | Andrew Kramer; Thomas Bonner; Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 9/13/2019 14:44 | RE: Parx/skill games; new articles | No | Mark Stewart | Richard Gmerek | Bob Green; Thomas Bonner; Sean Schafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 9/20/2019 18:21 | RE: Skill games complaints | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 9/24/2019 16:44 | FW: [External] Re: FW: Parx/skill games; new articles | Yes | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 9/27/2019 20:16 | Parx; SPQR Amusements and pending skill games case | Yes | Kevin Skjoldal | Bob Green; Thomas Bonner; Richard Gmerek; Sean Schafer | Mark S Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 10/4/2019 17:38 | RE: Parx; skill game complaints - October 4, 2019 | No | Kevin Skjoldal | Sean Schafer; Bob Green; Thomas Bonner; Richard Gmerek | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/4/2019 18:05 | RE: Parx; skill game complaints - October 4, 2019 | No | Mark Stewart | Kevin Skjoldal; Sean Schafer; Bob Green; Thomas Bonner; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/4/2019 18:17 | [External] Re: Parx; skill game complaints - October 4, 2019 | No | Richard Gmerek | Mark Stewart | Kevin Skjoldal; Sean Schafer; Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/4/2019 18:19 | [External] RE: Parx; skill game complaints - October 4, 2019 | No | Sean Schafer | Richard Gmerek; Mark Stewart | Kevin Skjoldal; Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/9/2019 17:56 | [External] Notes from Yesterday | No | Richard Gmerek | Bob Green; Thomas Bonner; Mark Stewart; Sean Schafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/10/2019 20:18 | Parx; pending skill games cases | Yes | Kevin Skjoldal | Bob Green; Thomas Bonner; Richard Gmerek; Sean Schafer | Mark S Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/11/2019 14:00 | RE: Parx; pending skill games cases | No | Mark Stewart | Kevin Skjoldal; Bob Green; Thomas Bonner; Richard Gmerek; Sean Schafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/11/2019 15:05 | [External] RE: Parx; pending skill games cases | No | Richard Gmerek | Mark Stewart; Kevin Skjoldal; Bob Green; Thomas Bonner; Sean Schafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/11/2019 21:12 | [External] RE: Hearing on the 30th | No | Richard Gmerek | Sean Schafer | Mark Stewart; Bob Green; Tom Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/18/2019 15:01 | [External] FW: Parx; pending skill games cases | Yes | Thomas Bonner | Kevin Skjoldal; Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/18/2019 15:04 | RE: Parx; pending skill games cases | No | Kevin Skjoldal | Thomas Bonner; Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/18/2019 18:43 | [External] HB 1598 | No | Richard Gmerek | Bob Green | Mark Stewart; Sean Schafer ; Thomas Bonner) | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/21/2019 20:09 | RE: Parx; pending skill games cases | No | Mark Stewart | Kevin Skjoldal; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/22/2019 19:10 | RE: Parx; pending skill games cases | Yes | Kevin Skjoldal | Mark Stewart; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/22/2019 20:18 | [External] RE: Parx; pending skill games cases | No | Thomas Bonner | Kevin Skjoldal; Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 10/29/2019 20:25 | [External] Smokers Express and Raj Rajeshwari | Yes | Andrew Kramer | Kevin Skjoldal; Thomas Bonner; Robert Mulhern, Jr.; Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 11/4/2019 21:26 | [External] JSB NewGas; Smokin Joe Tobacco Shops and USA Gas and Repairs | Yes | Andrew Kramer | Mark Stewart; Kevin Skjoldal | Thomas Bonner; Robert Mulhern, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/12/2019 14:46 | [External] Valley News and Smokers Express | Yes | Andrew Kramer | Thomas Bonner; Robert Mulhern, Jr.; Mark Stewart; Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/14/2019 20:28 | [External] Smokers Hutt | Yes | Andrew Kramer | Thomas Bonner; Robert Mulhern, Jr.; Mark Stewart; Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/14/2019 23:23 | Parx/skill games - responses to POs and motion for stay | Yes | Kevin Skjoldal | Andrew Kramer; Thomas Bonner; Robert Mulhern, Jr.; Mark Stewart | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/18/2019 12:17 | [External] RE: Parx/skill games - responses to POs and motion for stay | No | Robert Mulhern, Jr. | Kevin Skjoldal; Andrew Kramer; Thomas Bonner; Mark Stewart | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/18/2019 13:54 | RE: Parx/skill games - responses to POs and motion for stay | No | Kevin Skjoldal | Robert Mulhern, Jr.; Andrew Kramer; Thomas Bonner; Mark Stewart | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/18/2019 16:05 | [External] RE: Skill Games Litigation: Smokers Express (Langhorne) | Yes | Andrew Kramer | Casey Coyle | Kevin Skjoldal; Robert Mulhern, Jr.; Thomas Bonner; Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/18/2019 18:54 | Skill Games Litigation: Responses for 9 of 11 Motions for Stay | Yes | Casey Coyle | Andrew Kramer | Mark Stewart; Kevin Skjoldal; Thomas Bonner; Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/18/2019 21:34 | [External] Skill Games Litigation | Yes | Vicki Serrano | Casey Coyle | Mark Stewart; Kevin Skjoldal; Thomas Bonner; Andrew Kramer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/19/2019 22:45 | [External] Smokers Express and Raj Rajeshwari | Yes | Andrew Kramer | Casey Coyle; Kevin Skjoldal; Mark Stewart; Thomas Bonner; Robert Mulhern, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 14:28 | COMMONWEALTH COURT DECISION OUT -- [redacted] | No | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 14:43 | RE: COMMONWEALTH COURT DECISION OUT -- [redacted] | No | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 15:19 | RE: COMMONWEALTH COURT DECISION OUT | No | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek | Sean Schafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 15:39 | RE: COMMONWEALTH COURT DECISION OUT | No | Mark Stewart | Sean Schafer; Bob Green; Thomas Bonner; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 16:09 | RE: COMMONWEALTH COURT DECISION OUT | No | Mark Stewart | Richard Gmerek; Bob Green; Thomas Bonner); Sean Schafer | Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 11/20/2019 21:48 | [External] FW: ATTORNEY-CLIENT PRIVILEGED/CONFIDENTIAL WORK PRODUCT PROTECTED | Yes | Richard Gmerek | Bob Green; Thomas Bonner+E134 | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 22:26 | [External] RE: Statement | Yes | Pete Shelly | Thomas Bonner | Richard Gmerek; Mark Stewart; Bob Green; Charlie Lyons | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 22:39 | [External] FW: Statement | Yes | Richard Gmerek | Thomas Bonner) | Bob Green; Mark Stewart; Pete Shelly | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 23:09 | One pager | Yes | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek; Sean Schafer; Pete Shelly | Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 23:19 | [External] Re: One pager | Yes | Richard Gmerek | Mark Stewart | Bob Green; Thomas Bonner; Sean Schafer; Pete Shelly; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 23:31 | RE: One pager | No | Mark Stewart | Richard Gmerek | Bob Green; Thomas Bonner; Sean Schafer; Pete Shelly; Kevin Skjoldal; Charlie Lyons | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 23:35 | [External] Re: One pager | No | Richard Gmerek | Mark Stewart | Bob Green; Thomas Bonner; Sean Schafer; Pete Shelly; Kevin Skjoldal; Charlie Lyons | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/20/2019 23:42 | RE: One pager | No | Mark Stewart | Richard Gmerek | Bob Green; Thomas Bonner; Sean Schafer; Pete Shelly; Kevin Skjoldal; Charlie Lyons | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 0:57 | [External] Fwd: PA Commonwealth Court Rules That Pennsylvania Skill Games Are Slot Machines | No | Richard Gmerek | Bob Green; Mark Stewart; Tom Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 14:59 | RE: One pager | No | Mark Stewart | Richard Gmerek; Sean Schafer | Bob Green; Thomas Bonner; Pete Shelly; Kevin Skjoldal; Charlie Lyons | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 16:33 | [External] RE: One pager | No | Sean Schafer | Charlie Lyons; Richard Gmerek; Mark Stewart | Bob Green; Thomas Bonner; Pete Shelly; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 16:35 | [External] FW: Pennsylvania Skill Wins PA Commonwealth Court Decision | No | Sean Schafer | Bob Green; Thomas Bonner; Richard Gmerek; Mark Stewart; Kevin Skjoldal; Pete Shelly; Charlie Lyons | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 11/21/2019 18:09 | RE: One pager | No | Mark Stewart | Sean Schafer; Charlie Lyons; Richard Gmerek | Bob Green; Thomas Bonner; Pete Shelly; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 18:26 | [External] RE: One pager | No | Pete Shelly | Mark Stewart; Sean Schafer; Charlie Lyons; Richard Gmerek | Bob Green; Thomas Bonner; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 19:08 | RE: One pager | Yes | Mark Stewart | Pete Shelly; Sean Schafer; Charlie Lyons; Richard Gmerek | Bob Green; Thomas Bonner; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 19:19 | [External] RE: One pager | No | Pete Shelly | Richard Gmerek; Mark Stewart; Sean Schafer; Charlie Lyons | Bob Green; Thomas Bonner; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 19:28 | [External] RE: One pager | No | Richard Gmerek | Pete Shelly; Mark Stewart; Sean Schafer; Charlie Lyons | Bob Green; Thomas Bonner; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 19:31 | [External] RE: Pennsylvania Skill Wins PA Commonwealth Court Decision | No | Richard Gmerek | Sean Schafer; Bob Green; Thomas Bonner; Mark Stewart; Kevin Skjoldal; Pete Shelly; Charlie Lyons | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 19:32 | [External] RE: One pager | No | Pete Shelly | Richard Gmerek; Mark Stewart; Sean Schafer; Charlie Lyons | Bob Green; Thomas Bonner; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 19:57 | RE: One pager | Yes | Mark Stewart | Richard Gmerek; Pete Shelly; Sean Schafer; Charlie Lyons | Bob Green; Thomas Bonner; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/21/2019 20:00 | RE: One pager | No | Mark Stewart | Richard Gmerek; Pete Shelly; Sean Schafer; Charlie Lyons | Bob Green; Thomas Bonner; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/22/2019 14:32 | RE: One pager | Yes | Mark Stewart | Thomas Bonner | Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/22/2019 16:57 | RE: One pager | No | Kevin Skjoldal | Richard Gmerek; Pete Shelly; Sean Schafer; Mark Stewart; Charlie Lyons | Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/22/2019 17:39 | FW: POM Opinion - next steps | No | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek; Sean Schafer; Pete Shelly; Charlie Lyons | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/22/2019 19:06 | FW: POM Opinion - next steps | No | Mark Stewart | Bob Green; Richard Gmerek; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/22/2019 22:36 | [External] Re: One pager | Yes | Richard Gmerek | Mark Stewart | Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/25/2019 18:01 | FW: POM Opinion - next steps | Yes | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/27/2019 14:13 | FW: Documents discussed on 10/31 Industry call | Yes | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 11/27/2019 14:59 | Parx; Skill Games - brief opposing POs | Yes | Kevin Skjoldal | Thomas Bonner; Andrew Kramer; Robert Mulhern, Jr.; Mark Stewart; Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/27/2019 19:05 | Draft of new industry letter | Yes | Mark Stewart | Bob Green; Richard Gmerek; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 11/27/2019 21:27 | [External] Re: Draft of new industry letter | Yes | Richard Gmerek | Mark Stewart | Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/2/2019 17:27 | Skill Games Litigation: Briefs in Opposition to Preliminary Objections for Filing | Yes | Casey Coyle | Andrew Kramer | Mark Stewart; Kevin Skjoldal; Thomas Bonner; Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/4/2019 20:57 | [External] Smokers Hut; Valley News; Smokers express and Raj Rajeshwari | Yes | Andrew Kramer | Mark Stewart; Kevin Skjoldal; Casey Coyle | Thomas Bonner; Robert Mulhern, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/5/2019 12:29 | [External] Fwd: What Are Those Weird Gambling Machines In Your Local Bar? What You Need To Know About Skill Games | No | Richard Gmerek | Pete Shelly | Mark Stewart, Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/6/2019 19:52 | Parx; skill games - DAs office | No | Kevin Skjoldal | Thomas Bonner | Mark S Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/6/2019 20:09 | FW: Parx; skill games - DAs office | No | Mark Stewart | Bob Green; Richard Gmerek; Thomas Bonner; Pete Shelly | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/8/2019 18:38 | Skill Games Litigation: Briefs in Opposition to Preliminary Objections for Filing | Yes | Casey Coyle | Andrew Kramer | Mark Stewart; Kevin Skjoldal; Thomas Bonner; Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/10/2019 4:08 | Draft of law firm letter | Yes | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/10/2019 9:24 | FW: Draft of law firm letter | Yes | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/10/2019 12:02 | [External] Re: Draft of law firm letter | Yes | Richard Gmerek | Mark Stewart | Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/10/2019 12:07 | [External] Re: Draft of law firm letter | Yes | Richard Gmerek | Mark Stewart | Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/10/2019 14:25 | [External] CASINO LAW FIRM SKILL GAMES CRiMES CODE LETTER (L0845146xA35AE) | Yes | Thomas Bonner | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/10/2019 18:38 | [External] RE: Skill games - how many in PA? | No | Thomas Bonner | Mark Stewart; Andrew Kramer; Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 12/11/2019 0:08 | [External] Re: Skill Games Seizure in Dauphin County | No | Richard Gmerek | Sean Schafer | Bob Green; Thomas Bonner; Mark Stewart; Pete Shelly | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/11/2019 3:33 | RE: Skill games - how many in PA? | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/11/2019 3:53 | RE: Skill Games Seizure in Dauphin County | No | Mark Stewart | Richard Gmerek; Sean Schafer | Bob Green; Thomas Bonner; Pete Shelly | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/11/2019 11:11 | [External] RE: Skill Games Seizure in Dauphin County | No | Pete Shelly | Mark Stewart; Richard Gmerek; Sean Schafer | Bob Green; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/11/2019 20:48 | Skill Games Litigation: Brief in Opposition to Preliminary Objections for Filing | Yes | Casey Coyle | Andrew Kramer | Mark Stewart; Kevin Skjoldal; Thomas Bonner; Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/11/2019 23:24 | Legal letter | Yes | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/12/2019 4:39 | casino law firm letter | Yes | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek; Sean Schafer; Pete Shelly; Charlie Lyons | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/13/2019 10:10 | [External] PennLive Article | No | Richard Gmerek | Mark Stewart, Bob Green, Pete Shelly | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/13/2019 10:12 | [External] Re: PennLive Article | No | Richard Gmerek | Pete Shelly | Mark Stewart, Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/13/2019 11:16 | Letter for PSP | Yes | Mark Stewart | Richard Gmerek, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/13/2019 15:13 | RE: PennLive Article | No | Mark Stewart | Richard Gmerek; Bob Green; Pete Shelly; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/13/2019 18:31 | [External] RE: PennLive Article | No | Pete Shelly | Richard Gmerek; Mark Stewart; Bob Green; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/13/2019 18:45 | RE: POM injunction filing | No | Kevin Skjoldal | Mark Stewart; Richard Gmerek; Bob Green; Thomas Bonner; Sean Schafer; Pete Shelly; Charlie Lyons | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/13/2019 18:47 | [External] RE: PennLive Article | No | Richard Gmerek | Pete Shelly; Mark Stewart; Bob Green; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/13/2019 20:24 | [External] RE: POM injunction filing | No | Sean Schafer | Kevin Skjoldal; Mark Stewart; Richard Gmerek; Bob Green; Thomas Bonner; Pete Shelly; Charlie Lyons | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/13/2019 21:58 | [External] Re: POM injunction filing | No | Sean Schafer | Kevin Skjoldal; Mark Stewart; Richard Gmerek; Bob Green; Thomas Bonner; Pete Shelly; Charlie Lyons | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 12/13/2019 22:04 | RE: [External] RE: POM injunction filing | No | Mark Stewart | Richard Gmerek; Kevin Skjoldal; Bob Green; Thomas Bonner; Sean Schafer; Pete Shelly; Charlie Lyons | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/13/2019 22:05 | [External] Re: POM injunction filing | No | Richard Gmerek | Sean Schafer | Mark Stewart; Bob Green; Thomas Bonner; Pete Shelly | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/14/2019 11:06 | RE: [External] RE: POM emergency relief | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/16/2019 21:56 | RE: Continuance of 12/23 PI hearing | No | Mark Stewart | Bob Green; Richard Gmerek; Thomas Bonner; Sean Schafer; Pete Shelly; Charlie Lyons | Kevin Skjoldal; David Hittinger, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/18/2019 2:55 | Draft brief | Yes | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/18/2019 12:12 | RE: Amicus brief | No | Kevin Skjoldal | Mark Stewart, Kevin McKeon , David C. Hittinger, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/18/2019 14:04 | draft | Yes | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/18/2019 14:42 | [External] POM - AMICUS BRIEF - GGE AND DOWNS (L0847857-3xA35AE).docx | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/18/2019 15:14 | FINAL BRIEF | Yes | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/18/2019 17:57 | draft amicus brief | Yes | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/18/2019 19:12 | RE: POM - AMICUS BRIEF | Yes | Mark Stewart | Robert Mulhern, Jr. | Thomas Bonner; Grace H. Flanagan | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/19/2019 13:34 | RE: [External] Fwd: Amicus Brief | No | Mark Stewart | Richard Gmerek | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/19/2019 14:16 | As filed Amicus Brief | Yes | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/19/2019 14:38 | [External] POM Amicus accepted | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/19/2019 21:22 | [External] Re: OAG appeal | No | Richard Gmerek | Mark Stewart | Bob Green; Thomas Bonner; Sean Schafer; Pete Shelly; Charlie Lyons | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 12/20/2019 9:58 | [External] AG app to amend to permit interloc appeal | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/27/2019 15:59 | Tomlinson letter to Barasch | Yes | Mark Stewart | Bob Green, Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/27/2019 16:16 | Skill Games Litigation: Draft Complaints for 9 of 10 New Montco Cases | Yes | Casey Coyle | Christopher White | Mark Stewart; Kevin Skjoldal; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/30/2019 14:14 | [External] FW: VALLEY NEWS - LEGALLY PRIVILEGED | No | Thomas Bonner | Mark Stewart; Kevin Skjoldal | Robert Mulhern, Jr.; Andrew Kramer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/30/2019 15:32 | RE: VALLEY NEWS - LEGALLY PRIVILEGED | No | Mark Stewart | Thomas Bonner; Kevin Skjoldal | Robert Mulhern, Jr.; Andrew Kramer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/31/2019 11:12 | [External] Re: Tomlinson letter to Barasch | Yes | Richard Gmerek | Mark Stewart | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/31/2019 17:01 | RE: Skill Games - Dropbox link | Yes | Casey Coyle | Dorsia Ramcharan; Robert Mulhern, Jr.; Andrew Kramer | Mark Stewart; Kevin Skjoldal; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 12/31/2019 19:23 | [External] Skills Games Litigation; Filed Complaints | Yes | Vicki Serrano | Casey Coyle; Kevin Skjoldal; Mark Stewart; Denise Kline | Robert Mulhern, Jr.; Thomas Bonner; Andrew Kramer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/1/2020 17:49 | [External] Fwd: Greenwood Gaming and Entertainment, Inc. v. Valley News and Smoke Shop | No | Thomas Bonner | Andrew Kramer; Robert Mulhern, Jr.; Mark Stewart; Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/1/2020 21:12 | RE: [External] Fwd: Greenwood Gaming and Entertainment, Inc. v. Valley News and Smoke Shop | No | Mark Stewart | Thomas Bonner; Andrew Kramer; Robert Mulhern, Jr.; Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/3/2020 16:02 | [External] pom answer | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/6/2020 13:06 | FW: Skill Games Argument Today | No | Mark Stewart | Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/6/2020 15:18 | [External] FW: Skill Games Argument Today | No | Thomas Bonner | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/8/2020 13:18 | [External] Greenwood Gaming v. One Punch | Yes | Andrew Kramer | Mark Stewart; Casey Coyle; Kevin Skjoldal | Thomas Bonner; Robert Mulhern, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/8/2020 22:50 | Bucks County Skill Games Cases: Draft of Brief in Oppositions to Motions to Stay | Yes | Casey Coyle | Thomas Bonner; Robert Mulhern, Jr.; Andrew Kramer; Mark Stewart | Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 1/9/2020 18:18 | RE: Bucks County Skill Games Cases: Draft of Brief in Oppositions to Motions to Stay | Yes | Casey Coyle | Thomas Bonner; Robert Mulhern, Jr. | Mark Stewart; Kevin Skjoldal; Andrew Kramer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/9/2020 19:57 | Bucks County Skill Games Cases: Briefs in Opposition to Motions for Stay | Yes | Casey Coyle | Andrew Kramer | Mark Stewart; Kevin Skjoldal; Thomas Bonner; Robert Mulhern, Jr.; Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/9/2020 19:59 | RE: Bucks County Skill Games Cases: Briefs in Opposition to Motions for Stay | Yes | Casey Coyle | Andrew Kramer | Mark Stewart; Kevin Skjoldal; Thomas Bonner; Robert Mulhern, Jr.; Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/10/2020 4:25 | FW: 2020 01 02 Greenwood Gaming v Valley News et al Oral Argument | Yes | Mark Stewart | Thomas Bonner; Robert Mulhern, Jr.; Andrew Kramer; Kevin Skjoldal; Casey Coyle | Bob Green; Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/10/2020 17:57 | RE: PGCB quarterly report | Yes | Michael J. Herzog | Thomas Bonner | Mary Jo DePazza; Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/13/2020 13:05 | [External] RE: Wednesdays hearing | No | Kevin McKeon | Mark Stewart, Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/13/2020 13:26 | RE: Wednesdays hearing | No | Mark Stewart | Kevin McKeon , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/13/2020 13:39 | RE: Wednesdays hearing | No | Mark Stewart | Adrian King, Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/13/2020 16:42 | RE: [External] Com. v. Bretz | No | Mark Stewart | Kevin McKeon , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/13/2020 16:49 | Parx, answers in POM actions | Yes | Kevin Skjoldal | Kevin McKeon | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/13/2020 17:16 | [External] RE: Parx, answers in POM actions | No | Kevin McKeon | Kevin Skjoldal | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/13/2020 19:30 | Bucks County Skill Games Cases: Response in Opposition to POs (Parx v. SpiceRite, LLC) | Yes | Casey Coyle | Andrew Kramer | Mark Stewart; Kevin Skjoldal; Thomas Bonner; Robert Mulhern, Jr.; Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/13/2020 23:05 | FW: Superior Court: slot machine seizure does not require gambling purpose | Yes | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek; Sean Schafer; Pete Shelly | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/14/2020 15:49 | RE: contacting court? | No | Kevin Skjoldal | Mark Stewart, Kevin McKeon , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 1/14/2020 15:55 | [External] RE: contacting court? | No | Kevin McKeon | Kevin Skjoldal, Mark Stewart, Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/14/2020 16:24 | RE: contacting court? | No | Mark Stewart | Kevin McKeon , Kevin Skjoldal, Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/14/2020 17:37 | RE: contacting court? | Yes | Kevin Skjoldal | Kevin McKeon , Mark Stewart, Adrian King | Tara Burns | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/14/2020 19:46 | [External] Notes for POM Argument.docx | Yes | Kevin McKeon | Mark Stewart, Adrian King, Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/14/2020 21:23 | RE: contacting court? | Yes | Tara Burns | Kevin McKeon , Mark Stewart, Adrian King | Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/14/2020 22:06 | [External] Re: contacting court? | No | Kevin McKeon | Tara Burns | Mark Stewart, Adrian King, Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/14/2020 23:14 | RE: contacting court? | No | Mark Stewart | Tara Burns, Kevin McKeon , Adrian King | Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/14/2020 23:55 | RE: Notes for POM Argument.docx | No | Mark Stewart | Kevin McKeon , Adrian King, Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/15/2020 7:49 | RE: Notes for POM Argument.docx | No | Kevin Skjoldal | Mark Stewart, Kevin McKeon , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/15/2020 7:49 | RE: Notes for POM Argument.docx | No | Kevin Skjoldal | Mark Stewart, Kevin McKeon , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/15/2020 7:50 | [External] RE: Notes for POM Argument.docx | No | Kevin McKeon | Kevin Skjoldal, Mark Stewart, Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/15/2020 7:51 | [External] RE: Notes for POM Argument.docx | No | Kevin McKeon | Mark Stewart, Adrian King, Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/15/2020 18:11 | [External] "Pennsylvania Skill" game maker seeks protection from police raids while state court reviews machines' legality. | No | Adrian King | Mark Stewart, Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/16/2020 18:09 | [External] Fwd: Pace O Matic Lawsuit | No | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/16/2020 19:41 | RE: [External] Fwd: Pace O Matic Lawsuit | No | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 1/17/2020 16:23 | [External] RE: Idea | Yes | Kevin McKeon | Mark Stewart, Adrian King | Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/17/2020 16:39 | FW: Pace O Matic Lawsuit | No | Mark Stewart | Kevin Skjoldal | Kevin McKeon | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/17/2020 16:45 | [External] RE: Idea | No | Richard Gmerek | Mark Stewart, Adrian King, Kevin Mckeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/17/2020 16:51 | RE: Pace O Matic Lawsuit | No | Kevin Skjoldal | Mark Stewart | Kevin McKeon | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/17/2020 18:56 | Parx; Bucks County actions | No | Kevin Skjoldal | Thomas Bonner; Andrew Kramer; Robert Mulhern, Jr. | Mark S Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/17/2020 20:05 | [External] RE: Parx; Bucks County actions | No | Robert Mulhern, Jr. | Kevin Skjoldal; Thomas Bonner; Andrew Kramer | Mark Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/17/2020 21:09 | RE: Parx; Bucks County actions | No | Kevin Skjoldal | Robert Mulhern, Jr.; Thomas Bonner; Andrew Kramer | Mark Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/17/2020 21:20 | [External] RE: Parx; Bucks County actions | No | Andrew Kramer | Kevin Skjoldal; Robert Mulhern, Jr.; Thomas Bonner | Mark Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/17/2020 23:18 | [External] Re: Parx; Bucks County actions | No | Robert Mulhern, Jr. | Andrew Kramer | Kevin Skjoldal; Thomas Bonner; Mark Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/17/2020 23:25 | [External] Re: Parx; Bucks County actions | No | Andrew Kramer | Robert Mulhern, Jr. | Kevin Skjoldal; Thomas Bonner; Mark Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/18/2020 1:14 | RE: [External] Re: Parx; Bucks County actions | No | Kevin Skjoldal | Andrew Kramer; Robert Mulhern, Jr. | Thomas Bonner; Mark Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/19/2020 7:33 | [External] Fwd: ILLEGAL GAMBLING HURTS EVERYBODY | No | Pete Shelly | Richard Gmerek, Mark Stewart, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/19/2020 16:01 | RE: POM of Pennsylvania, LLC v. Pennsylvania State Police, Commonwealth Court of Pennsylvania, No. 503 MD 2018 | No | Mark Stewart | Adrian King | Kevin McKeon | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/19/2020 22:36 | RE: [External] Re: Parx; Bucks County actions | No | Kevin Skjoldal | Andrew Kramer; Robert Mulhern, Jr. | Thomas Bonner; Mark Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/21/2020 15:57 | [External] FW: Pennsylvania Commonwealth Court Says Pace-O-Matic's Pennsylvania Skill Are Legal | No | Richard Gmerek | Bob Green; Pete Shelly; Mark Stewart; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 1/21/2020 17:58 | [External] POM application for clarification/amendment | Yes | Kevin McKeon | Mark Stewart | King, Jr., Adrian R.; Thomas Bonner; Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/22/2020 14:41 | RE: Order Denying Application to Amend filing for case POM of PA, LLC v. PSP, Bur. of Liq. Ctrl Enf. (503 MD 2018) | No | Mark Stewart | Bob Green; Thomas Bonner | Kevin McKeon; Kevin Skjoldal; Richard Gmerek; Pete Shelly; Sean Schafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/22/2020 14:45 | [External] RE: Order Denying Application to Amend filing for case POM of PA, LLC v. PSP, Bur. of Liq. Ctrl Enf. (503 MD 2018) | No | Pete Shelly | Mark Stewart; Bob Green; Thomas Bonner | Kevin McKeon; Kevin Skjoldal; Richard Gmerek; Sean Schafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/22/2020 15:49 | RE: Order Denying Application to Amend filing for case POM of PA, LLC v. PSP, Bur. of Liq. Ctrl Enf. (503 MD 2018) | No | Kevin Skjoldal | Pete Shelly; Mark Stewart; Bob Green; Thomas Bonner | Kevin McKeon; Richard Gmerek; Sean Schafer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/22/2020 16:28 | POM litigation -- draft answer in opposition to POMs application to clarify/amend | Yes | Kevin Skjoldal | Mark Stewart, Kevin McKeon , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/22/2020 16:28 | POM litigation -- draft answer in opposition to POMs application to clarify/amend | Yes | Kevin Skjoldal | Mark Stewart , Kevin McKeon , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/22/2020 18:44 | [External] RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | Yes | Kevin McKeon | Kevin Skjoldal, Mark Stewart, Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 7:21 | [External] RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | Yes | Kevin McKeon | Kevin Skjoldal, Mark Stewart, Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 9:19 | RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | No | Kevin Skjoldal | Mark Stewart, Kevin McKeon , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 9:19 | RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | No | Kevin Skjoldal | Mark Stewart, Kevin McKeon , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 9:40 | [External] RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | No | Adrian King | Mark Stewart, Kevin Skjoldal, Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 10:54 | [External] POM Amici answer 20.01.23.docx | Yes | Kevin McKeon | Mark Stewart | Adrian King, Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 10:58 | [External] RE: POM litigation -- draft answer in opposition to POMs application to clarify/amend | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 1/23/2020 11:19 | RE: POM Amici answer 20.01.23.docx | Yes | Mark Stewart | Kevin McKeon | Adrian King, Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/23/2020 16:29 | Response to POM application to amend/clarify | Yes | Mark Stewart | Bob Green; Thomas Bonner | Kevin McKeon; Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/24/2020 14:23 | [External] Bucks County Skill Games Litigation | Yes | Andrew Kramer | Thomas Bonner; Robert Mulhern, Jr.; Mark Stewart; Kevin Skjoldal; Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/24/2020 14:23 | [External] Bucks County Skill Games Litigation | Yes | Andrew Kramer | Thomas Bonner; Robert Mulhern, Jr.; Mark Stewart; Kevin Skjoldal; Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/24/2020 14:26 | RE: Bucks County Skill Games Litigation | No | Mark Stewart | Andrew Kramer; Thomas Bonner; Robert Mulhern, Jr.; Kevin Skjoldal; Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/24/2020 14:30 | RE: Bucks County Skill Games Litigation | No | Mark Stewart | Andrew Kramer; Thomas Bonner; Robert Mulhern, Jr.; Kevin Skjoldal; Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/24/2020 14:41 | [External] RE: Bucks County Skill Games Litigation | No | Robert Mulhern, Jr. | Mark Stewart; Andrew Kramer; Thomas Bonner; Kevin Skjoldal; Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/26/2020 22:47 | Intervention petition and brief | Yes | Mark Stewart | Adrian King, Kevin McKeon | David C. Hittinger, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/27/2020 3:45 | Intervention petition and brief | Yes | Mark Stewart | Bob Green; Thomas Bonner; Kevin McKeon | Richard Gmerek; David Hittinger, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/27/2020 11:17 | [External] Fwd: PA Commonwealth Court says Pace-O-Matic skill games are legal | No | Richard Gmerek | Bob Green, Pete Shelly , Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/27/2020 15:29 | [External] 1.23.2020 PCN Journalists Roundtable | No | Richard Gmerek | Bob Green | Pete Shelly , Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/27/2020 19:04 | [External] RE: Intervention petition and brief | Yes | Kevin McKeon | Mark Stewart, Adrian King | David C. Hittinger, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/28/2020 11:55 | [External] New POM filing | Yes | Kevin McKeon | Mark Stewart, Kevin Skjoldal, Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/30/2020 11:34 | Response to POM application to clarify | Yes | Kevin Skjoldal | Kevin McKeon | Mark Stewart, Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/30/2020 11:34 | Response to POM application to clarify | Yes | Kevin Skjoldal | Kevin McKeon | Mark S Stewart , Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

Case 1:20-cv-00292-JPW   Document 82   Filed 12/16/20   Page 107 of 235

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 1/30/2020 12:03 | [External] RE: Response to POM application to clarify | No | Kevin McKeon | Kevin Skjoldal | Mark Stewart, Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/30/2020 13:04 | RE: Response to POM application to clarify | No | Kevin Skjoldal | Kevin McKeon | Mark Stewart, Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/30/2020 13:04 | RE: Response to POM application to clarify | No | Kevin Skjoldal | Kevin McKeon | Mark Stewart, Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/30/2020 13:06 | [External] RE: Response to POM application to clarify | No | Kevin McKeon | Kevin Skjoldal | Mark Stewart, Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 1/31/2020 9:44 | [External] new (4) legally enforceable interest case - worth a cite? | Yes | Kevin McKeon | Mark Stewart, David C. Hittinger, Jr. , Kevin Skjoldal, Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/3/2020 15:02 | [External] FW: POM of Pennsylvania, LLC v. Pennsylvania State Police, Commonwealth Court of Pennsylvania, No. 503 MD 2018 | Yes | Adrian King | Mark Stewart, Kevin Skjoldal, Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/4/2020 12:05 | Revised Intervention Application | Yes | Mark Stewart | Kevin McKeon , Adrian King | David C. Hittinger, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/4/2020 12:53 | Revised Intervention Memorandum in Support | Yes | David C. Hittinger, Jr. | Kevin McKeon , Adrian King | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/4/2020 16:21 | Emailing: POM INTERVENORS ANSWER TO POMS PETITION FOR REVIEW (503 MD 2018) (L0854947xA35AE).DOCX | Yes | David C. Hittinger, Jr. | Kevin McKeon, Adrian King | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/5/2020 10:24 | [External] POM - ANSWER IN OPPOSITION TO POM OF PAS APPLICATION (L0854647-2xA35AE).docx | Yes | Kevin McKeon | Kevin Skjoldal, Mark Stewart, Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/5/2020 11:40 | [External] RE: PSP petition for review inquiry | Yes | Kevin McKeon | Mark Stewart, Adrian King, Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/5/2020 11:42 | [External] RE: PSP petition for review inquiry | Yes | Kevin McKeon | Mark Stewart, Adrian King, Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/5/2020 21:41 | [External] Re: New POM Game in DC | No | Richard Gmerek | Sean Schafer; Bob Green; Thomas Bonner; Eric Hausler; Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/6/2020 9:56 | POM Application to Intervene (418 MD 2018) | Yes | David C. Hittinger, Jr. | Kevin McKeon , Adrian King | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 2/6/2020 10:07 | POM Memo in Support (418 MD 2018) | Yes | David C. Hittinger, Jr. | Kevin McKeon , Adrian King | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/6/2020 11:16 | [External] letter to pennlive | Yes | Pete Shelly | Bob Green; Thomas Bonner; Richard Gmerek; Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/6/2020 13:19 | intervention documents | Yes | Mark Stewart | Bob Green; Thomas Bonner | Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/6/2020 17:03 | [External] POM - relentless | Yes | Kevin McKeon | Mark Stewart, Kevin Skjoldal, David C. Hittinger, Jr. , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/6/2020 22:09 | [External] Letter to editor REVISED | Yes | Thomas Bonner | Pete Shelly; Richard Gmerek; Mark Stewart | Bob Green; Eric Hausler | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/7/2020 14:10 | FW: Intervention documents | No | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/7/2020 15:34 | [External] FW: new draft | Yes | Pete Shelly | Thomas Bonner; Bob Green; Eric Hausler; Richard Gmerek; Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/7/2020 15:56 | [External] Letter - PennLive | Yes | Thomas Bonner | Bob Green; Eric Hausler; Richard Gmerek; Mark Stewart | Pete Shelly | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/7/2020 16:11 | [External] Re: Intervention documents | No | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/7/2020 16:19 | RE: Intervention documents | No | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/7/2020 16:47 | [External] Re: Intervention documents | No | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/7/2020 19:08 | [External] Re: Letter - PennLive | No | Pete Shelly | Richard Gmerek | Thomas Bonner; Bob Green; Eric Hausler; Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/7/2020 19:10 | RE: Intervention documents | No | Mark Stewart | Robert Mulhern, Jr. | Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/9/2020 16:19 | FW: Letter - PennLive | Yes | Mark Stewart | Bob Green, Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/9/2020 17:05 | [External] Re: Letter - PennLive | Yes | Richard Gmerek | Mark Stewart | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/9/2020 17:38 | RE: New POM Game in DC | No | Mark Stewart | Sean Schafer; Bob Green; Thomas Bonner; Eric Hausler; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 2/10/2020 14:38 | Emailing: POM INTERVENORS ANSWER TO POMS PETITION FOR REVIEW (418 MD 2018) (L0857537xA35AE).DOCX | Yes | David C. Hittinger, Jr. | Adrian King, Kevin McKeon | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/10/2020 14:38 | Emailing: POM INTERVENORS ANSWER TO POMS PETITION FOR REVIEW (418 MD 2018) (L0857537xA35AE).DOCX | Yes | David C. Hittinger, Jr. | Adrian King, Kevin McKeon | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/10/2020 14:56 | RE: New POM Game in DC | No | Mark Stewart | Sean Schafer; Bob Green; Thomas Bonner; Eric Hausler; Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/10/2020 17:48 | [External] FW: Emailing: POM INTERVENORS ANSWER TO POMS PETITION FOR REVIEW (418 MD 2018) (L0857537xA35AE).DOCX | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/11/2020 16:51 | Parx; Montgomery County - skill games actions - response and brief IOT POs | Yes | Kevin Skjoldal | Thomas Bonner; Robert B. Mulhern; Andrew Kramer | Mark S Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/12/2020 16:58 | POM Intervention Documents (503 MD 2018) | Yes | David Hittinger, Jr. | Adrian King; Kevin McKeon; Thomas Bonner | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/12/2020 16:59 | POM Intervention Documents (418 MD 2018) | Yes | David Hittinger, Jr. | Adrian King; Kevin McKeon; Thomas Bonner | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/13/2020 17:35 | Final POM Intervention Documents | Yes | David C. Hittinger, Jr. | Kevin McKeon | Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/18/2020 10:57 | RE: [External] RE: Intervention filing documents | Yes | Kevin McKeon | David C. Hittinger, Jr. , Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/18/2020 17:36 | FW: [External] Sycuan Casino expansion means reaching outside San Diego to grow the market; Will Ohio legalize sports gambling? Bet on it. | No | Mark Stewart | Bob Green; Thomas Bonner; Richard Gmerek; Pete Shelly; Kevin McKeon | David Hittinger, Jr.; Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/19/2020 16:21 | FW: [External] external release | No | Mark Stewart | Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/19/2020 18:02 | FW: Background information on POM Issue | No | Mark Stewart | Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/19/2020 21:17 | FW: statement | No | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 2/19/2020 23:01 | Background information on POM issue | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/19/2020 23:21 | [External] RE: Background information on POM issue | No | Thomas Bonner | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/19/2020 23:55 | RE: [External] RE: Background information on POM issue | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/20/2020 0:52 | Press statement | No | Mark Stewart | Bob Green; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/20/2020 2:17 | FW: statement | No | Mark Stewart | Bob Green; Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/20/2020 11:05 | FW: Background information on POM issue | No | Mark Stewart | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/20/2020 16:08 | FW: PGCBs Apps to Intervene POM of PA v. DOR, City of Phila, 418 MD 2018 and POM of PA v. PSP, Liq Control Enforcement, 503 MD 2018 | Yes | Mark Stewart | Kevin McKeon , Adrian King | Richard Gmerek, Kevin Skjoldal, David C. Hittinger, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/20/2020 16:10 | RE: PGCBs Apps to Intervene POM of PA v. DOR, City of Phila, 418 MD 2018 and POM of PA v. PSP, Liq Control Enforcement, 503 MD 2018 | No | David C. Hittinger, Jr. | Mark Stewart, Kevin McKeon , Adrian King | Richard Gmerek, Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/20/2020 16:10 | RE: PGCBs Apps to Intervene POM of PA v. DOR, City of Phila, 418 MD 2018 and POM of PA v. PSP, Liq Control Enforcement, 503 MD 2018 | No | David C. Hittinger, Jr. | Mark Stewart, Kevin McKeon , Adrian King | Richard Gmerek, Kevin Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/20/2020 16:16 | [External] RE: PGCBs Apps to Intervene POM of PA v. DOR, City of Phila, 418 MD 2018 and POM of PA v. PSP, Liq Control Enforcement, 503 MD 2018 | No | Richard Gmerek | Mark Stewart, Kevin McKeon , Adrian King | Kevin Skjoldal, David C. Hittinger, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/20/2020 17:14 | [External] Quotes | Yes | Richard Gmerek | Pete Shelly , Mark Stewart, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/20/2020 21:11 | FW: PGCBs Apps to Intervene POM of PA v. DOR, City of Phila; 418 MD 2018 and POM of PA v. PSP, Liq Control Enforcement; 503 MD 2018 | Yes | Mark Stewart | Bob Green; Thomas Bonner; Eric Hausler | Richard Gmerek; Kevin McKeon; Pete Shelly; Kevin Skjoldal; Sean Schafer; David Hittinger, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 2/21/2020 19:56 | RE: [External] POM v ESCM | No | Thomas Bonner | Kevin Skjoldal; Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/21/2020 20:12 | RE: [External] POM v ESCM | No | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 2/27/2020 20:07 | RE: Pgcb and POM | Yes | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/2/2020 14:33 | [External] Sunday Scranton Times - finally - runs Council of Churches op-ed. | No | Pete Shelly | Bob Green, Richard Gmerek, Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/4/2020 0:26 | FW: Windfall Amusements 001, LLC, 1895 New Holland Road, Kenhorst, PA 19607 | No | Mark Stewart | Bob Green, Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/4/2020 8:42 | [External] Pace O Matic Media Buy info | No | Pete Shelly | Bob Green, Richard Gmerek, Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/4/2020 21:39 | [External] Re: Meeting w/ the Governors Office | No | Richard Gmerek | Sean Schafer | Bob Green; Eric Hausler; Thomas Bonner; Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/4/2020 21:48 | [External] Re: Meeting w/ the Governors Office | No | Richard Gmerek | Sean Schafer | Bob Green; Eric Hausler; Thomas Bonner; Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/4/2020 22:42 | RE: Meeting w/ the Governors Office | No | Mark Stewart | Richard Gmerek; Sean Schafer | Bob Green; Eric Hausler; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/4/2020 22:51 | [External] Re: Meeting w/ the Governors Office | No | Richard Gmerek | Mark Stewart | Sean Schafer; Bob Green; Eric Hausler; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/4/2020 23:05 | RE: Meeting w/ the Governors Office | No | Mark Stewart | Richard Gmerek | Sean Schafer; Bob Green; Eric Hausler; Thomas Bonner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/6/2020 10:43 | [External] Re: a few items .... | Yes | Richard Gmerek | Pete Shelly | Bob Green, Mark Stewart, Danielle Gross, Charlie Lyons | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/6/2020 13:25 | [External] PA Skill Lobby Day Invite | Yes | Richard Gmerek | Bob Green, Mark Stewart, Pete Shelly | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/6/2020 14:16 | [External] RE: Parx/skill games; Montgomery County - POs | No | Robert Mulhern, Jr. | Kevin Skjoldal; Thomas Bonner; Andrew Kramer | Mark Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/6/2020 15:16 | RE: Parx/skill games; Montgomery County - POs | No | Kevin Skjoldal | Robert Mulhern, Jr.; Thomas Bonner; Andrew Kramer | Mark Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/6/2020 15:23 | [External] RE: Parx/skill games; Montgomery County - POs | No | Andrew Kramer | Kevin Skjoldal; Robert Mulhern, Jr.; Thomas Bonner | Mark Stewart; Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 3/11/2020 12:47 | RE: POMs  petitions for review 418 MD 2018 and 503 MD 2018 | Yes | Jennifer Skoff | Kevin McKeon , David C. Hittinger, Jr. | Kevin Skjoldal, Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/11/2020 12:50 | RE: POMs  petitions for review 418 MD 2018 and 503 MD 2018 | Yes | Jennifer Skoff | Kevin McKeon , David C. Hittinger, Jr. | Kevin Skjoldal, Mark Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/13/2020 11:56 | RE: Pa. court refuses to overturn seizure of gaming machines, cash from social club | No | Mark Stewart | Richard Gmerek | Bob Green, Pete Shelly | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/13/2020 12:01 | [External] Re: Pa. court refuses to overturn seizure of gaming machines, cash from social club | No | Richard Gmerek | Mark Stewart | Bob Green, Pete Shelly | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/13/2020 12:07 | RE: Pa. court refuses to overturn seizure of gaming machines, cash from social club | No | Mark Stewart | Richard Gmerek | Bob Green, Pete Shelly | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/13/2020 12:12 | RE: Pa. court refuses to overturn seizure of gaming machines, cash from social club | No | Mark Stewart | Richard Gmerek | Bob Green, Pete Shelly | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/18/2020 16:30 | [External] FW: POM of Pennsylvania v. Department of Revenue, et al. / POM of Pennsylvania v. PSP, Bureau of Liquor Control Enforcement | Yes | Kevin McKeon | Mark Stewart | Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/20/2020 10:09 | RE: Skill | No | Mark Stewart | Bob Green, Richard Gmerek, Pete Shelley, Eric Hausler | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/20/2020 10:12 | [External] RE: Skill | No | Pete Shelly | Mark Stewart, Bob Green, Richard Gmerek, Eric Hausler | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/21/2020 8:30 | [External] Re: Skill | No | Richard Gmerek | Mark Stewart | Bob Green, Pete Shelley, Eric Hausler | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 3/22/2020 13:31 | RE: Skill | No | Mark Stewart | Richard Gmerek | Bob Green, Pete Shelley, Eric Hausler | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/2/2020 11:35 | [External] FW: GLI White Paper | Yes | Adrian King | Mark Stewart, Kevin McKeon , David C. Hittinger, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/3/2020 14:37 | FW: GLI White Paper | Yes | Mark Stewart | Bob Green; Eric Hausler; Thomas Bonner; Pete Shelly; Richard Gmerek; Sean Schafer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/6/2020 14:02 | [External] POM - PSP.DOR Answers to petitions to intervene | Yes | Kevin McKeon | Mark Stewart, David C. Hittinger, Jr. | Adrian King | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 4/6/2020 15:15 | [External] RE: POM 503 MD 2018 | Yes | Kevin McKeon | David C. Hittinger, Jr. , Adrian King, Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/6/2020 15:35 | [External] POM Cases - DOR and PSP Answers to PGCB Applications to Intervene | Yes | Kevin McKeon | Mark Stewart, David C. Hittinger, Jr. , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/6/2020 15:36 | [External] POM Cases - DOR and PSP Answers to Greenwood et al. Applications to Intervene | Yes | Kevin McKeon | Mark Stewart, David C. Hittinger, Jr. , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 4/7/2020 11:31 | [External] RE: POM 503 MD 2018 | Yes | Kevin McKeon | Adrian King, David C. Hittinger, Jr. , Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/1/2020 14:25 | [External] POM cases next steps | Yes | Kevin McKeon | Mark Stewart, Adrian King, Adrian King, David C. Hittinger, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/1/2020 14:33 | [External] POM cases next steps | No | Adrian King | Mark Stewart, David C. Hittinger, Jr. , Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/1/2020 17:12 | RE: POM cases next steps | No | David C. Hittinger, Jr. | Adrian King, Mark Stewart, Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/1/2020 17:12 | RE: POM cases next steps | No | David C. Hittinger, Jr. | Adrian King, Mark Stewart, Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/1/2020 23:09 | [External] RE: POM cases next steps | No | Adrian King | David C. Hittinger, Jr. , Mark Stewart, Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/4/2020 9:49 | RE: POM cases next steps | No | Mark Stewart | Kevin McKeon , Adrian King, Adrian King, David C. Hittinger, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/4/2020 12:24 | RE: POM cases next steps | No | David C. Hittinger, Jr. | Adrian King, Mark Stewart, Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/4/2020 12:26 | [External] RE: POM cases next steps | No | Kevin McKeon | David C. Hittinger, Jr. , Adrian King, Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/4/2020 12:28 | RE: POM cases next steps | No | David C. Hittinger, Jr. | Kevin McKeon , Adrian King, Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/7/2020 10:48 | RE: POM cases next steps | No | David C. Hittinger, Jr. | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/7/2020 11:23 | RE: POM cases next steps | No | David C. Hittinger, Jr. | Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 5/7/2020 11:24 | [External] RE: POM cases next steps | No | Kevin McKeon | David C. Hittinger, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/7/2020 17:02 | RE: POM cases next steps | Yes | David C. Hittinger, Jr. | Kevin McKeon , Adrian King, Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/11/2020 10:57 | [External] POM responses to Casino and PGCB intervention | Yes | Kevin McKeon | Mark Stewart, David C. Hittinger, Jr. , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/11/2020 12:53 | [External] pom opposition to intervention | Yes | Kevin McKeon | Mark Stewart, Adrian King, David C. Hittinger, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/12/2020 10:26 | [External] Draft POM Ceisler Letter.docx | Yes | Kevin McKeon | Mark Stewart, David C. Hittinger, Jr. , Adrian King | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/12/2020 10:58 | [External] latest photo of illegal skills game | Yes | Pete Shelly | Bob Green, Richard Gmerek, Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/12/2020 17:19 | [External] FW: POM responses to Casino and PGCB intervention | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/13/2020 8:41 | [External] FW: POM Case status conference request letter | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/14/2020 11:42 | [External] Ceisler Letters | Yes | Kevin McKeon | Adrian King, Mark Stewart, David C. Hittinger, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/15/2020 10:13 | [External] ceisler letters | Yes | Kevin McKeon | Adrian King, Mark Stewart, David C. Hittinger, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/15/2020 16:11 | [External] POM Letters | Yes | Kevin McKeon | Adrian King, Mark Stewart, David C. Hittinger, Jr. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/15/2020 16:12 | [External] FW: POM - letter requesting status conference | Yes | Kevin McKeon | Mark Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/15/2020 20:01 | Bucks and Montco cases | Yes | Mark Stewart | Thomas Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/16/2020 6:47 | [External] https://protect-us.mimecast.com/s/OWcaC0R29RHgNNEWUwPcjO?domain=pennlive.com | No | Pete Shelly | Richard Gmerek, Mark Stewart, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 5/16/2020 7:29 | [External] Re: https://protect-us.mimecast.com/s/H9Y6CzpBnptwWW3Vu4cdQb?domain=pennlive.com | No | Richard Gmerek | Pete Shelly | Mark Stewart, Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

| Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Reason |
|---|---|---|---|---|---|---|---|
| 5/16/2020 7:55 | RE: [External] https://protect-us.mimecast.com/s/OWcaC0R29RHgNNEWUwPcjO?domain=pennlive.com | No | Mark Stewart | Pete Shelly , Richard Gmerek, Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |
| 6/14/2020 16:44 | [External] RE: Daily | Yes | Pete Shelly | Mark Stewart, Richard Gmerek | Bob Green | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. |

# Exhibit G

**From:** Romano, Karen M.
**Sent:** Thursday, December 19, 2019 3:58 PM
**To:** 'Mark S. Stewart'
**Subject:** RE: Amici curiae brief
**Attachments:** 2019.12.18 Answer to Application for PI.pdf

Mark,
Our answer is attached. Sorry, forgot to attach it yesterday.

Karen M. Romano
Chief Deputy Attorney General
███████████

**From:** Mark S. Stewart ███████████████████████
**Sent:** Wednesday, December 18, 2019 4:20 PM
**To:** Romano, Karen M.
**Subject:** Amici curiae brief

Karen

Hope you survived the crunch of the deadline. Attached is a copy of our amici curiae brief that was filed in support of your position.

Thanks and have a good holiday!

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct ███████████ | Mobile ███████████

-----------------------------------------------------------------
This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by

1

telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

Click here to report this email as spam.

The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers. Unintended transmissions shall not constitute waiver of any applicable attorney-client or any other applicable privilege. PA-OAG

# Exhibit H

| From: | Mark S. Stewart |
|---|---|
| To: | Richard Gmerek; Ryan Skoczylas; Sean Schafer |
| Subject: | RE: WTF????? |
| Date: | Thursday, December 19, 2019 1:17:43 PM |

You nailed it. My assistant is in process of sending around. Cannot believe it. We gave them the full casino law firm letter. We spoke with them on the phone multiple times. We've been sending them emails explaining it since 11/20. They are either extremely obtuse or they actually want POM to win.

Mark Stewart, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191  | Mobile (717) 579-7358
mstewart@eckertseamans.com

-----Original Message-----
From: Richard Gmerek <RGmerek@ggrgov.com>
Sent: Thursday, December 19, 2019 1:04 PM
To: Ryan Skoczylas <rskoczylas@pasen.gov>; Sean Schafer <sean@schafergovaffairs.com>
Subject: [External] Re: WTF?????

I'm paraphrasing what I've been told as I haven't read the brief,....but mark should know details

Please excuse brevity and typos as this message was likely dictated

> On Dec 19, 2019, at 1:01 PM, Richard Gmerek <RGmerek@ggrgov.com> wrote:
>
> Oh my God...Attorney General filed their brief today in Commonwealth Court and said that the court should apply the 51 to 49% test...(really?????)....but they should not grant the injunction because these machines are a different model (number) machine than the old ones in Beaver County... Are you freaking kidding me?
>
> Dick
>
>
> Please excuse brevity and typos as this message was likely dictated

ECKERT00292

# Exhibit I



**ECKERT**

S E A M A N S

ATTORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

TEL    412 566 6000
FAX    412 566 6099
www.eckertseamans.com

Timothy S. Coon
412.566.1214
tcoon@eckertseamans.com

January 17, 2020

BY EMAIL dbrier@mbklaw.com

Daniel T. Brier
Myers Brier & Kelly LLP
425 Spruce Street
Suite 200
Scranton, PA 18501

Re: Pace-O-Matic Inc.

Dear Mr. Brier:

I am Chief Legal Officer for Eckert Seamans Cherin & Mellott LLC ("Eckert").

On behalf of the firm and attorney Mark Stewart, I am responding to your January 16, 2020 letter to Mr. Stewart concerning Eckert's concurrent representation of Pace-O-Matic ("POM") and Greenwood Gaming & Entertainment Inc. ("Parx Casino").

With all respect, we believe your letter contains erroneous statements and characterizations about Mr. Stewart's legal representation of Parx Casino and, more importantly, that it is incorrect in asserting that there has been a violation of the Pennsylvania Rules of Professional Conduct. I will not belabor that viewpoint here, as it not productive to spend time exchanging contentions at this point. Instead, I will briefly summarize the circumstances that bring us to the present situation and Eckert's decision on the path forward.

When Eckert was first approached by POM to assist it with regulatory and legislative matters in Virginia, POM was advised that Eckert already represented gaming clients in Pennsylvania, that Eckert would continue to fully represent gaming clients in Pennsylvania, that Eckert would not represent POM in Pennsylvania, and that there was a potential that Eckert's representation of gaming clients in Pennsylvania could be adverse to POM at some point in the future. It was with this understanding that, in December 2016, Eckert agreed to assist POM in Virginia. POM has always understood that Eckert represented clients in Pennsylvania with interests adverse to POM.

To protect the confidential information of each client, Eckert established a confidentiality screen. Access exclusion rules were set on Eckert's document network as between the Eckert team representing POM and the team representing Parx Casino. The two client teams were

POM 000010



**ECKERT**
S L A M A N S
ATTORNEYS AT LAW

Daniel T. Brier
January 17, 2020
Page 2

expressly instructed that they could not discuss, disclose or share any client information, as to any past/current/future client matter or project, with members of the other client team. No attorney who has worked on a Parx Casino matter has worked on a POM matter and vice versa. There has been no sharing or disclosure of client information between the two client teams. The existence of the confidentiality screen was communicated to POM's National Counsel, and also to POM directly by Eckert attorney Tony Troy.

In light of concerns over the concurrent representation raised by POM in the past several months, Eckert made a careful examination of the facts and law and concluded there is no ethical conflict under the Rules of Professional Conduct of either Pennsylvania or Virginia. The key points are:

> Eckert is not counsel for a party in a litigation where POM is an adverse party.

> Eckert's representation of Parx Casino is in Pennsylvania tribunals (by attorneys screened from the POM representation) and involves Pennsylvania laws.

> Eckert's representation of POM is in Virginia tribunals (by attorneys screened from the Parx Casino representation) and involves Virginia laws.

We recognize that the representations of Parx Casino in Pennsylvania and POM in Virginia have at times involved advancing differing legal positions under the different laws of those different jurisdictions, but this is a positional conflict, which is, has been and remains permissible under the Rules of Professional Conduct. It is not an ethical conflict.

Moreover, in addition to Eckert's own considered review of the relevant conflict principles, Eckert sought the guidance and evaluation of Ethics Counsel for the Virginia State Bar. The Virginia Ethics Counsel reached the same conclusion as Eckert did – that asserting opposing or inconsistent legal positions in different jurisdictions created a business/positional conflict but was not an ethical conflict.

I communicated the above points to POM's National Counsel in several telephone conferences over the past few months to respond to the concerns raised by POM. Most recently, and given the growing positional disputes in Pennsylvania, in December I requested in a call with POM's National Counsel that POM confirm its waiver of any conflict it perceived in our current or future representation of Parx Casino in Pennsylvania, so that we could continue to represent POM in Virginia. We were hopeful POM would agree, since to my information POM has been pleased with Eckert's representation and with the results the Eckert POM team has obtained in Virginia. We do not agree that there is any ethical conflict, but recognize that POM is now troubled by the concurrent representations. We made this proposal as a means to resolve the concern and maintain the relationship. Your letter asserting a purported ethical conflict is a surprise because the firm understood that the confidentiality screen was already acceptable to

POM 000011



**ECKERT**
S E A M A N S
ATTORNEYS AT LAW

Daniel T. Brier
January 17, 2020
Page 3

POM and that confirmation of a prospective waiver would be forthcoming directly from the POM. It certainly does not mention the facts, circumstances and discussions summarized above.

We understand that POM now demands that Eckert cease and limit its representation of another pre-existing client to accommodate POM's business interests when there is no ethical conflict. Eckert will not do that. Eckert would prefer to continue a relationship with POM in Virginia but, given your letter, can only do so if POM will provide confirmation that it consents to Eckert's representation of Parx Casino in Pennsylvania in matters that are adverse to POM, whether a positional or a direct conflict. If Eckert and POM cannot reach this agreement, Eckert will withdraw from its representation of POM. We would of course cooperatively work with POM to ensure a timely and smooth transition to new counsel. The confidentiality screen would also, of course, survive the end of the representation.

If you would like to discuss this response in more detail, please contact me.

Very truly yours,

Timothy S. Coon

Cc:    Mark Stewart
       Timothy Hudak

POM 000012

# Exhibit J

| From: | Romano, Karen M. |
|---|---|
| To: | Mark S. Stewart |
| Cc: | "Kevin J. McKeon"; "King, Jr., Adrian R."; Kevin M. Skjoldal |
| Subject: | [External] RE: Response to POM application to amend/clarify |
| Date: | Thursday, January 23, 2020 9:35:24 PM |

Mark,

Thank you for sending this over.  I am a little behind getting our response drafted but should have it ready early next week. I will let you know when we are ready to file so we can coordinate.

Karen M. Romano
Chief Deputy Attorney General
(717) 787-2717

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Thursday, January 23, 2020 5:00 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Cc:** Kevin J. McKeon <KJMckeon@hmslegal.com>; King, Jr., Adrian R. <KingA@ballardspahr.com>;
Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** Response to POM application to amend/clarify

Karen

The amici are planning on filing an opposition to POM's application to clarify/amend whenever the Commonwealth files its response. Attached is a draft of the filing. As indicated during the hearing, intervention is still planned and in the works.

We'd appreciate the chance to coordinate our filing timing-wise with yours.

Thanks very much.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191  |  Mobile (717) 579-7358
mstewart@eckertseamans.com

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message

ECKERT00398

is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

Click here to report this email as spam.

The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers. Unintended transmissions shall not constitute waiver of any applicable attorney-client or any other applicable privilege. PA-OAG

This message has been scanned for malware by Websense. www.websense.com

ECKERT00399

# Exhibit K

| From: | Romano, Karen M. |
|---|---|
| To: | Kevin M. Skjoldal; Mark S. Stewart |
| Cc: | "Kevin J. McKeon"; "King, Jr., Adrian R." |
| Subject: | [External] RE: Response to POM application to amend/clarify |
| Date: | Wednesday, January 29, 2020 9:40:37 AM |

Thanks, Kevin.  To clarify, the Otter St. seizure took place in July 2018 and is the seizure that led to the POM v. PSP lawsuit. You are correct that the citation is for violations of the Liquor Code and Gaming Act and, as I mentioned, was issued in order to preserve investigation dates. No citation was issued under 5513. I agree POM's pleading misrepresents that citation and have addressed it in our response. I have a draft out to the clients and will be ready to file once I hear from them. I will let you know when we are ready to file so we can coordinate.

Karen M. Romano
Chief Deputy Attorney General
(717) 787-2717

**From:** Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Sent:** Tuesday, January 28, 2020 5:26 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>; Mark S. Stewart <MStewart@eckertseamans.com>
**Cc:** 'Kevin J. McKeon' <KJMckeon@hmslegal.com>; 'King, Jr., Adrian R.' <KingA@ballardspahr.com>
**Subject:** RE: Response to POM application to amend/clarify

Thanks, Karen.  As we discussed earlier today, POM's latest application is very misleading.  It attempts to twist the facts starting with the title of the filing -- "application for leave to supplement its request for clarification of order vacating injunction." Despite POM's statement, the Court did not vacate an injunction, but instead issued an order denying the injunction that POM was seeking.

I am writing now about the last statement that POM made in the application – that with the PSP's motion for stay the Otter Street Grill matter pending before the LCB's ALJ, the PSP is blocking the only mechanism that can be used to seek return of the seized property.  Despite POM not being a party to the LCB proceeding, POM is likely distorting the purpose of that proceeding. While we do not have direct knowledge of the Otter Street Grill matter, in our experience citation matters before the LCB's ALJs typically involve fines and administrative penalties for violations of the Liquor Code, and not return of property.  Indeed, the motion for stay specifically references violations of the Liquor Code and Gaming Act, and not issues relating to the seizure/return of

ECKERT00388

the slot machines.

If Otter Street's machines were seized under Section 5513 of the Crimes Code, the forfeiture proceedings would be conducted in accordance with the asset forfeiture provisions of Pennsylvania law. 18 Pa.C.S. § 5513(b). Under those provisions, Otter Street may move for the return of the slot machines seized by filing a motion in the court of common pleas in the judicial district where the property is located. 42 Pa.C.S. § 5806. Thus, if the slot machines were seized under Section 5513, POM's argument that the motion for stay blocks the only mechanism available to seek their return is false, and it would be helpful for the Commonwealth Court to understand that POM's arguments are not consistent with the law.

If you have any questions, or if we can be of assistance, please let us know.

Thanks,
Kevin

**Kevin M. Skjoldal**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.6039
kskjoldal@eckertseamans.com

eckertseamans.com | bio | vCard | LinkedIn

This communication may contain federal tax advice. Recent IRS regulations require us to advise you that any discussion of federal tax issues in this communication was not intended or written to be used and cannot be used to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein. Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the Firm's Tax partners if you have any questions regarding federal tax advice.

**From:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Sent:** Tuesday, January 28, 2020 1:16 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Cc:** 'Kevin J. McKeon' <KJMckeon@hmslegal.com>; 'King, Jr., Adrian R.' <KingA@ballardspahr.com>; Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** [External] RE: Response to POM application to amend/clarify

I don't think this has any applicability to the injunction – the stay PSP sought seems to be in a case where the citation is under title 4 not 5513. I'm confirming that though.

**ECKERT00389**

Karen M. Romano
Chief Deputy Attorney General
(717) 787-2717

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Tuesday, January 28, 2020 12:58 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Cc:** 'Kevin J. McKeon' <KJMckeon@hmslegal.com>; 'King, Jr., Adrian R.' <KingA@ballardspahr.com>;
Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** RE: Response to POM application to amend/clarify

Thanks, Karen. Had not seen yet. Can't wait to read.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

**From:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Sent:** Tuesday, January 28, 2020 11:57 AM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Cc:** 'Kevin J. McKeon' <KJMckeon@hmslegal.com>; 'King, Jr., Adrian R.' <KingA@ballardspahr.com>;
Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** [External] RE: Response to POM application to amend/clarify

I have a draft response out to my clients for edits. Meantime, in case you haven't seen, POM just
filed the attached.

Karen M. Romano
Chief Deputy Attorney General
(717) 787-2717

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Thursday, January 23, 2020 5:00 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Cc:** Kevin J. McKeon <KJMckeon@hmslegal.com>; King, Jr., Adrian R. <KingA@ballardspahr.com>;
Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** Response to POM application to amend/clarify

Karen

ECKERT00390

The amici are planning on filing an opposition to POM's application to clarify/amend whenever the Commonwealth files its response. Attached is a draft of the filing. As indicated during the hearing, intervention is still planned and in the works.

We'd appreciate the chance to coordinate our filing timing-wise with yours.

Thanks very much.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

---------------------------------------------------------------

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

Click here to report this email as spam.

The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers. Unintended transmissions shall not constitute waiver of any applicable attorney-client or any other applicable privilege. PA-OAG

This message has been scanned for malware by Websense. www.websense.com

---------------------------------------------------------------

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

ECKERT00391

------------------------------------------------------------------------

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

ECKERT00392

# Exhibit L

| From: | Romano, Karen M. |
|---|---|
| To: | Mark S. Stewart; Kevin M. Skjoldal |
| Cc: | "Kevin J. McKeon"; "King, Jr., Adrian R." |
| Subject: | [External] RE: Response to POM application to amend/clarify |
| Date: | Wednesday, January 29, 2020 12:54:01 PM |

Yes, I'm just filing one response that addresses both applications.

Karen M. Romano
Chief Deputy Attorney General
(717) 787-2717

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Wednesday, January 29, 2020 12:43 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>; Kevin M. Skjoldal
<KSkjoldal@eckertseamans.com>
**Cc:** 'Kevin J. McKeon' <KJMckeon@hmslegal.com>; 'King, Jr., Adrian R.' <KingA@ballardspahr.com>
**Subject:** RE: Response to POM application to amend/clarify

Karen

Is that on both "emergency" applications? We will file our response when you do.

Also, to my knowledge, neither Kevin nor Adrian have heard from Matt (guys shout out if wrong).
Our intervention timing is still for end of this week but may slip to next.

Thanks.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

**From:** Romano, Karen M. [mailto:kromano@attorneygeneral.gov]
**Sent:** Wednesday, January 29, 2020 12:15 PM
**To:** Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>; Mark S. Stewart
<MStewart@eckertseamans.com>
**Cc:** 'Kevin J. McKeon' <KJMckeon@hmslegal.com>; 'King, Jr., Adrian R.' <KingA@ballardspahr.com>
**Subject:** [External] RE: Response to POM application to amend/clarify

I am expecting final edits by tomorrow morning so I should be ready to file our response tomorrow.

Karen M. Romano

ECKERT00372

Chief Deputy Attorney General
(717) 787-2717

**From:** Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Sent:** Tuesday, January 28, 2020 5:26 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>; Mark S. Stewart <MStewart@eckertseamans.com>
**Cc:** 'Kevin J. McKeon' <KJMckeon@hmslegal.com>; 'King, Jr., Adrian R.' <KingA@ballardspahr.com>
**Subject:** RE: Response to POM application to amend/clarify

Thanks, Karen. As we discussed earlier today, POM's latest application is very misleading. It attempts to twist the facts starting with the title of the filing -- "application for leave to supplement its request for clarification of order vacating injunction." Despite POM's statement, the Court did not vacate an injunction, but instead issued an order denying the injunction that POM was seeking.

I am writing now about the last statement that POM made in the application – that with the PSP's motion for stay the Otter Street Grill matter pending before the LCB's ALJ, the PSP is blocking the only mechanism that can be used to seek return of the seized property. Despite POM not being a party to the LCB proceeding, POM is likely distorting the purpose of that proceeding. While we do not have direct knowledge of the Otter Street Grill matter, in our experience citation matters before the LCB's ALJs typically involve fines and administrative penalties for violations of the Liquor Code, and not return of property. Indeed, the motion for stay specifically references violations of the Liquor Code and Gaming Act, and not issues relating to the seizure/return of the slot machines.

If Otter Street's machines were seized under Section 5513 of the Crimes Code, the forfeiture proceedings would be conducted in accordance with the asset forfeiture provisions of Pennsylvania law. 18 Pa.C.S. § 5513(b). Under those provisions, Otter Street may move for the return of the slot machines seized by filing a motion in the court of common pleas in the judicial district where the property is located. 42 Pa.C.S. § 5806. Thus, if the slot machines were seized under Section 5513, POM's argument that the motion for stay blocks the only mechanism available to seek their return is false, and it would be helpful for the Commonwealth Court to understand that POM's arguments are not consistent with the law.

ECKERT00373

If you have any questions, or if we can be of assistance, please let us know.

Thanks,
Kevin


**Kevin M. Skjoldal**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.6039
kskjoldal@eckertseamans.com

eckertseamans.com | bio | vCard | LinkedIn

This communication may contain federal tax advice. Recent IRS regulations require us to advise you that any discussion of federal tax issues in this communication was not intended or written to be used and cannot be used to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein. Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the Firm's Tax partners if you have any questions regarding federal tax advice.

---

**From:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Sent:** Tuesday, January 28, 2020 1:16 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Cc:** 'Kevin J. McKeon' <KJMckeon@hmslegal.com>; 'King, Jr., Adrian R.' <KingA@ballardspahr.com>;
Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** [External] RE: Response to POM application to amend/clarify

I don't think this has any applicability to the injunction – the stay PSP sought seems to be in a case where the citation is under title 4 not 5513. I'm confirming that though.

Karen M. Romano
Chief Deputy Attorney General
(717) 787-2717

---

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Tuesday, January 28, 2020 12:58 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Cc:** 'Kevin J. McKeon' <KJMckeon@hmslegal.com>; 'King, Jr., Adrian R.' <KingA@ballardspahr.com>;
Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** RE: Response to POM application to amend/clarify

Thanks, Karen. Had not seen yet. Can't wait to read.

**Mark Stewart, Esquire**

ECKERT00374

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

**From:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Sent:** Tuesday, January 28, 2020 11:57 AM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Cc:** 'Kevin J. McKeon' <KJMckeon@hmslegal.com>; 'King, Jr., Adrian R.' <KingA@ballardspahr.com>;
Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** [External] RE: Response to POM application to amend/clarify

I have a draft response out to my clients for edits. Meantime, in case you haven't seen, POM just
filed the attached.

Karen M. Romano
Chief Deputy Attorney General
(717) 787-2717

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Thursday, January 23, 2020 5:00 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Cc:** Kevin J. McKeon <KJMckeon@hmslegal.com>; King, Jr., Adrian R. <KingA@ballardspahr.com>;
Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** Response to POM application to amend/clarify

Karen

The amici are planning on filing an opposition to POM's application to clarify/amend whenever the
Commonwealth files its response. Attached is a draft of the filing. As indicated during the hearing,
intervention is still planned and in the works.

We'd appreciate the chance to coordinate our filing timing-wise with yours.

Thanks very much.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

ECKERT00375

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

Click here to report this email as spam.

The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers. Unintended transmissions shall not constitute waiver of any applicable attorney-client or any other applicable privilege. PA-OAG

This message has been scanned for malware by Websense. www.websense.com

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message

ECKERT00376

is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

ECKERT00377

# Exhibit M

# In the Matter Of:

## PACE-O-MATIC vs 120- ECKERT SEAMANS CHERIN

1:20-CV-00292

## THOMAS LISK, ESQ.

*September 01, 2020*



800.211.DEPO (3376)
EsquireSolutions.com

partner at Eckert Seamans?

A.    Yes.

Q.    Now, in paragraph three, while at Eckert you became the partner in charge of the firm's relationship with POM.  Is that because Mr. Mayernick had previously done work for POM?

A.    It's because the engagement from POM came in directly from me and not from Mr. Mayernick.

Q.    You remained that partner in charge until you left Eckert in 2018, as it says in paragraph three?

A.    Yes.

Q.    Paragraph four where you talk about the legal services that were being provided, that's consistent with what's contained in the engagement letter, correct?

A.    Yes.

Q.    Those excerpts are literally quotations, where the quotations are come directly out of the engagement letter, is that true?

A.    Yes.

Q.    Now, in paragraph five you said you never discussed with any representative of POM or advised POM that Eckert would undertake the representation



only if POM agreed to waive any future conflict of Parx Casino.  Do you see that?

A.    Yes, I do.

Q.    Isn't that inconsistent with the engagement letter and the advanced waiver that you had the client execute?

A.    No.

Q.    Why not?

A.    Because I never discussed with POM any specifics as to Parx Casino.

Q.    Did you discuss with POM Eckert's representation of gaming clients in Pennsylvania?

A.    Yes, I did discuss generically gaming clients.

Q.    So POM understood that, correct?

MR. FLAHERTY:  Objection to form.

THE WITNESS:  POM understood what?

Q.    That Eckert represented gaming clients in Pennsylvania?

A.    Yes.

Q.    It's your position that POM signed the engagement letter with the advanced conflict waiver language, correct?

A.    Yes.



Q.    Now, in paragraph six you say, it was not a condition of Eckert's engagement that POM agree that Eckert could represent Parx or other gaming clients in a matter or matters adverse to POM in Pennsylvania.  Do you see that?

A.    Yes, I do.

Q.    Wasn't it a condition of Eckert's engagement that Eckert could continue to represent Parx and its other gaming clients in Pennsylvania?

A.    It was a condition that we could represent -- Eckert could represent other clients that are in conflict with POM, but the engagement letter did not specify gaming clients or Parx Casino.

Q.    In paragraph seven -- I apologize, I'm not trying to repeat, but it's in your declaration, you say you never discussed the waiver language in the 2016 engagement letter or the meaning of that language with POM, correct?

A.    Correct.

Q.    So you didn't have a specific discussion, but it was in the -- it was in the engagement letter, correct?

A.    Correct.



Q.   Nobody at POM asked you any questions about it, correct?

A.   Correct.

Q.   Now, in paragraph eight you say that the firm acquired, retained and had access to highly sensitive, confidential and proprietary product and business information concerning POM and its affiliates and their skill game products during the representation of POM.  Do you see that?

A.   Yes.

Q.   Who else had access to that information while you were at Eckert?

A.   Tony Troy, a partner, Rich Savage, another partner.  There may have been others but I couldn't say with certainty.

Q.   When you talk about their skill game products, this is their Queen of Virginia product, their game called the Queen of Virginia?  Isn't that the product that you dealt with?

         MR. FLAHERTY:  Objection to form.

         THE WITNESS:  Yeah, yes.

Q.   Do you know whether Mr. Stewart had any access to this information?

A.   I do not know.



Pace-O-Matic's machines are illegal and that Pace-O-Matic should be criminally prosecuted?

A.    We never had that conversation, no.

Q.    Did he tell you that Eckert intended to argue that Pace-O-Matic's machines are deceptively marketed?

A.    Not that I recall, no.

Q.    I'm sorry, you broke up.  Could you repeat your answer, please?

A.    Not that I recall, no.

Q.    Earlier in your deposition you were asked by my colleague, Mr. Tintner, whether you went back to Pace-O-Matic and told Pace-O-Matic what Mr. Stewart shared with you about Parx' plans for the future with respect to Pace-O-Matic.  And I think you said --

MR. TINTNER:  Objection.

Q.    I think you said you didn't do that because you didn't think you could do it without waiving Parx' or breaching Parx' confidentiality. Do you recall that?

A.    I recall that, yes.

Q.    Can you explain that to us a little bit further, please?

 ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com

A.    Well, I was concerned that if Parx had an intention to seek legislation that may be harmful to POM in Pennsylvania, that I would be divulging that client confidentiality if I shared that with POM.

Q.    And, therefore, you did not share it, correct?

A.    Correct.

Q.    Did you share with POM that, in Mr. Stewart's view, it was also likely that Parx would be adverse in litigation matters with Pace-O-Matic?

A.    No, I did not.

Q.    Did you not share that for the same reason that you thought you would be disclosing Parx' confidential information if you did so?

A.    Correct.

Q.    Okay.  I don't have anything further, sir. Thank you.

        MR. FLAHERTY:  I don't have anything.

        MR. TINTNER:  I just have a couple follow-up questions.

BY MR. TINTNER:

Q.    Mr. Lisk, you testified earlier about the Beaver County, Pennsylvania decision involving POM.



C E R T I F I C A T E

I hereby certify that the proceedings and evidence noted on September 1, 2020, contained fully and accurately in the notes taken by me on the deposition of the above matter, and that this is a correct transcript of the same.

(The foregoing certification of this transcript does not apply to any reproduction of the same by any means, unless under the direct control and/or supervision of the certifying reporter.)



GENA M. NARDONE

Registered Professional Reporter

Notary Public

# Exhibit N

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                )
                    Plaintiff      )
            vs                     )   1:20-CV-00292
ECKERT, SEAMANS, CHERIN &          )
MELLOTT, LLC, Et Al,               )
                    Defendants     )
_____  )

TRANSCRIPT OF PROCEEDINGS - ORAL ARGUMENT
BEFORE THE HONORABLE JOSEPH F. SAPORITO, JR.
TUESDAY, OCTOBER 20, 2020
WILKES-BARRE, PENNSYLVANIA

FOR THE PLAINTIFF:
    DANIEL T. BRIER, ESQ.
    DONNA A. WALSH, ESQ.
    Myers, Brier & Kelly, LLP
    425 Spruce Street
    Suite 200
    Scranton, PA 18503

FOR THE DEFENDANTS:
    ROBERT S. TINTNER, ESQ.
    Fox Rothschild, LLP
    2000 Market Street
    10th Floor
    Philadelphia, PA 19103

    GEORGE A. BIBIKOS, ESQ.
    GA BIBIKOS, LLC
    5901 Jonestown Rd. #6330
    Harrisburg, PA 17112

    DENNIS WHITAKER, ESQ.
    Hawke, McKeon & Sniscak, LLP
    100 N. 10th Street
    Harrisburg, PA 17101

Proceedings recorded by machine shorthand, transcript produced
by computer-aided transcription.

SUZANNE A HALKO, RMR, CRR
CERTIFIED REALTIME REPORTER
235 N. WASHINGTON AVENUE
SCRANTON, PENNSYLVANIA 18503

25

MR. BRIER:  Yes, and billing attorney or paralegal.

THE COURT:  And all other information you have no interest in?

MR. BRIER:  No.

So if you give me a minute, I just want to confer with Donna.

Judge, I don't have anything further at this time.

THE COURT:  Thank you, Mr. Brier.

MR. BRIER:  Thank you.

THE COURT:  I guess whoever.  Mr. Tintner.

MR. TINTNER:  Can I stay here, Your Honor?

THE COURT:  You may stay there or whatever your preference is.

MR. TINTNER:  Robert Tintner on behalf of the Defendant Eckert Seamans.

I did not anticipate that we were going to argue the merits of the case, but I will point out a couple of important points that, Judge, I think the Court is already aware but I do want to point them out.

The team of lawyers who represented POM in Virginia were entirely different lawyers than the team of lawyers who represented Parx in Pennsylvania.  All I can say to Your Honor is that there was no question.  The important thing about Mr. Lisk's deposition is that there is no question now that there was a collapse in obtaining the appropriate level of a

26

conflict -- of an advanced conflict waiver. We know that now. We did not know that until Mr. Lisk testified. I told you this, and the reason I stress this is that the e-mail, one of which Mr. Brier just pointed out, is inconsistent, even that e-mail is entirely inconsistent with what Mr. Lisk testified that he went back to POM to obtain.

Now, interestingly in that deposition -- I don't think it's all that relevant for this, but I will tell you that he does acknowledge that he believed that by sending the December 2016 engagement letter with the advanced conflict waiver, he assumed he was getting an effective conflict waiver. Unfortunately, the restrictions that he was asked to pursue with POM, which included that Parx could continue to be adverse to POM in Pennsylvania potentially and that Eckert could not represent POM in Pennsylvania, he communicated that Eckert could not represent POM in Pennsylvania. He did not communicate that Eckert potentially could be adverse in Pennsylvania. We know that now. We are not disputing it. We know he was our member at the time. We are bound by what he said.

That doesn't change the fact that the lawyers who were representing these entities kept their communications separate, adhered to an ethical screen, and continued to go about their business until this issue came up. There is no question -- and it is in the e-mail that was provided to you --

50

from -- or two from Commonwealth Court, and even in Greenwood Gaming and Entertainment is Parx, SugarHouse, its various partnerships.

So HMS, it's not like HMS was sort of chosen by sticking a pin in the phonebook and Eckert reached out to them and said, hey, how about filing this amicus brief for us?

I think what the story here is, is that there has been an ongoing battle between Mr. Brier's client, POM, the Pennsylvania State Police, the Pennsylvania Gaming Control Board, the Department of Revenue, and apparently the City of Philadelphia.

POM initiated those two actions in Commonwealth Court. The first one, I belive, was against the Department of Revenue and the City of Philadelphia. The second was against the Liquor Control Board. The whole issue here is whether what POM calls skill games are actually legal gaming devices that are covered by the Crimes Code. I mean, that's really what it is.

So at some point obviously -- or I should say at some point, Mr. Stewart, at Eckert obviously has an ongoing relationship with Parx and he had one with POM. POM filed these actions, but, to my understanding at least, nobody from Eckert ever entered an appearance in that case, and at some point, apparently whatever date and time -- again, I really know nothing, you know, about all the sort of background here

51

and, frankly, the less I know, the better -- but whatever date and time there was regarding representation in Virginia by Eckert, representation in Pennsylvania fell apart, at which point Eckert reached out to our firm saying, you know, can you do this for us? We had represented Parx before, so the answer was yes. So what we have -- so that, hence, filing the amicus. I don't think it matters who prepared it, but for right now, we represent Parx, Eckert represents Parx.

So our communications with Parx regarding this litigation are protected by attorney-client privilege and/or the work product. Our communications with Eckert are protected by the work product. Eckert's communications with us, if it's attorney-client with Parx and they are communicating with Parx other lawyer, they're still all protected.

So where we're at here right now is HMS is being subpoenaed for either documents that it created on its own in its representation of Parx or documents that it received from Eckert from when Eckert was representing Parx.

We can't give the documents up. Parx has instructed us to assert the attorney-client privilege and we're doing it. So we're sort of in a tough -- we're in a tough position here. Right now we represent the intervenors or the punitive intervenors in the Commonwealth Court in both actions. I believe the hearing is 10/29, October 29th on the intervention petition where my partner, Mr. McKeon, is representing them.

66

# CERTIFICATE

I, SUZANNE A. HALKO, Official Court Reporter for the United States District Court for the Middle District of Pennsylvania, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct transcript of the within-mentioned proceedings had in the above-mentioned and numbered cause on the date or dates hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my supervision.

SUZANNE A. HALKO, RMR,CRR
Official Court Reporter

REPORTED BY:

SUZANNE A. HALKO, RMR,CRR
Official Court Reporter
United States District Court
Middle District of Pennsylvania
Scranton, Pennsylvania 18501

(The foregoing certificate of this transcript does not apply to any reproduction of the same by any means unless under the direct control and/or supervision of the certifying reporter.)

## CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that I am this day serving the foregoing

Application To Disqualify Counsel for Proposed Intervenors upon all counsel of

record via PACFile eService, which service satisfies the requirements of Pa.

R.A.P. 121.

_____
Donna A. Walsh

Date:  December 2, 2020

# Exhibit B

Received 12/7/2020 11:10:07 AM Commonwealth Court of Pennsylvania

Filed 12/7/2020 11:10:00 AM Commonwealth Court of Pennsylvania
418 MD 2018

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, :
 :
  Petitioner : No. 418 M.D. 2018
 :
 v. :
 :
COMMONWEALTH OF :
PENNYLVANIA, DEPARTMENT OF :
REVENUE and CITY OF :
PHILADELPHIA, :
 :
  Respondents. :

## ANSWER TO PETITIONER'S APPLICATION TO DISQUALIFY COUNSEL FOR PROPSOED INTERVENORS

Pursuant to this Court's December 3, 2020 order, proposed intervenors Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino, Downs Racing, L.P., Mountainview Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC and Wind Creek Bethlehem LLC (collectively, the "Casino Intervenors") responds to Petitioner POM of Pennsylvania, LLC's ("POM") Application to Disqualify Counsel from representing Casino Intervenors in this matter and in support thereof, states as follows:

## I.    Introduction

POM's application to grant the extraordinary remedy of disqualifying the Casino Intervenors' counsel of choice on the eve of a long-awaited intervention hearing is premised on the false narrative that Hawke McKeon is a puppet of Eckert, Seamans, Cherin & Mellott, LLC's (Eckert)  in this litigation, that Hawke McKeon has allowed Eckert to dictate litigation strategy from behind the scenes while knowing that Eckert could not itself ethically conduct litigation adverse to POM, and that Eckert's strategy (and thus Hawke McKeon's) has been guided by confidential information Eckert secured while providing legal representation to POM. Putting aside the naked tactical nature of POM's application – it threatened this application 11 weeks ago, but waited to file it until it would cause maximum prejudice to the Casino Intervenors – none of POM's claims are true.

Hawke McKeon is not a mouthpiece for Eckert.  Rather, because of its long history representing Parx Casino in various matters before this Court and the Supreme Court, Parx's Chairman asked Hawke McKeon in November 2019 to get involved in the issues at stake in this case as part of a Casino Intervenors' group effort to challenge the legality of POM's slot machine.  When it came time to file an amicus brief in December 2019 and Eckert decided to eschew an on-the-record role adverse to POM, the decision did not involve substituting Hawke McKeon for Eckert, but rather dropping Eckert from a brief that already included Hawke

McKeon. Further, Eckert's decision was not based on the belief it had an irreconcilable conflict with POM; indeed, the Eckert lawyers representing Pennsylvania casino interests had been told by the Virginia-based Eckert lawyer representing POM in Virginia that POM had provided a conflict waiver acknowledging that Eckert was likely to be adverse to POM in Pennsylvania litigation. From the outset and as the attempt to gain intervention status has unfolded, Hawke McKeon has been involved in the analysis, researching and drafting of every document filed in this case on behalf of the Casino Intervenors. Most important, notwithstanding POM's misleading phrasing, the Eckert lawyers representing Pennsylvania casino interests never had any access to POM confidential information that Eckert lawyers representing POM in Virginia may have acquired – Eckert had an ethical screen in place, and the Eckert lawyers involved have submitted sworn declarations attesting to the separation. Hawke McKeon is even further removed, and has never had any access for any purpose to any confidential POM information through Eckert or otherwise.

The upshot is that even if POM's basis for disqualifying Hawke McKeon had a legal basis (POM cites none other than "Eckert cannot do through Hawke McKeon what it is prohibited from doing directly," Application at 2) there is no factual basis to believe POM's false narrative.  It remains to be seen whether Eckert has an actual conflict, but even if Eckert does because a now-former Eckert

3

partner told his colleagues he had obtained a conflict waiver he never actually asked POM to provide, there is no basis to conclude that Eckert's conflict extends to Hawke McKeon.

## II.    Answer

1.    Admitted.

2.    Admitted that the court issued an opinion in this matter on November 20, 2019.  The opinion speaks for itself.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted that the court issued an opinion in this matter on January 21, 2020 denying the preliminary injunction request.  The opinion speaks for itself.

8.    Admitted.

9.    Denied. Hawke McKeon and Ballard Spahr, LLP (Ballard) represent the Casino Intervenors in this case, and the representation is real, not "nominal." The various Casino Intervenors' litigation filings in this case were drafted by a group of lawyers from Hawke McKeon, Ballard, and Eckert. See Declaration of Kevin J. McKeon (McKeon Declaration), attached as **Exhibit 1**, at ¶¶ 1-12 . Although Eckert is Parx's primary regulatory counsel, Hawke McKeon, through

4

Kevin J. McKeon, has been counsel to Parx in matters before the Pennsylvania Gaming Control Board, the Commonwealth Court, and the Pennsylvania Supreme Court since 2007. *Id.* at ¶ 1. In late November, 2019, after the court's decision in this case, Robert Green, Chairman of Parx, contacted Kevin McKeon, explained that Parx was working with a group of Pennsylvania casinos on ways to address the threat to Parx's revenues and the revenues of other Pennsylvania casinos posed by POM's illegal slot machines. Mr. Green advised that the casino group had decided to develop a legal "white paper" that addressed legal theories as to why the POM game is illegal under Pennsylvania law, that the plan was to have law firms that represent Pennsylvania casinos author it, that he would like Mr. McKeon to consider helping to author it, and that Mr. McKeon ask Mr. Stewart at Eckert to send the current draft for Hawke McKeon's review and input, and potential endorsement. Mr. McKeon asked Mr. Stewart to send the White Paper draft, and Mr. McKeon reviewed it and provided comments concerning the legal theory in early December 2019. While the White Paper was being finalized, POM applied for a preliminary injunction on December 13, 2019, and the casino group decided to use the white paper that was still in draft form as the basis for an amicus brief that could be filed in this case in opposition to POM's request for a preliminary injunction. Mr. McKeon was an intended signator to the amicus brief, as were Mr. Stewart at Eckert and Mr. King at the Ballard firm. When Eckert became aware

5

that POM had raised a potential conflict of interest issue against Eckert, Mr. Stewart decided not to sign the amicus brief and enter his appearance in the case, even though Mr. Stewart and Eckert believed that POM had given a conflict waiver as to any potential conflict in Eckert's representation adverse to POM in Pennsylvania. Id. at ¶¶ 2-10.

10. Denied. Although Eckert did not sign the amicus brief filed in this case in December 2019 or otherwise enter its appearance in this case, Mr. Stewart and Eckert believed in December 2019 and continued to believe thereafter that Eckert had obtained a conflict waiver from POM. Accordingly, Eckert continued to participate in the casino group that was addressing POM's illegal slot machines in Pennsylvania, and assisted in creating first drafts of filings or editing the first drafts created by other casino group lawyers for filings in this case. It was not until September 2020, that Eckert learned definitively in a deposition of Mr. Lisk, the former Eckert partner who represented POM in the Commonwealth of Virginia, that although Mr. Lisk had represented to Mr. Stewart and others at Eckert that POM had given a conflict waiver, POM had not given a conflict waiver.

11. Admitted in part, on information and belief. On information and belief, Eckert's representation of POM was limited exclusively to POM's operations in the State of Virginia. Mark Stewart, the Eckert partner in charge of work for Parx Casino, understood that Mr. Lisk, the former Eckert partner

6

representing POM in the Commonwealth of Virginia, had obtained a conflict waiver from POM that permitted Eckert to work on all matters for Parx, including matters that conflicted with POM's interests in Pennsylvania. *See* McKeon Declaration at ¶¶ 12- 15.  See also response to Paragraph 12 *infra*.

12.    After reasonable investigation, Hawke McKeon is without knowledge as to the extent of access, if any, that Eckert's Virginia lawyers who represented POM had to POM's confidential information.  However, on information and belief, and as represented to Mr. McKeon by Mr. Stewart, and as set forth in affidavits of Eckert lawyers in POM's federal lawsuit against Eckert, it is denied that Eckert's lawyers representing Parx had any access to information on POM, confidential or otherwise, that was obtained by Eckert's lawyers representing POM. On information and belief, Eckert erected an ethical screen between its lawyers working on POM's matters in the Commonwealth of Virginia and Mr. Stewart and other Eckert lawyers working on Parx matters, and neither the Eckert POM lawyers nor the Eckert Parx lawyers had access to their respective clients' information. *See* McKeon Declaration at ¶¶ 12- 15.

13.    After reasonable investigation, Hawke McKeon is without knowledge as to the truth of this allegation.

14. On information and belief, it is admitted that Eckert no longer represents POM. After reasonable investigation, Hawke McKeon is without knowledge as to the truth of the remaining allegations in this paragraph.

15. Admitted.

16. It is admitted that Eckert has represented that it has not entered its appearance for a party in this case. The attached documents speak for themselves.

17. Admitted that Eckert is not counsel in this case. Denied that Eckert "continued and continues" to "direct the representation of Parx Casino and the other Casino Intervenors in this action through the Hawke McKeon firm." *See* response to Paragraphs 9-12, *supra*. Admitted that POM has served a subpoena in its federal court action against Eckert on Hawke McKeon, demanding production of communications related to this case that Hawke McKeon contends are privileged, that Hawke McKeon has objected to that subpoena on grounds of attorney client and work product privileges, that POM has filed a motion to compel compliance, and that the matter is being adjudicated by a federal district court magistrate judge. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

18. Admitted that Eckert sent emails to the Office of Attorney General concerning this case. The attachments speak for themselves. After reasonable

8

investigation, Hawke McKeon is without knowledge as to whether POM was aware of those emails at the time they were sent.

19. Admitted that Eckert sent emails to the Office of Attorney General concerning this case. The attachments speak for themselves. By way of further answer, *see* response to Paragraphs 9-12, *supra*.

20. Denied that the privilege log confirms that Eckert drafted the amicus brief; rather the amicus brief was a casino group joint effort that grew out of the casino group White Paper. *See* response to Paragraphs 9-12, *supra*. Admitted that Eckert did not sign the amicus brief. *Id*.

21. Admitted that Mr. Stewart commented on Respondent's answer to POM's request for preliminary injunction. The document speaks for itself.

22. Admitted. *See* response to Paragraphs 9-12, *supra*.

23. Admitted that Eckert represented to POM that it is not counsel for a party in litigation where POM is an adverse party. Denied that Eckert has been involved in this litigation except as described in Paragraphs 9-12*, supra*.

24. Denied as stated. See response to Paragraphs 9-10, *supra*. The privilege log speaks for itself.

25. Admitted. *See* response to Paragraphs 9-10*, supra*.

9

26.    Denied as stated.  See response to Paragraphs 9-10. Mr. McKeon extensively edited drafts of the documents in question.  *See* McKeon Declaration at ¶11.

27.    Admitted that Eckert shared information with Mr. McKeon; that information was shared at the express request of Parx's CEO Mr. Green.   See response to Paragraphs 9 and 10. *See* McKeon Declaration at ¶¶2-5.

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Admitted.

32.    Admitted and Denied. Admitted that Eckert lawyers representing POM in the Commonwealth of Virginia may have had access to confidential POM information. On information and belief, it is denied that Eckert lawyers representing Parx had any access to such information, as an ethical screen was in place within Eckert. *See* response to Paragraph12, *supra.* It is further Denied that Eckert lawyers disclosed any confidential POM information to Eckert lawyers representing Parx. It is Denied that any Eckert lawyer disclosed any confidential POM information to Hawke McKeon.  *See* McKeon Declaration at ¶¶12-16.

10

33. Neither admitted nor denied, as no response is required to a conclusion of law. The Pennsylvania Rules of Professional Conduct speak for themselves.

34. Admitted that Mr. Lisk admitted in his September 2020 deposition that he never secured the POM conflict waiver concerning Parx that he had assured Mr. Stewart and other Eckert partners in 2016 and 2017 that he had requested and secured.

35. Neither admitted nor denied, as no response is required to a conclusion of law. The Pennsylvania Rules of Professional Conduct speak for themselves.

36. Denied. *See* response to Paragraphs 9-12, *supra*. To the extent Eckert was aware it did not have the conflict waiver Mr. Lisk assured his partners he had obtained, Eckert did not discover same until September 2020. Denied that Eckert ever breached a duty of confidentiality it owed to POM.

37. To the extent Eckert has a conflict that prevents it from indirect involvement against POM on behalf of Casino Intervenors in this matter, it did not confirm the existence of the conflict until Mr. Lisk's deposition in September 2020.

38. Denied as stated. *See* response to Paragraphs 9-12, *supra*.

39.   Neither admitted nor denied, as no response is required to a conclusion of law. To the extent a response is required it is denied.

40.   Denied.

WHEREFORE, for the reasons set forth above, Casino Intervenors respectfully request the Court to deny POM's motion to disqualify Hawke McKeon from representing Casino Intervenors.

Respectfully submitted,

*/s/ Dennis A. Whitaker*

Dennis A. Whitaker, I.D. #53975
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA  17101
(717) 236-1300
(717) 236-4841
dawhitaker@hmslegal.com

*Counsel for Greenwood Gaming and Entertainment, Inc., Downs Racing, L.P., Mountainview Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC, and Wind Creek Bethlehem, LLC in relation to Application to Disqualify Counsel for Proposed Intervenors*

Dated: December 7, 2020

**VERFICATION**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: December 7, 2020                    Kevin J. McKeon

# Exhibit 1

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| POM OF PENNSYLVANIA, LLC, | : | |
| | : | |
| Petitioner | : | No. 418 M.D. 2018 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNYLVANIA, DEPARTMENT OF REVENUE and CITY OF PHILADELPHIA, | : : : : | |
| | : | |
| Respondents. | : | |

### Declaration of Kevin J. McKeon in Support of Proposed Intervenors' Answer to Petitioner's Motion to Disqualify

I, Kevin J. McKeon, state as follows:

1.    I have been counsel to Greenwood Gaming and Entertainment, Inc. (Parx Casino) in matters before the Pennsylvania Gaming Control Board, the Commonwealth Court, and the Pennsylvania Supreme Court since 2007. *See, e.g., SugarHouse HSP Gaming, L.P. v. Pennsylvania Gaming Control Board*, 162 A.3d 353 (Pa. 2017);[1] *SugarHouse HSP Gaming, LP v. Pennsylvania Gaming Control Bd.*, 136 A.3d 457 (Pa. 2016); *Greenwood Gaming and Entertainment, Inc. v. Com., Dept. of Revenue,* 90 A.3d 699 (Pa. 2014); *Greenwood Gaming and*

---

[1] In the S*ugarHouse* cases I represented Stadium Casino, at that time a partnership between Greenwood Gaming and the Cordish Companies.

*Entertainment, Inc. v. Pennsylvania Gaming Control Bd.,* 2013 WL 3984742 (Pa.
Cmwlth. 2013); *Bensalem Racing Ass'n v. Pa. State Harness Racing Comm'n*, 19
A.3d 549 (Pa. Cmwlth.2011)[2]; *Greenwood Gaming and Entertainment, Inc. v.
Pennsylvania Gaming Control Bd.*,15 A.3d 884 (Pa. 2011).

2.    In November 2019, after this court's November 20 decision in this
case, Robert Green, Chairman of Parx Casino, contacted me and explained that
Parx was working with a group of Pennsylvania casinos (casino group) on ways to
address the threat to Parx's revenues and the revenues of other Pennsylvania
casinos posed by POM's illegal slot machines.

3.    Mr. Green advised that the casino group had decided to develop a
legal "white paper" that addressed legal theories as to why the POM game is
illegal under Pennsylvania law, that the plan was to have law firms that represent
Pennsylvania casinos author it, that he would like me to consider helping to author
it, and that I should ask Mr. Stewart at Eckert Seamans, Parx's primary regulatory
counsel, to send the current draft for my review and input, and Hawke McKeon
and Sniscak LLP's (Hawke McKeon) potential signing on to the white paper.

---

[2] Bensalem Racing Association is an affiliate of Parx.

4.    Following my conversation with Mr. Green, I sent a text message to Mr. Stewart in which I requested a copy of the current draft of the white paper. A copy of my text to Mr. Stewart and his reply is attached as **Appendix 1.**

5.    Mr. Stewart sent me the draft white paper and I reviewed it and provided comments concerning the legal theory in early December 2019.

6.    While the white paper was still being finalized, POM applied for a preliminary injunction on December 13, 2019, and the casino group decided to use the white paper that was still in draft as the basis for an amicus brief that could be filed in this case in opposition to POM's request for a preliminary injunction.

7.    As the process developed I was an intended signator to the amicus brief, as was Mr. Stewart from Eckert and Mr. King at Ballard Spahr LLP, who represents the Penn National casinos.

8.    During this time before the filing of the amicus brief in December 2019 Eckert became aware that POM had raised a potential conflict of interest issue against Eckert stemming from Eckert's separate representation of POM in the Commonwealth of Virginia.

9.    Although Mr. Stewart and Eckert believed that POM's claim that Eckert had a conflict was incorrect, because Mr. Stewart had been told by Mr. Lisk, the Eckert lawyer representing POM in Virginia, that POM had agreed to an

3

advanced conflict waiver as to any conflict between Eckert's representation of POM in Virginia and Eckert's separate representation adverse to POM in Pennsylvania, Mr. Stewart decided not to sign the amicus brief or enter his appearance in this case.

10.    Although Eckert did not sign the amicus brief, Mr. Stewart and Eckert continued to believe that Eckert had a valid conflict waiver from POM, and Eckert continued to participate in the casino group that was addressing POM's illegal slot machines in Pennsylvania, and continued to be involved in the casino lawyer group, including creating first drafts of filings or editing the first drafts of documents created by other casino group lawyers for use in this case.

11.    Contrary to POM's representations in its Application, Eckert did not act as my puppeteer in my representation of the Casino Intervenors in this case. I was involved in helping to draft the document that became the amicus brief; I was solely responsible for preparing for and presenting the arguments offered at the preliminary injunction hearing on behalf of the Casino Intervenors (although I welcomed comments from the team of casino lawyers), and I participated in the drafting, research and editing of every document I filed on behalf of the Casino Intervenors. Eckert lawyers produced first drafts of some of the documents, I produced others, but I was involved with all; nothing was filed without my review, input, editing and approval.

12.     Mr. Stewart represented to me in December 2019 and again in February 2020 after POM sued Eckert in federal district court, that Mr. Stewart (a) believed Eckert had obtained a conflict waiver from POM concerning Eckert's anticipated adverse representation against POM's interests in Pennsylvania, and (b) that Mr. Stewart had no access to any information that Eckert lawyers representing POM in the Commonwealth of Virginia may have obtained. He stated that Eckert had a conflict screen in place between its lawyers working on POM's matters in Virginia and Mr. Stewart and other Eckert lawyers working on Parx matters, such that neither the Eckert POM lawyers nor the Eckert Parx lawyers had access to their respective clients' information.

13.     In the process of defending against POM's ongoing action against Eckert in federal district court, Mr. Stewart and other Eckert lawyers have confirmed these points in declarations filed with the federal district court in April 2020.

14.     Mr. Stewart's declaration is attached as **Appendix 2**. In it he confirms that he never had access to or reviewed any confidential information about POM that may have been obtained by Eckert lawyers who represented POM in the Commonwealth of Virginia; he also confirms and supports with emails his insistence that Mr. Lisk, as a condition of Eckert representing POM in Virginia, secure a conflict waiver from POM with respect to Mr. Stewart's potential adverse

5

representation of Parx against POM in Pennsylvania, Mr. Lisk's assurances that he had obtained such a waiver, and the fact that Eckert had an ethical screen in place to protect the  information of the respective clients.

15.    Two Eckert partners who represented POM in the Commonwealth of Virginia after Mr. Lisk left Eckert in 2018 also submitted declarations in the federal district court litigation initiated by POM.  Mr. Kirsner's declaration is attached as **Appendix 3;** in it he confirms his understanding that Mr. Lisk had obtained a conflict waiver from POM concerning Eckert's representation adverse to POM in Pennsylvania.  He also confirms that he never disclosed any confidential information about POM to Mr. Stewart or other Eckert lawyers representing gaming clients in Pennsylvania. Mr. Troy's declaration is attached as **Appendix 4.** He likewise confirms that he never discussed work he was doing for POM in Virginia with Eckert attorneys who represent gaming clients in Pennsylvania.

16.    Neither I nor anyone at Hawke McKeon have ever reviewed any confidential information concerning POM, nor have we ever had access to such information through Eckert or any other source.

6

I declare under penalty of perjury that the foregoing is true and correct. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Kevin J. McKeon ID No PA 30428
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
kjmckeon@hmslegal.com

Dated: December 7, 2020

7

# Appendix 1



# Appendix 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,

                Plaintiff,

    v.

ECKERT SEAMANS CHERIN & MELLOTT,
LLC,

                Defendant.

Docket No. 1:20-cv-00292

## DECLARATION OF MARK S. STEWART, ESQUIRE

I, Mark S. Stewart, Esquire, hereby declare and state as follows:

1.      I am an attorney licensed to practice law in the Commonwealth of Pennsylvania and the State of Maryland.

2.      I am a member of the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert"), the defendant in the above-captioned action, with an office in Harrisburg, Pennsylvania.

3.      I am the Co-Chair of Eckert's Hospitality and Gaming Groups, and I concentrate my practice on all aspects of gaming law and civil and administrative litigation.

4.      I represent a number of gaming clients in Pennsylvania.

5.      At some point in 2016, Thomas Lisk, formerly of Eckert, approached me about his potential representation of Pace-O-Matic, Inc. ("POM"), the plaintiff in this action.

6.      Mr. Lisk asked me whether Eckert could potentially represent POM in Virginia.

7.      Mr. Lisk did so because he recognized that there would be a potential business or positional conflict with respect to my representation of certain gaming clients in Pennsylvania because those clients potentially could take positions that were adverse to POM in Pennsylvania.

8. I was adamant with Mr. Lisk that we could not represent POM in Virginia if POM could not consent to Eckert's representation of its gaming clients in Pennsylvania where those clients might need Eckert to take positions adverse to POM.

9. To that end, I specifically told Mr. Lisk orally and in writing, and it was my understanding that Mr. Lisk specifically advised POM, that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent its gaming clients in Pennsylvania, including in ways that could or would be adverse to POM; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

10. Mr. Lisk agreed and confirmed in an e-mail to me that he would approach POM and that any representation of POM in Virginia would be subject to a conflict waiver. *See* e-mail chain between Mr. Lisk and me.

11. Mr. Lisk later confirmed for me verbally that POM agreed to the representation subject to the waiver.

12. Eckert also set up an ethical screen to screen off those of us representing gaming clients in Pennsylvania from the attorneys who were representing POM in Virginia.

13. Later, in April 2017, POM apparently asked Eckert to represent POM in Pennsylvania.

14. Based on our arrangement not to represent POM in Pennsylvania and because of the potential business conflict issue that my gaming clients were unwilling to waive, Eckert declined that potential representation.

2

15. As part of the April 2017 communications, Mr. Lisk again acknowledged the limitations and arrangements that we agreed to in order to enable Eckert to represent POM n Virginia.

16. As a result of those e-mails in 2016 and 2017, I was surprised to see Mr. Lisk's Declaration in this case.

17. It is concerning to me, to say the least, that Mr. Lisk stated that he "never discussed with any representative of POM or advised POM that Eckert would undertake the representation of POM only if POM agreed to waive the future conflict with Parx Casino."

18. It is also concerning to me that Mr. Lisk stated that "it was not a condition of Eckert's engagement that Eckert could represent Parx Casino or other gaming clients in a matter or matters adverse to POM" and that "[n]o such condition was imposed."

19. Mr. Lisk's contemporaneous e-mails to me and other members of Eckert suggest otherwise. *See* e-mails.

20. Mr. Lisk further states in his Declaration that he was unaware of any ethical screen when he actively participated in discussions with our General Counsel and me about the need to implement such an ethical screen.

21. Mr. Lisk participated in several telephone calls and e-mails where we discussed the ethical screen.

22. These issues came up again when POM approached Eckert about representing POM in Pennsylvania, and Eckert declined that representation.

23. Other than discussions concerning the potential conflict waiver for Eckert to represent POM in Virginia, I have never discussed Eckert's representation of POM in Virginia with any of the attorneys at Eckert who represented POM in Virginia.

3

Case 1:20-cv-00292-JPW Document 21-4 Filed 04/21/20 Page 5 of 5

24.     I never disclosed any confidential information about my gaming clients or discussed any of my attorney-client privileged communications with those clients with the attorneys at Eckert who represented POM in Virginia.

25.     I neither got involved nor was I asked to get involved in any of the matters in which Eckert was representing POM in Virginia.

26.     It would be a tremendous hardship upon my existing gaming clients to find new counsel for the matters in which I am representing those clients in Pennsylvania.

MARK S. STEWART, ESQUIRE

Dated:  April ___ , 2020

4

Case 1:20-cv-00292-JPW   Document 82   Filed 12/16/20   Page 187 of 235

*E X H I B I T "D"*

| From | Thomas A. Lisk |
|---|---|
| To | Mark S. Stewart; ~~Gordon Campbell~~ |
| Cc | ~~Timothy P. Kwan~~; David W. Clarke; ~~Marc J. Hall~~ |
| Subject: | Pace-O-Matic, Inc. |
| Date | Tuesday, December 20, 2016 1:22:41 PM |

Mark & Hap – I have been contacted by a potential client looking for legal and legislative representation for its "games of skill" software and machinery that they manufacture and distribute in states where it may be lawful. The company name is Pace-O-Matic, Inc. and it is based in Atlanta, GA. (website: ~~https://www.pace-o-matic.com/~~). They also may have needs for representation in Pennsylvania and Massachusetts.

I will start a formal conflicts search, but wanted first to reach out to you to see if you had any knowledge of the company and also to ascertain if you see any potential conflicts with the firm's gaming clients. While the potential clients products are skill-based games, typically located in bars and restaurants that hold liquor licenses, they may appear to the untrained eye to be similar to gaming devices often found in casinos.

Let me know your thoughts on the above and whether you want to schedule a call to discuss the potential representation.

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street · Suite 1300 · Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

~~www.eckertseamans.com~~ | bio | vCard



| From: | Mark S. Stewart |
|---|---|
| To: | Thomas A. Lisk; Loudon Campbell |
| Cc: | Timothy P. Ryan; David W. Clarke; Harold Balk |
| Subject: | RE: Pace-O-Matic, Inc. |
| Date: | Tuesday, December 20, 2016 1:46:00 PM |

Tom,

Thanks for the email and for checking in.  I was approached earlier this year by a similar company out of Florida, looking for legal and lobbying representation in Pennsylvania.  Our client, Parx, asked that we not take the engagement on the basis that our casino clients (here, anyway) will likely be adverse to such interests; almost certainly on the lobbying front and potentially on the legal side as well.  I would not anticipate an objection to representation in VA or MA, but we would need to retain our ability to be adverse to them in Pennsylvania, and having discussed the topic once with them I would like to confirm the difference in this scenario.

I'm happy to discuss further with you or the group

Thanks.

**Mark S. Stewart, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street  •  8th Floor  •  Harrisburg, PA 17101
Direct (717) 237.7191  |  Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com  |  bio  | vCard

**From:** Thomas A. Lisk
**Sent:** Tuesday, December 20, 2016 1:23 PM
**To:** Mark S. Stewart; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** Pace-O-Matic, Inc.

Mark & Hap – I have been contacted by a potential client looking for legal and legislative representation for its "games of skill" software and machinery that they manufacture and distribute in states where it may be lawful.  The company name is Pace-O-Matic, Inc. and it is based in Atlanta, GA. (website: https://www.paceomatic.com/).   They also may have needs for representation in Pennsylvania and Massachusetts.

I will start a formal conflicts search, but wanted first to reach out to you to see if you had any knowledge of the company and also to ascertain if you see any potential conflicts with the firm's gaming clients.  While the potential clients products are skill-based games, typically located in bars and restaurants that hold liquor licenses, they may appear to the untrained eye to be similar to gaming devices often found in casinos.

Let me know your thoughts on the above and whether you want to schedule a call to discuss the potential representation.

**Thomas A. Lisk**

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street  ·  Suite 1300  ·  Richmond, VA 23219
Direct (804) 788.7750  |  Mobile (804) 714.6915

 |  bio  |

| | |
|---|---|
| **From:** | Thomas A. Lisk |
| **To:** | Mark S. Stewart; Loudon Campbell |
| **Cc:** | Timothy P. Ryan; David W. Clarke; Harold Balk |
| **Subject:** | RE: Pace-O-Matic, Inc. |
| **Date:** | Tuesday, December 20, 2016 1:52:25 PM |

Thanks Mark. Please confirm with Parx that we would be okay to present this client outside of Pennsylvania. If Parx so agrees, I will confirm that Pace-O-Matic also will agree with this restriction

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street • Suite 1300 • Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

www.eckertseamans.com | bio | vCard



**From:** Mark S. Stewart
**Sent:** Tuesday, December 20, 2016 1:46 PM
**To:** Thomas A. Lisk; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** RE: Pace-O-Matic, Inc.

Tom,

Thanks for the email and for checking in. I was approached earlier this year by a similar company out of Florida, looking for legal and lobbying representation in Pennsylvania. Our client, Parx, asked that we not take the engagement on the basis that our casino clients (here, anyway) will likely be adverse to such interests; almost certainly on the lobbying front and potentially on the legal side as well. I would not anticipate an objection to representation in VA or MA, but we would need to retain our ability to be adverse to them in Pennsylvania, and having discussed the topic once with them I would like to confirm the difference in this scenario.

I'm happy to discuss further with you or the group.

Thanks

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Thomas A. Lisk
**Sent:** Tuesday, December 20, 2016 1:23 PM

**To:** Mark S. Stewart; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** Pace-O-Matic, Inc.

Mark & Hap – I have been contacted by a potential client looking for legal and legislative representation for its "games of skill" software and machinery that they manufacture and distribute in states where it may be lawful. The company name is Pace-O-Matic, Inc. and it is based in Atlanta, GA. (website: https://www.paceomatic.com/). They also may have needs for representation in Pennsylvania and Massachusetts.

I will start a formal conflicts search, but wanted first to reach out to you to see if you had any knowledge of the company and also to ascertain if you see any potential conflicts with the firm's gaming clients. While the potential clients products are skill-based games, typically located in bars and restaurants that hold liquor licenses, they may appear to the untrained eye to be similar to gaming devices often found in casinos.

Let me know your thoughts on the above and whether you want to schedule a call to discuss the potential representation.

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street · Suite 1300 · Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
lisk@eckertseamans.com

eckertseamans.com | bio | vCard


ECKERT
SEAMANS
ATTORNEYS AT LAW

| From: | Mark S. Stewart |
|---|---|
| To | Thomas A. Lisk; Loudon Campbell |
| Cc | Timothy P. Ryan; David W. Clarke; Harold Balk |
| Subject: | RE: Pace-O-Matic, Inc. |
| Date: | Tuesday, December 20, 2016 1:54:47 PM |

Will do, Tom. Thank you

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street · 8th Floor · Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | Bio | vCard

**From:** Thomas A. Lisk
**Sent:** Tuesday, December 20, 2016 1:52 PM
**To:** Mark S. Stewart; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** RE: Pace-O-Matic, Inc.

Thanks Mark. Please confirm with Parx that we would be okay to present this client outside of Pennsylvania. If Parx so agrees, I will confirm that Pace-O-Matic also will agree with this restriction

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street · Suite 1300 · Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | Bio | vCard



**From:** Mark S. Stewart
**Sent:** Tuesday, December 20, 2016 1:46 PM
**To:** Thomas A. Lisk; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** RE: Pace-O-Matic, Inc.

Tom,

Thanks for the email and for checking in. I was approached earlier this year by a similar company out of Florida, looking for legal and lobbying representation in Pennsylvania. Our client, Parx, asked that we not take the engagement on the basis that our casino clients (here, anyway) will likely be adverse to such interests; almost certainly on the lobbying front and potentially on the legal side as well. I would not anticipate an objection to representation in VA or MA, but we would need to retain our ability to be adverse to them in Pennsylvania, and

having discussed the topic once with them I would like to confirm the difference in this scenario.

I'm happy to discuss further with you or the group

Thanks.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Thomas A. Lisk
**Sent:** Tuesday, December 20, 2016 1:23 PM
**To:** Mark S. Stewart; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** Pace-O-Matic, Inc.

Mark & Hap – I have been contacted by a potential client looking for legal and legislative representation for its "games of skill" software and machinery that they manufacture and distribute in states where it may be lawful. The company name is Pace-O-Matic, Inc. and it is based in Atlanta, GA. (website: https://www.pacomatic.com/). They also may have needs for representation in Pennsylvania and Massachusetts.

I will start a formal conflicts search, but wanted first to reach out to you to see if you had any knowledge of the company and also to ascertain if you see any potential conflicts with the firm's gaming clients. While the potential clients products are skill-based games, typically located in bars and restaurants that hold liquor licenses, they may appear to the untrained eye to be similar to gaming devices often found in casinos.

Let me know your thoughts on the above and whether you want to schedule a call to discuss the potential representation.

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street • Suite 1300 • Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard



| From: | ~~Mark S. Stewart~~ |
|-------|----------|
| To: | ~~Thomas R. Tia~~ |
| Subject: | Pace |
| Date: | Wednesday, January 25, 2017 4:29:54 PM |

Tom

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street · 8th Floor · Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
~~mstewart@eckertseamans.com~~

~~www.eckertseamans.com~~ | bio | ~~vcard~~

Case 1:20-cv-00292-JPW Document 82-5 Filed 12/16/20 Page 196 of 235

| From: | Thomas A. Lisk |
| To: | Mark S. Stewart |
| Subject: | RE: Pace |
| Date: | Wednesday, January 25, 2017 4:32:16 PM |

Please see what you can do as I am scheduled to fly to Atlanta on Sunday to meet with the client.


Sent with BlackBerry Work (www.blackberry.com)

**From:** Mark S. Stewart <mstewart@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:29 PM
**To:** Thomas A. Lisk <tlisk@eckertseamans.com>
**Subject:** Pace

Tom

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

Case 1:20-cv-00292-JPW Document 82-5 Filed 12/16/20 Page 197 of 235

| | |
|---|---|
| **From:** | Mark S. Stewart |
| **To** | Thomas A. Lisk |
| **Subject:** | RE: Pace |
| **Date:** | Wednesday, January 25, 2017 4:43:50 PM |

Let's discuss when you are available. They are ok so long as we have the waiver discussed below. They would like it to be explicit that we won't rep them in PA and that we can't do anything to preclude casino gaming opportunities. I don't think that will be an issue. As i understand these companies, the issue would be more that casinos would be trying to shut them down arguing not really skill but just a slot machine. I am assuming this is not a VGT company (video gaming terminals usually in bars etc).

Thanks.

Mark


Sent with Good Work (www.good.com)


**From:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:32 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** RE: Pace

Please see what you can do as I am scheduled to fly to Atlanta on Sunday to meet with the client.


Sent with BlackBerry Work (www.blackberry.com)


**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:29 PM
**To:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Subject:** Pace

Tom

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

| From: | Mark S. Stewart |
|---|---|
| To: | Thomas A. Lisk |
| Subject: | RE: Pace |
| Date: | Wednesday, January 25, 2017 4:44:27 PM |

Also think we need a wall or the chance to have one.

M


Sent with Good Work (www.good.com)

**From:** Thomas A. Lisk ⟨TLisk@eckertseamans.com⟩
**Date:** Wednesday, Jan 25, 2017, 4:32 PM
**To:** Mark S. Stewart ⟨MStewart@eckertseamans.com⟩
**Subject:** RE: Pace

Please see what you can do as I am scheduled to fly to Atlanta on Sunday to meet with the client.


Sent with BlackBerry Work (www.blackberry.com)

**From:** Mark S. Stewart ⟨MStewart@eckertseamans.com⟩
**Date:** Wednesday, Jan 25, 2017, 4:29 PM
**To:** Thomas A. Lisk ⟨TLisk@eckertseamans.com⟩
**Subject:** Pace

Tom

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

| From: | Mark S. Stewart |
| --- | --- |
| To: | Thomas A. Lisk |
| Subject: | RE: Pace |
| Date: | Wednesday, February 01, 2017 4:13:22 PM |

Tom

How'd your trip go. Please coordinate with me on the waiver language. It is looking like we will definitely be affirmatively going after this industry in PA, so the waiver language is important.

Thanks.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237 7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Mark S. Stewart
**Sent:** Wednesday, January 25, 2017 4:44 PM
**To:** Thomas A. Lisk
**Subject:** RE: Pace

Also think we need a wall or the chance to have one.

M

Sent with Good Work (www.good.com)

**From:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:32 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** RE: Pace

Please see what you can do as I am scheduled to fly to Atlanta on Sunday to meet with the client.

Sent with BlackBerry Work (www.blackberry.com)

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:29 PM
**To:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Subject:** Pace

Tom

Trying to get this resolved.  I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there.  I talked to them yesterday and will call today.  At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx.  Sorry this has taken so long.

**Mark S. Stewart, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street  •  8th Floor  •  Harrisburg, PA 17101
Direct (717) 237.7191  |  Mobile (717) 579.7358

| From: | Thomas A. Lisk <TLisk@eckertseamans.com> |
|---|---|
| **Sent:** | Monday, February 06, 2017 11:02 AM |
| **To:** | Mark S. Stewart |
| **Subject:** | RE: Pace |

Are you available now to talk?

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street ? Suite 1300 ? Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard



**From:** Mark S. Stewart
**Sent:** Monday, February 06, 2017 7:16 AM
**To:** Thomas A. Lisk
**Subject:** RE: Pace

Yes, mid morning on. We can discuss but our clients do not agree they are games of skill and will likely be actively opposing them on legal and legislative fronts.

M

Sent with Good Work (www.good.com)

**From:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Date:** Sunday, Feb 05, 2017, 11:46 AM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** RE: Pace

Mark ? Do you have time to talk on Monday? And what do you mean when you say that ?we will definitely be affirmatively going after this industry in PA??

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street ? Suite 1300 ? Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard

1



**From:** Mark S. Stewart
**Sent:** Wednesday, February 01, 2017 4:13 PM
**To:** Thomas A. Lisk
**Subject:** RE: Pace

Tom

How?d your trip go. Please coordinate with me on the waiver language. It is looking like we will definitely be affirmatively going after this industry in PA, so the waiver language is important.

Thanks.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street ? 8th Floor ? Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Mark S. Stewart
**Sent:** Wednesday, January 25, 2017 4:44 PM
**To:** Thomas A. Lisk
**Subject:** RE: Pace

Also think we need a wall or the chance to have one

M

Sent with Good Work (www.good.com)

**From:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:32 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** RE: Pace

Please see what you can do as I am scheduled to fly to Atlanta on Sunday to meet with the client

Sent with BlackBerry Work (www.blackberry.com)

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:29 PM
**To:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Subject:** Pace

Tom

2

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street ? 8th Floor ? Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

3

Case 1:20-cv-00292-JPW Document 21-5 Filed 04/21/20 Page 18 of 29

| From: | Mark S. Stewart |
|---|---|
| To: | Timothy S. Coon |
| Cc: | Thomas A. Lisk |
| Subject: | Need for separation wall |
| Date: | Friday, February 10, 2017 1:43:18 PM |

Tim

We have a waiver and a separation wall we need to make sure we are implementing between Parx and a new client of Tom's.

We cannot rep them in PA and they need to waive us being adverse to them there. There will be adverse legislative action and potential litigation against them.

In VA, we need to be able to continue representing Parx and put in place separation between Tom and the rest of the govt rels people.

I thought you should be involved to make sure it is buttoned down and protect the firm. Maybe we an have a call if necessary on Monday.

Thanks.

Mark


Sent with Good Work (www.good.com)

| From | Timothy S. Coon |
| --- | --- |
| To: | Mark S. Stewart |
| Cc: | Thomas A. Lisk |
| Subject: | RE: Need for separation wall |
| Date: | Friday, February 10, 2017 1:53:14 PM |

Yes, let's talk on Monday

**Timothy S. Coon, Esq.** | Member
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

600 Grant Street • 44th Floor • Pittsburgh, PA 15219
Direct (412) 566.1214 | Mobile (412) 874.2011
tcoon@eckertseamans.com

ckertseamans.com | bio | vCard

**From:** Mark S. Stewart
**Sent:** Friday, February 10, 2017 1:43 PM
**To:** Timothy S. Coon
**Cc:** Thomas A. Lisk
**Subject:** Need for separation wall

Tim

We have a waiver and a separation wall we need to make sure we are implementing between Parx and a new client of Tom's.

We cannot rep them in PA and they need to waive us being adverse to them there. There will be adverse legislative action and potential litigation against them.

In VA, we need to be able to continue representing Parx and put in place separation between Tom and the rest of the govt rels people.

I thought you should be involved to make sure it is buttoned down and protect the firm. Maybe we an have a call if necessary on Monday.

Thanks.

Mark

Sent with Good Work (www.good.com)

**From:** Mark S. Stewart
**Sent:** Tuesday, December 20, 2016 1:55 PM
**To:** Thomas A. Lisk; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** RE: Pace-O-Matic, Inc.

Will do, Tom. Thank you.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Thomas A. Lisk
**Sent:** Tuesday, December 20, 2016 1:52 PM
**To:** Mark S. Stewart; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** RE: Pace-O-Matic, Inc.

Thanks Mark. Please confirm with Parx that we would be okay to present this client outside of Pennsylvania. If Parx so agrees, I will confirm that Pace-O-Matic also will agree with this restriction.

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street • Suite 1300 • Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard

ECKERT

**From:** Mark S. Stewart
**Sent:** Tuesday, December 20, 2016 1:46 PM
**To:** Thomas A. Lisk; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** RE: Pace-O-Matic, Inc.

Tom,

Thanks for the email and for checking in. I was approached earlier this year by a similar company out of Florida, looking for legal and lobbying representation in Pennsylvania. Our client, Parx, asked that we not take the engagement on the basis that our casino clients (here, anyway) will likely be adverse to such interests; almost certainly on the lobbying front and potentially on the legal side as well. I would not anticipate an objection to representation in VA or MA, but we would need to retain our ability to be adverse to them in Pennsylvania, and having discussed the topic once with them I would like to confirm the difference in this scenario.

I'm happy to discuss further with you or the group

Thanks.

2

| From: | Timothy S. Coon - PIT |
|---|---|
| To: | Jennifer Skoff |
| Cc: | Thomas A. Lisk; Mark S. Stewart |
| Subject: | RE: Need for separation wall |
| Date: | Thursday, March 02, 2017 9:59:03 AM |

Yes. I will be out of office so send a call in

**Timothy S. Coon, Esq.** | Member
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

600 Grant Street • 44th Floor • Pittsburgh, PA 15219
Direct (412) 566.1214 | Mobile (412) 874.2011
tcoon@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Jennifer Skoff
**Sent:** Thursday, March 02, 2017 9:58 AM
**To:** Timothy S. Coon - PIT
**Cc:** Thomas A. Lisk; Mark S. Stewart
**Subject:** RE: Need for separation wall

Tim, would 1 pm work on Friday for this call?  Mark is available then.  Thanks

**Jennifer L. Skoff** | **Legal Assistant to**
Mark S. Stewart, Esquire, Carl R. Shultz, Esquire
and Sarah C. Stoner, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7167 | Fax (717) 237.6019
jskoff@eckertseamans.com

eckertseamans.com

**From:** Thomas A. Lisk
**Sent:** Wednesday, March 01, 2017 5:21 PM
**To:** Jennifer Skoff; Timothy S. Coon - PIT; Mark S. Stewart
**Subject:** RE: Need for separation wall

FYI, I have a meeting out of the office from from 8 to 9:30 am and a conference call from 10 to 11:30 am on Friday, but I am generally available in the afternoon.

Sent with BlackBerry Work (www.blackberry.com)

**From:** Jennifer Skoff <jskoff@eckertseamans.com>
**Date:** Wednesday, Mar 01, 2017, 4:49 PM
**To:** Timothy S. Coon - PIT <tcoon@eckertseamans.com>, Mark S. Stewart <MStewart@eckertseamans.com>

**Cc:** Thomas A. Lisk <~~Tlisk@eckertseamans.com~~>
**Subject:** RE: Need for separation wall

Okay, let's say 10 am on Friday

**Jennifer L. Skoff | Legal Assistant to**
Mark S. Stewart, Esquire, Carl R. Shultz, Esquire
and Sarah C. Stoner, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC

213 Market Street · 8th Floor · Harrisburg, PA 17101
Direct (717) 237-7167 | Fax (717) 237.6019
jskoff@eckertseamans.com

eckertseamans.com

**From:** Timothy S. Coon - PIT
**Sent:** Wednesday, March 01, 2017 4:28 PM
**To:** Mark S. Stewart
**Cc:** Thomas A. Lisk; Jennifer Skoff
**Subject:** RE: Need for separation wall

Sometime Friday morning.

**Timothy S. Coon, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

600 Grant Street · 44th Floor · Pittsburgh, PA 15219
Direct (412) 566.1214 | Mobile (412) 874.2011
tcoon@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Mark S. Stewart
**Sent:** Wednesday, March 01, 2017 4:22 PM
**To:** Timothy S. Coon - PIT
**Cc:** Thomas A. Lisk; Jennifer Skoff
**Subject:** RE: Need for separation wall

We need to close this loop. Do you guys have a time that works for a call? I'm pretty open on Fri

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street · 8th Floor · Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Timothy S. Coon
**Sent:** Friday, February 10, 2017 1:53 PM

**To:** Mark S. Stewart
**Cc:** Thomas A. Lisk
**Subject:** RE: Need for separation wall

Yes, let's talk on Monday

**Timothy S. Coon, Esq.** | Member
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

600 Grant Street • 44th Floor • Pittsburgh, PA 15219
Direct (412) 566.1214 | Mobile (412) 874.2011
tcoon@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Mark S. Stewart
**Sent:** Friday, February 10, 2017 1:43 PM
**To:** Timothy S. Coon
**Cc:** Thomas A. Lisk
**Subject:** Need for separation wall

Tim

We have a waiver and a separation wall we need to make sure we are implementing between Parx and a new client of Tom's.

We cannot rep them in PA and they need to waive us being adverse to them there. There will be adverse legislative action and potential litigation against them.

In VA, we need to be able to continue representing Parx and put in place separation between Tom and the rest of the govt rels people.

I thought you should be involved to make sure it is buttoned down and protect the firm. Maybe we an have a call if necessary on Monday.

Thanks.

Mark


Sent with Good Work (www.good.com)

## Jennifer Skoff

| | |
|---|---|
| **From:** | Thomas A. Lisk |
| **Sent:** | Saturday, April 08, 2017 9:43 AM |
| **To:** | Dorothy A. Davis; Mark S. Stewart; Warren Vogel; Joan N. Stern; Julia Rose |
| **Cc:** | Nina Plumb; Timothy S. Coon - PIT; Timothy Q. Hudak |
| **Subject:** | RE: Conflict Batch 145742 |

Dot - I do not quite understand what it is that you want me to do in the future. When Pace-O-Matic first approached me in January 2017, I immediately contacted Mark because of the firm's active gaming practice (in addition to running the standard conflict check). Thereafter, in very early March 2017, Mark and I had a telephone conference with Tim Coon to determine how we could possibly reconcile the respective client interests in PA and VA. In the end, both Mark and Tim appeared satisfied with the outcome. What additional steps are you suggesting should have been taken?

Sent with BlackBerry Work (www.blackberry.com)

**From:** Dorothy A. Davis <DDavis@eckertseamans.com>
**Date:** Friday, Apr 07, 2017, 7:53 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>, Warren Vogel <WVogel@eckertseamans.com>, Joan N. Stern <jstern@eckertseamans.com>, Julia Rose <jrose@eckertseamans.com>, Thomas A. Lisk <TLisk@eckertseamans.com>
**Cc:** Nina Plumb <NPlumb@eckertseamans.com>, Timothy S. Coon - PIT <TCoon@eckertseamans.com>, Timothy Q. Hudak <THudak@eckertseamans.com>
**Subject:** RE: Conflict Batch 145742

You are welcome, Mark.
Tom, in the future, it would be helpful to Tim Hudak and me if you would please remind us of the potential issues which could affect our firms overall interests when you know them, which I presume you do based on Marks comments. I lucked upon this potential issue by general concern that its generally not in our wheelhouse to become involved in what is obviously a criminal forfeiture but not identified as such. We need to discuss this opportunity next week with all stakeholders. I know our firms best collective interest is what we all want to serve. Have a great weekend
Dot

Dorothy A. Davis, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC

600 Grant Street • 44th Floor • Pittsburgh, PA 15219
Direct (412) 566.5953 | Mobile (412) 973.5969
ddavis@eckertseamans.com

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Date:** Friday, Apr 07, 2017, 7:33 PM
**To:** Dorothy A. Davis <DDavis@eckertseamans.com>, Warren Vogel <WVogel@eckertseamans.com>, Joan N. Stern <jstern@eckertseamans.com>, Julia Rose <jrose@eckertseamans.com>, Thomas A. Lisk <TLisk@eckertseamans.com>
**Cc:** Nina Plumb <NPlumb@eckertseamans.com>, Timothy S. Coon - PIT <TCoon@eckertseamans.com>, Timothy Q. Hudak <THudak@eckertseamans.com>
**Subject:** RE: Conflict Batch 145742

Thank you, Dot, for raising this. The casinos we represent are very adverse to this entity, and working actively against them in the legislative sphere in PA. Tom Lisk represents them and we've worked out an arrangement where we are adverse to them in PA and have a separation wall in VA. Positionally, I would be concerned about an engagement with them. I never like to impede engagements, but would appreciate the opportunity to discuss further.

Thanks.

Mark


Sent with Good Work (www.good.com)

**From:** Dorothy A. Davis <DDavis@eckertseamans.com>
**Date:** Friday, Apr 07, 2017, 7:09 PM
**To:** Warren Vogel <WVogel@eckertseamans.com>, Joan N. Stern <jstern@eckertseamans.com>, Julia Rose <jrose@eckertseamans.com>, Thomas A. Lisk <TLisk@eckertseamans.com>
**Cc:** Nina Plumb <NPlumb@eckertseamans.com>, Timothy S. Coon - PIT <TCoon@eckertseamans.com>, Timothy Q. Hudak <THudak@eckertseamans.com>, Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** RE: Conflict Batch 145742

Is this a criminal forfeiture? Are you taking the position that the equipment is a game of skill? We need to make sure that all members with a positional interest we n the outcome have a fair opportunity to assess all potential future impact on their business by undertaking this representation.


Dorothy A. Davis, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC

600 Grant Street • 44th Floor • Pittsburgh, PA 15219
Direct (412) 566.5953 | Mobile (412) 973.5969
ddavis@eckertseamans.com

eckertseamans.com | bio | vCard


**From:** Warren Vogel <WVogel@eckertseamans.com>
**Date:** Friday, Apr 07, 2017, 4:12 PM
**To:** Joan N. Stern <jstern@eckertseamans.com>, Julia Rose <jrose@eckertseamans.com>, Thomas A. Lisk <TLisk@eckertseamans.com>
**Cc:** Nina Plumb <NPlumb@eckertseamans.com>, Timothy S. Coon - PIT <TCoon@eckertseamans.com>, Dorothy A. Davis <DDavis@eckertseamans.com>, Timothy Q. Hudak <THudak@eckertseamans.com>
**Subject:** RE: Conflict Batch 145742

Our client is a manufacturer of a "game of skill" that was "placed" by its distributor, Philadelphia Vending, in a bar operated by an unrelated third party. The police then "raided" the bar and confiscated the equipment as a "game of chance." Our client wishes to protect the interests of its distributor by making a property claim in respect of the equipment.


Warren Vogel, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC

2

Two Liberty Place
50 South 16th Street • 22nd Floor • Philadelphia, PA 19102
Direct (215) 851.8448
Fax (215) 851-8383
wvogel@eckertseamans.com

eckertseamans.com | bio | vCard | LinkedIn



**From:** Joan N. Stern
**Sent:** Friday, April 07, 2017 4:08 PM
**To:** Julia Rose; Warren Vogel; Thomas A. Lisk
**Cc:** Nina Plumb; Timothy S. Coon - PIT; Dorothy A. Davis; Timothy Q. Hudak
**Subject:** RE: Conflict Batch 145742

Warren-please give me details so I can determine if a waiver is needed.

Joan N. Stern, Esq. | Equity Member
ECKERT SEAMANS CHERIN & MELLOTT, LLC

Two Liberty Place
50 South 16th Street • 22nd Floor • Philadelphia, PA 19102
Direct (215) 851.8442 | Mobile (215) 696.0791
jstern@eckertseamans.com

eckertseamans.com



**From:** Julia Rose
**Sent:** Friday, April 07, 2017 3:49 PM
**To:** Warren Vogel; Joan N. Stern; Thomas A. Lisk
**Cc:** Nina Plumb; Timothy S. Coon - PIT; Dorothy A. Davis; Timothy Q. Hudak
**Subject:** Conflict Batch 145742

Hello,

Attached is the report for the above referenced conflict check. Warren Vogel would like to represent Pace O Matic and Jeff McGinness, adverse to the City of Philadelphia. The matter relates to property claims.

There is a possible conflict. The City of Philadelphia is an open client for Joan Stern (item 9).

Tom, you have been included on this report because Pace-O-Matic is your open client (item 10). We have been asked to notify members when a colleague seeks to open a matter for their existing client.

Please advise.

Thank you,
Julia

**Julia Rose** | Conflicts Analyst
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street • 44th Floor • Pittsburgh, PA 15219

3

Direct (412) 566.1227

om

eckertseamans.com

## Jennifer Skoff

| | |
|---|---|
| **From:** | Thomas A. Lisk |
| **Sent:** | Wednesday, September 27, 2017 2:20 PM |
| **To:** | Mark S. Stewart |
| **Subject:** | Pace-O-Matic. |

Mark – just checking in to confirm that nothing has changed in relation to our gaming clients perspective relating to Pace-O-Matic. Apparently, an issue has arisen in PA where Pace-O-Matic would like ESCM to provide representation. But, unless something has changed, I believe that the answer is still a no. Can you confirm?

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street · Suite 1300 · Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard

ECKERT
SEAMANS
ATTORNEYS AT LAW

**From:** Mark S. Stewart
**Sent:** Friday, April 07, 2017 7:33 PM
**To:** Dorothy A. Davis; Warren Vogel; Joan N. Stern; Julia Rose; Thomas A. Lisk
**Cc:** Nina Plumb; Timothy S. Coon - PIT; Timothy Q. Hudak
**Subject:** RE: Conflict Batch 145742

Thank you, Dot, for raising this. The casinos we represent are very adverse to this entity, and working actively against them in the legislative sphere in PA. Tom Lisk represents them and we've worked out an arrangement where we are adverse to them in PA and have a separation wall in VA. Positionally, I would be concerned about an engagement with them. I never like to impede engagements, but would appreciate the opportunity to discuss further.

Thanks

Mark

**Jennifer Skoff**

| | |
|---|---|
| **From:** | Mark S. Stewart |
| **Sent:** | Wednesday, September 27, 2017 2:24 PM |
| **To:** | Thomas A. Lisk |
| **Subject:** | RE: Pace-O-Matic. |

Tom,

Nothing has changed, so I regretfully agree that the answer would still need to be a no.

Thanks.

**Mark S. Stewart, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street  •  8th Floor  •  Harrisburg, PA 17101
Direct (717) 237.7191  |  Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

**From:** Thomas A. Lisk
**Sent:** Wednesday, September 27, 2017 2:20 PM
**To:** Mark S. Stewart
**Subject:** Pace-O-Matic.

Mark – just checking in to confirm that nothing has changed in relation to our gaming clients perspective relating to Pace-O-Matic.  Apparently, an issue has arisen in PA where Pace-O-Matic would like ESCM to provide representation.  But, unless something has changed, I believe that the answer is still a no. Can you confirm?

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street  •  Suite 1300  •  Richmond, VA 23219
Direct (804) 788.7750  |  Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com  |  bio  |  vCard



**From:** Mark S. Stewart
**Sent:** Friday, April 07, 2017 7:33 PM
**To:** Dorothy A. Davis; Warren Vogel; Joan N. Stern; Julia Rose; Thomas A. Lisk
**Cc:** Nina Plumb; Timothy S. Coon - PIT; Timothy Q. Hudak
**Subject:** RE: Conflict Batch 145742

Thank you, Dot, for raising this. The casinos we represent are very adverse to this entity, and working actively against them in the legislative sphere in PA. Tom Lisk represents them and we've worked out an arrangement where we are adverse to them in PA and have a separation wall in VA. Positionally, I would be concerned about

1

# Appendix 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PACE-O-MATIC, INC.,

                       Plaintiff,

v                                   Docket No. 1:20-cv-00292

ECKERT SEAMANS CHERIN & MELLOTT,
LLC,

                       Defendant.

## <u>DECLARATION OF MATTHEW B. KIRSNER, ESQUIRE</u>

I, Matthew B. Kirsner, Esquire, hereby declare and state as follows:

1.      I am an attorney licensed to practice law in the Commonwealth of Virginia and the District of Columbia.

2.      I am the Member-in-Charge for the Richmond Office of the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert"), the defendant in the above-captioned action.

3.      I am the Chairman of Eckert's Commercial Litigation practice group.

4.      I have personal knowledge regarding the client relationship between Eckert and Pace-O-Matic, Inc. ("POM"), the plaintiff in this action. In addition to managing the Richmond office, I served as co-counsel for POM in a litigation matter pending in the United States District Court of Virginia (Alexandria Division).

5.      The POM relationship was originated by a former Eckert Member, Thomas Lisk, in December 2016. POM engaged Mr. Lisk to handle state government relations work at the Virginia General Assembly. Mr. Lisk asked another Eckert Member, Anthony Troy, to assist with outreach to local government officials on behalf of POM. Mr. Troy's representation of POM later expanded to include various litigation matters in the federal and state courts of

Virginia. When Mr. Lisk departed Eckert for Cozen O'Connor in September 2018, Mr. Troy took over as Eckert's relationship attorney with POM.

6. After Mr. Lisk left Eckert in September 2018, Eckert continued to provide legal services for POM in Virginia handling local government outreach and a number of litigation matters.

7. When I started representing POM on the federal court litigation matter around May 2019, I became aware of the fact that Eckert's representation of POM in Virginia from the outset in December 2016 constituted a potential (but not an actual) conflict of interest because of Eckert's concurrent representation of certain gaming clients in Pennsylvania.

8. I have seen the e-mails from December 2016 and February through April 2017 between Mr. Lisk and another Eckert Member, Mark S. Stewart, regarding the terms of a prospective waiver by POM. As I understand it, in order for Eckert to represent POM in Virginia, POM needed to agree that Eckert could be adverse potentially to POM in Pennsylvania. *See* e-mails between Mr. Lisk and Mr. Stewart.

9. Mr. Lisk confirmed that POM had agreed to the prospective conflict waiver in several e-mails that he sent to Mr. Stewart. *Id.*

10. I also reviewed the Engagement Letter with POM, which specifically contains the prospective conflict waiver. *See* 2016 Engagement Letter.

11. Mr. Stewart also told Mr. Lisk on February 10, 2017: "We cannot rep [POM] in PA and they need to waive [Eckert] being adverse to them there. There will be adverse legislative action and potential litigation against them."

12. At some point, I also became aware of the fact that POM wanted Eckert to represent POM in Pennsylvania regarding government relations issues.

2

13.     Eckert declined the representation of POM in Pennsylvania because of Eckert's concurrent representation of certain gaming clients in Pennsylvania and the potential conflict that it created.

14.     I understand that Mr. Troy, for Eckert, advised POM that due to the potential conflict and related to Eckert's ongoing attorney-client relationship with certain gaming clients in Pennsylvania, Eckert could not represent POM in Pennsylvania.

15.     Other than reviewing the potential conflict issues concerning POM and the Pennsylvania gaming clients with Mr. Stewart and Timothy Coon, Eckert's General Counsel, I have never discussed Eckert's representation of POM in Virginia with any of the attorneys at Eckert who represent gaming clients in Pennsylvania.

16.     I never disclosed any confidential information about POM, or discussed any of my attorney-client privileged communications with POM, with the attorneys at Eckert who represent gaming clients in Pennsylvania, including but not limited to, Mr. Stewart.

17.     I neither got involved, nor was I asked to get involved, in any of the matters in which Eckert was representing gaming clients in Pennsylvania.

18.     At some point when POM raised the potential conflict concerning positions that Eckert was taking on behalf of its gaming client in Pennsylvania, we sought guidance from Ethics Counsel for the Virginia State Bar.

19.     The guidance that we received was consistent with Eckert's position on the issue: Eckert had not engaged in any impermissible conflict of interest by asserting different legal positions in different jurisdictions, regarding different games, under separate state statutory schemes, on behalf of different clients.

20.     When Eckert communicated these positions to POM, POM refused to concede the lack of an actual (versus potential or positional) conflict and demanded that Eckert withdraw from its representation of those clients.

21.     Eckert and counsel for POM in Pennsylvania exchanged several letters regarding the potential conflict of interest. Eckert's counsel, Mr. Coon, proposed that POM waive the positional (not ethical) conflict, and agree that Eckert's existing screen was sufficient to address any confidentiality concerns within Eckert. In the alternative, Eckert proposed that it would withdraw from representing POM in Virginia and continue with its representation of the gaming clients in Pennsylvania.

22.     When POM refused to acknowledge the lack of a conflict and/or agree to the terms of the pre-existing screen, in January 2020, Eckert was left with no alternative but to withdraw from its representation of POM in its ongoing matters in Virginia.

MATTHEW B. KIRSNER, ESQUIRE

Dated: April _16_, 2020

4

# Appendix 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DECLARATION OF HON. ANTHONY F. TROY

I, Anthony F. Troy, hereby declare and state as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Virginia and the District of Columbia.

2. I am a member of the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert"), the defendant in the above-captioned action.

3. I work in the Richmond, Virginia office of Eckert.

4. My law practice focuses on regulatory work, consumer protection issues, and civil and administrative litigation.

5. I am a former Attorney General for the Commonwealth of Virginia.

6. Although I did not originate Eckert's representation of Pace-O-Matic, Inc. ("POM"), the plaintiff in this action, I worked on a number of matters for POM in Virginia.

7. I have never discussed the work that I was doing for POM in Virginia with any of the attorneys at Eckert who represent gaming clients in Pennsylvania, including but not limited to, Mr. Stewart.

8. I never disclosed any confidential information about my representation of POM in Virginia or discussed any of my attorney-client privileged communications with POM with the attorneys at Eckert who represent gaming clients in Pennsylvania, including but not limited to, Mr. Stewart.

9. I neither got involved nor was I asked to get involved in any of the matters in which Eckert was representing gaming clients in Pennsylvania.

10. Sometime, in January 2020, Eckert's representation of POM in Virginia ended.

HON. ANTHONY F. TROY

Dated: April ___, 2020

## CERTIFICATE OF COMPLIANCE WITH PUBLIC ACCESS POLICY

I certify that this filing complies with the provisions of the Public Access

Policy of the Unified Judicial System of Pennsylvania: Case Records of the

Appellate and Trial Courts that require filing confidential information and

documents differently than non-confidential information and documents.

*/s/ Dennis A. Whitaker*

Dennis A. Whitaker, I.D. #53975
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA  17101
(717) 236-1300
(717) 236-4841
dawhitaker@hmslegal.com

*Counsel for Greenwood Gaming and
Entertainment, Inc., Downs Racing, L.P.,
Mountainview Thoroughbred Racing
Association, LLC, Washington Trotting
Association, LLC, Stadium Casino, LLC,
Chester Downs and Marina, LLC, and Wind
Creek Bethlehem, LLC in relation to
Application to Disqualify Counsel for
Proposed Intervenors*

Dated: December 7, 2020

13

Received 12/7/2020 11:10:07 AM Commonwealth Court of Pennsylvania

Filed 12/7/2020 11:10:00 AM Commonwealth Court of Pennsylvania
418 MD 2018

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| POM of Pennsylvania, LLC,<br>Petitioner | : | 418 MD 2018 |
| | : | |
| v. | : | |
| Commonwealth of Pennsylvania,<br>Department of Revenue,  and City<br>of Philadelphia,<br>Respondents | | |

## **PROOF OF SERVICE**

I hereby certify that this 7th day of December, 2020, I have served the attached document(s) to the persons on the

date(s) and in the manner(s) stated below, which service satisfies the requirements of Pa.R.A.P. 121:

**Service**

| | |
|---|---|
| Served: | Daniel Thomas Brier |
| Service Method: | eService |
| Email: | dbrier@mbklaw.com |
| Service Date: | 12/7/2020 |
| Address: | 425 Spruce Street<br>Scranton, PA 18503 |
| Phone: | 570--34-2-6100 |
| Representing: | Petitioner   POM of Pennsylvania, LLC |

| | |
|---|---|
| Served: | Donna Ann Walsh |
| Service Method: | eService |
| Email: | dwalsh@mbklaw.com |
| Service Date: | 12/7/2020 |
| Address: | 425 Spruce Street, Suite 200<br>P.O. Box 551<br>Scranton, PA 18501 |
| Phone: | (57-0) -342-6100 |
| Representing: | Petitioner   POM of Pennsylvania, LLC |

| | |
|---|---|
| Served: | Edward P. Jefferson |
| Service Method: | eService |
| Email: | ejsquire1214@gmail.com |
| Service Date: | 12/7/2020 |
| Address: | 720 n. 24th street<br>philadelphia, PA 19130 |
| Phone: | 215--68-7-3839 |
| Representing: | Respondent   City of Philadelphia |

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

## PROOF OF SERVICE

*(Continued)*

| | |
|---|---|
| Served: | Edward Thomas Butkovitz |
| Service Method: | eService |
| Email: | ebutkovitz@kleinbard.com |
| Service Date: | 12/7/2020 |
| Address: | Three Logan Square |
| | 1717 Arch Street, 5th Floor |
| | Philadelphia, PA 19103 |
| Phone: | (21-5)5-68-2000 |
| Representing: | Petitioner   POM of Pennsylvania, LLC |

| | |
|---|---|
| Served: | Eric Joseph Schreiner |
| Service Method: | eService |
| Email: | eschreiner@kleinbard.com |
| Service Date: | 12/7/2020 |
| Address: | Three Logan Square |
| | 1717 Arch Street, 5th Floor |
| | Philadelphia, PA 19103 |
| Phone: | 251--49-6-7217 |
| Representing: | Petitioner   POM of Pennsylvania, LLC |

| | |
|---|---|
| Served: | James G. Gorman III |
| Service Method: | eService |
| Email: | jgorman@kleinbard.com |
| Service Date: | 12/7/2020 |
| Address: | Three Logan Square |
| | 1717 Arch Street, 5th Floor |
| | Philadelphia, PA 19103 |
| Phone: | 267--44-3-4139 |
| Representing: | Petitioner   POM of Pennsylvania, LLC |

| | |
|---|---|
| Served: | Jason Robert Greenspon |
| Service Method: | eService |
| Email: | jason.greenspon@gmail.com |
| Service Date: | 12/7/2020 |
| Address: | 940 Clyde Lane |
| | Philadelphia, PA 19128 |
| Phone: | 215-260-4001 |
| Representing: | Respondent   City of Philadelphia |

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

## PROOF OF SERVICE

*(Continued)*

Served:              Karen Mascio Romano
Service Method:      eService
Email:               kromano@attorneygeneral.gov
Service Date:        12/7/2020
Address:             PA Office of Attorney General
                     Strawberry Square, 15th Floor
                     Harrisburg, PA 17120
Phone:               717- 78-7-2717
Representing:        Respondent   Department of Revenue

Served:              Matthew Hermann Haverstick
Service Method:      eService
Email:               mhaverstick@kleinbard.com
Service Date:        12/7/2020
Address:             Three Logan Square, 5th Floor
                     1717 Arch Street
                     Philadelphia, PA 19103
Phone:               215--56-8-2000
Representing:        Petitioner   POM of Pennsylvania, LLC

Served:              Paul Gerard Gagne
Service Method:      eService
Email:               pgagne@kleinbard.com
Service Date:        12/7/2020
Address:             Three Logan Square
                     1717 Arch Street, 5th Floor
                     Philadelphia, PA 19103
Phone:               215--56-8-2000
Representing:        Petitioner   POM of Pennsylvania, LLC

Served:              Shohin Hadizadeh Vance
Service Method:      eService
Email:               svance@kleinbard.com
Service Date:        12/7/2020
Address:             Three Logan Square, 5th Floor
                     1717 Arch Street
                     Philadelphia, PA 19103
Phone:               267-443-4124
Representing:        Petitioner   POM of Pennsylvania, LLC

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

## PROOF OF SERVICE

*(Continued)*

**Courtesy Copy**

| | |
|---|---|
| Served: | Kevin James McKeon |
| Service Method: | eService |
| Email: | kjmckeon@hmslegal.com |
| Service Date: | 12/7/2020 |
| Address: | 100 North 10th Street |
| | Harrisburg, PA 17101 |
| Phone: | 717- 70-3 0801 |
| Representing: | Possible Intervenor   Greenwood Gaming and Entertainment et al. |
| | Possible Intervenor   Greenwood Gaming and Entertainment et al. |

| | |
|---|---|
| Served: | Richard Douglas Sherman |
| Service Method: | eService |
| Email: | rsherman@pa.gov |
| Service Date: | 12/7/2020 |
| Address: | P.O. Box 69060 |
| | Harrisburg, PA 17106-9060 |
| Phone: | 717- 70-3-2566 |
| Representing: | Possible Intervenor   Pennsylvania Gaming Control Board |

| | |
|---|---|
| Served: | Stephen S. Cook |
| Service Method: | eService |
| Email: | stcook@pa.gov |
| Service Date: | 12/7/2020 |
| Address: | 303 Walnut Street |
| | Harrisburg, PA 17101 |
| Phone: | 717-346-8300 |
| Representing: | Possible Intervenor   Pennsylvania Gaming Control Board |

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

/s/  Dennis A. Whitaker
_____

*(Signature of Person Serving)*

Person Serving:              Whitaker, Dennis A.
Attorney Registration No:    053975
Law Firm:                    Hawke McKeon & Sniscak, LLP
Address:                     Hawke Mckeon & Sniscak Llp
                             100 N Tenth St
                             Harrisburg, PA 17101
Representing:                Possible Intervenor   Greenwood Gaming and Entertainment et al.

# Exhibit C

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,          )
               Plaintiff     )
          vs                 )   1:20-CV-00292
ECKERT, SEAMANS, CHERIN &    )
MELLOTT, LLC, Et Al,         )
               Defendants    )
_____ )

TRANSCRIPT OF PROCEEDINGS - ORAL ARGUMENT
BEFORE THE HONORABLE JOSEPH F. SAPORITO, JR.
TUESDAY, OCTOBER 20, 2020
WILKES-BARRE, PENNSYLVANIA

FOR THE PLAINTIFF:
    DANIEL T. BRIER, ESQ.
    DONNA A. WALSH, ESQ.
    Myers, Brier & Kelly, LLP
    425 Spruce Street
    Suite 200
    Scranton, PA 18503

FOR THE DEFENDANTS:
    ROBERT S. TINTNER, ESQ.
    Fox Rothschild, LLP
    2000 Market Street
    10th Floor
    Philadelphia, PA 19103

    GEORGE A. BIBIKOS, ESQ.
    GA BIBIKOS, LLC
    5901 Jonestown Rd. #6330
    Harrisburg, PA 17112

    DENNIS WHITAKER, ESQ.
    Hawke, McKeon & Sniscak, LLP
    100 N. 10th Street
    Harrisburg, PA 17101

Proceedings recorded by machine shorthand, transcript produced
by computer-aided transcription.

_____

SUZANNE A HALKO, RMR, CRR
CERTIFIED REALTIME REPORTER
235 N. WASHINGTON AVENUE
SCRANTON, PENNSYLVANIA 18503

25

MR. BRIER:  Yes, and billing attorney or paralegal.

THE COURT:  And all other information you have no interest in?

MR. BRIER:  No.

So if you give me a minute, I just want to confer with Donna.

Judge, I don't have anything further at this time.

THE COURT:  Thank you, Mr. Brier.

MR. BRIER:  Thank you.

THE COURT:  I guess whoever.  Mr. Tintner.

MR. TINTNER:  Can I stay here, Your Honor?

THE COURT:  You may stay there or whatever your preference is.

MR. TINTNER:  Robert Tintner on behalf of the Defendant Eckert Seamans.

I did not anticipate that we were going to argue the merits of the case, but I will point out a couple of important points that, Judge, I think the Court is already aware but I do want to point them out.

The team of lawyers who represented POM in Virginia were entirely different lawyers than the team of lawyers who represented Parx in Pennsylvania.  All I can say to Your Honor is that there was no question.  The important thing about Mr. Lisk's deposition is that there is no question now that there was a collapse in obtaining the appropriate level of a

conflict -- of an advanced conflict waiver. We know that now. We did not know that until Mr. Lisk testified. I told you this, and the reason I stress this is that the e-mail, one of which Mr. Brier just pointed out, is inconsistent, even that e-mail is entirely inconsistent with what Mr. Lisk testified that he went back to POM to obtain.

Now, interestingly in that deposition -- I don't think it's all that relevant for this, but I will tell you that he does acknowledge that he believed that by sending the December 2016 engagement letter with the advanced conflict waiver, he assumed he was getting an effective conflict waiver. Unfortunately, the restrictions that he was asked to pursue with POM, which included that Parx could continue to be adverse to POM in Pennsylvania potentially and that Eckert could not represent POM in Pennsylvania, he communicated that Eckert could not represent POM in Pennsylvania. He did not communicate that Eckert potentially could be adverse in Pennsylvania. We know that now. We are not disputing it. We know he was our member at the time. We are bound by what he said.

That doesn't change the fact that the lawyers who were representing these entities kept their communications separate, adhered to an ethical screen, and continued to go about their business until this issue came up. There is no question -- and it is in the e-mail that was provided to you --

51

and, frankly, the less I know, the better -- but whatever date and time there was regarding representation in Virginia by Eckert, representation in Pennsylvania fell apart, at which point Eckert reached out to our firm saying, you know, can you do this for us?  We had represented Parx before, so the answer was yes.  So what we have -- so that, hence, filing the amicus. I don't think it matters who prepared it, but for right now, we represent Parx, Eckert represents Parx.

So our communications with Parx regarding this litigation are protected by attorney-client privilege and/or the work product.  Our communications with Eckert are protected by the work product.  Eckert's communications with us, if it's attorney-client with Parx and they are communicating with Parx other lawyer, they're still all protected.

So where we're at here right now is HMS is being subpoenaed for either documents that it created on its own in its representation of Parx or documents that it received from Eckert from when Eckert was representing Parx.

We can't give the documents up.  Parx has instructed us to assert the attorney-client privilege and we're doing it. So we're sort of in a tough -- we're in a tough position here. Right now we represent the intervenors or the punitive intervenors in the Commonwealth Court in both actions.  I believe the hearing is 10/29, October 29th on the intervention petition where my partner, Mr. McKeon, is representing them.

66

# C E R T I F I C A T E

I, SUZANNE A. HALKO, Official Court Reporter for the United States District Court for the Middle District of Pennsylvania, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct transcript of the within-mentioned proceedings had in the above-mentioned and numbered cause on the date or dates hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my supervision.

_____
SUZANNE A. HALKO, RMR,CRR
Official Court Reporter

REPORTED BY:

SUZANNE A. HALKO, RMR,CRR
Official Court Reporter
United States District Court
Middle District of Pennsylvania
Scranton, Pennsylvania  18501

(The foregoing certificate of this transcript does not apply to any reproduction of the same by any means unless under the direct control and/or supervision of the certifying reporter.)