

**Fox Rothschild** LLP
ATTORNEYS AT LAW

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com

ROBERT S. TINTNER, ESQUIRE
Direct Dial: 215-299-2766
Email Address: rtintner@foxrothschild.com

December 23, 2020

*__Via ECF Filing__*

The Honorable Joseph F. Saporito, Jr.
United States Magistrate Judge
United States District Court for the
Middle District of Pennsylvania
Max Rosenn United States Courthouse
197 South Main Street
Wilkes-Barre, PA  18701

>    **Re:    Pace-O-Matic, Inc. v. Eckert Seamans Cherin Mellott, LLC**
>    **U.S.D.C., Middle District of Pennsylvania, Docket No. 1:20-cv-00292**

Dear Judge Saporito:

I am in receipt of Mr. Brier's December 16, 2020 correspondence directed to Your Honor and filed with the Court.  I write briefly to address three issues.

First, this unsolicited correspondence is entirely inappropriate, and the Court should disregard it.  There were substantial motions, briefing and supplemental briefing on the issues that Your Honor is presently addressing.  There was also oral argument.  The Court neither requested additional letter briefs nor did the parties seek any relief from the Court to provide such information – let alone information that is not relevant to the issues that the Court is resolving.

Second, whether POM filed a motion to disqualify in the Commonwealth Court, and Hawke McKeon subsequently responded is irrelevant to whether Parx Casino's communications are privileged and counsel has properly asserted the attorney-client privilege or work product doctrines.  Moreover, as I understand it, the Commonwealth Court has not yet adjudicated POM"s motion to disqualify.

A Pennsylvania Limited Liability Partnership

California    Colorado    Connecticut    Delaware    District of Columbia    Florida
Illinois    Minnesota    Nevada    New Jersey    New York    Pennsylvania    Texas



As briefed in full, the timing of when Hawke McKeon got involved in the Commonwealth Court case and the extent of its collaboration with Eckert Seamans on behalf of their client, Parx Casino, has nothing to do with the application of the attorney-client privilege or attorney work product doctrine to the documents that POM seeks to review.

Finally, the statements attributed to me in the correspondence are taken entirely out of context. The Court has the transcript from the oral argument, which I have reviewed, and I would merely direct the Court to that portion of the oral argument transcript rather spend any additional time correcting what was stated about Mr. Lisk's testimony, which is accurately summarized in relevant part in the transcript.

If Your Honor has any questions, or requires any additional information, please do not hesitate to contact me at the direct dial number listed above. Thank you.

Respectfully,

Robert S. Tintner

RST/ebm

cc:    George A. Bibikos, Esquire (Via ECF)
       Daniel T. Brier, Esquire (Via ECF)
       Dennis A. Whitaker, Esquire (Via ECF)