# GA BIBIKOS LLC
relentless. advocacy. period.

**VIA ECF**

George A. Bibikos
(t): (717) 580-5305
(e): gbibikos@gabibikos.com
(w) www.gabibikos.com

Honorable Joseph F. Saporito, Jr.
United States Magistrate Judge
United States District Court for the Middle District of Pennsylvania
197 South Maine Street, Suite 161
Wilkes-Barre, PA 18701

December 24, 2020

Re:     *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellot, LLC*, No. 20-292

Dear Judge Saporito:

I represent Parx Casino. I have received a letter submitted on ECF by Pace-O-Matic, Inc. dated December 16, 2020.

As you know, Parx is not a party to this litigation. Parx received a subpoena for documents protected from disclosure by privileges and work-product immunity, and POM has requested Parx's privileged documents from two of Parx's other law firms (only one of which is a party here). Parx has asserted privilege and instructed its lawyers and law firms to protect it. Parx has not waived privilege or authorized the waiver of privilege or any work product that benefits Parx.

Citing federal law, POM's letter suggests that the disclosure of a text message and several allegations in a state-court pleading somehow resulted in a waiver of Parx's privileges and work-product immunity as to the entire subject matter that the text and allegations cover, i.e., "Hawke McKeon's participation in the Commonwealth Court litigation." From that premise, POM requests that the Court order disclosure of all communications on that subject matter; any and all draft pleadings, briefs, and other work product; and all associated metadata.

The Court should disregard the letter for all procedural reasons expressed by Eckert and Hawke McKeon in their respective responses. Parx writes to point out that the letter is also wrong on the law. Pennsylvania state law on privilege and work-product immunity applies in a federal proceeding based on diversity of citizenship where, as here, state law claims are involved. Fed. R. Evid. 501. Pennsylvania law does not recognize subject-matter waiver. *Bagwell v. Pennsylvania Dep't of Educ.*, 103 A.3d 409, 419 (Pa. Cmwlth. 2014) ("First and foremost, Pennsylvania courts have not adopted subject-matter waiver.").

Even assuming the text or allegations to which POM's letter refers are otherwise privileged, their limited disclosure in an unrelated state-court proceeding does not result in a blanket waiver of privilege or work-product immunity at all, *see* Fed. R. Evid. 502(c), let alone as to the entire subject matter they cover. Any alleged "waiver" that POM is claiming occurred in the proceedings pending before the Commonwealth Court and has no bearing here. The Court should reject any arguments to the contrary.

Thank you for your consideration of this letter.

\* \* \*



Very truly yours,

**GA BIBIKOS LLC**

George A. Bibikos

c:       Counsel (via ECF)

5901 Jonestown Rd. #6330 | Harrisburg, PA 17112 | (717) 580-5305 | gbibikos@gabibikos.com | www.gabibikos.com