

**Dennis A. Whitaker**
**(717) 236-1300 x226**
**dawhitaker@hmslegal.com**

**100 North Tenth Street, Harrisburg, PA 17101 Phone: 717.236.1300 Fax: 717.236.4841 www.hmslegal.com**

December 24, 2020

**_VIA ELECTRONIC FILING_**

Joseph F. Saporito, Jr., U.S. Magistrate Judge
United States District Court for the
Middle District of Pennsylvania
197 South Maine Street, Suite 161
Wilkes-Barre, PA  18701

> Re:    *Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC*
>         Docket No. 20-cv- 292 (M.D. Pa.)—Response to December 16, 2020 letter from
>         Daniel T. Brier (Doc 82)

Dear Judge Saporito:

Hawke, McKeon & Sniscak, LLP ("HMS") hereby responds to the above-referenced submission filed by counsel for Pace-O-Matic, Inc. ("POM"), Daniel T. Brier.  First, we join in the view ably expressed by Attorney Tintner in his response to Mr. Brier's inappropriate filing. Therein, Mr. Brier draws unsupported conclusions which suit his narrative from a filing in Commonwealth Court in response to POM's motion to disqualify HMS as counsel for the proposed intervenor casinos[1], yet the narrative is rebutted by the Commonwealth Court litigation timeline, the timeline of the present litigation, and the timeline established by Eckert's emails attached to HMS' Answer to POM's motion.  Mr. Brier also loosely flings about allegations of misconduct when there is none, and the record supports that there was none.  HMS extensively outlined the relevant facts and law in its earlier filings and nothing in Mr. Brier's letter changes the calculus. To illustrate these points, we first present the above-referenced timelines, followed by a point-by-point rebuttal to the bullet points in Mr. Brier's December 16, 2020 letter.

---

[1] HMS has argued in all its filings that the only aim of POM subpoenaing documents from non-parties HMS and Parx is to gain advantage in the Commonwealth Court matters in which HMS represents Parx and other proposed casino intervenors. POM confirmed and made overt what was suspected and covert when it announced in other filings that it intended to move to disqualify HMS and Mr. McKeon as counsel for the proposed intervenors and then did so. As HMS pointed out in its third brief (Doc. 74, p. 5), this alone is sufficient for this court to grant HMS' motion to quash/for protective order. POM now attempts to use HMS' response to the disqualification motion to its advantage here. However, as detailed below, POM's latest allegations find no support, and in fact, are undermined by that document.

Joseph F. Saporito, Jr., U.S. Magistrate Judge
United States District Court for the
Middle District of Pennsylvania
December 24, 2020
Page 2

**Timeline for POM Commonwealth Court actions and POM v. Eckert (relevant events)**

June 8, 2018:  POM commenced litigation in the Commonwealth Court against the City of Philadelphia and the Pennsylvania Department of Revenue at 418 MD 2018

July 20, 2018:  POM commenced litigation in the Commonwealth Court against the Pennsylvania State Police at 503 MD 2018

November 20, 2019: Commonwealth Court issues opinion denying the Commonwealth defendants' dispositive motion on the Commonwealth's counterclaim against POM, thereby placing 418 MD and 503 MD 2018 actions back on a litigation schedule on POM's complaints

December 12, 2019: POM seeks preliminary injunction against Pennsylvania State Police at 503 MD 2018

December 18, 2019:  Casinos file amicus brief in opposition to preliminary injunction, signed by HMS and the Ballard firm, but not by Eckert

January 15, 2020:  Hearing on POM's Application for Preliminary Injunction

February 14, 2020:  Casinos file Intervention Applications at 418 MD and 503 MD 2018

February 20, 2020:  POM files action versus Eckert in the present case at Docket No. 20-cv- 292 (M.D. Pa.)

March 24, 2020:  POM files for injunctive relief against Eckert at Docket No. 20-cv- 292 (M.D. Pa.)

April 21, 2020:  Eckert files Answer to POM Motion for Preliminary Injunction in *POM v. Eckert* (the present case), including affidavits setting forth Eckert's belief that Eckert partner Lisk who represented POM in the Commonwealth of Virginia had obtained a conflict waiver from POM acknowledging that Eckert would be adverse to POM in Pennsylvania on behalf of Pennsylvania casinos, and that Eckert lawyers adverse to POM had no access to POM's confidential information. Eckert also references the fee agreement with POM which includes a written advanced conflict waiver.

May 15, 2020: Letter from Mr. McKeon to Commonwealth Court requesting status conference on pending intervention applications in 418 and 503 MD 2018

Joseph F. Saporito, Jr., U.S. Magistrate Judge
United States District Court for the
Middle District of Pennsylvania
December 24, 2020
Page 3

September 1, 2020: Lisk deposition in POM v. Eckert, in which Mr. Lisk confirms he never obtained the conflict waiver he had assured his Eckert partners POM had provided

September 29, 2020:   Commonwealth Court status conference in 418 and 503 MD 2018

**Timeline concerning Eckert's belief that POM provided conflict waiver as established by Eckert's emails attached to HMS' Answer to POM's Motion (Ex. B to Brier 12/16/2020 letter at pdf pages 204-214)**

The email chain reproduced in these pages shows that from the outset of Eckert's representation of POM in the Commonwealth of Virginia, Eckert and Mr. Stewart believed that Mr. Lisk had obtained a conflict waiver that specified that Eckert could take positions adverse to POM on behalf of casinos in Pennsylvania as a condition of Mr. Lisk's representation of POM in Virginia, and that Mr. Lisk failed to disabuse anyone at Eckert of that belief. These emails support the conclusion that Eckert reasonably believed that Mr. Lisk obtained the conflict waiver from POM until Mr. Lisk confirmed under oath at his September 1, 2020 deposition that he had not obtained the conflict waiver that he had previously assured his partners that he had obtained but then later denied getting in his affidavit in support of POM's Motion for Preliminary Injunction. The emails further establish that notwithstanding Mr. Lisk's failure to obtain the waiver or to so advise Eckert, Eckert established the ethical screen between Pennsylvania and proceeded accordingly.

**Response to Bullet Points in December 16, 2020 Letter**

- **Assertion #1**: HMS' Answer to POM's Motion to Disqualify "directly contradicts" statements made by the undersigned at argument.

**Response:** The explanation concerning the white paper, based on Mr. McKeon's affidavit in response to POM's motion to disqualify, adds additional detail to the description of events already set forth in pleadings to this court and in Commonwealth Court, is consistent with that description, and certainly does not "directly contradict" the undersigned's statements at argument on October 20, 2020. The facts are that HMS worked with Eckert and other law firms as part of a group advising Parx and other casinos, that the group produced a white paper that became the basis for the amicus brief filed on December 18, 2019, and that HMS and Ballard signed on to the amicus brief, but that Eckert, having learned that POM was alleging a conflict, opted not to be a signatory.

- **Assertion #2:**  HMS' Answer in Commonwealth Court "expressly contradicts" HMS' motion in this court for protective order due to the use of the term "conflict counsel."

Joseph F. Saporito, Jr., U.S. Magistrate Judge
United States District Court for the
Middle District of Pennsylvania
December 24, 2020
Page 4

**Response:**  The undersigned's perhaps inartful use of the term "conflict counsel" was intended only to convey the general idea, consistent with the Response to Assertion #1 above, that Eckert chose to not be a signatory to the amicus brief because of its awareness of POM's allegation of a conflict, resulting in a larger litigation role for HMS.

- **Assertion #3:** "The Green-McKeon communications and transmission of purported comments do not appear in the privilege logs submitted by Eckert or Hawke McKeon in this action."; and, HMS waived any privilege related to the Green/McKeon text by attaching it to HMS' response to POMS' Motion to Disqualify.

**Response:** As to HMS' privilege log and the Green/McKeon text, POM's subpoena to HMS commands HMS to produce:

> (1) any document that reflects communications between HMS and Eckert relating to the Commonwealth Court cases; (2) any document HMS received from Eckert for use or reference relating to the Commonwealth Court cases; (3) any communications between Mr. McKeon or any other HMS employee and any person at Eckert relating to either the Commonwealth Court cases or the POM/Eckert litigation; and (4) any communications or documents relating to any potential or actual conflict between Eckert and POM.

Simply put, POM never asked HMS for communications with Parx.

As to the privilege waiver, FRE 502(c) provides:

> **(c) Disclosure Made in a State Proceeding.** When the disclosure is made in a state proceeding and is not the subject of a state-court order concerning waiver, the disclosure does not operate as a waiver in a federal proceeding if the disclosure:
>
> **(1)** would not be a waiver under this rule if it had been made in a federal proceeding; or
>
> **(2)** is not a waiver under the law of the state where the disclosure occurred.

As pointed out by Parx in its response to Mr. Brier's letter:

> Pennsylvania state law on privilege and work-product immunity applies in a federal proceeding based on diversity of citizenship where, as here, state law claims are involved. Fed. R. Evid. 501.

Joseph F. Saporito, Jr., U.S. Magistrate Judge
United States District Court for the
Middle District of Pennsylvania
December 24, 2020
Page 5

> Pennsylvania law does not recognize subject-matter waiver. *Bagwell v. Pennsylvania Dep't of Educ.*, 103 A.3d 409, 419 (Pa. Cmwlth. 2014) ("First and foremost, Pennsylvania courts have not adopted subject-matter waiver.").

As such, the blanket subject matter waiver POM seeks is not available.

- **Allegation #4:** The Work Product protection is waived because Mr. McKeon was an intended signer of the amicus brief.

**Response:** Regardless of Mr. McKeon's status as a signer of the amicus brief, or even if he was not, his exchange of drafts with other counsel advising the casino group still is work product by definition.

- **Allegation #5 through #8:** Variations on the assertion that Eckert continued to assist the casino group after POM filed the action in this court.

**Response:** The litigation timeline and the email timeline provided above establish that Eckert was involved in working with the casino group lawyers in opposing POM's request for a preliminary injunction in December 2019 and January 2020, and in applying for intervention in the cases on February 14, 2020. During that time, Eckert believed based on representations from Mr. Lisk that POM had waived any conflict. Nothing of substance happened in the cases for months after the applications for intervention were filed. Mr. McKeon sent a letter to the court requesting a status conference on the applications to intervene on May 15, 2020, but the status conference did not take place until September 29, 2020. In the interim, POM sued Eckert on February 20, 2020, and Eckert learned definitively on September 1, 2020 when Mr. Lisk was deposed that Mr. Lisk never obtained the conflict waiver from POM that he had told his partners POM had provided.

Finally, Mr. Brier's letter continues to make allegations that are belied by the record. This is non-party HMS' fourth filing defending itself against POM's meritless subpoena and related allegations. HMS respectfully suggests that your Honor enter an order barring further submissions pending completion of your *in camera* review without leave of court, and that an application for such leave cannot attach the proposed filing.

Joseph F. Saporito, Jr., U.S. Magistrate Judge
United States District Court for the
Middle District of Pennsylvania
December 24, 2020
Page 6

Sincerely,

Dennis A. Whitaker
*Counsel for Hawke, McKeon & Sniscak, LLP*

DAW/jld

cc:    Daniel T. Brier
       Donna A. Walsh
       George A. Bibikos
       Robert S. Tintner
       *(via ECF)*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 24, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the Middle District of Pennsylvania by using the ECF system. Pursuant to LR 5.7, participants in the case who are registered ECF users will be served by the ECF system.

*/s/ Dennis A. Whitaker*