## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                          :
                                             :
                  Plaintiff,                 :
                                             :
v.                                           :      Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN &                      :
MELLOTT, LLC,                                :      (Judge Jennifer P. Wilson)
                                             :      (Judge Joseph F. Saporito, Jr.)
                  Defendant.                 :
                                             :

## MOTION OF DEFENDANT,
## ECKERT SEAMANS CHERIN & MELLOTT, LLC,
## TO DISMISS AS MOOT MOTION FOR
## PRELIMINARY INJUNCTION OF PLAINTIFF, PACE-O- MATIC, INC.

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), by and

through its counsel, Fox Rothschild LLP, hereby moves the Court to dismiss as

moot the motion for preliminary injunction of plaintiff, Pace-O-Matic, Inc.

("POM"). In support of its motion, Eckert alleges as follows:

1.      This case involves allegations of a breach of fiduciary duty by POM

against Eckert arising from legal positions asserted by Eckert on behalf of another

Eckert client.

2.      On March 24, 2020, POM filed a Motion for Preliminary Injunction,

the basis of which was a purported conflict of interest and a request by POM to

enjoin Eckert "from representing Greenwood Gaming & Entertainment, Inc. d/b/a/

Parx Casino in any matter adverse to Pace-O-Matic, Inc." *See* POM"s proposed Order for its motion for preliminary injunction attached hereto as Exhibit "A".

3.      The parties have briefed the Motion for Preliminary Injunction.

4.      In agreeing to represent POM, Eckert relied upon an advance conflict waiver that Eckert had requested from POM in early 2017, which permitted Eckert to represent parties adverse to POM in Pennsylvania. *See* Eckert Engagement Letter and e-mail exchange requesting that Thomas Lisk obtain the conflict waiver attached hereto as Exhibits "B" and "C", respectively. Mr. Lisk, in 2017, was a member of Eckert and the person whom POM contacted to represent POM in Virginia.

5.      Despite the fact that, for almost (4) years, Eckert believed that it had such an advance conflict waiver, through the deposition of Mr. Lisk, Eckert learned that, while POM had signed a written advanced waiver in its Engagement Letter with Eckert, Mr. Lisk had failed to discuss with POM the details of the proposed conflict waiver, as suggested in his December 20, 2016 e-mail. *See* Declarations of Mark S. Stewart and Timothy S. Coon attached hereto as Exhibits "D" and "E", respectively.

6.      Because Mr. Lisk failed to obtain the conflict waiver requested, *i.e.,* POM's agreement that Eckert could represent parties adverse to POM in Pennsylvania, including Parx Casino, Eckert has determined that it will not

represent parties adverse to POM. *See* Declaration of Mark S. Stewart at ¶6 (Exhibit "D").

7.    To that end, Eckert has withdrawn as counsel in the matters that Parx Casino initiated against a number of distributors of POM's games in Pennsylvania even though POM is not a party in any of those cases. *Id.* at ¶7.

8.    In addition, Eckert has agreed not to communicate with counsel for the Commonwealth of Pennsylvania or any of the counsel of record for the proposed interveners, including Parx Casino[1], with respect to the actions that POM commenced in the Commonwealth Court of Pennsylvania. *Id.* at ¶¶8-9.

9.    Further, Eckert has agreed not to advocate legislatively, judicially or publically that POM's devices are not based predominantly on skill. *Id.* at ¶10.

10.    Most importantly, consistent with the prior Eckert declarations filed in opposition to POM's Motion for Preliminary Injunction, no Eckert attorney working on POM's matters in Virginia shared any of POM's confidential information with any of the attorneys working for Parx Casino in Pennsylvania. *See* Declarations of Matthew B. Kirsner and Hon. Anthony F. Troy attached hereto as Exhibits "F" and "G", respectively.

---

[1] The Commonwealth Court has not yet granted Parx Casino or any other proposed intervener leave to become a party in the actions that POM commenced in the Commonwealth Court of Pennsylvania, but nonetheless, there is adversity between POM's position in those cases and that of Parx Casino.

11.    Eckert's Chief Legal Officer, Timothy Coon, confirmed through Eckert's document audit trail information, that no Eckert attorney working for gaming clients in Pennsylvania accessed documents for any POM matters contained on Eckert's document management system.  *See* Declaration of Timothy S. Coon at ¶8 (Exhibit "E").

12.    Mr. Coon also confirmed that Eckert fully intends to comply with its commitment not to represent any party adverse to POM consistent with Pennsylvania Rules of Professional Conduct 1.7 and 1.9.  *Id.* at ¶5.

13.    Because of the steps taken by Eckert to comply with the Pennsylvania Rules of Professional Conduct, its withdrawal from certain matters, and its adherence to its own previously implemented confidentiality screen, POM will not suffer any irreparable harm and its Motion for Preliminary Injunction is now moot. '

14.    Similarly, because Eckert has provided POM with the entirety of the relief that requested in its motion, the Court should dismiss POM's Motion for Preliminary Injunction as moot.

15.    Eckert hereby incorporates its memorandum of law in support of this motion, which is being filed contemporaneously.

WHEREFORE, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court enter its proposed form of Order and grant the motion to dismiss as moot the Motion for Preliminary Injunction of plaintiff, Pace-O-Matic, Inc.

ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendant,
ECKERT SEAMANS CHERIN & MELLOTT,
LLC**

Date:   February 26, 2021

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., | : |
| Plaintiff, | : |
| v. | : Docket No. 1:20-cv-00292 |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, | : (Judge Jennifer P. Wilson) : (Judge Joseph F. Saporito, Jr.) |
| Defendant. | : |

## CERTIFICATE OF NON-CONCURRENCE

I, Robert S. Tintner, Esquire, hereby certify that counsel for plaintiff, Daniel T. Brier, Esquire, does not as of yet concur with the relief sought in this motion.

ROBERT S. TINTNER, ESQUIRE

Dated:  February 26, 2021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,

          Plaintiff,

v.

ECKERT SEAMANS CHERIN &
MELLOTT, LLC,

          Defendant.

Docket No. 1:20-cv-00292

(Judge Jennifer P. Wilson)
(Judge Joseph F. Saporito, Jr.)

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 26th day of

February, 2021, I served a true and correct copy of the foregoing Motion to

Dismiss as Moot Motion for Preliminary Injunction, together with proposed form

of Order and supporting Memorandum of Law, via ECF, upon the following:

Daniel T. Brier, Esquire
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503

**Counsel for Plaintiff**
**PACE-O-MATIC, INC.**

ROBERT S. TINTNER, ESQUIRE