IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECKERT SEAMANS CHERIN & MELLOTT, LLC, <br><br> Defendant. | Docket No. 1:20-cv-00292 <br><br> (Judge Jennifer P. Wilson) <br> (Judge Joseph F. Saporito, Jr.) |

## MEMORANDUM OF LAW OF DEFENDANT, ECKERT SEAMANS CHERIN & MELLOTT, LLC, IN SUPPORT OF ITS MOTION TO DISMISS PRELIMINARY INJUNCTION MOTION

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), by and through its counsel, Fox Rothschild LLP, hereby files its Memorandum of Law in Support of its Motion to Dismiss as Moot the Motion for Preliminary Injunction of plaintiff, Pace-O-Matic, Inc. ("POM").

## INTRODUCTION

POM brought this breach of fiduciary duty action against Eckert in February 2020 based upon a purported conflict of interest involving Eckert's separate representation of gaming clients in Pennsylvania, including Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino"). POM filed a Motion for Preliminary Injunction nearly a year ago on March 24, 2020. The parties briefed the motion and then agreed to conduct discovery in order to assist the Court in

1

resolving the motion. Through the deposition of Eckert's former member, Thomas Lisk, which occurred on September 1, 2020, Eckert learned that it did not have the informed, advance conflict waiver that it believed that it had secured in early 2017 – despite POM's execution of the Engagement Letter, which did contain an advanced conflict waiver. Subsequent to Mr. Lisk's deposition, Eckert has taken steps to comply entirely with its obligations to POM pursuant to Pennsylvania Rules of Professional Conduct 1.7 and 1.9. Those steps moot POM's request for injunctive relief insofar as Eckert has complied with its ethical obligations and has provided POM with the entirety of the relief that it sought in connection with its Motion for Preliminary Injunction. *See* POM's proposed Order attached hereto as Exhibit "A". Accordingly, this Court should grant Eckert's motion to dismiss as moot POM's pending Motion for Preliminary Injunction.

## **FACTUAL AND PROCEDURAL BACKGROUND**

### **Facts Underlying This Dispute**

In late 2016 and early 2017, Eckert undertook the representation of POM in Virginia, presumably subject to an advance conflict waiver and other representational limitations that included an agreement that Eckert would not represent POM in Pennsylvania and an acknowledgement by POM that Eckert could be adverse to POM in Pennsylvania. *See* Eckert Engagement Letter and e-mail exchange requesting conflict waiver attached hereto as Exhibits "B" and "C",

2

respectively. At that time, there was no overlap between the work that Eckert was performing for its gaming clients in Pennsylvania and the work that Eckert performed for POM in Virginia.

POM began to raise concerns about Eckert's representation of its gaming clients in Pennsylvania in October 2019. Ultimately, in early 2020, when POM would not affirm the prior representational limitation and the advance conflict waiver, Eckert was left with no alternative but to withdraw as counsel for POM in Virginia.

Despite the fact that, for almost (4) years, Eckert believed that it had an informed, advance conflict waiver, Eckert learned through the deposition of Eckert's former member, Thomas Lisk, Esquire, which occurred on September 1, 2020, that it did not have such an informed conflict waiver. Specifically, Mr. Lisk testified that, while POM had signed a written advanced waiver in its Engagement Letter with Eckert, Mr. Lisk had neglected to discuss the proposed conflict waiver allowing Eckert to be adverse to POM in Pennsylvania, as suggested in his December 20, 2016 e-mail.[1] *See* Declarations of Mark S. Stewart and Timothy S. Coon attached hereto as Exhibits "D" and "E", respectively.

---

[1] Mr. Lisk acknowledged at his deposition that he properly disclosed Eckert's prior existing representations to POM and that Eckert could not represent POM in Pennsylvania.

3

Because Mr. Lisk did not obtain the conflict waiver requested, *i.e.*, POM's agreement and understanding that Eckert could represent parties adverse to POM in Pennsylvania, including Parx Casino, Eckert has determined that it will not represent parties adverse to POM. *See* Declaration of Mark S. Stewart at ¶6 (Exhibit "D"). To that end, Eckert has withdrawn as counsel in the matters that Parx Casino initiated against a number of distributors of POM's games in Pennsylvania even though POM is not a party in those actions.[2] *Id.* at ¶7.

In addition, Eckert has agreed not to communicate with counsel for the Commonwealth of Pennsylvania or any of the counsel of record for the proposed interveners, including Parx Casino[3], in the actions that POM commenced in the Commonwealth Court of Pennsylvania to address the legality of POM's games. *Id.* at ¶¶8-9. Further, Eckert has agreed not to take a position adverse to POM or advocate that POM's devices are not predominantly based on skill. *Id.* at ¶10.

Consistent with the prior Eckert declarations filed in opposition to POM's Motion for Preliminary Injunction, no Eckert attorney working on POM's matters in Virginia shared any of POM's confidential information with any of the attorneys

---

[2] While POM is not a party in those cases, the defendant distributors are using POM's games so POM perceives adversity in the positions taken.

[3] The Commonwealth Court has not yet granted Parx Casino or any other proposed intervener leave to become a party in the actions that POM commenced in the Commonwealth Court of Pennsylvania, but nonetheless, there is adversity between POM's position in those cases and that of Parx Casino.

working for Parx Casino in Pennsylvania. *See* Declarations of Matthew B. Kirsner and Hon. Anthony F. Troy attached hereto as Exhibits "F" and "G", respectively. At no time did any of the Eckert attorneys working on the POM matters in Virginia discuss those matters with the Eckert attorneys who were representing gaming clients in Pennsylvania. *Id.* The Eckert attorneys who represented POM did not disclose any of POM's confidential information to anyone.

Eckert's Chief Legal Officer, Timothy Coon, confirmed through a review of Eckert's document audit trail information[4], that no Eckert attorney working for gaming clients in Pennsylvania accessed documents for any POM matters contained on Eckert's document management system. *See* Declaration of Timothy S. Coon at ¶8 (Exhibit "E"). Mr. Coon also confirms that Eckert intends to comply fully with its commitment not to represent any party adverse to POM consistent with Pennsylvania Rules of Professional Conduct 1.7 and 1.9. *Id.* at ¶5.

## Procedural History

POM filed its Complaint in this action on February 18, 2020. Eckert timely answered the Complaint and asserted Affirmative Defenses on March 10, 2020. Despite the passage of time from when it first raised the alleged conflict issue in

---

[4] The audit trail function identifies any system user who accessed or copied a document maintained on the system along with the date and other information.

5

October 2019, POM did not file its Motion for Preliminary Injunction until March 24, 2020. Eckert filed its opposition to the Motion for Preliminary Injunction on April 21, 2020. POM later filed a reply brief. The parties agreed to conduct discovery and then to submit supplemental briefs to the Court.

At the recent Status Conference with the Court held on February 17, 2021, the Court permitted Eckert to file this motion to dismiss as moot POM's Motion for Preliminary Injunction.

## **LEGAL ARGUMENT**

"Preliminary injunctive relief is an extraordinary remedy that places precise burdens on the moving party, and 'the preliminary injunction must be the only way of protecting the plaintiff from harm.'" *Loveless v. Bank of America*, 2016 WL 5030394 at *5 (M.D. Pa., Aug. 24, 2016), citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3rd Cir. 1989); *Thomas v. Pennsylvania Dept. of Corr.*, 2014 WL 3955105 at *1 (M.D. Pa., Aug. 13, 2014) ("An injunction is an extraordinary remedy that is never awarded as of right"). Moreover, "irreparable injury is "harm which cannot be redressed by a legal or an equitable remedy following trial," and "the preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight*, 882 F.2d at 801.

If the responding party complies with the relief sought and/or cures the alleged concerns, then the moving party cannot demonstrate irreparable harm and

the motion for preliminary injunction becomes moot. *See, e.g., J.D. Pflaumer, Inc. v. United States*, 450 F. Supp. 1125 (E.D. Pa. 1978) (injunction denied as moot when relief sought was effectuated prior to the hearing); *Loveless* at *6 (where bank agreed to proposed relief not to access the property, there was no irreparable harm and no need for an injunction to issue); *Bally Total Fitness Holding Corp. v. Liberation Investments, L.P.*, 2005 WL 3525679 at *2 (D.Del., Dec. 22, 2005) (despite dispute over legal issues in the case, moving party cannot meet irreparable harm where responding party cures the alleged defect and provides the relief sought in the motion).

Here, because of the steps taken by Eckert to comply with the Pennsylvania Rules of Professional Conduct, including its withdrawal from certain matters in which there is alleged adversity to POM, and its adherence to its own previously implemented confidentiality screen, POM will not suffer any irreparable harm and its Motion for Preliminary Injunction is now moot. Similarly, because Eckert has provided POM with the entirety of the relief that it has requested, the Court should dismiss POM's Motion for Preliminary Injunction as moot. *See, e.g., J.D. Pflaumer, Inc., supra, Loveless, supra; Bally Total Fitness, supra.*

## CONCLUSION

For all of the foregoing reasons, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court enter its proposed form of Order and grant the motion to dismiss as moot the Motion for Preliminary Injunction of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendant,
ECKERT SEAMANS CHERIN & MELLOTT, LLC**

Date: February 26, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., : <br> : <br> Plaintiff, : <br> v. : <br> : <br> ECKERT SEAMANS CHERIN & : <br> MELLOTT, LLC, : <br> : <br> Defendant. : | Docket No. 1:20-cv-00292 <br><br> (Judge Jennifer P. Wilson) <br> (Judge Joseph F. Saporito, Jr.) |

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 26th day of February, 2021, I served a true and correct copy of the foregoing Motion to Dismiss as Moot Motion for Preliminary Injunction, together with proposed form of Order and supporting Memorandum of Law, via ECF, upon the following:

        Daniel T. Brier, Esquire
        Myers, Brier & Kelly, LLP
        425 Spruce Street, Suite 200
        Scranton, PA 18503

        **Counsel for Plaintiff**
        **PACE-O-MATIC, INC.**

        _/s/ Robert S. Tintner_
        ROBERT S. TINTNER, ESQUIRE