

**ATTORNEYS AT LAW**

100 North 10th Street, Harrisburg, Pennsylvania 17101   |   (717) 236-1300   |   www.hmslegal.com

March 9, 2021

<u>*Via E-filing*</u>

Honorable Joseph F. Saporito, Jr.
United States Magistrate Judge
United States District Court for the Middle District of Pennsylvania
197 South Main Street, Suite 161
Wilkes-Barre, PA 18701

*Re: Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellot, LLC,*
   *No. 20-292*

Dear Judge Saporito:

Today, in the process of producing documents to counsel for Pace-O-Matic, Inc. in compliance with your February 16, 2021 order, we noticed that the February 16 Order and the Memorandum  simultaneously direct both the production and the withholding of two documents from the HMS documents reviewed in camera:  HMS001322 and HMS001324. Specifically:

- Paragraph 3 of the Order directs these documents be withheld;

- Paragraph 4 of the Order directs these documents be produced;

- Page 25 of the Memorandum addresses the documents and states they are to be produced and why ("HMS has produced for in camera review a short set of text messages exchanged between Stewart and McKeon on February 20, 2020, described in HMS's log as concerning the "POM lawsuit" against Eckert: HMS-001322 and HMS-001324. But while this text message conversation may have indirectly involved the instant lawsuit by POM

1

against Eckert, upon in camera review, it is clear that these communications do not involve any legal advice or services, and they were created in the ordinary course of law firm business. The conversation between the two lawyers concerned Stewart's efforts to retain Parx as a client, which required discussions with various members of the client's board of directors. The objections by Eckert, HMS, and Parx are overruled, and documents HMS-001322 and HMS-001324 shall be produced to the plaintiff."); whereas

- Page 45 of the Memorandum addresses the documents and concludes they should be withheld as work product ("they are properly withheld from disclosure under the work-product doctrine, as they were prepared in anticipation of this litigation and their disclosure to HMS or Parx and their respective agents did not waive work-product protection. The objections by Eckert, HMS, and Parx are sustained").

We stand ready to immediately produce HMS001322 and HMS001324 if that is your intent, but in order to avoid waiver of the privilege in the event that is not your intent, seek your guidance on how to proceed.

Respectfully,

*/s/ Dennis A. Whitaker*

Dennis A. Whitaker, I.D. #53975
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA  17101
(717) 236-1300
(717) 236-4841
dawhitaker@hmslegal.com

*Counsel for Hawke McKeon & Sniscak LLP*

2

## CERTIFICATE OF SERVICE

I hereby certify that, on March 9, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the Middle District of Pennsylvania by using the ECF system. Pursuant to LR 5.7, participants in the case who are registered ECF users will be served by the ECF system.

*/s/ Dennis A. Whitaker*