IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                          :
                                             :
                    Plaintiff,               :
                                             :
        v.                                   :        Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN &                      :
MELLOTT, LLC,                                :        (Judge Jennifer P. Wilson)
                                             :        (Judge Joseph F. Saporito, Jr.)
                    Defendant.               :
_____:

**REPLY BRIEF OF DEFENDANT,
ECKERT SEAMANS CHERIN & MELLOTT, LLC, IN FURTHER
SUPPORT OF ITS APPEAL FROM JUDGE SAPORITO'S
FEBRUARY 16, 2021 ORDER AND MEMORANDUM**

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), through its

counsel, Fox Rothschild LLP, hereby files this Reply Brief in further support of its

Appeal from the February 16, 2021 Order and Memorandum of Judge Joseph F.

Saporito, Jr., pursuant to Local Rule 72.2 and the Court's March 4, 2021 Order.

**OVERVIEW OF REPLY**

Plaintiff, Pace-O-Matic, Inc. ("POM"), in its opposition to Eckert's Appeal

misstates purported inconsistencies in Eckert's position about its representation of

Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino"). POM

also ignores the fact that it has been aware of Eckert's representation of Parx Casino

since the beginning of Eckert's representation of POM in late 2016-early 2017 and that

Eckert has produced relevant discovery that neither invades the attorney-client privilege nor removes the shield of the work product doctrine. The discovery already produced should obviate the need for this additional, privileged discovery. Finally, POM misinterprets applicable Third Circuit case law on the appropriate application of judicial estoppel. Based upon POM's misstatement of the facts and its misapplication of the law, POM offers this Court no basis to affirm that portion of Judge Saporito's February 16, 2021 Order and Memorandum from which Eckert (and the other non-parties) appealed.

## ARGUMENT

### The Attorney-Client Privilege Applies.

**First**, POM has failed in its Brief to cite to a single case that supports its position that communications between Eckert and Parx Casino are not privileged or confidential simply because Eckert is not counsel of record in the actions filed by POM in the Commonwealth Court of Pennsylvania. POM also has failed to provide any legal support or authority for the proposition that the communications somehow fall outside the attorney-client privilege regardless.

While Eckert agrees that the issue of whether there is a conflict as between POM and Eckert is a separate legal one, it gives the Court no basis to invade Parx Casino's attorney-client privilege with Eckert or any of its other counsel. They are two separate and distinct issues, and POM's attempt to confuse the two is not supported by any relevant authority. Simply because POM believes that Parx Casino's privileged

2

communications may be relevant or that they may support POM's claim in some way does not give the Court any basis to eviscerate the attorney-client privilege or client confidentiality of a different non-party, Parx Casino.  There is simply no case law supporting such an untenable and potentially problematic position.

### POM Has Always Known That Eckert Represents Parx Casino.

**Second**, the notion that Eckert has played "fast and loose" or acted in "bad faith" concerning its representation of Parx Casino or its statements to the Court is simply untrue.  POM is obviously ignoring the fact that Eckert undertook its representation of POM in late 2016-early 2017 *subject to POM's understanding that Eckert already represented Parx Casino and that Eckert could not represent POM in Pennsylvania.  See, e.g.,* Thomas Lisk Deposition at pages 28-29, 39, 41-42, attached hereto as Exhibit "A". There is certainly nothing surreptitious or mysterious about that fact that Eckert has represented Parx Casino, or that such an understanding was a condition of Eckert's representation of POM in Virginia.  *Id.*

Further, in October 2019, POM through other counsel raised the potential conflict issue involving Eckert's representation of Parx Casino in Pennsylvania. There were multiple discussions on the subject.  In addition, attached as Exhibit "B" is the January 16, 2020 letter from counsel for POM to Eckert in which he accuses Eckert of "advancing positions on behalf of Parx Casino that are directly adverse to POM and POM's products."  Counsel goes on to state, "you [Mark Stewart of Eckert]

3

appeared in Commonwealth Court yesterday and collaborated with *amicus* counsel for Parx Casino in a matter in which Parx Casino is advocating against POM's request for preliminary injunctive relief.  These actions are directly and openly adverse to POM's interests." *Id.*

What is important for the Court to note is that the January 16, 2020 letter was sent *before this lawsuit was commenced and before POM sent any discovery requests*.  The Court also should note that nowhere in the January 16, 2020 letter does POM claim that POM and Parx Casino are directly adverse in litigation.[1]  Rather, POM's counsel acknowledges that their "positions" are adverse, which is exactly what Eckert has maintained since the issue first arose in October 2019.  Thus, POM's argument in its Brief that somehow Eckert's representation of Parx Casino was "secret" or that it was "covertly collaborating with HMS" is disingenuous to say the least as it is directly contradicted by counsel's January 16, 2020 letter.  As Eckert has stated before, the issue before this Court ultimately is whether there is a conflict because Eckert represents Parx Casino and the positions of Eckert and Parx Casino are adverse not whether Eckert represents a party that is directly adverse to POM in litigation.

---

[1] As Eckert states in its opening Brief, the Commonwealth Court has not granted Parx Casino leave to intervene in the Commonwealth Court actions so Parx Casino's status has remained the same since POM's counsel sent the January 16, 2020 letter.

## Eckert Has Produced Non-Privileged, Relevant Communications.

**Third**, Eckert has provided POM with non-privileged, third party communications involving POM's (and Parx Casino's) legal positions in Pennsylvania. POM has already made – and continues to make arguments (albeit legally insupportable ones) – based upon those non-privileged documents and positions that Eckert attorneys took in Pennsylvania on behalf of Parx Casino.  Again, not only do these non-privileged, third party communications demonstrate Eckert's involvement with Parx Casino, they obviate the need to review any attorney-client privileged documents or those protected by the work product doctrine. POM does not need to see, review or otherwise invade Parx Casino's confidential and attorney-client privileged communications in order to argue its position or make its point.  POM has whatever documents POM believes that it needs in order to assert its argument as to the purported conflict.  To the extent that POM seeks to argue "that Eckert was advocating against POM while representing POM," it has such documents with third parties which obviate the need to seek any privileged communications. Thus, not only would such an invasion of the attorney-client privilege be unprecedented, it would defeat the entire purpose of the attorney-client privilege.

## Judicial Estoppel Does Not Apply Here.

**Fourth,** contrary to POM's assertions, Eckert has not advanced inconsistent or alternative theories.  Eckert has always maintained that it represents Parx Casino.  Its statement that it does not represent a party adverse to POM in litigation is also accurate

and consistent with the fact that is represents Parx Casino. As stated above, Parx Casino is not a party to the Commonwealth Court actions and POM is not a party in the actions that Eckert previously brought on behalf of Parx Casino against a number of distributors of POM's games. Thus, there has been no inconsistency, no bad faith and no attempt to gain any unfair advantage. More importantly, judicial estoppel does not apply here because the Court has not accepted any statements by Eckert about its representation of Parx Casino. Ultimately, that issue will go to the fact finder.

As the Court stated in *Krystal Cadillac-Oldsmobile v. General Motors*, 337 F.3d 314, 319 (3rd Cir. 2003), "[j]udicial estoppel is not intended to eliminate all inconsistencies no matter how slight or inadvertent they may be." The party must also be afforded an opportunity to provide an explanation for its changed position, which never happened here because judicial estoppel was raised *sua sponte*. *Id.* at 320. Moreover, "judicial estoppel is only to be used sparingly and reserved for the most egregious case." *Id.* at 324. This is not such a case.

Indeed, contrary to POM's argument that the Court need not adopt the position in order for judicial estoppel to apply (see pages 12-15), the *Krystal Cadillac* Court found that judicial estoppel applied because, in fact, the creditors relied upon Krystal's failure to disclose certain claims in the relief that the Bankruptcy Court eventually fashioned. Similarly, but contrary to POM's argument, the Third Circuit in *GI Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3rd Cir. 2009), expressly rejected the application of

6

judicial estoppel because the District Court never adopted the inconsistent position of the party. In so ruling, the GI Holdings Court stated, "[w]e do not consider these factors [judicial estoppel], however, because in our Circuit judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." *Id.*, citing *United States v. Pelullo,* 399 F.3d 197, 222-223 (3rd Cir. 2005); *Dam Things from Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 559 n. 16 (3rd Cir. 2002); *Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773, 778 (3rd Cir. 2001).  It was clear error for Judge Saporito to invoke judicial estoppel and, as the *GI Holdings* Court concluded, "[w]e believe applying judicial estoppel here presents a greater threat to judicial integrity.  We do not preclude arguments not accepted by the District Court in part to ensure that the order in which a party presents its claims does not determine the outcome of the case."  *Id.*

Using judicial estoppel as a vehicle to undermine the attorney-client privilege and work product doctrines would be a far greater threat to judicial integrity particularly where there has been no inconsistency in Eckert's position about its long-standing representation of Parx Casino and POM has been aware of Eckert's representation since the outset of Eckert's representation of POM in Virginia.

**Eckert Properly Addressed Work Product In Its Brief.**

**Finally,** POM argues that Eckert waived any argument about work product by not addressing it in its Brief.  Eckert did address it to the extent that Judge Saporito used

judicial estoppel as a basis to override the work product doctrine as contained in Section III, I. of his Memorandum.  Similarly, Eckert appealed that portion of Judge Saporito's decision and raised the fact that the Court should not use judicial estoppel to invade either attorney-client privileged or work product documents.  *See* Eckert's opening Brief at 13. There has been no waiver, and the Court may properly decide that issue as well.

### CONCLUSION

For all of the foregoing reasons, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court sustain its objection and reverse and vacate that portion of Judge Saporito's February 16, 2021 Order and Memorandum dealing with judicial estoppel and waiver as to the discovery requests of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendant,
ECKERT SEAMANS CHERIN & MELLOTT,
LLC**

Date:  March 18, 2021

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                          :
                                             :
                    Plaintiff,               :
                                             :
         v.                                  :          Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN &                      :
MELLOTT, LLC,                                :          (Judge Jennifer P. Wilson)
                                             :          (Judge Joseph F. Saporito, Jr.)
                    Defendant.               :
_____:

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 18th day of March,

2021, I served a true and correct copy of the foregoing Reply Brief, via ECF, upon

all counsel of record and the following by e-mail:


Daniel T. Brier, Esquire                 Judge Joseph F. Saporito, Jr.
Myers, Brier & Kelly, LLP                Magistrate Judge
425 Spruce Street, Suite 200             U.S.D.C., Middle District of Pennsylvania
Scranton, PA 18503                       Max Rosenn U.S. Courthouse
                                         197 South Main Street
**Counsel for Plaintiff**                Wilkes-Barre, PA  18701
**PACE-O-MATIC, INC.**


_____
ROBERT S. TINTNER, ESQUIRE