# In the United States District Court for the Middle District of Pennsylvania

| | | |
|---|---|---|
| PACE-O-MATIC, INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | [ELECTRONICALLY FILED] |
| | ) | |
| *vs.* | ) | Docket No. 20-292 |
| | ) | |
| ECKERT, SEAMANS, CHERIN | ) | JUDGE WILSON |
| & MELLOT, LLC | ) | |
| | ) | |
| *Defendant.* | ) | |

————————————

## REPLY BRIEF OF GREENWOOD GAMING & ENTERTAINMENT, INC., D/B/A PARX CASINO, IN SUPPORT OF ITS APPEAL PURSUANT TO L.R. 72.2

————————————

## GA BIBIKOS LLC

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for*
*Greenwood Gaming & Entertainment, Inc.*
*d/b/a Parx Casino*

March 18, 2021

Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), files its reply brief in support of its appeal of the order and opinion of Magistrate Judge Saporito, Jr., granting in part and denying in part a motions of Parx; Eckert, Seamans, Cherin & Mellot, LLC ("Eckert"); Hawke McKeon & Sniscak ("HMS") to quash subpoenas issued by Pace-O-Matic, Inc. ("POM") and/or for a protective order in the above matter.

## I.   INTRODUCTION

This appeal is not about the attorney-client privilege. The magistrate judge explained that the Section I Documents involve communications among Parx, Eckert, and HMS such that there is no question the privilege should attach. Other Parx-Eckert communications embodied in documents subpoenaed by POM led the magistrate judge to quash it. POM concedes the applicability of the privilege *sub silentio* by not arguing otherwise in its opposition brief.

The problem that Parx highlights in this appeal is that the magistrate judge *sua sponte* invoked the harsh remedy of "judicial estoppel" to preclude Parx and its law firms from asserting its privilege and to justify the disclosure of the Section I Documents without any basis

to conclude that Parx (or its lawyers) engaged in bad faith.  As Parx explained in its opening brief, the magistrate judge clearly erred such that the Court is duty bound to vacate that portion of the opinion and corresponding ordering paragraphs.

POM's opposition brief does not meaningfully address the magistrate judge's legal and factual errors that engendered this appeal. Instead, POM takes extraordinary liberties with the facts and resorts to casting suggestive and unwarranted aspersions on Parx and its lawyers (including the undersigned) to distract the Court from the straightforward legal issue that the magistrate judge incorrectly decided. Parx declines to respond to POM's attacks except to say the tales that POM tells the Court about Parx's behavior rival fantasies conceived by the likes of Tolkien or Martin.

In the end, POM's rendition of the circumstances in this limited discovery dispute does not hold up.  Simply put, judicial estoppel does not apply in the absence of clear evidence of irreconcilably inconsistent positions designed with the intent to deceive the magistrate judge on this narrow issue of privilege; there is absolutely no evidence that Parx or its

law firms engaged in such behavior; and POM is misleading the Court by suggesting otherwise.

## II.   ARGUMENT

Parx's opening brief adequately disposes of virtually all of POM's misguided legal arguments.   Parx submits this short reply to address several points and to clarify statements about Parx that POM has represented as "fact" in its opposition brief.

### A.   *Parx did not take inconsistent positions.*

First, POM argues throughout its brief that judicial estoppel applies because Parx made irreconcilably inconsistent statements or took irreconcilably inconsistent positions regarding the Parx/Eckert attorney-client relationship either directly or vicariously through its lawyers.

POM is wrong. Parx – a non-party in this case – has not taken any position on the merits of Eckert's defense to POM's claims in this litigation from which the alleged inconsistency arises.   Parx fully acknowledged Eckert's representation of Parx and other casinos in state cases and certainly never represented to Judge Saporito anything to the contrary, let alone engaged in an effort to trick the court.   *See* Parx Briefs (Docs. 49, 60, 76, 84) and Tr. 43-47, 56-57.

3

Even if Eckert or HMS allegedly made inconsistent statements, a point that Parx disputes for the reasons identified in its opening brief, Parx is not vicariously liable for those statements. There is nothing other than the mere *ipse dixit* of Judge Saporito and POM's counsel suggesting that Parx adopted Eckert or HMS's allegedly inconsistent statements. That is insufficient. Certainly, the *ipse dixit* of counsel or the magistrate judge is insufficient to support a finding of bad faith with the intent to mislead the magistrate judge into thinking the attorney-client privilege should apply here while allegedly disavowing a Parx/Eckert attorney-client relationship in Commonwealth Court.

In any event, assume for the moment that certain statements were inconsistent or even irreconcilably inconsistent. That is insufficient to invoke, let alone apply, judicial estoppel. *See Coast Auto. Grp., Ltd. v. VW Credit, Inc.*, 34 F. App'x 818, 825, 2002 WL 121932, at *8 (3d Cir. 2002). Contrary to POM's suggestion, the magistrate judge wrongly *punished Parx* for alleged inconsistent statements made by Eckert or HMS. The magistrate judge ordered the disclosure of *Parx's privileged communications* to a confessed rival and the result (intended or not) is that POM gains an advantage in other state-court cases by reviewing

documents inevitably involving legal advice and strategy. There is no authority cited in Judge Saporito's opinion or POM's opposition brief to support such a drastic result.

Accordingly, the Court should reject POM's arguments because Parx did not take any inconsistent positions in this case, let alone any irreconcilably inconsistent positions.

### B.    Parx did not engage in any bad faith.

Second, in an effort to show "bad faith," POM makes serious and unsupported allegations throughout its brief that *Parx* "knowingly misrepresented" facts about Eckert's representation in Commonwealth Court; engaged in a "months-long calculated and coordinated attempt to deceive the Court and conceal the extent of Eckert's breach of loyalty"; committed a "fraud on the court"; made "directly conflicting statements about a factual matter … [o]ver and over again"; and "downplayed Eckert's role in the Commonwealth Court litigation." *See* POM Opp. Br. at 7, 13, 17, and 18.

But there is no evidence that *Parx* engaged in this sort of behavior, notably proven by the fact that POM has not identified any such conduct by Parx and has chosen instead only to make unsupported assertions.

Contrary to what POM would have the Court believe, the extent of Parx's involvement in this case is limited and surely does not match POM's more colorful rendition.

Parx's participation in this case is unremarkable and is here only because Parx received a subpoena from POM in June 2020 calling for the production of communications between Parx and Eckert. Parx lodged objections based on privilege. Parx produced a privilege log. Parx briefed the privilege, work-product, and other legal issues involved in this discovery dispute. Parx argued before Judge Saporito and submitted documents for *in camera* review as requested. Judge Saporito then quashed the subpoena directed to Parx.

Simply put, there is no bad faith here. There is no fraud here. There is no months-long campaign to deceive a sitting magistrate judge or a district judge or anyone else. The suggestion is absurd and offensive. Parx has always maintained that it has a longstanding relationship with Eckert and Eckert assisted Parx and other casinos as part of the team that represented their interests in Commonwealth Court while HMS served as counsel of record.

By contrast, POM by necessity knew about the Eckert/Parx relationship before it filed the complaint in this case given that POM's entire case on the merits rests on the assumption that Eckert represented Parx in matters in which Parx and POM had interests adverse to one another. Query, then, whether POM is playing "fast and loose" with the Court by (on one hand) feigning ignorance of Eckert's representation of Parx in matters in which Parx and POM have adverse interests while (on the other) basing its entire claim on Eckert's representation of Parx in matters in which Parx and POM have adverse interests.

The Court should reject POM's suggestion that Parx took inconsistent positions directly or implicitly or otherwise engaged in any bad faith of any kind.

### C. *The magistrate judge improperly invoked judicial estoppel sua sponte.*

Third, POM alleges that Judge Saporito properly invoked judicial estoppel *sua sponte* because (a) the court can always raise judicial estoppel *sua sponte*; (b) there is no need for an evidentiary hearing on judicial estoppel; and (c) he gave the parties an opportunity to address the allegedly inconsistent statements at oral argument. POM is wrong.

7

The parenthetical that follows POM's citation to *Krystal Cadillac-Oldsmobile* contradicts POM's own argument that judicial estoppel may be raised *sua sponte*. The parenthetical that POM drafted and included with its citation says that the court in *Krystal Cadillac-Oldsmobile* "gave parties opportunity to brief issue and present argument." POM Opp. Br. at 13. That never happened here.

POM's second point fares no better. If a federal magistrate judge is going to make a factual determination that a non-party to a case engaged in bad faith towards the court, there should be actual evidence – not speculation or inferences. *Coast Auto.*, 34 F. App'x at 824-25, 2002 WL 121932, at *8. Indeed, as POM correctly notes on page 7 of its brief, the Court should reject a magistrate judge's factual determination if it "either (1) is completely devoid of minimum **evidentiary** support displaying some hue of credibility, or (2) bears no rational relationship to the supportive **evidentiary** data." POM Opp. Br. at 7 (emphasis added).

Judge Saporito took no evidence or testimony on which to base his alleged "factual" determinations that Parx made irreconcilably inconsistent statements arguably in bad faith. The documents submitted for *in camera* review are not **evidence.** They have not been sponsored by

8

a witness. They have not been authenticated. They have not been tested for relevancy or hearsay. They have been reviewed – or should only have been reviewed – to determine whether they constitute attorney-client communications protected by privilege.

If anything, Judge Saporito made the specific finding of fact that these documents constitute communications between Eckert, HMS, **and Parx.** That means the only "evidence" in this discovery dispute supports a finding that the documents are privileged communications. To the extent the magistrate judge ventured into judicial estoppel territory after having made that factual determination on privilege, he should have done a more exhaustive review as the Third Circuit has admonished, *Montrose Medical Group v. Bulger*, 243 F.3d 773, 782 (3d Cir. 2001), before leaping to the harsh consequence of precluding Parx and its law firms from asserting privilege to protect the documents from disclosure.

Finally, when the magistrate judge inquired about allegedly inconsistent statements during oral argument, *Eckert explained without question that the firm assisted in that litigation while HMS served as counsel of record.* The purpose of giving the parties the opportunity to explain the inconsistency should be *to avoid the application of judicial*

9

*estoppel* because the allegation of bad faith towards the court is a serious one for parties and their lawyers and the estoppel sanction is punitive in nature. *See Coastal* and *Montrose*, *supra*.

Having received unequivocal clarifications from the appellants during oral argument, the magistrate judge should have abandoned the notion of judicial estoppel altogether. At a minimum, the magistrate judge should have invited briefing (which may have obviated the need for this appeal altogether).

Accordingly, the Court should reject POM's arguments that the magistrate judge properly invoked the harsh penalty of judicial estoppel *sua sponte* without any meaningful opportunity to address the issue, especially after the appellants clarified the alleged inconsistency.

### D.  *POM is misusing the federal court proceedings to serve improper ends in state court.*

Fourth, POM suggests in a footnote that it had honorable motives when it sent Judge Saporito's opinion to Commonwealth Court as "supplemental authority." POM is stretching the rule past its breaking point; this is a tactic POM has taken throughout this case – the use of this proceeding to gain advantages in other proceedings. To illustrate, the rule provides:

> (b) Change in status of authorities.-If any case or other authority relied upon in the brief of a party is expressly reversed, modified, overruled or otherwise affected so as to materially affect its status as an authoritative statement of the law for which originally cited in the jurisdiction in which it was decided, enacted or promulgated, any counsel having knowledge thereof shall file a letter, which shall not contain any argument, transmitting a copy of the slip opinion or other document wherein the authority relied upon was affected.

Pa.R.A.P. 2501.

POM's letter to the presiding judge of the Commonwealth Court transmitting Judge Saporito's decision does not qualify as supplemental authority under Rule 2501. It did not expressly reverse, modify, overrule, or otherwise affect any case or authority on which POM relied in Commonwealth Court in a brief nor materially affected the status of any such authorities. Had it done so, POM would have said so. It did not.

Nor could the magistrate judge's opinion qualify as any authority of any kind, supplemental or otherwise. A magistrate judge's opinion on a discovery dispute in a federal court case is not authoritative on issues of Pennsylvania or any other law. It is not precedent, cannot overrule binding case law, does not affect statutory law, and has no impact whatever regarding POM's efforts to disqualify HMS as Parx's attorneys

in Commonwealth Court nor does it have anything to do with the merits of that case.

Far from complying with Rule 2501, POM violated Rule 2501 by cherry-picking quotes from Judge Saporito's opinion in argumentative fashion that cast Parx and its lawyers and firms in a negative light and does nothing to shed light on previously cited authority that the opinion somehow affects. If POM had no Rule 2501 basis to submit the letter, then by definition POM's delivery of the opinion was unauthorized and submitted solely as a means to serve other, improper ends.

### E.   *Parx did not waive the work-product issue.*

Finally, POM argues that Parx, Eckert, and HMS waived any argument that the work-product doctrine also protects the Section I Documents from disclosure by forgoing an appeal of that ruling. POM is wrong for three reasons.

- First, if the Court agrees (as it should) that the attorney-client privilege applies to the Section I Documents and the magistrate judge erred by using judicial estoppel to circumvent the privilege, the application of the work-product doctrine to protect those documents is moot.

- Second, the magistrate judge applied the judicial-estoppel rationale to circumvent the application of the work-product doctrine as well such that the issue is fairly subsumed within the issue presented by Parx in this appeal.

- Third, the District Court has the inherent authority to resolve any issue decided by the magistrate judge under Local Rule 72.2 ("The judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule.").

Accordingly, the Court should reject POM's arguments that the work-product doctrine does not apply to protect the Section I Documents from disclosure.

## III.   CONCLUSION

WHEREFORE, the Court should grant the appeal, vacate the magistrate judge's opinion and order with respect to Discussion Section III, Subsection I and corresponding ordering paragraphs, and order such other and further relief as the Court deems necessary or appropriate.

March 18, 2021                              Respectfully submitted,

                                           **GA BIBIKOS LLC**

                                           /s George A. Bibikos
                                           George A. Bibikos
                                           5901 Jonestown Rd. #6330
                                           Harrisburg, PA 17112
                                           (717) 580-5305
                                           gbibikos@gabibikos.com

                                           *Counsel for Parx*

14

**CERTIFICATE OF SERVICE**

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel and the magistrate judge will be served automatically.

/s George A. Bibikos
George A. Bibikos