IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| | : | |
| Plaintiff, | : | NO. 20-CV-292 |
| | : | |
| v. | : | JUDGE WILSON |
| | : | |
| ECKERT, SEAMANS, CHERIN & MELLOTT, LLC, | : | |
| | : | |
| | : | ELECTRONICALLY FILED |
| Defendant. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS AS MOOT
MOTION FOR PRELIMINARY INJUNCTION**

**INTRODUCTION**

Defendant Eckert Seamans Cherin & Mellott, LLC ("Eckert") was caught red-handed breaching the duty of undivided loyalty it owed to Plaintiff Pace-O-Matic, Inc. ("POM").[1] While representing POM and its affiliates, Eckert covertly conspired with POM's adversary in regulatory and litigation matters concerning *the very same skill games* that were the subject of Eckert's representation of POM, initiated declaratory judgment actions seeking to have *those same games* declared

---

[1] Based on the partial document production made following United States Magistrate Judge Joseph F. Saporito, Jr.'s ruling (ECF 87), Eckert's breach of fiduciary duty is confirmed. Additional documents that bear directly on the depth and breadth of that breach and the damage done by the breach remain the subject of appeals from Judge Saporito's ruling which are pending before this Court.

a public nuisance and wrote to municipalities across Pennsylvania encouraging them to enact ordinances outlawing ***those same POM games***.  Now that its duplicity is known, Eckert urges the Court to deny POM's motion for preliminary injunction as moot based on its very recent withdrawal from the referenced litigation matters and hollow unsworn assertions that it will not advocate that "POM's devices are not based predominantly upon skill."  ECF 91-5, ¶ 10.  This is no concession at all.  POM's games are based predominantly on skill—one of the very positions that Eckert defended for POM before switching teams—and to say anything else would be separately actionable.

POM's motion for preliminary injunction, however, is about more than preventing Eckert from mischaracterizing the nature of its games.  Eckert has advocated and continues to advocate—publicly, privately, legislatively and otherwise—that POM's games should be outlawed as illegal gambling devices, both during and after its representation of POM and while it possessed and retains possession of POM's confidential information concerning those same skill games.  Pursuant to *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277 (Pa. 1992), POM is entitled to an injunction barring Eckert from representing, publicly or behind the scenes, any client adverse to POM, including its skill games.  POM's motion for preliminary injunction is not moot and Eckert's request to dismiss the preliminary injunction motion on mootness grounds must be denied.

## **ARGUMENT**

A motion is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). POM's motion for preliminary injunction is not moot for three separate and independent reasons.

First, Eckert's unilateral action cannot moot POM's motion for preliminary injunctive relief. It is well settled that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Env'tal Servs., Inc.*, 528 U.S. 167, 189 (2000) (citation omitted). "[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91-92 (2013) (distinguishing between situations where defendant's conduct cannot "reasonably be expected to recur" from situations where defendant is "free to return to his old ways") (citations omitted). Rather, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. at 190 (citation omitted); *see also Corby v. Scranton Hous. Auth.*, No. 04-2523, 2005 WL 6789319, at *4 (M.D. Pa. June 7, 2005) (granting motion for preliminary

injunction despite mootness challenge where defendants failed to show that "they will not reinitiate the illegal activities in the future").[2]

Eckert has not come close to satisfying this formidable burden and fails to mention the burden in its brief. The head of Eckert's gaming practice, Mark S. Stewart, professes that he will comply with the ethical rules in the future, ECF 91-5, ¶ 6, but he then proposes to only refrain from advocating "that POM's devices are not based predominantly upon skill," *id.* ¶ 10. Mr. Stewart wants to continue baselessly attacking POM's skill games as gambling devices and continue advocating for legislation outlawing POM's games. His unsworn declaration and the unsworn declarations[3] submitted by other Eckert lawyers fall far short of the required clarity that Eckert will not again advocate against the POM skill game

---

[2] Copies of the unpublished decisions cited herein are reproduced in the attached appendix in accordance with Local Rule 7.8(a).

[3] The "declarations" on which Eckert relies (ECF 91-5, 91-6) are not signed under penalty of perjury in accordance with 28 U.S.C. § 1746 or otherwise verified in accordance with 18 Pa. C.S.A. § 4903 and are entitled to no consideration. Further, the "declarations" were proffered only after Magistrate Judge Saporito unmasked Eckert's conduct and found that Eckert, together with others, acted arguably in bad baith in this litigation. Prior to Judge Saporito's February 16, 2021 ruling (ECF 87), Eckert strenuously opposed POM's efforts to discover Eckert's wrongdoing and advanced the now rejected defense that Eckert had no role in litigation adverse to POM. Eckert should not be permitted to evade an adverse ruling by this Court based on its belated and unsworn claim to have experienced a conversion of the soul. And what sanction would apply if the Court were to trust Eckert, dismiss the injunction request as moot and then learn that Eckert violated its unsworn declarations?

products that it was retained to defend and as a result the motion for preliminary injunctive relief is not moot. *See Maritrans*, 602 A.2d at 1287 (injunctive relief "justified" where there is "substantial relationship" between law firm's former representation of plaintiff and current representation of competitors).[4]

Second, even if Eckert's incomplete offer were binding, it would not moot the preliminary injunction sought by POM. Here, as in *Maritrans*, POM is seeking a preliminary injunction that enforces the duty of undivided loyalty by enjoining Eckert from representing Parx Casino and any other clients in matters substantially related to matters in which Eckert had represented POM. *See Maritrans*, 602 A.2d 1277 (affirming order preliminarily enjoining law firm from acting as labor counsel for former client's competitors). There is no authority or precedent for parsing client representation as Eckert proposes to preclude only a narrow, self-selected challenge to the skill-based nature of POM's games. Because Eckert had

---

[4] The cases cited by Eckert are not on point because, unlike the circumstances here, the preliminary injunctions sought in those cases involved conduct that could not recur. *See*, *e.g.*, *Loveless v. Bank of Am.*, No. 13-CV-1546, 2016 WL 5030394 (M.D. Pa. Aug. 24, 2016) (plaintiff able to change locks); *Bally Total Fitness Holding Corp. v. Liberation Investments, LP*, No. 05-841, 2005 WL 3525679 (D. Del. Dec. 22, 2005) (revised proxy statement with full disclosure sent to investors); *J.D. Pflaumer, Inc. v. United States Dep't of Justice*, 450 F. Supp. 1125 (E.D. Pa. 1978) (defendant returned records and copies). By contrast, Eckert's divided loyalty is ongoing—Eckert continues to represent Parx Casino and proposes that it can continue to advocate against POM games on grounds other than that the games are based predominantly upon skill. ECF 91-5, ¶ 10.

and still has unfettered access to POM's confidential information concerning its skill game products and business operations, POM is entitled to an injunction "fully enjoin[ing Eckert] from representing [POM's] competitors as that would create too great a danger that [POM's] confidential relationship with [Eckert] would be breached." *Id.* at 1287; *see also Hyman Cos., Inc. v. Brozost*, 119 F. Supp. 2d 499, 505 (E.D. Pa. 2000) (lawyer preliminarily enjoined from representing competitor in lease negotiations with any landlord for retail space where plaintiff occupies space).

POM is also entitled to a preliminary injunction enjoining the misuse and disclosure of its confidential and proprietary information which remains in Eckert's possession. Eckert bases its mootness argument in its own unsworn contention that it implemented an ethical screen, ECF 91, ¶¶ 10-11, but the Eckert partner-in-charge of the POM relationship, Thomas A. Lisk, testified that there was no screen. *See* Lisk Dep. Tr. at 60, 76 (attached as Ex. A).[5] And, despite a request under Rule 34 for all documents that relate to any ethical or confidentiality screen, Eckert has not produced the purported "document audit trail information" relating

---

[5] To be clear, even if there had been a screen, it would be no defense. An ethical screen cannot rectify an impermissible conflict of interest. *See*, *e.g.*, *Dougherty v. Philadelphia Newspapers, LLC*, 85 A.3d 1082, 1094 (Pa. Super. 2014) (Donohue, J., concurring) (observing that "the existence of an ethical screen does not overcome a conflict of interest").

6

to the alleged screen.  ECF 91, ¶ 11.  POM remains in need of a preliminary injunction to prevent misuse of its confidential and proprietary information.

Third, preliminary injunctive relief remains necessary because Eckert continues to refuse to acknowledge that its attacks on POM's skill game products violate the duty of undivided loyalty.  The Supreme Court has directed that an issue is not moot when "a controversy between the parties over the legality of the [challenged conduct] still remains."  *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 43 (1944); *see also Dow Chem. Co. v. United States Env'tal Prot. Agency*, 605 F.2d 673, 679 (3d Cir. 1979) (finding case not moot because defendant had not "altered its substantive stance" regarding the legality of the challenged conduct). This is exactly the problem here.  Eckert continues to propose that it can advocate against POM on behalf of Parx Casino if it does not challenge the skill-based nature of POM's skill games.  ECF 91-5, ¶ 5.  This argument misapprehends applicable law.  *See*, *e.g.*, *Maritrans*, 602 A.2d at 1284 ("[A] lawyer could not undertake a representation adverse to a former client in a matter 'substantially related' to that in which the lawyer previously had served the client.").  Eckert also continues to posit that its conflicted representations should be excused because it claims to have "believed" it had a valid conflict waiver even though no one at Eckert ever sought or received POM's informed consent for such a waiver.  ECF 92, p. 3.  This, too, is legally untenable.  *See*, *e.g.*, *Int'l Longshoremen's Ass'n*,

7

*Local Union 1332 v. Int'l Longshoremen's Ass'n*, 909 F. Supp. 287, 293 (E.D. Pa. 1995) ("[a]ctual consultation is required" for valid conflict waiver). These continuing disputes over the legality of Eckert's conduct preclude dismissal on mootness grounds.

    For these reasons, POM's motion for preliminary injunction is not moot but rather requires a judicial decision. As a path forward, POM respectfully requests that the Court (1) allow 30 days to conclude discovery on the motion for preliminary injunction following production of any additional records responsive to this Court's ruling on the pending appeals from Judge Saporito's February 16, 2021 decision and (2) schedule the motion for preliminary injunction for a hearing and oral argument thereafter.

## **CONCLUSION**

For the reasons above, POM's motion for preliminary injunction is not moot. Eckert's motion to dismiss the motion for preliminary injunction on mootness grounds should be denied.

Respectfully submitted,

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh

Attorneys for Plaintiff,
Pace-O-Matic, Inc.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Date:  March 22, 2021

## **CERTIFICATE OF SERVICE**

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Brief in Opposition was served upon the following counsel of record via the Court's ECF filing system on this 22nd day of March 2021:

>Abraham C. Reich, Esquire
>Robert S. Tintner, Esquire
>Fox Rothschild LLP
>2000 Market Street, 10th Floor
>Philadelphia, PA  19103-3291
>
>Dennis A. Whitaker, Esquire
>Hawke McKeon & Sniscak, LLP
>100 North Tenth Street
>Harrisburg, PA  17101
>
>George A. Bibikos, Esquire
>5901 Jonestown Road, #6330
>Harrisburg, PA  17112

>>/s/ Donna A. Walsh
>>Donna A. Walsh