# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| Plaintiff, | : | |
| v. | : | |
| ECKERT, SEAMANS CHERIN & MELLOTT, LLC, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## ORDER

Before the court is Defendant Eckert, Seamans, Cherin & Mellott, LLC's ("Eckert") motion to dismiss Plaintiff Pace-O-Matic, Inc.'s ("POM") motion for preliminary injunction. (Doc. 91.) For the reasons that follow, **IT IS ORDERED THAT** Defendant's motion is **DENIED**.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

POM initiated this action in February 2020 against Eckert for an alleged breach of fiduciary duties to POM. (Doc. 1.) POM alleges that this breach stems from Eckert's representation of both itself and a third-party competitor, Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx"), in matters in which POM and Parx had competing and adverse commercial interests in the Commonwealth Court of Pennsylvania relating to POM's development,

1

production, and licensure of electronic "skill games" sold in Pennsylvania. (*Id.* at 1–2, 6–7.)[1]

Eckert's representation of POM began in 2016 in Virginia and was limited to the state of Virginia despite POM's similar activity in Pennsylvania. (*Id.* at 4–5.) That was because Eckert represented Parx, a market competitor, in Pennsylvania. (*Id.*) In the summer of 2018, POM filed two lawsuits in the Commonwealth Court of Pennsylvania through other counsel relating to the seizure and removal of some of its skill games in Pennsylvania.[2] (Doc. 87, pp. 2–3.) During this litigation in the Commonwealth Court, Parx, purportedly through its counsel, Hawke McKeon & Sniscak ("HMS"), filed amicus briefs in opposition to POM's position, and motions to intervene, which reportedly remain pending with the Commonwealth Court. (*Id.* at 3–4.) In January 2020, POM learned that Eckert was allegedly involved with Parx's representation in the Commonwealth Court cases, assuming positions materially adverse to POM despite Eckert's ongoing representation of POM in Virginia. (*Id.* at 4.) After POM requested that Eckert withdraw from representing Parx in adverse litigation in Pennsylvania, Eckert withdrew from representing POM in Virginia. (Doc. 1, p. 10.)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] These cases are located at docket numbers 418 MD 2018 and 503 MD 2018.

Thereafter, on the basis of these facts, POM initiated the present lawsuit in February 2020, alleging that Eckert attorneys had been working behind the scenes to aid litigation efforts for Parx in the Commonwealth Court cases despite this conflict of interest, and that these efforts breached Eckert's professional duties of loyalty and confidentiality to POM. (Doc. 1.) Shortly after POM filed its complaint, it also filed a motion for a preliminary injunction seeking to enjoin Eckert from representing Parx "in matters adverse to [POM]." (Doc. 12.) This motion has been ripe since May 8, 2020. (Docs. 12, 13, 21, 26.) However, at the request of the parties during a March 31, 2020 telephonic status conference, the court allowed limited discovery to proceed in order to assist in resolving the motion. (*See* Docs. 17, 24, 27.) This case was then referred to Magistrate Judge Saporito for the resolution of a discovery dispute. (Docs. 30, 31.)

On February 16, 2021, Judge Saporito issued an opinion and order resolving the discovery dispute, which Eckert, HMS, and Parx separately appealed on March 2, 2021 with respect to a limited section of Judge Saporito's memorandum and order. (Docs. 87, 88, 93, 95, 97.) The court ruled on these appeals on April 6, 2021, remanding these sections to Judge Saporito to resolve a procedural concern. (Docs. 113, 114.)

In the interim, on February 17, 2021, the court held a telephonic status conference with counsel, during which POM's pending preliminary injunction

motion was discussed. (Doc. 89.) During this discussion, counsel for Eckert indicated that POM's motion for a preliminary injunction may be moot as a result of certain actions allegedly taken by Eckert. In response, the court issued an order setting a deadline for Eckert to file a motion to dismiss the motion for preliminary injunction. (Doc. 90.) The instant motion was filed on February 26, 2021 with various declarations in support thereof. (Doc. 91.) POM filed a brief in opposition on March 22, 2021. (Doc. 111.) Eckert timely filed a reply brief. (Doc. 112.) Thus, this motion is ripe for disposition.

## DISCUSSION

Because the instant motion argues mootness as the sole ground for dismissal of the motion for preliminary injunction, the court will begin with a discussion of mootness principles. The doctrine of mootness asks "whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003)). A party's claims become moot when the party obtains all the relief that he sought in litigation. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).

In this case, Eckert asserts that it has withdrawn as counsel in matters that Parx initiated against distributors of POM's games in Pennsylvania; promised "not to communicate with counsel for the Commonwealth of Pennsylvania or any counsel of record for the proposed interveners, including Parx" in the Commonwealth Court cases initiated by POM; and "agreed not to take a position adverse to POM or advocate that POM's devices are not predominantly based on skill." (Doc. 92, p. 4.) These promises appear in declarations from Eckert attorneys as exhibits to Eckert's motion. (*See* Doc. 91-5; Doc. 91-6.) Based on these actions and declarations, Eckert posits that POM has received the relief it requested in its motion for preliminary injunctive relief, thus rendering this motion moot. (Doc. 92, p. 7.)

POM counters that, inter alia, the voluntary cessation doctrine prevents its motion for a preliminary injunction from being rendered moot. (Doc. 93, p. 3.) Under the voluntary cessation doctrine, a case is not necessarily moot merely because of a defendant's voluntary choice to end an unlawful practice. *United States v. Gov't of Virgin Islands*, 363 F.3d 276, 285 (3d Cir. 2004). Rather, a defendant's voluntary cessation of allegedly unlawful conduct will only moot a case "if it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Fields v. Speaker of Pa. House of*

5

*Representatives*, 936 F.3d 142, 161 (3d Cir. 2019) (quoting *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist.*, 551 U.S. 701, 719 (2007)).

When reviewing whether a defendant's voluntary cessation of an allegedly unlawful activity effectively moots a claim, "the defendant's reason for changing its behavior is often probative of whether it is likely to change its behavior again." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306 (3d Cir. 2020). Courts should be "skeptical" of a voluntary cessation that is done only "in the face of a court order." *Id.* (citing *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012)). "On the other hand, if the defendant ceases because of a new statute or a ruling in a completely different case, its argument for mootness is much stronger." *Id.* at 307 (citing *Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 260 (3d Cir. 2007)). In other words, the court should be sure that the defendant would not "simply be free to return to [its] old ways after the threat of a lawsuit had passed." *Iron Arrow Honor Soc. v. Heckler*, 464 U.S. 67, 72 (1983) (quotation omitted).

Here, while Eckert has promised or agreed to take certain actions, allegedly following its realization that an advance conflict waiver had not been obtained from POM, there is nothing other than Eckert's own word to prevent it from resuming its presently challenged course of conduct. Indeed, Eckert appears to argue that POM and the court should take its declarations at face-value to assuage

6

fears that Eckert would resume representation of Parx adverse to POM in the future.³ Based on these declarations alone, the court cannot find that "it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur[,]'" *Fields*, 936 F.3d at 161 (quoting *Parents Involved in Cmty. Sch.*, 551 U.S. at 719), or that Eckert would not "simply . . . return to [its] old ways after the threat of a lawsuit had passed." *Heckler*, 464 U.S. at 72 (quotation omitted). Thus, the court finds that Eckert has not satisfied its "heavy burden of "persua[ding] the court that there is no longer a live controversy" with respect to POM's motion for a preliminary injunction. *Hartnett*, 963 F.3d at 306 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quotation marks omitted)).⁴

## CONCLUSION

For the foregoing reasons, the motion to dismiss the motion for a preliminary injunction is **DENIED**. (Doc. 91.) In addition, a telephonic status conference is scheduled for **April 29, 2021 at 10:00 a.m.** to discuss the schedule

---

³ Without suggesting that Eckert intends to renege on the commitments made in the declarations submitted to the court, the court observes that commitments made in a declaration are akin to "pinky promises," inasmuch as they are not easily enforceable in the event of breach (as compared to a court order).

⁴ The court notes that POM raised other arguments in support of its position that its motion for a preliminary injunction is not moot. However, in light of the court's determination that the voluntary cessation doctrine applies, the court does not address the remainder of POM's arguments.

for the pending preliminary injunction motion.  Plaintiff's counsel shall provide the court and opposing counsel with call-in information no later than two days prior to the call, on or before **April 27, 2021**.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: April 26, 2021