IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                         :
                                            :
                        Plaintiff,          :
         v.                                 :        Docket No. 1:20-cv-00292
                                            :
ECKERT SEAMANS CHERIN &                     :
MELLOTT, LLC,                               :        (Judge Jennifer P. Wilson)
                                            :        (Judge Joseph F. Saporito, Jr.)
                        Defendant.          :
_____:

**BRIEF OF DEFENDANT,
ECKERT SEAMANS CHERIN & MELLOTT, LLC,
ON JUDICIAL ESTOPPEL ISSUE
CONCERNING JUDGE SAPORITO'S
FEBRUARY 16, 2021 ORDER AND MEMORANDUM**

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), by and

through its counsel, Fox Rothschild LLP, hereby files this Brief limited to the issue

of the possible application of judicial estoppel as referenced in Judge Joseph F.

Saporito, Jr.'s February 16, 2021 Order and Memorandum.

**INTRODUCTION**

On February 16, 2021, the Court entered an Order and Memorandum

concerning various motions filed by the parties, including Eckert's motion for

protective order with respect to certain discovery requests for privileged

communications between Eckert and another client.  Eckert objected to that portion

of the Order and Memorandum dealing with judicial estoppel and implied waiver

1

of the privilege (as described in Section III., I. of the Memorandum and referenced in paragraph 4 of the Order). The Court has asked for supplemental briefing on the issue. As briefed previously in connection with its appeal, Eckert believes that judicial estoppel is inapplicable, and there is no basis for any implied waiver of the privilege of Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino"), a non-party to this action. As a result, the Court should reject application of judicial estoppel as a basis to find waiver of the attorney-client privilege.

### FACTUAL BACKGROUND

Plaintiff, Pace-O-Matic, Inc. ("POM"), brought a breach of fiduciary duty action against Eckert, who previously represented POM in Virginia, subject to an advance conflict waiver and certain other representational limitations, including the inability to represent POM in Pennsylvania. At the outset of the representation, Eckert advised POM of Eckert's long-standing and separate representation of certain gaming clients in Pennsylvania. Indeed, POM has always known that Eckert previously represented other gaming clients in Pennsylvania, including Parx Casino, as Eckert disclosed that fact to POM in connection with Eckert's Engagement Letter and its agreement to represent POM in Virginia subject to an advance conflict waiver. Indeed, it is undisputed that Eckert undertook its representation of POM in late 2016-early 2017 *subject to POM's understanding that Eckert already represented Parx Casino and that Eckert could not represent*

2

*POM in Pennsylvania. See, e.g.,* Thomas Lisk Deposition at pages 28-29, 39, 41-42, attached hereto as Exhibit "A".  There was certainly nothing surreptitious about that fact that Eckert had represented Parx Casino, or that such an understanding was a condition of Eckert's representation of POM in Virginia.  *Id.* At that time, there was no overlap between the work that Eckert was performing for its gaming clients in Pennsylvania and that which Eckert did for POM in Virginia.

Through other counsel, POM filed two (2) Petitions for Review in the Commonwealth Court of Pennsylvania seeking certain declarations about the use of its games in Pennsylvania.  POM put those legal issues – and, specifically, the legality of its games – directly before the courts in Pennsylvania.  Indeed, the gaming client for which POM seeks the requested discovery is one of its potential adversaries in those Commonwealth Court actions, as Parx Casino has sought to intervene in the Commonwealth Court cases.[1]  As Eckert has stated throughout, Eckert is not counsel of record to any party in those actions.  Eckert's client, Parx Casino, did not put the issue of the legality of POM's games before the Commonwealth Court to decide; POM through other counsel did.

Notwithstanding the fact that Eckert properly disclosed its prior existing representation to POM and that Eckert could not represent POM in Pennsylvania,

---

[1] As of this date, the Commonwealth Court has not granted Parx Casino leave to intervene, and Parx Casino is not a party in that action.

POM began to raise concerns about Eckert's representation of its gaming clients in Pennsylvania in October 2019.  Eckert discussed the concerns and sought confirmation of its prior advance conflict waiver in order to continue to represent POM in Virginia.  Not only did POM refuse to acknowledge its prior waiver, POM then took the position that Eckert had to limit its representation of other pre-existing clients in order to satisfy POM's concern.  Because of POM's insistence that Eckert withdraw from its other representations in Pennsylvania and its refusal to acknowledge its prior waiver, Eckert was left with no alternative but to withdraw as POM's counsel in Virginia in early 2020.

At no time did any of the Eckert attorneys working on the POM matters in Virginia discuss those matters with the Eckert attorneys who were representing gaming clients in Pennsylvania.  The Eckert attorneys who represented POM did not disclose any of POM's confidential information to anyone.  Eckert has provided declarations to the Court confirming that POM's confidential information has not been shared.  *See* Declarations of Mark Stewart and Timothy Coon attached hereto as Exhibits "B" and "C", respectively.

The Eckert attorneys working for Parx Casino did not discuss the matters on which they were working for their gaming clients in Pennsylvania with the Eckert attorneys who were representing POM in Virginia.  Those Eckert attorneys did not disclose any of its gaming clients' confidential information to anyone.

Since the time that Eckert's motion for protective order was initially briefed, Eckert has withdrawn as counsel for Parx Casino in the matters in which Parx Casino sued certain entities alleged to be operating unlicensed gaming facilities in Bucks County and Montgomery County, Pennsylvania. *Id.* Eckert has also agreed voluntarily not to communicate further with counsel for the Commonwealth of Pennsylvania, including the Department of Revenue and the Pennsylvania State Police, in the actions that POM commenced in the Commonwealth Court of Pennsylvania. Eckert also confirmed that it will not advise or consult with counsel for the proposed interveners on issues concerning the actions that POM commenced in the Commonwealth Court of Pennsylvania. *Id.*

### OVERVIEW OF THE ISSUE/THIS DISCOVERY DISPUTE

In connection with its discovery requests addressed to Eckert – all of which (other than the two requests at issue) were fully answered with responsive documents – POM made two (2) requests in the form of a document request and an interrogatory seeking documents and information obviously protected by the attorney-client privilege, the attorney work product doctrine and client confidentiality. There is no dispute that the information sought is privileged on its face and relates to another Eckert client and not POM. POM also served a subpoena directly upon Parx Casino and its other counsel, Hawke McKeon & Sniscak LLP ("Hawke McKeon"), seeking the same information.

Eckert filed a motion for protective order.  POM filed a motion to compel. Parx Casino and Hawke McKeon filed motions to quash subpoenas and for a protective order.  Substantial briefing and argument on these issues occurred and, on February 16, 2021, the Court issued an Order and Memorandum.

Other than with respect to the issue concerning judicial estoppel, Eckert has complied with the Court's February 16, 2021 Order.

## **LEGAL ARGUMENT**

### **Judicial Estoppel is Inapplicable Here.**

#### **1.    Standard for Application of Judicial Estoppel.**

In order for a District Court to apply judicial estoppel to purportedly inconsistent statements, there must be the following three (3) factors present: (1)"irreconcilably inconsistent positions"; (2) "adopted . . .  in bad faith"; (3) "a showing that . . . estoppel . . . addresses the harm and . . . no lesser sanction [is] sufficient."  *See GI Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3rd Cir. 2009), citing *Chao v. Roy's Constr., Inc.*, 517 F.3d 180, 186 n.5 (3rd Cir. 2008). Moreover, "judicial estoppel is only to be used sparingly and reserved for the most egregious case."  *See Krystal Cadillac-Oldsmobile v. General Motors*, 337 F.3d 314, 324 (3rd Cir. 2003).   This is not such a case.

Of critical significance to application of judicial estoppel is that the party must have convinced the District Court to accept its earlier position.  *See Dam*

*Things from Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 559 n. 16 (3rd Cir. 2002) (the assertions in the case would not be subject to judicial estoppel because "the statements were not adopted by the court in the course of litigation, and therefore bad faith is not evidenced"). Here, the purportedly inconsistent statements involve affirmative defenses asserted by Eckert, which the Court has yet to accept or reject. Thus, judicial estoppel is wholly inapplicable.

### 2.    The Statements and Positions are Consistent.

The purported statements upon which the Court relies are "statements" in Eckert's Answer that it has not represented an adverse party in litigation against POM and specifically, "Eckert does not represent a party adverse to POM in litigation," and "Eckert is not counsel in any litigation where POM is an adverse party." *See* Eckert's Answer with Affirmative Defenses at ¶18 and Seventeenth Affirmative Defense (Docket No. 9). In fact, they are not "statements" at all, but rather, they are proposed affirmative defenses that Eckert will seek to prove in connection with its defense at trial. Those statements were true then, and they remain true. Indeed, Parx Casino is not a party in the Commonwealth Court cases, and Eckert is not counsel of record in Parx Casino's request to intervene in those cases. Moreover, in the cases in which Parx Casino sued entities alleged to be operating unlicensed gaming facilities, POM was not a party. Such statements are not "irreconcilably" inconsistent with Eckert's assertion that it represents Parx

7

Casino.[2]  However, because of the recent actions taken by Eckert, they are largely irrelevant to the application of judicial estoppel as Eckert is no longer counsel in the Montgomery and Bucks County cases, and Eckert will not communicate or consult in the Commonwealth Court cases with the parties in that case or Parx Casino's counsel.

Nevertheless, with respect to representations to the Court, Eckert has not represented anything to the contrary to POM or the Court.  POM knew that Eckert represented Parx Casino and attended a public hearing in the Commonwealth Court cases prior to its initiation of this lawsuit.  At oral argument on these issues, counsel for Eckert explained Eckert's involvement to the Court and clarified any purported misunderstanding that may have been created about Eckert's involvement in the Commonwealth Court cases.[3]

---

[2] The fact that an attorney represents a client does not require that the attorney *represent that client in a pending litigation.*  It is also untrue that no attorney-client relationship can exist because an attorney consults on a pending litigation matter but does not become counsel of record.  Further, once an attorney withdraws as counsel (as here), the attorney-client privilege is maintained.

[3] The argument concerning the "statement" in the Joint Case Management Plan ("Eckert is not involved in [POM's Commonwealth Court] cases"), while certainly not clear, is no admission at all.  *See* Local Rule 16.3 ("[t]**he information in the case management form will not be deemed an admission by any party**") (emphasis added).  Certainly, if it could be withdrawn to avoid any lack of clarity (it was submitted jointly as part of a case management plan), it would be.

### 3.    The Court Has Not Accepted/Relied upon the Statements.

More importantly, the District Court has not accepted these statements as facts or otherwise ruled upon them.  Indeed, these statements are affirmative defenses that the Court ultimately will accept or reject, but certainly not at this stage of the proceedings.[4]  Therefore, based upon well-established Third Circuit precedent, in the absence of the District Court's prior acceptance of a fact or position, judicial estoppel is inapplicable to this discovery dispute.  *See United States v. Pelullo*, 399 F.3d 197, 223 (3rd Cir. 2005), citing *New Hampshire v. Maine*, 532 U.S. 742, 750-751, 121 S.Ct. 1808 (2001); *Montrose Medical Group v. Bulger*, 243 F.3d 773, 782 (3rd Cir. 2001) (judicial estoppel is inappropriate unless the earlier position was accepted by the court); *Dam Things from Denmark, supra*.

Simply stated, and consistent with the majority of decisions from the Third Circuit, judicial estoppel does not apply here because the Court has not accepted any of Eckert's statements contained in its affirmative defenses about its representation of Parx Casino.  Ultimately, that issue will go to the fact finder.  As the Court stated in *Krystal Cadillac-Oldsmobile*, 337 F.3d at 319, "[j]udicial

---

[4] It should be noted for the Court that POM does not dispute that Eckert is not counsel of record in any case or adverse to POM in a case where POM is a party; POM maintains that Eckert, due to a potential conflict of interest, cannot take *any legal positions adverse to POM*, which is an entirely different concept and will be addressed at a later point in this case.  *See* POM's January 16, 2020 letter attached hereto as Exhibit "D".

estoppel is not intended to eliminate all inconsistencies no matter how slight or inadvertent they may be." Here, it is not even related to the issues before the Court, *i.e.*, whether the relevant communications of a non-party are privileged.

Indeed, contrary to POM's argument that the Court need not adopt the position in order for judicial estoppel to apply, the *Krystal Cadillac* Court found that judicial estoppel applied because, in fact, the creditors relied upon Krystal's failure to disclose certain claims in the relief that the Bankruptcy Court eventually fashioned. Similarly, but contrary to POM's argument, the Third Circuit in *GI Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3rd Cir. 2009), expressly rejected the application of judicial estoppel because the District Court never adopted the inconsistent position of the party. In so ruling, the *GI Holdings* Court stated, "[w]e do not consider these factors [judicial estoppel], however, because in our Circuit judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." *Id.*, citing *United States v. Pelullo,* 399 F.3d 197, 222-223 (3rd Cir. 2005); *Dam Things from Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 559 n. 16 (3rd Cir. 2002); *Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773, 778 (3rd Cir. 2001).

The party must also be afforded an opportunity to provide an explanation for its changed position, if the position even changed. Eckert certainly explained its

position at oral argument to the extent that there was any lack of clarity or concern. Nonetheless, its positions are now entirely consistent to the extent that Eckert is not even involved in the cases, which POM initially raised.

### 4.    There Has Been No Bad Faith.

Contrary to any other suggestion, Eckert has not acted in bad faith or intentionally tried to mislead POM and/or the Court.  Eckert has represented consistently to the Court and to POM that it represents Parx Casino.  The notion that Eckert has played "fast and loose" or acted in "bad faith" concerning its representation of Parx Casino or its statements to the Court is simply untrue.  POM has known since the outset of the representation that Eckert represented Parx Casino in Pennsylvania.  Indeed, since POM first approached Eckert about representing POM in Virginia in late 2016-early 2017, POM was fully aware of Eckert's prior attorney-client relationship with Parx Casino, and POM understood and consented to the fact that Eckert could not represent POM in Pennsylvania.  *See, e.g.,* Thomas Lisk Deposition at pages 28-29, 39, 41-42 (Exhibit "A").

In his January 16, 2020 letter (Exhibit "D"), counsel for POM accuses Eckert of "advancing positions on behalf of Parx Casino that are directly adverse to POM and POM's products."  Counsel goes on to state, "you [Mark Stewart of Eckert] appeared in Commonwealth Court yesterday and collaborated with *amicus* counsel for Parx Casino in a matter in which Parx Casino is advocating against POM's

11

request for preliminary injunctive relief.  These actions are directly and openly adverse to POM's interests." *Id.*

What is important for the Court to note is that the January 16, 2020 letter was sent *before this lawsuit was commenced and prior to POM sending any discovery requests*.  The Court also should note that nowhere in the January 16, 2020 letter does POM claim that POM and Parx Casino are directly adverse in litigation.  Rather, POM's counsel acknowledges that their "positions" are adverse, which is exactly what Eckert has maintained since the issue first arose in October 2019.  Thus, POM's argument that Eckert's representation of Parx Casino was "secret" or that it was "covertly collaborating with HMS" is disingenuous to say the least, and it is directly contradicted by counsel's January 16, 2020 letter.  As Eckert has stated before, the issue before this Court ultimately is whether there is a conflict because Eckert represents Parx Casino and *the positions of Eckert and Parx Casino are adverse* not whether Eckert represents a party that is directly adverse to POM in litigation.

As such, Eckert's positions are not being asserted in bad faith when the issue here is whether Eckert must assert on another client's behalf the protection of that client's [Parx Casino's] attorney-client privilege.  After all, these are not Eckert's privileged communications; they are Parx Casino's.  To suggest, somehow, that there is bad faith merely because Eckert is seeking to protect another client's attorney-client privileged communications or its own related work product is

12

incorrect and inconsistent with Pennsylvania law. Further, because the Court has not relied upon such statements, there can be no bad faith regardless. *See Bulger*, 243 F.3d at 773. Thus, there has been no inconsistency, no bad faith and no attempt to gain any unfair advantage.

### 5.    Judicial Estoppel Is an Inappropriate Remedy.

Accordingly, this is not a case where judicial estoppel is warranted or appropriate. As the *GI Holdings* Court concluded, "[w]e believe applying judicial estoppel here presents a greater threat to judicial integrity. We do not preclude arguments not accepted by the District Court in part to ensure that the order in which a party presents its claims does not determine the outcome of the case." *Id.* Using judicial estoppel as a vehicle to undermine the attorney-client privilege and work product doctrines would be a far greater threat to judicial integrity particularly where there has been no inconsistency in Eckert's position about its long-standing representation of Parx Casino, and POM has been aware of Eckert's representation since the outset of Eckert's representation of POM in Virginia.

As judicial estoppel is inapplicable, the Court should not utilize the doctrine as a basis to order the production of certain documents as a limited waiver and, instead, find that Eckert and the third parties may properly invoke the attorney-client privilege and work product doctrine in order to shield this limited category of documents from production. There is no causal connection between the use of judicial estoppel and some unwarranted basis to override the attorney-client

13

privilege.  Accordingly, this Court should reject any notion that judicial estoppel as

a remedy warrants removal of the shield of the attorney-client privilege or the

attorney work product doctrine.

## CONCLUSION

For all of the foregoing reasons, defendant, Eckert Seamans Cherin &

Mellott, LLC, respectfully requests that this Court reject the application of judicial

estoppel as a waiver as to the discovery requests of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendant,**
**ECKERT SEAMANS CHERIN & MELLOTT,**
**LLC**

Date:   May 26, 2021

14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                          :
                                             :
                        Plaintiff,           :
       v.                                    :        Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN &                      :
MELLOTT, LLC,                                :
                                             :        (Judge Jennifer P. Wilson)
                                             :        (Judge Joseph F. Saporito, Jr.)
                        Defendant.           :
_____:

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 26th day of May,

2021, I served a true and correct copy of the foregoing Brief, via ECF, upon all

counsel of record and the following by e-mail:


Daniel T. Brier, Esquire                Judge Joseph F. Saporito, Jr.
Myers, Brier & Kelly, LLP               Magistrate Judge
425 Spruce Street, Suite 200            U.S.D.C., Middle District of Pennsylvania
Scranton, PA 18503                      Max Rosenn U.S. Courthouse
                                        197 South Main Street
**Counsel for Plaintiff**               Wilkes-Barre, PA  18701
**PACE-O-MATIC, INC.**


_____
ROBERT S. TINTNER, ESQUIRE