*E X H I B I T "B"*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PACE-O-MATIC, INC.,         : | |
|        Plaintiff,    : | |
| v.                      : | Docket No. 1:20-cv-00292 |
| ECKERT SEAMANS CHERIN & MELLOTT,   : <br> LLC,                       : | |
|       Defendant.    : | |

## REVISED DECLARATION OF MARK S. STEWART, ESQUIRE

I, Mark S. Stewart, Esquire, hereby declare and state as follows:

1.  I am an attorney licensed to practice law in the Commonwealth of Pennsylvania and the State of Maryland.

2.  I am a member of the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert"), the defendant in the above-captioned action, with an office in Harrisburg, Pennsylvania.

3.  I am the Co-Chair of Eckert's Hospitality and Gaming Groups, and I concentrate my practice on all aspects of gaming law and civil and administrative litigation. I represent a number of gaming clients in Pennsylvania.

4.  From early 2017, when Eckert agreed to represent plaintiff, Pace-O-Matic, Inc. ("POM"), in legal or regulatory matters in the Commonwealth of Virginia, I and others at Eckert believed that my former law partner, Thomas Lisk, had obtained an informed, advanced conflict waiver that consented to Eckert representing clients in matters adverse to POM in Pennsylvania.

5. Through Mr. Lisk's September 1, 2020 deposition, I learned that, while POM signed a written advanced waiver in the engagement agreement with Eckert, Mr. Lisk did not actually discuss a conflict waiver with POM.

6. Because Mr. Lisk purportedly failed to discuss with POM a conflict waiver of the nature and scope that was expressly intended and required by Eckert when the potential representation of POM was being considered by Eckert in 2017, I will not represent any party adverse to POM consistent with Pennsylvania Rules of Professional Conduct 1.7 and 1.9.

7. To that end, and despite the fact that POM is not a party to the case and is not directly adverse, Eckert and I have withdrawn as counsel in the matters that we initiated on behalf of a gaming client, Greenwood Gaming and Entertaining, Inc. d/b/a Parx Casino ("Parx Casino"), against a number of distributors of POM's games pending in Bucks County and Montgomery County, Pennsylvania.

8. Despite the fact that there has been virtually no activity in the matters for almost a year and Parx Casino has not yet been given leave to intervene by the Commonwealth Court of Pennsylvania, Eckert and I will not communicate with counsel for the Commonwealth of Pennsylvania, including the Department of Revenue and the Pennsylvania State Police, in the actions that POM commenced in the Commonwealth Court of Pennsylvania.

9. Despite the fact that Parx Casino has not yet been given leave to intervene by the Commonwealth Court of Pennsylvania, Eckert and I will not advise or consult with counsel for the proposed interveners on issues concerning the actions that POM commenced in the Commonwealth Court of Pennsylvania.

2

10.    Eckert and I will not advocate legislatively, judicially or publicly that POM's devices are not based predominantly upon skill.

I hereby make this Declaration subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

*Mark S. Stewart*

MARK S. STEWART, ESQUIRE

Dated: April _5_, 2021

3