*EXHIBIT "C"*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PACE-O-MATIC, INC., | : |
| Plaintiff, | : |
| v. | :     Docket No. 1:20-cv-00292 |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, | : |
| Defendant. | : |

## REVISED DECLARATION OF TIMOTHY S. COON, ESQUIRE

I, Timothy S. Coon, Esquire, hereby declare and state as follows:

1.      I am an attorney licensed to practice law in the Commonwealth of Pennsylvania.

2.      I am a member of the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert"), the defendant in this action. I practice in Eckert's office in Pittsburgh, Pennsylvania. I am the Chief Legal Officer for Eckert.

3.      From early 2017, when Eckert agreed to represent Pace-O-Matic, Inc. ("POM") in legal or regulatory matters in the Commonwealth of Virginia, I and others at Eckert believed that my former law partner, Thomas Lisk, had obtained an informed, advanced conflict waiver that consented to Eckert representing clients in matters adverse to POM in Pennsylvania

4.      Through Mr. Lisk's September 1, 2020 deposition, I learned that while Mr. Lisk had POM sign a written advance waiver in the engagement agreement with Eckert, Mr. Lisk did not actually discuss a conflict waiver with POM.

5.      Because Mr. Lisk apparently failed to discuss with POM a conflict waiver of the nature and scope that was expressly intended and required by Eckert when the potential representation of POM was being considered by Eckert in 2017, Eckert has determined that it

will not represent any party adverse to POM consistent with Pennsylvania Rules of Professional Conduct 1.7 and 1.9. As Chief Legal Officer, and as the supervisor of Eckert's conflicts assessment team, I will ensure appropriate monitoring to comply with this commitment.

6. Although there was no actual or impending matter between POM and other Eckert clients that created an ethical conflict at the time that Eckert began to represent POM in early 2017, Eckert made a decision to establish a confidentiality screen as between Eckert attorneys working on POM matters and Eckert attorneys working for other clients in the gaming/gambling industry. In March 2017, I had a telephone conference with Mr. Lisk and Mark Stewart, the head of the firm's gaming practice, in which we discussed and agreed that no documents or information about POM would be shared with attorneys working for other gaming clients, and vice versa, and that they would share this instruction with other legal personnel who worked on gaming client matters.

7. In September 2019, I was informed that Eckert attorneys representing Parx Casino, a long-standing gaming client in Pennsylvania, intended to commence legal actions in Pennsylvania against entities that were perceived by the client as operating illegal gambling facilities. POM was not a defendant in any of those planned actions but the types of devices used by the alleged illegal operators included POM gaming machines. Accordingly, I set up a more formal confidentiality screen, including issuing formal written notices to appropriate attorneys and establishing an electronic access control on Eckert's document management system to prevent even inadvertent access to POM's documents by attorneys working on Parx matters.

8. To the best of my knowledge, information and belief, no Eckert attorney who previously represented POM in Virginia has shared any confidential information about POM

2

with any other attorney at Eckert, or with anyone else outside Eckert. Eckert has previously filed Declarations from Mr. Stewart and from Eckert attorneys Tony Troy and Matthew Kirsner, who lead the representation of POM after Mr. Lisk left Eckert in September 2018. Those attorneys have also confirmed there was no sharing of any confidential information of POM. I have also confirmed through a review of document audit trail information that no Eckert attorney working for gaming clients in Pennsylvania accessed documents for any POM matters contained on Eckert's document management system.

I hereby make this Declaration subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

*Timothy S. Coon*

TIMOTHY S. COON, ESQUIRE

Dated: April 4, 2021

3