*E X H I B I T* *"D"*

 myers brier & kelly...
ATTORNEYS AT LAW

January 16, 2020

## VIA ELECTRONIC MAIL

Mark S. Stewart, Esquire
Eckert Seamans Cherin & Mellott, LLC
213 Market Street, 8th Floor
Harrisburg, PA 17101

  Re: *Conflict of Interest*

Dear Mr. Stewart:

  This firm represents Pace-O-Matic, Inc. ("POM") with respect to issues arising from Eckert Seamans Cherin & Mellott, LLC's ("Eckert") concurrent representation of POM and Greenwood Gaming and Entertainment, Inc., d/b/a Parx Casino ("Parx Casino").

  Eckert was engaged by POM on December 20, 2016 to provide representation in legal, regulatory and legislative matters relating to sales and marketing of POM's electronics and software. Throughout Eckert's ongoing representation, Eckert has received highly confidential information and client communications concerning, among other things, POM's products and business and legal strategies.

  It is deeply troubling to POM that Eckert is now advancing positions on behalf of Parx Casino that are directly adverse to POM and POM's products. Specifically, in a December 2, 2019 filing on behalf of Parx Casino, the Eckert firm under your signature advocated that POM is manufacturing and selling "illegal slot machines" and that the operation of POM's machines violates Section 5513 of the Pennsylvania Crimes Code. This reckless accusation is both inaccurate and contrary to the position advocated by Eckert on behalf of POM in the *Queen of Virginia Skill & Entertainment* matter pending in Virginia. In addition, Eckert is *right now* alleging in multiple Pennsylvania state courts that POM's branding of its machines as "games of skill" or "skill games" disguises the "true nature" of POM machines. This baseless allegation is contrary to the accurate representations that Eckert is making regarding the same POM technology and machines in Virginia.

  In addition, it has come to POM's attention that, on behalf of Parx Casino, you are actively encouraging as many as 600 Pennsylvania townships and political subdivisions (some of which Eckert also represents) to adopt nuisance ordinances that would prohibit "games of skill" and "skill games" like those sold by POM. Finally, you appeared in Commonwealth Court yesterday and collaborated with *amicus* counsel for Parx Casino in a matter in which Parx Casino is advocating against POM's request for preliminary injunctive relief. These actions are directly and openly adverse to POM's interests.

425 Spruce Street | Suite 200 | Scranton, PA 18503 | p (570) 342-6100 | f (570) 342-6147
240 North Third Street | 5th Floor | Harrisburg, PA 17101 | p (717) 553-6251
www.mbklaw.com

**ECKERT00120**

Eckert's representation of Parx Casino in these matters constitutes, at a minimum, a violation of Rule 1.7 of the Pennsylvania Rules of Professional Conduct and a breach of the fiduciary duty owed by Eckert to POM. POM has not consented to Eckert's ongoing conflict. Nor has Eckert made disclosures necessary to secure POM's informed consent within the meaning of Rules 1.0 and 1.7 of the Pennsylvania Rules of Professional Conduct.

Without waiver of any claims or remedies, POM demands that Eckert withdraw forthwith from all matters adverse to POM and cease other conduct that is directly adverse to the interests of POM.

All communications regarding the conflict must be directed to me on behalf of POM.

Sincerely,

Daniel T. Brier

cc: Timothy Q. Hudak, Esquire, CEO (Via Electronic Mail)

ECKERT00121