# In the United States District Court for the Middle District of Pennsylvania

| | | |
|---|---|---|
| PACE-O-MATIC, INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | [ELECTRONICALLY FILED] |
| | ) | |
| *vs.* | ) | Docket No. 20-292 |
| | ) | |
| ECKERT, SEAMANS, CHERIN | ) | WILSON, J. |
| & MELLOT, LLC | ) | SAPORITO, JR., M.J. |
| | ) | |
| *Defendant.* | ) | |

---

## REMAND BRIEF OF GREENWOOD GAMING & ENTERTAINMENT, D/B/A PARX CASINO

---

## GA BIBIKOS LLC

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for*
*Greenwood Gaming & Entertainment*
*d/b/a Parx Casino*

May 26, 2021

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY ..................................................3

II. BACKGROUND ................................................................................4

III. ARGUMENT ...................................................................................7

    A. The attorney-client privilege protects the Section I Documents from disclosure. ....................................................8

    B. Judicial estoppel does not apply. ...........................................10

        1. Judicial estoppel is not an exception to privilege. ........10

        2. The circumstances in this limited proceeding do not satisfy the elements of judicial estoppel. ................11

IV. CONCLUSION ...............................................................................17

# TABLE OF AUTHORITIES

**CASES**

*Chao v. Roy's Constr., Inc.*, 517 F.3d 180 186 n.5 (3d Cir. 2008) ...................................................................................9

*Coast Auto. Grp., Ltd. v. VW Credit, Inc.*, 34 F. App'x 818, 825, 2002 WL 121932, at *8 (3d Cir. 2002) ........................8, 11, 12

*G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 261 (3d Cir. 2009) ....................................................................8

*Montrose Medical Group v. Bulger*, 243 F.3d 773, 782 (3d Cir. 2001) ................................................................8, 12

*Nationwide Mut. Ins. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007) ...............................................................6, 9

*Serrano v. Chesapeake Appalachia*, LLC, 298 F.R.D. 271 (W.D. Pa. 2014) ...............................................................7

**STATUTES**

42 Pa.C.S. § 5928 ..................................................................9

**OTHER AUTHORITIES**

1 Paul R. Rice, *Attorney Client Privilege in the United States* § 7:9 (2d ed. 1999) ...........................................................7

**RULES**

F.R.E. 501 ............................................................................8

Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), files its brief on remand following the order and opinion of District Judge Wilson dated April 6, 2021, granting Parx's partial appeal of the order of Magistrate Judge Saporito, Jr., dated February 16, 2021 ("M.J. Opinion") which granted in part and denied in part motions of Parx; Eckert, Seamans, Cherin & Mellot, LLC ("Eckert"); and Hawke McKeon & Sniscak ("HMS") to quash subpoenas issued by Pace-O-Matic, Inc. ("POM") and/or for a protective order in the above matter.

## I. INTRODUCTION AND SUMMARY

The sole question on remand is whether judicial estoppel applies to justify the disclosure of documents otherwise protected by the attorney-client privilege.

As described below, judicial estoppel does not apply. As the Court implicitly if not expressly concluded in the M.J. Opinion, the attorney-client privilege applies to the documents in question, and there is no recognized waiver or exception to the attorney-client privilege that applies in this case. The analysis should end there.

Judicial estoppel does not justify the disclosure of otherwise protected materials. Parx did not take any positions in this case on the

merits either expressly, implicitly, or derivatively through Eckert or HMS or other counsel, let alone any inherently irreconcilable positions that the Court adopted. There certainly is no evidence that Parx or its law firms engaged in any "bad faith" here that would justify the application of judicial estoppel to as a basis to order the disclosure of Parx's privileged documents in possession of Eckert and HMS.

The Court should not invoke the doctrine of judicial estoppel and instead should quash the subpoena or grant a protective order (as the case may be) with respect to the Section I Documents (defined below) based on privilege.

## II. BACKGROUND

Parx is not a party here. In this case, POM alleges that Eckert breached a fiduciary duty to POM by having separate attorneys in separate offices represent POM in Virginia and also represent Parx with respect to state-court litigation in Pennsylvania in which the interests of Parx and POM are adverse, two including matters pending in Commonwealth Court.

In its pleadings, Eckert alleged that it "does not represent a party adverse to POM in litigation" and "is not counsel in any litigation where

POM is an adverse party." (Doc. 9.). In the joint case-management plan, on which the magistrate judge relied in substantial part (despite Local Rule 16 which states that "[t]he information in the case management form will not be deemed an admission by any party"), Eckert stated that it is not involved in a case pending in Commonwealth Court involving POM. (Doc. 18.) In its brief in opposition to the plaintiff's motion for a preliminary injunction, Eckert stated that "Eckert is not representing parties in litigation adverse to POM." (Doc. 21.)

POM served discovery requests on Eckert and a subpoena on another non-party (HMS) calling for documents relating to their representation of Parx and various state court proceedings, including the Commonwealth Court proceeding. POM also served a subpoena *duces tecum* on Parx calling for documents relating to communications about conflicts, consent to concurrent representation, withdrawal of representation, and this litigation.

Parx lodged objections based on confidentiality, privilege, and attorney work product. Eckert and HMS asserted privilege on Parx's behalf with respect to Parx's privileged documents in their possession. The parties filed numerous motions and briefs supporting their

5

respective positions, and the magistrate judge held oral argument on all motions. At oral argument, counsel for Eckert in particular explained that Eckert already produced non-privileged documents demonstrating Eckert's involvement in the Commonwealth Court matter on behalf of Parx and other casinos and that there is "no question" Eckert was assisting Parx in the Commonwealth Court matter. *See* Tr. at 30-40.

Counsel also explained the distinction between entering a formal appearance on behalf of Parx in the case *versus* being part of a team of lawyers representing Parx in casino-related matters both on the policy and law side of the issue, including advice on positions favorable to all casinos (not just Parx) in Commonwealth Court. *See* Tr. at 30-40.

After an *in camera* review, the magistrate judge issued the order and opinion subject to this appeal (Docs. 87 and 88). The magistrate judge correctly quashed the Parx subpoena based on privilege. However, in Discussion Section III, Subsection I, and corresponding ordering paragraphs, the magistrate judge ordered the disclosure of Parx's privileged documents that HMS and Eckert have in their possession. In that portion of the opinion, the magistrate judge invoked judicial estoppel

to order the disclosure of 182 documents held by Eckert and HMS (the "Section I Documents"). *See* Slip Op. at 34-38.

In light of the magistrate judge's conclusions and in particular the statement that Parx, by virtue of Eckert's statements, "arguably" engaged in "bad faith," Parx filed appealed under Local Rule 72.2 and requested a stay of the order in part pending the Court's resolution. The District Judge stayed the order and then granted the appeal, holding that the magistrate judge erred by relying on judicial estoppel as a basis to order the disclosure of Section I Documents because the magistrate judge raised the issue sua sponte without input from Parx, HMS, and Eckert.

Following a scheduling conference, the magistrate judge called for briefs on or before May 26, 2021, in accordance with the District Judge's order. This is Parx's brief on remand.

## III. ARGUMENT

As described below, the attorney-client privilege protects the Section I Documents from disclosure; judicial estoppel is not an exception to the privilege; and in any event, there is no evidence of "bad faith" – arguable or otherwise – to justify the application of that doctrine as a

basis to order the disclosure of Parx's otherwise privileged documents in the possession of its law firms (Eckert and HMS).

**A. *The attorney-client privilege protects the Section I Documents from disclosure.***

As a threshold matter, the M.J. Opinion correctly concluded that the Section I Documents contain lawyer-client communications about legal matters. The attorney-client privileged therefore applies.

The attorney-client privilege attaches when (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of the bar of a court, or his subordinate; (3) the communication related to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and is not waived. *Nationwide Mut. Ins. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007).

The attorney-client privilege applies when a lawyer and a client engage in communications for the purpose of securing legal advice, *e.g.*, either an opinion of law, legal services, or assistance in a legal matter. *Nationwide*, *supra*. In turn, "legal advice" means "the interpretation and

application of legal principles to guide future conduct or to assess past conduct." *See generally* 1 Paul R. Rice, *Attorney Client Privilege in the United States* § 7:9 (2d ed. 1999); *Serrano v. Chesapeake Appalachia, LLC*, 298 F.R.D. 271 (W.D. Pa. 2014) (communications about strengths/weaknesses of claim or defense, options, strategy, settlement constitute legal advice for purposes of apply attorney-client privilege).

Here, there is no question that the privilege applies to the Section I documents. The Court acknowledged in the M.J. Opinion that "[t]he withheld documents—and presumably any information responsive to the interrogatory response as well—*involve communications between Stewart and other Eckert attorneys, on the one hand, and King, McKeon, and Parx on the other.*" *See* Slip Op. at 34 (emphasis added). Eckert and Parx have a long-standing attorney-client relationship, *see* Tr. at 30-40, and the communications embodied in the documents between Eckert, Parx, and Parx's other lawyers are protected by privilege.

Accordingly, the attorney-client privilege applies to the Section I Documents.

### B.   *Judicial estoppel does not apply.*

The analysis should end here given that the Section I Documents are privileged. Having determined that the attorney-client privilege applies to the Section I Documents, the question becomes whether judicial estoppel justifies the disclosure of otherwise privileged documents. The answer is no.

### 1.   Judicial estoppel is not an exception to privilege.

As a threshold matter, judicial estoppel is not an exception to the attorney-client privilege under Pennsylvania law. When the federal court sits in its diversity jurisdiction, state privilege laws apply. F.R.E. 501. Under Pennsylvania law, courts can compel disclosure of otherwise privileged communications based on waiver or the crime-fraud exception, neither of which are at issue regarding the Section I Documents. *See* 42 Pa.C.S. § 5928; *Nationwide, supra.* Research has not revealed a situation in which a Pennsylvania court applied judicial estoppel as an exception to the attorney-client privilege. Accordingly, the Court should not apply judicial estoppel to circumvent the privilege under Pennsylvania law because it is not a recognized exception.

**2.** **The circumstances in this limited proceeding do not satisfy the elements of judicial estoppel.**

Even if the Court gets past the dispositive threshold issues outlined above, the circumstances in this limited proceeding regarding subpoenas and protective orders do not meet the elements of judicial estoppel.

The purpose of judicial estoppel is to promote candor to the tribunal by preventing parties from taking inconsistent positions in litigation in bad faith. *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 261 (3d Cir. 2009). As the Third Circuit has aptly stated, "[j]udicial estoppel "is an 'extraordinary remedy'" that should be employed only "'when a party's inconsistent behavior would otherwise result in a miscarriage of justice.'" *Montrose Medical Group v. Bulger*, 243 F.3d 773, 782-84 (3d Cir. 2001); *Coast Auto. Grp., Ltd. v. VW Credit, Inc.*, 34 F. App'x 818, 825, 2002 WL 121932, at *8 (3d Cir. 2002) (emphasis added);

As the M.J. Opinion correctly states, "[t]hough there is no rigid test for judicial estoppel, three factors inform a federal court's decision whether to apply it: there must be (1) "irreconcilably inconsistent positions;" (2) "adopted ... in bad faith;" and (3) "a showing that ... estoppel ... address[es] the harm and ... no lesser sanction [is] sufficient." *Chao v. Roy's Constr., Inc.*, 517 F.3d 180, 186 n. 5 (3d Cir.2008) (internal

quotation marks omitted). *G.I. Holdings, Inc., supra.* However, "judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." *Id.*

At the outset, Parx is not a party in this case and did not take or adopt a position regarding Eckert's pleadings. Eckert allegedly made misleading statements in *this* case in which Parx is *not a party* and made them *before* Parx got involved after receiving POM's subpoena. Parx did not adopt or ratify any statements. Leaving to one side the fact that Eckert's statements are not inconsistent or misleading, it would be incongruous for the Court to attribute those statements to Parx, let alone go further to find that Parx acted in "bad faith" and thereby surrendered the protections of the attorney-client privilege based on statements another party made before Parx ever got involved here.

Certainly Parx and Eckert are aligned on the discovery issues because Eckert has a duty to protect Parx's privileged documents and communications. In that respect, Parx agreed with or incorporated Eckert's legal arguments or deferred to its privilege log in support of applying the attorney-client privilege and the work-product doctrine for documents in Eckert's possession that are protected by Parx's privilege

12

or by work-product immunity. But that is another matter entirely. Parx has always maintained that Eckert and Parx have an attorney-client relationship. *See* Parx Briefs (Docs. 49, 60, 76, 84) and Tr. 43-47, 56-57.

In any event, the dispositive question is whether Eckert prevailed on the basis of a prior inconsistent position and is switching positions for purposes of this discovery dispute. The answer is no. The Court has not accepted any of Eckert's statements as fact or otherwise made any findings about the facts or ruled upon them.

Second, there is no irreconcilable inconsistency in Eckert's positions. Eckert has maintained throughout that it has assisted Parx and other casinos in Commonwealth Court proceedings and informed the magistrate judge during oral argument. If the Court disagreed with Eckert's distinction between (a) assisting Parx behind the scenes as part of Parx's legal team and (b) entering a formal appearance in court, so be it. However, drawing that distinction is in no way playing fast and loose with the Court and certainly serves as no justification to order the disclosure of Parx's privileged documents.

Third, there is no bad faith here as a matter of law. There has never been any attempt – intentionally or otherwise – to mislead POM or the

13

magistrate judge or the Court. To the contrary, everyone knows that Eckert and Parx have a longstanding attorney-client relationship and that Eckert assisted Parx and other casinos in the Commonwealth Court litigation, albeit not as counsel of record appearing on behalf of those entities. Those facts are not in any meaningful dispute.

Even assuming (for argument's sake) that Eckert's statements are somehow inconsistent, inconsistency is not bad faith as a matter of law:

> However, to invoke judicial estoppel, *a court must do more than merely find that a party advanced inconsistent positions to the court.* The District Court here failed to engage in the requisite analysis and make the necessary findings that Coast changed its position in bad faith and that the application of judicial estoppel was specifically tailored to address the harm caused by Coast's alleged inconsistencies. Additionally, in raising the issue sua sponte, the court failed to allow the parties to brief the issue and inform the court's analysis, as suggested by the Supreme Court and by this Court. Therefore, we conclude that the District Court abused its discretion by invoking the doctrine sua sponte.

> The court made no finding that Coast changed its position in a bad faith attempt to "assault the dignity or authority" of the court. In its brief footnote explaining its invocation of judicial estoppel, the court indeed quoted our statement in *Ryan Operations* that judicial estoppel is designed to prevent litigants from "playing fast and loose with the courts." *Coast I* at 6 n. 3 (quoting *Ryan Operations*, 81 F.3d at 358). We have noted that "playing fast and loose with the courts" is a factor in a finding of bad faith. *See Montrose*, 243 F.3d at 780–81; *Ryan Operations*, 81 F.3d at 358. *However, simply quoting this language without any explanation or analysis of how Coast's*

14

*actions rose to the level of "playing fast and loose" is insufficient to invoke the harsh sanction of judicial estoppel. No finding of culpability, intentional self-contradiction, or intentional wrongdoing was made. We counseled in Montrose that a mere finding of inconsistency, without more, fails to fulfill the bad faith requirement. See id.* at 781. Furthermore, the court also made *no explicit finding that Shansab's and counsel's prior statements were accepted or adopted by the court.* The District Court failed to apply the law to the facts here, and therefore abused its discretion.

*Coast Auto.*, 34 F. App'x at 824-25, 2002 WL 121932, at *7.

Fourth, the statement about Eckert's role in Commonwealth Court is true given that Eckert has not entered an appearance for Parx in that state-court litigation in which Parx has business interests adverse to POM. All parties here have acknowledged that Eckert has a longstanding attorney-client relationship with Parx and assisted Parx on issues and positions involved in the state-court litigation while another law firm (HMS) is counsel of record for and entered an appearance on behalf of Parx and other casinos.

Fifth, there is no evidence to support the magistrate judge's conclusion that Parx – "arguably" or otherwise – adopted irreconcilably inconsistent positions "in bad faith" in an effort to harm the Court. Parx is a non-party recipient of a third-party subpoena protecting its

privileged materials and asking that its lawyers assert the privilege on its behalf (as is their duty) to avoid waiver. That is not "bad faith."

Finally, an order compelling Parx's law firms to disclose privileged documents based on judicial estoppel goes too far. Even POM agrees that it should not have access to the legal advice Parx receives from its lawyers. *See* Tr. at 57 ("So I would agree with my colleague, Mr. Bibikos, that if Parx was getting advice from its lawyers, I shouldn't have access to that."). Any remedy for a violation of judicial estoppel that involves disclosure of privileged documents would give POM an unwarranted advantage in any matters in which POM and Parx have adverse interests by giving POM access to confidential documents and communications that inevitably describe legal advice and strategies.

In short, the Court would be punishing Parx by ordering the disclosure of its privileged materials based on allegedly inconsistent statements made not by Parx but by others. The more narrow and appropriate remedy – if the court were to find some tension with the judicial estoppel doctrine – is to strike from the non-binding case management order any statement that suggests Eckert does not represent Parx or prevent Eckert from taking the position that it did not

assist Parx in the state-court litigation pending in Commonwealth Court, as Eckert already has clarified, instead of ordering Eckert to hand over privileged documents belonging to Parx, particularly when Parx is not a party in this case.

## IV. CONCLUSION

WHEREFORE, the Court should decline to apply judicial estoppel and quash the subpoena or grant a protective order (as the case may be) with respect to the Section I Documents based on privilege.

May 26, 2021

Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Parx*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel will be served automatically.

/s George A. Bibikos
George A. Bibikos

**WORD-COUNT CERTIFICATION**

Pursuant to L.R. 7.8, I hereby certify that the foregoing document contains 3,298 words based on the word-count feature of Microsoft Word.

/s George A. Bibikos
George A. Bibikos