# Exhibit G

**From:** Mark S. Stewart
**Sent:** Friday, November 22, 2019 12:40 PM
**To:** Bob Green; Tom Bonner - Greenwood Gaming and Entertainment, Inc. (tbonner@parxcasino.com); Richard Gmerek; Sean Schafer; pshelly@shelly-lyons.com; Charlie Lyons
**Subject:** FW: POM Opinion - next steps

FYI. We sent the email below to the DAG overseeing the POM case. She had told us they were meeting internally either this afternoon or Monday to discuss next steps. I think this sums up our view of the law pretty succinctly.

Thanks.
**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com
eckertseamans.com | bio | vCard

**From:** Kevin M. Skjoldal
**Sent:** Friday, November 22, 2019 12:36 PM
**To:** Romano, Karen M.
**Cc:** Mark S. Stewart
**Subject:** POM Opinion - next steps

Karen:

As we discussed the other day, while there is some flawed analysis in the Commonwealth Court's recent decision in the POM action, there are positive points as well. Most significantly, the Court concluded that POM's games are slot machines. This determination should dictate the applicability of Section 5513 of the Crimes Code to the machines, and it sets this case up nicely for a motion for judgment on the pleadings on the principal issue in POM's complaint (i.e., the legality of their games).

Section 5513 of the Crimes Code states, in part, that:

A person is guilty of a misdemeanor of the first degree if he:

(1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease or gift, any punch board, drawing card, slot machine or any device to be used for gambling purposes, except playing cards ....

If the conduct in question involves punch boards, drawing cards or slot machines, you do not need to go to the skill-chance test to determine a violation. The conduct is illegal by the statute's express terms.

Although the term "slot machine" is not defined in the Crimes Code, the Legislature has clearly defined that term in the Gaming Act – and the Court found POM's machines fall within it.

1

ECKERT01214

Absent some express declaration by the Legislature, or a "notwithstanding any other provision of law" type of clause, the same word cannot have two different, and conflicting, meanings.

In fact, the rules of statutory construction require just the opposite. It is well-established that the meaning of words in a statute may be ascertained by considering other statutes concerning the same or similar subjects. 1 Pa.C.S. § 1921; see also *PPL Holtwood, LLC v. Pike County Bd. of Assessment & Revision of Taxes*, 846 A.2d 201, 207 (Pa. Cmwlth 2004) ("We may, of course, derive guidance from another statute that is concerned with the same or a similar subject pursuant to Section 1921(c)(5) of the Statutory Construction Act.").

Both the Gaming Act and Section 5513 address the same subject: gambling. Even more specifically, the Gaming Act allows certain persons (i.e., licensees) to have "slot machines" that would be otherwise be illegal under Section 5513(a). Indeed, § 5513 expressly ties itself to the Gaming Act by providing that nothing therein prohibits lawful conduct under the Gaming Act. 18 Pa.C.S. § 5513 (e.1). If the "slot machine" referenced in Section 5513(a) is not the same "slot machine" referenced in the Gaming Act, then the exemption in 5513(e.1) would be completely unnecessary and surplusage. As such, the law is clear that slot machines are illegal under the Crimes Code unless they are offered by a slot machine licensee in a licensed facility.

As you know, the interpretation of § 5513 is a legal issue that can be addressed by the Court on a motion for judgment on the pleadings. Because the Court has already determined POM's games are slot machines, this issue should be a straightforward matter of statutory interpretation. A motion for judgment on the pleadings would seem to be the most efficient and effective measure for bringing the issue before the Court and concluding the litigation.

However, we could also understand if you are thinking about asking for reconsideration of the Court's decision. The Court did not address those provisions of the Gaming Act that are directly applicable to unlicensed persons. For example, §§ 1518(a)(9), (9.1), and (10) are criminal offenses that apply to any "person," and are not limited to only licensed entities. *See* 4 Pa.C.S. §§ 1518(a)(9),(9.1), and (10). And, § 1518(f) provides for the seizure of the unlawful machines and money from these unlicensed persons. 4 Pa.C.S. § 1518(f). It would have been helpful for the Court to recognize that the Gaming Act does have applicability to unlicensed persons and entities in these instances.

Regardless of whether you seek reconsideration, the plain language of the Gaming Act is clear that your Gaming Unit and the district attorneys are specifically authorized to investigate and prosecute these offenses against unlicensed persons. 4 Pa.C.S. § 1517(d). The Court did not address these provisions in its opinion, so it would seem that the OAG would still have this power in its arsenal to go after POM's slot machines.

Please let us know how you intend to proceed. We would welcome the chance to discuss these issues, especially the Section 5513 analysis. If we can be of any assistance, please let us know.

Thanks,

Kevin

2

ECKERT01215

**Kevin M. Skjoldal**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.6039
kskjoldal@eckertseamans.com
eckertseamans.com | bio | vCard | LinkedIn
This communication may contain federal tax advice. Recent IRS regulations require us to advise you that any discussion of federal tax issues in this communication was not intended or written to be used and cannot be used to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein. Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the Firm's Tax partners if you have any questions regarding federal tax advice.

3

ECKERT01216