# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                                  :
                                                     :
                            Plaintiff,               :
                                                     :
        v.                                           :        Docket No. 1:20-cv-00292
                                                     :
ECKERT SEAMANS CHERIN &                              :
MELLOTT, LLC,                                        :        (Judge Jennifer P. Wilson)
                                                     :        (Judge Joseph F. Saporito, Jr.)
                            Defendant.               :
_____:

## RESPONSIVE BRIEF OF DEFENDANT, ECKERT SEAMANS CHERIN & MELLOTT, LLC, IN OPPOSITION TO JUDICIAL ESTOPPEL BRIEF FILED BY PLAINTIFF, PACE-O-MATIC, INC.

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), through its counsel, Fox Rothschild LLP, hereby files this Responsive Brief in opposition to the brief filed by plaintiff, Pace-O-Matic, Inc., and in accordance with the Court's May 4, 2021 Order.

## OVERVIEW OF RESPONSIVE BRIEF

POM, rather than argue the efficacy of the application of judicial estoppel, uses its brief on remand to attack Eckert with *ad hominem* vitriol, to argue inconsistencies that do not exist and to make "arguments" purportedly in lieu of evidence of bad faith where none exists. For all of those reasons, the Court should reject any application of judicial estoppel to eviscerate the attorney-client privilege in this discovery dispute.

## ARGUMENT

## POM Has Always Known That Eckert Represents Parx Casino.

The notion that Eckert has played "fast and loose" or acted in "bad faith" concerning its representation of Parx Casino or its statements to the Court is simply untrue. Mere argument by POM of bad faith is insufficient, which is exactly what POM has done and continues to do.

Further, POM obviously ignores the fact that Eckert undertook its representation of POM in late 2016-early 2017 *subject to POM's understanding that Eckert already represented Parx Casino and that Eckert could not represent POM in Pennsylvania. See, e.g.,* Thomas Lisk Deposition at pages 28-29, 39, 41-42, attached to the Opening Brief as Exhibit "A". There is certainly nothing surreptitious or mysterious about that fact that Eckert has represented Parx Casino, or that such an understanding was a condition of Eckert's representation of POM in Virginia. *Id.*

In addition, in October 2019, POM through other counsel raised the potential conflict issue involving Eckert's representation of Parx Casino in Pennsylvania. There were multiple discussions on the subject. POM was fully aware of Eckert's representation of Parx Casino before filing this lawsuit. Further, attached as Exhibit "D" to the Opening Brief is the January 16, 2020 letter from counsel for POM to Eckert in which he accuses Eckert of "advancing positions on behalf of Parx Casino that are directly adverse to POM and POM's products." Counsel goes on to state,

2

"you [Mark Stewart of Eckert] appeared in Commonwealth Court yesterday and collaborated with *amicus* counsel for Parx Casino in a matter in which Parx Casino is advocating against POM's request for preliminary injunctive relief.  These actions are directly and openly adverse to POM's interests." *Id.*  Nothing has substantially changed.

The Court also should note that nowhere in the January 16, 2020 letter does POM claim that POM and Parx Casino are directly adverse in litigation.  Rather, POM's counsel acknowledges that their "positions" are adverse, which is exactly what Eckert has maintained since the issue first arose in October 2019.  Thus, POM's argument in its Brief that somehow Eckert's representation of Parx Casino was "secret" or that it was "covertly collaborating with HMS" is disingenuous to say the least as it is directly contradicted by counsel's January 16, 2020 letter.

As Eckert has stated consistently throughout the case, the issue before this Court ultimately is whether there is a conflict because Eckert represents Parx Casino and the positions of Eckert and Parx Casino are adverse not whether Eckert represents a party that is directly adverse to POM in litigation.  That has always been Eckert's position in this case, and its representations and statements in its affirmative defenses are consistent with that position.

## Judicial Estoppel Simply Does Not Apply Here.

Contrary to POM's assertions, Eckert has not advanced inconsistent or alternative theories. Eckert has always maintained that it represents Parx Casino. Its statement that it does not represent a party adverse to POM in litigation is also accurate and consistent with the fact that is represents Parx Casino. Parx Casino is not a party to the Commonwealth Court actions, and POM was never a party in the actions that Eckert previously brought on behalf of Parx Casino against a number of vendors of POM's games. Thus, there has been no inconsistency, no bad faith and no attempt to gain any unfair advantage.

The purportedly inconsistent statements at issue here are part of Eckert's *affirmative defenses*. They are not even arguments or issues that the Court has addressed. The fact finder will determine the efficacy of those affirmative defenses at the time of trial or through some type of motion practice. There is simply no basis to argue that there has been any inconsistency when the statements at issue have not been fully litigated – let alone used to play "fast and loose" with the Court.

More importantly, judicial estoppel does not apply here because there cannot be bad faith if the Court has not accepted any statements by Eckert about its representation of Parx Casino. POM's continued failure to address that element of judicial estoppel should be fatal to its argument because the Third Circuit has consistently held that reliance and acceptance of the statements by the trial court is essential to application of judicial estoppel. *See GI Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3rd Cir. 2009)

(the Third Circuit expressly rejected the application of judicial estoppel because the District Court never adopted the inconsistent position of the party).  In so ruling, the *GI Holdings* Court stated, "[w]e do not consider these factors [judicial estoppel], however, because in our Circuit judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." *Id.*, citing *United States v. Pelullo,* 399 F.3d 197, 222-223 (3rd Cir. 2005); *Dam Things from Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 559 n. 16 (3rd Cir. 2002); *Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773, 778 (3rd Cir. 2001).  POM does not even attempt to address these cases or otherwise to distinguish them.

Thus, using judicial estoppel as a vehicle to undermine the attorney-client privilege and work product doctrines would be a far greater threat to judicial integrity particularly where there has been no inconsistency in Eckert's position about its long-standing representation of Parx Casino and POM has been aware of Eckert's representation since the outset of Eckert's representation of POM in Virginia.

### Eckert Has Produced Non-Privileged, Relevant Communications.

Finally, Eckert has provided POM with non-privileged, third party communications involving POM's (and Parx Casino's) legal positions in Pennsylvania. POM has already made – and continues to make arguments (albeit legally insupportable ones) – based upon those non-privileged documents and positions that Eckert attorneys took in Pennsylvania on behalf of Parx Casino.  Again, not only do these non-privileged,

5

third party communications demonstrate Eckert's involvement with Parx Casino, they obviate the need to review any attorney-client privileged documents or those protected by the work product doctrine. POM does not need to see, review or otherwise invade Parx Casino's confidential and attorney-client privileged communications in order to argue its position or make its point.  POM has whatever documents POM believes that it needs in order to assert its argument as to the purported conflict.  To the extent that POM seeks to argue "that Eckert was advocating against POM while representing POM," it has such documents with third parties which obviate the need to seek any privileged communications. Thus, not only would such an invasion of the attorney-client privilege be unprecedented, it would defeat the entire purpose of the attorney-client privilege.

In summary, this discovery dispute is not the proper forum in which to litigate the merits of POM's claims or to test the applicability of Eckert's affirmative defenses. Those issues are irrelevant for purposes of deciding whether the attorney-client privilege applies to this discovery dispute.  Accordingly, from a public policy perspective, application of judicial estoppel in this context would be entirely misplaced and inappropriate.

## CONCLUSION

For all of the foregoing reasons, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court reject the use of judicial estoppel in connection with the discovery requests of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendant,**
**ECKERT SEAMANS CHERIN & MELLOTT,**
**LLC**

Date:   June 9, 2021

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                         :
                                            :
                Plaintiff,                  :
                                            :
        v.                                  :       Docket No. 1:20-cv-00292
                                            :
ECKERT SEAMANS CHERIN &                     :
MELLOTT, LLC,                               :       (Judge Jennifer P. Wilson)
                                            :       (Judge Joseph F. Saporito, Jr.)
                Defendant.                  :
_____:

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 9th day of June,

2021, I served a true and correct copy of the foregoing Responsive Brief, via ECF,

upon all counsel of record and the following by e-mail:

Daniel T. Brier, Esquire              Judge Joseph F. Saporito, Jr.
Myers, Brier & Kelly, LLP             Magistrate Judge
425 Spruce Street, Suite 200          U.S.D.C., Middle District of Pennsylvania
Scranton, PA 18503                    Max Rosenn U.S. Courthouse
                                      197 South Main Street
**Counsel for Plaintiff**             Wilkes-Barre, PA  18701
**PACE-O-MATIC, INC.**

_____
ROBERT S. TINTNER, ESQUIRE