# In the United States District Court for the Middle District of Pennsylvania

| | | |
|---|---|---|
| PACE-O-MATIC, INC. | ) | |
| | ) | |
| Plaintiff, | ) | [ELECTRONICALLY FILED] |
| | ) | |
| vs. | ) | Docket No. 20-292 |
| | ) | |
| ECKERT, SEAMANS, CHERIN & MELLOT, LLC | ) | WILSON, J. |
| | ) | SAPORITO, JR., M.J. |
| | ) | |
| Defendant. | ) | |

## REMAND REPLY BRIEF OF GREENWOOD GAMING & ENTERTAINMENT, D/B/A PARX CASINO

## GA BIBIKOS LLC

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for*
*Greenwood Gaming & Entertainment*
*d/b/a Parx Casino*

June 9, 2021

## I.    INTRODUCTION

Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), files its reply brief on remand following the order and opinion of District Judge Wilson dated April 6, 2021, granting Parx's partial appeal of the order of Magistrate Judge Saporito, Jr., dated February 16, 2021 ("M.J. Opinion") which granted in part and denied in part motions of Parx; Eckert, Seamans, Cherin & Mellot, LLC ("Eckert"); and Hawke McKeon & Sniscak ("HMS") to quash subpoenas issued by Pace-O-Matic, Inc. ("POM") and/or for a protective order in the above matter.

## II.    REPLY ARGUMENT

Parx's opening brief adequately disposes of virtually all of POM's misguided legal and factual arguments, many (if not most) of which deal predominately with the merits of POM's alleged claims against Eckert for breach of fiduciary duty and not with this limited discovery issue. Parx submits this short reply to address several points and to clarify conclusory statements of POM's counsel represented as "fact" in its brief.

### A.    *Parx did not make any statements, let alone any irreconcilably inconsistent statements, that would justify the sanction of judicial estoppel.*

POM argues throughout its brief that judicial estoppel applies because *Parx* made irreconcilably inconsistent statements or took

irreconcilably inconsistent positions regarding the Parx/Eckert attorney-client relationship either directly or vicariously through its lawyers.

First, Parx has not taken any position on the merits of Eckert's defense to POM's claims in this litigation from which the alleged inconsistency arises. Parx was not involved in this matter until POM sent Parx a subpoena. Parx is a non-party in this case compelled by subpoena to appear and defend against the Court's disclosure of Parx's privileged communications with two law firms with which Parx has longstanding relationships. Parx fully acknowledged Eckert's representation of Parx and other casinos in state cases and certainly never represented to this Court anything to the contrary, let alone in an effort to play "fast and loose" with or trick the court in to thinking otherwise. *See* Parx Briefs (Docs. 49, 60, 76, 84) and Tr. 43-47, 56-57.

Second, there is nothing other than the mere *ipse dixit* of POM's counsel suggesting that Parx adopted allegedly inconsistent statements of Eckert or HMS. Certainly, the *ipse dixit* of counsel in a brief is insufficient to support a conclusion that Parx engaged in bad faith with the intent to mislead the Court into thinking the attorney-client privilege

should apply here while allegedly disavowing a Parx/Eckert attorney-client relationship in Commonwealth Court.

Even if Eckert or HMS allegedly made inconsistent statements, a point that Parx vigorously disputes for the reasons identified in its opening brief, Parx is not and should not be vicariously liable for any such statements. There is no authority cited anywhere in POM's brief or otherwise to ascribe upon Parx allegedly inconsistent statements made by others for purposes of judicial estoppel. In the lonely (bankruptcy) case POM identifies to claim that judicial estoppel can circumvent privilege, the parties (not their lawyers or other third parties) took inconsistent positions in bad faith. *In re Berks Behavioral Health LLC*, 500 B.R. 711, 721 (E.D. Pa. Bankr. 2013) (father-son scheme to swear out affidavits in bankruptcy case about a sham agency relationship directly contradicted prior testimony). That is not the case here.

Accordingly, the Court should reject POM's arguments because Parx did not take any positions in this case, let alone any irreconcilably inconsistent positions, that would remotely justify the harsh sanction of ordering Parx to disclose its privileged documents to POM.

**B.** ***Counsel's statements about "bad faith" are not "facts" and certainly not sufficient to impose the judicial-estoppel sanction on Parx.***

In an effort to show "bad faith," POM makes serious yet unsupported allegations throughout its brief that *Parx* engaged in "outrageous" conduct; committed an "affront" to this Court; "knowingly misrepresented" facts about Eckert's representation in Commonwealth Court to "conceal" Eckert's breach of loyalty to POM; and made "directly conflicting statements about a factual matter … [o]ver and over again." *See* POM Br. at 1, 78, 9 & 13 n.11.

But there is no evidence that *Parx* engaged in this sort of behavior, notably proven by the fact that POM has not identified any such conduct by Parx, has chosen instead only to make unsupported assertions, and nominally attributes to Parx the alleged bad acts of HMS and Eckert by lumping all three together.  Contrary to what POM would have the Court believe, the extent of Parx's involvement in this case is limited and surely does not match POM's more colorful rendition.

Parx's participation in this case is unremarkable. Parx received a subpoena in June 2020 calling for communications between Parx and Eckert.  Parx lodged objections based on privilege.  Parx produced a

privilege log. Parx briefed the privilege, work-product, and other legal issues involved in this discovery dispute. Parx argued before the Court and submitted documents for *in camera* review as requested. The magistrate judge then quashed the subpoena directed to Parx.

Simply put, there is no bad faith here. There is no outrageous conduct here. There is no effort to deceive a sitting magistrate judge or a district judge or anyone else. The suggestion is absurd and offensive. Parx has always maintained that it has a longstanding relationship with Eckert and Eckert assisted Parx and other casinos as part of the team that represented their interests in Commonwealth Court while HMS served as counsel of record.

By contrast, POM by necessity knew about the Eckert/Parx relationship before it filed its complaint given that POM's entire case on the merits rests on the assumption that Eckert represented Parx in matters in which Parx and POM had interests adverse to one another. Query, then, whether POM is playing "fast and loose" with the Court by (on one hand) feigning ignorance of Eckert's representation of Parx in matters in which Parx and POM have adverse interests while (on the

other) basing its entire claim on Eckert's representation of Parx in matters in which Parx and POM have adverse interests.

Accordingly, the Court should reject the conclusory statements that Parx engaged in any bad faith because there is no indication whatsoever that Parx engaged in any such behavior towards this Court.

### C.     *POM's amicus-disclosure argument is absurd.*

In a desperate effort to find some judicial-estoppel "hook" for Parx, POM makes the laughable claim that Parx somehow took irreconcilably inconsistent positions in bad faith towards this Court when HMS did not disclose the identity of Parx's lawyers who helped prepare an *amicus* brief in Commonwealth Court.

Leaving aside the absurdity of that argument, it makes no difference here what Parx through its counsel did or did not represent in a brief filed in Commonwealth Court. The only question here is whether Parx engaged in behavior towards *this Court* to justify an order compelling the disclosure of Parx's privileged communications based on judicial estoppel. As discussed in Parx's opening brief and throughout this reply, the answer indisputably is no.

In any event, POM either is deliberately misleading the Court about the *amicus*-disclosure rule or never read Pa.R.A.P. 531 before citing it, let alone before relying almost exclusively on it (three separate times in its brief) as a basis to find that Parx engaged in "bad faith" towards *this* Court for purposes of judicial estoppel.

POM, of course, does *not once* quote the entire rule for the Court or mention the parts that undermine its already shaky legal position. For the Court's benefit, Pa.R.A.P. 531(b)(2) provides as follows:

> (2)    Content.—An *amicus curiae* brief must contain a statement of the interest of *amicus curiae*. The statement of interest **_shall disclose the identity of any person or entity other than_ the amicus curiae, its members, or _counsel who_** (i) paid in whole or in part for the preparation of the amicus curiae brief or (ii) **authored in whole or in part the amicus curiae brief**. It does not need to contain a Statement of the Case and does not need to address jurisdiction or the order or other determinations in question. An amicus curiae brief shall contain the certificate of compliance required by Pa.R.A.P. 127.

Pa.R.A.P. 531(b)(2) (bold emphasis added).

The rule is clear: Parx need not disclose the name of any "counsel" for the *amicus* party who authored in whole or in part the *amicus curiae* brief. It does not matter whether counsel is of record or not. (Indeed, there are many occasions when *amicus* parties – oftentimes organizations –

7

have counsel of record and other counsel, including in-house counsel or other outside counsel, all of whom may share authorship responsibilities but whose identity need not be disclosed under the rule).

To that end, the *amicus* brief that POM touts as evidence of Parx's misdeeds merely states the following appropriate and well-accepted form of disclosure:

> "Pursuant to Pa.R.A.P. 531(b)(2) *Amici curiae* state that no person or entity, **other than** *amici*, and their members and **counsel**, (i) paid in whole or in part for the preparation of the *amicus curiae* brief or (ii) **authored in whole or in part the amicus curiae brief**."

*See* POM Br. Ex. D at p. 6, n.4 (emphasis added).

As Eckert and HMS (and Parx) repeatedly have acknowledged, Parx and Eckert have a longstanding attorney-client relationship and Eckert assisted Parx in Commonwealth Court, including assistance with drafting the *amicus* brief. At oral argument here, Eckert's counsel confirmed what everyone always has known: there is "no question" Eckert was assisting Parx in the Commonwealth Court matter. *See* Tr. at 30-40. Consequently, Parx had no obligation to disclose Eckert pursuant to Rule 531(b)(2) and certainly made no misrepresentation to

Commonwealth Court or this Court by not identifying Eckert as its counsel because the rule does not require that disclosure.

POM unfortunately misstates and misapplies the rule on three separate occasions in its brief. To illustrate:

- First, POM alleges that "***HMS represented to the Commonwealth Court*** pursuant to Rule 531(b)(2) of the Pennsylvania Rules of Appellate Procedure that ***no one else*** 'authored in whole or in part the *amicus curiae* brief.'" *See* POM Br. at 9. That, of course, is not what the rule says or requires, nor is that what HMS represented in the disclosure.

- Second, POM alleges that "[t]he Commonwealth Court accepted Parx's and HMS's representation that ***no other person or entity was involved in writing the amicus brief*** and the entries of appearance filed by HMS as counsel for Parx and permitted HMS to participate in the litigation on behalf of Parx." *See* POM Br. at 13 n.11. That, of course, is not what the rule says or requires, nor is that what HMS represented in the disclosure.

- Finally, POM alleges that "[t]he doctrine applies equally to Parx given its representation to the Commonwealth Court through counsel that ***no other counsel authored its amicus curiae brief***." *See* POM Br. at 16. Again, that is not what the rule says or requires, nor is that what HMS represented in the *amicus curiae* disclosure.

The great irony here is that POM is accusing Parx of bad faith without *any* basis for doing so (legally or factually or otherwise) all while misleading the Court with its loose rendition of the *amicus*-disclosure rule. This is not the first time. Indeed, during this prolonged discovery

dispute, POM unfortunately has made wild misstatements and passed them off as "fact," manipulated cases and rules in an effort to sway the Court, and wildly overstated alleged inconsistencies that (in POM's version of reality) suggest bad faith.

Again, the real question this Court should ask is whether POM is playing "fast and loose" by engaging in these transgressions to convince this Court that it should circumvent Parx's attorney-client privilege. The Court should reject POM's invitation to apply judicial estoppel based on false premises like the ones identified above. In the end, there is no indication that Parx did anything other than take steps to protect from disclosure a great many documents and communications that inevitably and indisputably involve legal advice and strategy. That is not the sort of behavior that could or should justify the imposition of what District Judge Wilson aptly described as a harsh sanction.

Accordingly, the Court should reject POM's misguided argument that Parx somehow took irreconcilably inconsistent positions in bad faith towards this Court when HMS made its *amicus* disclosure in Commonwealth Court.

## III. CONCLUSION

WHEREFORE, the Court should decline to apply judicial estoppel and quash the subpoena or grant a protective order (as the case may be) with respect to the Section I Documents based on privilege.

June 9, 2021                                    Respectfully submitted,

                                                **GA BIBIKOS LLC**

                                                /s George A. Bibikos
                                                George A. Bibikos
                                                5901 Jonestown Rd. #6330
                                                Harrisburg, PA 17112
                                                (717) 580-5305
                                                gbibikos@gabibikos.com

                                                *Counsel for Parx*

## CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel will be served automatically.

/s George A. Bibikos
George A. Bibikos