# EXHIBIT "B"

Received 12/7/2020 11:10:07 AM Commonwealth Court of Pennsylvania

Filed 12/7/2020 11:10:00 AM Commonwealth Court of Pennsylvania
418 MD 2018

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC,                   :
                                            :
                    Petitioner              :    No. 418 M.D. 2018
                                            :
        v.                                  :
                                            :
COMMONWEALTH OF                             :
PENNYLVANIA, DEPARTMENT OF                  :
REVENUE and CITY OF                         :
PHILADELPHIA,                              :
                                            :
                    Respondents.            :

## ANSWER TO PETITIONER'S APPLICATION TO DISQUALIFY COUNSEL FOR PROPSOED INTERVENORS

Pursuant to this Court's December 3, 2020 order, proposed intervenors

Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino, Downs Racing, L.P.,

Mountainview Thoroughbred Racing Association, LLC, Washington Trotting

Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC and

Wind Creek Bethlehem LLC (collectively, the "Casino Intervenors") responds to

Petitioner POM of Pennsylvania, LLC's ("POM") Application to Disqualify

Counsel from representing Casino Intervenors in this matter and in support thereof,

states as follows:

## I.    Introduction

POM's application to grant the extraordinary remedy of disqualifying the Casino Intervenors' counsel of choice on the eve of a long-awaited intervention hearing is premised on the false narrative that Hawke McKeon is a puppet of Eckert, Seamans, Cherin & Mellott, LLC's (Eckert) in this litigation, that Hawke McKeon has allowed Eckert to dictate litigation strategy from behind the scenes while knowing that Eckert could not itself ethically conduct litigation adverse to POM, and that Eckert's strategy (and thus Hawke McKeon's) has been guided by confidential information Eckert secured while providing legal representation to POM. Putting aside the naked tactical nature of POM's application – it threatened this application 11 weeks ago, but waited to file it until it would cause maximum prejudice to the Casino Intervenors – none of POM's claims are true.

Hawke McKeon is not a mouthpiece for Eckert. Rather, because of its long history representing Parx Casino in various matters before this Court and the Supreme Court, Parx's Chairman asked Hawke McKeon in November 2019 to get involved in the issues at stake in this case as part of a Casino Intervenors' group effort to challenge the legality of POM's slot machine. When it came time to file an amicus brief in December 2019 and Eckert decided to eschew an on-the-record role adverse to POM, the decision did not involve substituting Hawke McKeon for Eckert, but rather dropping Eckert from a brief that already included Hawke

McKeon. Further, Eckert's decision was not based on the belief it had an irreconcilable conflict with POM; indeed, the Eckert lawyers representing Pennsylvania casino interests had been told by the Virginia-based Eckert lawyer representing POM in Virginia that POM had provided a conflict waiver acknowledging that Eckert was likely to be adverse to POM in Pennsylvania litigation. From the outset and as the attempt to gain intervention status has unfolded, Hawke McKeon has been involved in the analysis, researching and drafting of every document filed in this case on behalf of the Casino Intervenors. Most important, notwithstanding POM's misleading phrasing, the Eckert lawyers representing Pennsylvania casino interests never had any access to POM confidential information that Eckert lawyers representing POM in Virginia may have acquired – Eckert had an ethical screen in place, and the Eckert lawyers involved have submitted sworn declarations attesting to the separation. Hawke McKeon is even further removed, and has never had any access for any purpose to any confidential POM information through Eckert or otherwise.

The upshot is that even if POM's basis for disqualifying Hawke McKeon had a legal basis (POM cites none other than "Eckert cannot do through Hawke McKeon what it is prohibited from doing directly," Application at 2) there is no factual basis to believe POM's false narrative. It remains to be seen whether Eckert has an actual conflict, but even if Eckert does because a now-former Eckert

3

partner told his colleagues he had obtained a conflict waiver he never actually asked POM to provide, there is no basis to conclude that Eckert's conflict extends to Hawke McKeon.

## II.    Answer

1.    Admitted.

2.    Admitted that the court issued an opinion in this matter on November 20, 2019.  The opinion speaks for itself.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted that the court issued an opinion in this matter on January 21, 2020 denying the preliminary injunction request.  The opinion speaks for itself.

8.    Admitted.

9.    Denied. Hawke McKeon and Ballard Spahr, LLP (Ballard) represent the Casino Intervenors in this case, and the representation is real, not "nominal." The various Casino Intervenors' litigation filings in this case were drafted by a group of lawyers from Hawke McKeon, Ballard, and Eckert. See Declaration of Kevin J. McKeon (McKeon Declaration), attached as **Exhibit 1**, at ¶¶ 1-12 . Although Eckert is Parx's primary regulatory counsel, Hawke McKeon, through

Kevin J. McKeon, has been counsel to Parx in matters before the Pennsylvania Gaming Control Board, the Commonwealth Court, and the Pennsylvania Supreme Court since 2007. *Id.* at ¶ 1. In late November, 2019, after the court's decision in this case, Robert Green, Chairman of Parx, contacted Kevin McKeon, explained that Parx was working with a group of Pennsylvania casinos on ways to address the threat to Parx's revenues and the revenues of other Pennsylvania casinos posed by POM's illegal slot machines. Mr. Green advised that the casino group had decided to develop a legal "white paper" that addressed legal theories as to why the POM game is illegal under Pennsylvania law, that the plan was to have law firms that represent Pennsylvania casinos author it, that he would like Mr. McKeon to consider helping to author it, and that Mr. McKeon ask Mr. Stewart at Eckert to send the current draft for Hawke McKeon's review and input, and potential endorsement. Mr. McKeon asked Mr. Stewart to send the White Paper draft, and Mr. McKeon reviewed it and provided comments concerning the legal theory in early December 2019. While the White Paper was being finalized, POM applied for a preliminary injunction on December 13, 2019, and the casino group decided to use the white paper that was still in draft form as the basis for an amicus brief that could be filed in this case in opposition to POM's request for a preliminary injunction. Mr. McKeon was an intended signator to the amicus brief, as were Mr. Stewart at Eckert and Mr. King at the Ballard firm. When Eckert became aware

5

that POM had raised a potential conflict of interest issue against Eckert, Mr. Stewart decided not to sign the amicus brief and enter his appearance in the case, even though Mr. Stewart and Eckert believed that POM had given a conflict waiver as to any potential conflict in Eckert's representation adverse to POM in Pennsylvania.  Id. at ¶¶ 2-10.

10.    Denied. Although Eckert did not sign the amicus brief filed in this case in December 2019 or otherwise enter its appearance in this case, Mr. Stewart and Eckert believed in December 2019 and continued to believe thereafter that Eckert had obtained a conflict waiver from POM. Accordingly, Eckert continued to participate in the casino group that was addressing POM's illegal slot machines in Pennsylvania, and assisted in creating first drafts of filings or editing the first drafts created by other casino group lawyers for filings in this case. It was not until September 2020, that Eckert learned definitively in a deposition of Mr. Lisk, the former Eckert partner who represented POM in the Commonwealth of Virginia, that although Mr. Lisk had represented to Mr. Stewart and others at Eckert that POM had given a conflict waiver, POM had not given a conflict waiver.

11.    Admitted in part, on information and belief. On information and belief, Eckert's representation of POM was limited exclusively to POM's operations in the State of Virginia. Mark Stewart, the Eckert partner in charge of work for Parx Casino, understood that Mr. Lisk, the former Eckert partner

6

representing POM in the Commonwealth of Virginia, had obtained a conflict waiver from POM that permitted Eckert to work on all matters for Parx, including matters that conflicted with POM's interests in Pennsylvania. *See* McKeon Declaration at ¶¶ 12- 15.  See also response to Paragraph 12 *infra*.

12.    After reasonable investigation, Hawke McKeon is without knowledge as to the extent of access, if any, that Eckert's Virginia lawyers who represented POM had to POM's confidential information.  However, on information and belief, and as represented to Mr. McKeon by Mr. Stewart, and as set forth in affidavits of Eckert lawyers in POM's federal lawsuit against Eckert, it is denied that Eckert's lawyers representing Parx had any access to information on POM, confidential or otherwise, that was obtained by Eckert's lawyers representing POM. On information and belief, Eckert erected an ethical screen between its lawyers working on POM's matters in the Commonwealth of Virginia and Mr. Stewart and other Eckert lawyers working on Parx matters, and neither the Eckert POM lawyers nor the Eckert Parx lawyers had access to their respective clients' information. *See* McKeon Declaration at ¶¶ 12- 15.

13.    After reasonable investigation, Hawke McKeon is without knowledge as to the truth of this allegation.

7

14.    On information and belief, it is admitted that Eckert no longer represents POM. After reasonable investigation, Hawke McKeon is without knowledge as to the truth of the remaining allegations in this paragraph.

15.    Admitted.

16.    It is admitted that Eckert has represented that it has not entered its appearance for a party in this case. The attached documents speak for themselves.

17.    Admitted that Eckert is not counsel in this case. Denied that Eckert "continued and continues" to "direct the representation of Parx Casino and the other Casino Intervenors in this action through the Hawke McKeon firm." *See* response to Paragraphs 9-12, *supra*. Admitted that POM has served a subpoena in its federal court action against Eckert on Hawke McKeon, demanding production of communications related to this case that Hawke McKeon contends are privileged, that Hawke McKeon has objected to that subpoena on grounds of attorney client and work product privileges, that POM has filed a motion to compel compliance, and that the matter is being adjudicated by a federal district court magistrate judge. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

18.    Admitted that Eckert sent emails to the Office of Attorney General concerning this case. The attachments speak for themselves.  After reasonable

investigation, Hawke McKeon is without knowledge as to whether POM was aware of those emails at the time they were sent.

19.    Admitted that Eckert sent emails to the Office of Attorney General concerning this case. The attachments speak for themselves. By way of further answer, *see* response to Paragraphs 9-12, *supra.*

20.    Denied that the privilege log confirms that Eckert drafted the amicus brief; rather the amicus brief was a casino group joint effort that grew out of the casino group White Paper. *See* response to Paragraphs 9-12, *supra.* Admitted that Eckert did not sign the amicus brief. *Id.*

21.    Admitted that Mr. Stewart commented on Respondent's answer to POM's request for preliminary injunction. The document speaks for itself.

22.    Admitted. *See* response to Paragraphs 9-12, *supra.*

23.    Admitted that Eckert represented to POM that it is not counsel for a party in litigation where POM is an adverse party. Denied that Eckert has been involved in this litigation except as described in Paragraphs 9-12, *supra.*

24.    Denied as stated. See response to Paragraphs 9-10, *supra.* The privilege log speaks for itself.

25.    Admitted. *See* response to Paragraphs 9-10, *supra.*

26.    Denied as stated.  See response to Paragraphs 9-10. Mr. McKeon extensively edited drafts of the documents in question.  *See* McKeon Declaration at ¶11.

27.    Admitted that Eckert shared information with Mr. McKeon; that information was shared at the express request of Parx's CEO Mr. Green.  See response to Paragraphs 9 and 10. *See* McKeon Declaration at ¶¶2-5.

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Admitted.

32.    Admitted and Denied. Admitted that Eckert lawyers representing POM in the Commonwealth of Virginia may have had access to confidential POM information. On information and belief, it is denied that Eckert lawyers representing Parx had any access to such information, as an ethical screen was in place within Eckert. *See* response to Paragraph12, *supra.* It is further Denied that Eckert lawyers disclosed any confidential POM information to Eckert lawyers representing Parx. It is Denied that any Eckert lawyer disclosed any confidential POM information to Hawke McKeon. *See* McKeon Declaration at ¶¶12-16.

10

33. Neither admitted nor denied, as no response is required to a conclusion of law. The Pennsylvania Rules of Professional Conduct speak for themselves.

34. Admitted that Mr. Lisk admitted in his September 2020 deposition that he never secured the POM conflict waiver concerning Parx that he had assured Mr. Stewart and other Eckert partners in 2016 and 2017 that he had requested and secured.

35. Neither admitted nor denied, as no response is required to a conclusion of law. The Pennsylvania Rules of Professional Conduct speak for themselves.

36. Denied. *See* response to Paragraphs 9-12, *supra*. To the extent Eckert was aware it did not have the conflict waiver Mr. Lisk assured his partners he had obtained, Eckert did not discover same until September 2020. Denied that Eckert ever breached a duty of confidentiality it owed to POM.

37. To the extent Eckert has a conflict that prevents it from indirect involvement against POM on behalf of Casino Intervenors in this matter, it did not confirm the existence of the conflict until Mr. Lisk's deposition in September 2020.

38. Denied as stated. *See* response to Paragraphs 9-12, *supra*.

11

39.    Neither admitted nor denied, as no response is required to a conclusion of law. To the extent a response is required it is denied.

40.    Denied.

WHEREFORE, for the reasons set forth above, Casino Intervenors respectfully request the Court to deny POM's motion to disqualify Hawke McKeon from representing Casino Intervenors.

Respectfully submitted,

/s/ Dennis A. Whitaker

Dennis A. Whitaker, I.D. #53975
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
(717) 236-4841
dawhitaker@hmslegal.com

*Counsel for Greenwood Gaming and Entertainment, Inc., Downs Racing, L.P., Mountainview Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC, and Wind Creek Bethlehem, LLC in relation to Application to Disqualify Counsel for Proposed Intervenors*

Dated: December 7, 2020

12

**VERFICATION**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: December 7, 2020

Kevin J. McKeon

# Exhibit 1

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| POM OF PENNSYLVANIA, LLC, | : | |
| | : | |
| Petitioner | : | No. 418 M.D. 2018 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNYLVANIA, DEPARTMENT OF REVENUE and CITY OF PHILADELPHIA, | : : : : | |
| | : | |
| Respondents. | : | |

### Declaration of Kevin J. McKeon in Support of Proposed Intervenors' Answer to Petitioner's Motion to Disqualify

I, Kevin J. McKeon, state as follows:

1.     I have been counsel to Greenwood Gaming and Entertainment, Inc. (Parx Casino) in matters before the Pennsylvania Gaming Control Board, the Commonwealth Court, and the Pennsylvania Supreme Court since 2007. *See, e.g., SugarHouse HSP Gaming, L.P. v. Pennsylvania Gaming Control Board*, 162 A.3d 353 (Pa. 2017);[1] *SugarHouse HSP Gaming, LP v. Pennsylvania Gaming Control Bd.*, 136 A.3d 457 (Pa. 2016); *Greenwood Gaming and Entertainment, Inc. v. Com., Dept. of Revenue*, 90 A.3d 699 (Pa. 2014); *Greenwood Gaming and*

---

[1] In the *SugarHouse* cases I represented Stadium Casino, at that time a partnership between Greenwood Gaming and the Cordish Companies.

*Entertainment, Inc. v. Pennsylvania Gaming Control Bd.,* 2013 WL 3984742 (Pa. Cmwlth. 2013); *Bensalem Racing Ass'n v. Pa. State Harness Racing Comm'n*, 19 A.3d 549 (Pa. Cmwlth.2011)[2]; *Greenwood Gaming and Entertainment, Inc. v. Pennsylvania Gaming Control Bd.*,15 A.3d 884 (Pa. 2011).

2.      In November 2019, after this court's November 20 decision in this case, Robert Green, Chairman of Parx Casino, contacted me and explained that Parx was working with a group of Pennsylvania casinos (casino group) on ways to address the threat to Parx's revenues and the revenues of other Pennsylvania casinos posed by POM's illegal slot machines.

3.      Mr. Green advised that the casino group had decided to develop a legal "white paper" that addressed legal theories as to why the POM game is illegal under Pennsylvania law, that the plan was to have law firms that represent Pennsylvania casinos author it, that he would like me to consider helping to author it, and that I should ask Mr. Stewart at Eckert Seamans, Parx's primary regulatory counsel, to send the current draft for my review and input, and Hawke McKeon and Sniscak LLP's (Hawke McKeon) potential signing on to the white paper.

---

[2] Bensalem Racing Association is an affiliate of Parx.

2

4.      Following my conversation with Mr. Green, I sent a text message to Mr. Stewart in which I requested a copy of the current draft of the white paper. A copy of my text to Mr. Stewart and his reply is attached as **Appendix 1.**

5.      Mr. Stewart sent me the draft white paper and I reviewed it and provided comments concerning the legal theory in early December 2019.

6.      While the white paper was still being finalized, POM applied for a preliminary injunction on December 13, 2019, and the casino group decided to use the white paper that was still in draft as the basis for an amicus brief that could be filed in this case in opposition to POM's request for a preliminary injunction.

7.      As the process developed I was an intended signator to the amicus brief, as was Mr. Stewart from Eckert and Mr. King at Ballard Spahr LLP, who represents the Penn National casinos.

8.      During this time before the filing of the amicus brief in December 2019 Eckert became aware that POM had raised a potential conflict of interest issue against Eckert stemming from Eckert's separate representation of POM in the Commonwealth of Virginia.

9.      Although Mr. Stewart and Eckert believed that POM's claim that Eckert had a conflict was incorrect, because Mr. Stewart had been told by Mr. Lisk, the Eckert lawyer representing POM in Virginia, that POM had agreed to an

3

advanced conflict waiver as to any conflict between Eckert's representation of POM in Virginia and Eckert's separate representation adverse to POM in Pennsylvania, Mr. Stewart decided not to sign the amicus brief or enter his appearance in this case.

10.    Although Eckert did not sign the amicus brief, Mr. Stewart and Eckert continued to believe that Eckert had a valid conflict waiver from POM, and Eckert continued to participate in the casino group that was addressing POM's illegal slot machines in Pennsylvania, and continued to be involved in the casino lawyer group, including creating first drafts of filings or editing the first drafts of documents created by other casino group lawyers for use in this case.

11.    Contrary to POM's representations in its Application, Eckert did not act as my puppeteer in my representation of the Casino Intervenors in this case. I was involved in helping to draft the document that became the amicus brief; I was solely responsible for preparing for and presenting the arguments offered at the preliminary injunction hearing on behalf of the Casino Intervenors (although I welcomed comments from the team of casino lawyers), and I participated in the drafting, research and editing of every document I filed on behalf of the Casino Intervenors. Eckert lawyers produced first drafts of some of the documents, I produced others, but I was involved with all; nothing was filed without my review, input, editing and approval.

4

12.    Mr. Stewart represented to me in December 2019 and again in February 2020 after POM sued Eckert in federal district court, that Mr. Stewart (a) believed Eckert had obtained a conflict waiver from POM concerning Eckert's anticipated adverse representation against POM's interests in Pennsylvania, and (b) that Mr. Stewart had no access to any information that Eckert lawyers representing POM in the Commonwealth of Virginia may have obtained. He stated that Eckert had a conflict screen in place between its lawyers working on POM's matters in Virginia and Mr. Stewart and other Eckert lawyers working on Parx matters, such that neither the Eckert POM lawyers nor the Eckert Parx lawyers had access to their respective clients' information.

13.    In the process of defending against POM's ongoing action against Eckert in federal district court, Mr. Stewart and other Eckert lawyers have confirmed these points in declarations filed with the federal district court in April 2020.

14.    Mr. Stewart's declaration is attached as **Appendix 2**. In it he confirms that he never had access to or reviewed any confidential information about POM that may have been obtained by Eckert lawyers who represented POM in the Commonwealth of Virginia; he also confirms and supports with emails his insistence that Mr. Lisk, as a condition of Eckert representing POM in Virginia, secure a conflict waiver from POM with respect to Mr. Stewart's potential adverse

5

representation of Parx against POM in Pennsylvania, Mr. Lisk's assurances that he had obtained such a waiver, and the fact that Eckert had an ethical screen in place to protect the  information of the respective clients.

15.    Two Eckert partners who represented POM in the Commonwealth of Virginia after Mr. Lisk left Eckert in 2018 also submitted declarations in the federal district court litigation initiated by POM.  Mr. Kirsner's declaration is attached as **Appendix 3;** in it he confirms his understanding that Mr. Lisk had obtained a conflict waiver from POM concerning Eckert's representation adverse to POM in Pennsylvania.  He also confirms that he never disclosed any confidential information about POM to Mr. Stewart or other Eckert lawyers representing gaming clients in Pennsylvania. Mr. Troy's declaration is attached as **Appendix 4.** He likewise confirms that he never discussed work he was doing for POM in Virginia with Eckert attorneys who represent gaming clients in Pennsylvania.

16.    Neither I nor anyone at Hawke McKeon have ever reviewed any confidential information concerning POM, nor have we ever had access to such information through Eckert or any other source.

6

I declare under penalty of perjury that the foregoing is true and correct. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Kevin J. McKeon ID No PA 30428
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
kjmckeon@hmslegal.com

Dated: December 7, 2020

7

# Appendix 1



**New iMessage**     Cancel

To: Mark Stewart

Nov 25, 2019, 3:50 PM

> I am sure you are up to your ears in POM but Bob Green just called to ask me to get from you your memo on the issue as a step to having me (and other law firms, as he envisions) sign on to it. When you get the chance please call

Yeah. Just spoke with him too. About to get on a call. Will give you a buzz.

Nov 27, 2019, 11:53 AM

> If you get the chance:
> 1- ccp complaint
> 2-model ordinance



# Appendix
# 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, | | |
| Defendant. | | |

### DECLARATION OF MARK S. STEWART, ESQUIRE

I, Mark S. Stewart, Esquire, hereby declare and state as follows:

1.      I am an attorney licensed to practice law in the Commonwealth of Pennsylvania and the State of Maryland.

2.      I am a member of the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert"), the defendant in the above-captioned action, with an office in Harrisburg, Pennsylvania.

3.      I am the Co-Chair of Eckert's Hospitality and Gaming Groups, and I concentrate my practice on all aspects of gaming law and civil and administrative litigation.

4.      I represent a number of gaming clients in Pennsylvania.

5.      At some point in 2016, Thomas Lisk, formerly of Eckert, approached me about his potential representation of Pace-O-Matic, Inc. ("POM"), the plaintiff in this action.

6.      Mr. Lisk asked me whether Eckert could potentially represent POM in Virginia.

7.      Mr. Lisk did so because he recognized that there would be a potential business or positional conflict with respect to my representation of certain gaming clients in Pennsylvania because those clients potentially could take positions that were adverse to POM in Pennsylvania.

8.      I was adamant with Mr. Lisk that we could not represent POM in Virginia if POM could not consent to Eckert's representation of its gaming clients in Pennsylvania where those clients might need Eckert to take positions adverse to POM.

9.      To that end, I specifically told Mr. Lisk orally and in writing, and it was my understanding that Mr. Lisk specifically advised POM, that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent its gaming clients in Pennsylvania, including in ways that could or would be adverse to POM; (3) Eckert would not represent POM in Pennsylvania; and (4) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia.

10.      Mr. Lisk agreed and confirmed in an e-mail to me that he would approach POM and that any representation of POM in Virginia would be subject to a conflict waiver. *See* e-mail chain between Mr. Lisk and me.

11.      Mr. Lisk later confirmed for me verbally that POM agreed to the representation subject to the waiver.

12.      Eckert also set up an ethical screen to screen off those of us representing gaming clients in Pennsylvania from the attorneys who were representing POM in Virginia.

13.      Later, in April 2017, POM apparently asked Eckert to represent POM in Pennsylvania.

14.      Based on our arrangement not to represent POM in Pennsylvania and because of the potential business conflict issue that my gaming clients were unwilling to waive, Eckert declined that potential representation.

2

15.     As part of the April 2017 communications, Mr. Lisk again acknowledged the limitations and arrangements that we agreed to in order to enable Eckert to represent POM n Virginia.

16.     As a result of those e-mails in 2016 and 2017, I was surprised to see Mr. Lisk's Declaration in this case.

17.     It is concerning to me, to say the least, that Mr. Lisk stated that he "never discussed with any representative of POM or advised POM that Eckert would undertake the representation of POM only if POM agreed to waive the future conflict with Parx Casino."

18.     It is also concerning to me that Mr. Lisk stated that "it was not a condition of Eckert's engagement that Eckert could represent Parx Casino or other gaming clients in a matter or matters adverse to POM" and that "[n]o such condition was imposed."

19.     Mr. Lisk's contemporaneous e-mails to me and other members of Eckert suggest otherwise. *See* e-mails.

20.     Mr. Lisk further states in his Declaration that he was unaware of any ethical screen when he actively participated in discussions with our General Counsel and me about the need to implement such an ethical screen.

21.     Mr. Lisk participated in several telephone calls and e-mails where we discussed the ethical screen.

22.     These issues came up again when POM approached Eckert about representing POM in Pennsylvania, and Eckert declined that representation.

23.     Other than discussions concerning the potential conflict waiver for Eckert to represent POM in Virginia, I have never discussed Eckert's representation of POM in Virginia with any of the attorneys at Eckert who represented POM in Virginia.

3

24. I never disclosed any confidential information about my gaming clients or discussed any of my attorney-client privileged communications with those clients with the attorneys at Eckert who represented POM in Virginia.

25. I neither got involved nor was I asked to get involved in any of the matters in which Eckert was representing POM in Virginia.

26. It would be a tremendous hardship upon my existing gaming clients to find new counsel for the matters in which I am representing those clients in Pennsylvania.

MARK S. STEWART, ESQUIRE

Dated: April 16 , 2020

4

*EXHIBIT "D"*

| From | Thomas A. Lisk |
| --- | --- |
| To | Mark S. Stewart; \ Quack'n Campbell |
| Cc | Timothy P. Keating; David W. Clarke; Harold Hunt |
| Subject: | Pace-O-Matic, Inc. |
| Date | Tuesday, December 20, 2016 1:22:41 PM |

Mark & Hap – I have been contacted by a potential client looking for legal and legislative representation for its "games of skill" software and machinery that they manufacture and distribute in states where it may be lawful. The company name is Pace-O-Matic, Inc. and it is based in Atlanta, GA. (website: https://www.pace-o-matic.com/).  They also may have needs for representation in Pennsylvania and Massachusetts.

I will start a formal conflicts search, but wanted first to reach out to you to see if you had any knowledge of the company and also to ascertain if you see any potential conflicts with the firm's gaming clients.  While the potential clients products are skill-based games, typically located in bars and restaurants that hold liquor licenses, they may appear to the untrained eye to be similar to gaming devices often found in casinos.

Let me know your thoughts on the above and whether you want to schedule a call to discuss the potential representation.

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street • Suite 1300 • Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

www.eckertseamans.com | Bio | vCard



| From: | Mark S. Stewart |
|-------|-----------------|
| To: | Thomas A. Lisk; Loudon Campbell |
| Cc: | Timothy P. Ryan; David W. Clarke; Harold Balk |
| Subject: | RE: Pace-O-Matic, Inc. |
| Date: | Tuesday, December 20, 2016 1:46:00 PM |

Tom,

Thanks for the email and for checking in. I was approached earlier this year by a similar company out of Florida, looking for legal and lobbying representation in Pennsylvania. Our client, Parx, asked that we not take the engagement on the basis that our casino clients (here, anyway) will likely be adverse to such interests; almost certainly on the lobbying front and potentially on the legal side as well. I would not anticipate an objection to representation in VA or MA, but we would need to retain our ability to be adverse to them in Pennsylvania, and having discussed the topic once with them I would like to confirm the difference in this scenario.

I'm happy to discuss further with you or the group

Thanks.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard


**From:** Thomas A. Lisk
**Sent:** Tuesday, December 20, 2016 1:23 PM
**To:** Mark S. Stewart; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** Pace-O-Matic, Inc.

Mark & Hap – I have been contacted by a potential client looking for legal and legislative representation for its "games of skill" software and machinery that they manufacture and distribute in states where it may be lawful. The company name is Pace-O-Matic, Inc. and it is based in Atlanta, GA. (website: https://www.pace-o-matic.com/). They also may have needs for representation in Pennsylvania and Massachusetts.

I will start a formal conflicts search, but wanted first to reach out to you to see if you had any knowledge of the company and also to ascertain if you see any potential conflicts with the firm's gaming clients. While the potential clients products are skill-based games, typically located in bars and restaurants that hold liquor licenses, they may appear to the untrained eye to be similar to gaming devices often found in casinos.

Let me know your thoughts on the above and whether you want to schedule a call to discuss the potential representation.

**Thomas A. Lisk**

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street  •  Suite 1300  •  Richmond, VA 23219
Direct (804) 788.7750  |  Mobile (804) 714.6915

| bio |



| From: | Thomas A. Lisk |
|---|---|
| To: | Mark S. Stewart; Loudon Campbell |
| Cc: | Timothy P. Ryan; David W. Clarke; Harold Balk |
| Subject: | RE: Pace-O-Matic, Inc. |
| Date: | Tuesday, December 20, 2016 1:52:25 PM |

Thanks Mark. Please confirm with Parx that we would be okay to present this client outside of Pennsylvania. If Parx so agrees, I will confirm that Pace-O-Matic also will agree with this restriction

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street • Suite 1300 • Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard



**From:** Mark S. Stewart
**Sent:** Tuesday, December 20, 2016 1:46 PM
**To:** Thomas A. Lisk; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** RE: Pace-O-Matic, Inc.

Tom,

Thanks for the email and for checking in. I was approached earlier this year by a similar company out of Florida, looking for legal and lobbying representation in Pennsylvania. Our client, Parx, asked that we not take the engagement on the basis that our casino clients (here, anyway) will likely be adverse to such interests; almost certainly on the lobbying front and potentially on the legal side as well. I would not anticipate an objection to representation in VA or MA, but we would need to retain our ability to be adverse to them in Pennsylvania, and having discussed the topic once with them I would like to confirm the difference in this scenario.

I'm happy to discuss further with you or the group.

Thanks

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

**From:** Thomas A. Lisk
**Sent:** Tuesday, December 20, 2016 1:23 PM

**To:** Mark S. Stewart; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** Pace-O-Matic, Inc.

Mark & Hap – I have been contacted by a potential client looking for legal and legislative representation for its "games of skill" software and machinery that they manufacture and distribute in states where it may be lawful. The company name is Pace-O-Matic, Inc. and it is based in Atlanta, GA. (website: https://www.paceomatic.com). They also may have needs for representation in Pennsylvania and Massachusetts.

I will start a formal conflicts search, but wanted first to reach out to you to see if you had any knowledge of the company and also to ascertain if you see any potential conflicts with the firm's gaming clients. While the potential clients products are skill-based games, typically located in bars and restaurants that hold liquor licenses, they may appear to the untrained eye to be similar to gaming devices often found in casinos.

Let me know your thoughts on the above and whether you want to schedule a call to discuss the potential representation.

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street · Suite 1300 · Richmond, VA 23219
Direct (804) 788.7750  |  Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com  |  bio  |  vCard



| | |
|---|---|
| **From:** | Mark S. Stewart |
| **To** | Thomas A. Lisk; Loudon Campbell |
| **Cc** | Timothy P. Ryan; David W. Clarke; Harold Balk |
| **Subject:** | RE: Pace-O-Matic, Inc. |
| **Date:** | Tuesday, December 20, 2016 1:54:47 PM |

Will do, Tom.  Thank you

**Mark S. Stewart, Esq.  |  Member
ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191  |  Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Thomas A. Lisk
**Sent:** Tuesday, December 20, 2016 1:52 PM
**To:** Mark S. Stewart; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** RE: Pace-O-Matic, Inc.

Thanks Mark.  Please confirm with Parx that we would be okay to present this client outside of
Pennsylvania. If Parx so agrees, I will confirm that Pace-O-Matic  also will agree with this restriction

**Thomas A. Lisk
ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street • Suite 1300 • Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard



**From:** Mark S. Stewart
**Sent:** Tuesday, December 20, 2016 1:46 PM
**To:** Thomas A. Lisk; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** RE: Pace-O-Matic, Inc.

Tom,

Thanks for the email and for checking in.  I was approached earlier this year by a similar company out of Florida,
looking for legal and lobbying representation in Pennsylvania.  Our client, Parx, asked that we not take the
engagement on the basis that our casino clients (here, anyway) will likely be adverse to such interests; almost
certainly on the lobbying front and potentially on the legal side as well.  I would not anticipate an objection to
representation in VA or MA, but we would need to retain our ability to be adverse to them in Pennsylvania, and

having discussed the topic once with them I would like to confirm the difference in this scenario.

I'm happy to discuss further with you or the group

Thanks.

**Mark S. Stewart, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street  •  8th Floor  •  Harrisburg, PA 17101
Direct (717) 237.7191  |  Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

**From:** Thomas A. Lisk
**Sent:** Tuesday, December 20, 2016 1:23 PM
**To:** Mark S. Stewart; Loudon Campbell
**Cc:** Timothy P. Ryan; David W. Clarke; Harold Balk
**Subject:** Pace-O-Matic, Inc.

Mark & Hap – I have been contacted by a potential client looking for legal and legislative representation for its "games of skill" software and machinery that they manufacture and distribute in states where it may be lawful.  The company name is Pace-O-Matic, Inc. and it is based in Atlanta, GA. (website: https://www.paceomatic.com/).  They also may have needs for representation in Pennsylvania and Massachusetts.

I will start a formal conflicts search, but wanted first to reach out to you to see if you had any knowledge of the company and also to ascertain if you see any potential conflicts with the firm's gaming clients.  While the potential clients products are skill-based games, typically located in bars and restaurants that hold liquor licenses, they may appear to the untrained eye to be similar to gaming devices often found in casinos.

Let me know your thoughts on the above and whether you want to schedule a call to discuss the potential representation.

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street  •  Suite 1300  •  Richmond, VA 23219
Direct (804) 788.7750  |  Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com  |  bio  |  vCard



| | |
|---|---|
| **From:** | ~~Mark S. Stewart~~ |
| **To:** | ~~Thomas A. Iля~~ |
| **Subject:** | Pace |
| **Date:** | Wednesday, January 25, 2017 4:29:54 PM |

Tom

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq.  |  Member
ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street · 8th Floor · Harrisburg, PA 17101
Direct (717) 237.7191  |  Mobile (717) 579.7358
~~mstewart@eckertseamans.com~~

~~eckertseamans.com~~  |  bio  |  ~~vcard~~

**From:**      Thomas A. Lisk
**To:**        Mark S. Stewart
**Subject:**   RE: Pace
**Date:**      Wednesday, January 25, 2017 4:32:16 PM

Please see what you can do as I am scheduled to fly to Atlanta on Sunday to meet with the client.

Sent with BlackBerry Work (www.blackberry.com)

**From:** Mark S. Stewart <mstewart@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:29 PM
**To:** Thomas A. Lisk <tlisk@eckertseamans.com>
**Subject:** Pace

Tom

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

| | |
|---|---|
| **From:** | Mark S. Stewart |
| **To** | Thomas A. Lisk |
| **Subject:** | RE: Pace |
| **Date:** | Wednesday, January 25, 2017 4:43:50 PM |

Let's discuss when you are available. They are ok so long as we have the waiver discussed below. They would like it to be explicit that we won't rep them in PA and that we can't do anything to preclude casino gaming opportunities. I don't think that will be an issue. As i understand these companies, the issue would be more that casinos would be trying to shut them down arguing not really skill but just a slot machine. I am assuming this is not a VGT company (video gaming terminals usually in bars etc).

Thanks.

Mark


Sent with Good Work (www.good.com)


**From:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:32 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** RE: Pace

Please see what you can do as I am scheduled to fly to Atlanta on Sunday to meet with the client.


Sent with BlackBerry Work (www.blackberry.com)


**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:29 PM
**To:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Subject:** Pace

Tom

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

| From: | Mark S. Stewart |
|---|---|
| To: | Thomas A. Lisk |
| Subject: | RE: Pace |
| Date: | Wednesday, January 25, 2017 4:44:27 PM |

Also think we need a wall or the chance to have one.

M


Sent with Good Work (www.good.com)

**From:** Thomas A. Lisk ⟨Tlisk@eckertseamans.com⟩
**Date:** Wednesday, Jan 25, 2017, 4:32 PM
**To:** Mark S. Stewart ⟨Mstewart@eckertseamans.com⟩>
**Subject:** RE: Pace

Please see what you can do as I am scheduled to fly to Atlanta on Sunday to meet with the client.


Sent with BlackBerry Work (www.blackberry.com)

**From:** Mark S. Stewart <Mstewart@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:29 PM
**To:** Thomas A. Lisk <Tlisk@eckertseamans.com>
**Subject:** Pace

Tom

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

| | |
|---|---|
| **From:** | Mark S. Stewart |
| **To:** | Thomas A. Lisk |
| **Subject:** | RE: Pace |
| **Date:** | Wednesday, February 01, 2017 4:13:22 PM |

Tom

How'd your trip go. Please coordinate with me on the waiver language. It is looking like we will definitely be affirmatively going after this industry in PA, so the waiver language is important.

Thanks.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237 7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard


**From:** Mark S. Stewart
**Sent:** Wednesday, January 25, 2017 4:44 PM
**To:** Thomas A. Lisk
**Subject:** RE: Pace

Also think we need a wall or the chance to have one.

M


Sent with Good Work (www.good.com)

**From:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:32 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** RE: Pace

Please see what you can do as I am scheduled to fly to Atlanta on Sunday to meet with the client.


Sent with BlackBerry Work (www.blackberry.com)

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:29 PM
**To:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Subject:** Pace

Tom

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358

**From:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Sent:** Monday, February 06, 2017 11:02 AM
**To:** Mark S. Stewart
**Subject:** RE: Pace

Are you available now to talk?

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street ? Suite 1300 ? Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard



**From:** Mark S. Stewart
**Sent:** Monday, February 06, 2017 7:16 AM
**To:** Thomas A. Lisk
**Subject:** RE: Pace

Yes, mid morning on. We can discuss but our clients do not agree they are games of skill and will likely be actively opposing them on legal and legislative fronts.

M



Sent with Good Work (www.good.com)

**From:** Thomas A. Lisk - TLisk@eckertseamans.com
**Date:** Sunday, Feb 05, 2017, 11:46 AM
**To:** Mark S. Stewart - MStewart@eckertseamans.com
**Subject:** RE: Pace

Mark ? Do you have time to talk on Monday? And what do you mean when you say that ?we will definitely be affirmatively going after this industry in PA??

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street ? Suite 1300 ? Richmond, VA 23219
Direct (804) 788.7750 | Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard

1



**From:** Mark S. Stewart
**Sent:** Wednesday, February 01, 2017 4:13 PM
**To:** Thomas A. Lisk
**Subject:** RE: Pace

Tom

How?d your trip go. Please coordinate with me on the waiver language. It is looking like we will definitely be affirmatively going after this industry in PA, so the waiver language is important.

Thanks.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street ? 8ᵗʰ Floor ? Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Mark S. Stewart
**Sent:** Wednesday, January 25, 2017 4:44 PM
**To:** Thomas A. Lisk
**Subject:** RE: Pace

Also think we need a wall or the chance to have one

M

Sent with Good Work (www.good.com)

**From:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:32 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** RE: Pace

Please see what you can do as I am scheduled to fly to Atlanta on Sunday to meet with the client

Sent with BlackBerry Work (www.blackberry.com)

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Date:** Wednesday, Jan 25, 2017, 4:29 PM
**To:** Thomas A. Lisk <TLisk@eckertseamans.com>
**Subject:** Pace

Tom

2

Trying to get this resolved. I forgot that you guys had done work for Parx in VA and they are still interested in us being able to represent them down there. I talked to them yesterday and will call today. At a minimum, I think we will need to be able to be adverse in VA and PA and I guess establish a wall from you or have the opportunity to have Rich or someone who could work for Parx. Sorry this has taken so long.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street ? 8th Floor ? Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

3

| From: | Mark S. Stewart |
| To: | Timothy S. Coon |
| Cc: | Thomas A. Lisk |
| Subject: | Need for separation wall |
| Date: | Friday, February 10, 2017 1:43:18 PM |

Tim

We have a waiver and a separation wall we need to make sure we are implementing between Parx and a new client of Tom's.

We cannot rep them in PA and they need to waive us being adverse to them there. There will be adverse legislative action and potential litigation against them.

In VA, we need to be able to continue representing Parx and put in place separation between Tom and the rest of the govt rels people.

I thought you should be involved to make sure it is buttoned down and protect the firm. Maybe we an have a call if necessary on Monday.

Thanks.

Mark


Sent with Good Work (www.good.com)

| | |
|---|---|
| **From:** | Timothy S. Coon |
| **To:** | Mark S. Stewart |
| **Cc:** | Thomas A. Lisk |
| **Subject:** | RE: Need for separation wall |
| **Date:** | Friday, February 10, 2017 1:53:14 PM |

Yes, let's talk on Monday

**Timothy S. Coon, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

600 Grant Street  •  44th Floor  •  Pittsburgh, PA 15219
Direct (412) 566.1214  |  Mobile (412) 874.2011
tcoon@eckertseamans.com

eckertseamans.com  |  bio  |  vCard

**From:** Mark S. Stewart
**Sent:** Friday, February 10, 2017 1:43 PM
**To:** Timothy S. Coon
**Cc:** Thomas A. Lisk
**Subject:** Need for separation wall

Tim

We have a waiver and a separation wall we need to make sure we are implementing between Parx and a new client of Tom's.

We cannot rep them in PA and they need to waive us being adverse to them there. There will be adverse legislative action and potential litigation against them.

In VA, we need to be able to continue representing Parx and put in place separation between Tom and the rest of the govt rels people.

I thought you should be involved to make sure it is buttoned down and protect the firm. Maybe we an have a call if necessary on Monday.

Thanks.

Mark


Sent with Good Work (www.good.com)

From: Mark S. Stewart
Sent: Tuesday, December 20, 2016 1:55 PM
To: Thomas A. Lisk; Loudon Campbell
Cc: Timothy P. Ryan; David W. Clarke; Harold Balk
Subject: RE: Pace-O-Matic, Inc.

Will do, Tom. Thank you.

**Mark S. Stewart, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street  •  8th Floor  •  Harrisburg, PA 17101
Direct (717) 237.7191  |  Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard


From: Thomas A. Lisk
Sent: Tuesday, December 20, 2016 1:52 PM
To: Mark S. Stewart; Loudon Campbell
Cc: Timothy P. Ryan; David W. Clarke; Harold Balk
Subject: RE: Pace-O-Matic, Inc.

Thanks Mark.  Please confirm with Parx that we would be okay to present this client outside of Pennsylvania. If Parx so agrees, I will confirm that Pace-O-Matic also will agree with this restriction.

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street  •  Suite 1300  •  Richmond, VA 23219
Direct (804) 788.7750  |  Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard

ECKERT
     is


From: Mark S. Stewart
Sent: Tuesday, December 20, 2016 1:46 PM
To: Thomas A. Lisk; Loudon Campbell
Cc: Timothy P. Ryan; David W. Clarke; Harold Balk
Subject: RE: Pace-O-Matic, Inc.

Tom,

Thanks for the email and for checking in.  I was approached earlier this year by a similar company out of Florida, looking for legal and lobbying representation in Pennsylvania. Our client, Parx, asked that we not take the engagement on the basis that our casino clients (here, anyway) will likely be adverse to such interests; almost certainly on the lobbying front and potentially on the legal side as well.  I would not anticipate an objection to representation in VA or MA, but we would need to retain our ability to be adverse to them in Pennsylvania, and having discussed the topic once with them I would like to confirm the difference in this scenario.

I'm happy to discuss further with you or the group

Thanks.

2

| From: | Timothy S. Coon - PIT |
|---|---|
| To: | Jennifer Skoff |
| Cc: | Thomas A. Lisk; Mark S. Stewart |
| Subject: | RE: Need for separation wall |
| Date: | Thursday, March 02, 2017 9:59:03 AM |

Yes. I will be out of office so send a call in

**Timothy S. Coon, Esq.** | Member
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

600 Grant Street • 44th Floor • Pittsburgh, PA 15219
Direct (412) 566.1214 | Mobile (412) 874.2011
tcoon@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Jennifer Skoff
**Sent:** Thursday, March 02, 2017 9:58 AM
**To:** Timothy S. Coon - PIT
**Cc:** Thomas A. Lisk; Mark S. Stewart
**Subject:** RE: Need for separation wall

Tim, would 1 pm work on Friday for this call?  Mark is available then.  Thanks

**Jennifer L. Skoff | Legal Assistant to**
Mark S. Stewart, Esquire, Carl R. Shultz, Esquire
and Sarah C. Stoner, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7167 | Fax (717) 237.6019
jskoff@eckertseamans.com

eckertseamans com

**From:** Thomas A. Lisk
**Sent:** Wednesday, March 01, 2017 5:21 PM
**To:** Jennifer Skoff; Timothy S. Coon - PIT; Mark S. Stewart
**Subject:** RE: Need for separation wall

FYI, I have a meeting out of the office from from 8 to 9:30 am and a conference call from 10 to 11:30 am on Friday, but I am generally available in the afternoon.

Sent with BlackBerry Work (www.blackberry.com)

**From:** Jennifer Skoff <jskoff@eckertseamans.com>
**Date:** Wednesday, Mar 01, 2017, 4:49 PM
**To:** Timothy S. Coon - PIT <TCoon@eckertseamans.com>, Mark S. Stewart
<MStewart@eckertseamans.com>

**Cc:** Thomas A. Lisk <Tлisk@eckertseamans.com>
**Subject:** RE: Need for separation wall

Okay, let's say 10 am on Friday

**Jennifer L. Skoff | Legal Assistant to**
Mark S. Stewart, Esquire, Carl R. Shultz, Esquire
and Sarah C. Stoner, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7167 | Fax (717) 237.6019
jskoff@eckertseamans.com

eckertseamans.com

**From:** Timothy S. Coon - PIT
**Sent:** Wednesday, March 01, 2017 4:28 PM
**To:** Mark S. Stewart
**Cc:** Thomas A. Lisk; Jennifer Skoff
**Subject:** RE: Need for separation wall

Sometime Friday morning.

**Timothy S. Coon, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

600 Grant Street • 44th Floor • Pittsburgh, PA 15219
Direct (412) 566.1214 | Mobile (412) 874.2011
tcoon@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Mark S. Stewart
**Sent:** Wednesday, March 01, 2017 4:22 PM
**To:** Timothy S. Coon - PIT
**Cc:** Thomas A. Lisk; Jennifer Skoff
**Subject:** RE: Need for separation wall

We need to close this loop. Do you guys have a time that works for a call? I'm pretty open on Fri

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Timothy S. Coon
**Sent:** Friday, February 10, 2017 1:53 PM

**To:** Mark S. Stewart
**Cc:** Thomas A. Lisk
**Subject:** RE: Need for separation wall

Yes, let's talk on Monday

**Timothy S. Coon, Esq.** | Member
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

600 Grant Street ·' 44th Floor · Pittsburgh, PA 15219
Direct (412) 566.1214 | Mobile (412) 874.2011
tcoon@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Mark S. Stewart
**Sent:** Friday, February 10, 2017 1:43 PM
**To:** Timothy S. Coon
**Cc:** Thomas A. Lisk
**Subject:** Need for separation wall

Tim

We have a waiver and a separation wall we need to make sure we are implementing between Parx and a new client of Tom's.

We cannot rep them in PA and they need to waive us being adverse to them there. There will be adverse legislative action and potential litigation against them.

In VA, we need to be able to continue representing Parx and put in place separation between Tom and the rest of the govt rels people.

I thought you should be involved to make sure it is buttoned down and protect the firm. Maybe we an have a call if necessary on Monday.

Thanks.

Mark

Sent with Good Work (www.good.com)

## Jennifer Skoff

| | |
|---|---|
| From: | Thomas A. Lisk |
| Sent: | Saturday, April 08, 2017 9:43 AM |
| To: | Dorothy A. Davis; Mark S. Stewart; Warren Vogel; Joan N. Stern; Julia Rose |
| Cc: | Nina Plumb; Timothy S. Coon - PIT; Timothy Q. Hudak |
| Subject: | RE: Conflict Batch 145742 |

Dot - I do not quite understand what it is that you want me to do in the future. When Pace-O-Matic first approached me in January 2017, I immediately contacted Mark because of the firm's active gaming practice (in addition to running the standard conflict check). Thereafter, in very early March 2017, Mark and I had a telephone conference with Tim Coon to determine how we could possibly reconcile the respective client interests in PA and VA. In the end, both Mark and Tim appeared satisfied with the outcome. What additional steps are you suggesting should have been taken?

Sent with BlackBerry Work (www.blackberry.com)

**From:** Dorothy A. Davis <DDavis@eckertseamans.com>
**Date:** Friday, Apr 07, 2017, 7:53 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>, Warren Vogel <WVogel@eckertseamans.com>, Joan N. Stern <jstern@eckertseamans.com>, Julia Rose <jrose@eckertseamans.com>, Thomas A. Lisk <TLisk@eckertseamans.com>
**Cc:** Nina Plumb <NPlumb@eckertseamans.com>, Timothy S. Coon - PIT <TCoon@eckertseamans.com>, Timothy Q. Hudak <THudak@eckertseamans.com>
**Subject:** RE: Conflict Batch 145742

You are welcome, Mark.
Tom, in the future, it would be helpful to Tim Hudak and me if you would please remind us of the potential issues which could affect our firms overall interests when you know them, which I presume you do based on Marks comments. I lucked upon this potential issue by general concern that its generally not in our wheelhouse to become involved in what is obviously a criminal forfeiture but not identified as such. We need to discuss this opportunity next week with all stakeholders. I know our firms best collective interest is what we all want to serve. Have a great weekend
Dot

Dorothy A. Davis, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC

600 Grant Street • 44th Floor • Pittsburgh, PA 15219
Direct (412) 566.5953 | Mobile (412) 973.5969
ddavis@eckertseamans.com

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Date:** Friday, Apr 07, 2017, 7:33 PM
**To:** Dorothy A. Davis <DDavis@eckertseamans.com>, Warren Vogel <WVogel@eckertseamans.com>, Joan N. Stern <jstern@eckertseamans.com>, Julia Rose <jrose@eckertseamans.com>, Thomas A. Lisk <TLisk@eckertseamans.com>
**Cc:** Nina Plumb <NPlumb@eckertseamans.com>, Timothy S. Coon - PIT <TCoon@eckertseamans.com>, Timothy Q. Hudak <THudak@eckertseamans.com>
**Subject:** RE: Conflict Batch 145742

1

Thank you, Dot, for raising this. The casinos we represent are very adverse to this entity, and working actively against them in the legislative sphere in PA. Tom Lisk represents them and we've worked out an arrangement where we are adverse to them in PA and have a separation wall in VA. Positionally, I would be concerned about an engagement with them. I never like to impede engagements, but would appreciate the opportunity to discuss further.

Thanks.

Mark


Sent with Good Work (www.good.com)

From: Dorothy A. Davis <DDavis@eckertseamans.com>
Date: Friday, Apr 07, 2017, 7:09 PM
To: Warren Vogel <WVogel@eckertseamans.com>, Joan N. Stern <jstern@eckertseamans.com>, Julia Rose <jrose@eckertseamans.com>, Thomas A. Lisk <TLisk@eckertseamans.com>
Cc: Nina Plumb <NPlumb@eckertseamans.com>, Timothy S. Coon - PIT <TCoon@eckertseamans.com>, Timothy Q. Hudak <THudak@eckertseamans.com>, Mark S. Stewart <MStewart@eckertseamans.com>
Subject: RE: Conflict Batch 145742

Is this a criminal forfeiture? Are you taking the position that the equipment is a game of skill? We need to make sure that all members with a positional interest we n the outcome have a fair opportunity to assess all potential future impact on their business by undertaking this representation.


Dorothy A. Davis, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC

600 Grant Street • 44th Floor • Pittsburgh, PA 15219
Direct (412) 566.5953 | Mobile (412) 973.5969
ddavis@eckertseamans.com

eckertseamans.com | bio | vCard


From: Warren Vogel <WVogel@eckertseamans.com>
Date: Friday, Apr 07, 2017, 4:12 PM
To: Joan N. Stern <jstern@eckertseamans.com>, Julia Rose <jrose@eckertseamans.com>, Thomas A. Lisk <TLisk@eckertseamans.com>
Cc: Nina Plumb <NPlumb@eckertseamans.com>, Timothy S. Coon - PIT <TCoon@eckertseamans.com>, Dorothy A. Davis <DDavis@eckertseamans.com>, Timothy Q. Hudak <THudak@eckertseamans.com>
Subject: RE: Conflict Batch 145742

Our client is a manufacturer of a "game of skill" that was "placed" by its distributor, Philadelphia Vending, in a bar operated by an unrelated third party. The police then "raided" the bar and confiscated the equipment as a "game of chance." Our client wishes to protect the interests of its distributor by making a property claim in respect of the equipment.


Warren Vogel, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC

2

Two Liberty Place
50 South 16th Street • 22nd Floor • Philadelphia, PA 19102
Direct (215) 851.8448
Fax (215) 851-8383
wvogel@eckertseamans.com

eckertseamans.com | bio | vCard | LinkedIn



**From:** Joan N. Stern
**Sent:** Friday, April 07, 2017 4:08 PM
**To:** Julia Rose; Warren Vogel; Thomas A. Lisk
**Cc:** Nina Plumb; Timothy S. Coon - PIT; Dorothy A. Davis; Timothy Q. Hudak
**Subject:** RE: Conflict Batch 145742

Warren~please give me details so I can determine if a waiver is needed.

**Joan N. Stern, Esq.** | Equity Member
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

Two Liberty Place
50 South 16th Street • 22nd Floor • Philadelphia, PA 19102
Direct (215) 851.8442 | Mobile (215) 696.0791
jstern@eckertseamans.com

eckertseamans.com



**From:** Julia Rose
**Sent:** Friday, April 07, 2017 3:49 PM
**To:** Warren Vogel; Joan N. Stern; Thomas A. Lisk
**Cc:** Nina Plumb; Timothy S. Coon - PIT; Dorothy A. Davis; Timothy Q. Hudak
**Subject:** Conflict Batch 145742

Hello,

Attached is the report for the above referenced conflict check. Warren Vogel would like to represent Pace O Matic and Jeff McGinness, adverse to the City of Philadelphia. The matter relates to property claims.

There is a possible conflict. The City of Philadelphia is an open client for Joan Stern (item 9).

Tom, you have been included on this report because Pace-O-Matic is your open client (item 10). We have been asked to notify members when a colleague seeks to open a matter for their existing client.

Please advise.

Thank you,
Julia

**Julia Rose** | Conflicts Analyst
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
600 Grant Street • 44th Floor • Pittsburgh, PA 15219

3

Direct (412) 566.1227

om

eckertseamans.com

**Jennifer Skoff**

| | |
|---|---|
| **From:** | Thomas A. Lisk |
| **Sent:** | Wednesday, September 27, 2017 2:20 PM |
| **To:** | Mark S. Stewart |
| **Subject:** | Pace-O-Matic. |

Mark – Just checking in to confirm that nothing has changed in relation to our gaming clients perspective relating to Pace-O-Matic.  Apparently, an issue has arisen in PA where Pace-O-Matic would like ESCM to provide representation.  But, unless something has changed, I believe that the answer is still a no. Can you confirm?

Thomas A. Lisk
ECKERT SEAMANS CHERIN & MELLOTT, LLC

SunTrust Center
919 East Main Street · Suite 1300 · Richmond, VA 23219
Direct (804) 788.7750  |  Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com  |  bio  |  vCard

ECKERT
SEAMANS
ATTORNEYS AT LAW

From: Mark S. Stewart
Sent: Friday, April 07, 2017 7:33 PM
To: Dorothy A. Davis; Warren Vogel; Joan N. Stern; Julia Rose; Thomas A. Lisk
Cc: Nina Plumb; Timothy S. Coon - PIT; Timothy Q. Hudak
Subject: RE: Conflict Batch 145742

Thank you, Dot, for raising this. The casinos we represent are very adverse to this entity, and working actively against them in the legislative sphere in PA. Tom Lisk represents them and we've worked out an arrangement where we are adverse to them in PA and have a separation wall in VA. Positionally, I would be concerned about an engagement with them. I never like to impede engagements, but would appreciate the opportunity to discuss further.

Thanks

Mark

**Jennifer Skoff**

| | |
|---|---|
| **From:** | Mark S. Stewart |
| **Sent:** | Wednesday, September 27, 2017 2:24 PM |
| **To:** | Thomas A. Lisk |
| **Subject:** | RE: Pace-O-Matic. |

Tom,

Nothing has changed, so I regretfully agree that the answer would still need to be a no.

Thanks.

**Mark S. Stewart, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street  •  8th Floor  •  Harrisburg, PA 17101
Direct (717) 237.7191  |  Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

**From:** Thomas A. Lisk
**Sent:** Wednesday, September 27, 2017 2:20 PM
**To:** Mark S. Stewart
**Subject:** Pace-O-Matic.

Mark – just checking in to confirm that nothing has changed in relation to our gaming clients perspective relating to Pace-O-Matic.  Apparently, an issue has arisen in PA where Pace-O-Matic would like ESCM to provide representation.  But, unless something has changed, I believe that the answer is still a no. Can you confirm?

**Thomas A. Lisk**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

SunTrust Center
919 East Main Street  •  Suite 1300  •  Richmond, VA 23219
Direct (804) 788.7750  |  Mobile (804) 714.6915
tlisk@eckertseamans.com

eckertseamans.com | bio | vCard



**From:** Mark S. Stewart
**Sent:** Friday, April 07, 2017 7:33 PM
**To:** Dorothy A. Davis; Warren Vogel; Joan N. Stern; Julia Rose; Thomas A. Lisk
**Cc:** Nina Plumb; Timothy S. Coon - PIT; Timothy Q. Hudak
**Subject:** RE: Conflict Batch 145742

Thank you, Dot, for raising this. The casinos we represent are very adverse to this entity, and working actively against them in the legislative sphere in PA. Tom Lisk represents them and we've worked out an arrangement where we are adverse to them in PA and have a separation wall in VA. Positionally, I would be concerned about

1

# Appendix 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,

                      Plaintiff,

v

ECKERT SEAMANS CHERIN & MELLOTT,
LLC,

                      Defendant.

Docket No. 1:20-cv-00292

## DECLARATION OF MATTHEW B. KIRSNER, ESQUIRE

I, Matthew B. Kirsner, Esquire, hereby declare and state as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Virginia and the District of Columbia.

2. I am the Member-in-Charge for the Richmond Office of the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert"), the defendant in the above-captioned action.

3. I am the Chairman of Eckert's Commercial Litigation practice group.

4. I have personal knowledge regarding the client relationship between Eckert and Pace-O-Matic, Inc. ("POM"), the plaintiff in this action. In addition to managing the Richmond office, I served as co-counsel for POM in a litigation matter pending in the United States District Court of Virginia (Alexandria Division).

5. The POM relationship was originated by a former Eckert Member, Thomas Lisk, in December 2016. POM engaged Mr. Lisk to handle state government relations work at the Virginia General Assembly. Mr. Lisk asked another Eckert Member, Anthony Troy, to assist with outreach to local government officials on behalf of POM. Mr. Troy's representation of POM later expanded to include various litigation matters in the federal and state courts of

Virginia. When Mr. Lisk departed Eckert for Cozen O'Connor in September 2018, Mr. Troy took over as Eckert's relationship attorney with POM.

6. After Mr. Lisk left Eckert in September 2018, Eckert continued to provide legal services for POM in Virginia handling local government outreach and a number of litigation matters.

7. When I started representing POM on the federal court litigation matter around May 2019, I became aware of the fact that Eckert's representation of POM in Virginia from the outset in December 2016 constituted a potential (but not an actual) conflict of interest because of Eckert's concurrent representation of certain gaming clients in Pennsylvania.

8. I have seen the e-mails from December 2016 and February through April 2017 between Mr. Lisk and another Eckert Member, Mark S. Stewart, regarding the terms of a prospective waiver by POM. As I understand it, in order for Eckert to represent POM in Virginia, POM needed to agree that Eckert could be adverse potentially to POM in Pennsylvania. *See* e-mails between Mr. Lisk and Mr. Stewart.

9. Mr. Lisk confirmed that POM had agreed to the prospective conflict waiver in several e-mails that he sent to Mr. Stewart. *Id.*

10. I also reviewed the Engagement Letter with POM, which specifically contains the prospective conflict waiver. *See* 2016 Engagement Letter.

11. Mr. Stewart also told Mr. Lisk on February 10, 2017: "We cannot rep [POM] in PA and they need to waive [Eckert] being adverse to them there. There will be adverse legislative action and potential litigation against them."

12. At some point, I also became aware of the fact that POM wanted Eckert to represent POM in Pennsylvania regarding government relations issues.

2

13.    Eckert declined the representation of POM in Pennsylvania because of Eckert's concurrent representation of certain gaming clients in Pennsylvania and the potential conflict that it created.

14.    I understand that Mr. Troy, for Eckert, advised POM that due to the potential conflict and related to Eckert's ongoing attorney-client relationship with certain gaming clients in Pennsylvania, Eckert could not represent POM in Pennsylvania.

15.    Other than reviewing the potential conflict issues concerning POM and the Pennsylvania gaming clients with Mr. Stewart and Timothy Coon, Eckert's General Counsel, I have never discussed Eckert's representation of POM in Virginia with any of the attorneys at Eckert who represent gaming clients in Pennsylvania.

16.    I never disclosed any confidential information about POM, or discussed any of my attorney-client privileged communications with POM, with the attorneys at Eckert who represent gaming clients in Pennsylvania, including but not limited to, Mr. Stewart.

17.    I neither got involved, nor was I asked to get involved, in any of the matters in which Eckert was representing gaming clients in Pennsylvania.

18.    At some point when POM raised the potential conflict concerning positions that Eckert was taking on behalf of its gaming client in Pennsylvania, we sought guidance from Ethics Counsel for the Virginia State Bar.

19.    The guidance that we received was consistent with Eckert's position on the issue: Eckert had not engaged in any impermissible conflict of interest by asserting different legal positions in different jurisdictions, regarding different games, under separate state statutory schemes, on behalf of different clients.

3

20. When Eckert communicated these positions to POM, POM refused to concede the lack of an actual (versus potential or positional) conflict and demanded that Eckert withdraw from its representation of those clients.

21. Eckert and counsel for POM in Pennsylvania exchanged several letters regarding the potential conflict of interest. Eckert's counsel, Mr. Coon, proposed that POM waive the positional (not ethical) conflict, and agree that Eckert's existing screen was sufficient to address any confidentiality concerns within Eckert. In the alternative, Eckert proposed that it would withdraw from representing POM in Virginia and continue with its representation of the gaming clients in Pennsylvania.

22. When POM refused to acknowledge the lack of a conflict and/or agree to the terms of the pre-existing screen, in January 2020, Eckert was left with no alternative but to withdraw from its representation of POM in its ongoing matters in Virginia.

MATTHEW B. KIRSNER, ESQUIRE

Dated: April 16, 2020

4

# Appendix
# 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, | : | |
| Defendant. | : | |

### DECLARATION OF HON. ANTHONY F. TROY

I, Anthony F. Troy, hereby declare and state as follows:

1.  I am an attorney licensed to practice law in the Commonwealth of Virginia and the District of Columbia.

2.  I am a member of the law firm of Eckert Seamans Cherin & Mellott, LLC ("Eckert"), the defendant in the above-captioned action.

3.  I work in the Richmond, Virginia office of Eckert.

4.  My law practice focuses on regulatory work, consumer protection issues, and civil and administrative litigation.

5.  I am a former Attorney General for the Commonwealth of Virginia.

6.  Although I did not originate Eckert's representation of Pace-O-Matic, Inc. ("POM"), the plaintiff in this action, I worked on a number of matters for POM in Virginia.

7.  I have never discussed the work that I was doing for POM in Virginia with any of the attorneys at Eckert who represent gaming clients in Pennsylvania, including but not limited to, Mr. Stewart.

8.      I never disclosed any confidential information about my representation of POM in Virginia or discussed any of my attorney-client privileged communications with POM with the attorneys at Eckert who represent gaming clients in Pennsylvania, including but not limited to, Mr. Stewart.

9.      I neither got involved nor was I asked to get involved in any of the matters in which Eckert was representing gaming clients in Pennsylvania.

10.     Sometime, in January 2020, Eckert's representation of POM in Virginia ended.


HON. ANTHONY F. TROY


Dated: April ___, 2020

2

## CERTIFICATE OF COMPLIANCE WITH PUBLIC ACCESS POLICY

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

/s/ Dennis A. Whitaker

Dennis A. Whitaker, I.D. #53975
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA  17101
(717) 236-1300
(717) 236-4841
dawhitaker@hmslegal.com

*Counsel for Greenwood Gaming and Entertainment, Inc., Downs Racing, L.P., Mountainview Thoroughbred Racing Association, LLC, Washington Trotting Association, LLC, Stadium Casino, LLC, Chester Downs and Marina, LLC, and Wind Creek Bethlehem, LLC in relation to Application to Disqualify Counsel for Proposed Intervenors*

Dated: December 7, 2020

13

Received 12/7/2020 11:10:07 AM Commonwealth Court of Pennsylvania

Filed 12/7/2020 11:10:00 AM Commonwealth Court of Pennsylvania
418 MD 2018

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| POM of Pennsylvania, LLC, | : | 418 MD 2018 |
| Petitioner | : | |
| v. | : | |
| Commonwealth of Pennsylvania, | | |
| Department of Revenue, and City | | |
| of Philadelphia, | | |
| Respondents | | |

## <u>PROOF OF SERVICE</u>

I hereby certify that this 7th day of December, 2020, I have served the attached document(s) to the persons on the

date(s) and in the manner(s) stated below, which service satisfies the requirements of Pa.R.A.P. 121:

**Service**

Served:              Daniel Thomas Brier
Service Method:      eService
Email:               dbrier@mbklaw.com
Service Date:        12/7/2020
Address:             425 Spruce Street
                     Scranton, PA 18503
Phone:               570--34-2-6100
Representing:        Petitioner   POM of Pennsylvania, LLC

Served:              Donna Ann Walsh
Service Method:      eService
Email:               dwalsh@mbklaw.com
Service Date:        12/7/2020
Address:             425 Spruce Street, Suite 200
                     P.O. Box 551
                     Scranton, PA 18501
Phone:               (57-0) -342-6100
Representing:        Petitioner   POM of Pennsylvania, LLC

Served:              Edward P. Jefferson
Service Method:      eService
Email:               ejsquire1214@gmail.com
Service Date:        12/7/2020
Address:             720 n. 24th street
                     philadelphia, PA 19130
Phone:               215--68-7-3839
Representing:        Respondent   City of Philadelphia

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

## PROOF OF SERVICE

*(Continued)*

| | |
|---|---|
| Served: | Edward Thomas Butkovitz |
| Service Method: | eService |
| Email: | ebutkovitz@kleinbard.com |
| Service Date: | 12/7/2020 |
| Address: | Three Logan Square |
| | 1717 Arch Street, 5th Floor |
| | Philadelphia, PA 19103 |
| Phone: | (21-5)5-68-2000 |
| Representing: | Petitioner   POM of Pennsylvania, LLC |

| | |
|---|---|
| Served: | Eric Joseph Schreiner |
| Service Method: | eService |
| Email: | eschreiner@kleinbard.com |
| Service Date: | 12/7/2020 |
| Address: | Three Logan Square |
| | 1717 Arch Street, 5th Floor |
| | Philadelphia, PA 19103 |
| Phone: | 251--49-6-7217 |
| Representing: | Petitioner   POM of Pennsylvania, LLC |

| | |
|---|---|
| Served: | James G. Gorman III |
| Service Method: | eService |
| Email: | jgorman@kleinbard.com |
| Service Date: | 12/7/2020 |
| Address: | Three Logan Square |
| | 1717 Arch Street, 5th Floor |
| | Philadelphia, PA 19103 |
| Phone: | 267--44-3-4139 |
| Representing: | Petitioner   POM of Pennsylvania, LLC |

| | |
|---|---|
| Served: | Jason Robert Greenspon |
| Service Method: | eService |
| Email: | jason.greenspon@gmail.com |
| Service Date: | 12/7/2020 |
| Address: | 940 Clyde Lane |
| | Philadelphia, PA 19128 |
| Phone: | 215-260-4001 |
| Representing: | Respondent   City of Philadelphia |

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

## PROOF OF SERVICE

*(Continued)*

Served:            Karen Mascio Romano
Service Method:    eService
Email:             kromano@attorneygeneral.gov
Service Date:      12/7/2020
Address:           PA Office of Attorney General
                   Strawberry Square, 15th Floor
                   Harrisburg, PA 17120
Phone:             717- 78-7-2717
Representing:      Respondent   Department of Revenue

Served:            Matthew Hermann Haverstick
Service Method:    eService
Email:             mhaverstick@kleinbard.com
Service Date:      12/7/2020
Address:           Three Logan Square, 5th Floor
                   1717 Arch Street
                   Philadelphia, PA 19103
Phone:             215--56-8-2000
Representing:      Petitioner   POM of Pennsylvania, LLC

Served:            Paul Gerard Gagne
Service Method:    eService
Email:             pgagne@kleinbard.com
Service Date:      12/7/2020
Address:           Three Logan Square
                   1717 Arch Street, 5th Floor
                   Philadelphia, PA 19103
Phone:             215--56-8-2000
Representing:      Petitioner   POM of Pennsylvania, LLC

Served:            Shohin Hadizadeh Vance
Service Method:    eService
Email:             svance@kleinbard.com
Service Date:      12/7/2020
Address:           Three Logan Square, 5th Floor
                   1717 Arch Street
                   Philadelphia, PA 19103
Phone:             267-443-4124
Representing:      Petitioner   POM of Pennsylvania, LLC

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

## PROOF OF SERVICE

*(Continued)*

**Courtesy Copy**

| | |
|---|---|
| Served: | Kevin James McKeon |
| Service Method: | eService |
| Email: | kjmckeon@hmslegal.com |
| Service Date: | 12/7/2020 |
| Address: | 100 North 10th Street |
| | Harrisburg, PA 17101 |
| Phone: | 717- 70-3 0801 |
| Representing: | Possible Intervenor   Greenwood Gaming and Entertainment et al. |
| | Possible Intervenor   Greenwood Gaming and Entertainment et al. |

| | |
|---|---|
| Served: | Richard Douglas Sherman |
| Service Method: | eService |
| Email: | rsherman@pa.gov |
| Service Date: | 12/7/2020 |
| Address: | P.O. Box 69060 |
| | Harrisburg, PA 17106-9060 |
| Phone: | 717- 70-3-2566 |
| Representing: | Possible Intervenor   Pennsylvania Gaming Control Board |

| | |
|---|---|
| Served: | Stephen S. Cook |
| Service Method: | eService |
| Email: | stcook@pa.gov |
| Service Date: | 12/7/2020 |
| Address: | 303 Walnut Street |
| | Harrisburg, PA 17101 |
| Phone: | 717-346-8300 |
| Representing: | Possible Intervenor   Pennsylvania Gaming Control Board |

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

/s/  Dennis A. Whitaker
_____

*(Signature of Person Serving)*

Person Serving:              Whitaker, Dennis A.
Attorney Registration No:    053975
Law Firm:                    Hawke McKeon & Sniscak, LLP
Address:                     Hawke Mckeon & Sniscak Llp
                             100 N Tenth St
                             Harrisburg, PA 17101
Representing:                Possible Intervenor   Greenwood Gaming and Entertainment et al.