# EXHIBIT "C"

| | |
|---|---|
| **From:** | Romano, Karen M. |
| **To:** | Mark S. Stewart |
| **Subject:** | [External] RE: POM Opinion - next steps |
| **Date:** | Tuesday, November 26, 2019 3:51:08 PM |

Hi Mark,

No formal decision has been made but, generally, my clients are interested in exploring our appellate options. Our Chief of appeals is in the process of reviewing the decision so we can make a determination as to whether that is feasible. Happy Thanksgiving to you as well.

Karen M. Romano
Acting Chief Deputy Attorney General
(717) 787-2717

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Tuesday, November 26, 2019 1:50 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Subject:** RE: POM Opinion - next steps

Hi, Karen. Just touching base to see if there was anything new on this matter. To the extent you are interested, we have identified a few cases where the court has looked to other statutes specifically to determine what a definition means in the law under consideration. Of course, the cases are legion that hold generally that you look to such other same/similar subject laws for construction under 1 Pa.CS §§ 1921(c)(5) and 1932. And, as we noted, 18 Pa.CS 5513(e.1)(4) ties the provision directly to Title 4 and the slot machine activity conducted thereunder.

I assume you have this, but I wanted also to pass along is the link to the floor debate on HB 271: https://www.legis.state.pa.us/WU01/LI/HJ/2017/0/20171025.pdf. The relevant discussion begins on the page that has "1773" at the top. Interestingly, the Court only quoted part of this debate; the part where one representative states that the bill does not address skill games. The quote references the comments of Representative Scott Petri, who was chair of the House Gaming Oversight Committee, in which he stated that the bill would render skill games illegal as slot machines. His comments, specifically, were that the definitional changes in HB 271 to the definition of slot machines would render the skill games illegal – under the Crimes Code. The Court didn't reference Representative Petri's comments as part of its analysis of the scope of the Gaming Act, but the floor comments would go directly to the applicability of the slot machine definition in the Act to interpreting what is a slot machine under the Crimes Code.

Ultimately, should you move for summary relief on POM's claims under 5513, based on the slot machine argument, we (and other casinos) would be interested in filing an amicus brief in support of your position. So, just trying to provide some guidance for the clients on that front.

Thanks. Hope you have a great and work-free Thanksgiving.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

**ECKERT00316**

213 Market Street · 8th Floor · Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard


**From:** Romano, Karen M. [mailto:kromano@attorneygeneral.gov]
**Sent:** Friday, November 22, 2019 2:19 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>; Kevin M. Skjoldal
<KSkjoldal@eckertseamans.com>
**Subject:** [External] RE: POM Opinion - next steps

Thanks, Mark. I appreciate this perspective.

Karen M. Romano
Acting Chief Deputy Attorney General
(717) 787-2717


**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Friday, November 22, 2019 1:56 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>; Kevin M. Skjoldal
<KSkjoldal@eckertseamans.com>
**Subject:** RE: POM Opinion - next steps

Karen

Thanks very much for considering our thoughts. We appreciate your point on the "if" language, but the "slot machine" language in 5513(a) will still need to be dealt with by the Court. And, that question is one of law, not fact. Certainly, the Court's conclusion that the games are slot machines under the Gaming Act should inform the 5513 "slot machine" interpretation. Throughout the rest of the decision (especially B.2), the Court continues referring to them as slot machines and discusses whether the Gaming Act was intended to address "all unlicensed and/or illegal slot machines." The conclusion is more about the limits of the Gaming Act to address illegal slot machines, than POM's games ceasing to be slot machines.

I read the Court's comment in fns 17 and 19 more as preserving the potential illegality under 5513 and this issue for you; not necessarily indicating that the term "slot machine" is going to be given a different meaning in 5513. For all the reasons outlined below (as well as the rule in 1 Pa.C.S. § 1932), the Court should find a slot is a slot is a slot. If the Court finds that "slot machine" means X in Title 4, and it means Y in 5513, then we'll all be stuck with the game by game, skill/chance analysis.

Thanks again. And you have a nice weekend too!

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street · 8th Floor · Harrisburg, PA 17101

**ECKERT00317**

Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

**From:** Romano, Karen M. [mailto:kromano@attorneygeneral.gov]
**Sent:** Friday, November 22, 2019 12:46 PM
**To:** Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Cc:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** [External] RE: POM Opinion - next steps

Hi Kevin,
Thank you for this analysis, it is very helpful.  As I mentioned yesterday, while I certainly I agree this is how the law should be applied to the analysis, I am concerned the Court has wiggle room to avoid such a conclusion because of how they worded the opinion.  The Court stated that POM's Game meets the definition of slot machine, skilled slot machine, manufacturer and supplier *if* the Gaming Act applies to them and then went on to say the Gaming Act doesn't apply.   In any event, I am scheduled to speak with my clients Monday afternoon to discuss next steps.  I will let you know how we plan to proceed.  Have a nice weekend.

Karen M. Romano
Acting Chief Deputy Attorney General
(717) 787-2717

**From:** Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Sent:** Friday, November 22, 2019 12:36 PM
**To:** Romano, Karen M. <kromano@attorneygeneral.gov>
**Cc:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** POM Opinion - next steps

Karen:

As we discussed the other day, while there is some flawed analysis in the Commonwealth Court's recent decision in the POM action, there are positive points as well.  Most significantly, the Court concluded that POM's games are slot machines.  This determination should dictate the applicability of Section 5513 of the Crimes Code to the machines, and it sets this case up nicely for a motion for judgment on the pleadings on the principal issue in POM's complaint (i.e., the legality of their games).

Section 5513 of the Crimes Code states, in part, that:

A person is guilty of a misdemeanor of the first degree if he:

(1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease or gift, any punch board, drawing card, slot machine or any device to be used for gambling purposes, except playing cards ....

ECKERT00318

If the conduct in question involves punch boards, drawing cards or slot machines, you <u>do not need to go to the skill-chance test</u> to determine a violation. The conduct is illegal by the statute's express terms.

Although the term "slot machine" is not defined in the Crimes Code, the Legislature has clearly defined that term in the Gaming Act – and the Court found POM's machines fall within it. Absent some express declaration by the Legislature, or a "notwithstanding any other provision of law" type of clause, the same word cannot have two different, and conflicting, meanings.

In fact, the rules of statutory construction require just the opposite. It is well-established that the meaning of words in a statute may be ascertained by considering other statutes concerning the same or similar subjects. 1 Pa.C.S. § 1921; see also *PPL Holtwood, LLC v. Pike County Bd. of Assessment & Revision of Taxes*, 846 A.2d 201, 207 (Pa. Cmwlth 2004) ("We may, of course, derive guidance from another statute that is concerned with the same or a similar subject pursuant to Section 1921(c)(5) of the Statutory Construction Act.").

Both the Gaming Act and Section 5513 address the same subject: gambling. Even more specifically, the Gaming Act allows certain persons (i.e., licensees) to have "slot machines" that would be otherwise be illegal under Section 5513(a). Indeed, § 5513 expressly ties itself to the Gaming Act by providing that nothing therein prohibits lawful conduct under the Gaming Act. 18 Pa.C.S. § 5513 (e.1). If the "slot machine" referenced in Section 5513(a) is not the same "slot machine" referenced in the Gaming Act, then the exemption in 5513(e.1) would be completely unnecessary and surplusage. As such, the law is clear that slot machines are illegal under the Crimes Code unless they are offered by a slot machine licensee in a licensed facility.

As you know, the interpretation of § 5513 is a legal issue that can be addressed by the Court on a motion for judgment on the pleadings. Because the Court has already determined POM's games are slot machines, this issue should be a straightforward matter of statutory interpretation. A motion for judgment on the pleadings would seem to be the most efficient and effective measure for bringing the issue before the Court and concluding the litigation.

However, we could also understand if you are thinking about asking for reconsideration of the Court's decision. The Court did not address those provisions of the Gaming Act that are directly applicable to unlicensed persons. For example, §§ 1518(a)(9), (9.1), and (10) are criminal offenses that apply to any "person," and are not limited to only licensed entities. *See* 4 Pa.C.S. §§ 1518(a)(9),(9.1), and (10). And, § 1518(f) provides for the seizure of the unlawful machines and money from these unlicensed persons. 4 Pa.C.S. § 1518(f). It would have been helpful for the Court to recognize that the Gaming Act does have applicability to unlicensed persons and entities in these instances.

Regardless of whether you seek reconsideration, the plain language of the Gaming Act is clear that your Gaming Unit and the district attorneys are

ECKERT00319

specifically authorized to investigate and prosecute these offenses against unlicensed persons. 4 Pa.C.S. § 1517(d). The Court did not address these provisions in its opinion, so it would seem that the OAG would still have this power in its arsenal to go after POM's slot machines.

Please let us know how you intend to proceed. We would welcome the chance to discuss these issues, especially the Section 5513 analysis. If we can be of any assistance, please let us know.

Thanks,

Kevin

**Kevin M. Skjoldal**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.6039
kskjoldal@eckertseamans.com

eckertseamans.com | bio | vCard | LinkedIn

This communication may contain federal tax advice. Recent IRS regulations require us to advise you that any discussion of federal tax issues in this communication was not intended or written to be used and cannot be used to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein. Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the Firm's Tax partners if you have any questions regarding federal tax advice.

--------------------------------------------------------------------
This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

Click here to report this email as spam.

The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers. Unintended transmissions shall not constitute waiver of any applicable attorney-client or any other applicable privilege. PA-OAG

This message has been scanned for malware by Websense. www.websense.com

--------------------------------------------------------------------

ECKERT00320