IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                          :
                                             :
                    Plaintiff,               :
                                             :
       v.                                    :        Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN &                      :
MELLOTT, LLC,  MARK S. STEWART,              :        (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                       :
                                             :
                    Defendants.              :
_____:

**BRIEF OF DEFENDANTS IN SUPPORT OF
THEIR MOTION TO DISMISS PORTIONS OF
<u>AMENDED COMPLAINT OF PLAINTIFF, PACE-O-MATIC, INC.</u>**

Defendants, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), Mark S.

Stewart, and Kevin M. Skjoldal (collectively, "defendants"), by and through their

counsel, Fox Rothschild LLP, hereby file their Brief in Support of Their Motion to

Dismiss Counts I, III and all requests for punitive damages from the Amended

Complaint of plaintiff, Pace-O-Matic, Inc. ("POM").

**<u>INTRODUCTION</u>**

POM brought this breach of fiduciary duty action against Eckert in February

2020 based upon a purported conflict of interest involving Eckert's separate

representation of gaming clients in Pennsylvania, including Greenwood Gaming &

Entertainment, Inc. d/b/a Parx Casino ("Parx Casino").  POM also filed a Motion

1

for Preliminary Injunction over a year ago on March 24, 2020.  In the summer of 2021, POM then sought leave to file an Amended Complaint, which was granted, and POM filed its Amended Complaint against defendants on August 3, 2021.

Now, defendants seek to dismiss the declaratory judgment claim and the fraud claim, as well as all requests for punitive damages, from the Amended Complaint.  POM's request for a declaratory judgment seeks a declaration based exclusively upon past conduct, which is impermissible in the Third Circuit. Indeed, as POM pleads in its Amended Complaint, defendants no longer represent POM and the issues surrounding any purported breach of fiduciary duty claim will be decided by the fact finder in due course.  In addition, POM's fraud claim is based exclusively upon statements purportedly made in this case and/or in anticipation of this litigation, and thus, all such statements are protected by the absolute judicial privilege.  Indeed, such statements – whether true or not – cannot form the basis for any claim for relief under Pennsylvania law, let alone one for fraud.  Moreover, POM obviously did not rely upon such statements.  Finally, POM's request for punitive damages is legally insufficient.  Accordingly, this Court should grant defendants' motion to dismiss, and enter defendants' proposed form of order dismissing with prejudice the declaratory judgment claim (count I), the fraud claim (Count III), and all requests for punitive damages from the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FACTUAL AND PROCEDURAL BACKGROUND

### Facts Underlying This Dispute

In late 2016 and early 2017, Eckert undertook the representation of POM in Virginia, subject to an advance conflict waiver in the engagement letter and other representational limitations including, but not limited to, an agreement that Eckert would not represent POM in Pennsylvania.  *See, e.g.,* Amended Complaint at ¶9. Contrary to POM's allegations, there was no overlap between the work that Eckert was doing for its gaming clients in Pennsylvania and the work that Eckert did for POM in Virginia.[1]

POM began to raise concerns about Eckert's representation of its gaming clients in Pennsylvania in the fall of 2019.  *Id.* at ¶¶20-21.  POM by its own admission "confronted Eckert concerning its impermissible conflict and requested that Eckert withdraw from any representation of Parx Casino adverse to POM."  *Id.* at ¶36.  Ultimately, in early 2020, when POM would not affirm the prior representational limitation and the advance conflict waiver, Eckert was left with no alternative but to withdraw as counsel for POM in Virginia.[2]  *Id.* at ¶¶36-37.

---

[1] While this issue is not germane to the motion, the Court should note that the work done for these clients did not overlap.  In Virginia, there is no legalized gambling; while in Pennsylvania, the use of POM's games must be viewed in the context of this highly regulated industry.

[2] POM accuses Eckert of "misrepresenting" that Eckert had obtained an advance waiver of any conflict despite the fact that POM is in possession of the e-mails evidencing that the Eckert attorney who had the relationship with POM made the waiver request a condition of the representation and the engagement letter itself contains an advance conflict waiver.

POM also accuses Eckert of dropping POM like a "hot potato."  *Id.* at ¶37. Again, however, POM fails to allege or acknowledge that Eckert's representation of Parx Casino preceded its representation of POM, and Eckert only withdrew from the representation of POM after POM demanded that Eckert withdraw from its representation of Parx Casino.  *Id.* at ¶36.  POM in its Amended Complaint further takes issue with certain of Eckert's affirmative defenses pled in its initial answer and statements made by counsel during the pendency of this litigation or in anticipation of it.  *Id.* at ¶¶38-41.

### **Procedural History**

POM filed its Complaint in this action on February 18, 2020.  Eckert timely answered the Complaint and asserted Affirmative Defenses on March 10, 2020. Despite the passage of time from when it first raised the alleged conflict issue in the fall of 2019, POM did not file its Motion for Preliminary Injunction until March 24, 2020.  Eckert filed its opposition to the Motion for Preliminary Injunction on April 21, 2020.  POM later filed a reply brief.  The parties agreed to conduct discovery and then to submit supplemental briefs to the Court in connection with the Motion for Preliminary Injunction.

On August 3, 2021, after seeking leave of Court, POM filed its Amended Complaint.  Pursuant to a stipulation approved by the Court, defendants filed their motion to dismiss on August 27, 2021.

## STANDARD OF REVIEW

A complaint or cause of action may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the targeted claim(s) must be "plausible on its face"— meaning that the plaintiff must plead sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").

The plausibility determination is context-specific, requiring a plaintiff to allege "some factual allegations in those contexts where . . . needed to render the claim plausible." *Iqbal*, 556 U.S. at 678; *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (internal quotation marks omitted)). A plausible claim must state "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. POM's claims for declaratory judgment and fraud, and the requests for punitive damages, fail to satisfy this threshold pleading standard and must be dismissed.

## LEGAL ARGUMENT

### A. POM's Request for Declaratory Relief is Impermissible.

In Count I of its Amended Complaint, POM purports to state a claim for a declaratory judgment. In fact, what POM is seeking is a "judicial declaration under 28 U.S.C. §2201 that Eckert, Mr. Stewart and Mr. Skjoldal breached fiduciary duties owed to POM as detailed herein." *See* Amended Complaint at ¶61. It is well-settled in the Third Circuit that declaratory relief "is meant to define the legal rights and obligations of the named parties *in anticipation of future conduct*, not to proclaim their liability for past actions." *O'Callaghan v. Hon. X*, 661 Fed. App'x 179, 182 (3d Cir. 2016) (emphasis added); *Corliss v. O'Brien*, 200 Fed. App'x. 80, 84 (3d Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct."); *Blakeney v. Marsico*, 340 Fed. App'x. 668, 780 (3d Cir. 2009 (holding that "even if defendants violated [plaintiff's] rights in the past as he alleges, he is not entitled to a declaration to that effect"); *Hammonds v. Aigeldinger*, 2021 WL 3022633 at n.1 (M.D. Pa., Jul. 16, 2021) (asking a court to proclaim that one's rights were violated is not a proper basis for declaratory relief).

Some type of declaration that defendants are liable for past acts or committed some purported breaches of their fiduciary duties is not only redundant as to the claim asserted in Count II of its Amended Complaint, but such a claim is improper under the law in this Circuit. POM indeed seeks a judicial declaration that

defendants breached their fiduciary duties by undertaking representations of Parx Casino in matters adverse to POM and by failing to obtain an advance conflict waiver. *See* Amended Complaint at ¶¶58-59. All such purported conduct occurred in the past. Defendants' alleged past acts are not a cognizable injury-in-fact for purposes of maintaining a claim for declaratory relief. *See Corliss*, 200 Fed. App'x. at 84 (finding declaratory relief inappropriate where a plaintiff asked "the District Court [to] 'declare' that his constitutional rights were violated"). In essence, either POM can establish its breach of fiduciary duty claim consistent with Count II of the Amended Complaint, or it cannot. Either way, there is no basis to assert a claim for declaratory relief. For these reasons, POM cannot maintain a plausible claim against defendants for declaratory judgment. Thus, the Court should dismiss with prejudice Count I of the Amended Complaint as a result.

**B. The Court Should Dismiss POM's Implausible Fraud Claim.**

**1. Judicial Privilege Bars Any Possible Fraud Claim.**

In Count III of their Amended Complaint, POM purports to assert a claim against Eckert for fraud based upon statements made by counsel in the context of the defense of this case and by Eckert's General Counsel leading up to this litigation. Aside from the obvious defense that these statements are not "misstatements" at all (which will not be addressed in this motion to dismiss as POM's allegations are presumed to be true for purposes of this motion only),

7

the statements are absolutely privileged and cannot form the basis for any fraud claim (or any other claim) against Eckert under Pennsylvania law.

Indeed, the purported "misstatements" upon which POM attempts to rely are all privileged:  they constitute affirmative defenses, a response to a demand letter, and a statement in a Joint Case Management Plan.  *See* Amended Complaint at Count III.  As such, they can neither provide any basis for POM's purported fraud claim nor can POM establish any potential liability or damages based upon them. Pennsylvania recognizes an absolute privilege for judges, lawyers, litigants, and witnesses for liability arising from alleged statements made "in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought."  *Post v. Mandel*, 507 A.2d 351, 355 (Pa. 1986) (even statements made pre-litigation may be privileged if they are material and pertinent to the litigation); *Binder v. Triangle Publications, Inc.*, 275 A.2d 53 (Pa. 1971); *Pawlowski v. Smorto*, 588 A.2d 36, 41 (Pa. Super. 1988); *Smith v. Griffiths*, 476 A.2d 22, 25 (Pa. Super, 1984).  *See also Panitz v. Behrend*, 632 A.2d 562 (Pa. Super. 1993), *appeal denied*, 653 A.2d 1232 (Pa. 1993); *Moses v. McWilliams*, 549 A.2d 950 (Pa. Super. 1988), *appeal denied*, 558 A.2d 532 (Pa. 1989).

In <u>Binder</u>, the Pennsylvania Supreme Court stated:

8

> The privilege is also extended to parties to afford freedom of access to the court, to witnesses to encourage their complete and unintimidated testimony in court, and <u>to counsel to enable him to best represent his client's interests</u>.

275 A.2d at 56 (emphasis added).  Of course, the purpose of the privilege is to leave a relatively unobstructed path to ascertaining the truth.

In recognition of the important policy goals supporting the absolute privilege, Pennsylvania courts have broadly applied it to matters outside the courtroom.  *See, e.g., Smith, supra* (holding that the absolute privilege applies to letters written by an attorney to a quasi-judicial officer).  *Moses, supra*, 549 A.2d at 956 (holding that the privilege applies to witness' statements to attorney during a pre-trial conference); and *Ganassi v. Buchanan Ingersoll, P.C.,* 540 A.2d 272 (Pa. Super. 1988) (affidavits filed in bankruptcy proceeding are absolutely privileged and cannot provide a basis for a defamation claim).

Here, there can be no dispute that statements made during the course of this litigation and between counsel, pre-litigation and relating exclusively to this dispute, are absolutely privileged as a matter of law.  The alleged statements were made "in the regular course of judicial proceedings," and they were "pertinent and material" to the proceedings insofar as they involve defendants' articulation of their defenses in the case.  As such, the alleged statements that form the basis of POM's purported fraud claim are absolutely privileged as a matter of Pennsylvania

9

law, and therefore, such statements cannot form the basis of any claim by POM against Eckert. *See Brown v. Delaware Valley Transplant Program*, 539 A.2d 1372, 1374-75 (Pa. Super. 1988) ("[T]he absolute privilege accorded an attorney in representation of a client in judicial proceedings is not limited to protection against defamation actions"). *See also Pelagatti v. Cohen,* 536 A.2d 1337, 1344-45 (Pa. Super. 1987), *appeal denied*, 548 A.2d 256 (Pa. 1988).

### 2.  POM Cannot Plead Justifiable Reliance to Support Fraud.

Further, under Pennsylvania law, in order to state a claim for fraud and/or misrepresentation, a plaintiff must allege:

(1)    a misrepresentation of an existing fact;
(2)    a fraudulent utterance thereof;
(3)    intention by the maker so that the recipient will thereby be induced to act;
(4)    justifiable reliance by the recipient upon the misrepresentation; and
(5)    damage to the recipient as the proximate result.

*Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1252 (Pa. Super. 1983) (citations omitted); *see also Sevin v. Kelshaw*, 611 A.2d 1232 (Pa. Super. 1992); *Scaife Co. v. Rockwell-Standard Corp.*, 285 A.2d 451, 454 (Pa. 1971), *cert. denied*, 407 U.S. 920. Even if POM were able to plead a claim around the bar of the absolute judicial privilege, POM cannot establish the elements of a fraud claim against Eckert under Pennsylvania law.

A plaintiff must plead with specificity justifiable reliance to sustain a cause of action for fraudulent misrepresentation.  *See Drelles v. Manufacturers*

10

*Life Ins. Co.*, 881 A.2d 822, 840 (Pa. Super. 2005) (recognizing that a

fraudulent misrepresentation claim requires a showing of justifiable reliance on

the misrepresentation).  Whether a plaintiff is able to demonstrate sufficiently

justifiable reliance rests on the following principles:

> It is the fundamental principal of the law of fraud, regardless of the form of the relief sought, that in order to secure redress, the representee must have relied upon the statement or representation as an inducement to his action or injurious change of position. The recipient of a fraudulent transaction can recover against its maker if, but only if, (a) he relies on the misrepresentation in acting or refraining from action, and (b) his reliance is justifiable.

*Id.*, quoting *Toy v. Metropolitan Life Ins. Co.*, 863 A.2d 1, 11 (Pa. Super 2004).

In that regard, Pennsylvania has adopted the rule in the Restatement

(Second) of Torts to determine whether a person's reliance is justifiable.  *See*

*Toy*, 863 A.2d at 11-12.  Those rules provide that "[t]he recipient of a

fraudulent misrepresentation is not justified in relying upon its truth if he knows

that it is false or its falsity is obvious to him."  Restatement (Second) of Torts §

541 (quoted in *Toy*, 863 A.2d at 12).  As a result, a plaintiff is required to use

his senses, and cannot recover if he blindly relies upon a misrepresentation

whose falsity would be patent to him if he had utilized his opportunity to make

a cursory examination or investigation.  *See id.*, citing *Silverman v. Bell Savings*

*& Loan Assoc.*, 533 A.2d 110, 114-15 (Pa. Super. 1987), *appeal denied*, 542

A.2d 1371 (Pa. 1988).  Further, "neither a court nor a jury can consider the

11

issue [of justifiable reliance] without considering the relationship of the parties involved and the nature of the transaction." *Rempel v. Nationwide Life Ins. Co.,* 370 A.2d 366, 368 (Pa. 1977).

Here, there was <u>no</u> reliance at all upon the statements made by Eckert, post-termination of the POM representation, that purportedly give rise to POM's fraud claim. POM already commenced this action on February 20, 2020 alleging a breach of fiduciary duty claim *before most of the purported misrepresentations were even made*. Presumably, had POM "relied" upon any of Eckert's statements, POM would not have filed this lawsuit or its subsequent motion for preliminary injunction. Instead, it is obvious that POM ignored the statements made by Eckert's counsel in connection with POM's filing of this lawsuit, its filing of a motion for preliminary injunction, and frankly, any other actions taken by POM in this litigation. Thus, as this dispute had already arisen by the time that Eckert's counsel made the purported statements and POM did not rely upon any of them in filing this lawsuit or its claim, POM's fraud claim is implausible and fatally flawed. Accordingly, this Court should dismiss Count III of the Amended Complaint with prejudice.

### C. <u>The Court Should Dismiss All Requests for Punitive Damages.</u>

In its Amended Complaint, relying upon bare allegations, POM seeks to recover punitive damages, which POM is not entitled to obtain under

Pennsylvania law. To support a claim for punitive damages, a plaintiff must plead with particularity the occurrence of defendants' conduct that was outrageous, malicious, intentional, or otherwise motivated by an evil purpose. *See* Fed. R. Civ. P. 9 (2021). POM fails to allege with specificity how defendants acted outrageously or willfully and, thus, there is no basis for its request for punitive damages. *See MacGregor v. Mediq, Inc.*, 576 A.2d 1123, 1127 (Pa. Super. 1990); *McDaniel v. Merck, Sharp & Dome*, 533 A.2d 436 (Pa. Super. 1987), *appeal denied*, 551 A.2d 215 (Pa. 1988).

Moreover, the conduct alleged as against POM does not give rise to an award of punitive damages under Pennsylvania law, as POM fails to allege with specific facts that (1) defendants' conduct was outrageous and (2) such conduct was engaged in intentionally, recklessly or maliciously. *See Feld v. Merriam*, 485 A.2d 742 (Pa. 1984); *Smith v. Renaut*, 564 A.2d 188 (Pa. Super. 1989). The factual allegations contained in the Amended Complaint, even if assumed true for purposes of this motion, provide no basis for the recovery of punitive damages under Pennsylvania law. Whether Eckert was under the mistaken belief that it had a specific, advance conflict waiver aside from the one contained in its engagement letter does not give rise to any malicious or intentional conduct sufficient to request punitive damages under Pennsylvania law even if POM has stated a breach of fiduciary duty claim. *See* Amended Complaint at Count II.

13

Further, it is well-settled under Pennsylvania law that a claim for punitive damages must allege facts demonstrating that the defendants' conduct was "outrageous." *Smith v. Brown*, 423 A.2d 743 (Pa. Super 1980). It is insufficient, as POM has done, to state in conclusory fashion that such conduct was, indeed, outrageous. Additionally, the Supreme Court of Pennsylvania has embraced Section 908 (2) of the Restatement (Second) of Torts regarding the imposition of punitive damages: "[P]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *See Rizzo v. Haines*, 555 A.2d 58 (Pa. 1989); *Feld*, *supra*; *Chambers v. Montgomery*, 192 A.2d 355 (Pa. 1963). Therefore, to determine whether punitive damages are warranted, one must look to the "act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties . . . the state of mind of the actor is vital. The act or the failure to act must be intentional, reckless or malicious." *Rizzo*, 555 A.2d at 69; *Feld*, 485 A.2d at 748.

Here, even assuming, *arguendo*, that POM has alleged sufficient facts to plead a breach of fiduciary duty claim, it has wholly failed to state any claim that could support the recovery of punitive damages. There are no factual allegations in the Amended Complaint, which establish that defendants acted with the requisite state of mind necessary to impose punitive damages. *See*

14

Amended Complaint. POM's punitive damages request is, thus, baseless.

Therefore, the Court should grant defendants' motion as to the punitive damages

request and, accordingly, dismiss with prejudice all of POM's requests for

punitive damages as contained in its Amended Complaint.

## CONCLUSION

For all of the foregoing reasons, defendant, Eckert Seamans Cherin &

Mellott, LLC, respectfully requests that this Court enter its proposed form of Order

and grant the motion to dismiss and dismiss Counts I, III, and all requests for

punitive damages from the Amended Complaint of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendants,**
**ECKERT SEAMANS CHERIN & MELLOTT,**
**LLC, MARK S. STEWART, KEVIN M.**
**SKJOLDAL**

Date: September 10, 2021

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                         :
                                            :
                    Plaintiff,              :
                                            :
        v.                                  :        Docket No. 1:20-cv-00292
                                            :
ECKERT SEAMANS CHERIN &                     :
MELLOTT, LLC,                               :        (Judge Jennifer P. Wilson)
                                            :
                    Defendant.              :
_____   :

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 10th day of

September, 2021, I served a true and correct copy of the foregoing Brief in Support

of Motion to Dismiss, via ECF, upon the following:

> Daniel T. Brier, Esquire
> Donna A. Walsh, Esquire
> Myers, Brier & Kelly, LLP
> 425 Spruce Street, Suite 200
> Scranton, PA 18503
>
> **Counsel for Plaintiff**
> **PACE-O-MATIC, INC.**

_____

ROBERT S. TINTNER, ESQUIRE