## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                          :
                                             :
                    Plaintiff,               :
                                             :
        v.                                   :        Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN &                      :
MELLOTT, LLC,  MARK S. STEWART,              :        (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                       :
                                             :
                                             :
                    Defendants.              :
_____    :

## REPLY BRIEF OF DEFENDANTS IN FURTHER SUPPORT
## OF THEIR MOTION TO DISMISS PORTIONS OF
## AMENDED COMPLAINT OF PLAINTIFF, PACE-O-MATIC, INC.

Defendants, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), Mark S.

Stewart, and Kevin M. Skjoldal (collectively, "defendants"), by and through their

counsel, Fox Rothschild LLP, hereby file this Reply Brief in further support of

their Motion to Dismiss Counts I, III and all requests for punitive damages from

the Amended Complaint of plaintiff, Pace-O-Matic, Inc. ("POM").

## INTRODUCTION

POM in its opposition argues that the judicial privilege somehow should not

apply to statements made exclusively within documents filed in this case and to

statements *clearly made by counsel* that were material and pertinent to these

proceedings.  That is simply not how the judicial privilege in Pennsylvania applies.

The absolute judicial privilege unequivocally attaches to all the purported

statements that POM is asserting in its Amended Complaint as the basis for its fraud claim given that they were all made by counsel and none were made directly to POM regardless.

Similarly, despite the clear and unambiguous allegations in its Amended Complaint concerning POM's claim for declaratory judgment and request for punitive damages, POM seeks to argue such allegations should be considered in a different way than they are stated merely to salvage what is nothing more than futile and unnecessary claims. Accordingly, notwithstanding POM's opposition and attempts to recreate its claims, this Court should dismiss with prejudice the declaratory judgment claim (Count I), the fraud claim (Count III), and all requests for punitive damages from the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **ARGUMENT**

### **A. POM's Fraud Claim Is Barred by the Absolute Judicial Privilege.**

Without appropriately conceding that the affirmative defenses raised by Eckert and its "statement" in its Joint Case Management Plan are absolutely barred by Pennsylvania's judicial privilege, POM seeks to distinguish statements made by Eckert's General Counsel in response to a demand letter, pre-litigation, made by POM's counsel as not protected by the judicial privilege. Those statements are privileged, and, as such, the purported distinction is wholly without merit.

The only "statements" that form the basis for POM's fraud claim as alleged in its Amended Complaint were statements made by Eckert's General Counsel to POM's present counsel about the purported conflict of interest and the affirmative defenses and statements made by outside counsel in the context of this litigation. *See* Amended Complaint at ¶¶ 39, 40, 72 and 73.  That is all.  POM does not allege – nor can it – that Eckert made these purported statements to POM either directly or outside this litigation.

Further, the primary case relied upon by POM, *Schanne v. Addis*, 121 A.3d 942 (Pa. 2015), has no application to the facts at issue here.  Of equal importance to the glaring flaw in POM's argument is that POM mistakenly claims that the Supreme Court of Pennsylvania's decision in *Schanne* somehow changes the application of the judicial privilege in Pennsylvania; it certainly does not.  If anything, by responding to a certification question of the Third Circuit, *Schanne* does nothing more than answer the question presented, which in that case was whether the statement made by a former student who alleged that she had a sexual relationship with a teacher was protected by the judicial privilege.  *Id.* at 945.  Of great importance to the Court's ultimate decision was the fact that the witness, Schanne, testified that she made the statement to a "friend" and that she "did not contemplate possible judicial or quasi-judicial proceedings."  *Id.*  As a result, the Court appropriately decided that the statement in that context, *i.e.*, "before commencement

of any quasi-judicial proceeding and without an intent that it lead to a quasi-judicial proceeding," was not protected by the judicial privilege.

Here, the facts could not be further removed from *Schanne*. The letter in which POM alleges that it "relied" was a January 17, 2020 letter from Eckert's General Counsel to POM's counsel about the very issues in this case.[1] In fact, Eckert's General Counsel responded to a demand from POM's counsel that Eckert immediately withdraw as counsel for Parx Casino; that letter also provided Eckert's legal position and defense as to the alleged conflict. Those are precisely the issues that the parties continue to litigate in the context of this lawsuit and, most importantly, they are material and pertinent to this litigation. *See Post v. Mendel*, 507 A.2d 351, 355 (Pa. 1986). Whether the communications are material and pertinent to the litigation is the standard for application of the absolute judicial privilege in Pennsylvania. Thus, any statements made by counsel – either for POM or Eckert – in the context of the prosecution of POM's claims or Eckert's defenses are protected by the absolute judicial privilege.

---

[1] For point of reference and context, defendants provide the Court as Exhibit "A" to this Reply Brief with the January 17, 2020 letter from Eckert's General Counsel to POM's current counsel. The letter is referenced in POM's Amended Complaint and can properly be considered by this Court on a motion to dismiss – without converting the motion to one for summary judgment – given that it is explicitly referenced in the Amended Complaint. *See, e.g., In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3rd Cir. 1997), citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996).

4

On that point, the Restatement (Second) of Torts §586 cited in *Post*, 507 A.2d at 356, is relevant. It states:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications *preliminary to a proposed judicial proceeding*, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, *if it has some relation to the proceeding*.

*Id.* (emphasis in original). *See also Milliner v. Enck*, 709 A.2d 417, 420 (Pa. Super. 1998) (privilege applies to communication when it is "published prior to a 'judicial proceeding' so long as that communication has a bearing on the subject matter of the litigation"), citing Restatement (Second) of Torts §586; *Smith v. Griffiths*, 476 A.2d 22, 25 (Pa. Super. 1984). Moreover, in *Post*, the Court reiterated this application of judicial privilege and stated that, for the absolute privilege to apply, it is enough that "it have some reference to the subject of the inquiry." 507 A.2d at 356-357.

In *Milliner*, the Pennsylvania Superior Court found that the absolute privilege attached to communications to the Job Center – not the court or even the unemployment board – concerning an employee's entitlement to unemployment benefits. *Milliner, supra*, 709 A.2d at 419. Critical to the Superior Court's analysis was that the information that was provided was identical in scope to what was raised at the quasi-judicial proceeding, and therefore, such information was "material" and "pertinent." *Id.* at 421. The Superior Court characterized the statements to the Job Center in this way, "[i]n this case, appellees' statements to the Job Center were

5

essentially their 'answer' to appellant's 'complaint' for unemployment benefits." *Id.*

Similarly, here, the statements at issue in the January 17, 2020 correspondence are like the statements in *Milliner, i.e.*, they summarize Eckert's defenses and its response to POM's accusations and demand.  Thus, they are protected by Pennsylvania's absolute judicial privilege.

In *Smith*, the Superior Court aptly summarized the application of the judicial privilege to counsel's statements in different fora:

> The purpose for which the privilege exists cannot fully be achieved by limiting the privilege to structured or formal proceedings.  To permit an attorney to best serve a client, the privilege must be broad enough to include occasions when a client's cause is being advocated in less formal circumstances.  **Thus, the privilege extends to and includes preliminary demands**, as well as informal conferences and negotiations conducted after litigation has been commenced **or when litigation is seriously contemplated**.

476 A.2d at 25 (emphasis added).

Here, even putting aside POM's refusal to address the fact that these exact statements were made in Eckert's affirmative defenses and in its Joint Case Management Plan, Eckert's defense that "it was not counsel for a party in a litigation where POM is an adverse party,"[2] is protected by the absolute judicial privilege.  The statement was made by Eckert's General Counsel.  It was made to POM's current

---

[2] While neither POM's counsel's letter to Eckert's General Counsel or the response are attached to POM's Amended Complaint, the purported statement and the January 17, 2020 letter are cited in the Amended Complaint.  The statement at issue is identical to one of the affirmative defenses that POM now claims constitutes a "misrepresentation" and forms the basis for its fraud claim.

counsel.  It was made in the context of negotiations and responding to accusations of wrongdoing and a demand that Eckert immediately withdraw from its representation of Parx Casino, which is exactly the claim that POM asserted a month later.  Because such a statement is protected by the absolute judicial privilege, it cannot provide any basis for POM to assert a claim for fraud against defendants and, accordingly, the Court should dismiss Count III with prejudice.

## B. Notwithstanding POM's Arguments to the Contrary, There Can Be No Justifiable Reliance.

While POM would have this Court believe that justifiable reliance is somehow exclusively a fact issue that a jury would need to determine, justifiable reliance is a legal element to a fraud claim.  In this case, the undisputed factual allegations belie POM's ability to assert any type of justifiable reliance to support a fraud claim.

Here, POM freely admits in its Amended Complaint and in its response to defendants' motion to dismiss that the purported statements that form the basis of its fraud claim derive from communications between counsel for POM and Eckert's General Counsel and in affirmative defenses and other pleadings in the case.  None of the statements at issue were even made directly to POM.

Moreover, at that point in time, there can be no dispute that POM retained separate counsel – indeed, its current counsel – to address POM's concerns and to pursue these very claims. As such, POM certainly did not – and could not – have justifiably relied upon any statements made by Eckert *to its new counsel*, and Eckert

7

was communicating only through counsel at that point regardless. Thus, at the time that the referenced statements were made, POM unquestionably had retained counsel to challenge Eckert's purported conflict of interest and to pursue this litigation. POM did not justifiably rely on its adverse party's counsel, either in-house or outside counsel thirty days before commencing this lawsuit, and it could not do so as a matter of law. *See, e.g., Daugherty v. Adams*, 2019 WL 7987859 at *32 (attached as Exhibit "B") (fraud claim dismissed where party attempted to rely upon statements made by counsel and court stated, "[e]ven if Plaintiffs had relied upon these statements, any such reliance would not have been reasonable, because it is unreasonable as matter of law to rely on the representations of legal counsel in litigation"). Thus, because this dispute had already arisen by the time that Eckert's counsel made the statements to POM's counsel, and POM did not rely upon any of them in filing this lawsuit or its claim, POM's fraud claim is implausible and fatally flawed. Accordingly, this Court should dismiss Count III of the Amended Complaint with prejudice.

## C. **POM's Declaratory Relief Claim Does Not Seek Prospective Relief.**

POM – in trying to salvage its declaratory relief claim – argues that it seeks only prospective relief. The claim and the supporting allegations state otherwise. *See* Amended Complaint at ¶61 (POM is seeking a "judicial declaration under 28 U.S.C. §2201 that Eckert, Mr. Stewart and Mr. Skjoldal breached fiduciary duties owed to POM as detailed herein"). POM indeed seeks a judicial declaration that

defendants breached their fiduciary duties by undertaking representations of Parx Casino in matters adverse to POM and by failing to obtain an advance conflict waiver. *See* Amended Complaint at ¶¶58-59. Not only is such a claim redundant of its claim for breach of fiduciary duty, it is unnecessary because POM has separately filed a motion for preliminary injunction – which, if granted, would provide it with so-called "prospective relief."

Because the crux of POM's declaratory relief count on its face seeks a declaration and adjudication based upon conduct that occurred in the past – indeed, almost two years ago – POM cannot maintain a claim for declaratory relief. For these reasons, POM cannot maintain a plausible claim against defendants for declaratory judgment. Thus, the Court should dismiss with prejudice Count I of the Amended Complaint as a result.

### D. **POM's Punitive Damages Request is Impermissible.**

While POM certainly uses its opposition to defendants' request to dismiss its punitive damages requests as an opportunity to take further shots at defendants, such accusations and arguments do not save its pleading. POM simply fails to plead sufficient facts in its Amended Complaint to support the recovery of punitive damages against defendants. Conclusory allegations of "malicious, wanton and willful" conduct and arguments in briefs that state that defendants acted intentionally and outrageously do not substitute for well-pled, factual allegations. As POM's

Amended Complaint fails to allege sufficient and well-pled facts that would support the recovery of punitive damages under Pennsylvania law in connection with any of its claims, the Court should grant defendants' motion as to the punitive damages request and, accordingly, dismiss with prejudice all of POM's requests for punitive damages as contained in its Amended Complaint.

## CONCLUSION

For all of the foregoing reasons, and those contained in its principal brief, defendants respectfully request that this Court enter their proposed form of Order and grant the motion to dismiss and dismiss Counts I, III, and all requests for punitive damages from the Amended Complaint of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendants,
ECKERT SEAMANS CHERIN & MELLOTT,
LLC, MARK S. STEWART, KEVIN M.
SKJOLDAL**

Date:   October 8, 2021

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                          :
                                             :
                    Plaintiff,               :
                                             :
    v.                                       :        Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN &                      :
MELLOTT, LLC,                                :        (Judge Jennifer P. Wilson)
                                             :
                    Defendant.               :
_____   :

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 8th day of October, 2021, I served a true and correct copy of the foregoing Reply Brief in Further Support of Motion to Dismiss, via ECF, upon the following:

> Daniel T. Brier, Esquire
> Donna A. Walsh, Esquire
> Myers, Brier & Kelly, LLP
> 425 Spruce Street, Suite 200
> Scranton, PA 18503
>
> **Counsel for Plaintiff**
> **PACE-O-MATIC, INC.**

ROBERT S. TINTNER, ESQUIRE