*EXHIBIT "A"*



**ECKERT**

S E A M A N S

AT TORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

TEL    412 566 6000
FAX    412 566 6099
www.eckertseamans.com

Timothy S. Coon
412.566.1214
tcoon@eckertseamans.com

January 17, 2020

BY EMAIL dbrier@mbklaw.com

Daniel T. Brier
Myers Brier & Kelly LLP
425 Spruce Street
Suite 200
Scranton, PA 18501

Re: Pace-O-Matic Inc.

Dear Mr. Brier:

I am Chief Legal Officer for Eckert Seamans Cherin & Mellott LLC ("Eckert").

On behalf of the firm and attorney Mark Stewart, I am responding to your January 16, 2020 letter to Mr. Stewart concerning Eckert's concurrent representation of Pace-O-Matic ("POM") and Greenwood Gaming & Entertainment Inc. ("Parx Casino").

With all respect, we believe your letter contains erroneous statements and characterizations about Mr. Stewart's legal representation of Parx Casino and, more importantly, that it is incorrect in asserting that there has been a violation of the Pennsylvania Rules of Professional Conduct. I will not belabor that viewpoint here, as it not productive to spend time exchanging contentions at this point. Instead, I will briefly summarize the circumstances that bring us to the present situation and Eckert's decision on the path forward.

When Eckert was first approached by POM to assist it with regulatory and legislative matters in Virginia, POM was advised that Eckert already represented gaming clients in Pennsylvania, that Eckert would continue to fully represent gaming clients in Pennsylvania, that Eckert would not represent POM in Pennsylvania, and that there was a potential that Eckert's representation of gaming clients in Pennsylvania could be adverse to POM at some point in the future. It was with this understanding that, in December 2016, Eckert agreed to assist POM in Virginia. POM has always understood that Eckert represented clients in Pennsylvania with interests adverse to POM.

To protect the confidential information of each client, Eckert established a confidentiality screen. Access exclusion rules were set on Eckert's document network as between the Eckert team representing POM and the team representing Parx Casino. The two client teams were

ECKERT00122



**ECKERT**
S E A M A N S
ATTORNEYS AT LAW

Daniel T. Brier
January 17, 2020
Page 2

expressly instructed that they could not discuss, disclose or share any client information, as to any past/current/future client matter or project, with members of the other client team. No attorney who has worked on a Parx Casino matter has worked on a POM matter and vice versa. There has been no sharing or disclosure of client information between the two client teams. The existence of the confidentiality screen was communicated to POM's National Counsel, and also to POM directly by Eckert attorney Tony Troy.

In light of concerns over the concurrent representation raised by POM in the past several months, Eckert made a careful examination of the facts and law and concluded there is no ethical conflict under the Rules of Professional Conduct of either Pennsylvania or Virginia. The key points are:

> Eckert is not counsel for a party in a litigation where POM is an adverse party.

> Eckert's representation of Parx Casino is in Pennsylvania tribunals (by attorneys screened from the POM representation) and involves Pennsylvania laws.

> Eckert's representation of POM is in Virginia tribunals (by attorneys screened from the Parx Casino representation) and involves Virginia laws.

We recognize that the representations of Parx Casino in Pennsylvania and POM in Virginia have at times involved advancing differing legal positions under the different laws of those different jurisdictions, but this is a positional conflict, which is, has been and remains permissible under the Rules of Professional Conduct. It is not an ethical conflict.

Moreover, in addition to Eckert's own considered review of the relevant conflict principles, Eckert sought the guidance and evaluation of Ethics Counsel for the Virginia State Bar. The Virginia Ethics Counsel reached the same conclusion as Eckert did – that asserting opposing or inconsistent legal positions in different jurisdictions created a business/positional conflict but was not an ethical conflict.

I communicated the above points to POM's National Counsel in several telephone conferences over the past few months to respond to the concerns raised by POM. Most recently, and given the growing positional disputes in Pennsylvania, in December I requested in a call with POM's National Counsel that POM confirm its waiver of any conflict it perceived in our current or future representation of Parx Casino in Pennsylvania, so that we could continue to represent POM in Virginia. We were hopeful POM would agree, since to my information POM has been pleased with Eckert's representation and with the results the Eckert POM team has obtained in Virginia. We do not agree that there is any ethical conflict, but recognize that POM is now troubled by the concurrent representations. We made this proposal as a means to resolve the concern and maintain the relationship. Your letter asserting a purported ethical conflict is a surprise because the firm understood that the confidentiality screen was already acceptable to

**ECKERT00123**



**ECKERT**
S F A M A N S
ATTORNEYS AT LAW

Daniel T. Brier
January 17, 2020
Page 3

POM and that confirmation of a prospective waiver would be forthcoming directly from the POM. It certainly does not mention the facts, circumstances and discussions summarized above.

We understand that POM now demands that Eckert cease and limit its representation of another pre-existing client to accommodate POM's business interests when there is no ethical conflict. Eckert will not do that. Eckert would prefer to continue a relationship with POM in Virginia but, given your letter, can only do so if POM will provide confirmation that it consents to Eckert's representation of Parx Casino in Pennsylvania in matters that are adverse to POM, whether a positional or a direct conflict. If Eckert and POM cannot reach this agreement, Eckert will withdraw from its representation of POM. We would of course cooperatively work with POM to ensure a timely and smooth transition to new counsel. The confidentiality screen would also, of course, survive the end of the representation.

If you would like to discuss this response in more detail, please contact me.

Very truly yours,

Timothy S. Coon

Cc:    Mark Stewart
       Timothy Hudak

**ECKERT00124**