# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,             :
                                         :

           Plaintiff,      :

     v.                      :        Docket No. 1:20-cv-00292
                                           :

ECKERT SEAMANS CHERIN &amp;     :
MELLOTT, LLC,  MARK S. STEWART,   :       (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,         :
                                         :

           Defendants.   :
_____:

---

## MEMORANDUM OF LAW OF DEFENDANTS
## IN OPPOSITION TO PLAINTIFF'S
## AMENDED MOTION FOR PRELIMINARY INJUNCTION

---

ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendants,**
**ECKERT SEAMANS CHERIN &amp; MELLOTT,**
**LLC, MARK S. STEWART and**
**KEVIN M. SKJOLDAL**

Date:   October 22, 2021

# **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ............................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................. 4

Eckert's Prior Representation of POM in Virginia..................................... 4

Eckert Has Disclosed No Confidential Information ................................... 7

Eckert Learns About Mr. Lisk's Misstatements ....................................... 8

Procedural History ........................................................................... 10

QUESTION PRESENTED ...................................................................... 11

LEGAL ARGUMENT ........................................................................... 11

      A.    POM's Request for Injunctive Relief Is Untimely............................. 11

      B.    POM Cannot Establish a Right to Relief Under *Maritrans*. .............. 12

      C.    POM Is Not Entitled To Injunctive Relief. ....................................... 14

            1.    Standard for a Preliminary Injunction. ................................... 14

            2.    POM Cannot Establish Immediate and Irreparable Harm....... 16

            3.    POM Cannot Prevail on the Merits of Its Claims.................... 18

            4.    Balancing the Hardships Weighs in Favor of Eckert.............. 20

            5.    Granting POM's Injunction Is Not in the Public's Interest. .... 21

CONCLUSION .................................................................................... 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*American Greetings Corp. v. Dan-Dee Imports, Inc.*,
807 F.2d 1136 (3d Cir. 1986) ...................................................................15, 16

*American Tel. & Tel. Co. v. Windback & Conserve Program, Inc.*,
42 F.3d 1421 (3d Cir. 1994) ...............................................................15

*Campbell Soup Co. v. ConAgra, Inc.*,
977 F.2d 86 (3d Cir. 1992) ...............................................................17

*Doe v. Provident Life & Accident Insurance Co.*,
936 F. Supp. 302 (E.D. Pa. 1996)...........................................................18

*ECRI v. McGraw-Hill, Inc.*,
809 F.2d 223 (3d Cir. 1990) ........................................................15, 20

*Instant Air Freight Co. v. C.F. Air Freight, Inc.*,
882 F.2d 797 (3d Cir. 1989) ........................................................14, 15

*Kos Pharmaceuticals v. Andrx Corp.*,
369 F.3d 700 (3d Cir. 2004) ...............................................................14

*Lanin v. Borough of Tenafly*,
515 F. App'x 114 (3d Cir. 2013) .......................................................12

*Loveless v. Bank of America, N.A.*,
No. 13-1546, 2016 WL 5030394 (M.D. Pa. Aug 24, 2016).............................15

*Skehan v. Board of Trustees of Bloomsburg State College*,
353 F. Supp. 542 (M.D. Pa. 1973).......................................................12

*Prudential Ins. Co. of America v. Stella*,
994 F. Supp. 308 (E.D. Pa. 1998)................................................15, 17

*Thomas v. Pennsylvania Dept. of Corr.*,
No. 13-2661, 2014 WL 3955105 (M.D. Pa. Aug. 13, 2014)..............................15

**State Cases**

*Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*,
  602 A.2d 1277 (Pa. 1992)..................................................................3, 12, 13, 14

*Rollins Protective Services Co. v. Shaffer*,
  557 A.2d 413 (Pa. Super. 1989) ........................................................................17

*Sheridan Broad. Networks, Inc. v. NBN Broad., Inc.*,
  693 A.2d 989 (Pa. Super. 1997) ........................................................................17

*Sovereign Bank v. Harper*,
  674 A.2d 1085, 1093 (Pa. Super. 1996) ............................................................17

**Rules of Professional Conduct**

Pennsylvania Rules of Professional Conduct 1.7 ............................................10, 19

Pennsylvania Rules of Professional Conduct 1.9 ....................................................10

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PACE-O-MATIC, INC.,          : | |
|                               : | |
|         Plaintiff,        : | |
| v.                          : | Docket No. 1:20-cv-00292 |
|                                 : | |
| ECKERT SEAMANS CHERIN &amp;  : | |
| MELLOTT, LLC,  MARK S. STEWART,  : | (Judge Jennifer P. Wilson) |
| and KEVIN M. SKJOLDAL,      : | |
|                                 : | |
|         Defendants.   : | |
|                                 : | |

**MEMORANDUM OF LAW OF DEFENDANTS
IN OPPOSITION TO PLAINTIFF'S
<u>AMENDED MOTION FOR PRELIMINARY INJUNCTION</u>**

Defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart ("Mr. Stewart") and Kevin M. Skjoldal (collectively, "defendants" or "Eckert"), by and through their counsel, Fox Rothschild LLP, hereby file their Memorandum of Law in Opposition to the Amended Motion for Preliminary Injunction of plaintiff, Pace-O-Matic, Inc. ("POM").

<u>**INTRODUCTION**</u>

The time for seeking injunctive relief in this case has now long since passed. In addition to seeking unnecessary, inappropriate, and virtually case-dispositive relief, the amended motion for preliminary injunction (the "Amended Motion") filed by POM fails to meet any of the requisite elements necessary to obtain any form of

preliminary, injunctive relief.  Through its Amended Motion, POM mischaracterizes the limited nature of Eckert's representation of POM and seeks to have this Court somehow adjudicate Eckert's past conduct in the absence of any need for prospective injunctive relief.

**First**, POM's Amended Motion fails to establish that its request for relief is either immediate or irreparable.  Indeed, POM's Amended Motion is untimely for several reasons.  POM first raised the issues addressed in the Amended Motion by correspondence and discussion with Eckert beginning in October 2019 and continuing through January 2020.  At no time during that process did POM claim that the advance conflict waiver in the Engagement Letter was invalid or ineffective. POM then filed its original Complaint in February 2020 and its original motion in late March 2020.  Later, POM sought leave to file this Amended Motion in August 2021 – nearly 18 months later and after the issues raised in its Amended Motion were resolved.  The only thing substantively that has changed is that POM has been given the relief that it originally sought, and its request is even more untimely than before – *now two years removed from the original discussions in October 2019*. Similarly, POM's request for relief is not irreparable insofar as POM continues to seek monetary damages in its Amended Complaint, as it did in its original Complaint.

**Second**, POM is not entitled to any of the relief that it seeks.  There is no basis for injunctive relief under the Pennsylvania's Supreme Court decision in *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277 (Pa. 1992).  Most significantly, Eckert believed that it had a fully informed, advance conflict waiver. There are internal Eckert e-mails that confirm the request for the waiver – as well as the signed Engagement Letter between POM and Eckert which has an advance conflict waiver in it.  When Eckert learned, during the course of this litigation, that it did not have a fully informed advance conflict waiver, it took appropriate steps to remedy the concerns of a conflict raised by POM.  More importantly, there has never been any disclosure of confidential information.  Eckert created an appropriate ethical screen, and the attorneys have abided by that screen. Thus, there is absolutely no basis or need for any form of injunctive relief.

**Third**, contrary to what POM asserts, balancing the hardships and the public interest weigh in favor of Eckert because the *status quo* does not require issuance of any type of preliminary injunction.  Able counsel of its choosing represents POM in its actions pending in Pennsylvania.  Eckert represents its other pre-existing gaming clients in Pennsylvania in matters that are now totally removed from any of POM's cases.  Aside from the absence of any direct adversity, the parties may maintain the *status quo* by allowing them to have counsel of their choosing and adhering to the appropriate sworn declarations.

In sum, POM cannot meet the requisite elements of a preliminary injunction.

Accordingly, this Court should deny POM's Amended Motion in its entirety.

## **FACTUAL AND PROCEDURAL BACKGROUND**
### **Eckert's Prior Representation of POM in Virginia**

POM's Amended Motion misleadingly suggests that Eckert represented POM

continuously from 2011.[1] In December 2016, POM contacted Virginia attorney,

Thomas Lisk, who at the time was a member of Eckert, to see if Mr. Lisk could assist

POM with legislative and legal matters in Virginia.  When Mr. Lisk raised the

potential engagement internally, other Eckert attorneys raised concerns, among

them, Mark Stewart, who is a co-chair of Eckert's Gaming Group.  Mr. Stewart was

concerned that Eckert's representation of POM potentially could result in future

conflicts with Eckert's pre-existing representation of certain gaming clients in

Pennsylvania.  *See* First Declaration of Mr. Stewart attached hereto as Exhibit "B".

Mr. Stewart raised his concerns directly with Mr. Lisk before the representation of

---

[1] In September 2011, POM approached Eckert about representing POM in Pennsylvania involving its "Palmetto Gold" game.  Eckert requested a $5,000 retainer and sent an Engagement Letter.  The representation, in essence, ended before it began.  Eckert did some limited research and made some inquiries in October 2011 and, ultimately concluded, that it could not assist POM and informed POM of that conclusion.  *See* Declaration of David Mayernik attached hereto as Exhibit "A".  Eckert billed POM a total of $120.00 and later refunded the entirety of the retainer, plus an additional $120.00 that POM overpaid. *Id.* Eckert provided no legal services, advice or consultation whatsoever to POM over the next five years.

POM began.  *Id.*; *see also* December 2016 and February – April 2017 e-mails between Mr. Stewart and Mr. Lisk attached hereto as Exhibit "C".

So that there would be no confusion, Mr. Stewart told Mr. Lisk to confirm with POM that POM understood that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; (4) Eckert could be adverse to POM in Pennsylvania; and (5) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia that required a possible waiver.  *Id.*

In early 2017, Eckert began the representation of POM in Virginia, presumptively subject to that advance conflict waiver and other representational limitations that included an agreement that Eckert would not represent POM in Pennsylvania and an acknowledgement by POM that Eckert could be adverse to POM in Pennsylvania.  *See* e-mails and Engagement Letter attached hereto as Exhibits "C" and "D", respectively.  At that time, there was no overlap between the work that Eckert was performing for its gaming clients in Pennsylvania and the work that Eckert performed for POM in Virginia.

Eventually, Mr. Lisk confirmed verbally and later by e-mail that he obtained POM's informed consent and waiver.  *Id.*  Eckert also put in place an appropriate ethical screen to screen off the attorneys representing POM in Virginia from the

attorneys representing gaming clients in Pennsylvania. *See* Mr. Stewart's First Declaration (Exhibit "B").

In April 2017 and then later in September 2017, POM sought Eckert's potential representation of POM in Pennsylvania. Eckert declined the representation because of the potential positional conflict. *See* Declaration of Matthew Kirsner attached hereto as Exhibit "E". *See also* e-mails (Exhibit "C").

Eckert continued to represent POM in Virginia from early 2017 until January 2020. *Id.* It was only when POM refused to reaffirm its prior waiver of any potential conflict and made a demand upon Eckert not to represent its gaming clients in Pennsylvania that Eckert concluded that it had to withdraw from its representation of POM in Virginia. *Id.*

Notwithstanding the fact that Eckert properly disclosed its prior existing representations to POM and that Eckert could not represent POM in Pennsylvania, POM began to raise concerns about Eckert's representation of its gaming clients in Pennsylvania in October 2019. Thereafter, there were a series of communications from October 2019 to January 2020 between Eckert and POM's national counsel, and then POM's counsel in this same litigation. Eckert attempted to address the concerns and simultaneously sought POM's re-confirmation of the prior conflict waiver in the Engagement Letter in order to continue to represent POM in Virginia. Not only did POM refuse to reaffirm its prior waiver, POM then took the position

6

that Eckert had to withdraw from its representation of other pre-existing clients in order to satisfy POM's concern.   *See* Mr. Kirsner's Declaration (Exhibit "E"). Because of POM's insistence that Eckert withdraw from its other representations and its refusal to affirm its prior waiver, Eckert was left with no alternative but to withdraw as POM's counsel in Virginia in early 2020.  *Id.*

Separately, through other counsel, POM filed two Petitions for Review in the Commonwealth Court of Pennsylvania seeking certain declarations about the use of its games in Pennsylvania.   POM put those legal issues – and, specifically, the legality of its games – directly before the courts in Pennsylvania.   Eckert is not representing any party in those actions, and none of Eckert's other clients put that issue before the Commonwealth Court to decide; POM through other counsel did.

### Eckert Has Disclosed No Confidential Information

Consistent with the ethical screen, at no time did any of the Eckert attorneys working on the POM matters in Virginia discuss those matters with the Eckert attorneys who were representing gaming clients in Pennsylvania.   *Id.; see also* Declaration of Anthony Troy attached hereto at Exhibit "F".  The Eckert attorneys who represented POM did not disclose any of POM's confidential information to anyone.  *Id.*

Also consistent with the ethical screen, Mr. Stewart did not discuss the matters on which he was working for his gaming clients in Pennsylvania with the Eckert

attorneys who were representing POM in Virginia. *See* Mr. Stewart's First Declaration (Exhibit "B"). Mr. Stewart did not disclose any of his gaming clients' confidential information to anyone. *Id.*

Consistent with all of Eckert declarations filed in opposition to POM's original Motion and this Amended Motion, no Eckert attorney working on POM's matters in Virginia shared any of POM's confidential information with any of the attorneys working for Parx Casino in Pennsylvania.

### Eckert Learns About Mr. Lisk's Misstatements

Despite the fact that, for almost four years, Eckert believed that it had a fully informed advance conflict waiver, Eckert learned through the September 1, 2020 deposition of Mr. Lisk (who continues to represent POM since leaving Eckert a few years ago) that it did not have such an informed conflict waiver. Specifically, Mr. Lisk testified that, while POM had signed a written advanced waiver in its Engagement Letter with Eckert, Mr. Lisk had neglected to discuss in detail with POM the proposed conflict waiver allowing Eckert to be adverse to POM in Pennsylvania, as suggested in his December 20, 2016 e-mail.[2] *See* Second Declaration of Mr. Stewart and Declaration of Timothy Coon, Eckert's Chief Legal Officer, attached hereto as Exhibits "G" and "H", respectively.

---

[2] Mr. Lisk acknowledged at his deposition that he properly disclosed Eckert's prior existing representations to POM and that Eckert could not represent POM in Pennsylvania.

Because Mr. Lisk did not obtain the conflict waiver requested, *i.e.*, POM's agreement and understanding that Eckert could represent parties adverse to POM in Pennsylvania, including Parx Casino, Eckert determined voluntarily that it would not represent parties adverse to POM.  *See* Second Declaration of Mr. Stewart at ¶6 (Exhibit "G").  To that end, Eckert withdrew as counsel in the matters that Parx Casino initiated against a number of businesses conducting unlicensed gambling operations in Pennsylvania (the "unlicensed gambling actions") even though POM is not a party in those actions.[3]  *Id.* at ¶7.

In addition, Eckert agreed not to communicate with counsel for the Commonwealth of Pennsylvania or any of the counsel of record for the proposed interveners, including Parx Casino[4], in the actions that POM commenced in the Commonwealth Court of Pennsylvania to address the legality of POM's games.  *Id.* at ¶¶8-9.  Further, Eckert has agreed not to take a position adverse to POM or advocate that POM's devices are not predominantly based on skill.  *Id.* at ¶10.

---

[3] While POM is not a party in those cases, the defendant businesses are using POM's games, so POM perceives adversity in the positions taken.

[4] The Commonwealth Court has not yet granted Parx Casino or any other proposed intervener leave to become a party in the actions that POM commenced in the Commonwealth Court, but nonetheless, there is adversity between POM's position in those cases and that of Parx Casino.

Mr. Coon confirmed through a review of Eckert's document audit trail information[5], that no Eckert attorney working for gaming clients in Pennsylvania accessed documents for any POM matters contained on Eckert's document management system. *See* Declaration of Mr. Coon at ¶8 (Exhibit "H"). Mr. Coon also confirmed that Eckert has every intention of complying fully with its commitment not to represent any party adverse to POM consistent with Pennsylvania Rules of Professional Conduct 1.7 and 1.9. *Id.* at ¶5.

### Procedural History

POM's initially filed its Complaint in this action on February 18, 2020. Eckert timely answered the Complaint on March 10, 2020. POM filed an Amended Complaint on August 3, 2021. Eckert filed a partial motion to dismiss on August 27, 2021; Eckert filed its supporting brief on September 10, 2021. POM opposed the partial motion to dismiss, which is still pending before this Court.

POM filed its original motion for preliminary injunction on March 24, 2020. Eckert filed its response to that motion on April 21, 2020. While POM and Eckert agreed to take certain limited discovery in anticipation of a prompt hearing, the only deposition taken was that of Mr. Lisk by Eckert's counsel. That deposition took place over a year ago on September 1, 2020.

---

[5] The audit trail function identifies any system user who accessed or copied a document maintained on the system along with the date and other information.

POM then filed this Amended Motion on September 17, 2021. POM filed its Brief in support of the Amended Motion on October 1, 2021. Eckert now submits this Brief in opposition to the Amended Motion.

## QUESTION PRESENTED

Is POM entitled to any form of preliminary injunctive relief?

Suggested Answer: No.

## LEGAL ARGUMENT

### A.   POM's Request for Injunctive Relief Is Untimely.

Before even getting to the merits of POM's request for injunctive relief, the Court should deny POM's Amended Motion as untimely. There is nothing immediate or irreparable about the relief that POM is seeking. Indeed, there is nothing current or timely about what POM seeks. All of the conduct to which POM complains took place between October 2019 and February 2020. All of the "evidence" that POM cites to in its Amended Motion certainly pre-date Eckert's withdrawal from the unlicensed gambling actions and prior to Eckert agreeing not to have any further communications concerning POM's pending Commonwealth Court cases. No discovery that POM has taken or may choose to take in the future will change that. Eckert is not representing a party adverse to POM in any pending action. There is also no dispute that Eckert no longer represents POM. Rather, Eckert's involvement in the unlicenses gambling actions and the Commonwealth Court cases has ended. POM knows this, and Eckert has provided declarations to

11

that effect.  The concerns that POM has raised have long since been addressed and remedied.

As such, POM's Amended Motion is untimely, and there is absolutely no need for any form of prospective, injunctive relief.  When courts review a lack of timeliness in seeking injunctive relief, they routinely deny requests for injunctive relief that are this far removed from any purported harm.  *See, e.g.*, *Lanin v. Borough of Tenafly*, 515 F. App'x 114 (3d Cir. 2013) (Third Circuit affirmed denial of a preliminary injunction where district court found a 2 year delay in seeking injunctive relief which evidenced no immediate or irreparable harm); *Skehan v. Board of Trustees of Bloomsburg State College*, 353 F. Supp. 542, 543 (M.D.Pa. 1973) (long delay in seeking injunctive relief is a bar to such relief).

## B.    POM Cannot Establish a Right to Relief Under *Maritrans*.

The seminal case concerning claims for breach of fiduciary duty under Pennsylvania law is *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992).  In *Maritrans*, the Pennsylvania Supreme Court conclusively established that an attorney owes his client a fiduciary duty to maintain a client's confidential information and to preserve an attorney's loyalty to a client by not engaging in impermissible conflicts of interest.  *Id.*

The key issue in *Maritrans*, which supported the entry of injunctive relief, was that the very same attorney who held the confidential information and the duty of

12

loyalty to the former client *was the attorney seeking to represent the former client's competitors in substantially related matters*.   *Id.* at 248-249 and 1286.   There, Maritrans actually agreed to the implementation of an ethical screen that permitted its former lead attorney, Anthony Messina, Jr., to represent four competitors of Maritrans in New York.  *Id.* at 249.  Messina not only violated the ethical screen in order to represent other Maritrans competitors, but he was simultaneously trying to recruit another attorney representing other Maritrans competitors to join Pepper.  *Id.*

Because of Messina's direct knowledge of Maritrans' highly confidential and industry-competitive information and because Messina was directly representing competitors in actions adverse to Maritrans (and had violated his own proposed ethical screen), the trial court believed that a preliminary injunction was warranted. *Id.* at 251.

Interestingly, both the trial court and the Supreme Court found the ethical screen there to be defective largely because Messina was on both sides of it. Nevertheless, in dissent, former Chief Justice Nix believed that an injunction was unnecessary because Maritrans had given its consent to the ethical screen.  *Id.* at 266.

While *Maritrans* certainly establishes a cause of action for breach of fiduciary duty under Pennsylvania law and even a potential basis for injunctive relief in certain circumstances, none of the factors that existed in *Maritrans* is present here.  **First**, Eckert obtained an advance conflict waiver in order for Eckert to represent POM in

Virginia subject to certain limitations.  That conflict waiver recognized that Eckert represented gaming clients in Pennsylvania whose interests were potentially adverse to POM in Pennsylvania, where Eckert could not represent POM.  **Second**, there is an ethical screen in place, and there are different attorneys involved in the respective representations not the same one as in *Maritrans*.  **Third**, Eckert has not disclosed any confidential information of POM; there is no evidence to the contrary.  **Fourth**, the matters are not substantially related, as they involve different legal issues in different fora where the framework for gambling is entirely different.  **Finally**, here, POM cannot demonstrate any of the elements necessary to establish injunctive relief particularly because Eckert is not representing any party adverse to POM.

Accordingly, *Maritrans* provides no basis for POM to obtain injunctive relief in this case.

### C. <u>POM Is Not Entitled To Injunctive Relief.</u>

#### 1. <u>Standard for a Preliminary Injunction.</u>

Injunctive relief is an "extraordinary remedy and should be granted only in limited circumstances."  *Kos Pharmaceuticals v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).  Preliminary injunctive relief, as an extraordinary remedy, places precise burdens on the moving party, and 'the preliminary injunction must be the only way of protecting the plaintiff from harm.'"  *Loveless v. Bank of America, N.A.*,

No. 13-1546, 2016 WL 5030394 at *5 (M.D. Pa. Aug. 24, 2016), citing *Instant Air Freight*, 882 F.2d at 801; *Thomas v. Pennsylvania Dept. of Corr.*, No. 13-2661, 2014 WL 3955105 at *1 (M.D. Pa., Aug. 13, 2014) ("An injunction is an extraordinary remedy that is never awarded as of right").  Moreover, "irreparable injury is "harm which cannot be redressed by a legal or an equitable remedy following trial," and "the preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight*, 882 F.2d at 801.

In order to obtain a preliminary injunction, the moving party bears the heavy burden of establishing that: (1) it has shown a reasonable probability of success on the merits; (2) it will be irreparably injured by denial of the relief because there is no adequate remedy at law; (3) granting preliminary relief will not result in even greater harm to the other party; and (4) granting preliminary relief will be in the public interest.  *See ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1990); *Prudential Ins. Co. of America v. Stella*, 994 F. Supp. 308, 316 (E.D. Pa. 1998); *see also American Tel. & Tel. Co. v. Windback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994*)*.

In this Circuit, a district court may issue a preliminary injunction *only* if the moving party has shown that it is likely to prevail on the merits, that it will suffer irreparable harm absent such relief and that the balance of the equities and the public interest favor injunctive relief.  *See American Greetings Corp. v. Dan-Dee Imports,*

*Inc.*, 807 F.2d 1136, 1140 (3d Cir. 1986).  This Court should deny POM's Amended Motion because POM is incapable of establishing the necessary requirements for such relief.

### 2.   POM Cannot Establish Immediate and Irreparable Harm.

POM cannot establish immediate and irreparable harm here.  Aside from the fact that there has been no breach of confidentiality or improper use of any purportedly confidential information, there is an ethical screen in place.  There are no allegations or evidence to the contrary by POM of Eckert's purported misuse of confidential information.  The allegation that Eckert could potentially misuse POM's "confidential" information in other clients' matters lacks any supporting evidence, including from Mr. Lisk.  POM waives as a sword a vague allegation with no support and which as a matter of unassailable fact is simply untrue.

POM also waited, first, to file and seek any type of relief and, second, has done nothing to move this matter toward any resolution, which calls into question the tactical nature of its Amended Motion and whether there is, in fact, any immediate or irreparable harm.  POM knew at the outset of Eckert's representation of POM that Eckert represented gaming clients in Pennsylvania who were potentially adverse to POM.   POM also knew as early as the start of the representation, but certainly no later than April 2017, that Eckert could not – and would not – represent POM in Pennsylvania.  POM identified and complained of a

potential conflict with Eckert as early as October 2019. Despite all of that, POM filed its Complaint in February 2020 and waited until late March 2020 to file its original motion. All of the conduct to which POM complains took place between October 2019 and February 2020. It then filed this Amended Motion *after Eckert in essence provided it with the relief that it was seeking*. [6]

POM simply has failed in its burden to establish immediate and irreparable harm. In this Circuit, "[a] plaintiff has the burden of making a 'clear showing of immediate irreparable (not merely serious or substantial) injury' . . ." *Prudential,* 994 F. Supp. at 316, quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90-91 (3d Cir. 1992). "An injury is regarded as 'irreparable' if it will cause damage which can be estimated only by conjecture and not by an accurate pecuniary standard." *Sheridan Broad. Networks, Inc. v. NBN Broad., Inc.*, 693 A.2d 989, 995 (Pa. Super. Ct. 1997) quoting *Sovereign Bank v. Harper*, 674 A.2d 1085, 1093 (Pa. Super. 1996); *Rollins Protective Services Co. v. Shaffer*, 557 A.2d 413, 414 (Pa. Super. Ct. 1989).

In its Amended Complaint, POM seeks a disgorgement of the legal fees POM paid to Eckert for Eckert's representation of POM in Virginia. Although those

---

[6] In part, Eckert did so to move this matter toward resolution and to resolve all outstanding issues with respect to the original motion and now this Amended Motion, which substantively adds nothing new.

alleged damages are not recoverable, POM nonetheless asserts an entitlement to them.  Irreparable harm is harm where no adequate remedy of law exists such that a party may be compensated in the form of monetary damages.  *See Doe v. Provident Life & Accident Insurance Co.,* 936 F. Supp. 302, 305-06 (E.D. Pa. 1996) (equitable relief is not appropriate where a party has an adequate legal or statutory remedy), citing *Tudor Dev. Group v. U.S.F.&G.*, 968 F.2d 257, 264 (3d Cir. 1992). Here, POM has not suffered any immediate or irreparable harm.  Accordingly, this Court should deny POM's Amended Motion.

### 3. <u>POM Cannot Prevail on the Merits of Its Claims.</u>

POM asserts one substantive cause of action relevant to its Amended Motion – a claim for breach of fiduciary duty.  For the reasons articulated above, POM cannot establish that Eckert violated its duties of confidentiality or loyalty as Eckert believed that POM had waived the potential conflict, POM executed an advance conflict waiver, Eckert is not representing any party adverse to POM, Eckert established an ethical screen, and there has been no disclosure of any confidential information.

With respect to the ethical screen, POM has no evidence that any Eckert attorney who handled its matters in Virginia shared its confidential information with anyone, let alone the attorneys who represented Eckert's gaming clients in

Pennsylvania.   Eckert's Declarations (including the review of the audit trail information) submitted with this memorandum confirm that assertion.

With respect to the purported conflict and the conflict waiver, POM signed an Engagement Letter that contained an advance conflict waiver.[7]  Eckert no question, based upon the contemporaneous e-mails, believed that it had a fully informed conflict waiver.  It was a condition precedent to Eckert's representation of POM in Virginia.  When Eckert learned of Mr. Lisk's misstatements, it took the appropriate steps to remedy the concerns raised by POM.

The efficacy of the advance conflict waiver and the fact that Eckert believed that it had a fully informed conflict waiver undermine POM's claim of a breach of fiduciary duty.  There is no dispute that Eckert established an ethical screen and has protected POM's confidential information.  Therefore, there has been no breach of any fiduciary duty by Eckert.  Accordingly, POM cannot prevail on the merits of its breach of fiduciary duty claim, and this Court should deny POM's Amended Motion.

---

[7] The Court also should note that positional conflicts do not require informed consent and waiver as contemplated by RPC 1.7.  On that point, Comment [24] states as follows: "Ordinarily, a lawyer may take inconsistent legal positions in different tribunals at different times on behalf of different clients.  The mere fact that advocating a legal position on behalf of one client might create precedent adverse to the interests of a client represented by the lawyer in an unrelated matter ***does not create a conflict of interest.***"  RPC 1.7, Comment [24].  That is precisely what POM alleges occurred here and why there is no conflict of interest.

### 4.    <u>Balancing the Hardships Weighs in Favor of Eckert.</u>

When considering the appropriateness of an injunction, this Court must ensure that granting preliminary relief will not result in even greater harm to the other party. *See ECRI*, 809 F.2d at 226.  Consequently, this Court should balance the interests of the parties and determine whether the grant of injunctive relief would impose greater harm upon either party.  Here, POM in essence seeks to punish Eckert when Eckert has voluntarily taken the necessary steps to prevent any future harm.  The Second Declaration of Mr. Stewart and of Mr. Coon mirror the proposed relief that POM seeks with this Amended Motion.  *See* POM's Order attached hereto as Exhibit "I". There is simply no need for injunctive relief at this stage of these proceedings.

More importantly, it is POM, and not Eckert that put the legality of POM's games before the Pennsylvania courts.   POM filed its own cases in the Commonwealth Court.  Thus, it is POM, which has put the legality of its games at issue – not Eckert.  Nevertheless, the issues which concern POM ultimately will be addressed by the Commonwealth Court, and Eckert will not be involved in those matters.  Thus, maintaining the *status quo* and a balancing of the equities would weigh strongly in favor of denying POM's request for injunctive relief in this case.

As such, granting injunctive relief is unnecessary as POM has obtained the relief that it seeks.  Accordingly, the Court should deny POM's Amended Motion.

## 5.    Granting POM's Injunction Is Not in the Public's Interest.

POM has failed to allege properly, and it cannot establish, that granting an injunction will be in the public's interest.  Quite to the contrary, any evaluation with respect to the public's interest weighs heavily in Eckert's favor.  It is in the public's interest to permit parties to choose which counsel should represent them and in what context.  POM's requested relief unnecessarily violates that principle particularly in the absence of any need for prospective relief.

Similarly, POM's Amended Motion strongly suggests that it was filed more as a tactical weapon than any immediate or irreparable need for relief.  The timing of this Amended Motion raises concerns.

In sum, it is not in the public's interest to invoke this Court's equitable powers and resources when POM has an adequate legal remedy with respect to any potential monetary damages, and where there is no need for prospective injunctive relief.  It is in the public interest to reserve the Court's equitable powers for circumstances that warrant them.  Equitable relief is unnecessary and unwarranted here.  The Court, accordingly, should deny POM's Amended Motion.

## **CONCLUSION**

For all of the foregoing reasons, defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal, respectfully request that this Court enter their proposed form of Order and deny the amended motion for preliminary injunction of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendants,**
**ECKERT SEAMANS CHERIN & MELLOTT,**
**LLC, MARK S. STEWART, and KEVIN M.**
**SKJOLDAL**

Date:   October 22, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & | : | |
| MELLOTT, LLC,  MARK S. STEWART, | : | (Judge Jennifer P. Wilson) |
| and KEVIN M. SKJOLDAL, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Robert S. Tintner, Esquire, hereby certify that the foregoing Memorandum of Law in Opposition to Amended Motion for Preliminary Injunction is in compliance with Local Rule 7.8(b)(2).  The total word count according to Microsoft Word is 4999.

_____
ROBERT S. TINTNER, ESQUIRE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & | : | |
| MELLOTT, LLC,  MARK S. STEWART, | : | (Judge Jennifer P. Wilson) |
| and KEVIN M. SKJOLDAL, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Robert S. Tintner, Esquire, hereby certify that, on this 22nd day of October,

2021, I served a true and correct copy of the foregoing Memorandum of Law in

Opposition to Amended Motion for Preliminary Injunction, via ECF, upon the

following:

> Daniel T. Brier, Esquire
> Donna A. Walsh, Esquire
> Myers, Brier & Kelly, LLP
> 425 Spruce Street, Suite 200
> Scranton, PA 18503
> **Counsel for Plaintiff**
> **PACE-O-MATIC, INC.**

_____
ROBERT S. TINTNER, ESQUIRE