*E X H I B I T "I"*

## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                         :
                                            :
         **Plaintiff,**                     :
                                            :
v.                                          :    **NO. 20-CV-292**
                                            :
ECKERT, SEAMANS CHERIN &                    :    **JUDGE WILSON**
MELLOTT, LLC, MARK S.                       :
STEWART and KEVIN M.                        :    **ELECTRONICALLY FILED**
SKJOLDAL,                                   :
                                            :
         **Defendants.**                   :

## ORDER

AND NOW, on this ____ day of _____, 202__, upon

consideration of Plaintiff Pace-O-Matic, Inc.'s ("POM") Amended Motion for

Preliminary Injunction and supporting brief, any response thereto and evidence

presented at the preliminary injunction hearing on December 20, 2021, IT IS

HEREBY ORDERED THAT the Motion is GRANTED. Defendants Eckert

Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal (referred

to collectively as "Eckert") are hereby enjoined from:

(a)     representing Greenwood Gaming & Entertainment, Inc. d/b/a Parx

Casino in any matter adverse to POM;

(b)     representing, advising or otherwise supporting, directly or indirectly, any client adverse to POM in any matter substantially related to Eckert's representation of POM;

(c)     communicating, directly or indirectly, with any party, *amicus curiae*, intervenor or proposed intervenor or counsel for any party, *amicus curiae*, intervenor or proposed intervenor regarding the litigation matters initiated by POM in Pennsylvania Commonwealth Court;

(d)     representing any party, directly or indirectly, in any capacity or assisting, helping or communicating with any party or counsel for any party in any legal proceeding against any entity that hosts or offers POM's skill games or where POM's skill games are at issue;

(e)     representing any party, directly or indirectly, in any capacity, including as counsel for any industry group or association, in any matter adverse to POM or any POM affiliate directly or indirectly related to POM skill games;

(f)     advocating, directly or indirectly, in any forum, including in any legislative, lobbying, government relations and/or public relations context, against the legality of electronic games of skill manufactured or distributed by POM or any POM affiliate;

(g)     advocating, directly or indirectly, that POM games are not games of skill or are not games where skill predominates over chance; and

2

(h)   using, relying on or disclosing any information acquired from Eckert's

representation of POM.

_____

J.