# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC.     )
           )
     *Plaintiff,* ) [ELECTRONICALLY FILED]
           )
     *vs.*   ) Docket No. 20-292
           )
ECKERT, SEAMANS, CHERIN ) JUDGE WILSON
& MELLOT, LLC     )
           )
     *Defendant.* )

_____

## BRIEF OF GREENWOOD GAMING & ENTERTAINMENT, D/B/A PARX CASINO, IN SUPPORT OF ITS APPEAL PURSUANT TO L.R. 72.2

_____

## GA BIBIKOS LLC

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for*
*Greenwood Gaming & Entertainment*
*d/b/a Parx Casino*

November 30, 2021

# TABLE OF CONTENTS

I.     INTRODUCTION AND SUMMARY ................................................1

II.    BACKGROUND ........................................................................3

III.   BASIS FOR OBJECTIONS ..................................................8

     A.    The attorney-client privilege protects the Documents from disclosure......................................................................9

     B.    Judicial estoppel is not an exception to the attorney-client privilege. ......................................................................12

     C.    The magistrate judge misapplied judicial estoppel. .............13

          1.    The Court never adopted a prior inconsistent statement or position in order to justify the application of judicial estoppel. ...................................15

          2.    Judicial estoppel does not apply based on the alleged misconduct of others.........................................15

          3.    Neither Parx, Eckert, nor HMS made irreconcilably inconsistent statements to justify the application of judicial estoppel.............................18

          4.    There is no "bad faith" to justify the application of judicial estoppel.............................................................20

          5.    The application of judicial estoppel unjustifiably penalizes Parx as a non-party. ....................................23

IV.   CONCLUSION................................................................................25

# TABLE OF AUTHORITIES

## CASES

*Chao v. Roy's Constr., Inc.*, 517 F.3d 180 186 n.5 (3d Cir. 2008) .......................................................................13, 14

*Coast Auto. Grp., Ltd. v. VW Credit, Inc.*, 34 F. App'x 818, 825, 2002 WL 121932, at *8 (3d Cir. 2002) ...........................*passim*

*G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 261 (3d Cir. 2009)....................................................................*passim*

*In re Berks Behavioral Health LLC*, 500 B.R. 711, 721 (E.D. Pa. Bankr. 2013) .......................................................7, 17

*Killmeyer v. Oglebay Norton Co.*, 817 F. Supp. 2d 681 (W.D. Pa. 2011)....................................................................15, 16

*Montrose Medical Group v. Bulger*, 243 F.3d 773, 782 (3d Cir. 2001)....................................................................13, 20

*Nationwide Mut. Ins. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007) ...................................................................10

*Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, No. 1:20-CV-00292, 2021 WL 1264323 (M.D. Pa. Mar. 6, 2021) ...............................................................................7

*Serrano v. Chesapeake Appalachia*, LLC, 298 F.R.D. 271 (W.D. Pa. 2014) ..............................................................10

## STATUTES

42 Pa.C.S. § 5928 ....................................................................12

## OTHER AUTHORITIES

1 Paul R. Rice, *Attorney Client Privilege in the United States* §
7:9 (2d ed. 1999) ................................................................................ 10

## RULES

F.R.E. 501 ....................................................................................... 12

L.R. 72.2........................................................................................... 6, 8

Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), files its brief in support of its appeal of the order and opinion of Magistrate Judge Saporito, Jr., following remand which denied motions of Parx; Eckert, Seamans, Cherin & Mellot, LLC ("Eckert"); Hawke McKeon & Sniscak ("HMS") to quash subpoenas issued by Pace-O-Matic, Inc. ("POM") and/or for a protective order in the above matter.

## I.   INTRODUCTION AND SUMMARY

Parx again is constrained to appeal a decision of the magistrate judge in this proceeding.

As the Court will recall, Parx appealed a prior order and opinion of the magistrate judge who *sua sponte* invoked "judicial estoppel" to order Parx's law firms (Eckert and HMS) to disclose documents otherwise protected by the attorney-client privilege. The Court concluded that the magistrate judge erred by *sua sponte* invoking judicial estoppel and remanded to give Parx, Eckert, and HMS an opportunity to address accusations of "bad faith" levied against them by the magistrate judge.

Despite additional briefing, the magistrate judge again invoked judicial estoppel as a basis to order the disclosure of Parx's privileged documents in the possession of Eckert and HMS.  The magistrate judge

concluded that Parx adopted irreconcilably inconsistent positions in bad faith because Eckert's pleadings and the joint case-management plan in this case state that Eckert does not represent any party in litigation adverse to POM even though Eckert helped Parx and other casinos in a matter pending before the Commonwealth Court of Pennsylvania.

Again, the magistrate judge reached that conclusion even though Parx, HMS, and Eckert informed him directly that Eckert has not entered any appearance in the Commonwealth Court case but assisted Parx and other casinos in that litigation while HMS entered a formal appearance to handle the matter for Parx and the other casinos as possible intervenors.   The magistrate judge overlooked (or ignored) numerous, repeated statements in this Court and Commonwealth Court in which Parx, Eckert, and HMS specifically acknowledged Eckert's participation on Parx's behalf in Commonwealth Court.

Under the circumstances, the Court should reverse and vacate again.  As described below, the attorney-client privilege applies to the documents in question, and there is no waiver or exception to the attorney-client privilege that applies in this case.  The analysis should have ended there.  In any event, judicial estoppel does not justify the

disclosure of Parx's privileged materials. There certainly is no evidence that Parx or its law firms engaged in any "bad faith" here that would ever justify the harsh penalty of estopping Parx from asserting its privilege to protect from disclosure Parx's legal positions, strategies, and other privileged communications with its law firms.

Accordingly, the Court should grant the appeal, vacate the order and opinion, and order such other relief the Court deems appropriate.

## II.   BACKGROUND

Parx is not a party here.  In this case, POM alleges that Eckert breached a fiduciary duty to POM by having separate attorneys in separate offices represent POM in Virginia and also represent Parx in state-court litigation in Pennsylvania in which the interests of Parx and POM are adverse, including a matter pending in the Commonwealth Court of Pennsylvania.

In its pleadings filed in March 2020, Eckert alleged that it "does not represent a party adverse to POM in litigation" and "is not counsel in any litigation where POM is an adverse party." (Doc. 9.). In the joint case-management plan, on which the magistrate judge relied in substantial part (despite Local Rule 16 which states that "[t]he information in the

case management form will not be deemed an admission by any party"), Eckert stated it is not involved in a case pending in Commonwealth Court involving POM. (Doc. 18.) In its brief in opposition to the plaintiff's motion for a preliminary injunction, Eckert stated that "Eckert is not representing parties in litigation adverse to POM." (Doc. 21.)

POM served discovery requests on Eckert and a subpoena on another non-party (HMS) calling for documents relating to their representation of Parx and various state court proceedings, including the Commonwealth Court proceeding. POM also served a subpoena *duces tecum* on Parx in June 2020 – months after POM filed its complaint against Eckert – calling for documents relating to communications about conflicts, consent to concurrent representation, withdrawal of representation, and this litigation.

Parx objected based on confidentiality, privilege, and attorney work product. Eckert and HMS asserted privilege on Parx's behalf with respect to Parx's privileged documents in their possession. The parties filed numerous motions and briefs supporting their respective positions, and the magistrate judge held oral argument on all motions.

At oral argument, Parx, Eckert, and HMS all made it clear to the magistrate judge that Eckert has long represented Parx and assisted Parx in the litigation pending in Commonwealth Court despite not having entered an appearance as counsel of record. In addition, counsel for Eckert in particular explained that Eckert produced non-privileged documents demonstrating Eckert's involvement in Commonwealth Court on behalf of Parx and other casinos and that there is "no question" Eckert assisted Parx in Commonwealth Court. *See* Tr. at 30-40.

Counsel also explained the distinction between entering a formal appearance on behalf of Parx in the case *versus* being part of a team of lawyers representing Parx in casino-related matters both on the policy and law side of the issue, including advice on positions favorable to all casinos (not just Parx) in Commonwealth Court. *See* Tr. at 30-40. In short, counsel explained any perceived inconsistency in the statements in the pleadings and joint case-management plan.

After an *in camera* review, the magistrate judge issued an order and opinion on February 16, 2021 (Docs. 87 and 88). The magistrate judge correctly quashed the Parx subpoena based on privilege. However, in Discussion Section III, Subsection I of that opinion and corresponding

ordering paragraphs, the magistrate judge ordered the disclosure of 182 of Parx's privileged documents that HMS and Eckert have in their possession (the "Documents").

In the February 2021 opinion, the magistrate judge acknowledged that the documents contain attorney-client communications yet *sua sponte* invoked judicial estoppel to justify the disclosure of the Documents based on allegedly inconsistent statements made by Eckert that it did not represent Parx in the Commonwealth Court proceeding while invoking attorney-client privilege to protect the documents from disclosure.  In light of the magistrate judge's conclusions and in particular the statement that Parx somehow engaged in "bad faith" despite not having made any inconsistent statements, Parx appealed under Local Rule 72.2 and requested a stay of the order in part pending the Court's resolution.

On appeal, the Court overruled Section III.I of the magistrate judge's February 2021 memorandum and paragraph 4 of his order and recommitted the matter for further consideration. The Court concluded that the magistrate judge erred by *sua sponte* raising judicial estoppel without giving the parties an opportunity to address that issue. *Pace-O-*

*Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, No. 1:20-CV-00292, 2021 WL 1264323 (M.D. Pa. Mar. 6, 2021).

Following additional briefing on remand, the magistrate judge issued the opinion and order subject to this second appeal (Docs. 166 & 167). As it relates to Parx, the magistrate judge wrote the following:

> Upon consideration of the parties' arguments, and reinspection *in camera* of the purportedly privileged or protected documents at issue, we reach the same conclusion for essentially the same reasons.
>
> …
>
> Based on our in camera review, and under the circumstances presented in this case, we find the defendant is estopped from asserting attorney-client privilege with respect to the following documents based on its express statements in pleadings and other papers before this court that it does not represent an adverse party, such as Parx, and it is not otherwise "involved" in the POM Commonwealth Court cases. *See G-I Holdings*, 586 F.3d at 262 (noting that judicial estoppel may be applied to neutralize threats to judicial integrity even if a court has not accepted the initial position); *In re Berks Behavioral Health LLC*, 500 B.R. 711, 721 (E.D. Pa. Bankr. 2013) (estopping a debtor-plaintiff in an adversary action from recharacterizing his son's role with the company to assert privilege when he had previously contended that his son had no role with the company).
>
> Moreover, to the extent Parx has adopted Eckert's privilege log and seeks to interpose attorney-client privilege on its own behalf with respect to documents in Eckert's possession, Parx is likewise estopped from asserting attorney-client privilege with respect to these documents based on its papers filed in the Commonwealth Court cases, in which Parx

7

and its counsel of record there (HMS) have expressly represented that "Eckert is not counsel in this case" and implicitly represented that Eckert played no substantial role in Parx's activities in those cases. (See Doc. 82, at 162–68.) Indeed, in papers filed in this case, HMS has mischaracterized its role in the Commonwealth Court litigation as having "step[ped] in as conflict counsel," and it has expressly represented that the purportedly privileged documents submitted for in camera review were merely "preparatory to Eckert handing off the Parx representation to HMS." (Doc. 53, at 2, 9.)

We find that, based on our in camera review of these purportedly privileged documents, Eckert and Parx have adopted irreconcilably inconsistent positions with respect to whether Eckert represented and provided legal advice and services to Parx in connection with the Commonwealth Court cases, where POM and Parx were directly adverse, by denying liability or opposing disqualification on the one hand while invoking attorney-client privilege in this case in an attempt to shield documents concerning that (non-)representation from disclosure.

Slip. Op. at 19-22.

On November 30, 2021, Parx appealed under Local Rule 72.2 and requested a stay of the order in part pending the Court's resolution. This is the brief supporting Parx's appeal.

## III.  BASIS FOR OBJECTIONS

The Court should reverse and vacate the magistrate judge's opinion and order.  Under Local Rule 72.2, the Court may review any non-dispositive order of a magistrate judge in a case in which the magistrate

is not presiding. *See* L.R. 72.2. "A judge of the court shall consider the appeal and *shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.* The judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule." *Id.* (first emphasis added).

As described below, the attorney-client privilege protects the Documents from disclosure; judicial estoppel is not an exception to the privilege; and in any event, the magistrate judge misapplied judicial estoppel as a matter of law and fact.

## A.   *The attorney-client privilege protects the Documents from disclosure.*

As a threshold matter, the magistrate judge concluded that the Documents are privileged. (Otherwise, there would be no need to order their disclosure based on judicial estoppel.) The magistrate judge's analysis should have ended there.

The attorney-client privilege attaches when (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of the bar of a court, or his subordinate; (3) the communication related to a fact of which the attorney was informed by his client, without the presence of strangers, for the

9

purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort; (4) the privilege has been claimed and is not waived. *Nationwide Mut. Ins. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007).

The attorney-client privilege applies when a lawyer and a client or potential client engage in communications for the purpose of securing legal advice, *e.g.*, either an opinion of law, legal services, or assistance in a legal matter. *Nationwide*, *supra*. In turn, "legal advice" means "the interpretation and application of legal principles to guide future conduct or to assess past conduct." *See generally* 1 Paul R. Rice, *Attorney Client Privilege in the United States* § 7:9 (2d ed. 1999); *Serrano v. Chesapeake Appalachia*, LLC, 298 F.R.D. 271 (W.D. Pa. 2014) (communications about strengths/weaknesses of claim or defense, options, strategy, settlement constitute legal advice for purposes of apply attorney-client privilege).

Here, there is no question that the privilege applies to the Documents. The magistrate judge acknowledged that "[t]he withheld documents—and presumably any information responsive to the interrogatory response as well—*involve communications between Stewart and other Eckert attorneys, on the one hand, and King, McKeon,*

***and Parx*** *on the other.*" *See* Slip Op. at 17 (emphasis added). Eckert and Parx have a long-standing attorney-client relationship, *see* Tr. at 30-40, and the communications embodied in the documents between Eckert, Parx, and Parx's other lawyers are protected by privilege.

The magistrate judge seemingly concluded that there is no attorney-client relationship between Eckert and Parx. That is incorrect. If the magistrate judge were correct, then the Court should dismiss the complaint in this matter on the merits with prejudice. There can be no breach of Eckert's fiduciary duty to POM based on Eckert's representation of Parx in matters adverse to POM in Commonwealth Court if, as the magistrate judge here says, Eckert has no attorney-client relationship with Parx in the Commonwealth Court matters.

The only question before the magistrate judge was whether the elements of the attorney-client privilege have been met and whether or not a recognized exception applies. The magistrate judge erred by estopping Parx and its law firms from asserting Parx's privilege. If the Court does not reverse, POM gains unfettered access to Parx's privileged information to disadvantage Parx in an unrelated state-court proceeding that POM would never have but for the magistrate judge's ruling.

Accordingly, the Court should reverse and vacate the magistrate judge's order because the attorney-client privilege applies.

**B.    *Judicial estoppel is not an exception to the attorney-client privilege.***

Having determined that the attorney-client privilege applies to the Documents, the question becomes whether judicial estoppel is an exception to the attorney-client privilege.  The answer is no.

When the federal court sits in its diversity jurisdiction, state privilege laws apply.  F.R.E. 501. Under Pennsylvania law, courts can compel disclosure of privilege communications based on waiver or the crime-fraud exception, neither of which are at issue regarding the Documents. *See* 42 Pa.C.S. § 5928; *Nationwide*, *supra*.

Research has not revealed a situation in which a Pennsylvania court applied judicial estoppel as an exception to the attorney-client privilege. Despite extensive briefing and two opinions from the magistrate judge, neither he nor POM have cited any binding Pennsylvania authority recognizing judicial estoppel as an exception to the attorney-client privilege.

Accordingly, the Court may reasonably conclude that there is no such exception under Pennsylvania law and the magistrate judge erred by treating it as such as a matter of law.

### C. *The magistrate judge misapplied judicial estoppel.*

Even if the Court gets past the threshold issues outlined above, the question becomes whether the magistrate judge erred in applying the judicial-estoppel doctrine. The answer is yes.

The purpose of judicial estoppel is to promote candor to the tribunal by preventing parties from taking and maintaining inconsistent positions in litigation in bad faith. *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 261 (3d Cir. 2009); *Coast Auto. Grp., Ltd. v. VW Credit, Inc.*, 34 F. App'x 818, 825, 2002 WL 121932, at *8 (3d Cir. 2002); *Montrose Medical Group v. Bulger*, 243 F.3d 773, 782 (3d Cir. 2001). As the Third Circuit explained:

> Judicial estoppel may be imposed only if: (1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one he or she asserted in a prior proceeding; (2) the party changed his or her position in bad faith, *i.e.*, in a culpable manner threatening to the court's authority or integrity; and (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity.

*Coast Auto. Grp.,* 34 F. App'x 818 at 825, 2002 WL 121932, at *8; *Chao v. Roy's Constr., Inc.,* 517 F.3d 180, 186 n.5 (3d Cir.2008) (cleaned up).

"[I]n our Circuit judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." *G.I. Holdings, Inc., supra. See also Chao*, 517 F.3d at 186 n.5 ("Not only must the court find that a party adopted inconsistent positions, but it should also consider whether the party succeeded in convincing a tribunal to accept its position and whether the party would derive an unfair advantage in the absence of estoppel.").

With those standards in mind, the magistrate judge misapplied judicial estoppel because (1) the Court never adopted any allegedly inconsistent statements to justify the application of judicial estoppel; (2) judicial estoppel does not apply implicitly or derivatively to punish one party based on alleged misconduct of others; (3) neither Parx nor Eckert nor HMS made any irreconcilably inconsistent statements; (4) there is no "bad faith" here; and (5) the order to disclose Parx's privileged materials unjustifiably punishes Parx.

14

1. **The Court never adopted a prior inconsistent statement or position in order to justify the application of judicial estoppel.**

The first and dispositive question is whether Parx, HMS, or Eckert prevailed on the basis of a prior inconsistent position and are now switching positions to gain an advantage in this discovery dispute. The answer is no. The Court has not accepted any statements of fact from any party (POM or Eckert) or non-party (Parx or HMS) or otherwise made findings about the facts alleged or ruled upon them.  Without the Court adopting a position of Parx, HMS, or Eckert on an allegedly inconsistent fact, judicial estoppel does not apply. *Chao*, 517 F.3d at 186 n.5

2. **Judicial estoppel does not apply based on the alleged misconduct of others.**

In any event, the magistrate judge erred by concluding that Parx should be estopped from asserting its privilege based on the allegedly inconsistent statements made by Eckert as a defendant in this case in which Parx is not even a party.

Courts have refused to apply judicial estoppel against a litigant based on the alleged bad-faith conduct of others.  In *Killmeyer v. Oglebay Norton Co.*, 817 F. Supp. 2d 681 (W.D. Pa. 2011), a defendant in a wrongful death action argued that the widow of a decedent failed in bad

faith to list her wrongful death claims in the bankruptcy schedule such that the bankruptcy trustee should be estopped from pursuing the claim on behalf of the estate.  The court disagreed:

> The trustee and plaintiff's creditors should not be denied the benefit of a cause of action, and potential recovery, due to plaintiff's failure to disclose. Therefore, plaintiff's conduct will not be used to estop the trustee, who has "made no false or inconsistent statement under oath in a prior proceeding and is not tainted or burdened by the debtor's misconduct."

*Id.* at 692 (emphasis added).

Although the context is different, the principles in *Killmeyer* apply equally here. Parx has not made any inconsistent statements to the magistrate judge or POM or this Court in the course of its limited participation in this proceeding as a recipient of a third-party subpoena defending against the disclosure of its privileged materials.  Everyone knows that Eckert and Parx have a longstanding attorney-client relationship and that Eckert assisted Parx and other casinos in the Commonwealth Court litigation, albeit not as counsel of record appearing on behalf of those entities.  Parx has maintained that position since it received the subpoenas in June 2020.

Similar to the defendant in *Killmeyer*, the magistrate judge is attempting to impute on Parx allegedly bad-faith inconsistent

16

statements of Eckert and/or HMS and punishing Parx by ordering the disclosure of its privileged communications. Parx obviously disputes that Eckert or HMS ever made irreconcilably inconsistent statements in bad faith. As in *Killmeyer*, however, the point is academic. The attorney-client privilege belongs to Parx. Parx should not be denied the benefit of that attorney-client privilege based on allegedly inconsistent statements of others. Therefore, as in *Killmeyer*, the alleged inconsistent statements of Eckert or HMS or anyone else should not be used to prevent Parx from asserting its privilege when Parx has made no inconsistent statements.

The magistrate judge's reliance on *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 261 (3d Cir. 2009), and *In re Berks Behavioral Health LLC*, 500 B.R. 711, 721 (E.D. Pa. Bankr. 2013), seemingly for a contrary proposition is misplaced. *G-I Holdings* discusses judicial estoppel generally as applied to a different fact pattern and has no value in addressing the situation here. Likewise, *In re Berks* involved an intentional father-son scheme to swear out affidavits in a bankruptcy proceeding about a sham agency relationship that directly contradicted prior sworn deposition testimony.

17

Importantly, the court in *In re Berks* did not impose judicial estoppel to circumvent privilege based on allegations that the party's lawyers engaged in bad faith as the magistrate judge has attempted to do here. To the contrary, the court in that case applied judicial estoppel against the party invoking a privilege based on the party's bad faith statements (not statements of counsel).

Accordingly, the magistrate judge erred by estopping Parx from asserting its privilege based on the alleged conduct of others.

### 3. Neither Parx, Eckert, nor HMS made irreconcilably inconsistent statements to justify the application of judicial estoppel.

The magistrate judge further erred by concluding that Parx, Eckert, and HMS made any irreconcilable inconsistent statements.

At the outset, Parx did not take or adopt a position regarding Eckert's pleadings in this case. Certainly Parx and Eckert are aligned on the discovery issues because Eckert has a duty to protect Parx's privileged documents and communications. In that respect, Parx agreed with or incorporated Eckert's legal arguments or deferred to its privilege log in support of applying the attorney-client privilege and the work-

product doctrine for documents in Eckert's possession that are protected by Parx's privilege or by work-product immunity.

Parx has always maintained before this court and Commonwealth Court that Eckert and Parx have an attorney-client relationship. *See* Parx Briefs (Docs. 49, 60, 76, 84) and Tr. 43-47, 56-57.   Even the magistrate judge's citation to Doc. 82 at pages 162-168 (*see* Slip. Op. at 21) reveal that a team of firms ***including Eckert*** wrote the papers submitted in Commonwealth Court.  (The magistrate judge did not cite that statement in his opinion, however.)

In any event, although the magistrate judge perceived an inconsistency, Eckert has maintained throughout that it has assisted Parx and other casinos in Commonwealth Court proceedings and informed the magistrate judge during oral argument. HMS has taken the same position as well since it entered this case as a recipient of a third-party subpoena.  If the magistrate judge disagreed with the distinction between (a) Eckert assisting Parx behind the scenes as part of Parx's legal team and (b) entering a formal appearance in court, so be it. However, drawing that distinction is in no way playing fast and loose

19

with the Court and certainly serves as no justification to order the disclosure of Parx's privileged documents and communications.

Accordingly, judicial estoppel does not apply in the absence of irreconcilably inconsistent statements.

### 4. There is no "bad faith" to justify the application of judicial estoppel.

The magistrate judge's predominant error is concluding that Parx, Eckert, and HMS adopted inconsistent positions in bad faith. Even assuming (for argument's sake) that Eckert's statements are somehow inconsistent, inconsistency is never enough to establish bad faith:

> However, to invoke judicial estoppel, *a court must do more than merely find that a party advanced inconsistent positions to the court.* The District Court here failed to engage in the requisite analysis and make the necessary findings that Coast changed its position in bad faith and that the application of judicial estoppel was specifically tailored to address the harm caused by Coast's alleged inconsistencies. Additionally, in raising the issue sua sponte, the court failed to allow the parties to brief the issue and inform the court's analysis, as suggested by the Supreme Court and by this Court. Therefore, we conclude that the District Court abused its discretion by invoking the doctrine sua sponte.

> The court made no finding that Coast changed its position in a bad faith attempt to "assault the dignity or authority" of the court. In its brief footnote explaining its invocation of judicial estoppel, the court indeed quoted our statement in *Ryan Operations* that judicial estoppel is designed to prevent litigants from "playing fast and loose with the courts." *Coast*

*I* at 6 n. 3 (quoting *Ryan Operations*, 81 F.3d at 358). We have noted that "playing fast and loose with the courts" is a factor in a finding of bad faith. *See Montrose*, 243 F.3d at 780–81; *Ryan Operations*, 81 F.3d at 358. *However, simply quoting this language without any explanation or analysis of how Coast's actions rose to the level of "playing fast and loose" is insufficient to invoke the harsh sanction of judicial estoppel. No finding of culpability, intentional self-contradiction, or intentional wrongdoing was made. We counseled in* Montrose *that a mere finding of inconsistency, without more, fails to fulfill the bad faith requirement. See id.* at 781. Furthermore, the court also made *no explicit finding that Shansab's and counsel's prior statements were accepted or adopted by the court.* The District Court failed to apply the law to the facts here, and therefore abused its discretion.

*Coast Auto.*, 34 F. App'x at 824-25, 2002 WL 121932, at *7.

The statement about Eckert's role in Commonwealth Court is true given that Eckert has not entered any appearance for Parx in state-court litigation adverse to POM. All parties here have acknowledged that Eckert has a longstanding attorney-client relationship with Parx and assisted Parx on issues and positions involved in the state-court litigation while another law firm (HMS) is counsel of record for and entered an appearance on behalf of Parx and other casinos.

Moreover, the magistrate judge used the *in camera* process to inequitably select some parts of the "record" that fit the judicial-estoppel narrative while ignoring other parts that compel a different result. The

magistrate judge's opinion cites to Doc. 82, pages 162-68. Incidentally, that document is a letter from POM's counsel enclosing a motion for disqualification of HMS in Commonwealth Court and the answer of the casino group, including Parx.  The magistrate judge relied exclusively on that submission from POM's counsel for the proposition that Parx, Eckert, and HMS represented in Commonwealth Court that Eckert is not counsel in that case.

However, the magistrate judge overlooked (or ignored) all the other statements in that same page range that acknowledges Eckert's involvement and its participation in preparing the filings in that proceeding. *Id.* at 162 ¶ 9 ("The various Casino Intervenors' litigation filings in this case were drafted by a group of lawyers from Hawke McKeon, Ballard, ***and Eckert***.") (emphasis added).

In the end, there is no evidence to support the magistrate judge's conclusion that Parx adopted irreconcilably inconsistent positions "in bad faith" in an effort to harm the court. There is nothing in Parx's papers or conduct during its limited involvement in this case as a non-party recipient of a third-party subpoena protecting its privileged materials and separately asking that its lawyers assert privilege on its behalf (as

is their duty) to avoid waiver. There is nothing suggesting that statements are irreconcilable or made with the intent to harm the magistrate judge or the integrity of the Court.

Accordingly, the magistrate judge erred by concluding that Parx, Eckert, or HMS adopted inconsistent statements in bad faith.

### 5. The application of judicial estoppel unjustifiably penalizes Parx as a non-party.

Finally, the magistrate judge's remedy goes too far. Parx is a non-party. Yet, Parx's privilege is at stake. The magistrate judge ordered Eckert and HMS to disclose Parx's privileged documents. That is a harsh remedy to impose on a party, let alone a non-party. Alternatively, the magistrate judge could have rejected Eckert's position that it did not assist Parx in the state-court litigation pending in Commonwealth Court, as Eckert already has clarified, instead of ordering Eckert to hand over privileged documents belonging to Parx.

In other words, the remedy is overbroad. Even POM agrees that it should not have access to the legal advice Parx receives from its lawyers. *See* Tr. at 57 ("So I would agree with my colleague, Mr. Bibikos, that if Parx was getting advice from its lawyers, I shouldn't have access to that."); *id.* at 19 ("I want to make it super clear that I am not taking the

position that all communications between Eckert and its client Parx are discoverable. That is not my position."). Thus, the fact of Eckert's representation of Parx in Commonwealth Court may just as easily be established by the entries in the privilege log without getting into the substance of the privileged communications.

Far from narrowly addressing a harm to POM, the magistrate judge gave POM an advantage in this case and in any separate matters in which POM and Parx have adverse interests by giving POM access to all confidential documents and communications that inevitably describe Parx's legal positions and strategies. The application of judicial estoppel here unjustifiably eviscerates the privilege of a non-party that appeared to protect its privilege and never waived it.

Accordingly, it would be incongruous to impose the extraordinarily harsh penalty of judicial estoppel on Parx under these circumstances. The magistrate judge erred by doing so.

## IV.   CONCLUSION

WHEREFORE, the Court should grant the appeal, reverse and vacate the magistrate judge's opinion and order, and order such other and further relief as the Court deems necessary or appropriate.

November 30, 2021                    Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Parx*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel and the magistrate judge will be served automatically.

/s George A. Bibikos
George A. Bibikos


**WORD-COUNT CERTIFICATION**

Pursuant to L.R. 7.8, I hereby certify that the foregoing document contains 4,911 words based on the word-count feature of Microsoft Word.

/s George A. Bibikos
George A. Bibikos