# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| Plaintiff, | : : : | |
| v. | : : | NO. 20-CV-292 |
| ECKERT, SEAMANS, CHERIN & MELLOTT, LLC, MARK S. STEWART and KEVIN M. SKJOLDAL, | : : : : : : | JUDGE WILSON |
| Defendants. | : | |

## AMENDED NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

To: Abraham C. Reich, Esquire
Robert S. Tintner, Esquire
Fox Rothschild, LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103

PLEASE TAKE NOTICE THAT Plaintiff Pace-O-Matic, Inc. will take the deposition of a Corporate Designate of Defendant Eckert, Seamans, Cherin & Mellott, LLC ("Eckert") pursuant to Federal Rule of Civil Procedure 30(b)(6) before a notary public or some other officer authorized to administer oaths under law, at the offices of Myers, Brier & Kelly, LLP, Suite 200, 425 Biden Street, Scranton, Pennsylvania on Friday, December 10, 2021 commencing at 10:00 a.m. and continuing from day to day thereafter until completed.  You are invited to attend and participate in the examination if you so desire.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the matters on which the corporate designate will be examined include:

1. Disclosures made to Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino") in connection with obtaining informed consent for any representation involving an actual or potential conflict of interest with Pace-O-Matic, Inc.

2. Disclosures made to any other client in connection with obtaining informed consent for any representation involving an actual or potential conflict of interest with Pace-O-Matic, Inc.

3. Disclosures that Eckert claims to have made to Pace-O-Matic, Inc. in connection with obtaining informed consent for any representation involving an actual or potential conflict of interest.

4. The purported "confidentiality screen" referenced in the January 29, 2020 letter from Timothy S. Coon, Esquire.

5. The "document audit trail information" that Mr. Coon reviewed as alleged in Paragraph 8 of his Revised Declaration dated April 4, 2021.

6. Participation and/or involvement of any member, employee, agent or representative of Eckert in the matters docketed at No. 418 M.D. 2018 and/or No. 503 M.D. 2018 in the Commonwealth Court.

7. Communications with counsel and/or the parties in the matters docketed at No. 418 M.D. 2018 and/or No. 503 M.D. 2018 in the Commonwealth Court.

8. The "gaming clients" referenced in Paragraphs 7, 8, 14 and 24 of the Answer filed in this matter (ECF No. 9).

9. Conflict checks performed in relation to any proposed representation of Pace-O-Matic, Inc.

10. The assertions in the Answer filed in this matter (ECF No. 9).

11. The assertion in the April 7, 2017 email from Mark S. Stewart, Esquire that "[t]he casinos we represent are . . . working actively against [Pace-O-Matic, Inc.] in the legislative sphere in PA."

12. The assertion in the February 6, 2017 email from Mark S. Stewart, Esquire that "our clients do not agree they [*i.e.* Pace-O-Matic, Inc.'s] games are games of skill and will likely be actively opposing them on legal and legislative fronts."

13. The assertion in the February 1, 2017 email from Defendant Mark S. Stewart, Esquire that "we will definitely be affirmatively going after this industry in PA. . . ."

3

14. Communications between any member, employee, agent or representative of Eckert and any municipality, law enforcement agency, regulatory agency or government unit in Pennsylvania concerning electronic skill games.

15. Fees paid by the "gaming clients" referenced in Paragraph 8 above to Eckert during the period from December 20, 2016 to the present.

16. Communications between Eckert and Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino concerning the firm's decision to withdraw from the representation of Pace-O-Matic, Inc.

17. Internal communications among Eckert lawyers and personnel relating to the existence of or potential for a conflict of interest between Pace-O-Matic, Inc. and Parx Casino or any other client or prospective client and/or to Pace-O-Matic, Inc.'s objection to Eckert's continued representation of Parx Casino and/or its request that Eckert cease representing Parx Casino.

18. Services provided by Eckert to or for the benefit of any client from January 2017 to the present relating to challenges to or legislation concerning the legality of skill games in the Commonwealth of Pennsylvania or Commonwealth of Virginia.

Respectfully submitted:

*Daniel T. Brier*

Daniel T. Brier
Donna A. Walsh

Attorneys for Plaintiff,
Pace-O-Matic, Inc.

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Dated: November 24, 2021

5

## CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) was served upon the following counsel of record via electronic and first-class mail, postage prepaid, on this 24th day of November 2021:

        Abraham C. Reich, Esquire
        Robert S. Tintner, Esquire
        Fox Rothschild LLP
        2000 Market Street, 10th Floor
        Philadelphia, PA  19103-3291

                                Donna A. Walsh