# EXHIBIT "B"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & | : | |
| MELLOTT, LLC, MARK S. STEWART | : | |
| and KEVIN M. SKJOLDAL, | : | (Judge Jennifer P. Wilson) |
| | : | |
| Defendants. | : | |
| | : | |

## ECKERT SEAMANS CHERIN & MELLOTT, LLC'S RESPONSES TO PACE-O-MATIC, INC.'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Eckert Seamans Cherin & Mellott, LLC. (hereinafter referred to as "Eckert), by and through its attorneys, Fox Rothschild LLP, hereby responds to the Third Request for Production of Documents of Plaintiff, Pace-O-Matic, Inc. ("POM" or "plaintiff") addressed to Eckert, pursuant to Federal Rule of Civil Procedure 34.

## I. GENERAL OBJECTIONS

1.     Eckert objects to POM's document requests to the extent that they exceed the scope of discovery as stated by the Federal Rules of Civil Procedure. Eckert will only respond to POM's document requests within the limits set forth in Federal Rule of Civil Procedure 34.

2.      Eckert objects to any document request that calls for information protected by the attorney-client privilege and/or the work-product doctrine.  By making a response to any such document request, Eckert does not waive the attorney-client privilege and/or work-product doctrine as to that document request or as to any other present or future document request.  Further, to the extent that Eckert inadvertently produces any information that, in whole or in part, contains information protected by the attorney-client privilege and/or work-product doctrine, the production of such information does not waive the protection of the attorney-client privilege and/or work-product doctrine.

3.      Eckert objects to POM's document requests to the extent that they call for proprietary and/or confidential information.  Eckert will only consider setting forth information responsive to these document requests in accordance with a stipulated protective order entered into by the parties.

Notwithstanding the foregoing objections, Eckert responds as follows:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Any and all documents that refer or relate in any way to or embody communications between or among lawyers or staff at Eckert, Seamans, Cherin & Mellott, LLC ("Eckert") relating to Pace-O-Matic, Inc., the subject matter of this action or any actual, perceived or alleged conflict of interest arising from Eckert's representation of Pace-O-Matic, Inc. and any other client.

2

**RESPONSE: Objection.  Eckert objects to this request to the extent that that it seeks documents and communications protected by the attorney-client privilege and/or work product doctrines, including but not limited to, those communications between attorneys at Eckert and Eckert's General Counsel, Tim Coon, seeking legal advice.  Eckert also objects to this request to the extent that it is overbroad and unduly burdensome insofar as it does not specify which lawyers or staff at Eckert to which POM is referring when it seeks "any and all documents that refer or relate in any way to or embody communications."  Such a request needs to be limited in time, scope, person and manner.  Notwithstanding these objections, Eckert will produce additional responsive, non-privileged documents between the Eckert attorneys who were involved in matters or issues concerning skill games for a client other than POM, to the extent that they have not previously been produced.**

2.      Any and all invoices (redacted to exclude attorney-client privileged communications and attorney work product) for legal services provided by Eckert to Greenwood Gaming & entertainment, Inc. d/b/a Parx Casino and/or any affiliate for the period from December 1, 2016 to the present.

**RESPONSE: Objection.  Notwithstanding the fact that POM acknowledges that the information it is seeking is protected by the attorney-client privilege and work product doctrines, Eckert objects to this document request as being overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence.  Actual invoices between Eckert and another client are wholly unrelated to the claims that POM has asserted against Eckert and any potential damages that POM is seeking in this case.  By way of further response, this issue was**

3

presented to Magistrate Judge Saporito in connection with the discovery disputes previously briefed and now on appeal to this Court.

ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com

**Counsel for Defendants
ECKERT SEAMANS CHERIN & MELLOTT,
LLC, MARK S. STEWART and KEVIN M.
SKJOLDAL**

Date:  December 13, 2021

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                          :
                                             :
                          Plaintiff,         :
          v.                                 :          Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN &                      :
MELLOTT, LLC, MARK S. STEWART                :
and KEVIN M. SKJOLDAL,                       :          (Judge Jennifer P. Wilson)
                                             :
                          Defendants.        :
                                             :

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 13th day of

December, 2021, I served a true and correct copy of the foregoing Eckert

Seamans Cherin & Mellott, LLC's Responses to Pace-O-Matic, Inc.'s Third

Request for Production of Documents via e-mail, upon the following:

> Daniel T. Brier, Esquire
> Donna A. Walsh, Esquire
> Myers, Brier & Kelly, LLP
> 425 Spruce Street, Suite 200
> Scranton, PA 18503
>
> **Counsel for Plaintiff**

ROBERT S. TINTNER, ESQUIRE