# EXHIBIT "C"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., : <br> : <br> Plaintiff, : <br> v. : <br> : <br> ECKERT SEAMANS CHERIN & : <br> MELLOTT, LLC, MARK S. STEWART : <br> and KEVIN M. SKJOLDAL, : <br> : <br> Defendants. : | Docket No. 1:20-cv-00292 <br><br> (Judge Jennifer P. Wilson) |

## MARK S. STEWART AND KEVIN M. SKJOLDAL'S RESPONSES TO PACE-O-MATIC, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Mark S. Stewart and Kevin M. Skjoldal (hereinafter referred to as "Stewart and Skjoldal"), by and through their attorneys, Fox Rothschild LLP, hereby respond to the First Request for Production of Documents of Plaintiff, Pace-O-Matic, Inc. ("POM" or "plaintiff"), pursuant to Federal Rule of Civil Procedure 34.

### I. GENERAL OBJECTIONS

1. Stewart and Skjoldal object to POM's document requests to the extent that they exceed the scope of discovery as stated by the Federal Rules of Civil Procedure. Stewart and Skjoldal will only respond to POM's document requests within the limits set forth in Federal Rule of Civil Procedure 34.

2.  Stewart and Skjoldal object to any document request that call for information protected by the attorney-client privilege and/or the work-product doctrine. By making a response to any such document request, Stewart and Skjoldal do not waive the attorney-client privilege and/or work-product doctrine as to that document request or as to any other present or future document request. Further, to the extent that Stewart and Skjoldal inadvertently produce any information that, in whole or in part, contains information protected by the attorney-client privilege and/or work-product doctrine, the production of such information does not waive the protection of the attorney-client privilege and/or work-product doctrine.

3.  Stewart and Skjoldal object to POM's document requests to the extent that they call for proprietary and/or confidential information. Stewart and Skjoldal will only consider setting forth information responsive to these document requests in accordance with a stipulated protective order entered into by the parties.

4.  Stewart and Skjoldal are members of defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"). To the extent that identical document requests were already sent to Eckert and fully responded to previously with documents in Stewart and Skjoldal's possession, such document requests are objected to as redundant and unnecessary.

Notwithstanding the foregoing objections, Stewart and Skjoldal respond as follows:

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents that refer or relate to or otherwise embody communications between you and any municipality, law enforcement agency, regulatory agency or government unit in Pennsylvania, or any employee or representative thereof, concerning electronic skill games during the period from January 1, 2017 to the present, including, but not limited to, all communications with representatives of the Office of Attorney General, the Pennsylvania State Police, the City of Philadelphia or any branch or division of any of the foregoing.

> **RESPONSE:** This document request was previously sent to and responded to by Eckert in connection with POM's second request for production of documents addressed to Eckert. Stewart and Skjoldal incorporate Eckert's response provided to POM on July 24, 2020. To the extent that additional responsive documents are discovered, they will be produced.

2. Any and all documents that refer or relate to or otherwise embody communications between you and any municipality, law enforcement agency, regulatory agency, or government unit in Pennsylvania, or any employee or representative thereof, concerning Pace-O-Matic, Inc., POM of Pennsylvania, LLC, Queen of Virginia Skill & Entertainment, LLC and/or POM of Virginia, LLC during the period from January 1, 2017 to the present, including, but not limited to, all communications with representatives of the Office of Attorney General, the

Pennsylvania State Police, the City of Philadelphia or any branch or division of any of the foregoing.

> **RESPONSE: This document request was previously sent to and responded by Eckert in connection with POM's second request for production of documents addressed to Eckert. Stewart and Skjoldal incorporate Eckert's response provided to POM on July 24, 2020. To the extent that additional responsive documents are discovered, they will be produced.**

3. Any and all documents that refer or relate in any way to any actual, potential or alleged conflict of interest involving Pace-O-Matic and/or to any request for waiver of any conflict.

> **RESPONSE: This document request was previously sent to and responded by Eckert in connection with POM's first request for production of documents addressed to Eckert. Stewart and Skjoldal incorporate Eckert's response provided to POM on May 7, 2020. To the extent that additional responsive documents are discovered, they will be produced.**

4. Any and all documents that refer or relate to communications between you and anyone at Defendant Eckert, Seamans, Cherin & Mellott, LLC ("Eckert") concerning Pace-O-Matic, Inc. the subject matter of this action, any actual perceived or alleged conflict of interest arising from Eckert's representation of Pace-O-Matic, Inc. and any other client or to any request for waiver of any conflict.

> **RESPONSE: Objection. Stewart and Skjoldal object to this request to the extent that that it requests documents protected by the attorney-client privilege and/or work product doctrines, including but not limited to, those communications between attorneys at Eckert and Eckert's General Counsel, Tim Coon, seeking legal advice. Stewart and Skjoldal**

also object to this request to the extent that it is overbroad and unduly burdensome insofar as it refers to "anyone" at Eckert and does not specify which lawyers or staff at Eckert to which POM is referring when it seeks "any and all documents that refer or relate to communications." Such a request needs to be limited in time, scope, person and manner. Notwithstanding these objections, Stewart and Skjoldal will produce all responsive, non-privileged documents between the Eckert attorneys who were involved in matters or issues concerning skill games for a client other than POM, to the extent that they have not previously been produced.

5. Any and all documents that refer or relate in any way to communications with any member of the Pennsylvania General Assembly and/or staff or representative of any member of the General Assembly concerning electronic skill games.

> **RESPONSE: Stewart and Skjoldal will produce all responsive, non-privileged documents to the extent that they have not previously been produced.**

6. Any and all documents that refer or relate in any way to the matters captioned POM of Pennsylvania, LLC v. Pennsylvania State Police, Bureau of Liquor Control Enforcement or POM of Pennsylvania, LLC v. Commonwealth of Pennsylvania, Department of Revenue and City of Philadelphia docketed at No. 503 MD 2018 and 418 MD 2018, respectively, in the Commonwealth Court of Pennsylvania.

> **RESPONSE: This document request was previously sent to and responded by Eckert in connection with POM's first request for production of documents addressed to Eckert. Stewart and Skjoldal incorporate Eckert's response provided to POM on May 7, 2020. To the**

extent that additional responsive and non-privileged documents are discovered, they will be produced.

7. Any and all documents that refer or relate in any way or otherwise embody communications between you and anyone else relating to this litigation.

> **RESPONSE: Objection. Stewart and Skjoldal object to this request to the extent that that it requests documents protected by the attorney-client privilege and/or work product doctrines, including but not limited to, those communications between attorneys at Eckert and Eckert's General Counsel, Tim Coon, seeking legal advice. This document request is also overly broad and unduly burdensome in that it does not specify who "anyone else" is and embodies "all" communications. Stewart and Skjoldal will consider an appropriate response once the document request is appropriately limited in time, scope, person and manner.**

8. Any and all documents that refer or relate in any way to seizure of electronic skill games by any governmental or regulatory agency during the period from January 1, 2017 to the present.

> **RESPONSE: This document request was previously sent to and responded by Eckert in connection with POM's second request for production of documents addressed to Eckert. Stewart and Skjoldal incorporate Eckert's response provided to POM on July 24, 2020. To**

the extent that additional responsive documents are discovered, they will be produced.

*[signature]*

_____
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com

**Counsel for Defendants
ECKERT SEAMANS CHERIN & MELLOTT, LLC, MARK S. STEWART and KEVIN M. SKJOLDAL**

Date: December 13, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECKERT SEAMANS CHERIN & MELLOTT, LLC, MARK S. STEWART and KEVIN M. SKJOLDAL, <br><br> Defendants. | Docket No. 1:20-cv-00292 <br><br> (Judge Jennifer P. Wilson) |

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 13th day of December, 2021, I served a true and correct copy of the foregoing Mark S. Stewart and Kevin M. Skjoldal's Responses to Pace-O-Matic, Inc.'s First Request for Production of Documents via e-mail, upon the following:

> Daniel T. Brier, Esquire
> Donna A. Walsh, Esquire
> Myers, Brier & Kelly, LLP
> 425 Spruce Street, Suite 200
> Scranton, PA 18503
>
> **Counsel for Plaintiff**

ROBERT S. TINTNER, ESQUIRE