## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                           :
                                              :
                    Plaintiff,                :
          v.                                  :     Docket No. 1:20-cv-00292
                                              :
ECKERT SEAMANS CHERIN &                       :
MELLOTT, LLC, MARK S. STEWART,                :     (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                        :     (Judge Joseph F. Saporito, Jr.)
                                              :
                    Defendants.               :
_____       :

## REPLY BRIEF OF DEFENDANT,
## ECKERT SEAMANS CHERIN & MELLOTT, LLC, IN FURTHER
## SUPPORT OF ITS APPEAL FROM JUDGE SAPORITO'S
## <u>NOVEMBER 16, 2021 ORDER AND MEMORANDUM</u>

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), through its

counsel, Fox Rothschild LLP, hereby files this Reply Brief in further support of its

Appeal from the November 16, 2021 Order and Memorandum of Judge Joseph F.

Saporito, Jr., pursuant to Local Rule 72.2 and the Court's January 11, 2022 Order.

### <u>OVERVIEW OF REPLY</u>

Plaintiff, Pace-O-Matic, Inc. ("POM"), in its opposition to Eckert's Appeal

misstates purported inconsistencies in Eckert's position about its representation of

Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino"). POM also

conveniently ignores the fact that it has been aware of Eckert's representation of Parx

Casino since the beginning of Eckert's representation of POM in late 2016-early 2017 and

that Eckert has produced relevant discovery that neither invades the attorney-client privilege nor removes the shield of the work product doctrine. The discovery already produced should obviate the need for this additional, privileged discovery. Finally, POM misinterprets applicable Third Circuit case law on the appropriate application of judicial estoppel. Based upon POM's misstatement of the facts and its misapplication of the law, POM offers this Court no basis to affirm Judge Saporito's November 16, 2021 Order and Memorandum from which Eckert (and the other non-parties) appealed.

## ARGUMENT

### The Attorney-Client Privilege and Work Product Doctrines Apply.

**First**, POM has failed in its Brief to cite to a single case that supports its position that communications between Eckert and Parx Casino are not privileged or confidential simply because Eckert is not counsel of record in the actions filed by POM in the Commonwealth Court of Pennsylvania. POM also has failed to provide any legal support or authority for the proposition that the communications somehow fall outside the attorney-client privilege regardless. There also has been no waiver of either the attorney-client privilege or work product contrary to the vague allegations made by POM.

While Eckert agrees that the issue of whether there is a conflict as between POM and Eckert is a separate legal one, it gives the Court no basis to invade Parx Casino's attorney-client privilege with Eckert or any of its other counsel. They are two separate and distinct issues, and POM's attempt to confuse the two is not supported by any relevant

authority.  Simply because POM believes that Parx Casino's privileged communications may be relevant or that they may support POM's claim in some way does not give the Court any basis to eviscerate the attorney-client privilege or client confidentiality of a different non-party, Parx Casino.  There is simply no case law supporting such an untenable and potentially problematic position.

Moreover, Judge Saporito relied exclusively on judicial estoppel as a way to eviscerate both the attorney-client privilege and work product doctrines. Eckert and the non-parties appealed the entirety of that decision.  POM argues that Eckert waived any argument about work product by not addressing it in its Brief.  There has been no waiver.[1] Eckert addressed the issue to the extent that Judge Saporito used judicial estoppel as a basis to override the work product doctrine as contained in his Memorandum.  Similarly, Eckert raised the fact that the Court should not use judicial estoppel to invade either attorney-client privileged or work product documents.  There has been no waiver, and the Court may properly decide that issue as well.

---

[1] POM also argues that Eckert waived Parx Casino's attorney-client privilege by putting certain affirmative defenses at issue.  However, those affirmative defenses go to Eckert's attorney-client relationship with POM – not any other clients, such as Parx Casino.  Thus, the only "attorney-client privilege" that may be implicated by Eckert's affirmative defenses is POM's.  Clearly, POM does not want Eckert to waive its attorney-client privilege so this issue raised by POM is a red herring.

## POM Has Always Known That Eckert Represents Parx Casino.

**Second**, the notion that Eckert has played "fast and loose" or acted in "bad faith" concerning its representation of Parx Casino or its statements to the Court is simply untrue. POM is obviously ignoring the fact that Eckert undertook its representation of POM in late 2016-early 2017 *subject to POM's understanding that Eckert already represented Parx Casino and that Eckert could not represent POM in Pennsylvania*. *See, e.g.,* Thomas Lisk Deposition at pages 28-29, 39, 41-42, attached hereto as Exhibit "A". There is certainly nothing surreptitious or mysterious about that fact that Eckert has represented Parx Casino, or that such an understanding was a condition of Eckert's representation of POM in Virginia. *Id.*

Further, in October 2019, POM through other counsel raised the potential conflict issue involving Eckert's representation of Parx Casino in Pennsylvania. There were multiple discussions on the subject. In addition, attached as Exhibit "B" is the January 16, 2020 letter from counsel for POM to Eckert in which he accuses Eckert of "advancing positions on behalf of Parx Casino that are directly adverse to POM and POM's products." Counsel goes on to state, "you [Mark Stewart of Eckert] appeared in Commonwealth Court yesterday and collaborated with *amicus* counsel for Parx Casino in a matter in which Parx Casino is advocating against POM's request for preliminary injunctive relief. These actions are directly and openly adverse to POM's interests." *Id.*

4

What is important for the Court to note is that the January 16, 2020 letter was sent *before this lawsuit was commenced and before POM sent any discovery requests*.  The Court also should note that nowhere in the January 16, 2020 letter does POM claim that POM and Parx Casino are directly adverse in litigation.[2]  Rather, POM's counsel acknowledges that their "positions" are adverse, which is exactly what Eckert has maintained since the issue first arose in October 2019.  Thus, POM's argument in its Brief that somehow Eckert's representation of Parx Casino was "secret," "surreptitious," or done in "bad faith" is disingenuous to say the least as it is directly contradicted by counsel's January 16, 2020 letter.  As Eckert has stated before, the issue before this Court is whether there is a conflict because Eckert represents Parx Casino and the positions of Eckert and Parx Casino are adverse not whether Eckert represents a party that is directly adverse to POM in litigation.

Moreover, while Eckert recognizes that its defense is technical in the sense that it did not represent any party adverse to POM in litigation, simply because it is a technical defense does not make it less true.  Eckert understands – and has taken affirmative actions consistent with remedying the concern raised by POM, *i.e.*, that Parx Casino's interests are adverse to POM's in Pennsylvania.  Even POM seems to

---

[2] As Eckert states in its opening Brief, the Commonwealth Court has not given Parx Casino leave to intervene in the Commonwealth Court actions so Parx Casino's status has remained the same since POM's counsel sent the January 16, 2020 letter.

misapprehend Eckert's role in the other cases.  By way of example, at page 16 of its Omnibus Brief, POM states, "And, contrary to Eckert's argument, ECF 169, p. 11, its decision to withdraw from the public nuisance suits that it filed against its own client evidences consciousness of guilt and an effort to cabin liability, not good faith." POM's statement is troubling for two (2) reasons.  First, it is factually inaccurate. The public nuisance suits were not filed against POM; they were filed against businesses engaged in unlicensed gambling.  POM is not a party in those cases contrary to POM's counsel's argument in the Brief.  Second, it is entirely untrue that Eckert took these actions to withdraw because of guilt or any concerns about liability. Rather, Eckert took those actions voluntarily because it learned that it did not have POM's informed consent and because it acted in good faith to remedy the concern.

Simply put, there is no basis to conclude that Eckert's characterization of its position is inconsistent.  Neither Parx Casino nor any other casino is a party in the Commonwealth Court actions.  POM is not a party in the actions that Eckert commenced against the businesses engaged in unlicensed gambling.  The fact that Eckert asserted the attorney-client privilege and work product doctrines on behalf of another client, Parx Casino, is perfectly permissible and consistent with the fact that Eckert disclosed to POM at the outset of its representation of POM that Eckert represented Parx Casino.

6

## Judicial Estoppel Does Not Apply Here.

**Third,** contrary to POM's assertions, the elements of judicial estoppel have not been met. Eckert has always maintained that it represents Parx Casino. Its statement that it does not represent a party adverse to POM in litigation is also accurate and consistent with the fact that it represents Parx Casino. As stated above, Parx Casino is not a party to the Commonwealth Court actions, and POM is not a party in the actions that Eckert had initiated on behalf of Parx Casino against a number of businesses engaged in unlicensed gambling. Thus, there has been no inconsistency, no bad faith and no attempt to gain any unfair advantage. These "statements" are affirmative defenses that ultimately will go to the fact finder. Thus, judicial estoppel should not apply here because the Court has not adopted any statements by Eckert about its representation of Parx Casino so there has been absolutely no fraud upon the Court or anyone else.

As the Court stated in *Krystal Cadillac-Oldsmobile v. General Motors*, 337 F.3d 314, 319 (3rd Cir. 2003), "[j]udicial estoppel is not intended to eliminate all inconsistencies no matter how slight or inadvertent they may be." The party must also be afforded an opportunity to provide an explanation for its changed position. *Id.* at 320. Moreover, "judicial estoppel is only to be used sparingly and reserved for the most egregious case." *Id.* at 324. This is not such a case.

Indeed, contrary to POM's argument that the Court need not adopt the position in order for judicial estoppel to apply, the *Krystal Cadillac* Court found that judicial estoppel

7

applied because, in fact, the creditors relied upon Krystal's failure to disclose certain claims in the relief that the Bankruptcy Court eventually fashioned.  Similarly, but contrary to POM's argument, the Third Circuit in *GI Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3rd Cir. 2009), expressly rejected the application of judicial estoppel because the District Court never adopted the inconsistent position of the party. In so ruling, the GI Holdings Court stated, "[w]e do not consider these factors [judicial estoppel], however, because in our Circuit judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." *Id.*, citing *United States v. Pelullo,* 399 F.3d 197, 222-223 (3rd Cir. 2005); *Dam Things from Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 559 n. 16 (3rd Cir. 2002); *Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773, 778 (3rd Cir. 2001).  It was clear error for Judge Saporito to invoke judicial estoppel and, as the *GI Holdings* Court concluded, "[w]e believe applying judicial estoppel here presents a greater threat to judicial integrity.  We do not preclude arguments not accepted by the District Court in part to ensure that the order in which a party presents its claims does not determine the outcome of the case." *Id.*  Using judicial estoppel as a vehicle to undermine the attorney-client privilege and work product doctrines would be a far greater threat to judicial integrity particularly where there has been no inconsistency in Eckert's position about its long-standing representation of Parx Casino and POM has been aware of Eckert's representation since the outset of Eckert's representation of POM in Virginia.

**Eckert Has Produced Non-Privileged, Relevant Communications.**

**Fourth**, Eckert has provided POM with non-privileged, third party communications involving POM's (and Parx Casino's) legal positions in Pennsylvania, and it continues to do so.  POM has already made – and continues to make arguments  – based upon those non-privileged documents and positions that Eckert attorneys took in Pennsylvania on behalf of Parx Casino.  Again, not only do these non-privileged, third party communications demonstrate Eckert's involvement with Parx Casino, they obviate the need to review any attorney-client privileged documents or those protected by the work product doctrine. POM does not need to see, review or otherwise invade Parx Casino's confidential and attorney-client privileged communications in order to argue its position or make its point.  POM has whatever documents POM believes that it needs in order to assert its argument as to the purported conflict.  To the extent that POM seeks to argue "that Eckert was advocating against POM while representing POM," it has such documents with third parties which obviate the need to seek any privileged communications. Thus, not only would such an invasion of the attorney-client privilege be unprecedented, it would defeat the entire purpose behind the attorney-client privilege.

**The Crime-Fraud Exception Does Not Apply.**

**Finally,** POM argues for the first time that the crime-fraud exception to the attorney-client privilege should apply.  There has been no fraud or crime committed here so the doctrine is entirely inapplicable.  Even though POM asserted a "fraud" claim in its

9

Amended Complaint, there is a motion to dismiss pending and any fraud claim would be barred by the absolute judicial privilege.  Moreover, Judge Saporito did not conclude that the crime-fraud exceptions applies so, again, this issue is entirely without merit as a basis to affirm Judge Saporito's decision with respect to the application of judicial estoppel.

## CONCLUSION

For all of the foregoing reasons, defendant, Eckert Seamans Cherin & Mellott, LLC, respectfully requests that this Court sustain its objection and reverse and vacate Judge Saporito's November 16, 2021 Order and Memorandum dealing with judicial estoppel and waiver as to the discovery requests of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendants,
ECKERT SEAMANS CHERIN & MELLOTT,
LLC, MARK S. STEWART and KEVIN M.
SKJOLDAL**

Date:   January 27, 2022

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                     :
                                        :
                    Plaintiff,          :
      v.                                :        Docket No. 1:20-cv-00292
                                        :
ECKERT SEAMANS CHERIN &                 :
MELLOTT, LLC, MARK S. STEWART,          :        (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                  :        (Judge Joseph F. Saporito, Jr.)
                                        :
                    Defendants.         :
_____ :

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 27th day of January,

2022, I served a true and correct copy of the foregoing Reply Brief, via ECF, upon

all counsel of record and the following by e-mail:

| | |
|---|---|
| Daniel T. Brier, Esquire | Judge Joseph F. Saporito, Jr. |
| Donna A. Walsh, Esquire | Magistrate Judge |
| Myers, Brier & Kelly, LLP | U.S.D.C., Middle District of Pennsylvania |
| 425 Spruce Street, Suite 200 | Max Rosenn U.S. Courthouse |
| Scranton, PA 18503 | 197 South Main Street |
| | Wilkes-Barre, PA  18701 |

**Counsel for Plaintiff**
**PACE-O-MATIC, INC.**


_____
ROBERT S. TINTNER, ESQUIRE