# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **NO. 20-CV-292** |
| | : | |
| ECKERT, SEAMANS, CHERIN & | : | **JUDGE WILSON** |
| MELLOTT, LLC, MARK S. | : | |
| STEWART and KEVIN M. | : | |
| SKJOLDAL, | : | |
| | : | **ELECTRONICALLY FILED** |
| **Defendants.** | : | |

## PLAINTIFF'S SUR REPLY MEMORANDUM IN FURTHER OPPOSITION TO APPEALS FROM MAGISTRATE JUDGE DECISION

In furtherance of their scheme to shield their concerted conduct from legitimate discovery by Plaintiff Pace-O-Matic, Inc. ("POM"), Eckert[1] and Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino") urge the Court to find that the assertion of privilege trumps application of judicial estoppel. Eckert's Reply Br. (ECF 193) at 2-3; Parx Casino's Br. in Supp. (ECF 171) at 12-13. The very recent production of documents by Eckert, however, debunks the pretense of privilege and reveals that even the assertion of privilege to

---

[1] For convenience, Defendants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal are referred to collectively herein as "Eckert," unless otherwise specifically noted.

this Court was an after-the-fact fabrication to shield evidence of Eckert's years-long breach of fiduciary duty, which included fomenting criminal charges against its own client, conspiring to bring civil suits against its own client based on express desire to harm its own client and coordinating a million dollar, extra-judicial public relations campaign aimed at destroying its own client's business. This new evidence of Eckert's bad faith provides additional support for application of judicial estoppel and demonstrates that the privilege does not even facially apply to most of the communications at issue in this appeal.

Documents recently produced by Eckert in discovery reveal that its multi-faceted opposition to POM's skill games was pursuant to a public relations campaign developed, coordinated and led by Defendant Mark S. Stewart, the co-chair of Eckert's gaming practice, for the benefit of multiple casinos, most of which are not clients of Eckert.[2]

In an email dated August 28, 2019, while Eckert was representing POM and advocating for the legality of POM's skill games, Mr. Stewart circulated an email announcing "a skill games initiative" that involved "PA casinos (or at least a group of them . . . launch[ing] a coordinated litigation strike on the same day against a significant number of establishments hosting skill games across the state." *See*

---

[2] Neither Eckert nor anyone else asserted any other client's privilege over the withheld documents. The only assertion of privilege was on behalf of Parx Casino.

2

Aug. 28, 2019 email at 9:54 am (attached as Exhibit "A").[3] He specifically referenced "PA Skill," the name under which POM games are distributed, as the target of the "litigation strike" and touted the "litigation strike" as a "good move" because "[i]t would put PA Skill on the defensive, having to run around the state, spend money, and dedicate time and personnel resources to defending the numerous suits on behalf of their clients" and would "draw public and political attention" and "chill" businesses from offering POM games. *Id.*[4] With regard to a casino that Eckert did not represent, Mr. Stewart suggested to a government relations consultant in the same email chain that he should reach out to the casino and propose that "they could be the plaintiff and we could just handle it for them." *See* August 28, 2019 email at 9:56 am. Mr. Stewart was thus affirmatively soliciting adversity and hostility toward Eckert's own client.

The "skill games initiative" ramped up in the fall of 2019. According to an email message sent by Mr. Stewart on November 18, 2019, "Parx [Casino] has

---

[3] Mr. Stewart sent a similar email to counsel for another gaming interest on July 31, 2019. He wrote: "We figured that it would be best to share this first with you guys and, hopefully if you are on board, we could collectively go out to others in the group and enlist their participation." *See* July 31, 2019 email at 5:05 pm (attached as Exhibit "B").

[4] The "template complaint" referenced in the email is believed to be the same complaint filed by Eckert in Pennsylvania county courts seeking a judicial declaration that POM's games constitute a public nuisance. *See*, e.g., Am. Compl. (ECF 145) ¶¶ 20-21.

3

enlisted [a public relations consultant] to assist with a PR effort on skill games." *See* Nov. 18, 2019 email at 1:48 pm (attached as Exhibit "C"). With regard to the "PR effort," Mr. Stewart wrote: "This is something that we need to get all of those casinos who are going to engage more fully to get on. Need to develop good visuals and such that the PR people can put to good use. . . ." *Id.*

The "skills game initiative" and "PR effort" included the casinos interjecting themselves in the pending Commonwealth Court litigation adverse to Eckert's then-client, POM. In an email dated December 16, 2019, Mr. Stewart reached out to representatives of another casino to solicit the casino's involvement in opposing POM in Commonwealth Court. He wrote: "It appears that *we* may have an opportunity to file an amicus brief in support of the Commonwealth when they answer on 12/18. I believe that Parx will be doing so. Would you be open to joining in that filing? *We* think it would be helpful to have more than one casino on the filing." *See* December 16, 2019 email at 10:15 am (emphasis added).[5] The email was part of a chain that referenced the seizure of POM's games by the Pennsylvania State Police that same week. The government relations consultant

---

[5] The "amicus brief" referenced in the email is the brief that Eckert prepared and Hawke McKeon & Sniscak, LLP filed on December 18, 2019. *See* Am. Compl. ¶ 46. With regard to the filing, Judge Saporito found that "the amicus brief itself was, in essence, *wholly authored* by Stewart and other Eckert attorneys, with minimal substantive input from McKeon or any other non-Eckert attorneys, and it was Stewart who coordinated the entire effort . . . ." ECF 166 at 22-23.

4

tellingly claimed credit for the Pennsylvania State Police seizures for both himself and Mr. Stewart. He wrote: "I believe that *our* efforts . . . are what led to the pick up of these machines this week by the State Police.. . . ." *See* December 14, 2019 email at 9:04 am (emphasis added). The use of "we" and "our" clearly shows that Mr. Stewart was active and in charge. And all of this was while Eckert was still representing POM.

In an email dated February 12, 2020, the Chairman of Parx Casino outlined the terms of the casinos' collective participation in the "PR campaign" as follows:

> Here is a proposal for participation in the next round of the PR campaign as outlined at the recent industry meeting. As you know, Parx picked up the $300k tab for the initial salvo that has prodded awareness and action against a menace that threatens all of our businesses. The [public relations consultant's] presentation showed a cost of $450k and, with incidentals, this will probably end up being $518k. I have divided this up on the following pro rata basis,. . . .
>
> . . .
>
> Going forward, I would propose that any agreed expense would be divided under the same equation . . . . Perhaps you could circulate this to our co-combatants for either their comments, suggestions or approval. Thanks.

*See* February 12, 2020 email message at 11:51 am. Parx Casino was fully aware of Eckert's simultaneous representation of POM when the terms of participation in the "PR campaign" were outlined. In fact, in an email message from the year before concerning the casinos' coordinated efforts against skill games, the

5

government relations consultant joked about Eckert's simultaneous representation of POM. He wrote: "They [*i.e.* the State Police] . . . even questioned if any of us represent skill games manufacturers. Mark [Stewart], in particular, got a kick out of that (offensive) question. . . ." *See* March 18, 2019 email at 4:19 pm (attached as Exhibit "F"). Indeed, Eckert was at that very moment representing POM.

Put simply, the newly disclosed communications make clear that Eckert coordinated and led the public relations campaign against POM—its own client— for the benefit of multiple casino interests with whom it had no lawyer-client relationship. Communications relating to efforts on behalf of non-clients could not have been for the purpose of providing legal advice and consequently are not privileged. *Gillard v. AIG Ins. Co.*, 15 A.3d 44, 59 (Pa. 2011) (holding that, "in Pennsylvania, the attorney-client privilege operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice"). Either the privilege does not apply, in which case the communications should be required to be produced without reaching the issue of judicial estoppel, or, alternatively, the newly discovered documents underscore the appropriateness of judicially estopping Eckert from invoking the privilege to shield communications concerning the "PR campaign" on behalf of non-clients.

6

Even if the withheld communications could be construed as partially for the purpose of providing legal advice, they should for a completely independent reason be required to be produced. The coordinated effort to conceal Eckert's active yet covert involvement in a public relations campaign aimed at putting POM—its own client—out of business is fraud and therefore communications with Parx Casino in furtherance of that effort are squarely within the crime-fraud exception to the attorney-client privilege. *See In re Grand Jury Subpoena*, 223 F.3d 213, 217 (3d Cir. 2000) ("crime-fraud exception applies . . . when the legal advice gives direction for the commission of future fraud . . .") (citation and internal quotation marks omitted). Because the new evidence further shows that the lawyer-client relationship has been misused to perpetuate a fraud on POM, the crime-fraud exception provides an alternate basis for compelling production of the withheld communications.[6]

---

[6] Parx Casino argues that the crime-fraud exception does not apply because it could not have intended any fraud on this Court before this proceeding was filed. Parx Reply (ECF 192) at 13. This argument, however, conflates judicial estoppel and the crime-fraud exception. While judicial estoppel is available to remedy fraud on the Court, *see Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003) (judicial estoppel properly invoked to prevent litigant from "playing fast and loose with the courts"), the crime-fraud exception applies more broadly to misuse of the lawyer-client relationship in furtherance of "future fraud or crime," *see, In re Grand Jury Subpoena*, 223 F.3d at 217.

7

Accordingly, the Court should affirm Judge Saporito's November 16, 2021 decision. Alternatively, and regardless of the outcome of the appeal, the withheld communications between Eckert and Parx Casino should be produced either because they were not for the purpose of providing legal advice or because they fall within the crime-fraud exception to the attorney-client privilege.

Respectfully submitted,

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh

Attorneys for Plaintiff,
Pace-O-Matic, Inc.

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Dated: February 24, 2022

8

## CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Sur Reply Memorandum was served upon the following counsel of record via the Court's ECF filing system:

Abraham C. Reich, Esquire
Robert S. Tintner, Esquire
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA  19103-3291

Dennis A. Whitaker, Esquire
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA  17101

George A. Bibikos, Esquire
5901 Jonestown Road, #6330
Harrisburg, PA  17112

/s/ Donna A. Walsh
Donna A. Walsh

# Exhibit A

| From: | Mark S. Stewart [/O=ECKERTSEAMANS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=3792455D4FAD4724874BB7F444057D20-MARK S. ST] |
|---|---|
| Sent: | Wednesday, August 28, 2019 9:56:11 AM |
| To: | Richard Gmerek |
| Subject: | FW: Skill games effort |
| Importance: | High |

Hey. On Nemacolin, as you know, the resort is the actual licensee. If you think they might be interested, they could be the plaintiff and we could just handle it for them. They don't need Churchill to take action. My guess is that they won't want to spend the money, but it may be worth you raising it with them. Whatever you think.

Thanks.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

**From:** Mark S. Stewart
**Sent:** Wednesday, August 28, 2019 9:54 AM
**To:** James A. Doherty - Scanlon Howley & Doherty, PC (jadoherty@shdlawfirm.com) <jadoherty@shdlawfirm.com>
**Cc:** Richard Gmerek <RGmerek@ggrgov.com>
**Subject:** Skill games effort
**Importance:** High

Jim

As we discussed yesterday, a skill games initiative is being undertaken by some of the casinos in PA and we wanted to see if Churchill would be interested in participating. We've all been talking about the skill games issue since the last industry meeting in Jan/Feb of this year. As I mentioned, at that time, Dave Thomas, attending for Presque Isle, was vocally supportive of the efforts to shut them down and ban them, and we understand that he is still advocating for that position. As I mentioned to you, SB 710 (Tomlinson) has been introduced (and a House bill also) to prohibit the games, but we did not want to rely solely on a legislative effort to stop/challenge skill games.

In considering other options for taking action, the idea was developed for PA casinos (or at least a group of them) to launch a coordinated litigation strike on the same day against a significant number of establishments hosting skill games across the state. Ironically, PA Skill has been beating us to the punch on this to some degree by suing some of these businesses themselves when they host their competitors' machines. We believe this would be a good move for several reasons:

- It would put PA Skill on the defensive, having to run around the state, spend money, and dedicate time and personnel resources to defending the numerous suits on behalf of their clients;
- It would draw public and political attention to the illegality of the machines;
- It could give businesses we don't sue pause about keeping their machines and certainly would chill the

ECKERT010928

desire of businesses who don't have them from getting them; and

- It would give us a vehicle to get a case that we are arguing to an appellate court (would likely go to Superior instead of Commonwealth, thereby giving us an alternate path should the OAG lose its current case on this issue before Commonwealth Court).

Parx and Penn National are currently working on this effort, and three other operators are considering it. We wanted to see if Churchill would also be interested in participating. A template complaint that can be used by any facility has already been drafted, and the research has already been done (standing, etc.). All that would be needed to be done would be to identify potential defendants and then move forward on it. Our view has been to not look at any social/veterans clubs, and even to stay away from bars/taverns to a degree, focusing more on convenience stores, thrift shops, and other such locations. If Churchill is on board, we can share the template complaint and related materials.

Can you help us in figuring out if Churchill has any interest? Happy to discuss and share more if they are interested.

Thanks.

**Mark S. Stewart, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street  •  8th Floor  •  Harrisburg, PA 17101
Direct (717) 237.7191  |  Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

ECKERT010929

# Exhibit B

| From: | Mark S. Stewart [/O=ECKERTSEAMANS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=3792455D4FAD4724874BB7F444057D20-MARK S. ST] |
|---|---|
| Sent: | Wednesday, July 31, 2019 5:05:56 PM |
| To: | 'King, Jr., Adrian R.'; 'Downey, William J.' |
| CC: | 'Richard Gmerek'; Kevin M. Skjoldal |
| Subject: | Skill games litigation effort |
| Attachments: | PLD - DRAFT COMPLAINT [SKILL GAMES LITIGATION] (L0821087-5xA35AE).docx; INFORMATION RELATING TO ESTABLISHMENTS WITH SKILL GAMES (L0822065xA35AE).docx |

Adrian and Bill,

I had mentioned this idea to Adrian previously, but we have been thinking of trying to have the casinos (or some of us) launch a coordinated litigation strike on the same day against a large number (40?) of establishments hosting skill games across the state. Ironically, POM has been beating us to the punch by suing some of the businesses themselves. Nonetheless, we believe that this would be a good move for several reasons:

- It would put PA Skill on the defensive, having to run around, spend money, and dedicate time and personnel resources to defending the numerous suits;
- It would draw public and political attention to the illegality of the machines;
- It could give businesses we don't sue pause about keeping their machines and certainly would chill the desire of businesses who don't have them from getting them; and
- It would give us a vehicle to get a case that we are arguing to an appellate court (would likely go to Superior instead of Commonwealth, thereby giving us an alternate path should the OAG lose before Commonwealth Court).

Attached is a draft complaint that could be used as a template and an info sheet to be used in identifying targets. We also have research on standing, should you want to see it, but I am confident that we would be able to demonstrate standing. In terms of targets, we would 100% avoid any social/veterans clubs. Some have suggested avoiding bars too, but I am agnostic on that front. So, if possible, talking about convenience stores, thrift shops, pizza joints, etc.

We figured that it would be best to share this first with you guys and, hopefully if you are on board, we could collectively go out to others in the group and enlist their participation. At the very least, if the others can identify defendants that would be some help. With iGaming having gone live, the need for geographic nexus between plaintiff and defendant decreases.

Our target date for the action would be mid to late August. I know everyone is on vacation and such, including me next week, but hopefully we can push this forward. Please feel free to call to discuss.

Thanks.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

ECKERT010996

# Exhibit C

| | |
|---|---|
| **From:** | Mark S. Stewart [/O=ECKERTSEAMANS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=3792455D4FAD4724874BB7F444057D20-MARK S. ST] |
| **Sent:** | Monday, November 18, 2019 1:48:31 PM |
| **To:** | King, Jr., Adrian R. |
| **CC:** | Richard Gmerek |
| **Subject:** | Pictures |

Adrian

As you know, Parx has enlisted Pete Shelley to assist with a PR effort on skill games. We were wondering if you had any other good pictures that you guys could contribute to the cause. I know you had the one blown up for the HGOC hearing that we testified at. That one and any others would be very helpful.

This is something that we need to get all of those casinos who are going to engage more fully to get on. Need to develop good visuals and such that the PR people can put to good use. May need PIs to acquire.

Thanks.

**Mark S. Stewart, Esq.  |  Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street  ·  8th Floor  ·  Harrisburg, PA 17101
Direct (717) 237.7191  |  Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio |vCard

ECKERT010204

# Exhibit D

**From:** Richard Gmerek [RGmerek@ggrgov.com]
**Sent:** Monday, December 16, 2019 10:36:16 AM
**To:** Mark S. Stewart; Chuck Bunnell
**CC:** Anthony Carlucci; Rome, David; Chrzan, Ron; David Parfrey - Mohegan Sun (dparfrey@mohegansunpocono.com); Kevin M. Skjoldal
**Subject:** [External] RE: POM Skill Games - Update (TIME SENSITIVE)

Yes....would be very helpful

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Monday, December 16, 2019 10:15 AM
**To:** Richard Gmerek <RGmerek@ggrgov.com>; Chuck Bunnell <cbunnell@moheganmail.com>
**Cc:** Anthony Carlucci <acarlucci@mohegansunpocono.com>; Rome, David <drome@mohegangaming.com>; Chrzan, Ron <rchrzan@mohegansunpocono.com>; David Parfrey - Mohegan Sun (dparfrey@mohegansunpocono.com) <dparfrey@mohegansunpocono.com>; Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** RE: POM Skill Games - Update (TIME SENSITIVE)
**Importance:** High

Thanks! Question – It appears that we may have an opportunity to file an amicus brief in support of the Commonwealth when they answer on 12/18. I believe that Parx will be doing so. Would you be open to joining in that filing? We think it would be helpful to have more than one casino on the filing.

Thanks.

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com

**From:** Richard Gmerek [mailto:RGmerek@ggrgov.com]
**Sent:** Monday, December 16, 2019 10:03 AM
**To:** Chuck Bunnell <cbunnell@moheganmail.com>; Mark S. Stewart <MStewart@eckertseamans.com>
**Cc:** Anthony Carlucci <acarlucci@mohegansunpocono.com>; Rome, David <drome@mohegangaming.com>; Chrzan, Ron <rchrzan@mohegansunpocono.com>; David Parfrey - Mohegan Sun (dparfrey@mohegansunpocono.com) <dparfrey@mohegansunpocono.com>; Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** [External] RE: POM Skill Games - Update

Thank you

**From:** Chuck Bunnell <cbunnell@moheganmail.com>
**Sent:** Monday, December 16, 2019 9:18 AM
**To:** Richard Gmerek <RGmerek@ggrgov.com>; Mark S. Stewart <MStewart@eckertseamans.com>
**Cc:** Anthony Carlucci <acarlucci@mohegansunpocono.com>; Rome, David <drome@mohegangaming.com>; Chrzan, Ron <rchrzan@mohegansunpocono.com>; David Parfrey - Mohegan Sun (dparfrey@mohegansunpocono.com) <dparfrey@mohegansunpocono.com>; Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** RE: POM Skill Games - Update

ECKERT009375

Keep up the good work

Charles F. Bunnell
Chief of Staff
The Mohegan Tribe
(860) 862-6120

**From:** Richard Gmerek <RGmerek@ggrgov.com>
**Sent:** Saturday, December 14, 2019 9:04 AM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Cc:** Chuck Bunnell <cbunnell@moheganmail.com>; Anthony Carlucci <acarlucci@mohegansunpocono.com>; Rome, David <drome@mohegangaming.com>; Chrzan, Ron <rchrzan@mohegansunpocono.com>; David Parfrey - Mohegan Sun (dparfrey@mohegansunpocono.com) <dparfrey@mohegansunpocono.com>; Kevin M. Skjoldal <KSkjoldal@eckertseamans.com>
**Subject:** Re: POM Skill Games - Update

> WARNING: External email. Please verify sender before opening attachments or clicking on links.

All,

I'm also meeting with both of the chairs of the House Gaming Committee this week because they want to run a bill that would make skill games illegal, except that they would allow skill games and VGT's in clubs... Not bars.

I believe that our efforts with the Wolf Administration are what led to the pick up of these machines this week by the State Police. We are in constant communication with the governor's top staff. Mark and I may also be meeting with the Governor himself to discuss the same......as we were told that he might have some time this coming week to meet.

Dick

> On Dec 13, 2019, at 4:25 PM, Mark S. Stewart <MStewart@eckertseamans.com> wrote:
>
> All,
>
> I wanted to update you on some new developments with regard to POM's so-called "skill games." This week, the PA State Police seized some of POM's PA Skill machines in Dauphin County. (See news article attached). POM, in turn, filed an emergency application for preliminary injunction with the Commonwealth Court, asking the Court to enjoin the PSP from seizing more machines. (See attached application for emergency injunction). The Court has scheduled a hearing on the application for December 23.
>
> POM's application relies primarily upon a decision from the common pleas court in Beaver County that determined that POM's machines are not gambling devices because they are predominately skill based. The application, however, does not address the declaration in § 5513 of the Crimes Code that any "slot machine" not in a licensed facility is unlawful.
>
> In our view, because the Commonwealth Court has already determined that POM's machines are "slot machines," POM's machines are illegal under § 5513. I have attached an analysis of this

ECKERT009376

exact issue that we recently put together.

If you have any questions, of if you'd like to discuss, please let me know.

Mark Stewart, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191 | Mobile (717) 579-7358
mstewart@eckertseamans.com<mailto:mstewart@eckertseamans.com>

This communication may contain federal tax advice. Recent IRS regulations require us to advise you that any discussion of federal tax issues in this communication was not intended or written to be used and cannot be used to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein. Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the Firm's Tax partners if you have any questions regarding federal tax advice.

----------------------------------------------------------------------
This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.
----------------------------------------------------------------------
This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

ECKERT009377

# Exhibit E

| | |
|---|---|
| **From:** | Mark S. Stewart [/O=ECKERTSEAMANS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=3792455D4FAD4724874BB7F444057D20-MARK S. ST] |
| **Sent:** | Tuesday, March 03, 2020 6:12:32 PM |
| **To:** | 'Joseph Uliana' |
| **Subject:** | RE: Contribution to industry PR effort opposing expansion/skill games |

Hi, Joe.  All good here.  Thanks.  The Court set 4/6 as a hearing date for intervention.  Had hoped for sooner, so we basically lost a month there.  Assuming we get in (which seems fair), we could get our filings for summary relief in by mid April.  Their response due early May.  ASSUMING the Court agrees to the two track approach we want to pursue, we have oral argument end of May or more likely June. Leave 3 months for decision (they took 6 mos for the Nov decision), you're looking at somewhere between Sept and Dec for Commw Court decision.

If we lose on our argument, there would still be the chance to win by proving that the games are predominately chance.  That wouldn't end before Dec. either and could go longer.  We have always considered that it is our argument or bust.  That is, if we lose on our legal theory, we will need legislative action.  It's too hard and infeasible to constantly be testing for skill/chance.

See you tmw or Thurs.   Thanks

Mark Stewart, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street  •  8th Floor  •  Harrisburg, PA 17101
Direct (717) 237-7191  | Mobile (717) 579-7358
mstewart@eckertseamans.com


-----Original Message-----
From: Joseph Uliana [mailto:juliana@jmuliana.com]
Sent: Tuesday, March 03, 2020 10:41 AM
To: Mark S. Stewart <MStewart@eckertseamans.com>
Subject: [External] RE: Contribution to industry PR effort opposing expansion/skill games

Mark,

I hope all is well. What is your estimation on how long the skill games litigation could take? Just some rough idea. Thanks

Joe
Joseph M. Uliana
J.M. Uliana Associates LLC
(610)554-1313

-----Original Message-----
From: Mark S. Stewart <MStewart@eckertseamans.com>
Sent: Wednesday, February 19, 2020 11:37 AM
To: Magazzu, Michael <michael.magazzu@windcreek.com>; brian.carr@windcreek.com
Cc: Joseph Uliana <juliana@jmuliana.com>
Subject: Contribution to industry PR effort opposing expansion/skill games

Brian and Mike,

ECKERT007794

Following up on the presentation and discussion at the Industry Meeting about the next phase of the PR campaign, I am circulating a proposal from Bob Green (see below) on potential contributions from operators. Thank you very much for your support of the effort and willingness to contribute. In case it is helpful with any discussions you may need to have, the presentation is attached. As noted below, Bob requests any comments, suggestions or approval you may have.

Thanks.

Mark Stewart, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street  •  8th Floor  •  Harrisburg, PA 17101 Direct (717) 237-7191  |
Mobile (717) 579-7358 mstewart@eckertseamans.com


-----Original Message-----
From: Bob Green <RGreen@parxcasino.com>
Sent: Wednesday, February 12, 2020 11:51 AM
To: Mark S. Stewart <MStewart@eckertseamans.com>; Eric Hausler <EHausler@parxcasino.com>
Subject: [External] PR contribution

Mark –

Here is a proposal for participation in the next round of the PR campaign as outlined at the recent industry meeting. As you know, Parx picked up the $300k tab for the initial salvo that has prodded awareness and action against a menace that threatens all of our businesses. The Shelly Lyons presentation showed a cost of $450k and, with incidentals, this will probably end up being $518k. I have divided this up on the following pro rata basis, based upon the respective percentages of the latest officially recorded GTR numbers. It includes all casinos, with the exception of Mt. Airy and Churchill (Presque Isle and Nemacolin). Although not yet operating in PA, I have included the Cordish Group at the equivalent sum of the lowest contributor.

Rivers (Pittsburgh & Philly)110 (22%)
Parx97 (19.3%)
Penn (H'wood & Meadows)93 (18.5%)
Wind Creek66 (13.1%)
Mohegan51 (8.8%)
Caesars49 (8.8%)
Boyd (VF)26 (4.7%)
Cordish26 (4.7%)

$518k  (100%)

Assuming this is acceptable, it means that Parx would have paid 48% ($397k out of $818k) of the amount committed so far. Going forward, I would propose that any agreed expense would be divided under the same equation as round two, but also taking into account the effect on total GTR and resultant percentages arising from the opening of a Cat 2 and any Cat 4s. Perhaps you could circulate this to our co-combatants for either their comments, suggestions or approval. Thanks.

Bob

Sent from my iPhone

--------------------------------------------------------------------
This email message and any files transmitted with it may be subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this email message in

ECKERT007795

# Exhibit F

**From:**     Mark S. Stewart [/O=ECKERTSEAMANS/OU=EXCHANGE ADMINISTRATIVE GROUP
              (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=3792455D4FAD4724874BB7F444057D20-MARK S. ST]
**Sent:**     Tuesday, March 19, 2019 11:06:10 PM
**To:**       'Richard Gmerek'
**Subject:**  RE: Today's State Police Meeting

Yeah. Oppose OTBs for Churchill unless it causes us a problem with our own OTB plans. Those include not only Shipp, but also reopening a couple more in Philly

**Mark Stewart, Esquire**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237-7191  | Mobile (717) 579-7358
mstewart@eckertseamans.com

**From:** Richard Gmerek [mailto:RGmerek@ggrgov.com]
**Sent:** Tuesday, March 19, 2019 6:10 PM
**To:** Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** [External] RE: Today's State Police Meeting

Got it

Did Bob say we oppose???

**From:** Mark S. Stewart <MStewart@eckertseamans.com>
**Sent:** Tuesday, March 19, 2019 3:19 PM
**To:** Richard Gmerek <RGmerek@ggrgov.com>; Bob Green (RGreen@parxcasino.com) <RGreen@parxcasino.com>; 'Tony Ricci' <TRicci@parxcasino.com>; Sean D. Schafer (seanschafer@gmail.com) <seanschafer@gmail.com>
**Subject:** RE: Today's State Police Meeting

Dick summarized the meeting well. One comment on topic & one off.

As to skill games and the Dave & Busters issue, one thing that the PSP does not seem to be appreciating (although we did raise it to them) is that, under Act 42 presently and even more clearly so after their amendment, all of these devices/games will be defined as slot machines; skill, hybrid and chance. The Gaming Act definition of a slot machine expressly applies if any reward of anything whatsoever is received from play with consideration. Section 5513's prohibitions apply to slot machines (can't operate them, sell them, house them, etc.). As such, if the games at Dave & Busters are slot machines, as defined, they will be illegal as per 5513's express terms and it won't matter what Commw. v. Irwin says. That case asks a different question: is the activity gambling. 5513, arguably now and certainly post-amendment, is not asking that question, at least if the device is one of the enumerated devices, like a slot machine.

The analysis will be:

Is the device a slot machine?  YES

Is the slot machine under the exemption for licensed manufacturing/operation under Title 4?  NO

Conclusion: the device is illegal.

ECKERT011897

The off-topic comment was that someone made mention that Churchill is all over the Hill pushing to be allowed to have OTBs. You may or may not have a position on that. It would be easy to oppose. One thing to keep in mind is that, as we look to move an OTB to Shippensburg and to reopen the other closed ones, Churchill could emerge as someone who tries to take shots at us or stop us unless they are allowed to get some. In our discussions with the HRC, they asked and openly questioned who might be out there that may try to oppose us.

Thanks.

**Mark S. Stewart, Esq. | Member**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

213 Market Street • 8th Floor • Harrisburg, PA 17101
Direct (717) 237.7191 | Mobile (717) 579.7358
mstewart@eckertseamans.com

eckertseamans.com | bio | vCard

**From:** Richard Gmerek [mailto:RGmerek@ggrgov.com]
**Sent:** Monday, March 18, 2019 4:19 PM
**To:** Bob Green (RGreen@parxcasino.com) <RGreen@parxcasino.com>; 'Tony Ricci' <TRicci@parxcasino.com>; Sean D. Schafer (seanschafer@gmail.com) <seanschafer@gmail.com>; Mark S. Stewart <MStewart@eckertseamans.com>
**Subject:** [External] Today's State Police Meeting

Guys,

Mark, Sean and I met with the State Police. I will just give you the highlights regarding our skill games meeting and they can add whatever they would like:

- We tried to explain to the State Police that we're all on the same team, but they were rather arrogant.
- They are stuck on their language and they don't want to see any changes to their language because they believe it works and they believe it will get prosecutors to prosecute when they collect the machines.
- They made it clear that they don't care if skill games are illegal only that they enforce the law, so if the law is clear that the skill games are illegal, they would pick them up.
- They reluctantly agreed that if Mark's right, we may be right back here if we lose one of the Commonwealth court cases because Title 4 doesn't apply to skill games...... But they still don't want to change their language.
- They also raised the issue that they don't believe the (PA) Casinos are being strong enough in their opposition to skill games and even questioned if any of us represent skill games manufacturers. Mark, in particular, got a kick out of that (offensive) question. We explained why they are wrong and mentioned the recent casinos meeting in Harrisburg.
- Regarding the concern that places like Chuck E. Cheese's and Dave and Buster's have about their machines, the State police advised us to read the case of Commonwealth v Irwin which they claim satisfies this issue by saying that if what you get out of the machine is less than you what you put into the machine that the machine is not an illegal gambling device.

So, we met with Tommy afterward and agreed to support the language that the State Police want, Tommy will begin to circulate a bill and Sean and I are to get sponsors.

One last point, the House is pushing us to make sure that Dave and Buster's survives whatever bill we support... But we already addressed that above.

Please let me know if you have any questions.

Thanks,
Dick

ECKERT011898

_____

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

ECKERT011899