### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                         :
                                            :
                      Plaintiff,            :
        v.                                  :        Docket No. 1:20-cv-00292
                                            :
ECKERT SEAMANS CHERIN &                     :
MELLOTT, LLC, MARK S. STEWART,              :        (Judge Jennifer P. Wilson)
KEVIN M. SKJOLDAL,                          :        (Judge Joseph F. Saporito, Jr.)
                                            :
                      Defendants.           :
                                            :
_____  :

### RESPONSE OF DEFENDANT, ECKERT SEAMANS CHERIN & MELLOTT, LLC, IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR REPLY MEMORANDUM

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), through its counsel, Fox Rothschild LLP, hereby files this short response in opposition to the motion of plaintiff, Pace-O-Matic, Inc. ("POM"), for leave to file a sur reply memorandum with respect to the third parties and Eckert's appeals of Judge Saporito's November 16, 2021 Order and Memorandum.

### OVERVIEW OF ARGUMENT

Over a month after the briefing closed on the third parties and Eckert's appeals from the November 16, 2021 Order and Memorandum of Judge Saporito, POM is seeking leave to file a proposed sur reply memorandum. Not only is POM's proposed sur reply untimely, but POM failed to comply with the Local Rules concerning briefing and

1

concurrence.  POM also improperly seeks to add e-mails and other documents produced in discovery that were not before Judge Saporito and, thus, have nothing to do with – and could have nothing to do with – his Order and Memorandum or the currently pending appeals.  Additionally, as the documents and e-mails that POM references are not privileged, they certainly have nothing to do with the issues before this Court, including the proposed application of judicial privilege to eviscerate the attorney-client privilege.  Accordingly, Eckert respectfully requests that this Court deny POM's motion and strike POM's proposed sur reply memorandum.

## ARGUMENT

### A. POM's Proposed Sur Reply Memorandum is Untimely.

POM's proposed sur reply brief is untimely.  Briefing on the third-parties and Eckert's appeals from Judge Saporito's concluded a month ago on January 27, 2022.  As the Court acknowledged on its recent status call with the parties, those issues are ripe for consideration and disposition by the Court.  It is both prejudicial to Eckert (and the third parties) and unfair now to raise new issues long after the briefing concluded, and the record was closed.  Moreover, as POM acknowledges, none of these e-mails or documents could be relevant to the issues raised on appeal by Eckert and the third parties because they were just produced, no privilege is being asserted, and they have nothing to do with the application of judicial estoppel. Therefore, the Court should deny POM's motion as untimely.

## B. **POM Failed to Comply with the Local Rules.**

In addition, POM failed to comply with the Local Rules governing briefing or concurrence with motions. First, sur reply memoranda are not permitted. *See* Local Rule 7.7. Second, POM's counsel sent an e-mail seeking concurrence with its motion at 4:55 p.m. on Thursday, February 24, 2022. Rather than wait even 24 hours for a response, POM filed its motion at 8:40 p.m. on the same day. POM failed to comply in good faith with the Local Rules governing concurrence (*see* Local Rule 7.1) and, for that additional reason, the Court should deny POM's motion as improper.

## C. POM's Proposed Sur Reply Memorandum Addresses Documents and Issues That Were Not Considered by Judge Saporito and Are Irrelevant.

It is obvious from POM's sur reply memorandum that POM seeks to create new issues and to introduce arguments that were not considered by Judge Saporito. Such issues are neither relevant nor appropriate for consideration by this Court with respect to the third parties and Eckert's appeals. This is not a "free for all" to raise any new issue, particularly ones that do not go to the issues on these appeals. Rather, POM seeks merely to further criticize Eckert and to make liability arguments that are not before the Court with respect to these appeals.

Simply because POM wants to throw e-mails and documents at the Court to "allow for full development of the record" does not make it appropriate for consideration It also would not be permissible to convert these issues into ones that are ripe for consideration when they were not before Judge Saporito or the Court now. The "record"

before Judge Saporito and, now this Court with respect to the third parties and Eckert's appeals, is closed.  Frankly, it was closed when Judge Saporito entered his November 16, 2021 Order and Memorandum.

Further, it is entirely inappropriate to argue about e-mails and documents that Judge Saporito never considered.  Judge Saporito did not consider these e-mails and documents so they are certainly not relevant to his decision or the appeals.  It is improper for POM to try to backdoor in e-mails and documents to which no party is asserting the attorney-client privilege or work product doctrine where the entire issue before Judge Saporito was whether the attorney-client privilege or work product doctrine shielded the production of certain other documents to which the third parties and Eckert claimed privilege.  Clearly, Eckert produced these e-mails and documents in a recent supplemental production so they have no relevance or application to the attorney-client privilege or work product doctrines regardless.

Thus, POM's proposed sur reply memorandum substantively has nothing to do with judicial estoppel, the application of the attorney-client privilege, or the issues before the Court concerning the third parties and Eckert's appeals.  Again, the issues raised by POM in its proposed sur reply go to liability.  If POM would like to raise these issues at a later date and time with respect to a dispositive motion, it is free to do so, but they are not appropriate for consideration with respect to the third parties and Eckert's appeals from Judge Saporito's November 16, 2021 Order and Memorandum.

## **CONCLUSION**

For all of the foregoing reasons, defendant, Eckert Seamans Cherin & Mellott,

LLC, respectfully requests that this Court enter its proposed form of Order denying the

motion for leave to file a sur reply memorandum of plaintiff, Pace-O-Matic, Inc., and

striking the proposed sur reply memorandum.

Respectfully submitted,


_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendants,**
**ECKERT SEAMANS CHERIN & MELLOTT,**
**LLC, MARK S. STEWART and KEVIN M.**
**SKJOLDAL**

Date:   February 25, 2022

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                     :
                                         :
                    Plaintiff,           :
         v.                              :     Docket No. 1:20-cv-00292
                                         :
ECKERT SEAMANS CHERIN &                  :
MELLOTT, LLC, MARK S. STEWART,           :     (Judge Jennifer P. Wilson)
KEVIN M. SKJOLDAL,                       :     (Judge Joseph F. Saporito, Jr.)
                                         :
                    Defendants.          :
_____       :


## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 25th day of February, 2022, I served a true and correct copy of the foregoing Supplemental Response in Opposition to POM's Motion for Leave to File Sur Reply Memorandum, via ECF, upon the following:

> Daniel T. Brier, Esquire
> Donna A. Walsh, Esquire
> Myers, Brier & Kelly, LLP
> 425 Spruce Street, Suite 200
> Scranton, PA 18503
>
> **Counsel for Plaintiff**
> **PACE-O-MATIC, INC.**

ROBERT S. TINTNER, ESQUIRE