**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PACE-O-MATIC, INC., | : |
| | : |
| Plaintiff | : No. 1:20-cv-00292 |
| | : |
| v. | : (Judge Jennifer P. Wilson) |
| | : (Magistrate Judge Joseph F. Saporito, |
| ECKERT SEAMANS CHERIN & | : Jr.) |
| MELLOTT, LLC, | : |
| | : |
| Defendant. | : Electronically Filed Document |

**JOINT BRIEF OF NON-PARTIES IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUR REPLY MEMORANDUM**

Pursuant to Local Rule 7.6, non-party subpoena recipients Hawke McKeon &

Sniscak LLP ("HMS") and Greenwood Gaming & Entertainment, d/b/a Parx Casino

("Parx") (together, "Non-party Appellants") jointly submit the following brief in

opposition to plaintiff Pace-O-Matic, Inc.'s ("POM") Motion for Leave to File Brief

Sur Reply Memorandum in Further Opposition to Appeals from Magistrate Judge

Decision (Doc. 198). For the reasons set forth below, POM's motion should be

denied, and its proposed sur reply quashed.

**I.    ARGUMENT**

POM's request for leave to file a sur reply is untimely. Briefing has been

closed in the instant appeals for over a month. Moreover, in seeking leave to file a

1

proposed sur reply, POM failed to comply with the Local Rules regarding concurrence.

POM has failed to establish good cause to permit its deviation from the Local Rules, which do not provide for the filing of a sur reply memorandum. This is particularly egregious as this matter consists of the appeals filed by Defendant Eckert and the Non-party Appellants who thus bear the burden of proof. Moreover, these appeals present a pure issue of law regarding the applicability of judicial estoppel. Through its proposed sur reply, POM improperly seeks to add e-mails and other documents recently produced in discovery by Eckert that were not before Judge Saporito and are not privileged, which are wholly irrelevant to the issues in these appeals.

Accordingly, Non-Party Appellants respectfully request that this Court deny POM's motion and quash the sur reply.

### A.    POM's Proposed Sur Reply is Untimely, and POM failed to Properly seek Concurrence as Required by the Local Rules

POM's proposed sur reply memorandum is untimely. Briefing in this matter concluded over a month ago, on January 27, 2022. It is prejudicial to the Non-Party Appellants and unfair to now insert e-mails and other documents that were not before Judge Saporito and are not privileged, and which are irrelevant to the question of law at issue in these appeals, long after the briefing has concluded and the record has closed, and where permitting POM's eleventh-hour submission would unduly delay

the disposition of this action. Therefore, the Court should deny POM's motion as untimely.

Moreover, POM's counsel sent an e-mail to counsel for Eckert and the Non-Party Appellants seeking concurrence with POM's motion at 4:55 p.m. on Thursday, February 24, 2022. Rather than wait even 24 hours for a response, POM filed its motion at 8:40 p.m. on the same day. POM failed to comply in good faith with the Local Rules governing concurrence (see Local Rule 7.1) and, for that additional reason, the Court should deny POM's motion as improper.[1]

###     B.     There is no Good Cause to Grant POM's Sur Reply because the Issues Addressed are Irrelevant to these Appeals

The Local Rules do not permit the submission of sur reply briefs, see Local Rule 7.7, and POM has failed to show good cause that would merit leave to submit a sur reply at this late date.

POM's proposed sur reply is substantively unrelated to judicial estoppel and the application of the attorney-client privilege in these appeals. Rather, it advances unrelated issues and arguments that were not, and could not have been, considered by Judge Saporito. None of the e-mails or documents POM references as a basis for its sur reply could be relevant to the issues raised in these appeals because they were

---

[1] This is not the first instance of POM's sharp practices during this matter. For instance, Doc. 82 is POM's uninvited letter to Magistrate Judge Saporito, submitted post-argument without POM's having sought leave to do so, transmitting various extra record documents, including selected portions of HMS' filings in the Commonwealth Court.

3

recently produced, no privilege is being asserted, and they are irrelevant to the application of judicial estoppel. To permit POM to submit its proposed sur reply on unrelated issues, especially at this late stage of the proceedings, is unfair and prejudicial to Non-Party Appellants, who bear the burden of proof in these appeals. Therefore, the Court should deny POM's motion as lacking good cause.

## II.    CONCLUSION

For the foregoing reasons, HMS and Parx respectfully request that the Court enter an order denying POM's motion for leave to file a sur reply memorandum and quashing said memorandum.

Respectfully submitted,

*/s/ Dennis A. Whitaker*
Dennis A. Whitaker, I.D. #53975
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
(717) 236-4841
dawhitaker@hmslegal.com
*Counsel for Hawke, McKeon & Sniscak LLP*

**GA BIBIKOS LLC**

*/s/ George A. Bibikos*
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com
*Counsel for Parx*

Dated: February 28, 2022

4

## CERTIFICATE OF SERVICE

I hereby certify that, on February 28, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the Middle District of Pennsylvania by using the ECF system. Pursuant to LR 5.7, participants in the case who are registered ECF users will be served by the ECF system.

*/s/ Dennis A. Whitaker*