## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS CHERIN & | : | |
| MELLOTT, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

Before the court is a partial motion to dismiss the amended complaint filed by Defendants Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, and Mark S. Stewart (collectively, "Eckert").  (Doc. 153.)  For the reasons that follow, Defendants' motion will be granted in part and denied in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Pace-O-Matic, Inc. ("POM") initiated this action in February 2020 against Eckert, Seamans Cherin & Mellott, LLC for an alleged breach of fiduciary duties to POM.  (Doc. 145.)  POM alleges that this breach stems from Eckert's representation of both itself and a third-party competitor, Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx"), in matters in which POM and Parx had competing and adverse commercial interests in the Commonwealth Court of

Pennsylvania relating to POM's development, production, and licensure of electronic "skill games" sold in Pennsylvania. (*Id.* at 1–2, 5–7.)[1]

Eckert's representation of POM began in 2016 in Virginia and was limited to the state of Virginia despite POM's similar activity in Pennsylvania. (*Id.* at 5–6.) That was because Eckert represented Parx, a market competitor, in Pennsylvania. (*Id.*) In the summer of 2018, POM filed two lawsuits in the Commonwealth Court of Pennsylvania through other counsel relating to the seizure and removal of some of its skill games in Pennsylvania.[2] (Doc. 87, pp. 2–3.) During this litigation in the Commonwealth Court, Parx, purportedly through its counsel, Hawke McKeon & Sniscak ("HMS"), filed amicus briefs in opposition to POM's position, and motions to intervene. (*Id.* at 3–4.) In January 2020, POM learned that Eckert was allegedly involved with Parx's representation in the Commonwealth Court cases, assuming positions materially adverse to POM despite Eckert's ongoing representation of POM in Virginia. (*Id.* at 4.) After POM requested that Eckert withdraw from representing Parx in adverse litigation in Pennsylvania, Eckert withdrew from representing POM. (Doc. 145, p. 13.)

Thereafter, on the basis of these facts, POM initiated the present lawsuit in February 2020, alleging that Eckert attorneys had been working behind the scenes

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] These cases are located at docket numbers 418 MD 2018 and 503 MD 2018.

to aid litigation efforts for Parx in the Commonwealth Court cases despite this conflict of interest, and that these efforts breached Eckert's professional duties of loyalty and confidentiality to POM.  (Doc. 1.)  Shortly after POM filed its complaint, it also filed a motion for a preliminary injunction seeking to enjoin Eckert from representing Parx "in matters adverse to [POM]."  (Doc. 12.)  At the request of the parties during a March 31, 2020 telephonic status conference, the court allowed limited discovery to proceed in order to assist in resolving the motion.  (*See* Docs. 17, 24, 27.)

On February 26, 2021, Eckert filed a motion to dismiss the motion for preliminary injunction as moot with various declarations in support thereof.  (Doc. 91.)  The court denied this motion on April 26, 2021.  (Doc. 116.)  On July 1, 2021, POM filed a motion for leave to file an amended complaint, which the court granted on August 2, 2021.  (Docs. 140, 144.)  The amended complaint added two members of Eckert, Mark S. Stewart and Kevin M. Skjoldal, who were allegedly responsible for the conflict of interest between POM and Parx, as well as a claim for fraud against Eckert.  (Doc. 145.)  As a result of the amended complaint, POM filed an amended motion for a preliminary injunction.  (Doc. 157.)  The parties agreed to a stipulated order resolving the issues raised in the amended motion for preliminary injunction, which the court entered on January 27, 2022.  (Doc. 191.)

On August 27, 2021, Eckert filed the instant motion to dismiss portions of the amended complaint.  (Docs. 153.)  POM filed a brief in opposition on September 24, 2021.  (Doc. 159.)  Eckert timely filed a reply brief.  (Doc. 163.)  Thus, this motion is ripe for review.

### STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### DISCUSSION

Eckert moves to dismiss three portions of the amended complaint: count I (Declaratory Judgment); count III (Fraud); and all requests for punitive damages. (Doc. 156, p. 1.)  First, Eckert argues that POM's request for declaratory relief impermissibly seeks a declaration that Eckert's past conduct was unlawful.  (Doc. 156, p. 2.)  Second, Eckert posits that POM bases its fraud claim on statements made by Eckert in anticipation of litigation, which are protected by "absolute judicial privilege" and therefore cannot give rise to this claim.  (*Id.*)  To the extent not protected by privilege, Eckert asserts that POM's fraud claim fails on the merits.  (*Id.*)  Lastly, Eckert argues that the punitive damages claims are legally insufficient.  (*Id.*)

POM rejoins that it seeks declaratory relief to remedy continued violations of Eckert's ethical duty to POM on a prospective basis, rather than a declaration that Eckert's past conduct was unlawful.  (Doc. 159, pp. 6–9.)  With respect to POM's fraud claim, POM argues that judicial privilege does not apply to shield Eckert's statements that it was not representing any party adverse to POM because these statements were made before the commencement of the instant judicial proceeding and without an intent on Eckert's part that a judicial proceeding would follow.  (*Id.* at 10–14.)  Moreover, POM asserts that it justifiably relied on Eckert's statements, thus raising factual issues more appropriate for resolution by a jury

than at the motion to dismiss stage which should allow its fraud claim to proceed. (*Id.* at 14–16.)  Lastly, POM contends that Eckert's conduct in advocating for Parx behind the scenes through another law firm while still maintaining a client relationship with POM constitutes sufficiently outrageous conduct that would warrant an award of punitive damages.  (*Id.* at 16–20.)

The court addresses these arguments below.

### A. Eckert's Motion to Dismiss POM's Claim for Declaratory Judgment (Count I) Will be Granted in Part and Denied in Part.

For cases brought under the Declaratory Judgment Act, the Supreme Court has held that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  In addition, the Third Circuit has held that, as a jurisdictional prerequisite, "a party seeking a declaratory judgment 'must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" *Blakeney v. Marsico*, 340 F. App'x 778, 780 (3d Cir. 2009) (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)).  Thus, "[d]eclaratory judgment is an inappropriate remedy if it is used solely to adjudicate past conduct." *Ridge v. Campbell*, 984 F. Supp. 2d 364, 373 (M.D. Pa. 2013) (citing *Corliss v. O'Brien*,

200 F. App'x 80, 84 (3d Cir. 2006)); *see also Wenzig v. SEIU Local 668*, 426 F. Supp. 3d 88, 100 (M.D. Pa. 2019) ("Declaratory judgment is not meant to adjudicate alleged past unlawful activity.").  Moreover, declaratory judgment is not intended to "simply proclaim that one party is liable to another."  *Corliss*, 200 F. App'x at 84.

In this case, POM's amended complaint largely requests declaratory and injunctive relief on a prospective basis.  (*See, e.g.*, Doc. 145, p. 20 (POM seeks "[a] judicial declaration that Eckert and its lawyers are enjoined from representing, advising[,] or otherwise supporting, directly or indirectly, any client adverse to POM in any matter substantially related to its representation of POM.").)  However, POM does seek "a judicial declaration under 28 U.S.C. § 2201 that Eckert, Mr. Stewart[,] and Mr. Skjoldal breached fiduciary duties owed to POM as detailed herein[,]" *id.* ¶ 61, and "[a] judicial declaration that Eckert, Mr. Stewart[,] and Mr. Skjoldal breached fiduciary duties owed to POM and violated ethical obligations imposed by Rules 1.7, 1.9[,] and 8.4 of the Pennsylvania Rules of Professional Conduct[.]"  (*Id.* at 20.)  These requests for declaratory relief, as phrased, seek a declaration that Eckert's past conduct breached fiduciary duties and violated ethical rules.  Such requests cannot be granted as a declaratory judgment since the court would be asked to "adjudicate alleged past unlawful activity."  *Wenzig*, 426 F. Supp. 3d at 100.

Thus, to the extent that POM seeks a declaration that Eckert's past conduct was unlawful, such claims will be dismissed.  However, POM is not foreclosed from pursuing its claim for declaratory relief with respect to Eckert's future conduct.  The motion to dismiss will therefore be granted in part and denied in part with respect to this claim.

### B. Eckert's Motion to Dismiss POM's Claim for Fraud Will be Granted Without Prejudice.

"[T]o establish common law fraud, a plaintiff must prove: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 225 n.13 (3d Cir. 2008) (quoting *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa. Super. Ct. 2006)).  "Fraud consists of anything calculated to deceive," and "may induce a person to assent to something which he would not otherwise have done."  *Delahanty v. First Pennsylvania Bank*, 464 A.2d 1243, 1251–52 (1983).

POM alleges that the "false statement that forms the basis for the fraud claim in Count III is Eckert's denial of involvement in litigation adverse to POM."  (Doc. 159, p. 14.)  Specifically, POM cites to Eckert's statements in a January 17, 2020 letter sent by Mr. Coon and Eckert's statements in the Joint Case Management Plan filed in the case.  (*Id.* ¶¶ 72–73.)  Eckert does not appear to contest that POM

has adequately plead all elements of this claim with the exception of justifiable reliance.  POM appears to argue that its reliance on Eckert's statements was justified and that a determination of whether reliance is justified is more appropriate for a jury than for resolution by a court at this preliminary procedural stage.  However, POM's arguments assume reliance, which is only pleaded in a conclusory fashion in the amended complaint.  (*See* Doc. 145, ¶ 74.)  Indeed, if POM did not rely on Eckert's statements, a jury would not concern itself with whether there was justification for reliance that did not exist.

The court finds the allegation of reliance lacking in this case.  There is no averment that POM altered its intended course of action because of Eckert's representations, and POM does not explain how it relied on these representations. Indeed, if POM had relied on Eckert's assertion that Eckert was not involved in any litigation adverse to POM, POM may not have filed the instant lawsuit or may have withdrawn it after Eckert's representation in the Joint Case Management Plan regarding its involvement with the Commonwealth Court litigation.  Instead, POM has maintained its disbelief of Eckert's assertions, and there is no allegation that POM has been harmed in any new or different way as a result of Eckert's alleged misrepresentations cited in the amended complaint.[3]  The court will therefore grant

---

[3] Because the court has concluded that POM did not adequately allege that it relied on Eckert's alleged misrepresentations, the court does not consider whether judicial privilege would also bar POM's claim for fraud.

the motion to dismiss POM's claim for fraud without prejudice to POM filing an

amended complaint.

### C. Eckert's Motion to Dismiss POM's Claims for Punitive Damages Will be Denied.

The law regarding punitive damages is well settled:

> "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984) (quoting Restatement (Second) of Torts § 908(2) (1979)); *see also Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wonton or reckless conduct. *See SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991); *Feld*, 485 A.2d at 747–48; *Chambers*, 192 A.2d at 358; *see also* Restatement (Second) of Torts § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 803 (Pa. 1989); Restatement (Second) of Torts § 908(1) ("Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *See Feld*, 485 A.2d at 748; *see also Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097 n.12 (Pa. 1985) (plurality opinion).

*Gfroehrer v. Calice*, No. 3:09-cv-2111, 2011 U.S. Dist. LEXIS 126342, at *5–6

(M.D. Pa. Nov. 1, 2011). Since punitive damages claims hinge on the defendant's

state of mind, these claims are rarely resolved at the motion to dismiss or summary

judgment stage and are more appropriately a question for resolution by a jury. *See*

*Alexander v. Western Express*, No. 1:19-cv-1456, 2019 U.S. Dist. LEXIS 181822, at *22 (M.D. Pa. Oct. 18, 2019) ("[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone, but must await the development of a full factual record at trial."), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 204890 (M.D. Pa. Nov. 26, 2019).

POM's amended complaint indicates that Eckert and its attorneys "breached the fiduciary duty owed to POM by actively collaborating with POM's adversary in the Commonwealth Court litigation, by surreptitiously directing the representation of Parx Casino through the Hawke McKeon firm[,] and by advocating for criminal prosecution of POM and seizure of POM's machines." (Doc. 145, ¶ 67.)  In addition, POM alleges that "Eckert and Stewart further breached the fiduciary duty owed to POM by undertaking to represent POM knowing that Eckert would take action adverse to POM on behalf of its other client, Parx Casino."  (*Id.* ¶ 68.)  Thus, POM asserts that Eckert undertook representation of POM, while at the same time representing Parx, an opponent with conflicting legal interests, without disclosing this conflict to POM.  (*Id.* ¶ 19.)

A jury could find, based on the allegations in the complaint, that punitive damages are warranted in this case.  At a minimum, a jury could find that Eckert was recklessly indifferent to POM's interests and that punitive damages would be

appropriate to deter similar future conduct.  Therefore, the court will deny the motion to dismiss POM's punitive damages claims.

### CONCLUSION

For the foregoing reasons, the partial motion to dismiss the amended complaint is **GRANTED** in part and **DENIED** in part.  (Doc. 153.)  POM may file an amended complaint with respect to its claim for fraud within 21 days, on or before **April 22, 2022**.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 31, 2022