IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                             :
                                                :
                        Plaintiff,              :
                                                :
        v.                                      :        Docket No. 1:20-cv-00292
                                                :
ECKERT SEAMANS CHERIN & MELLOTT,                :        (Judge Jennifer P. Wilson)
LLC, MARK S. STEWART, KEVIN M.                  :
SKJOLDAL,                                       :
                                                :
                        Defendants.             :
                                                :

ANSWER OF DEFENDANTS,
ECKERT SEAMANS CHERIN & MELLOTT, LLC,
MARK S. STEWART AND KEVIN M. SKJOLDAL, TO
PLAINTIFF'S AMENDED COMPLAINT WITH DEFENSES

Defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M.

Skjoldal (collectively, "Eckert"), by and through their counsel, Fox Rothschild LLP, hereby

answer the Amended Complaint of plaintiff, Pace-O-Matic, Inc. ("POM"), with Defenses

pursuant to Federal Rule of Civil Procedure 12, as follows:

ANSWER

Nature of the Action

Eckert disagrees with and denies in its entirety POM's self-serving and misleading

characterization of the nature of this action.  POM mischaracterizes the nature of Eckert's

representation of POM which was limited to Virginia.  POM ignores the fact that Eckert obtained

a written, advance conflict waiver when it was engaged by POM in December 2016 and also

ignores the evidence showing that Eckert would not have taken on the POM engagement in

Virginia unless POM agreed that Eckert could represent other clients adverse to POM in

1

Pennsylvania. POM also attempts to misconstrue a positional conflict with a conflict of interest as contemplated under the Rules of Professional Conduct.

POM knew that Eckert had preexisting representations of casinos and gaming clients in Pennsylvania. POM knew that Eckert would not represent POM in any matter in Pennsylvania. Upon information and belief, POM knew that Eckert attorneys in Pennsylvania were advocating legislative and legal positions for Eckert's casino clients, which POM now claims were adverse to its interests.

Eckert did not "drop" POM as a client "like a hot potato." After POM raised questions about Eckert's work for Pennsylvania casino clients in the fall of 2019, Eckert asked POM multiple times to reaffirm its conflict waiver in the 2016 Engagement Letter that it had agreed to and executed. POM ignored those requests. As such, in January 2020, Eckert advised POM that it felt it was best to terminate the relationship. POM did not disagree and directed Eckert to transfer its matters to other counsel, which Eckert did promptly and professionally.

**Parties**

1.      Admitted in part. Denied in part. It is admitted only that POM is organized and existing under the laws of the State of Wyoming and that it has a principal place of business in Georgia. It is denied that POM retained Eckert to provide legal services in jurisdictions other than the Commonwealth of Virginia. The remaining allegations in paragraph 1 are denied on the grounds that Eckert is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

**Jurisdiction and Venue**

5.    Denied.  The allegations contained in paragraph 5 of POM's Amended Complaint are denied as conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that such allegations are factual, they are denied.

6.    Denied.  The allegations contained in paragraph 6 of POM's Amended Complaint are denied as conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

**Background**

7.    Denied.  The allegations contained in paragraph 7 of POM's Amended Complaint are denied on the grounds that they purport to characterize the September 30, 2011 written engagement letter which, as a written document, speaks for itself.  By way of further response, Eckert's representation of POM in Pennsylvania in 2011 never went forward.  After examining the nature of the legal representation by POM, Eckert advised POM that it could not assist POM in Pennsylvania and no legal services were provided.

8.    Denied.

9.    Denied.  The allegations contained in paragraph 9 of POM's Amended Complaint are denied on the grounds that they purport to characterize the December 20, 2016 written engagement letter which, as a written document, speaks for itself.  By way of further response, Eckert's representation of POM was limited to Virginia and subject to an advance conflict waiver.  Further, when the potential engagement arose, attorney Thomas Lisk ("Lisk"), formerly of Eckert, was specifically told to advise POM and confirm that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; (4) Eckert could be adverse to POM in

Pennsylvania; and (5) there was a potential positional conflict with respect to Eckert's

representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia

that required a possible waiver.

10.     Denied.  The allegations contained in paragraph 10 of POM's Amended

Complaint are denied as legal conclusions to which no response is required under the Federal

Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the

grounds that they purport to characterize the written engagement letters which, as written

documents, speak for themselves.  By way of further response, Eckert's representation of POM

beginning in December 2016 was limited solely to matters involving the sales or use of POM's

products in Virginia.

11.     Denied as stated.  The allegations contained in paragraph 11 of POM's Amended

Complaint are denied as legal conclusions to which no response is required under the Federal

Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the

grounds that they purport to characterize Mr. Stewart's February 6, 2017 e-mail, which as a

written document, speaks for itself.  By way of further response, Eckert believed that it had only

undertaken the representation of POM in Virginia subject to an advance conflict waiver, and this

e-mail was consistent with the representational limitations that it advised Lisk to confirm with

POM.

12.     Denied.

13.     Denied.  At the time that Eckert undertook the representation of POM in Virginia,

there was no adverse legislative action or potential litigation against POM on behalf of Parx

Casino or any other casino.  Moreover, if POM was not so advised, as it claims here, it is

because Lisk did not do what he was told to do and what he represented that he would do.  In

further response, during the course of the representation, upon information and belief, POM became aware that Eckert attorneys in Pennsylvania were advocating legislative and legal positions for Eckert's casino clients which POM now claims were adverse to its interests.

14.      Denied as stated.  It is admitted only that Eckert billed POM from 2017 to January 2020 relating to legal services performed by Eckert on POM's behalf in Virginia.

15.      Denied.  The allegations contained in paragraph 15 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent that such allegations are factual, it is admitted only that, during the course of the representation, POM provided information to Eckert some of which POM may have considered proprietary and confidential, and that there were confidential and privileged communications between POM and the Eckert attorneys representing POM concerning legal strategies for the representational work in Virginia.

16.      Denied as stated.  The allegations contained in paragraph 16 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent that such allegations are factual, Eckert admits that the attorneys who were representing POM participated in conferences with POM representatives concerning matters relating to POM's games in Virginia.  Eckert denies that it was involved in activities relating to POM's business in Pennsylvania and denies that it was "intimately involved in POM's affairs" except with respect to Virginia matters that POM asked Eckert to undertake.

17.      Denied as stated.  It is admitted only that Eckert's former representation of POM included some of the activities described in paragraph 17, which were limited to matters concerning POM's business activities in Virginia.

18.     Denied as stated.  The allegations contained in paragraph 18 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated.  Such allegations are further denied on the grounds that they purport to characterize arguments and submissions to the court which, as written documents, speak for themselves. By way of further response, during the period of Eckert's representation of POM in Virginia, there were significant differences in the laws and regulations on gambling and gaming in Virginia as compared to Pennsylvania.

19.     Denied.  The allegations contained in paragraph 19 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  By way of further response, Eckert's work for Parx Casino or other gaming clients in Pennsylvania proceeded under the written advance conflict waiver from POM and with the belief that List had confirmed that POM agreed to the representational limitations summarized in the response to paragraph 9 above and other responses herein.  Nor was Eckert's advocacy for its Pennsylvania casino clients "secret."  For example, Eckert attorneys participated in Pennsylvania legislative hearings on behalf of such clients to oppose gaming expansion (including "skill games"), at which senior POM representatives also attended to present POM's arguments.

20.     Denied.  The allegations contained in paragraph 20 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated.  Such allegations are further denied on the grounds that they purport to characterize arguments and submissions to the court which, as written documents, speak for themselves.  By

way of further response, POM is not a party to the Bucks County action, and Eckert is no longer counsel in that action.  In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

21.    Denied.  Eckert did not seek a declaratory judgment that POM's machines were a nuisance.  The litigation referenced in paragraph 21 alleged that the defendants (which did not include POM) were operating unlicensed and unregulated gaming facilities, and that such unlicensed facilities were engaged in gaming that constituted a nuisance.

22.    Denied.  POM has not provided any information to identify the date, participants or topics of any such alleged conference calls concerning Pennsylvania matters and, accordingly, Eckert lacks sufficient knowledge or information to respond.

23.    Denied as stated.  The allegations contained in paragraph 23 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated.  Eckert admits that Mr. Stewart authored letters to Pennsylvania municipalities.  The remaining allegations are denied on the grounds that they purport to characterize the letters, which, as written documents, speak for themselves.  By way of further response, Eckert's work for Parx Casino or other gaming clients in Pennsylvania proceeded under the written advance conflict waiver from POM and with the belief that Lisk had confirmed that POM agreed to the representational limitations summarized in response to paragraph 9 above and other responses herein.

24.    Admitted in part.  Denied in part.  It is admitted only that Mr. Stewart attended the referenced January 15, 2020 hearing.  The remaining allegations contained in paragraph 24 of POM's Amended Complaint are denied as legal conclusions to which no response is required

under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

25.    Admitted in part. Denied in part. It is admitted only that Eckert hosted a gaming industry meeting and legislative reception in Harrisburg on February 4, 2020 in which potential legislation to oppose gaming expansion was discussed. The remaining allegations contained in paragraph 25 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

26.    Denied. The allegations contained in paragraph 26 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated. Such allegations are further denied on the grounds that they purport to characterize letters, arguments and submissions to the court which, as written documents, speak for themselves. By way of further response, Eckert's work for Parx Casino or other gaming clients in Pennsylvania proceeded under the written advance conflict waiver from POM and with the belief that Lisk had confirmed that POM agreed to the representational limitations summarized in response to paragraph 9 above and other responses herein.

27.    Denied. The allegations contained in paragraph 27 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

28.    Denied. The allegations contained in paragraph 28 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

8

29.     Denied.  The allegations contained in paragraph 29 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

30.     Denied.  The allegations contained in paragraph 30 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

31.     It is admitted only that paragraph 31 quotes a portion of Pennsylvania Rule of Professional Conduct 1.7.

32.     It is admitted only that paragraph 32 quotes a portion of Pennsylvania Rule of Professional Conduct 1.9.

33.     It is admitted only that paragraph 33 quotes a portion of Pennsylvania Rule of Professional Conduct 1.10.

34.     Denied.  The allegations contained in paragraph 34 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

35.     Denied.  The allegations contained in paragraph 35 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, and as POM is aware, Eckert appropriately screened the attorneys representing its gaming clients in Pennsylvania from the attorneys representing POM in Virginia.

36.     Admitted in part.  Denied in part.  It is admitted only that POM confronted Eckert about its representation of Parx Casino in Pennsylvania.  The remaining factual allegations contained in paragraph 36 of POM's Amended Complaint are denied.  By way of further

response, POM forced Eckert to terminate its representation of POM in Virginia because POM refused to acknowledge its prior waiver of any potential conflict and demanded that Eckert limit and/or withdraw from its attorney-client relationship with a prior existing client.

37.     Denied.  The allegations contained in paragraph 37 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  By way of further response, Eckert did not drop POM like a "hot potato"; instead, POM forced Eckert to terminate its representation of POM in Virginia because POM refused to acknowledge its prior waiver of any potential conflict and demanded that Eckert limit and/or withdraw from its attorney-client relationship with a prior existing client.

38.     Denied.  The allegations contained in paragraph 38 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent that such allegations are factual, they are denied.

39.     Denied.  The allegations contained in paragraph 39 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that they purport to characterize Mr. Coon's January 17, 2020 letter, which, as a written document, speaks for itself.

40.     Denied.  The allegations contained in paragraph 40 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that they purport to characterize Eckert's Answer with Affirmative Defenses to POM's

10

Complaint and the Joint Case Management Plan, which, as written documents, speak for themselves. By way of further response, this issue is now moot.

41.    Denied. The allegations contained in paragraph 41 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, the Court dismissed POM's fraud claim.

42.    Denied. The allegations contained in paragraph 42 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

43.    Denied. The allegations contained in paragraph 43 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

44.    Denied. The allegations contained in paragraph 44 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that they purport to characterize Mr. Skjoldal's e-mail, which, as a written document, speaks for itself.

45.    Denied. The allegations contained in paragraph 45 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that they purport to characterize Mr. Stewart's e-mail, which, as a written document, speaks for itself.

46.    Denied.  The allegations contained in paragraph 46 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

47.    Denied.  The allegations contained in paragraph 47 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

48.    Denied.  The allegations contained in paragraph 48 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

49.    Denied.  The allegations contained in paragraph 49 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

50.    Denied.  The allegations contained in paragraph 50 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

51.    Denied.  The allegations contained in paragraph 51 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

52.    Denied.  The allegations contained in paragraph 52 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

53.    Denied.  The allegations contained in paragraph 53 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

54.    Denied.  The allegations contained in paragraph 54 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

## COUNT I
## CLAIM FOR DECLARATORY JUDGMENT

55.    Eckert incorporates by reference its responses to paragraphs 1-54 of POM's Amended Complaint as if the same were set forth in full herein.

56.-62.        Denied.  The allegations contained in paragraphs 56-62 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent that these paragraphs contain factual allegations, they are denied.  By way of further response, the Court dismissed the majority of the declaratory relief claim contained in Count I of POM's Amended Complaint by Order and Memorandum dated March 31, 2022.  To the extent that any actual allegations or claimed relief in Count I remains consistent with the Court's March 31, 2022 Order and Memorandum, such claims and relief have been mooted entirely by the Stipulated Order dated January 27, 2022.

## COUNT II
## CLAIM FOR BREACH OF FIDUCIARY DUTY

63.    Eckert incorporates by reference its responses to paragraphs 1-62 of POM's Amended Complaint as if the same were set forth in full herein.

64.     Denied.  The allegations contained in paragraph 64 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

65.     Denied.  The allegations contained in paragraph 65 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

66.     Denied.  The allegations contained in paragraph 66 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

67.     Denied.  The allegations contained in paragraph 67 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

68.     Denied.  The allegations contained in paragraph 68 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

69.     Denied.  The allegations contained in paragraph 69 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

70.     Denied.  The allegations contained in paragraph 70 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

WHEREFORE, defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal, respectfully request that this Court enter judgment in their favor and against plaintiff, Pace-O-Matic, Inc., on Count II of its Amended Complaint and award defendants their reasonable costs and attorneys' fees.

**COUNT III**
**CLAIM FOR FRAUD**

71.    Eckert incorporates by reference its responses to paragraphs 1-70 of POM's Amended Complaint as if the same were set forth in full herein.

72.-76.  The Court dismissed the entirety of the fraud claim contained in Count III of POM's Amended Complaint by Order and Memorandum dated March 31, 2022.

**DEFENSES**

By way of further response to the allegations asserted, Eckert hereby asserts the following defenses to the claims asserted in the Amended Complaint:

**First Defense**

POM's Amended Complaint fails to state a claim against Eckert upon which relief may be granted.

**Second Defense**

POM's Amended Complaint fails to state a claim for breach of fiduciary duty.

**Third Defense**

POM's Amended Complaint fails to state a claim for declaratory relief as such a request for relief has been dismissed by the Court or is now moot.

## Fourth Defense

POM's claims are barred, in whole or in part, by the doctrine of laches.

## Fifth Defense

POM's claims are barred by the doctrines of waiver and/or estoppel.

## Sixth Defense

POM's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Seventh Defense

POM has suffered no damages.

## Eighth Defense

Eckert did not cause any damages that POM allegedly sustained.

## Ninth Defense

POM's damages, in whole or in part, were caused by its own actions or inactions.

## Tenth Defense

POM is not entitled to any disgorgement of legal fees for work performed by Eckert.

## Eleventh Defense

POM is not entitled to punitive damages.

## Twelfth Defense

Eckert took no actions intentionally or recklessly to harm POM.

**Thirteenth Defense**

When POM approached Eckert about representing POM in Virginia, Eckert advised POM of its representation of other gaming clients in Pennsylvania, and POM consented to Eckert's representation of POM in Virginia knowing that Eckert represented other gaming clients in Pennsylvania.

**Fourteenth Defense**

Eckert advised POM of Eckert's prior representation of other gaming clients in Pennsylvania, and Eckert undertook its representation of POM in Virginia subject to that disclosure and POM's written advance waiver of any potential conflict in that regard.

**Fifteenth Defense**

Thomas Lisk, formerly of Eckert, was told to advise POM and confirm that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; (4) Eckert could be adverse to POM in Pennsylvania; and (5) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia that required a possible waiver. Lisk was advised and understood that this was a precondition to Eckert undertaking the representation of POM.

**Sixteenth Defense**

Eckert appropriately limited the scope of its representation of POM to legal issues concerning the sale of its products in Virginia.

17

**Seventeenth Defense**

Eckert believed that it had an appropriate advance conflict waiver and a fully informed limitation on its representation of POM.

**Eighteenth Defense**

Eckert voluntarily undertook actions to remedy the failure of one of its attorneys to obtain a fully informed potential conflict waiver.

**Nineteenth Defense**

Eckert screened the attorneys representing POM in Virginia from the attorneys representing its gaming clients in Pennsylvania.

**Twentieth Defense**

Eckert has withdrawn as counsel in any matter related to POM and has agreed not to be involved any further in matters where POM's interests are adverse.

**Twenty-First Defense**

Eckert did not breach its duty of confidentiality to POM.  Indeed, after more than two years of litigation, there is not a scintilla of evidence that any confidential information of POM's was shared with Eckert attorneys representing the Pennsylvania gaming clients, or with the gaming clients themselves, or anyone else.

**Twenty-Second Defense**

Eckert did not breach its duty of loyalty to POM.

**Twenty-Third Defense**

The Rules of Professional Conduct do not provide a basis for a civil action.

**Twenty-Fourth Defense**

A purported violation of a Rule of Professional Conduct does not create a cause of action against an attorney.

**Twenty-Fifth Defense**

A purported violation of a Rule of Professional Conduct does not create a presumption that an attorney has breached his/her legal duty.

**Twenty-Sixth Defense**

Positional conflicts do not create conflicts of interest as contemplated by the Rules of Professional Conduct.

**Twenty-Seventh Defense**

POM left Eckert with no alternative but to terminate its representation of POM in Virginia because POM refused to acknowledge its prior written waiver of any potential conflict and demanded that Eckert limit and/or withdraw from its attorney-client relationship with a prior existing client.

**Twenty-Eighth Defense**

The "hot potato" rule is inapplicable here.

**Twenty-Ninth Defense**

POM upon information and belief was aware of Eckert's representation of Parx Casino in Pennsylvania and its involvement in legislative and other related matters on Parx Casino's behalf at the time that it sought representation from Eckert.

**Thirtieth Defense**

POM has not acted in good faith in prosecuting its claims against Eckert and/or in seeking discovery and information for use in other pending actions in different courts.

WHEREFORE, defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal, respectfully request that this Court enter judgment in their favor and against plaintiff, Pace-O-Matic, Inc., on all claims contained in its Amended Complaint and award defendants their reasonable costs and attorneys' fees.

_____
ABRAHAM C. REICH, ESQUIRE (No. 20060)
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
areich@foxrothschild.com
rtintner@foxrothschild.com

**Counsel for Defendants,**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC,**
**MARK S. STEWART and KEVIN M. SKJOLDAL**

Date:   June 13, 2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & MELLOTT, | : | (Judge Jennifer P. Wilson) |
| LLC, MARK S. STEWART, KEVIN M. | : | |
| SKJOLDAL, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I, Robert S. Tintner, Esquire, hereby certify that, on this 13th day of June, 2022, I served a true and correct copy of the foregoing Answer with Defenses to the Amended Complaint, via ECF, upon the following:

Daniel T. Brier, Esquire
Donna A. Walsh, Esquire
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503


George W. Westervelt, Jr., Esquire
706 Monroe Street, P.O. Box 549
Stroudsburg, PA 18360-0549

**Counsel for Plaintiff
PACE-O-MATIC, INC.**

_____
ROBERT S. TINTNER, ESQUIRE

21