IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., | : |
| Plaintiff, | : |
| v. | : Docket No. 1:20-cv-00292 |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, MARK S. STEWART, and KEVIN M. SKJOLDAL, | : (Judge Jennifer P. Wilson) |
| Defendants. | : |

**MOTION OF DEFENDANTS,
ECKERT SEAMANS CHERIN & MELLOTT, LLC,
MARK S. STEWART AND KEVIN M. SKJOLDAL, FOR
RECONSIDERATION OF THE COURT'S JULY 5, 2022 ORDER,
OR ALTERNATIVELY, TO CERTIFY THE ORDER FOR
<u>INTERLOCUTORY APPEAL TO THE THIRD CIRCUIT</u>**

Defendants, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), Mark S. Stewart and Kevin M. Skjoldal (collectively, "defendants"), by and through their counsel, Fox Rothschild LLP, hereby move the Court to reconsider its July 5, 2022 Order requiring defendants to produce documents and to disclose attorney-client privileged communications of a third-party, as well as defendants' work product, pursuant to Local Rule 7.10.  Alternatively, if the Court does not reconsider the remedy in its July 5, 2022 Order, defendants respectfully request that the Court certify its July 5, 2022 Order as immediately appealable to the United States Court

of Appeals for the Third Circuit as an interlocutory appeal, pursuant to 28 U.S.C. §1292(b). In support of their motion, defendants allege as follows:

1. This case involves allegations of a breach of fiduciary duty, fraud and abuse of process by POM against defendants arising from legal positions asserted by defendants on behalf of another Eckert client.

2. POM commenced this action by the filing of a Complaint on February 18, 2020 against Eckert only.

3. On July 14, 2022, the Court gave POM leave to file a Second Amended Complaint, including new claims for fraud and abuse of process, against defendants.

4. On November 16, 2021, after remand on the issue of judicial estoppel as it allegedly related to documents withheld on the basis of the attorney-client privilege and the work product doctrine, Judge Saporito entered an Order and Memorandum concerning various motions filed by the parties, including Eckert's motion for protective order.

5. The November 16, 2021 Order related to certain discovery requests for privileged communications between defendants and another Eckert client, Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino").

6. Eckert timely appealed Judge Saporito's November 16, 2021 Order on the basis that Eckert disagreed with any finding that judicial estoppel applied as a

basis to override the attorney-client privilege of Parx Casino, a non-party to this action, or to compel production of Eckert's work product.

7. On July 5, 2022, the Court entered an Order and Memorandum denying Eckert's appeal, affirming Judge Saporito's November 16, 2021 Order and Memorandum, and requiring defendants to turn over Parx Casino's privileged documents and communications. *See* July 5, 2022 Order and Memorandum attached hereto as Exhibit "A".

8. Defendants seek reconsideration of the Court's July 5, 2022 Order and Memorandum only as it relates to the proposed remedy, *i.e.*, compelling the production of Parx Casino's attorney-client privileged documents and communications, as well as defendants' work product.

9. Instead, defendants ask the Court to reconsider and apply what the Court considers to be a harsher remedy – but what defendants consider to be the more appropriate and tailored remedy for the allegedly inconsistent positions[1]: "to judicially estop Eckert from denying POM's allegation that it has represented a party adverse to POM in litigation." *Id.* at 14.

---

[1] While defendants do not agree with the Court's conclusion – and have no intention of waiving their right to appeal the finding made by Judge Saporito and adopted by the Court – defendants in seeking reconsideration will accept the potential alternative remedy as addressed by the Court in its July 5, 2022 Memorandum to resolve the judicial estoppel issue.

10. Alternatively, if the Court is not inclined to reconsider the proposed remedy, defendants respectfully request that the Court certify its Order to permit an interlocutory appeal to the Third Circuit pursuant to 28 U.S.C. §1292(b).[2]

WHEREFORE, defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal, respectfully request that this Court reconsider its July 5, 2022 Order and Memorandum to provide an alternative remedy or, alternatively, to certify its July 5, 2022 Order and Memorandum for immediate appeal to the United States Court of Appeals for the Third Circuit.

_____
ROBERT S. TINTNER, ESQUIRE (No. 73865)
PETER C. BUCKLEY, ESQUIRE (No. 93123)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com

**Counsel for Defendants,
ECKERT SEAMANS CHERIN & MELLOTT, LLC, MARK S. STEWART, and KEVIN M. SKJOLDAL**

Date:  July 19, 2022

---

[2] Given that defendants are in the untenable position of potentially having to produce attorney-client privileged documents and communications of another client, Parx Casino, defendants have no alternative but to appeal the Court's July 5, 2022 Order and Memorandum as an interlocutory order before it becomes moot.  Once such documents are produced, and the attorney-client privilege is waived, there is no way to unwind the clock or to seek any type of appellate review.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
PACE-O-MATIC, INC.,                           :
                                              :
            Plaintiff,                        :
      v.                                      :    Docket No. 1:20-cv-00292
                                              :
ECKERT SEAMANS CHERIN &                       :
MELLOTT, LLC, MARK S. STEWART,                :    (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                        :
                                              :
            Defendants.                       :
_____:

## CERTIFICATE OF NON-CONCURRENCE

I, Robert S. Tintner, Esquire, hereby certify that counsel for plaintiff does not concur with the relief sought in this motion.

_____
ROBERT S. TINTNER, ESQUIRE

Dated: July 19, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., : | |
| : | |
| Plaintiff, : | |
| v. : | Docket No. 1:20-cv-00292 |
| : | |
| ECKERT SEAMANS CHERIN & : | |
| MELLOTT, LLC, MARK S. STEWART, : | (Judge Jennifer P. Wilson) |
| and KEVIN M. SKJOLDAL, : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 19th day of July, 2022, I served a true and correct copy of the foregoing Motion for Reconsideration, via ECF, upon all counsel of record in the case.

_____
ROBERT S. TINTNER, ESQUIRE