IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ECKERT SEAMANS CHERIN & : <br> MELLOTT, LLC, MARK S. STEWART, : <br> and KEVIN M. SKJOLDAL, : <br> : <br> Defendants. : | Docket No. 1:20-cv-00292 <br><br> (Judge Jennifer P. Wilson) |

**BRIEF OF DEFENDANTS,
ECKERT SEAMANS CHERIN & MELLOTT, LLC,
MARK S. STEWART AND KEVIN M. SKJOLDAL, IN
<u>SUPPORT OF THEIR MOTION FOR RECONSIDERATION</u>**

Defendants, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), Mark S. Stewart and Kevin M. Skjoldal (collectively, "defendants"), by and through their counsel, Fox Rothschild LLP, hereby file this Brief in support of their motion for reconsideration of the Court's July 5, 2022 Order requiring defendants to produce documents and to disclose attorney-client privileged communications of a third-party, as well as Eckert's own work product. Alternatively, if the Court does not reconsider the remedy in its July 5, 2022 Order, defendants respectfully request that the Court certify its July 5, 2022 Order as appealable to the United States Court of Appeals for the Third Circuit as an interlocutory order, pursuant to 28 U.S.C. §1292(b).

1

## **INTRODUCTION**

On November 16, 2021, after remand on the issue of judicial estoppel, Judge Saporito entered his Order and Memorandum concerning various motions filed by the parties, including Eckert's motion for protective order. The Order related exclusively to certain discovery requests for privileged communications between Eckert and another client, Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx Casino"). Eckert timely appealed Judge Saporito's Order and Memorandum to this Court on the basis that there should have been no finding of judicial estoppel and that, even if judicial estoppel applied, the remedy of overriding the attorney-client privilege of Parx Casino, a non-party to this action, was inappropriate. While, respectfully, Eckert still maintains that judicial estoppel is inapplicable, Eckert only seeks reconsideration for the Court to consider another alternative remedy proposed by both Judge Saporito and this Court in its July 5, 2022 Memorandum, *i.e.*, "to judicially estop Eckert from denying POM's allegation that it has represented a party adverse to POM in litigation." *See* Court's July 5, 2022 Memorandum at 14. For that reason, defendants seek reconsideration to permit the Court to apply a different, but harsher, remedy as to defendants alone. Alternatively, if the Court is not inclined to reconsider its remedy, then defendants ask the Court respectfully to certify the issue for immediate, interlocutory appeal to the Third Circuit.

## FACTUAL AND PROCEDURAL BACKGROUND

POM brought this breach of fiduciary duty action against Eckert, who had previously represented POM in Virginia, subject to an advance conflict waiver and other representational limitations, including the inability to represent POM in Pennsylvania.  Notwithstanding the fact that Eckert properly disclosed its prior existing representation to POM and that Eckert could not represent POM in Pennsylvania, POM began to raise concerns about Eckert's representation of its gaming clients in Pennsylvania in October 2019.  Eckert discussed the concerns and sought confirmation of its prior advance conflict waiver in order to continue to represent POM in Virginia.  Not only did POM refuse to acknowledge its prior waiver, POM then took the position that Eckert had to limit its representation of other pre-existing clients in order to satisfy POM's concern.  Because of POM's insistence that Eckert withdraw from its other representations in Pennsylvania and its refusal to acknowledge its prior waiver, Eckert was left with no alternative but to withdraw as POM's counsel in Virginia in early 2020.

POM commenced this action by the filing of a Complaint on February 18, 2020 against Eckert.  Following extensive discovery and the entry of a stipulated permanent injunction, POM filed an Amended Complaint against all defendants.

Following the resolution of a motion to dismiss, defendants answered the Amended Complaint.[1]

With respect to the discovery issue involved in the Court's July 5, 2022 Order, Judge Saporito resolved various motions filed by the parties, including Eckert's motion for protective order, after remand on the issue of judicial estoppel as it allegedly related to documents withheld on the basis of the attorney-client privilege and work product doctrine. On November 16, 2021, Judge Saporito issued his Order and Memorandum again finding that judicial estoppel applied, and that the parties engaged in bad faith even though there had been no hearing or requests for additional evidence by Judge Saporito.[2]

Eckert timely appealed Judge Saporito's November 16, 2021 Order to the Court on the basis that Eckert disagreed with the finding that judicial estoppel applied as a basis to override the attorney-client privilege of Parx Casino, a non-party to this action, or to compel production of Eckert's work product.

On July 5, 2022, the Court entered an Order and Memorandum denying Eckert's appeal, affirming Judge Saporito's November 16, 2021 Order and

---

[1] When defendants answered the Amended Complaint, they removed the affirmative defense that Judge Saporito and the Court found to be inconsistent.

[2] As Judge Saporito raised the issue *sua sponte*, and POM later sought the application of judicial estoppel as a basis to override the attorney-client privilege and work product doctrine against defendants and the third-parties, the burden of proof with respect to the application of judicial estoppel rests with POM and not defendants.

Memorandum, and requiring Eckert to turn over Parx Casino's privileged documents and communications.  *See* July 5, 2022 Order and Memorandum attached hereto as Exhibit "A".

On July 14, 2022, the Court gave POM leave to file a Second Amended Complaint, which included new claims for fraud and abuse of process.

## LEGAL ARGUMENT

### A. Eckert Seeks Reconsideration Only as to the Proposed Remedy.

Defendants seek reconsideration of the Court's July 5, 2022 Order and Memorandum only as it relates to the proposed remedy, *i.e.*, compelling the production of Parx Casino's attorney-client privileged documents and communications, as well as Eckert's work product, as the remedy for Eckert's allegedly inconsistent statements.  Candidly, the remedy neither fits the issue nor comports with the alleged conduct.  The privileged communications at issue are not Eckert's; they are Parx Casino's, and Parx Casino is not a party in this case.

Nowhere in Judge Saporito's Memorandum does he point to any evidence or statements that Parx Casino made *in this case or to this Court* that could satisfy any of the elements of judicial estoppel.  Parx Casino is not a party here; it was subpoenaed to produce documents only.  Moreover, Judge Saporito merely concludes, "Parx is likewise estopped from asserting attorney-client privilege with respect to these documents based on its papers filed in the Commonwealth Court

5

cases in which Parx and its counsel of record there (HMS) have expressly represented that 'Eckert is not counsel in this case' and implicitly represented that Eckert played no substantial role in Parx's activities in those cases."[3]  Again, Judge Saporito bases his conclusion on statements made by other counsel in another case, not by Parx Casino in this case.  Thus, the remedy proposed by Judge Saporito – and adopted by the Court – is inappropriate.

There is also no legal authority to support such a position that the remedy for allegedly inconsistent statements is to override the attorney-client privilege and work product doctrine.  The proper remedy would be to judicially estop the party, which in this circumstance would be Eckert, from denying POM's allegation that it has represented a party adverse to POM in litigation.  Defendants believe that, given the circumstances, it is appropriate to accept that remedy no matter the ultimate consequences.

Therefore, defendants ask the Court to reconsider and apply what the Court considers to be a harsher remedy – but what defendants consider to be the more appropriate and tailored remedy – for the allegedly inconsistent positions[4]: "to

---

[3] Judge Saporito also ignored a statement made by HMS in its Commonwealth Court filing in which it stated explicitly that "the various Casino Intervenors' litigation filings in this case were drafted by a group of lawyers from Hawke, McKeon, Ballard, and Eckert."

[4] While Eckert does not agree with the Court's conclusion – and has no intention of waiving its right to appeal the finding made by Judge Saporito and adopted by the Court – Eckert in seeking reconsideration will accept the potential remedy proposed by the Court to resolve the judicial estoppel issue.

judicially estop Eckert from denying POM's allegation that it has represented a party adverse to POM in litigation," which is consistent with what Judge Saporito states in his Memorandum and what the Court references in its July 5, 2022 Memorandum. *Id.* at 14. Thus, as Judge Saporito relies exclusively and only upon judicial estoppel as a basis to order the production of certain documents as a waiver of the attorney-client privilege, this Court should reconsider, reverse and vacate Judge Saporito's Order and Memorandum (1) in order to permit Eckert to assert properly the attorney-client privilege and work product doctrine so as to shield these limited documents from production but also, (2) judicially estop defendants from denying that they represented a party adverse to POM in litigation moving forward in this case.

### B. **Alternatively, Defendants Ask the Court to Certify the Issue for Appeal.**

Alternatively, if the Court is not so inclined to reconsider its remedy, defendants are left with no alternative but to seek an immediate appeal of the Court's July 5, 2022 Order and Memorandum as an interlocutory appeal pursuant to 28 U.S.C. §1292(b). Given that defendants are in the untenable position of potentially having to produce attorney-client privileged documents and communications of another client, Parx Casino, defendants must appeal the Court's July 5, 2022 Order and Memorandum before it becomes moot. Once such documents are produced, and the

attorney-client privilege is waived, there is no way to unwind the clock or to seek any type of appellate review at that point.

Indeed, while such an order is no longer considered a collateral order as explained in *Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-111, 130 S.Ct. 599, 607 (2009), the Supreme Court of the United States left open the door for litigants to seek interlocutory appellate review to address an order that requires them to disclose attorney-client privileged communications or attorney work product.  In considering the circumstances for interlocutory appellate review, the Supreme Court determined that the district court consider whether there is a "controlling question of law," the prompt resolution of which "may materially advance the ultimate termination of the litigation" or where the privilege ruling "involves a new legal question or is of special consequence."  *Id.*  In such circumstances, the district courts "should not hesitate to certify an interlocutory appeal."  *Id.*

Moreover, in interpreting *Mohawk*, the Third Circuit has acknowledged that the "useful 'safety value'" of interlocutory appeal through a certified order under 28 U.S.C. § 1292(b) is "available" to "'litigants . . . confronted with a particularly injurious or novel privilege ruling.'"  *New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld*, 604 F.3d 816, 820–21 (3rd Cir. 2010), quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 130 S.Ct. 599, 607-08 (2009).  Certification for interlocutory appeal is particularly appropriate here, because in the absence of

interlocutory review of the Court's decision compelling Eckert to disclose the content of privileged attorney-client communications from another client, who is not a party to the case, will undoubtedly cause that client to suffer grave prejudice that cannot effectively be remedied by way of a post-judgment appeal. *See, e.g.*, *Henriquez-Disla v. Allstate Prop. & Cas. Ins. Co.*, 2014 WL 3887750, at *1, 5 (E.D. Pa., Aug. 7, 2014) ("reconsideration of . . . decision requiring [Allstate] to produce partially unredacted claim logs," granting certification under § 1292(b) and staying proceedings pending interlocutory appeal of "novel privilege ruling" involving production of "log entries regarding basic claims investigation performed by counsel").

Here, the Court has compelled Eckert to produce another client's [Parx Casino's] communications and documents protected by the attorney-client privilege based upon judicial estoppel, which equates to a novel legal issue. Defendants must seek immediate but interlocutory appellate review of that Order for fear that the privilege will be forever waived. After all, these are not Eckert's privileged communications; they are Parx Casino's. Thus, defendants respectfully request that the Court certify its July 5, 2022 Order and Memorandum as an immediately appealable interlocutory order pursuant to 28 U.S.C. §1292(b), and that the Court frame the issue as whether invoking the doctrine of judicial estoppel to order the disclosure of a non-party's attorney-client privileged communications is warranted based upon prior inconsistent statements of that non-party's counsel.

## CONCLUSION

For all of the foregoing reasons, defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal, respectfully request that this Court reconsider its July 5, 2022 Order and Memorandum as to the proposed remedy or, alternatively, certify the Order for immediate appeal to the Third Circuit pursuant to 28 U.S.C. §1292(b).

        Respectfully submitted,

ROBERT S. TINTNER, ESQUIRE (No. 73865)
PETER C. BUCKLEY, ESQUIRE (No. 92313)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com

**Counsel for Defendants,**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC, MARK S. STEWART and KEVIN M. SKJOLDAL**

Date:   July 19, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., | |
| Plaintiff, | |
| v. | Docket No. 1:20-cv-00292 |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, MARK S. STEWART, and KEVIN M. SKJOLDAL, | (Judge Jennifer P. Wilson) |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 19th day of July, 2022, I served a true and correct copy of the foregoing Brief in Support of Motion for Reconsideration, via ECF, upon all counsel of record.

_____
ROBERT S. TINTNER, ESQUIRE