# In the United States District Court for the Middle District of Pennsylvania

| | |
|---|---|
| PACE-O-MATIC, INC. | ) |
| | ) |
| *Plaintiff,* | ) [ELECTRONICALLY FILED] |
| | ) |
| *vs.* | ) Docket No. 20-292 |
| | ) |
| ECKERT, SEAMANS, CHERIN & MELLOT, LLC | ) JUDGE WILSON |
| | ) |
| | ) |
| *Defendant.* | ) |

**MOTION OF GREENWOOD GAMING & ENTERTAINMENT, INC., D/B/A PARX CASINO, FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION OF APPEAL PURSUANT TO 28 U.S.C. § 1292**

Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), moves for reconsideration or certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Magistrate Judge Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") and Hawke McKeon & Sniscak ("HMS") must produce documents in their custody that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM.

1. POM initiated the above matter by filing a complaint against Eckert Seamans Cherin & Mellot, LLC ("Eckert").

2. The complaint alleges that Eckert breached a fiduciary duty to POM.

3. POM served discovery requests on Eckert calling for, among other things, confidential and privileged communications between Parx and Eckert and the attorney work-product of lawyers and/or law firms representing Parx.

4. POM issued a subpoena on Parx calling for confidential and privileged communications between Parx and Eckert and the attorney work-product of lawyers and/or law firms representing Parx.

5. POM also served an additional subpoena on another of Parx's law firms (Hawke McKeon & Sniscak LLP) and lawyers (Kevin McKeon, Esq.) calling for documents relating to the firms' representation of Parx in various state court proceedings in which Parx is participating.

6. Parx, Eckert, and Hawke McKeon raised objections to the subpoenas based on confidentiality, attorney-client privilege, and the immunity from discovery under the work-product doctrine.

7. The Court assigned the case to Magistrate Judge Saporito.

8.    Magistrate Judge Saporito sustained Parx's objections and quashed the Parx subpoena. *See* Docs. 87 & 88.

9.    In the same opinion and order, Magistrate Judge Saporito *sua sponte* applied the doctrine of judicial estoppel and ordered Parx's law firms (Eckert and HMS) to disclose privileged documents in their custody. *See* Docs. 87 & 88.

10.    Parx and the law firms appealed that aspect of Magistrate Judge's decision. *See* Docs. 93, 95, 97.

11.    This Court reversed and remanded to give Eckert, HMS, and Parx the opportunity to address the novel judicial estoppel issue.

12.    After remand, Magistrate Judge Saporito reached the same conclusion and ordered Parx's law firms (Eckert and HMS) to disclose privileged documents in their custody. *See* Docs. 166 and 167.

13.    Parx and the law firms appealed. *See* Docs. 168, 170, and 172.

14.    On further appeal from Magistrate Judge Saporito's second decision after remand, the Court affirmed. *See* Docs. 222 and 223.

15.    Parx requests that the Court reconsider the opinion and order.

16. The Court should reconsider its decision to correct manifest errors of law or fact.

17. The Court's opinion and order affirming Magistrate Judge Saporito's decision is based on manifest errors of law and fact because (a) judicial estoppel does not apply; (b) contrary to Magistrate Judge Saporito's analysis, which the Court adopted, Parx did not make inconsistent statements or take inconsistent positions about its pre-existing attorney-client relationship with Eckert in matters adverse to POM; (c) "sanction" imposed by the magistrate judge, as adopted by this Court, unjustifiably punishes Parx by ordering the disclosure of its privileged documents even though there are more appropriate estoppel remedies that would avoid the untenable result of ordering the disclosure of a non-party's privileged communications.

18. If the Court is not inclined to grant reconsideration, then Parx requests that the Court certify its order for appeal pursuant to 28 U.S.C. § 1292.

19. The Court may certify an order for immediate appeal if (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate

appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

20. As the Supreme Court explained with respect to certifying orders adversely affecting privilege, "[t]he preconditions for §1292(b) review— 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate termination of the litigation'—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11 (2009).

21. The Court's decision represents a novel application of judicial estoppel as a purported exception to or waiver of the attorney-client privilege of a non-party.

22. As a result, the Court has compelled the disclosure of a non-party's privileged communications based on the alleged inconsistent statements of its law firm in its capacity as a defendant in litigation with another client.

23. There is substantial grounds for disagreement over the application of judicial estoppel as a waiver of or exception to the attorney-client privilege.

24. The resolution of that issue now will determine whether and to what extent Parx's privileged information should be part of the record in this case.

25. Accordingly, if the Court does not reconsider its decision to order the disclosure of Parx's privileged communications, the Court should certify the order for appeal under 28 U.S.C. § 1292 so the Third Circuit may weigh in on the issue substantially as follows:

> In a case of first impression, can the doctrine of "judicial estoppel" be used to require the disclosure of a non-party's privileged documents based on inconsistent statements made by the non-party's law firm?

WHEREFORE, the Court should grant Parx's motion for reconsideration or certify the order for appeal and order such other and further relief as the Court deems necessary or appropriate. Parx incorporates its brief in support filed contemporaneously with this motion. Parx has attached a proposed reconsideration order and certification order.

July 19, 2022                              Respectfully submitted,

                                        **GA BIBIKOS LLC**

                                        /s George A. Bibikos
                                        George A. Bibikos
                                        5901 Jonestown Rd. #6330
                                        Harrisburg, PA 17112
                                        (717) 580-5305
                                        gbibikos@gabibikos.com

                                        *Counsel for Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino*

## CERTIFICATE OF NON-CONCURRENCE

I hereby certify that POM does not concur in this motion or the relief it requests.

/s George A. Bibikos
George A. Bibikos

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel and the magistrate judge will be served automatically.

/s George A. Bibikos
George A. Bibikos