# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC.       )
                           )
        *Plaintiff,*   )  [ELECTRONICALLY FILED]
                           )
        *vs.*      )  Docket No. 20-292
                           )
ECKERT, SEAMANS, CHERIN  )  JUDGE WILSON
& MELLOT, LLC         )
                           )
        *Defendant.*  )

## ORDER ON MOTION FOR CERTIFICATION

AND NOW, this __ day of _____, 2022, upon consideration of the motion of Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), for certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Magistrate Judge Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") and Hawke McKeon & Sniscak ("HMS") must produce documents in their custody that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM, and it appearing that:

    a.    the order involves (1) a "controlling question of law" regarding privilege and judicial estoppel; (2) "as to which there is

substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation" with respect to the privilege and judicial-estoppel issues; *see* 28 U.S.C. § 1292(b);

and it further appearing that:

b. with respect to certifying orders adversely affecting privilege, "[t]he preconditions for §1292(b) review— 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate termination of the litigation'—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases"; *see Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11 (2009);

the motion for certification is GRANTED as to the following issue and any issues fairly subsumed therewith:

In a case of first impression, can the doctrine of "judicial estoppel" be used to require the disclosure of a non-party's privileged documents based on inconsistent statements made by the non-party's law firm?

Except with respect to the issue certified for appeal and the non-parties, this matter shall not be stayed pending the Third Circuit's review.

_____

Wilson, J.