# In the United States District Court for the Middle District of Pennsylvania

| | | |
|---|---|---|
| PACE-O-MATIC, INC. | ) | [ELECTRONICALLY FILED] |
| | ) | |
| *vs.* | ) | Docket No. 20-292 |
| | ) | |
| ECKERT, SEAMANS, CHERIN & MELLOT, LLC | ) | JUDGE WILSON |
| | ) | |

**BRIEF OF GREENWOOD GAMING & ENTERTAINMENT, INC., D/B/A PARX CASINO, IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO CERTIFY AN APPEAL PURSUANT TO 28 U.S.C. § 1292**

Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), files its brief in support of its motion for reconsideration or, in the alternative, certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Magistrate Judge Saporito's decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") and Hawke McKeon & Sniscak ("HMS") must produce documents in their custody that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the dispute between Eckert and POM.

## I.   INTRODUCTION

Parx does not seek reconsideration or certification lightly, but the Court's decision leaves Parx in an untenable position.

The Court affirmed an order of a magistrate judge who invoked judicial estoppel to compel the disclosure of Parx's indisputably privileged documents. The magistrate judge invoked the doctrine based on prior inconsistent statements Parx's law firm (Eckert) made as a defendant in this case long before Parx became involved in a limited capacity to successfully quash a separate subpoena.  To justify the harsh result of ordering the disclosure of a non-party's privileged documents, the magistrate judge concluded, without any evidence, that Parx somehow made inconsistent statements or took inconsistent positions about Parx's pre-existing and long-standing attorney-client relationship with Eckert.  The Court adopted that analysis.

The Court should take a second look because its decision is based on manifest errors of law and fact.  As described in more detail below:

- Judicial estoppel does not apply.  There are only a few exceptions to the attorney-client privilege, and judicial estoppel is not one of them.

- Beyond that threshold problem, this Court manifestly erred by adopting the magistrate judge's "analysis" that Parx

- somehow made inconsistent statements or took inconsistent positions about its attorney-client relationship with Eckert. There are dozens of statements in the record here in which Parx confirmed that Eckert represented Parx in various matters, including in matters adverse to POM.

- The judicial-estoppel "sanction" imposed by the magistrate judge, as adopted by this Court, does not right the perceived wrongdoing. It only punishes Parx. Parx must now endure the disclosure of its privileged documents based on the actions or statements of others in this litigation in which Parx is not a party. The Court could fashion far more appropriate estoppel remedies that would avoid the untenable result of ordering the disclosure of a non-party's privileged communications.

If the Court is not inclined to reconsider its decision, then Parx requests that it certify the order for appeal so the Third Circuit may address the novel application of judicial estoppel to justify the disclosure of a non-party's privileged communications based on the statements of its law firm as a defendant in litigation with another client.

## II.   BACKGROUND

The Court is by now familiar with the background of this long-standing discovery dispute.  As the Court is aware, Parx is not a party here.  Parx appeared in this case for the limited purpose of moving to quash a subpoena it received from POM calling for documents protected by the attorney-client privilege. *See* Doc. 46.  Magistrate Judge Saporito agreed with Parx and quashed that subpoena. *See* Docs. 87 & 88.

In the same opinion and order, however, the magistrate judge *sua sponte* applied the doctrine of judicial estoppel, based on alleged prior inconsistent statements of Eckert regarding its representation of Parx in matters adverse to POM, and ordered Parx's law firms (Eckert and HMS) to disclose privileged documents in their custody. Parx and the law firms appealed that aspect of the decision.

After this Court reversed and remanded to give Eckert, HMS, and Parx the opportunity to address the novel judicial estoppel issue, the magistrate judge reached the same conclusion. As it relates to Parx, the magistrate concluded, without evidence, that Parx made inconsistent statements about its pre-existing relationship with Eckert (*i.e.*, implying that Parx took the position here that Eckert did not represent Parx in other matters including ones in which Parx and POM are adverse).

On further appeal from the magistrate judge's second decision, this Court agreed with the magistrate judge's judicial estoppel analysis. In a footnote, the Court stated that it "agrees with Judge Saporito's analysis that Parx has also presented inconsistent positions to the court." The Court also endorsed the "remedy" selected by the magistrate judge to order the disclosure of Parx's privileged documents rather than

preserving Parx's privilege and estopping Eckert from taking the position that it did not simultaneously represent Parx in matters adverse to POM.

## III. BASIS FOR RECONSIDERATION

The Court should grant Parx's motion. Motions for reconsideration are appropriate "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Parx respectfully submits that the decision affirming the magistrate judge's opinion and order on judicial estoppel is based on manifest errors of law and fact that the Court should correct.

### A. *The Court should reconsider its decision because judicial estoppel is neither an exception to, nor operates as a waiver of, the attorney-client privilege.*

The Court did not address the threshold question of whether the application of judicial estoppel can operate as an exception to or waiver of the attorney-client privilege. Under Pennsylvania law, courts can only compel disclosure of otherwise privileged communications based on waiver or the crime-fraud exception, neither of which are at issue. *See* F.R.E. 501 (state privilege law applies in federal court); 42 Pa.C.S. § 5928; *Nationwide Mut. Ins. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007).

5

The documents in question contain communications between Parx and its law firms for purposes of legal advice in other matters. That fact is not in dispute. Although Parx is not a party, Parx holds the privilege, not Eckert or HMS or others. Parx asserted the privilege, and so did its law firms on its behalf. Parx did not waive the privilege. The privilege analysis therefore should have ended once the magistrate judge and this Court established that the documents in question contain Parx's communications with Eckert or other law firms in the course of representing Parx, whether as counsel of record in Commonwealth Court or other cases or otherwise.

Yet, the magistrate judge (and this Court, by extension) went further by evaluating whether Eckert's prior inconsistent statement in this case about its pre-existing relationship with Parx justifies the application of judicial estoppel to order the disclosure of Parx's privileged documents. This is a novel approach to the privilege analysis that the Court should reconsider, particularly when it abrogates a non-party's privilege. Notably, none of the parties to the case ever discussed judicial estoppel as a basis to circumvent Parx's attorney-client privilege before the magistrate judge raised it *sua sponte*.

Despite multiple rounds of briefing and two appeals, neither POM, the magistrate judge, nor this Court cited any binding Pennsylvania authority recognizing judicial estoppel as an exception to the attorney-client privilege. Indeed, research has not revealed a situation in which a Pennsylvania court applied judicial estoppel as an exception to or waiver of the attorney-client privilege.

Parx also is unaware of any binding case law in which the courts estopped a non-party client from asserting its privilege based on its law firm's inconsistent statements made as a defendant in an unrelated lawsuit. The magistrate judge's passing citation to *In re Berks Behavioral Health LLC*, 500 B.R. 711, 721 (E.D. Pa. Bankr. 2013), does not change the analysis. That bankruptcy court decision does not bind the Court and does not inform Pennsylvania privilege law. In *Berks,* more importantly, the entity that lost the protection of the attorney-client privilege was a party in the case that acted in bad faith. Here, by contrast, an innocent non-party that did not engage in any bad faith is losing the protection of its attorney-client privilege.

These points are not merely academic. By adopting the magistrate judge's novel approach to the privilege analysis, the Court endorsed a

sanction imposed by the magistrate judge that unjustifiably punishes Parx as a non-party by ordering the disclosure of its privileged communications based on inconsistent statements of its law firm as a defendant in this case.

Unless Parx waived its attorney-client privilege or another recognized exception under Pennsylvania law applies, there is no basis to order the disclosure of privileged documents. Even POM agrees that it should not have access to the legal advice Parx receives from its lawyers. *See* Tr. at 57 ("So I would agree with my colleague, Mr. Bibikos, that if Parx was getting advice from its lawyers, I shouldn't have access to that."); *id.* at 19 ("I want to make it super clear that I am not taking the position that all communications between Eckert and its client Parx are discoverable. That is not my position.").

The Court therefore erred by ordering the disclosure of Parx's privileged communications based on Eckert's inconsistent statements, particularly when Parx is not a party to the underlying cause of action here and is not represented by Eckert in this litigation. The Court should vacate the order to the extent it compels the disclosure of Parx's privileged documents.

> **B.   *The Court should reconsider its decision because Parx did not make any inconsistent statements to this Court.***

To the extent the Court adopted the magistrate judge's "analysis" that "Parx has also presented inconsistent positions to the court" regarding its pre-existing attorney-client relationship with Eckert, the decision rests on a manifest error of fact.

Parx consistently represented to this Court that it had a pre-existing attorney-client relationship with Eckert, including in matters adverse to POM, and Parx never suggested otherwise. Since the moment Parx received a subpoena in June 2020 and entered a limited appearance here to quash the subpoena and assert its attorney-client privilege, Parx made dozens of statements expressly and implicitly confirming that Eckert represents Parx in various matters, including matters adverse to POM, as illustrated in the table attached at **Tab "A."**

By contrast, the record is devoid of any evidence in which Parx took a contrary position with this Court. How could Parx do so? The whole point of POM's lawsuit – filed before Parx ever received a subpoena – is that Eckert represented Parx and POM simultaneously in matters in which those clients were adverse to one another. The fact of Eckert's prior representation of Parx goes without saying.

9

The Court's ruling is based on Eckert's statements that it "did not represent Parx in the litigation adverse to POM." Perhaps Eckert could have been more precise with its wording by making clear that it did not represent Parx *as counsel of record* in the litigation adverse to POM. Parx, by contrast, all along has acknowledged Eckert's representation of Parx in matters adverse to POM including as counsel behind the scenes in state-court litigation. *See, e.g.*, Tab "A."

Moreover, Parx did not make inconsistent statements in other courts, as the magistrate judge seemed to suggest and as the Court seemingly agreed. At the outset, the only question that matters is whether Parx made inconsistent statements in *this* Court. In any event, the document on which the magistrate judge relied to claim Parx made inconsistent statements contradicts his conclusion.

The magistrate judge cited to Doc. 82, at pp. 162-89 and concluded that "based on its papers filed in the Commonwealth Court cases, in which Parx and its counsel of record there (HMS) have expressly represented that 'Eckert is not counsel in this case' and implicitly represented that Eckert played no substantial role in Parx's activities in those cases." *See* Doc. 166 at 21. (The document on which the magistrate

10

judge relied is a letter from counsel for POM that attaches a document filed in Commonwealth Court and is not part of any record here.)

The magistrate judge unfortunately omitted (or ignored) a key passage from Doc. 82, page 162 at ¶ 9 in which Parx admitted that Eckert assisted Parx and other casinos in the Commonwealth Court litigation: "***The various Casino Intervenors' litigation filings in this case were drafted by a group of lawyers from Hawke McKeon, Ballard, and Eckert***.") *See* Doc. 82, at 162 (emphasis added).

Finally, there is absolutely no bad faith here. Parx received a subpoena in June 2020 calling for communications between Parx and Eckert. Parx acknowledged Eckert's pre-existing and longstanding representation. Parx lodged objections to the subpoena based on privilege. Parx produced a privilege log. Parx briefed the privilege, work-product, and other legal issues involved in this discovery dispute. Parx argued before the Court and submitted documents for *in camera* review as requested. The magistrate judge then quashed the subpoena directed to Parx. That is it. But for the magistrate judge's novel application of judicial estoppel to justify the disclosure of Parx's privileged documents, Parx would no longer be here.

11

At a minimum, the Court should err on the side of caution and give every benefit of the doubt to Parx given that Parx is a non-party, has been thrust into this dispute between its law firm and another client, Parx's attorney-client privilege is at stake, and judicial estoppel is an extraordinary doctrine that engenders harsh results. The Court should take care not to order the disclosure of privileged documents based on a novel theory particularly when the magistrate judge's key factual determinations rest on brittle ground as Parx has demonstrated here.

The Court therefore should vacate the order to the extent it compels the disclosure of Parx's privileged documents.

### C. *The Court should reconsider its decision because the judicial-estoppel remedy unjustifiably punishes Parx by compelling the disclosure of its privileged documents.*

Having determined that Parx did not make any inconsistent statements, let alone any statements in bad faith, the question becomes whether the judicial-estoppel remedy imposed by the magistrate judge and adopted by the Court goes too far. The answer is yes.

If the Court believes that Eckert made a prior inconsistent statement about its representation of Parx such that judicial estoppel applies, so be it. The Court could estop Eckert from taking the position

12

that it did not represent Parx in matters adverse to POM while Parx and POM were Eckert's clients. The Court could deem the fact of Eckert's simultaneous representation of Parx and POM in matters adverse to one another admitted for trial. Those remedies, in turn, may reduce the issues for trial and obviate the need for POM to review Parx's privileged documents to establish a fact that no one contests.

The sanction that the magistrate judge imposed (as adopted by this Court), however, does not right the wrong. It punishes Parx. Parx must endure the disclosure of its privileged communications based on the actions or statements of others. Surely the Court could fashion far more appropriate estoppel remedies that would avoid the untenable result of ordering the disclosure of a non-party's privileged communications. The privilege dispute undoubtedly will continue on appeal if the Court does not impose a different sanction that does not involve the disclosure of a non-party's privileged documents. The attorney-client privilege is of paramount important to Parx such that Parx would be compelled to pursue an appeal of the adverse privilege ruling.

The Court therefore should vacate the order to the extent it compels the disclosure of Parx's privileged documents.

## IV. BASIS FOR CERTIFICATION

If the Court is not inclined to grant reconsideration, then Parx requests that the Court certify its order for appeal pursuant to 28 U.S.C. § 1292. The Court may certify an order for immediate appeal if (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

As the Supreme Court explained with respect to certifying orders adversely affecting privilege, "[t]he preconditions for §1292(b) review— 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate termination of the litigation'—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11 (2009).

Here, the Court's decision represents a novel application of judicial estoppel as a purported exception to or waiver of the attorney-client privilege of a non-party. As a result, the Court has compelled the

14

disclosure of a non-party's privileged communications based on the alleged inconsistent statements of its law firm in its capacity as a defendant in litigation with another client. There is no question that there are substantial grounds for disagreement over the application of judicial estoppel as a waiver of or exception to the attorney-client privilege, and the resolution of that issue now will determine whether Parx's privileged information should be part of the record in this case.

If the Court does not reconsider its adverse privilege decision, the Court should certify the order for appeal under 28 U.S.C. § 1292 so the Third Circuit may weigh in on the issue.

## V.  CONCLUSION

WHEREFORE, the Court should grant Parx's motion for reconsideration or certify the order for appeal and order such other and further relief as the Court deems necessary or appropriate.

July 19, 2022                                             Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com
*Counsel for Parx Casino*

## CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel will be served automatically.

/s George A. Bibikos
George A. Bibikos
