# Tab "A"

Statements to this Court in which Parx Acknowledged that Eckert Represents Parx

| Parx Statement | Docket Entry + Date | Page |
|---|---|---|
| We also understand that POM has served discovery requests upon **Eckert and an additional subpoena on another of Parx's law firms** (Hawke McKeon & Sniscak LLP) and lawyers (Kevin McKeon, Esq.) calling for documents relating to **their representation of Parx and various state court proceedings in which Parx is participating**. | Letter to Judge Wilson Dated June 18, 2020 (not docketed) | 1 |
| POM's discovery requests directed to Eckert call for the same documents and information that POM purports to subpoena from Parx.  **As holder of the privilege, Parx has directed Eckert to assert Parx's privileges and immunities in response to discovery requests, and Eckert has done so.** | Letter to Judge Wilson Dated June 18, 2020 (not docketed) | 2 |
| POM served discovery requests on Eckert calling for, among other things, **confidential and privileged communications between Parx and Eckert and the attorney work-product of lawyers and/or law firms representing Parx.**<br><br>On the same day, POM served an additional subpoena on **another of Parx's law firms** (Hawke McKeon & Sniscak LLP) and lawyers (Kevin McKeon, Esq.) calling for documents relating to **their representation of Parx and various state court proceedings in which Parx is participating**. | Doc. 48 (Parx Motion to Quash, July 20, 2020) | 1-2 |
| There is **no question that Eckert represents Parx in various matters**. | Doc. 49 (Parx Supporting Brief, July 20, 2020) | 11 |
| Finally, the work-product doctrine applies to any documents POM subpoenaed directly from Parx's lawyers or law firms that reflect work performed on Parx's behalf for purposes of litigation or for purposes of advising Parx. **Parx is the beneficiary of any work product developed by Hawke and Eckert in the course of their representation of Parx.** | Doc. 49 (Parx Supporting Brief, July 20, 2020) | 12 |
| Because of POM's improper requests, Parx has been thrust into a dispute to defend its privileged and confidential communications at considerable disruption and expense for no reason other than POM's apparent desire to burden **the client of Eckert with whom POM has adverse business interests**. | Doc. 60 (August 14, 2020) | 7 |
| **Eckert has worked with Parx's counsel** in the Commonwealth Court matters. | Doc. 76 (Parx Opposition Brief, September 8, 2020) | 2 |
| MR. BIBIKOS: I think there would be, Your Honor, because, again, I go back to, remember, we have to, maybe not solely, but at least in a substantial way look at it through the lens of Parx, and **if Parx is receiving confidential information, privileged communications, legal advice, strategies and so forth from its lawyers, whether they have entered an appearance or not** or whatever, even all those other things that we have discussed all here today, from Parx's perspective, **we have engaged law firms to provide us with legal advice, and that's what we are receiving and that belongs to us.** | Oral Argument Transcript (October 20, 2020) | 46-47 |
| MR. BIBIKOS: Your Honor, just very briefly, I know Your Honor is struggling with that particular issue, and I think I come back to just remind Your Honor, again, whatever the case, it's still in the nature of privileged communication, and that's really the question we're after. I come back to, again, at least in substantial part that we have to look at it through Parx's lens, and if Parx is getting advice from one party that is about slot machines or other types of games and another law firm, the nature of those communications are still privileged. **The fact that one firm filed because the other one didn't, remember, it's still the underlying communication about legal advice and legal assistance that is at play. If that attaches, if Your Honor finds that the privilege does** | Oral Argument Transcript (October 20, 2020) | 56-57 |

| Parx Statement | Docket Entry + Date | Page |
|---|---|---|
| attach to those, absent a waiver or some exception, which I don't think there is any evidence of here, I think that's the end of the analysis. | | |
| **Eckert and Parx have a long-standing attorney-client relationship**. | Doc. 96 (Parx First Appeal Opening Brief, March 2, 2021) | 10 |
| Everyone knows that Eckert and Parx have a longstanding attorney-client relationship and that **Eckert assisted Parx and other casinos in the Commonwealth Court litigation**, albeit not as counsel of record appearing on behalf of those entities. | Doc. 96 (Parx First Appeal Opening Brief, March 2, 2021) | 15 |
| **Parx has always maintained that Eckert and Parx have an attorney-client relationship**. See Parx Briefs (Docs. 49, 60, 76, 84) and Tr. 43-47, 56-57). | Doc. 96 (Parx First Appeal Opening Brief, March 2, 2021) | 16 |
| The statement about Eckert's role in Commonwealth Court is true given that Eckert has not entered any appearance for Parx in state-court litigation adverse to POM. All parties here have acknowledged that Eckert has a longstanding attorney-client relationship with Parx and **assisted Parx on issues and positions involved in the state-court litigation** while another law firm (HMS) is counsel of record for and entered an appearance on behalf of Parx and other casinos. | Doc. 96 (Parx First Appeal Opening Brief, March 2, 2021) | 18-19 |
| **Parx fully acknowledged Eckert's representation of Parx and other casinos in state cases** and certainly never represented to Judge Saporito anything to the contrary, let alone engaged in an effort to trick the court.  See Parx Briefs (Docs. 49, 60, 76, 84) and Tr. 43-47, 56-57). | Doc. 110 (Parx First Appeal Reply Brief, March 18, 2021) | 3, 6 |
| All parties here have acknowledged that **Eckert has a longstanding attorney-client relationship with Parx and assisted Parx on issues and positions involved in the state-court litigation** while another law firm (HMS) is counsel of record for and entered an appearance on behalf of Parx and other casinos. | Doc. 130 (Parx Remand Brief, May 26, 2021) | 15 |
| **Parx fully acknowledged Eckert's representation of Parx and other casinos in state cases** and certainly never represented to this Court anything to the contrary, let alone in an effort to play "fast and loose" with or trick the court in to thinking otherwise. | Doc. 135 (Parx Remand Reply Brief, June 9, 2021) | 2 |
| As Eckert and HMS (and Parx) repeatedly have acknowledged, **Parx and Eckert have a longstanding attorney-client relationship and Eckert assisted Parx in Commonwealth Court**, including assistance with drafting the amicus brief. | Doc. 135 (Parx Remand Reply Brief, June 9, 2021) | 8 |
| Parx, HMS, and Eckert informed him directly that Eckert has not entered any appearance in the Commonwealth Court case but **assisted Parx and other casinos in that litigation while HMS entered a formal appearance to handle the matter for Parx and the other casinos as possible intervenors**. The magistrate judge overlooked (or ignored) numerous, repeated statements in this Court and Commonwealth Court in which Parx, Eckert, and HMS specifically acknowledged Eckert's participation on Parx's behalf in Commonwealth Court. | Doc. 171 (Parx Second Appeal Opening Brief, November 30, 2021) | 2 |
| At oral argument, Parx, Eckert, and HMS all made it clear to the magistrate judge that **Eckert has long represented Parx and assisted Parx in the litigation pending in Commonwealth Court** despite not having entered an appearance as counsel of record. In addition, counsel for Eckert in particular explained that Eckert produced non-privileged documents demonstrating Eckert's involvement in Commonwealth Court on behalf of | Doc. 171 (Parx Second Appeal Opening Brief, November 30, 2021) | 5 |

| Parx Statement | Docket Entry + Date | Page |
|---|---|---|
| Parx and other casinos and that there is "no question" Eckert assisted Parx in Commonwealth Court. See Tr. at 30-40. | | |
| **Everyone knows that Eckert and Parx have a longstanding attorney-client relationship and that Eckert assisted Parx and other casinos in the Commonwealth Court litigation**, albeit not as counsel of record appearing on behalf of those entities. Parx has maintained that position since it received the subpoenas in June 2020. | Doc. 171 (Parx Second Appeal Opening Brief, November 30, 2021) | 16 |
| Parx has always maintained before this court and Commonwealth Court that Eckert and Parx have an attorney-client relationship. See Parx Briefs (Docs. 49, 60, 76, 84) and Tr. 43-47, 56-57. Even the magistrate judge's citation to Doc. 82 at pages 162-168 (see Slip. Op. at 21) reveal that a team of firms including Eckert wrote the papers submitted in Commonwealth Court. (The magistrate judge did not cite that statement in his opinion, however.) | Doc. 171 (Parx Second Appeal Opening Brief, November 30, 2021) | 19 |
| However, the magistrate judge overlooked (or ignored) all the other statements in that same page range that acknowledges Eckert's involvement and its participation in preparing the filings in that proceeding. Id. at 162 ¶ 9 ("**The various Casino Intervenors' litigation filings in this case were drafted by a group of lawyers from Hawke McKeon, Ballard, and Eckert**.") (emphasis added). | Doc. 171 (Parx Second Appeal Opening Brief, November 30, 2021) | 22 |
| Here, **neither POM nor the magistrate judge have accepted "yes" as the repeated answer to the question of whether Eckert represents Parx in Commonwealth Court.** At oral argument, Parx, Eckert, and HMS all made it clear to the magistrate judge that Eckert has long represented Parx and assisted Parx in the litigation pending in Commonwealth Court despite not having entered an appearance as counsel of record. In addition, counsel for Eckert in particular explained that Eckert produced non-privileged documents demonstrating Eckert's involvement in Commonwealth Court on behalf of Parx and other casinos and that there is "no question" Eckert assisted Parx in that court. See Tr. at 30-40. | Doc. 192 (Parx Second Appeal Reply Brief, January 27, 2022) | 6-7 |