IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
PACE-O-MATIC, INC.,                         :
                                            :
              Plaintiff,                    :
                                            :
    v.                                      :    Docket No. 1:20-cv-00292
                                            :
ECKERT SEAMANS CHERIN &                     :
MELLOTT, LLC, MARK S. STEWART,              :    (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                      :
                                            :
              Defendants.                   :
_____:

**MOTION OF HAWKE MCKEON & SNISCAK, LLP, FOR
RECONSIDERATION OF THE COURT'S JULY 5, 2022 ORDER,
OR ALTERNATIVELY, TO CERTIFY THE ORDER FOR
<u>INTERLOCUTORY APPEAL TO THE THIRD CIRCUIT</u>**

Hawke McKeon & Sniscak, LLP ("HMS") hereby moves the Court pursuant to Local Rule 7.10 to reconsider its July 5, 2022 Order requiring HMS to produce attorney-client privileged communications of a third-party. Alternatively, if the Court does not reconsider the remedy in its July 5, 2022 Order, HMS respectfully requests that the Court certify its July 5, 2022 Order as immediately appealable to the United States Court of Appeals for the Third Circuit as an interlocutory appeal, pursuant to 28 U.S.C. §1292(b).

In support of its motion, HMS alleges as follows:

1.      Pace-O-Matic, Inc., ("POM") commenced this action by the filing of a Complaint on February 18, 2020 alleging a breach of fiduciary duty, fraud, and abuse of process against the named defendants.

2.      POM served a non-party subpoena on HMS in June 2020, seeking: (1) any document that reflects communications between HMS and defendant Eckert, Seamans Cherin & Mellot, LLC ("Eckert") relating to litigation commenced by POM in the Commonwealth Court of Pennsylvania ("the Commonwealth Court litigation"); (2) any document HMS received from Eckert for use or reference relating to the Commonwealth Court litigation; (3) any communications between HMS partner Kevin McKeon or any other HMS employee and any person at Eckert relating to either the Commonwealth Court litigation or POM's complaint against Eckert in this court; and (4) any communications or documents relating to any potential or actual conflict between Eckert and POM.

3.      HMS objected to the subpoena on the basis that all documents requested are subject to the attorney-client privilege because the requests seek communications between and among Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino's ("Parx") lawyers at Eckert, Parx's lawyers at HMS, and Parx, including legal advice that Parx's lawyers and law firms provided to Parx.

4. POM also served a subpoena on Parx, and addressed discovery to Eckert, seeking similar information deemed subject to the attorney-client privilege, to which Parx and Eckert also objected on that basis.

5. By order entered June 19, 2020 (Doc. 30) the matter was referred for resolution by a United States Magistrate Judge, and then assigned to Magistrate Judge Saporito.

6. Following *in camera* review of documents listed in privilege logs submitted by HMS, Parx, and Eckert, Magistrate Judge Saporito issued a Memorandum and Order on February 16, 2021 directing release of the communications based on the application of judicial estoppel to override Parx's attorney-client privilege.

7. Following appeals by Eckert, by HMS, and by Parx from the February 16, 2021 Memorandum and Order, this Court granted the appeals as to the issue of judicial estoppel and remanded the matter back to Judge Saporito. (Doc. 113).

8. On November 16, 2021, Judge Saporito entered an Order and Memorandum again directing release of the communications based on judicial estoppel.

9. HMS timely appealed Judge Saporito's November 16, 2021 Order to the Court on the basis that judicial estoppel cannot override the attorney-client privilege of its client Parx, a non-party to this action.

10. On July 5, 2022, the Court entered an Order and Memorandum denying HMS's appeal, affirming Judge Saporito's November 16, 2021 Order and Memorandum, and requiring HMS to turn over Parx's privileged documents and communications. *See* July 5, 2022 Order and Memorandum attached hereto as Exhibit "A".

11. HMS seeks reconsideration of the Court's July 5, 2022 Order and Memorandum compelling the production of Parx's attorney-client privileged documents and communications.

12. Reconsideration is appropriate because a finding of judicial estoppel against Eckert cannot override Parx's attorney-client privilege. However, even if judicial estoppel applies, other more tailored remedies are available and appropriate "to judicially estop Eckert from denying POM's allegation that it has represented a party adverse to POM in litigation." *Id.* at 14.

13. Alternatively, if the Court is not inclined to reconsider its directive to produce Parx's privileged materials, HMS respectfully requests that the Court certify its Order to permit an interlocutory appeal to the Third Circuit pursuant to 28 U.S.C. §1292(b) for review of the following issue: In a case of first impression, can the doctrine of "judicial estoppel" be used to require the disclosure of a non-

party's privileged documents based on inconsistent statements made by the non-party's law firm?[1]

WHEREFORE, Hawke McKeon & Sniscak, LLP, respectfully requests that this Court reconsider its July 5, 2022 Order and Memorandum as to the application of judicial estoppel to the privileged communications at issue, or to provide an alternative remedy to production of privileged documents. Alternatively, HMS requests the Court to certify its July 5, 2022 Order and Memorandum for immediate appeal to the United States Court of Appeals for the Third Circuit.

                              Respectfully submitted,

                              */s/ Dennis A. Whitaker*
Dennis A. Whitaker, I.D. #53975
Melissa A. Chapaska, I.D. #319449
Hawke McKeon & Sniscak, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
(717) 236-4841
dawhitaker@hmslegal.com
machapaska@hmslegal.com
*Counsel for Hawke McKeon & Sniscak, LLP*

Dated: July 19, 2022

---

[1] In the July 5, 2022 Order, the Court directed HMS to produce Parx's attorney-client privileged documents and communications by July 27, 2022. As such, HMS is left with no alternative but to appeal the Court's July 5, 2022 Order and Memorandum as an interlocutory order before it becomes moot because once the documents are produced, the attorney-client privilege will be irretrievably waived.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
PACE-O-MATIC, INC.,                         :
                                            :
            Plaintiff,          :
  v.                                        :   Docket No. 1:20-cv-00292
                                            :
ECKERT SEAMANS CHERIN &                     :
MELLOTT, LLC, MARK S. STEWART,              :   (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                      :
                                            :
           Defendants.         :
_____:

## CERTIFICATE OF NON-CONCURRENCE

    I, Dennis A. Whitaker, Esquire, hereby certify that counsel for plaintiff does not concur with the relief sought in this motion.

                                                      */s/ Dennis A. Whitaker.*

Dated:  July 19, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., : | |
| : | |
| Plaintiff, : | |
| v. : | Docket No. 1:20-cv-00292 |
| : | |
| ECKERT SEAMANS CHERIN & : | |
| MELLOTT, LLC, MARK S. STEWART, : | (Judge Jennifer P. Wilson) |
| and KEVIN M. SKJOLDAL, : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I, Dennis A. Whitaker, Esquire, hereby certify that, on this 19th day of July, 2022, I served a true and correct copy of the foregoing Motion for Reconsideration, via ECF, upon all counsel of record in the case.

*/s/ Dennis A. Whitaker*