**In the United States District Court for the
Middle District of Pennsylvania**

| | | |
|---|---|---|
| PACE-O-MATIC, INC. | ) | |
| | ) | |
| Plaintiff, | ) | [ELECTRONICALLY FILED] |
| | ) | |
| vs. | ) | Docket No. 20-292 |
| | ) | |
| ECKERT, SEAMANS, CHERIN & MELLOT, LLC | ) | JUDGE WILSON |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED ORDER ON MOTION FOR CERTIFICATION

AND NOW, this _____ day of _____, 2022, upon consideration of Hawke McKeon & Sniscak, LLP's ("HMS") Motion for Certification pursuant to 28 U.S.C. § 1292, and any response thereto, and it appearing that:

a. the order involves (1) a "controlling question of law" regarding privilege and judicial estoppel; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation" with respect to the privilege and judicial-estoppel issues; see 28 U.S.C. § 1292(b);

and it further appearing that:

b. with respect to certifying orders adversely affecting attorney-client privilege, "[t]he preconditions for §1292(b) review— 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate

termination of the litigation'—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases"; *see Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009); the motion for certification is GRANTED as to the following issue and any issues fairly subsumed therewith:

In a case of first impression, can the doctrine of "judicial estoppel" be used to require the disclosure of a non-party's privileged documents based on inconsistent statements made by the non-party's law firm?

Except with respect to the issue certified for appeal and the nonparties, this matter shall not be stayed pending the Third Circuit's review.

BY THE COURT:

_____
Jennifer P. Wilson, U.S.D.J.