**In the United States District Court for the
Middle District of Pennsylvania**

| | | |
|---|---|---|
| PACE-O-MATIC, INC. | ) | |
| | ) | |
|         *Plaintiff,* | ) | [ELECTRONICALLY FILED] |
| | ) | |
|         *vs.* | ) | Docket No. 20-292 |
| | ) | |
| ECKERT, SEAMANS, CHERIN & MELLOT, LLC | ) | JUDGE WILSON |
| | ) | |
| | ) | |
|         *Defendant.* | ) | |

**BRIEF OF HAWKE MCKEON & SNISCAK, LLP, IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR CERTIFICATION OF APPEAL PURSUANT TO 28 U.S.C. § 1292**

Hawke McKeon & Sniscak, LLP ("HMS") files its brief in support of its motion for reconsideration or certification pursuant to 28 U.S.C. § 1292 of the Court's July 5, 2022 order and opinion affirming Magistrate Judge Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") and HMS, and must produce documents in their custody that contain Greenwood Gaming & Entertainment, d/b/a Parx Casino's ("Parx") attorney-client privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM.

## I. INTRODUCTION

The Court's July 5, 2022 Order (Doc. 223) directs HMS to disclose to POM communications and documents protected by Parx's attorney-client privilege as a remedy for what the Court found to be Eckert's violation of the doctrine of judicial estoppel. Reconsideration of the July 5, 2022 Order is warranted because: (1) judicial estoppel is not a recognized exception to and thus cannot override Parx's attorney-client privilege, and, (2) even if judicial estoppel applies, more appropriate and tailored sanctions exist that would avoid the release of the privileged communications directed by the July 5, 2022 Order.

Alternatively, in light of the irreversible outcome if HMS were to release the privileged communications in accordance with the July 5, 2022 Order, HMS respectfully requests that if the Court is not inclined to reconsider its Order, the Court certify its Order to permit an interlocutory appeal to the Third Circuit pursuant to 28 U.S.C. §1292(b).

## I. BACKGROUND

At the time POM commenced this lawsuit against Eckert in 2020, HMS represented Parx in an attempt to intervene on behalf of Parx and other casinos in litigation POM had commenced in the Commonwealth Court of Pennsylvania ("the Commonwealth Court litigation"). POM maintained that Eckert was acting adversely to POM, including in the Commonwealth Court litigation, even though

Eckert represented POM in other matters. In June 2020, POM served a non-party subpoena on HMS seeking documents and communications between HMS and defendant Eckert relating to the Commonwealth Court litigation and relating to POM's complaint against Eckert in this case. HMS objected to and sought a protective order from the subpoena on grounds that the communications and documents requested are protected by Parx's attorney-client privilege.

The dispute was assigned to Magistrate Judge Saporito. By order dated July 5, 2021, Judge Saporito resolved various motions filed by the parties, including HMS's motion for protective order, found that judicial estoppel overrides Parx's attorney-client privilege and directed HMS to disclose the communications at issue. This Court remanded the matter to Judge Saporito for further consideration of the judicial estoppel issue. By Order and Memorandum issued November 16, 2021 Judge Saporito again ordered release of the privileged documents on the basis of judicial estoppel. HMS timely appealed Judge Saporito's November 16, 2021 Order to the Court on the basis that HMS disagreed with the finding that judicial estoppel applied as a basis to override the attorney-client privilege of Parx Casino, a non-party to this action.

The Court's July 5, 2022 Order and Memorandum denied HMS's appeal, affirmed Judge Saporito's November 16, 2021 Order and Memorandum, and required HMS to turn over Parx Casino's privileged documents and

communications. *See* July 5, 2022 Order and Memorandum attached hereto as Exhibit "A".

## II. BASIS FOR RECONSIDERATION

Motions for reconsideration are appropriate "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The Court should reconsider its decision on the bases that judicial estoppel cannot override Parx's attorney-client privilege, or, alternatively, even if judicial estoppel applies, more tailored remedies are available and appropriate "to judicially estop Eckert from denying POM's allegation that it has represented a party adverse to POM in litigation." *See* July 5, 2022 Memorandum at 14.

### A. *The Court should reconsider its decision because judicial estoppel is neither an exception to, nor operates as a waiver of, the attorney-client privilege.*

The Court did not address the threshold question of whether the application of judicial estoppel can operate as an exception to or waiver of the attorney-client privilege. Under Pennsylvania law, courts can only compel disclosure of otherwise privileged communications based on waiver or the crime-fraud exception. *See* F.R.E. 501; 42 Pa.C.S. § 5928; *Nationwide Mut. Ins. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007). There has been no waiver of the privilege, and neither the crime-fraud exception nor any other exception applies.

The communications at issue reflect communications among Parx, HMS, and Eckert for purposes of providing legal services and advice to Parx related to the Commonwealth Court litigation. Parx, the client, has asserted and has not waived its privilege as to these communications, and no recognized exception to attorney-client privilege applies. This should have ended the inquiry. Instead, the July 5, 2022 order overrides Parx's privilege based on a finding that Eckert took inconsistent positions in defending POM's lawsuit against Eckert and in litigating the present discovery dispute. Regardless of whether judicial estoppel applies, it is not a basis for overriding Parx's privilege. The Court should reconsider its decision and vacate the order to the extent it compels the disclosure of privileged documents.

> **B.** ***The Court should reconsider its decision because there are more tailored and appropriate remedies than compelling the disclosure of Parx's privileged communications.***

Even if judicial estoppel applies, the Court should reconsider the sanction imposed. Eckert has proposed in its motion for reconsideration (Doc. 230) that rather than order the disclosure of Parx's attorney-client privileged information, Eckert is agreeable to having the Court "judicially estop Eckert from denying POM's allegation that it has represented a party adverse to POM in litigation." The Court should reconsider its decision, vacate the order to the extent it compels the disclosure of privileged documents, and implement Eckert's proposed alternative remedy.

5

## III.    BASIS FOR CERTIFICATION

If the Court is not inclined to grant reconsideration, then HMS respectfully requests that the Court certify its order for appeal pursuant to 28 U.S.C. § 1292. The Court may certify an order for immediate appeal if (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

As the Supreme Court explained with respect to certifying orders adversely affecting privilege, "[t]he preconditions for §1292(b) review— 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate termination of the litigation'—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11 (2009).

Here, the Court's decision represents a novel application of judicial estoppel as a purported exception to or waiver of the attorney-client privilege of a non-party. As a result, the Court has compelled the disclosure of a non-party's privileged communications based on the alleged inconsistent statements of its law firm in its capacity as a defendant in litigation with another client. There is no question that there is substantial grounds for disagreement over the application of judicial estoppel

as a waiver of or exception to the attorney-client privilege, and the resolution of that issue now will determine whether and to what extent Parx's privileged information should be part of the record in this case.

Accordingly, if the Court does not reconsider its decision to order the disclosure of Parx's privileged communications, the Court should certify the order for appeal under 28 U.S.C. § 1292 so the Third Circuit may weigh in on the issue, in a case of first impression, as to whether the doctrine of "judicial estoppel" can be used to require the disclosure of a non-party's privileged documents based on inconsistent statements made by the non-party's law firm.

### IV.   CONCLUSION

WHEREFORE, the Court should grant this motion for reconsideration or certify the order for appeal and order such other and further relief as the Court deems necessary or appropriate.

                Respectfully submitted,

                */s/ Dennis A. Whitaker*
                Dennis A. Whitaker, I.D. #53975
                Melissa A. Chapaska, I.D. #319449
                Hawke McKeon & Sniscak, LLP
                100 North Tenth Street
                Harrisburg, PA 17101
                (717) 236-1300
                (717) 236-4841
                dawhitaker@hmslegal.com
                machapaska@hmslegal.com
                *Counsel for Hawke McKeon & Sniscak, LLP*

Dated: July 19, 2022

## CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel and the magistrate judge will be served automatically.

>                            */s/ Dennis A. Whitaker*
>                            Dennis A. Whitaker

Dated: July 19, 2022