IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                 )
                                    )
              Plaintiff,            )          No. 1:20-cv-292-JPW
                                    )
v.                                  )          Judge Wilson
                                    )
ECKERT SEAMANS CHERIN &             )
MELLOTT, LLC, et al.,               )
                                    )
              Defendants.           )

**PLAINTIFF'S OMNIBUS OPPOSITION TO MOTIONS TO RECONSIDER OR, IN THE ALTERNATIVE, CERTIFY UNDER 28 U.S.C. § 1292(b) FILED BY DEFENDANTS; GREENWOOD GAMING AND ENTERTAINMENT, INC.; AND HAWKE MCKEON & SNISCAK, LLP**

On July 5, 2022, the Court entered an order (the "July 5 Order") addressing pending discovery disputes and the application of judicial estoppel. *See* ECF No. 223. Among other things, the Court ordered the production of certain documents by July 26, 2022. *Id.* On July 19, 2022, Defendants; Greenwood Gaming and Entertainment, Inc. ("Parx"); and Hawke McKeon & Sniscak, LLP ("Hawke McKeon") all filed motions requesting that the Court reconsider the July 5 Order or, in the alternative, certify the July 5 Order for interlocutory appeal under 28 U.S.C. § 1292(b). *See* ECF Nos. 230 (Defendants); 232 (Parx); 234 (Hawke McKeon).

Because the motions filed by Defendants, Parx, and Hawke McKeon (together, "Movants") raise substantially similar issues, in an effort to avoid burdening the Court with duplicative briefing, Plaintiff Pace-O-Matic, Inc. ("POM") submits this combined opposition to Movants' pending motions. For the reasons stated below, the Court should deny each of the Movants' motion for reconsideration or, in the alternative, for certification under 28 U.S.C. § 1292(b).

1

I.      **The Court Should Deny the Movants' Requests for Reconsideration.**

"A party seeking reconsideration of a district court's order must show either (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its prior order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, No. No. 1:21-cv-658-JPW, 2022 WL 178816, at *6 (M.D. Pa. Jan. 18, 2022) (quotation omitted). "Motions for reconsideration cannot be used to reargue issues that the court has already considered and disposed of." *Id.* (quotation omitted). "Additionally, a motion for reconsideration may not be used . . . to raise new arguments that could have been made in support of the original motion." *Id.* (quotation omitted). "A mere disagreement with a court's legal conclusion is not a sufficient basis for reconsideration." *Id.* (quotation omitted).

Each of the Movants has requested that the Court reconsider its July 5 Order. For the reasons stated below, the Court should deny those requests.

A.      **The Court should deny Defendants' request for reconsideration.**

In their Motion for Reconsideration, Defendants do not contest the application of judicial estoppel. Instead, they solely contest the remedy that the Court has applied, claiming that the Court should "estop Eckert from denying POM's allegation that it has represented a party adverse to POM in litigation" rather than compelling disclosure of the documents at issue in the Court's July 5, 2022 Order.[1] In particular, Defendants contend that a remedy for Defendants' misconduct should not affect the privilege of Defendants' client, Parx. This argument is both procedurally improper and incorrect on the merits.

---

[1] Neither Defendants nor any other Movant claims (or reasonably could claim) that their request for reconsideration rests on an intervening change in law or new evidence that was not available when the Court issued its July 5 Order.

On the procedural side, Defendants cannot raise this argument for the first time in a motion for reconsideration.  Defendants filed *four* briefs on the issue of judicial estoppel.  *See* ECF Nos. 129; 134; 169; 193.  Nowhere in those four briefs did Defendants argue (even in the alternative) for the sanction they now propose.  Presumably this reflected a strategic choice by Defendants that their arguments would be stronger if they focused exclusively on the purported inapplicability of judicial estoppel.  That strategy having failed, Defendants cannot belatedly take a new tack in their motion for reconsideration.  A party cannot raise a new argument for the first time in a motion for reconsideration.  *See, e.g.*, *Epsilon Energy*, 2022 WL 178816, at *6.  Of course, if Defendants *had* presented this argument in their prior briefing, their motion to consider would still be improper, because "[m]otions for reconsideration cannot be used to reargue issues that the court has already considered and disposed of."  *Id.* (quotation omitted). The Court should deny Defendants' motion on procedural grounds alone.  *See id.*

Defendants' newfound argument is also wrong on the merits.  Defendants seemingly claim that Parx is a wholly innocent third party.  But that is not what the Court held.  The Magistrate Judge explained—and the Court agreed—that *Parx* has taken inconsistent positions, in bad faith, on the issue of whether Defendants served as counsel for Parx in the Commonwealth Court Case. *See* ECF No. 166, at 20-21; ECF No. 222 at 12 n.7.  For that reason, the Magistrate Judge and the Court found that judicial estoppel applies directly against Parx.  The Court *did not* apply any sanction against Parx due solely to misconduct by Eckert.  Thus, the premise underlying the entirety of Defendants' new argument—that an innocent non-party should not suffer solely due to misconduct by Defendants—is inaccurate.  The Court should deny Defendants' motion to reconsider.

In addition, the alternate sanction now proposed by Defendants would not suffice to address their misconduct.  Defendants now urge the Court to "estop Eckert from denying POM's allegation that it has represented a party adverse to POM in litigation" rather than requiring production of the documents at issue.  However, the facts that Defendants sought to conceal through their repeated misrepresentations to the Court (and which POM understands to be reflected in the documents at issue) go far beyond mere "represent[ing] a party adverse to POM in litigation."  For example, Defendants sought to conceal the fact that they had a leading and extensive role in the Commonwealth Court Case, "quarterback[ing]" the representation of Parx that was directly adverse to POM and that involved a frontal attack on the core of POM's business model.  *See* ECF No. 166, at 22-28.  Defendants sought to conceal that they arranged for another firm (Hawke McKeon) to serve as the sole counsel of record for the purpose of hiding Defendants' involvement in the case from POM.  *Id.* at 28-29.  Defendants sought to conceal that they engaged in these actions "with full knowledge that the conflict asserted by POM precluded [their] active and continuing representation of Parx in the Commonwealth Court litigation."  *Id.* at 29.  Defendants sought to use their bad-faith assertion of inconsistent positions to conceal *all* of these key facts, as well as perhaps others that appear in the documents submitted for *in camera* review.  An alternate remedy would not be properly tailored to addressing the harm caused by Defendants' misconduct unless it also encompassed the full range of material facts that Defendants sought to conceal.  Moreover, this discovery dispute—which has been ongoing for more than a year—arose because of the inconsistent positions advanced in bad faith by Defendants.  An alternate remedy would also need to require Defendants to pay all fees incurred by POM in connection with the underlying discovery dispute.  Defendants' proposed remedy does not include any of these necessary provisions.  A motion to reconsider does not constitute an appropriate vehicle to craft a

carefully tailored remedy.  Defendants should have faced the question of tailoring head-on in their prior briefing.  They chose not to do so, and they cannot complain at this late hour that the remedy selected by the Court is not tailored to their liking.  The Court should deny Defendants' motion to reconsider.

> **B.**     **The Court should deny Parx's request for reconsideration.**

Parx claims that the Court should reconsider its July 5, 2022 Order due to three purported "manifest errors of law and fact."  ECF No. 233, at 2.  Parx's argument is procedurally improper. "Motions for reconsideration cannot be used to reargue issues that the court has already considered and disposed of."  *Epsilon Energy*, 2022 WL 178816, at *6 (quotation omitted).  "A mere disagreement with a court's legal conclusion is not a sufficient basis for reconsideration."  *Id.* (quotation omitted).

Here, Parx's motion for reconsideration rests on three arguments, each of which Parx has presented previously, and each of which was rejected by the Magistrate Judge and the Court.  First, Parx claims that judicial estoppel cannot operate as an exception or waiver of attorney-client privilege.  Parx presented this argument to both the Magistrate Judge and the Court.  *See, e.g.*, ECF Nos. 130, at 10; 171, at 12-13.  Parx cannot use a motion for reconsideration to raise this argument—twice rejected by federal judges—for a third time.  *Epsilon Energy*, 2022 WL 178816, at *6.  Moreover, this argument misunderstands the Court's analysis.  The Court simply did not treat judicial estoppel as a waiver or exception to privilege.  Instead, the Court began with the foundational principle that "the attorney-client relationship applies only if an attorney-client relationship exists."  ECF No. 222, at 10 (quoting ECF No. 166, at 17-18).  Due to Parx's and Defendants' bad-faith inconsistent positions, the Court applied judicial estoppel, preventing them from asserting the existence of an attorney-client relationship between Defendants and Parx for

purposes of the Commonwealth Case.  And without evidence establishing the existence of an attorney-client relationship, there can be no attorney-client privilege.  There is nothing novel or controversial about this approach.  *Compare, e.g.*, *In re Berks Behavioral Health LLC*, 500 B.R. 711, 721 (E.D. Pa. Bankr. 2013) (applying judicial estoppel to prevent party from claiming that an individual was agent of party, which in turn prevented party from asserting privilege).  And where privilege has not been established, questions of waiver or exceptions simply never arise.

Second, Parx argues that it did not take any inconsistent positions warranting the application of judicial estoppel.  Parx has advanced this argument previously.  *See* ECF Nos. 130, at 13; 171, at 18-20.  And, as described above, the Magistrate Judge's and the Court's analysis have rejected this argument.  *See* ECF No. 166, at 20-21; ECF No. 222 at 12 n.7.  Parx cannot use a motion to reconsider to raise this previously rejected argument yet again.  *Epsilon Energy*, 2022 WL 178816, at *6.

Third, Parx claims that the July 5 Order impermissibly punishes Parx for the misconduct of others.  Parx has advanced this argument previously, *see* ECF Nos. 130, at 16; 171, at 23-24, and those arguments have been unsuccessful.  Moreover, as described above, this argument misunderstands the Court's analysis.  The Court has applied judicial estoppel against Parx based on ***Parx's*** bad-faith inconsistent positions.  *See* ECF No. 166, at 20-21; ECF No. 222 at 12 n.7.  In addition, to the extent that Parx contends that some other sanction should apply to remedy the misconduct of others, the particular sanction urged by the Movants is inadequate for the reasons described above.

For the foregoing reasons, the Court should deny Parx's request for reconsideration.

### C.      The Court should deny Hawke McKeon's request for reconsideration.

Hawke McKeon presents two arguments in its motion for reconsideration.  First, Hawke McKeon argues that judicial estoppel cannot operate as an exception to or waiver of the attorney-client privilege.  Second, Hawke McKeon claims that the Court should adopt an alternate remedy, namely, the remedy that Defendants have embraced for the first time in their motion for reconsideration.  Hawke McKeon did not raise either of these arguments in its four prior briefs addressing judicial estoppel.  *See* ECF Nos. 128; 137; 173; 194.  "[A] motion for reconsideration may not be used . . . to raise new arguments that could have been made in support of the original motion."  *Epsilon Energy*, 2022 WL 178816, at *6 (quotation omitted).  Thus, Hawke McKeon cannot raise these arguments for the first time in a motion for reconsideration.  Moreover, for the reasons discussed above, these arguments lack merit on their own terms.  The Court should deny Hawke McKeon's request for reconsideration.

## II.      The Court Should Not Certify Its July 5 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).

In the alternative, each of the Movants asks the Court to certify its July 5 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Section 1292(b) authorizes district courts to certify a non-final order for interlocutory appeal if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "Thus, certification under § 1292(b) is only proper when (1) the issue involve[s] a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation."  *Lower Susquehanna Riverkeeper v. Keystone Protein Co.*, No. 1:19-cv-1307-JPW, 2021 WL 2778563, at *2 (M.D. Pa. July 2, 2021) (quotation omitted).

Here, none of the Movants meaningfully argues that any of these requirements are satisfied, let alone all of them.  As described below, the Court's July 5 Order does not satisfy any of these requirements, and thus the Court should not certify the Order for interlocutory appeal.

### A.    The July 5 Order does not present a controlling question of law.

While using slightly different wording, Movants all contend that the July 5 Order presents the following issue warranting certification: "whether invoking the doctrine of judicial estoppel to order the disclosure of a non-party's attorney-client privileged communications is warranted based upon prior inconsistent statements of that non-party's counsel."  ECF No. 231, at 9 (Defendants' formulation); *compare* ECF Nos. 232-2, at 2 (Parx's formulation); 234-3, at 2 (Hawke McKeon's formulation).  A court may certify an order for interlocutory appeal only if the order presents a "controlling question of law."  28 U.S.C. § 1292(b).  "An order presents a controlling question of law if (1) an incorrect disposition would constitute reversible error if presented on final appeal; or (2) there is a question presented by the order that is serious to the conduct of the litigation either practically or legally."  *Lower Susquehanna*, 2021 WL 2778563, at *2 (quotation omitted).  Movants have not explained how the issue that they have framed (or any other issue) constitutes a controlling question of law under this standard.  Several factors demonstrate that the July 5 Order does not present any controlling question of law.

*First*, the Movants' argument rests on a purported issue that the Court's July 5 Order simply did not address.  As described above, the Court applied judicial estoppel against Parx based on *Parx's own* bad-faith, inconsistent representations.  *See* ECF No. 166, at 20-21; ECF No. 222 at 12 n.7.  The Court *did not* impose a sanction against Parx solely based on Defendants' conduct.[2]

---

[2] POM understands the purported question of law framed by Movants to refer to Parx being bound by *Defendants'* conduct.  *See* ECF No. 233, at 3 (Parx motion) (framing proposed appellate issue as follows: "Parx requests that [the Court] certify the order for appeal so the Third Circuit may

Thus, the issue framed by the Movants presents a wholly hypothetical question that the July 5 Order did not address. Such questions do not constitute controlling questions of law within the meaning of § 1292(b). *See, e.g.*, *Orgain, Inc. v. Northern Innovations Holding Corp.*, 8:18-cv-1253, 2021 WL 6103528, at *3 (C.D. Cal. Sept. 29, 2021).

**Second**, the discretionary and fact-specific nature of judicial estoppel generally make it inappropriate for certification under § 1292(b). "Judicial estoppel is a fact-specific, equitable doctrine, applied at courts' discretion." *In re Kane*, 628 F.3d 631, 638 (3d Cir. 2010). "A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002); *see also, e.g.*, *Litgo New Jersey, Inc. v. Martin*, Civ. No. 06-2891, 2011 WL 1134676, at *4 (D.N.J. Mar. 25, 2011) (holding that "the equitable and discretionary nature of [the] rulings [at issue] makes them inappropriate for interlocutory review"). Courts have denied certification of orders addressing judicial estoppel for precisely this reason. *See, e.g.*, *Tucker v. Closure Sys. Int'l*, No.

---

address the novel application of judicial estoppel to justify the disclosure of a non-party's privileged communications *based on the statements of its law firm as a defendant in litigation with another client*." (emphasis added)). POM does not understand Movants to question whether Parx can be bound by representations made by Hawke McKeon in the Commonwealth Court Case, where Hawke McKeon served as Parx's counsel of record. If that were Movants' argument, it would be entirely meritless. It is well-established that an attorney's statements (either in court filings or at hearings) during a prior proceeding can give rise to judicial estoppel against that attorney's client in a later proceeding. *See, e.g.*, *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (collecting cases); *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 483 (6th Cir. 2010) (applying judicial estoppel because the court would not "deviate from the general rule set forth in [*Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)] that litigants are bound by the actions of their attorneys"); *cf. Link*, 370 U.S. at 633-34 ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.").

1:10-cv-1476, 2012 WL 1997866, at *3 (S.D. Ind. June 4, 2012) (finding no controlling question of law because, among other things, "whether to apply judicial estoppel is a matter left to the court's discretion"); *Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F. Supp. 2d 550, 562 (N.D. Tex. 2009) ("[T]he Court's ruling on judicial estoppel is within the Court's discretion and does not warrant an interlocutory appeal."). Thus, no controlling question of law exists here.

Similarly, orders that involve factual issues—even mixed questions of law and fact—ordinarily do not support certification under § 1292(b). *See, e.g.*, *Johnson v. Alldredge*, 488 F.2d 820, 822 (3d Cir. 1973) (indicating that an issue would be inappropriate for interlocutory appeal if it "comprehends factual as well as legal matters"); *McCoy v. Favata*, No. 17-1046, 2020 WL 5891898, at *2 (D. Del. Oct. 5, 2020) ("An order involves a 'controlling question of law' when it concerns a question of law, as opposed to one of fact or a mixed question of law and fact." (quotation omitted)). As noted above, "[j]udicial estoppel is fact-specific." *In re Kane*, 628 F.3d at 638. The heavily fact-dependent nature of judicial estoppel also makes it improper for interlocutory review. Thus, no controlling question of law exists here.

***Third***, nothing in the July 5 Order "is serious to the conduct of the litigation either practically or legally." *Lower Susquehanna*, 2021 WL 2778563, at *2 (quotation omitted). Here, the documents at issue could incrementally inform discovery and may well be presented at trial. But reversal of the July 5 Order would not impact whether this litigation continues, which claims proceed to trial, or the scope of damages available at trial. "A question is not controlling if the litigation would necessarily continue, regardless of how the question were decided." *RFP & RESCAP Liquidating Trust Litig.*, No. 13-3451, 2016 WL 3410332, at *3 (D. Minn. June 20, 2016). The July 5 Order does not present a controlling question of law, and thus certification under § 1292(b) is improper.

**B.      There are not substantial grounds for difference of opinion regarding any issue question of law presented by the July 5 Order.**

A controlling question of law can justify interlocutory appeal only if "there is substantial ground for difference of opinion."  28 U.S.C. § 1292(b).  "Substantial grounds for difference of opinion exist when the matter involves one or more difficult and pivotal questions of law not settled by controlling authority."  *Lower Susquehanna*, 2021 WL 2778563, at *2 (quotation omitted).  "Conflicting interpretations of the issue from numerous courts is the "clearest evidence" that this factor is satisfied."  *Id.* (quotation omitted).  "[T]he fact that the court's decisions were neither easy nor obvious is not sufficient reason to certify an immediate interlocutory appeal."  *EPIC v. Pac. Lumber Co.*, No. C-01-2821 2004 WL 838160, at *4 (N.D. Cal. April 19, 2004).  "[A] movant must do more than show continued disagreement with the trial court's decision."  *Graham v. Mukasey*, 608 F. Supp.2d 56, 57 (D.D.C. 2009).

Here, Movants provide no basis whatsoever for concluding that substantial grounds exist for differing opinions about the July 5 Order.  Movants do not identify any authority that conflicts with the Court's analysis.  Defendants also do not point to any "***questions of law*** not settled by controlling authority."  *Lower Susquehanna*, 2021 WL 2778563, at *2 (quotation omitted) (emphasis added).  To the contrary, the applicable legal principles appear to be clear.  Instead, the disputes here involve the application of those generally applicable legal principles to the specific facts of this case.  Such disputes are not appropriate for interlocutory review.  *See, e.g.*, *Ussery v. Allstate Fire & Casualty Ins. Co.*, 5:13-cv-83, 2016 WL 9131968, at *1 (M.D. Ga. Mar. 31, 2016) (declining to certify an order applying judicial estoppel where party disputed application of general legal principles to facts of case, explaining that "the term 'question of law' does not mean the application of settled law to fact").  Thus, there is no basis for interlocutory review of the July 5 Order.

C.     **An immediate appeal of the July 5 Order would not materially advance the termination of this litigation.**

It is not enough for an order to present a controlling question of law about which there are substantial grounds for difference of opinion.  To justify certification, interlocutory review of that controlling question of law also must "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "[T]he question of whether litigation would be materially advanced hinges on (1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties."  *Lower Susquehanna*, 2021 WL 2778563, at *2 (quotation omitted).  None of these considerations support certification here, and Movants do not claim otherwise.

***First***, interlocutory review of the Court's July 5 Order will not eliminate the need for trial.  The Court's July 5 Order merely ordered the production of certain documents.  It did not address the merits of any of POM's claims or Defendants' defenses.  At most, reversal of the July 5 Order might incrementally affect which exhibits are presented at trial.  But the Order has no effect on whether trial will be necessary, and thus an interlocutory appeal would not materially advance the termination of this litigation. *See Union Pac. R.R. Co. v. ConAgra Poultry Co.*, 189 F. App'x 576, 579 (8th Cir. 2006) (per curiam) (refusing to review discovery order certified under § 1292(b), because "[a] review of the discovery order will not resolve any of the substantive claims or eliminate the need for trial").

***Second***, interlocutory review of the Court's July 5 Order will not eliminate any complex issues at trial.  Interlocutory review will not impact what claims are presented at trial, what issues must be resolved by the jury and the Court, or what witnesses testify at trial.  At most, reversal of

the July 5 Order will incrementally impact which exhibits are presented at trial.  Those minimal impacts do not warrant the substantial burdens and delays associated with interlocutory review.

*Third*, interlocutory review of the July 5 Order will not streamline discovery or reduce expenses to the parties.  To the contrary, interlocutory review will simply delay discovery in this case and force the parties to pay substantial legal fees for an interlocutory appeal that could be entirely unnecessary depending on the final resolution of the case.  There is no basis for interlocutory review of the July 5 Order.

### D. The lone case cited by Movants that certified an issue under § 1292(b) does not support their position.

As noted above, none of the Movants offers any meaningful argument regarding the requirements of § 1292(b).  However, Defendants do cite one decision by a magistrate judge in the Eastern District of Pennsylvania.  *See Henriquez-Disla v. Allstate Prop. & Cas. Ins. Co.*, Case No. 2:13-cv-284, 2014 WL 3887750 (E.D. Pa. Aug. 7, 2014).  It is true that the magistrate judge in *Henriquez-Disla* certified a discovery order under § 1292(b).  However, that is not the end of the story.  Even where a district court certifies an order under § 1292(b), the Court of Appeals may deny the request for interlocutory review.  *See* 28 U.S.C. § 1292(b).  In *Henriquez-Disla*, the Third Circuit *denied* the request for interlocutory review.  *See Henriquez-Disla v. Allstate Prop. & Cas. Ins. Co.*, No. 14-8108 (3d Cir.), Oct. 8, 2014 Order.  To the extent that Defendants believe that *Henreiquez-Disla* is similar or analogous to this case, the Third Circuit's resolution of that case demonstrates that certification for interlocutory review is inappropriate here.

### CONCLUSION

For the reasons stated above, the Court should deny Movants' motions for reconsideration and for certification under 28 U.S.C. § 1292(b).

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Jeffrey B. Jensen*
Jeffrey B. Jensen*
Michael Nolan*
Michael Martinich-Sauter*
Bola Adeniran*
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-345-6464 (Telephone)
314-480-1505 (Facsimile)
Jeff.jensen@huschblackwell.com

* Appearing by special admission

George W. Westervelt, Jr.
Attorney ID No. 18195
706 Monroe Street, PO Box 549
Stroudsburg, Pennsylvania 18360
570-421-6100
geowwest@ptd.net

**Counsel for Plaintiff Pace-O-Matic, Inc.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served upon counsel of record for all parties via the Court's ECF filing system on July 22, 2022.

*<u>/s/ Jeffrey B. Jensen</u>*