IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., | : |
| Plaintiff, | : |
| v. | : Docket No. 1:20-cv-00292 |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, MARK S. STEWART, and KEVIN M. SKJOLDAL, | : (Judge Jennifer P. Wilson) : (Judge Joseph F. Saporito, Jr.) |
| Defendants. | : |

## REPLY BRIEF OF DEFENDANTS IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION AND/OR CERTIFICATION OF THE COURT'S JULY 5, 2022 ORDER

Defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal (collectively, "Eckert"), through their counsel, Fox Rothschild LLP, hereby file this Reply Brief in further support of their Motion for Reconsideration of the Court's July 5, 2022 Order, or alternatively, to Certify the Order for Interlocutory Appeal to the United States Court of Appeals for the Third Circuit (the "Motion"), pursuant to 28 U.S.C. 1292(b).

### OVERVIEW OF REPLY

Plaintiff, Pace-O-Matic, Inc. ("POM"), in its opposition to Eckert's Motion confirms that it is not actually interested in an appropriate remedy for the alleged inconsistent statements, but instead, wants merely to review the privileged communications of Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx

1

Casino"). Here, as articulated by Eckert, Parx Casino and Hawke McKeon & Sniscak, LLP ("Hawke McKeon"), the remedy simply does not fit the alleged violation. Eckert seeks appropriately to remedy those inconsistent statements and accept the alternative resolution of the issue proposed by Judge Saporito and this Court. It is perplexing – but telling – why POM does not want the Court to impose that alternative remedy.

Moreover, POM misstates the nature of this issue entirely, and how judicial estoppel became an issue in this discovery dispute. It was not raised by POM. Instead, Judge Saporito raised it *sua sponte*. POM never adopted it or raised any concern until after Eckert appealed Judge Saporito's first decision. Both decisions from Judge Saporito – and now this Court – rely upon the application of judicial estoppel as the only basis upon which to override the attorney-client privilege and work product doctrine. Application of that legal principal is certainly a controlling legal issue that warrants certification. More importantly, however, as Parx Casino and Hawke McKeon have the right to appeal the July 5, 2022 Order directly under the doctrine articulated in *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417 (1918), the Court should certify its Order in the interest of judicial economy to permit Eckert to seek interlocutory review consistent with the other parties.

## ARGUMENT

### A. Reconsideration of This Court's July 5, 2022 Order is Warranted

Eckert will not repeat its prior arguments or those articulated by Parx Casino and Hawke McKeon in their motions and in the Reply Brief filed by Parx Casino on July 28,

2

2022 (Doc. No. 242). Eckert would merely point out that, simply because POM wants to review what are undisputedly attorney-client privileged communications, does not mean that it is an appropriate remedy for the purportedly inconsistent statements made by Eckert. None of the cases cited by POM incidentally support any argument that judicial estoppel should be used as a mechanism to override the attorney-client privilege or work product doctrine.

 Further, POM faults Eckert for not raising this potential remedy before or that somehow such a request is inappropriate for a motion for reconsideration. POM is incorrect. The issue was not raised before because Eckert did not believe that it made any inconsistent statements, and certainly in the absence of any prior motions or arguments relying upon such allegedly inconsistent statements, Eckert did not believe that judicial estoppel applied. Nevertheless, it was Judge Saporito and now this Court that raised the alternative, harsher remedies suggested in their opinions. Eckert is willing to accept that remedy, which is tailored to the purportedly inconsistent statements, *i.e.*, "to judicially estop Eckert from denying POM's allegation that it has represented a party adverse to POM in litigation."

 As Parx Casino correctly addressed in its reply, the Court should question why POM would not accept the remedy proposed by Eckert, which results in litigating one less issue at trial, instead of merely trying to obtain the privileged communications of what amounts to a competitor. The Court should certainly consider POM's motives in

this regard and potentially disregard POM's arguments to the contrary. Again, if the Court accepts Eckert's reconsideration request, then this issue is fully resolved, and Eckert will live with the admission.

### B. Alternatively, Certification is Certainly Warranted.

If the Court is not inclined to grant Eckert's request for reconsideration, then certainly the Court should certify its July 5, 2022 Order for interlocutory appeal to the Third Circuit. This issue is unquestionably based upon a controlling question of law, and indeed, would appear to be an issue of first impression. POM argues that the decision was entirely fact-based, but the application of judicial estoppel in this circumstance is both novel and involves an entirely controlling question of law.

More importantly, Parx Casino and Hawke McKeon have exercised their right to appeal the July 5, 2022 Order directly to the Third Circuit under the *Perlman* doctrine. 247 U.S. at 13, 38 S.Ct. at 419. *See also In Re Grand Jury #3,* 847 F.3d 157, 163 (3rd Cir. 2017) (privilege holder may take direct appeal based upon *Perlman* doctrine); *In re Grand Jury*, 705 F.3d 133, 138 (3rd Cir. 2012) ("a privilege holder may immediately appeal an adverse disclosure order when the privileged information is controlled by a 'disinterested third party who is likely to disclose that information rather than be held in contempt for the sake of an immediate appeal.'"); *In re Grand Jury Subpoena*, 745 F.3d 681, 686–87 (3rd Cir. 2014) (quoting *In re Grand Jury*, 705 F.3d at 138).

As the Third Circuit is likely to hear the merits of this appeal regardless, it makes sense – and would permit final resolution of the issue and advance the case itself – if the Court were to certify the July 5, 2022 Order as to Eckert so all interested parties would be heard on this issue at the same time and in the same consolidated appeal.

## CONCLUSION

For all of the foregoing reasons, and those contained in their opening Brief, defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal, respectfully request that this Court reconsider its July 5, 2022 Order and Memorandum as to the proposed remedy or, alternatively, certify the Order for immediate appeal to the Third Circuit pursuant to 28 U.S.C. §1292(b).

    Respectfully submitted,

*/s/ Robert S. Tintner*

ROBERT S. TINTNER, ESQUIRE (No. 73865)
PETER C. BUCKLEY, ESQUIRE (No. 92313)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com

**Counsel for Defendants,
ECKERT SEAMANS CHERIN & MELLOTT,
LLC, MARK S. STEWART and KEVIN M.
SKJOLDAL**

Date:   August 5, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
PACE-O-MATIC, INC.,                        :
                                           :
                    Plaintiff,             :
        v.                                 :    Docket No. 1:20-cv-00292
                                           :
ECKERT SEAMANS CHERIN &                    :
MELLOTT, LLC, MARK S. STEWART,             :    (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                     :
                                           :
                    Defendants.            :
_____:

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 5th day of August, 2022, I served a true and correct copy of the foregoing Reply Brief in Further Support of Motion for Reconsideration, via ECF, upon all counsel of record.

_____
ROBERT S. TINTNER, ESQUIRE