IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
PACE-O-MATIC, INC.,                             :
                                                :
                            Plaintiff,          :
                                                :
        v.                                      :      Docket No. 1:20-cv-00292
                                                :
ECKERT SEAMANS CHERIN &                         :
MELLOTT, LLC, MARK S. STEWART,                  :      (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                          :
                                                :
                            Defendants.         :
                                                :
_____

**REPLY BRIEF OF DEFENDANTS IN FURTHER SUPPORT
OF THEIR MOTION TO DISMISS PORTIONS OF SECOND
AMENDED COMPLAINT OF PLAINTIFF, PACE-O-MATIC, INC.**

Defendants, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), Mark S.

Stewart, and Kevin M. Skjoldal (collectively, "defendants"), by and through their

counsel, Fox Rothschild LLP, hereby file this Reply Brief in further support of

their Motion to Dismiss Counts I, III, IV and all requests for attorneys' fees from

the Second Amended Complaint of plaintiff, Pace-O-Matic, Inc. ("POM").

**INTRODUCTION**

POM's Second Amended Complaint and its brief in opposition to

defendants' motion to dismiss is a less-than-transparent effort to concoct claims

and create damages that POM is simply not entitled to recover.  Rather than focus

on its breach of fiduciary duty claim and any potential compensatory damages

associated with that claim, POM seeks to re-state – yet again – a fraud claim, to

continue to assert a declaratory judgment claim that is now moot and to argue an abuse of process claim based upon State Court Cases in which POM is not a party and could not have sustained any recoverable damages.  Further, POM seeks to recover damages associated with this case, which is clearly barred by the American Rule, and POM seeks to recover alleged attorneys' fees incurred by other parties in other unrelated matters.  POM has no argument or legal authority to support its new claims or new theories of damages in the form of attorneys' fees.

Accordingly, notwithstanding POM's opposition and attempts to create new claims, this Court should dismiss with prejudice the declaratory judgment claim (Count I), the fraud claim (Count III), the abuse of process claim (Count IV), and all requests for attorneys' fees from the Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

### A. Defendants' Motion is Timely.

In light of this Court's September 13, 2022 Order confirming the filing date of POM's Second Amended Complaint as August 2, 2022, defendants respectfully submit that the motion to dismiss filed on August 16, 2022 was timely.  Nevertheless, defendants merely point out that service of the Second Amended Complaint occurred when it was sent by e-mail from the Clerk on August 2, 2022, which triggered a responsive pleading deadline of August 16, 2022 consistent with Federal

Rule of Civil Procedure 15(a)(3). As a technical filing issue, a party cannot move to dismiss (and link that motion to the requisite filing), if the pleading itself has not been filed of record, which occurred in this case on August 2, 2022. Moreover, even if defendants' motion is considered untimely[1], the Court could always address the motion as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which has no timing deadline other than it must be filed within sufficient time as "not to delay trial." *See* Fed.R.Civ.P. 12(c). Defendants' motion, thus, was timely, and the Court should dispose of the motion on its merits.

**B.  Count I Should Be Dismissed.**

Rather than explain to this Court how any future alleged conduct is not covered or addressed by the permanent injunction contained in the Stipulated Order dated January 27, 2022 (which, of course, it is, and it was heavily negotiated with POM's prior counsel before submission), POM seeks once again to rely upon e-mails and past alleged conduct – as if somehow that changes the scope of the permanent injunction or the declaratory relief sought in Count I. It does not.

Moreover, this Court has already ruled definitively in dismissing all allegations of past conduct and alleged breaches of fiduciary duty from POM's declaratory judgment claim in its Amended Complaint that "to the extent that POM

---

[1] Certainly, there is no dispute that POM has not been prejudiced if the Court determines that defendants' motion is untimely.

seeks a declaration that Eckert's past conduct was unlawful, such claims will be dismissed." *See* Court's March 31, 2022 Order (Dkt. 204).  No amount of discovery related to past conduct changes the relief sought in POM's declaratory judgment count or the relief obtained through the Stipulated Order.  *Compare* Count I of Second Amended Complaint with Stipulated Order (Dkt. 191). Indeed, not surprisingly, the *whereas* clause of Count I directly mirrors the relief already stipulated to and entered by the Court as an Order on January 27, 2022.[2]

Any other claims or relief that POM is seeking involve monetary damages, which are not covered by this declaratory judgment claim regardless.  Thus, Count I of the Second Amended Complaint is now moot, and the Court should dismiss it.

### C. <u>POM Cannot Plead Reliance to Support Any Fraud Claim.</u>

Much like the flaws contained in the fraud claim that POM attempted to prosecute as part of its Amended Complaint, which the Court previously dismissed, POM's new fraud claim suffers from the same failures that led to its prior dismissal. The Court also should note that POM has raised no allegations concerning the legal services that Eckert provided to it.  Thus, while POM certainly complains about legal services provided to other clients in Pennsylvania, there is no allegation that Eckert misled POM as to the legal services that Eckert provided to POM in Virginia, which

---

[2] No one disputes that, if either party violated the Stipulated Order, that party could seek further relief from the Court by motion.

was the entire scope of Eckert's engagement with POM.

Moreover, when the Court dismissed the original fraud claim, the Court so noted that "[t[here is no averment that POM altered its intended course of action because of Eckert's representations, and POM does not explain how it relied on these representations . . . Instead, POM has maintained its belief of Eckert's assertions, and there is no allegation that POM has been harmed in any new or different way as a result of Eckert's alleged misrepresentations in the amended complaint." *See* March 31, 2022 Order at 9 (Dkt. 204). Although POM purportedly now rests its fraud claim on alleged "omissions," the same fatal flaws identified by the Court in its March 31, 2022 Order hold true with respect to the fraud allegations contained in the Second Amended Complaint.

Indeed, there could be <u>no</u> reliance at all upon the alleged omissions by Eckert that purportedly give rise to POM's fraud claim. POM continued its lobbying efforts to legalize its games in Pennsylvania. POM-PA (the plaintiffs in all three Commonwealth Court Cases) proceeded with filing the Commonwealth Court Cases to determine the legality of its games in Pennsylvania. POM later commenced this action alleging a breach of fiduciary duty claim against Eckert *before receipt of the alleged e-mails and information that purportedly give rise to POM's most-recent fraud claim*. Thus, POM did not rely upon any statements or omissions of Eckert with respect to what it did here in Pennsylvania as, during the entirety of the period

referenced in its fraud count (January 2017- October 2019), POM was represented by other counsel.

Moreover, as the Court recognized in dismissing POM's prior fraud claim, had POM relied upon these purported omissions, POM would not have filed this lawsuit or its motion for preliminary injunction before receiving any of the purported e-mails. POM clearly did not rely upon any purported omissions by Eckert in connection with POM's filing of this lawsuit, the motion for preliminary injunction, and frankly, any other actions taken by POM either before or during this litigation. Therefore, for all of the reasons that the Court previously dismissed POM's fraud claim and the absence of any type of reliance, the Court should dismiss POM's fraud claim as contained in Count III of the Second Amended Complaint.

### D. **POM's Abuse of Process Claims Fails as a Matter of Law.**

POM concedes that it was not a party to any of the State Court Cases that Eckert brought on behalf of Parx Casino against a number of entities in Bucks County and Montgomery County, Pennsylvania. That concession alone is fatal to POM's abuse of process claim because the process itself was not used against the plaintiff [POM]. See *McGee v. Feege,* 535 A.2d 1020, 1023 (Pa. 1987) (among other elements, a plaintiff must demonstrate that the legal process was used against it, the plaintiff).

6

In addition to that fatal flaw, however, POM cannot overcome the overwhelming number of Pennsylvania state court and federal court decisions applying Pennsylvania law that require allegations involving an actual perversion of the legal process. *See, e.g., Cameron v. Graphic Mgmt. Assocs., Inc.*, 817 F. Supp. 19, 22 (E.D. Pa. 1992) (dismissing abuse of process counterclaim because defendant failed to allege that plaintiff "abused the process ***after*** its issuance."); *Sondesky v. Cherry Scaffolding, Inc.*, 2017 WL 3873578, at *4 (E.D. Pa. Sept. 5, 2017) (holding that plaintiff "cannot maintain a claim for abuse of process when she has failed to allege any act by the Defendants ***after the process was initiated***."). POM does not even attempt to distinguish those cases largely because it cannot do so, and there are no allegations to support that claim.

Indeed, instead of trying to allege facts that demonstrate that defendants somehow perverted the legal process (which clearly defendants did not do), POM argues that defendants simply used the process with a bad motive. That is insufficient under Pennsylvania law to plead an abuse of process claim. *See Hart v. O'Malley*, 647 A.2d 542, 552 (Pa. Super. 1994) ("[i]t is not enough that the process employed was used with a collateral purpose in mind"). POM must allege – which it has not – that the use of the process was in some way perverted or abused. In the absence of such allegations, one is left with the mere filing of the State Court Cases, which is insufficient to plead an abuse of process claim under Pennsylvania law.

7

The facts as alleged confirm that: (1) POM was not a party to any of the State Court Cases, (2) there are no allegations of a perversion of the legal process utilized, and (3) the cases were terminated before resolution (even though the defendants sought to have them dismissed by preliminary objection and failed). Those facts are fatal to POM's purported abuse of process claim arising from the State Court Cases initiated by Eckert against entities other than POM. The Court, accordingly, should dismiss Count IV of the Second Amended Complaint.

**E.  POM Cannot Recover Attorneys' Fees in This Case.**

Try as it might, POM offers no authority to deviate from the well-established American Rule that a party bears its own costs absent a statute or agreement that provides for the recovery of attorneys' fees. Even putting aside the Third Circuit decision recently released but unpublished, all of the authority from the Supreme Court of Pennsylvania and the Superior Court of Pennsylvania consistently apply the American Rule even in cases such as this one.

Nevertheless, POM argues that Eckert's allegedly conflicted representation existed at the time that POM filed suit, and that somehow justifies POM's request for attorneys' fees in this case. In fact, that is not true. Eckert no longer represented POM as of January 2020 (which of course is pled in the Second Amended Complaint), and no court ever disqualified Eckert from representing any party adverse to POM or in any context related to this case. Indeed, despite the ultimate

entry of the January 27, 2022 Stipulated Order, Eckert voluntarily withdrew from its involvement in the cases adverse to POM prior to the entry of that Order.  Thus, even to the extent that POM relies upon one outlier federal district decision to try to do an end-run around the plethora of authority reaffirming the American Rule in Pennsylvania, POM offers no authority to recover its attorneys' fees as compensatory damages in this case.  Accordingly, POM cannot recover attorneys' fees in connection with this litigation, and the Court should dismiss the request.

### F.  **POM Cannot Recover the Other Alleged Attorneys' Fees.**

In an effort to avoid the barrier that POM itself created when it formed different corporate entities to oversee different aspects of its business and to obtain other protections afforded by the creation of those separate corporate entities, POM now argues that the Court should ignore the cases cited by defendants and rely upon some "third-party litigation rule" to recover attorneys' fees here.  The rule and the cases cited by POM are inapposite to the issue presented here.  The issue here has nothing to do with possible indemnification or defense of a claim involving a third-party[3]; instead, defendants' argument rests on whether a corporate affiliate may recover attorneys' fees allegedly incurred by another corporate entity in order to

---

[3] The example of the use of this rule provided for in *De Lage Landen Financial Services, Inc v. Miramax*, 2008 WL 4348074 at *14 (E.D. Pa., Sep. 23, 2008), where: "A, fraudulently purporting to be an agent for B, contracts with C, who, upon B's failure to perform and in the belief that B is liable, brings unsuccessfully a suit against B, C can recover damages from A for

establish damages to support its breach of fiduciary duty claim. The cases cited by defendants hold conclusively that POM cannot.

Ironically, even in the cases cited by POM, the courts did not permit the parties to recover the attorneys' fees incurred in the prosecution of their claims. *See, De Lage Landen, supra*, at *15 ("MWB is not liable for the attorneys' fees that Miramax expended in litigating against MWB itself"); *Aetna Cas. and Sur. Co. v. Nationwide Mut. Ins. Co.*, 471 F. Supp. 1059, 1067 (M.D. Pa. 1979) (in indemnification case, "[t]hat portion of the counsel fees incurred as a result of defending the underlying action are recoverable although those incurred in the indemnification action are not.").

More importantly, this is not a fact-intensive inquiry as POM suggests. Rather, POM is clearly seeking to recover attorneys' fees to support its breach of fiduciary duty claim against defendants based upon other cases in which it was not a party and did not *incur* the purported attorneys' fees or losses. *See, e.g., Official Committee of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 352-353 (3rd Cir. 2001) (in fraud action, court would not disregard the corporate entity in determining whether an entity incurred an actual loss as Pennsylvania law imposes a "stringent inquiry" to avoid making the corporate structure useless). Such a theory

---

the cost of the proceeding" is completely irrelevant to the facts in this case and has no bearing on the arguments made by defendants.

10

fails to satisfy the actual loss requirement in any breach of fiduciary duty or legal malpractice claim. *See, e.g.*, *Gen. Nutrition Corp. v. Gardere Wynne Sewell, LL*P, 727 F. Supp. 2d 377 (W.D. Pa. 2010) (company may not pursue the "actual loss" suffered by a separate and distinct corporate entity). Thus, it makes no difference that POM is now suggesting that it might have paid the attorneys' fees. The inquiry that the Courts made and decisively concluded in the cases cited by defendants was whether the entity that filed suit (here, POM) suffered the "actual loss" or harm in the form of the damages sustained as a result of the defendants' conduct. POM cannot meet that burden, as it is not entitled to claim damages based upon attorneys' fees incurred by POM-PA in the Commonwealth Court Cases or the other parties in the State Court Cases.

In breach of fiduciary duty claims, as the Third Circuit recognized in *Avco v. Turner*, 2022 WL 2901015 at *3-4 (3rd Cir., Jul. 22, 2022), the damages must be directly and causally connected to the breach by the attorney and suffered by the plaintiff. There, the Court in essence affirmed the trial court's rejection of the purported claims to compensatory damages and attorneys' fees and appropriately remanded the case for consideration of possible disgorgement as the appropriate remedy for the defendant's breach of her fiduciary duty. *Id.*

The Court here should do the same thing as there is no connection to the purported breach of fiduciary duty by Eckert and the attorneys' fees allegedly

incurred by these other entities in the State Court Cases and by POM-PA in the Commonwealth Court Cases. Accordingly, the Court should grant defendants' motion and dismiss all of POM's requests for attorneys' fees contained in the Second Amended Complaint.

## CONCLUSION

For all of the foregoing reasons, and those contained in their principal brief, defendants respectfully request that the Court enter their proposed form of Order, grant the motion to dismiss and dismiss Counts I, III, IV, and all requests for attorneys' fees in the Second Amended Complaint of plaintiff, Pace-O-Matic, Inc.

Respectfully submitted,

_____
ROBERT S. TINTNER, ESQUIRE (No. 73865)
PETER C. BUCKLEY, ESQUIRE (No. 92313)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766/2854 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com
pbuckley@foxrothschild.com

**Counsel for Defendants,
ECKERT SEAMANS CHERIN & MELLOTT,
LLC, MARK S. STEWART, KEVIN M.
SKJOLDAL**

Date: September 23, 2022

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                          :
                                             :
                          Plaintiff,         :
                                             :
       v.                                    :        Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN &                      :
MELLOTT, LLC,  MARK S. STEWART,              :        (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                       :
                                             :
                          Defendants.        :
_____:

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 23rd day of

September, 2022, I served a true and correct copy of the foregoing Reply Brief in

Further Support of Motion to Dismiss, via ECF, upon all counsel of record.

_____
ROBERT S. TINTNER, ESQUIRE