

Fox Rothschild LLP
ATTORNEYS AT LAW

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com


ROBERT S. TINTNER, ESQUIRE
Direct Dial: 215-299-2766
Email Address: rtintner@foxrothschild.com


June 20, 2023

**VIA ECF**

The Honorable Jennifer P. Wilson
United States District Judge
United States District Court for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

> **Re:**  ***Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC***, **No. 1:20-cv-00292-JPW (M.D. Pa.) – Discovery Dispute Regarding Plaintiff's Failure to Produce Documents Relating to POM's Pennsylvania Revenues**

Dear Judge Wilson:

As Your Honor is aware, the undersigned represent defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin M. Skjoldal (collectively, "Eckert"), in the above-captioned action (the "Action").  Pursuant to the Court's Rules, we submit this letter to notify the Court of a discovery dispute relating to plaintiff, Pace-O-Matic, Inc.'s ("POM"), failure to produce requested documents relating to its revenues.  Although the parties' counsel conferred regarding this dispute, they were unable to resolve it.  Accordingly, Eckert respectfully requests that the Court order POM to produce the requested documents relating to POM's Pennsylvania revenues.

**I.      Eckert Requests, but POM Refuses to Produce Documents Relevant to POM's Allegation that Eckert's Efforts "to Destroy POM's Pennsylvania Market Threaten POM's Continued Existence."**

POM has filed three complaints in the Action.  In each, POM has alleged that Eckert made efforts "to destroy POM's business" and that such alleged efforts "to destroy POM's Pennsylvania market" *actually* "threaten[] POM's continued existence."  *E.g.*, Complaint at ¶ 19 ("Eckert's conflicted efforts on behalf of Parx Casino to destroy POM's Pennsylvania market threatens

A Pennsylvania Limited Liability Partnership

California    Colorado    Connecticut    Delaware    District of Columbia    Florida
Illinois    Minnesota    Nevada    New Jersey    New York    Pennsylvania    Texas



POM's continued existence."); Amended Complaint at ¶ 29 ("Eckert's conflicted efforts on behalf of Parx Casino to destroy POM's Pennsylvania market threaten POM's continued existence."); Second Amended Complaint ¶¶ 56, 65, 84, 99, 116, 120, 122 (asserting, *inter alia*, that Eckert "were actually working to destroy" POM, that Eckert's "efforts . . . to destroy POM's Pennsylvania market threaten POM's continued existence," that "Eckert and Mr. Stewart also coordinated and led a 'PR campaign' . . . aimed at destroying POM's business," that "Eckert, Mr. Stewart and Mr. Skjoldal acted . . . pursuant to a calculated strategy to destroy POM's business").

Thus, POM has alleged—in three separate, signed complaints that it has filed over a period of more than two years—that Eckert has made efforts "to destroy POM's Pennsylvania market" and that such alleged efforts *actually* "threaten POM's continued existence." Second Amended Complaint at ¶ 84; Amended Complaint at ¶ 29 (same); Complaint at ¶ 19 (same). Indisputably, these allegations put at issue the questions of (i) whether and to what extent "POM's continued existence" *is* "threaten[ed]," (ii) whether and to what extent "POM's Pennsylvania market" has been "destroy[ed]," and (iii) whether and to what extent Eckert's alleged efforts are responsible for such "threat[]" and/or "destr[uction]."

Because of the nature of the claims asserted, Eckert also has pled affirmative defenses that put at issue whether "POM's continued existence" is "threaten[ed]," whether "POM's Pennsylvania market" has been "destroy[ed]," and whether any of Eckert's actions are responsible for such alleged "threat[]" and/or "destr[uction]." *See, e.g.*, Answer of Defendants, Eckert Seamans Cherin & Mellot, LLC, Mark S. Stewart and Kevin Skjoldal, to Plaintiff's Amended Complaint with Defenses (ECF No. 210) (the "Answer") at 16 (pleading, as seventh affirmative defense, that "POM has suffered no damages" and, as eighth affirmative defense, that "Eckert did not cause any damages that POM allegedly sustained."). These defenses likewise put at issue (i) whether and to what extent "POM's continued existence" *is* "threaten[ed]," (ii) whether and to what extent "POM's Pennsylvania market" has been "destroy[ed]," and (iii) whether and to what extent Eckert's alleged efforts are responsible for such "threat[]" and/or "destr[uction]." These issues further put at issue in general terms whether Eckert's actions have caused POM any harm, and Eckert has the right to put on affirmative evidence at trial on those issues.

Accordingly, Eckert appropriately has sought discovery relevant to these issues. To that end, on April 1, 2022, Eckert propounded its Third Set of Requests for the Production of Documents Directed to Plaintiff ("Eckert's RFPs"). A true and correct copy of Eckert's RFPs is attached hereto as Exhibit A. Request no. 6 in Eckert's RFPs requests production of "[a]ll documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect the revenues generated by POM from POM skill machines in Pennsylvania for each year from 2016 through and including 2021." ("Eckert's Request No. 6.") Exhibit A at 7.

On July 6, 2022, POM responded to Eckert's RFPs ("POM's Responses and Objections"). A true and correct copy of POM's Responses and Objections is attached hereto as Exhibit B. In response to Eckert's Request No. 6, POM objected on various grounds—including relevance,



overbreadth, undue burden, proportionality, "the sensitivity of the information at issue," and "harassment"—and refused to produce any of the documents requested by Eckert's Request No. 6. *See* Exhibit B at 5-6. Instead, POM stated that it would "withhold responsive materials based on" its various objections. *Id*.

## II.    Counsel Conferred in an Effort to Resolve the Dispute.

During a videoconference in May 2023, Eckert's counsel informed POM's counsel that Eckert considers POM's objections to Eckert's Request No. 6 to be groundless and requested that POM reconsider its position. On May 31, 2023, Eckert's counsel sent a follow-up email to POM's counsel regarding Eckert's Request No. 6 (the "May 31 Email"). A true and correct copy of the May 31 Email is attached hereto as Exhibit C. In the May 31 Email, Eckert's counsel explained that in Eckert's view, the documents sought by Eckert Request No. 6 are relevant in light of POM's allegation that Eckert sought to "destroy POM's business." Exhibit C at 1; *see also* Second Amended Complaint at ¶¶ 99, 116, 120, 129.

In the May 31 Email, Eckert's counsel also offered to narrow Eckert's Request No. 6 to address POM's purported overbreadth and burdensomeness concerns:

> To address POM's overbreadth and burdensomeness objections (and to update the request to encompass the current timeframe), Eckert is willing to modify Request #6 to seek "documents sufficient to demonstrate the gross revenue generated by POM from POM skill machines in Pennsylvania for each year from 2016 through and including the present." *As modified, POM could satisfy this request by producing even one document containing POM's gross revenue on POM skill machines in Pennsylvania for each year of its business in the Commonwealth.* **Please let me know whether this modification addresses POM's overbreadth and burdensomeness objections.**

Exhibit C (italics added).

On June 7, 2023, POM's counsel responded to the May 31 Email (the "June 7 Email"). A true and correct copy of the June 7 Email is attached hereto as Exhibit D. In the June 7 Email, POM's counsel stated, *inter alia*, that because "POM is not seeking lost profits or lost revenues as part of its damages in this litigation," POM will "stand on [its] relevance objection" and refuse to produce any documents in response to even the narrowed proposal set out in Eckert's May 31 Email. June 7 Email at 1. POM's response wholly ignores the fact that Eckert is certainly entitled to take discovery on its affirmative defenses.

In the June 7 Email, POM's counsel acknowledged that POM's Second Amended Complaint explicitly alleges that Eckert "sought to 'destroy POM's business.'" *Id*. POM's counsel argued, however, that "those allegations relate to the Defendants' intent" only and that



POM "does not allege that Defendants succeeded in destroying POM's business." *Id.* POM's counsel argued that "POM's revenues [therefore are not] relevant," and stated that POM will continue to withhold the documents Eckert seeks. *Id.*

### III.    The Rules of Civil Procedure Require POM to Produce the Withheld Documents Responsive to Eckert's Request No. 6.

#### A.    The Scope of Discovery Permitted Under Rule 26 Is Broad.

Rule 26 of the Federal Rules of Civil Procedure defines the scope of discovery in civil actions as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that *is relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, *the parties' relative access to relevant information*, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1) (emphasis added).  Under the Federal Rules, "[a]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Miller v. McGinley*, 1:20-CV-2270, 2022 WL 212709, at *2 (M.D. Pa. Jan. 24, 2022) (Wilson, J.) (quoting *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000)).  *See also id.* (noting the "broad scope of discovery" permitted under the Federal Rules) (citation omitted).

#### B.    Eckert Is Entitled to Discovery Regarding the Extent to Which "Eckert's . . . Efforts . . . to Destroy POM's Pennsylvania Market [Actually] Threaten POM's Continued Existence" Because POM Opened the Door to Such Discovery by Alleging Those Facts in Its Complaints.

Here, POM repeatedly has alleged—in signed complaints it filed in 2020, 2021, and 2022, both before and after it engaged new counsel to represent it in this case—that Eckert has made efforts "to destroy POM's Pennsylvania market" and that such alleged efforts *actually* "threaten POM's continued existence."  Second Amended Complaint at ¶ 84; Amended Complaint at ¶ 29 (same); Complaint at ¶ 19 (same).[1]  These allegations put at issue (i) whether and to what extent

---

[1] That POM chose to repeat this allegation in its Second Amended Complaint, which it filed after it retained new counsel to represent it in this case, forecloses any argument that the factual contentions at issue—*i.e.*, that Eckert has made efforts "to destroy POM's Pennsylvania market"



"POM's continued existence" *is* "threaten[ed]," such as by a loss of revenue, (ii) whether and to what extent "POM's Pennsylvania market" *has* been "destroy[ed]," and (iii) whether and to what extent Eckert's alleged efforts are responsible for such "threat[]" and/or "destr[uction]."

Accordingly, Eckert is entitled to discovery relating to these issues. *See, e.g.*, *Magras v. De Jongh*, No. CV 2010-091, 2013 WL 5276363, at *3 (D.V.I. Sept. 18, 2013) ("The challenged testimony is relevant to the service that Plaintiff rendered as an Agent with the ESU, which Plaintiff herself has put at issue through the allegations in her Complaint and the causes of action which she asserts as the basis for the relief that she seeks.") (footnote omitted); *Clark v. City of Los Angeles*, No. CV 20-10768 CAS (PVC), 2022 WL 17220036, at *8 (C.D. Cal. Feb. 9, 2022) ("Defendants may propound discovery seeking clarification of the claims and allegations in the FAC, even if they concern Defendants or claims previously put at issue, if necessary to understand the scope of the claims as alleged in the FAC *and the facts upon which they rest*.") (emphasis added); *Smogonovich v. Access Behav. Health Servs.*, No. CV08-528-S-EJL, 2009 WL 1658014, at *4 (D. Idaho June 11, 2009) (In filing this lawsuit, the Plaintiff has opened the door to discovery regarding the allegations in the First Amended Complaint . . . ."); *Smedley v. Lambert*, No. 3:12-0003, 2013 WL 1333320, at *4 (M.D. Tenn. Mar. 29, 2013) (permitting discovery into factual issues as to which "Plaintiffs . . . opened the door . . . by an allegation in Paragraph 15 of their complaint . . . .").

> **C.      Eckert Also Is Entitled to Discovery Regarding the Extent to Which "Eckert's . . . Efforts . . . to Destroy POM's Pennsylvania Market [Actually] Threaten POM's Continued Existence" Because that Issue Is Relevant to Eckert's Affirmative Defenses.**

Eckert also has pled affirmative defenses that put at issue (i) whether and to what extent "POM's continued existence" is "threaten[ed]," (ii) whether and to what extent "POM's Pennsylvania market" has been "destroy[ed]," and (iii) whether and to what extent Eckert's alleged efforts are responsible for such "threat[]" and/or "destr[uction]." Specifically, Eckert's seventh and eighth affirmative defenses put those facts at issue. *See* Answer at 16 (pleading, as seventh affirmative defense, that "POM has suffered no damages" and, as eighth affirmative defense, that "Eckert did not cause any damages that POM allegedly sustained.").

---

and that such alleged efforts *actually* "threaten POM's continued existence"—are attributable solely to POM's former lawyers. *See* FED. R. CIV. P. 11(b)(3) ("By presenting to the court a pleading, . . . an attorney . . . certifies that to the best of the person's knowledge, . . . the factual contentions have evidentiary support . . . ."). In any event, by (repeatedly) including these factual contentions in its pleadings, POM has opened the door to discovery regarding the accuracy of its assertions that its "continued existence" is "threaten[ed]" and that Eckert's alleged actions are responsible for that purported threat.



By pleading these affirmative defenses, *Eckert* likewise opened the door to discovery of the withheld documents at issue. *See, e.g.*, *Granite State Ins. Co. v. Clearwater Ins. Co.*, No. 09 CIV. 10607 RKE, 2012 WL 1520851, at *3 (S.D.N.Y. Apr. 30, 2012) ("Applying th[e Rule 26] standard, it is clear that the information sought by Request No. 28 has 'possible relevance' to Clearwater's Third Affirmative Defense and is, therefore, discoverable.") (citation omitted); *Miller v. Env't Turnkey Sols., LLC*, No. 2:15-CV-732-FTM-29CM, 2016 WL 7440834, at *2 (M.D. Fla. Dec. 27, 2016) ("[T]he requested documents are relevant to Defendant's affirmative defenses, and proportional to the needs of the case. Because Defendant has failed to produce the documents as requested under Rule 34, the Court will compel that it does so within fourteen days from the date of this Order."); *Cleveland Bros. Equip. Co. v. Vorobey*, No. 4:19-CV-01708, 2023 WL 1930000, at *16 (M.D. Pa. Feb. 10, 2023) (denying motion *in limine* to exclude testimony that "would be highly relevant to two of Vorobey's affirmative defenses").

That POM itself now disingenuously purports not to have put the fact of its "threaten[ed] continued existence" at issue—*see, e.g.*, June 7 Email at 1 (asserting that POM "does not allege that Defendants *succeeded* in destroying POM's business.") (emphasis added)—is of no moment. *See, e.g.*, 8 CHARLES A. WRIGHT ET AL., 8 FED. PRAC. & PROC. § 2011 (3d ed.) ("[A] party is entitled to seek discovery on its theory of the facts and the law, and is not limited in discovery by the opponent's theory.") (footnote omitted); *Charter Oak Fire Ins. Co. v. Am. Cap., Ltd.*, No. DKC 09-0100, 2011 WL 6000562, at *2 (D. Md. Nov. 29, 2011) ("Plaintiffs have articulated a theory . . . that directly implicates American Capital's relationships with its portfolio companies. That Defendants disagree with Plaintiffs' theory is to be expected, but that disagreement does not absolve them of their basic responsibilities under the federal discovery rules."). *See also Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 511 (D. Nev. 2020):

> The only issue currently before the Court is whether the discovery sought is relevant to *any* claim *or defense*. It is. The Palms' mitigation defense indisputably remains a live defense at this time. Nonetheless, Kaskade has refused to provide discovery based on merits-based arguments as to whether mitigation efforts are permissibly considered with respect to damages in this case and, if so, what performances should be considered as part of that inquiry. Kaskade was not permitted to withhold discovery on those bases.

(Citations omitted) (emphasis added).

Here, as in *Charter Oak* and *Big City*, Eckert's own affirmative defenses, all of which remain live—and Eckert's own "theory of the facts and the law," 8 WRIGHT ET AL., § 2011—would support its entitlement to discover the revenue-related documents POM has withheld even if the explicit allegations in POM's complaints had *not* already put those same facts at issue (though they have, as set forth above). Those documents are relevant to Eckert's defenses that POM has not suffered any damages, and that Eckert is not responsible for any damages POM has suffered. Accordingly, Eckert is entitled to discover the withheld documents "reflect[ing] the revenues



generated by POM from POM skill machines in Pennsylvania for each year from 2016 through and including 2021."

Finally, to the extent that POM raises concerns about the confidentiality of such information, or generally the sensitive nature of the information, that is why the parties entered into a Stipulated Confidentiality Agreement, approved and entered as an Order by the Court, to address such concerns. *See* Stipulated Confidentiality Agreement and Protective Order (ECF No. 196).

For all of these reasons, Eckert respectfully requests that the Court issue an Order compelling POM to produce all of the withheld documents in its possession responsive to Eckert's Request No. 6.

Respectfully submitted,

ROBERT S. TINTNER, ESQUIRE
PETER C. BUCKLEY, ESQUIRE

cc:      All counsel of record (via ECF)

7