# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC., :
:
Plaintiff, :
v. : Docket No. 1:20-cv-00292
:
ECKERT SEAMANS CHERIN & MELLOTT, :
LLC, MARK S. STEWART and KEVIN M. : (Judge Jennifer P. Wilson)
SKJOLDAL, :
:
Defendants. :
:

### ECKERT SEAMANS CHERIN & MELLOTT, LLC'S
### THIRD SET OF REQUESTS FOR THE
### PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Defendant, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), by and through its undersigned counsel, hereby requests that Plaintiff, Pace-O-Matic, Inc. ("POM"), answer the following requests for the production of documents within the timeframe prescribed by law ("Requests"). All obligations imposed by the Federal Rules of Civil Procedure are incorporated herein by reference, including, but not limited to, Rules 26 and 34.

### DEFINITIONS

1. "Eckert" shall mean Defendant, Eckert Seamans Cherin & Mellottt, LLC.

2. "POM" shall mean Plaintiff, Pace-O-Matic, Inc.

3. "You" or "your" shall refer to POM, its parents, subsidiaries, divisions, departments and affiliates and present and former officers, directors, shareholders, principals, partners, employees, attorneys, investigators, experts, accountants, agents, and representatives of same, and any and all persons or entities acting or purporting to act on behalf of it for any purpose whatsoever.

4.    "Stewart" shall mean Defendant, Mark S. Stewart.    "Skjoldal" shall mean Defendant. Kevin M. Skjoldal.

5.    "Complaint" shall mean the initial pleading filed in the United States District Court for the Middle District of Pennsylvania in the above-captioned action.  "Amended Complaint" shall mean the operative pleading filed in the above-captioned action.

6.    "Person" means any natural person as well as any business, corporation, partnership, proprietorship, association or group.

7.    The phrase "evidence, refer or relate," or any combination thereof, means analyzing, constituting, comprising, concerning, containing, consisting of, dealing with, describing, disclosing, discussing, embodying, evidencing, explaining, memorializing, pertaining to, referring to, referencing, setting forth, showing, summarizing, or supporting, the subject matter described, in whole or in part.

8.    The phrase "describe with particularity" means to set forth every fact (including all related dates) concerning the subject matter described, including identifying all persons with knowledge of the subject and all documents and communications that evidence, refer or relate to the subject of the interrogatory.

9.    The term "document" and "documents" are used herein in their customary broad sense and refer to the original and any non-identical copies and drafts of any reduction of information to tangible form, in whole or in part, regardless of origin or location, in whatever medium or language, including without limitation computer-stored or computer-retrievable information, "Document" is used in its customary broad sense and includes, without limitation, the following items, whether printed, recorded, filmed or reproduced by any other mechanical process, or written or produced by hand, or computer-stored or computer-retrievable, and whether

2

an original, master or copy:  worksheets; agreements; books; catalogues; magazines; periodicals; records; letters; accounts; notes; licenses; options; statements; checks; brochures; summaries; forecasts; appraisals; surveys; estimates; diaries; desk calendars; reports; logs; manuals; blueprints; tracings; deposit slips; vouchers; communications, including intra-company communications; correspondence; cablegrams; radiograms; telegrams; telegraphs; directives; studies; bulletins; forms; telexes; memoranda, including intra-company memoranda; tabulations; analyses; minutes; bills of lading; questionnaires; summaries; notes and records of telephone conversations, meetings and conferences; notes and records of personal conversations or interviews; ledgers; invoices; contracts; notices; drafts of any documents; business records; charts; plans; specifications; schedules; computer printouts; computer tapes; microfilm; microfiche; photographs; slides; negatives; motion pictures; video recordings; tape or other voice recordings and transcriptions thereof; data compilations from which information can be obtained, or translated, if necessary, through detection devices into reasonably usable form; and any other information contained on paper, in writing or in any other physical form in your actual or constructive possession, custody or control of your agents, servants, employees, representatives or attorneys.

10.     The term "communication" is used in its broadest sense and includes, but is not limited to, any transmittal of information or request for information (in the form of facts, ideas, inquiries or otherwise) from one person to another, whether made in person, in a meeting, by telephone, letter, electronic mail or by any other means, or a document made for the purpose of recording a communication, idea, statement, opinion or belief.  Any request referring to "communications" shall encompass (without limitation) communications made or conducted through intermediaries.  Furthermore, in response to requests referring or relating to

3

"communications," you are to produce, inter alia, all documents identifying such "communications" (*e.g.*, telephone or telecopier records, rolodex cards, logs, calendars, diaries, journals, journal entries or memoranda).

11. "Identify," when used in reference to a natural person, means to set forth the person's:

    (a)    Full name;

    (b)    Present or last known home address;

    (c)    Present or last known business address;

    (d)    Present employer; and

    (e)    Job title.

12. "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, or group, means to state the person's:

    (a)    Full name;

    (b)    Address;

    (c)    Telephone number;

    (d)    Form of organization; and

    (e)    Business activities.

13. "Identify," when used in reference to documents, means to state the following with respect to each document:

    (a)    Its date;

    (b)    The identity of the person(s) who authored it;

    (c)    The identity of the person(s) to whom it was addressed and who are known or believed to have received copies of it;

    (d)    The form of the document (that is, letter, memorandum, invoice, blueprint, etc.);

(e)     Its title;

(f)     Its length (in number of pages);

(g)     The identity of the person(s) who you know or believe have custody of each copy or draft of the document having notations unique to such copy; and

(h)     A detailed description of the subject matter of the document.

14.     "Identify," when used in connection with spoken communications, means to:

(a)     State the date of the communication;

(b)     State the place where the communication occurred;

(c)     Identify each person who took part in or heard the communication;

(d)     Provide a detailed description of the subject matter of the communication; and

(e)     Identify each document that refers to or relates to the communication.

15.     "Including" means including but not limited to and/or including without limitation.

16.     The singular form of a word shall be interpreted as the plural and the plural form of a word shall be interpreted as the singular whenever appropriate in order to bring within the scope of these Interrogatories any information, which might otherwise be considered to be beyond their scope.

17.     Unless otherwise indicated above, any capitalized defined terms in the pleadings shall retain the same meanings herein.

18.     The terms "all" and "each" shall be construed as all and each.

19.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope.

20.     The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1.     Each Request is to be answered separately in writing.

2.     In responding to these Requests, POM shall furnish all responsive documents available at the time of answering and shall supplement the production in accordance with the Federal Rules of Civil Procedure.

3.     If POM does not produce documents in response to a Request in whole or in part because of a claim of privilege, POM must set forth the privilege claimed, identify the alleged facts which support your claim of privilege, and identify all documents for which the privilege is claimed.  If POM refuses to identify a communication based on the attorney-client privilege, identify the date of the communication, the speaker or author of the communication, and identify the recipient of the communication.

4.     When a document is required to be produced, produce a copy of all documents that are in POM's possession or control and/or that are in the possession or control of any of POM's agents, servants, employees, representatives, heirs, assigns, or others acting on its behalf, including its attorneys.

5.     The following Requests are to be answered and delivered to the law offices of Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, Pennsylvania 19103, within thirty (30) days after service of this document.

6

**<u>REQUESTS FOR THE PRODUCTION OF DOCUMENTS</u>**

1.      All documents and/or communications and/or tangible things, electronically stored or otherwise, between POM (and/or its counsel or agents) and any reporter or member of the media concerning this litigation.

2.      All documents and/or communications and/or tangible things, electronically stored or otherwise, between POM (and/or its counsel or agents) and any reporter or member of the media concerning this litigation including, but not limited to, the specific identification of any documents or information provided by Eckert in this matter that POM provided to, or discussed with, a reporter or member of the media.

3.      All documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect or otherwise relate to when, where and by whom POM (and/or its counsel or agents) provided to any reporter or member of the media any documents or information provided by Eckert in this matter.

4.      All communications concerning POM's decision to make any documents or information provided by Eckert in this matter available to the public, press or other member of the media.

5.      All documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect the number of POM skill machines in Pennsylvania for each year from 2016 through and including 2021.

6.      All documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect the revenues generated by POM from POM skill machines in Pennsylvania for each year from 2016 through and including 2021.

7.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect any Pennsylvania state statute or local municipal ordinance in Pennsylvania which POM contends adversely affects POM's business interests in Pennsylvania.

8.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect that Eckert caused or contributed to the enactment of any Pennsylvania state statute or local municipal ordinance in Pennsylvania which adversely affects POM's business interests in Pennsylvania.

9.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that demonstrate that a POM representative, agent, or employee attended any Pennsylvania legislative committee, departmental or agency meetings on January 1, 2017 and December 21, 2019 relating, in part, to skill games.

10.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that mention Eckert from the period of 2016 through and including 2019, excluding documents that relate to Eckert's representation of POM in Virginia.

11.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that refer or relate to POM's understanding of Eckert's involvement in any Pennsylvania  legislative efforts concerning skill games, excluding any documents produced in this matter by Eckert.

12. An organizational chart for POM and POM of Pennsylvania, Inc. from 2016 though and including 2020.

_____
ROBERT S. TINTNER, ESQUIRE (No. 73865)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com

**Counsel for Defendants,**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC,**
**MARK S. STEWART and KEVIN M. SKJOLDAL**

Date:   April 1, 2022

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & MELLOTT, | : | |
| LLC, MARK S. STEWART and KEVIN M. | : | (Judge Jennifer P. Wilson) |
| SKJOLDAL, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, do hereby certify to have caused service of a true and correct copy of the foregoing Third Set of Requests for the Production of Documents, on this date *via email*, upon the following:

Daniel T. Brier, Esquire
Donna A. Walsh, Esquire
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503

**Counsel for Plaintiff**

_____
ROBERT S. TINTNER, ESQUIRE

Dated:  April 1, 2022

132518652.1