# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACE-O-MATIC, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     Docket No. 1:20-cv-00292 |
| | : |
| ECKERT SEAMANS CHERIN & MELLOTT, | : |
| LLC, MARK S. STEWART AND KEVIN M. | :     (Judge Jennifer P. Wilson) |
| SKJOLDAL, | : |
| | : |
| Defendants. | : |
| | : |

**PAC-O-MATIC, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT
ECKERT SEAMANS CHERIN & MELLOTT, LLC'S THIRD SET OF
REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff Pace-O-Matic, Inc. ("POM"), by and through its undersigned counsel, serves its

Responses and Objections to Defendant Eckert Seamans Cherin & Mellott, LLC ("Eckert"), Mark

S. Stewart, and Kevin M. Skjoldal's Third Set of Request for Production of Documents and states

as follow:

1.      All documents and/or communications and/or tangible things, electronically

stored or otherwise, between POM (and/or its counsel or agents) and any reporter or

member of the media concerning this litigation.

**OBJECTIONS AND RESPONSE:**

POM objects that this Request exclusively seeks materials that have no relevance to any

issue in this litigation. POM is withholding responsive materials based on this objection. POM

further objects that, because the materials sought by this Request have no relevance to any issue

in this litigation, this Request is overbroad, unduly burdensome, and not proportional to the needs

1

of this litigation.  POM is withholding responsive materials based on this objection.  POM further objects that this Request is intended solely for purposes of harassment and/or for purposes wholly unrelated to this litigation.  POM is withholding responsive materials based on this objection.

2.      All documents and/or communications and/or tangible things, electronically stored or otherwise, between POM (and/or its counsel or agents) and any reporter or member of the media concerning this litigation including, but not limited to, the specific identification of any documents or information provided by Eckert in this matter that POM provided to, or discussed with, a reporter or member of the media.

**OBJECTIONS AND RESPONSE:**

POM objects that this Request exclusively seeks materials that have no relevance to any issue in this litigation.  POM is withholding responsive materials based on this objection.  POM further objects that, because the materials sought by this Request have no relevance to any issue in this litigation, this Request is overbroad, unduly burdensome, and not proportional to the needs of this litigation.  POM is withholding responsive materials based on this objection.  POM further objects that this Request is intended solely for purposes of harassment and/or for purposes wholly unrelated to this litigation.  POM is withholding responsive materials based on this objection. POM further objects that this Request appears to call for the creation of documents that do not currently exist and therefore exceeds the scope of Rule 34.  POM is not withholding any extant documents based on this objection.

2

3. All documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect or otherwise relate to when, where and by whom POM (and/or its counsel or agents) provided to any reporter or member of the media any documents or information provided by Eckert in this matter.

**<u>OBJECTIONS AND RESPONSE</u>:**

POM objects that this Request exclusively seeks materials that have no relevance to any issue in this litigation. POM is withholding responsive materials based on this objection. POM further objects that, because the materials sought by this Request have no relevance to any issue in this litigation, this Request is overbroad, unduly burdensome, and not proportional to the needs of this litigation. POM is withholding responsive materials based on this objection. POM further objects that even if this Request had some tangential relationship to the issues in this litigation, the Request is overbroad, unduly burdensome, not proportional to the needs of this litigation, and not reasonably calculated to identify discoverable materials in that it employs the phrase "reflect or otherwise relate to when, where and by whom." POM is withholding responsive materials based on this objection. POM further objects that this Request is impermissibly vague and ambiguous to the extent that it uses the phrase "otherwise relate to when, where and by whom." In searching for potentially responsive materials, POM has relied on what it understands to be the plain and ordinary meaning of this phrase. POM further objects that this Request is intended solely for purposes of harassment and/or for purposes wholly unrelated to this litigation. POM is withholding responsive materials based on this objection. POM further objects to this Request to the extent that any responsive materials fall within the scope of the attorney-client privilege and/or the work product doctrine.

4.      All communications concerning POM's decision to make any documents or information provided by Eckert in this matter available to the public, press or other member of the media.

**OBJECTIONS AND RESPONSE:**

POM objects that this Request exclusively seeks materials that have no relevance to any issue in this litigation.  POM is withholding responsive materials based on this objection.  POM further objects that, because the materials sought by this Request have no relevance to any issue in this litigation, this Request is overbroad, unduly burdensome, and not proportional to the needs of this litigation.  POM is withholding responsive materials based on this objection.  POM further objects that this Request is intended solely for purposes of harassment and/or for purposes wholly unrelated to this litigation.  POM is withholding responsive materials based on this objection. POM further objects that this Request is impermissibly vague and ambiguous in that it uses the phrase "available to the public."  POM does not understand this phrase to encompass the disclosure of information in the form of publicly available court filings.  POM further objects to this Request to the extent that any responsive materials fall within the scope of the attorney-client privilege and/or the work product doctrine.

5.      All documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect the number of POM skill machines in Pennsylvania for each year from 2016 through and including 2021.

**OBJECTIONS AND RESPONSE:**

POM objects that the information sought by this Request is not relevant to any issue currently relevant to this litigation.  POM is withholding responsive materials responsive to this

Request.  POM further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of this case in light of the irrelevance of the information sought and the burdens associated with collecting and analyzing data of this kind regarding POM's operations in Pennsylvania.  POM is withholding responsive materials based on this objection.  POM further objects that, even if this Request had some tangential relationship to the issues currently relevant to this litigation, the Request is grossly overbroad, unduly burdensome, and not proportional to the needs of the litigation in that it seeks "*All* documents and/or communications and/or tangible things . . . that reflect the number of POM skill machines."  POM is withholding responsive materials based on this objection.  POM further objects that this Request is intended solely for purposes of harassment and/or for purposes wholly unrelated to this litigation.  In particular, discovery in this litigation makes clear that Parx and Eckert have long sought to obtain the information sought by this Request for purposes unrelated to this litigation, and they have even schemed to use discovery in ongoing litigation to obtain such information.  *See, e.g.*, ECKERT01299-1300.  POM is withholding responsive materials based on this objection.  POM further objects to this Request to the extent that any responsive materials fall within the scope of the attorney-client privilege and/or the work product doctrine.

6.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect the revenues generated by POM from POM skill machines in Pennsylvania for each year from 2016 through and including 2021.

**OBJECTIONS AND RESPONSE:**

POM objects that the information sought by this Request is not relevant to any issue currently relevant to this litigation.  POM is withholding responsive materials responsive to this

5

Request.  POM further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of this case, particularly in light of the irrelevance of the information sought and the sensitivity of the information at issue.  POM is withholding responsive materials based on this objection.  POM further objects that, even if this Request had some tangential relationship to the issues currently relevant to this litigation, the Request is grossly overbroad, unduly burdensome, and not proportional to the needs of the litigation in that it seeks "*All* documents and/or communications and/or tangible things . . . that reflect the revenues generated by POM."  POM is withholding responsive materials based on this objection.  POM further objects that this Request is intended solely for purposes of harassment and/or for purposes wholly unrelated to this litigation.  In particular, discovery in this litigation makes clear that Parx and Eckert have long sought to obtain the information sought by this Request for purposes unrelated to this litigation, and they have even schemed to use discovery in ongoing litigation to obtain such information.  *See, e.g.*, ECKERT01299-1300.  POM is withholding responsive materials based on this objection.  POM further objects to this Request to the extent that any responsive materials fall within the scope of the attorney-client privilege and/or the work product doctrine.

7.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect any Pennsylvania state statute or local municipal ordinance in Pennsylvania which POM contends adversely affects POM's business interests in Pennsylvania.

**OBJECTIONS AND RESPONSE:**

POM objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of this litigation in that it seeks "*All* documents and/or communications and/or tangible

things" reflecting certain information, as opposed to materials sufficient to identify such information.  POM is not withholding any responsive materials based on this objection.  POM further objects to this Request to the extent that any responsive materials fall within the scope of the attorney-client privilege and/or the work product doctrine.

POM further states that, based on information currently available to it, POM is not aware of Defendants having successfully obtained the enactment of any legislative measure responsive to this Request.  However, such information is uniquely within the knowledge, possessions, custody, and/or control of Defendants.  POM reserves all rights to amend and/or supplement its response based on the results of ongoing discovery.

8.    All documents and/or communications and/or tangible things, electronically stored or othe1wise, that reflect that Eckert caused or contributed to the enactment of any Pennsylvania state statute or local municipal ordinance in Pennsylvania which adversely affects POM's business interests in Pennsylvania.

**OBJECTIONS AND RESPONSE:**

POM objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of this litigation in that it seeks "*All* documents and/or communications and/or tangible things" reflecting certain information, as opposed to materials sufficient to identify such information.  POM is not withholding any responsive materials based on this objection.  POM further objects to this Request to the extent that any responsive materials fall within the scope of the attorney-client privilege and/or the work product doctrine.

POM further states that, based on information currently available to it, POM is not aware of Defendants having successfully obtained the enactment of any legislative measure responsive

to this Request. However, such information is uniquely within the knowledge, possessions, custody, and/or control of Defendants. POM reserves all rights to amend and/or supplement its response based on the results of ongoing discovery.

9.      All documents and/or communications and/or tangible things, electronically stored or otherwise, that demonstrate that a POM representative, agent, or employee attended any Pennsylvania legislative committee, departmental or agency meetings on January 1, 2017 and December 21, 2019 relating, in part, to skill games.

**OBJECTIONS AND RESPONSE:**

POM objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of this litigation in that it seeks "***All*** documents and/or communications and/or tangible things" reflecting certain information, as opposed to materials sufficient to identify such information. POM is not withholding any responsive materials based on this objection. POM further objects to this Request to the extent that any responsive materials fall within the scope of the attorney-client privilege and/or the work product doctrine.

POM further states that, based on a diligent search, POM is not aware of any POM representative, agent, or employee attending any meeting responsive to this Request.

10.     All documents and/or communications and/or tangible things, electronically stored or otherwise, that mention Eckert from the period of 2016 through and including 2019, excluding documents that relate to Eckert's representation of POM in Virginia.

**OBJECTIONS AND RESPONSE:**

POM objects that this Request is overbroad, unduly burdensome, not reasonably calculated to identify discoverable materials, and not proportional to the needs of this litigation. Reviewing every document that includes the word "Eckert" imposes an impermissible and unnecessary burden on POM. Moreover, the exclusion of documents relating to Eckert's representation of POM in Virginia does not mitigate that burden, because identifying materials covered by that exclusion would still necessitate a comprehensive review of materials containing the search term "Eckert." POM further objects to this Request to the extent that any responsive materials fall within the scope of the attorney-client privilege and/or the work product doctrine.

In a good-faith effort to identify potentially discoverable materials responsive to this Request, POM has searched for documents that include both "Eckert" and one or more of the following search terms: "Stewart" OR "Skjoldal" OR "Gmerek" OR "Adrian King" OR "Schafer" OR "Parx" OR "Shelly" OR "Bob Green" OR Tomlinson OR Greenwood OR Pennsylvania. Subject to and without waiving the foregoing objections, POM is producing non-privileged, discoverable materials identified via that search. POM has implemented limited redactions in responsive materials to withhold passages covered by the attorney-client privilege and/or the work product doctrine, while producing all non-privileged, non-protected portions of the documents.

11.    All documents and/or communications and/or tangible things, electronically stored or otherwise, that refer or relate to POM's understanding of Eckert's involvement in any Pennsylvania legislative efforts concerning skill games, excluding any documents produced in this matter by Eckert.

**OBJECTIONS AND RESPONSE**:

9

POM objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of this litigation in that it seeks "*All* documents and/or communications and/or tangible things" reflecting certain information, as opposed to materials sufficient to identify such information. POM is not withholding any responsive materials based on this objection. POM further objects to this Request to the extent that any responsive materials fall within the scope of the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing objections, POM is producing non-privileged, discoverable materials responsive to this Request.

12.     An organizational chart for POM and POM of Pennsylvania, Inc. from 2016 though and including 2020.

**OBJECTIONS AND RESPONSE:**

POM is producing organizational charts relating to the stated time period, to the extent that they exist. POM does not understand this Request to purport to require the creation of organizational charts that did not already exist, and any such purported requirement would exceed the scope of discovery authorized under Rule 34.

POM objects to this Request to the extent that it calls for the disclosure of personnel whose state-specific roles were entirely limited to jurisdictions other than Pennsylvania or Virginia. Such information has no relevance to any issue in this litigation, and disclosing it under the circumstances imposes an undue burden and is not proportional to the needs of this litigation. POM has implemented redactions in one of the produced organizational charts to protect such information.

Date: July 6, 2022

*/s/ Jeff Jensen*
  Jeff Jensen, #46745
  Michael P. Nolan, #54046
  Michael Martinich-Sauter, #66065
  **Husch Blackwell LLP**
  190 Carondelet Plaza, Suite 600
  Clayton, Missouri 63105
  Jeff.Jensen@huschblackwell.com
  Michael.Nolan@huschblackwell.com
  ***Attorneys for Plaintiff Pace-O-Matic, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following

counsel of record on this 6th day of July, 2022:

Abraham C. Reich
Robert S. Tintner
**Fox Rothschild LLP**
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
(215) 299-2090/2766 (Telephone)
(215) 299-2150 (Facsimile)

***Attorneys for Defendants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal***

*/s/     Jeff Jensen*

11