# EXHIBIT D

## Huddell, Nathan

| | |
|---|---|
| **From:** | Martinich-Sauter, Michael <Michael.Martinich-Sauter@huschblackwell.com> |
| **Sent:** | Wednesday, June 7, 2023 4:47 PM |
| **To:** | Buckley, Peter C. |
| **Cc:** | Nolan, Michael; Jensen, Jeff; Tintner, Robert S.; Huddell, Nathan |
| **Subject:** | RE: POM v. Eckert -- RPD #6 POM Revenue in PA |

Peter:

Thanks for giving us time to consider Defendants' position.  I can confirm that POM is not seeking lost profits or lost revenues as part of its damages in this litigation.  For that reason, we do not believe that discovery of POM's revenues or profits is relevant, and we stand on our relevance objection.

You noted that several paragraphs of the complaint allege that Defendants sought to "destroy POM's business."  In our view, those allegations relate to the Defendants' intent (which is relevant to the claims asserted in the Second Amended Complaint).  The complaint does not allege that Defendants succeeded in destroying POM's business, nor is that point relevant to the claims or damages theories that POM is asserting in this case.  Because information about POM's revenues do not provide any insight into Defendants' intent, we do not believe that the allegations you've cited make POM's revenues relevant.

With regard to the overbreadth and burdensomeness objections, we appreciate Defendants' efforts to craft an alternative approach that might resolve those issues.  Notwithstanding Defendants' good-faith efforts in that regard, we stand on those objections for several reasons.  Because (as noted above) we do not believe that these materials have any relevance, we believe that any burden would be undue and not proportional to the needs of the case.  That is particularly true with respect to Defendants' proposal, which would actually require POM to create a new document that summarizes potentially numerous underlying documents.  Moreover, there is an inherent burden in producing highly sensitive business information, particularly to senior employees of companies that may perceive themselves to be competitors of POM (which would apply to Mr. Stewart, who we understand to have assumed an internal role at Cordish).

With regard to the harassment objection, I would like to provide two clarifications.  First, at this time, we are not withholding any documents solely on the basis of that objection.  Second, we did not (and do not) intend that objection to suggest any improper conduct or intent on the part of the Fox Rothschild team.  You, Bob, and Nathan have been nothing but professional and courteous.

Best,
Mike

**Michael Martinich-Sauter**
**Partner**
Direct: 314-345-6234
Michael.Martinich-Sauter@huschblackwell.com

**From:** Buckley, Peter C. <pbuckley@foxrothschild.com>
**Sent:** Wednesday, May 31, 2023 12:20 PM
**To:** Martinich-Sauter, Michael <Michael.Martinich-Sauter@huschblackwell.com>
**Cc:** Nolan, Michael <Michael.Nolan@huschblackwell.com>; Jensen, Jeff <Jeff.Jensen@huschblackwell.com>; Tintner, Robert S. <RTintner@foxrothschild.com>; Huddell, Nathan <nhuddell@foxrothschild.com>
**Subject:** POM v. Eckert -- RPD #6 POM Revenue in PA

[EXTERNAL EMAIL]

Mike,

As a follow up to our recent discussion …

Request #6 in Eckert's Third Set of Requests for the Production of Documents sought "[a]ll documents and/or communications and/or tangible things, electronically stored or otherwise, that reflect the revenues generated by POM from POM skill machines in Pennsylvania for each year from 2016 through and including 2021."

POM objected, citing relevance, overbreadth, undue burden and harassment objections.  POM indicated that it had withheld responsive documents on the basis of its objections.

To address POM's overbreadth and burdensomeness objections (and to update the request to encompass the current timeframe), Eckert is willing to modify Request #6 to seek "documents sufficient to demonstrate the gross revenue generated by POM from POM skill machines in Pennsylvania for each year from 2016 through and including the present."  As modified, POM could satisfy this request by producing even one document containing POM's gross revenue on POM skill machines in Pennsylvania for each year of its business in the Commonwealth.  **Please let me know whether this modification addresses POM's overbreadth and burdensomeness objections.**

With regard to POM's relevance and harassment objections, POM asserts that Eckert, Mr. Stewart and Mr. Skojdal sought to "destroy POM's business."  (Second Amended Complaint ¶¶99, 116, 120, 129).  Although there is some ambiguity in view of these allegations, it is Defendants' understanding that POM is <u>not</u> seeking lost profits or lost revenues as damages.  **Please so confirm in writing.**

Notwithstanding that POM is not seeking lost profits or lost revenues as damages, POM's allegation that Defendants sought to "destroy POM's business" in Pennsylvania rightfully begs the question—what happened to POM's business in Pennsylvania?  Because businesses are often measured by gross revenue, Defendants' Request #6 seeks information that is relevant to POM's claims and not a form of harassment.  **Please let me know whether this clarification resolves POM's relevance and harassment objections.**

In the absence of a response to RPD #6 as modified, Defendants intend to ask the Court to compel POM to respond.  We would be grateful if you could reply by June 7, 2023 with POM's position.

Very truly yours,

Peter Buckley

**Peter Buckley**
Partner
**Fox Rothschild LLP**
2000 Market St.
20th Floor
Philadelphia, PA 19103-3222
(215) 299-2854 – office
(215) 299-2150 – fax
(610) 659-2201 – mobile
pbuckley@foxrothschild.com
www.foxrothschild.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.