## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS, CHERIN & | : | |
| MELLOTT, LLC., *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **ORDER**

**AND NOW**, on this 26th day of June 2023, the court having reviewed the

Plaintiff's and Defendants' letters regarding the designation of Defendants'

privilege logs as confidential, Docs. 295, 298, and 304, the court will grant

Plaintiff's request and de-designate as confidential Defendants' privilege logs.

(Doc. 295-1.)[1]

Defendants provide no authority which requires this court to permit the

designation of confidentiality to privilege logs.  At most, the precedent Defendants

cite suggests that this decision is discretionary.  (Doc. 298, p. 3 ("Courts Routinely

Permit and Order the Sealing of Privilege Logs.").)

Nor does the Stipulated Confidentiality Agreement and Protective Order

("Protective Order") that the parties entered require that the privilege logs be

---

[1] Because the court writes this order for the benefit of the parties, which are well-aware of the
procedural and factual history of this case, it omits the relevant background.

1

designated as confidential.  (Doc. 196.)  While the Protective Order permits

Defendants to designate as confidential the logs for certain reasons, paragraph 14

of the Protective Order provides that Plaintiff may move for the court to determine

the designation status of the logs in the event of disagreement.  (*Id.* at 10–11.)

Defendants assert that the court should not un-designate the privilege logs

because the Rules of Professional Conduct, and specifically Rule 1.6, dictate that

"A lawyer shall not reveal information relating to representation of a client unless

the client gives informed consent . . . ."  (Doc. 298, p. 5–6.)  They argue that the

Protective Order by its own terms permits confidential designation of "information

protected from disclosure by statute [or] rule."  (*Id.* at 6.)

Such language in the Protective Order reasonably allows for confidential

designation when it pertains to information protected from disclosure by state or

federal statute, Federal Rules of Civil Procedure, or the United States District

Court for the Middle District of Pennsylvania Rules of Court (colloquially known

as "Local Rules").  But the plain language of the Protective Order was not meant to

give the Rules of Professional Conduct legal significance in the discovery of this

suit.

Courts have "inherent equitable power to grant confidentiality orders."

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785 (3d Cir. 1994).  Additionally,

it is "well-established that a district court retains the power to modify or lift

confidentiality orders that it has entered." *Pansy*, 23 F.3d at 781. But although courts have the power to grant such orders, does not mean that they may be granted arbitrarily. *Id.* The Third Circuit has stated that, in the context of discovery, "it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection." *Id.* at 786 (citation omitted).

Under Third Circuit precedent, "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 484 (3d Cir. 1995) (cleaned up). Here, Defendants assert the same general objections that the court in *Glenmede* concluded were insufficient to show good cause. Specifically, Defendants assert that "[o]bviously, every attorney in private practice has a business, commercial, and financial interest in ensuring that the identities of its clients—and the subjects of counsel's private, privileged communications with those clients—are not publicly disclosed." (Doc. 298, p. 5.)

In *Glenmede*, petitioners asserted that respondents' "primary goal in reversing their position on confidentiality" was to "publicize their allegations of a scheme between [petitioners] in order to maximize the embarrassment and potential economic damage which such averments could generate to those institutions' relationship with their clients and the public." 56 F.3d at 484. The

court concluded that the petitioners had failed to demonstrate a specific injury from the dissemination of the documents at issue. *Id.* In doing so, it reiterated the "strong public interest in open proceedings" and stated that federal courts should not "provide a shield to potential claims by entering broad protective orders that prevent public disclosure of relevant information." *Id.* at 484–85.

The court concludes that the *Pansy* standard applies to this discovery dispute. It further notes the similarities between this case and *Glenmede*, although *Glenmede*, unlike the present instance, involved the unsealing of documents related to summary judgment. *Id.* at 481. Based on *Pansy* and *Glenmede*, the court concludes that Defendants have failed to show good cause for designating their privilege logs as confidential.

For the reasons provided above, **IT IS ORDERED THAT**:

1) The court **FINDS NO BASIS** for designating Defendants' privilege log as confidential. (Doc. 295-1.)

2) Accordingly, consistent with Plaintiff's proposed order, Doc. 294-1, Plaintiff **MAY** file an unredacted version Defendants' privilege log, which Plaintiff submitted as Exhibit 1 to its discovery letter. (Doc. 295-1.)

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

4