# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

| | |
|---|---|
| *Phone:* | *(215) 569-5447* |
| *Fax:* | *(215) 832-5447* |
| *Email:* | *william.cruse@blankrome.com* |

July 13, 2023

**VIA ECF**

Magistrate Judge Joseph F. Saporito, Jr.
United States District Court
for the Middle District of Pennsylvania
Max Rosenn U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701

> Re:    **Motion to Quash Subpoena for Deposition to Peter Shelly Issued in the Matter:** *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellot, LLC et al.*, **M.D. Pa. Case No. 1:20-cv-292-JPW**

Dear Judge Saporito:

This firm represents nonparty Peter Shelly in response to a subpoena for his deposition issued by Plaintiff Pace-O-Matic, Inc. ("POM") in the above-referenced matter (the POM/Eckert Litigation").[1] The original subpoena designated Tuesday, June 27th, for the deposition. *See* **Exhibit 1**. After we contacted POM's counsel to request postponement to allow time for a meet and confer and after we informed POM's counsel that Mr. Shelly would be on vacation through Friday, July 14th, POM's counsel then noticed Mr. Shelly's deposition for Saturday, July 15, 2023 (*see* **Exhibit 2**), which, as we informed POM's counsel, would provide Mr. Shelly no time to meet with counsel to prepare for his deposition, even if it were proper for him to be deposed at all in the POM/Eckert Litigation, much less on a Saturday. (*See* **Exhibit 3** (Cruse emails to Nolan, 6/28/23 at 6:32 p.m., 6/30 at 11:34 a.m.). As we protested to POM's counsel, Mr. Shelly, a nonparty, is receiving less protection over his rights in this case than the parties, *since no depositions of the parties have been scheduled, much less taken place*. *See* Ex. 3 (Cruse email to Nolan, 6/28 at 5:19 p.m.).

POM's treatment of Mr. Shelly violates Rule 45, under which nonparties are entitled to

---

[1] William R. Cruse (the author of this letter) is a member of the Pennsylvania Bar (I.D. No. 209576), the Bar of the U.S. District Court for the Eastern District of Pennsylvania, and the Bar of Third Circuit Court of Appeals. His application to this Court's bar has been submitted. The co-signer of this letter, Thomas F. Brier, Jr., is a member of the Bar of this Court.

BLANKROME

July 13, 2023
Page 2

heightened protections, and raises serious concern that POM's pursuit of Mr. Shelly in the POM/Eckert Litigation is only part of a strategy to intimidate Mr. Shelly and to advance POM's position in other cases, including POM's case against Mr. Shelly pending in the Lycoming County Court of Common Pleas, where Mr. Shelly is defending against a claim of tortious interference based on his legitimate lobbying activities on behalf of licensed casino operators in Pennsylvania. *See* **Exhibit 4**. For these reasons and those stated below, the subpoena issued to Mr. Shelly should be quashed.

A.  **The Subpoena Should Be Quashed Because It Is Unduly Burdensome, Harassing, and Unnecessary to POM's Case Against Eckert Seamans.**

In this Circuit (as in the others), non-parties are entitled to heightened protections from the burdens of discovery. Rule 45 orders "[a] party or attorney responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45. Courts across this Circuit regularly require that parties first seek discovery from one another and by the least intrusive means, as discovery from nonparties requires a strong showing of relevance. *Rollstock, Inc. v. SupplyOne, Inc.*, No. 22-MC-20, 2022 WL 1443389, at *2 (E.D. Pa. May 6, 2022) ("For non-party discovery, it is widely accepted that a stronger showing of relevancy is required and discovery is more restricted…[and] broader restrictions may be necessary to prevent a non-party from suffering harassment or inconvenience.") (internal quotations omitted); *In re Centrix Fin., LLC*, No. 12-6471, 2012 WL 6625920, at *6 (D.N.J. Dec. 18, 2012) (granting motion to quash where party seeking subpoena did not "exhaust[] all potential discovery" from other party to litigation); *Cash Today of Tex. v. Greenburg*, No. 02-MC-77, 2002 U.S. Dist. LEXIS 20694, at *13 (D. Del. Oct. 3, 2002) (holding that, under Rule 45, nonparties are afforded "special protection," and, in determining whether compliance with a subpoena should be required, "the court should consider not only the potential burden to the producing party, but the necessity of the information for the party seeking production, and whether the information for the party seeking production, and whether the information can be obtained from other, more convenient sources.").

Mr. Shelly is a communications consultant and licensed lobbyist, whose clients include, *inter alia*, licensed casino operators in the Commonwealth of Pennsylvania. Mr. Shelly is not mentioned once in POM's Second Amended Complaint. His profession, lobbying, is referenced only five (5) times in POM's 36 page, 133 paragraph, 7,088 word Second Amended Complaint. As stated above, Mr. Shelly is the sole defendant in a case brought against him by POM in the Lycoming County Court of Common Pleas arising out of his consulting and lobbying activities on behalf of licensed Pennsylvania casinos.

In the POM/Eckert Litigation, POM asserts claims for: (1) breach of fiduciary duty against Defendants Eckert Seamans, Stewart, and Skjoldal; (2) fraud against the same persons; and (3) a

BLANKROME

July 13, 2023
Page 3

judicial declaration that Defendants Eckert Seamans, Stewart, and Skjoldal fiduciary duties to POM preclude them from representations adverse to POM. *See* ECF No. 243 (Second Amended Complaint). As represented by POM's counsel and Defendants' counsel in the POM/Eckert Litigation, ***no depositions of the parties have even been scheduled, much less taken place***. In emails with POM's counsel and in a meet and confer on June 30, 2023, POM's counsel would not identify what information he would seek from Mr. Shelly other than "the allegations contained in our Second Amended Complaint," which, again, makes no mention of Mr. Shelly. *See* Ex. 3 (Nolan email to Cruse, 6/27 at 7:30 p.m.) POM's counsel explained that, even though they apparently need Mr. Shelly's deposition urgently before any party depositions, he "[had] not yet drafted [his] examination outline and [does] not know the specific questions" he intends to ask Mr. Shelly, but, "[e]ven if [he] had already done so, that information is protected by the attorney work product doctrine." *Id.* When asked during the meet and confer what, if any, information POM required from Shelly to prove its claims against Defendants Eckert Seamans, Stewart, and Skjoldal that it could not obtain from the parties, POM's counsel responded "Mr. Shelly's view on the allegations in the Second Amended Complaint" and otherwise, again, claimed work product protection over any topics of examination. When asked what, if any, assurances POM could provide that this deposition would not be used as a tool to obtain information for use in POM's case against Shelly personally and in its many other litigations with the Commonwealth of Pennsylvania and licensed casinos throughout the state, POM's counsel again pointed only to the allegations in POM's Second Amended Complaint as the broad subject matter of his not-yet-drafted inquiry of Mr. Shelly.

POM has not even attempted to avoid imposing the undue burden and expense of a deposition on nonparty Peter Shelly. POM has not even tried to make the strong showing of relevance required to impose a deposition on a nonparty; nor has POM even first sought to obtain testimony from the parties or other less intrusive means. The fact that POM has sought to impose the burden of a deposition on Mr. Shelly on a Saturday, which is also the first day he is back from vacation, shows disregard for Mr. Shelly's rights as a nonparty, especially after being told that, under POM's unilateral demand, Mr. Shelly would not even have an opportunity to meet with counsel before a deposition. POM's tactics toward Mr. Shelly are a glaring red flag that this deposition is intended for only improper purposes and has only little, if any, relevance to POM's claims against Defendants Eckert Seamans, Stewart, and Skjoldal. Accordingly, the subpoena for Mr. Shelly's deposition should be quashed.

**B.      The Subpoena Should Be Quashed Because POM Refuses to Provide Reasonable Protection for Confidential and Trade Secret Information.**

As a consultant and lobbyist to licensed casinos in the Commonwealth of Pennsylvania, Mr. Shelly possesses knowledge of his clients' valuable confidential and trade secret information, such as financial information, business strategies and plans, and strategies and plans for petitioning

# BLANKROME

July 13, 2023
Page 4

the government. To Mr. Shelly, POM is a direct competitor to his clients in the gaming industry. Rule 45 states that quashing a subpoena is appropriate where it threatens the disclosure of "trade secret or other confidential, research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

During the meet and confer, POM's counsel refused to provide Mr. Shelly the right to designate portions of his testimony relating to such information "for attorney's eyes only," which would restrict access to such testimony by POM, but permit POM's outside counsel to see it, of course. POM offered only to allow Mr. Shelly to "call the Court for a ruling" during his deposition every time a question was asked about his clients' confidential and trade secret information. POM's proposal is an unworkable, inefficient plan and a waste of judicial time and resources. Indeed, judicial monitoring of depositions is extraordinarily rare, and is certainly not warranted for the deposition of a nonparty who is not even mentioned in the case's operative pleadings. Given that POM is engaged in litigation against Mr. Shelly and his clients in other stated and federal courts, POM's refusal to grant even this minimum protection to Mr. Shelly, a nonparty, is another glaring red flag that this deposition is intended for only improper purposes. For this reason, too, the subpoena for Mr. Shelly's deposition should be quashed.

Respectfully submitted,

William R. Cruse
(application for admission to M.D. Pa. pending)
Thomas F. Brier, Jr.
(admitted to M.D. Pa. bar)

cc:     All counsel of record (via ECF)