# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

*Phone:* (215) 569-5447
*Fax:* (215) 832-5447
*Email:* william.cruse@blankrome.com

July 20, 2023

**VIA ECF**

Hon. Jennifer P. Wilson
United States District Judge
United States District Court
for the Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 North 6th Street
Harrisburg, PA 17102

      Re:    Subpoena for Deposition to Peter Shelly Issued in the Matter: *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellot, LLC et al.*, M.D. Pa. Case No. 1:20-cv-292-JPW

Dear Judge Wilson:

      This firm represents nonparty Peter Shelly in response to a subpoena for his deposition issued by Plaintiff Pace-O-Matic, Inc. ("POM") in the above-referenced matter (the POM/Eckert Litigation).[1] As stated in our letter to Magistrate Judge Saporito, dated July 13, 2023 (ECF No. 316), we are deeply concerned about the propriety of POM's aggressive efforts to obtain the deposition of our nonparty client, Mr. Shelly, due to several obvious red flags, including:

- In a case where what Eckert Seamans knew and when it knew it is at the core of POM's claims (i.e., fraud and breach of fiduciary duty), POM seeks to depose a nonparty, Mr. Shelly, before taking a single party deposition;

- POM is suing Mr. Shelly in the Court of Common Pleas of Lycoming County, which suit is based on Mr. Shelly's lobbying activities on behalf of his licensed casino clients in the Commonwealth of Pennsylvania; and

---

[1] William R. Cruse (the author of this letter) is a member of the Pennsylvania Bar (I.D. No. 209576), the Bar of the U.S. District Court for the Eastern District of Pennsylvania, and the Bar of Third Circuit Court of Appeals. His application to this Court's bar has been submitted.

BLANKROME

July 20, 2023
Page 2

- POM is refusing to agree to reasonable protections for the confidential and trade secret information of its casino competitors that Mr. Shelly possesses, such as a "for attorney's eyes only" provision.

Adding to these concerns is what we, as a nonparty, now perceive to be a lack of candor with the Court by POM about its aggressive pursuit of Mr. Shelly in the POM/Eckert Litigation. In POM's letter to the Court, POM states:

> During a telephonic meet and confer with the undersigned counsel, Shelly's counsel made clear that they would not be producing Shelly for deposition on *any* date, due to the other issues cited in Shelly's discovery letter. . . . To ensure that Shelly could not defer this issue indefinitely, POM set a date certain for the deposition of [Saturday,] July 15.

(POM letter, dated July 18, 2023, at 1.) This statement is demonstrably incorrect. Counsel met and conferred by telephone about the subpoena on Friday, June 30. (*See* Shelly Letter, Ex. 3, at 1.) On Wednesday, June 28, we informed POM's counsel of the dates in July when Mr. Shelly was not available. (*Id.* at 2.) POM's counsel responded two hours later with a new subpoena, demanding Mr. Shelly's deposition the Saturday morning after he returns from vacation, not even allowing him time to meet with counsel beforehand. (*Id.* at 1-2.) To summarize and correct the record, we advised POM on June 28 of Mr. Shelly's availability in July, POM responded that same day with the Saturday, July 15 deposition date, and following the meet and confer on June 30, in which POM did not offer anything to resolve our concerns, we informed POM that we would be moving to quash the subpoena. POM's lack of candor about its aggressive pursuit of Mr. Shelly is yet another red flag about the propriety of its desire to depose Mr. Shelly in the POM/Eckert Litigation.

Because POM's case against Eckert Seamans focuses on when that law firm knew it had a conflict of interest and what it told POM about that conflict of interest, there is no reason to burden Mr. Shelly with a deposition before POM takes the depositions of the parties. This principle is stated in the Third Circuit case law provided in our July 13 letter to the Court. Given that Mr. Shelly is defending himself in another case against him brought by POM about the very same conduct (his lobbying activity), the Court should be even more keen to protect Mr. Shelly, a nonparty, from an unduly burdensome fishing expedition by POM to extract testimony for use in its various other litigations.

As for POM's written response to the Court about Mr. Shelly's request for an "AEO" designation of his testimony to protect the trade secrets and confidential information he possesses of POM's licensed casino competitors, POM's response is not serious. Mr. Shelly, again, a nonparty, has reasonably requested in email and in the meet and confer that POM add this designation to its existing protective order in the POM/Eckert Litigation, which, importantly, has

BLANKROME

July 20, 2023
Page 3

a dispute resolution mechanism for disputes over designations. POM refused to do so then and continues to refuse to do so now based on its letter to the Court.

In closing, POM is running roughshod over Mr. Shelly's rights as a nonparty to the POM/Eckert Litigation. We respectfully request that the Court order that POM is not entitled to even seek Mr. Shelly's deposition until after it has taken the depositions of the parties: Eckert Seamans, Mr. Stewart, and Mr. Skjoldal. None of the interests stated in POM's letter merit forcing a nonparty to sit for a deposition in a case where the parties have not even interviewed one another yet. And, if and when the Shelly deposition proceeds, Mr. Shelly should have the right to designate testimony "for attorney's eyes only."

Respectfully submitted,

*/s/ William R. Cruse*

WILLIAM R. CRUSE