IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| Plaintiff, | : | |
| v. | : | |
| ECKERT, SEAMANS, CHERIN & MELLOTT, LLC., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

**AND NOW**, on this 21st day of July 2023, the court having reviewed Peter Shelly's letter moving to quash the subpoena for his deposition, Doc. 316, the opposition letter submitted by Pace-O-Matic ("POM"), Doc. 318, and Shelly's reply letter, Doc. 322, as well as all attachments to each letter, the court will deny the motion to quash.

Based on the arguments and information presented in the letters and attachments, the court finds that deposing Shelly is highly likely to elicit information that is relevant to POM's claims in this case. Specifically, "not only does Shelly have direct knowledge of the misconduct of Eckert, he likely has first-hand knowledge about the implementation of Eckert's plan—at Eckert's direction—that even Eckert might not possess." (Doc. 318, p. 2.) The court is also convinced that POM has "legitimate reasons for deposing Shelly before the Eckert

Defendants." (*Id.* at 3.) For instance, POM has "determined that it has all the documentary evidence it needs to depose Shelly," while it requires further documentation in advance of the Eckert depositions. (*Id.*) Also, Shelly may have first-hand knowledge of "meetings or discussions that implemented Eckert's strategies, but that Eckert personnel did not participate in directly." (*Id.* at 2.) Thus, Shelly's testimony would not be duplicative.

Accordingly, **IT IS ORDERED THAT**:

1) Peter Shelly's motion to quash is **DENIED**. (Doc. 316.)

2) The transcript for Shelly's deposition **SHALL** be designated as "for attorneys' eyes only" for a period of 30 days, during which time Shelly's counsel may make a motion to seek protection for specific portions of the transcript if necessary after conferring with counsel for POM in an effort to resolve any concerns. If no motion or stipulation is filed, the designation **SHALL** terminate at the conclusion of the thirty-day period.[1]

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

---

[1] By providing this thirty-day period during which the transcript shall be designated as "for attorneys' eyes only," the court anticipates that the deposition will proceed without the need to contact the court during the deposition as any issues regarding confidential information can be resolved after the conclusion of the deposition.