**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS, CHERIN & | : | |
| MELLOTT, LLC., *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**ORDER**

**AND NOW**, on this 29th day of August 2023, the court having reviewed Plaintiff's motion for designation of confidentiality and the briefs on behalf of Plaintiff and Defendants, Docs. 273, 273-3, 281, and 286, the court will grant Plaintiff's motion to de-designate certain documents as confidential.[1]

The parties entered a Stipulated Confidentiality Agreement and Protective Order ("Protective Order") in this case. (Doc. 196.) While the Protective Order permits Defendants to designate documents as confidential, paragraph 14 of the Protective Order provides that Plaintiff may move for the court to determine the designation status of the documents in the event of disagreement. (*Id.* at 10–11.)[2]

---

[1] Because the court writes this order for the benefit of the parties, which are well aware of the procedural and factual history of this case, it omits the relevant background.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

The documents at issue are five email threads with attachments, which Plaintiff attached to their motion as Exhibits C, D, E, F, and G.  Most of the exhibits consist of email correspondence between some combination of Defendant Mark Stewart, non-party state employees, and a non-party lobbyist, Richard Gmerek.  Some exhibits include email correspondence between Defendant Stewart and Parx Casino employees, non-party attorneys, or other non-parties.  Most of the exhibits include email threads in which recipient lists expanded or contracted as emails were forwarded to new recipients or recipients were removed from email discussions.

Defendants present three arguments in support of their argument that the documents should maintain the confidential designation, as defined by the Protective Order, and the court should deny Plaintiff's motion.[3]  First, the documents are properly designated as confidential, under paragraph 2(a)(i) of the Protective Order, because all of them, except for Exhibit F, are protected from disclosure by statute or rule as pre-decisional deliberations. (Doc. 281, pp. 14–16.)  Second, Exhibits E and F are properly designated as confidential, under paragraph 2(a)(ii) of the Protective Order, because they contain information received in

---

[3] Defendants also argue that Plaintiff's arguments fail because the documents are not in the public domain and their motion is procedurally defective.  Because the court concludes that Defendants have not met their burden in showing good cause, this order does not address Defendants' arguments about the public domain and procedural defects.

confidence from a non-party.  (*Id.* at 16–22.)  Third, Exhibits E and G are properly designated as confidential, under paragraph 2(a)(iii) of the Protective Order, because they contain non-public business or commercial information, the disclosure of which would likely, in Defendants' good faith opinion, harm their business or cause them to violate their privacy or confidentiality obligations to others.  (*Id.* at 18–19, 21.)

In making this last argument, Defendants assert that disclosure of Exhibit E would show granular information about how Parx's lobbying effort worked and how Defendant Stewart communicated with a legislator and his staff.  (*Id.* at 19.) Without providing further detail, Defendants summarily conclude that this disclosure would harm their business, commercial, or financial interests.  (*Id.*) They also summarily conclude that disclosure would cause Defendants to violate the privacy or confidentiality obligations they owe their client.  (*Id.*)  Regarding Exhibit G, Defendants give an even more cursory treatment in their assertion that disclosure would cause them to violate their privacy or confidentiality obligations to their clients.  (*Id.* at 21.)

Courts have "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785 (3d Cir. 1994).  But although courts have the power to grant such orders, that does not mean that they may be granted arbitrarily.  *Id.*  Such orders, when issued with respect to discovery

materials, "are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings." *Id.* at 786.

Additionally, it is "well-established that a district court retains the power to modify or lift confidentiality orders that it has entered." *Pansy*, 23 F.3d at 781. The Third Circuit has stated that, in the context of discovery, "it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection." *Id.* at 786 (citation omitted).

Under Third Circuit precedent, "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 484 (3d Cir. 1995) (cleaned up). Importantly, when a dispute arises after the issuance of a protective order, "the party seeking to maintain the seal" of confidentiality has "the burden of proof with respect to those documents" at issue. *See Pansy*, 23 F.3d at 787, n.17.[4]

---

[4] The court recognizes that paragraph 2(b) of the Protective Order places the burden on the receiving party–which is Plaintiff in this instance–to show that disputed materials do not fall under the definition of confidential. But this court interprets the Third Circuit precedent of *Pansy* and *Glenmede* to require that, notwithstanding the stipulated Protective Order, the burden to show good cause remains with the party seeking to maintain the seal of confidentiality–which is Defendants in this instance. *See Pansy*, 23 F.3d at 787, n.17; *Glenmede*, 56 F.3d at 481, n.8; *see also Oliveri v. U.S. Food Serv.*, 2011 WL 13350508, at *2 (M.D. Pa. Jan. 13, 2011); *Chinniah v. E. Pennsboro Twp.*, 2010 WL 11489088, at *2 (M.D. Pa. Nov. 18, 2010). *Cf. United States v. Luchko*, 2006 WL 3060985, at *3 & n.2 (E.D. Pa. Oct. 27, 2006).

The court concludes that the *Pansy* standard applies to this discovery dispute.  It further notes that Defendants have not pointed to specific examples or articulated specific reasoning to show good cause to demonstrate why it is appropriate for the court to keep these documents designated confidential.  Because Defendants have failed to show good cause for maintaining the designation of Exhibits C, D, E, F, and G as confidential, the court will grant Plaintiff's motion.

For the reasons provided above, **IT IS ORDERED THAT**:

1) The court **FINDS NO GOOD CAUSE** for maintain the confidential designation as to the documents labeled as Exhibits C, D, E, F, and G to Plaintiff's motion for designation of confidentiality.  (Doc. 273-1, pp. 23–58.)  The court **DECLARES** that these documents **DO NOT QUALIFY AS CONFIDENTIAL**.

2) Plaintiff's motion, Doc. 273, is **GRANTED**.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania
