# HUSCH BLACKWELL

Michael P. Nolan
Partner
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Direct: 314.480.1989
Michael.Nolan@huschblackwell.com

September 14, 2023

**VIA ELECTRONIC DELIVERY**
Judge Jennifer P. Wilson
United States District Judge
Middle District of Pennsylvania
197 South Main Street
Wilkes-Barre, PA 18701

> Re:   *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellot, LLC et al.* M.D. Pa. No.
> 1:20-cv-292-JPW: Motion for Leave of Court to Take Additional Depositions

Dear Judge Wilson:

Plaintiff Pace-O-Matic, Inc. ("POM") respectfully requests this Court grant POM leave to take three additional depositions beyond F.R.C.P. Rule 30's presumptive limit of ten depositions per side (not including experts). The parties met and conferred on the issue by telephone on September 11 and 13, 2023. Defendants will not stipulate to the additional depositions.

This case is focused on Defendants' wide-ranging campaign to destroy POM's business over a number of years and which continues to this day for the benefit of Parx Casino. Defendants' conduct involves a wide array of individuals who have sought to influence and pressure various governmental agencies to unlawfully target POM and its related businesses, clients, and licensees. Defendants have influenced those agencies to take the position that POM's skill games are illegal gambling devices, despite the fact that court after court, having analyzed the issue thoroughly, has ruled they are not.

POM is holding off on taking certain key depositions, including named Defendant Mark Stewart, Tim Coon (Eckert's Chief Legal Officer) and Eckert's corporate representative, pending a ruling by the Third Circuit regarding certain documents being withheld under claims of privilege. Nevertheless, POM has progressed with other discovery, having taken the depositions of Kristine Marsilio (former associate attorney at Eckert); Kevin Hall (former CEO of the Virginia Lottery); and Kevin O'Toole (Pennsylvania Gaming Control Board Director and corporate representative).

POM has also noticed—or is about to notice—the following depositions:

- Peter Shelly – a Public Relations Consultant heavily involved in Defendants' campaign to destroy POM;

- R. Douglas Sherman – the former General Counsel of the PGCB who met with Defendant Stewart just prior to the PGCB adopting Defendants' anti-skill position and thereafter engaging in litigation against a POM related entity;

# HUSCH BLACKWELL

Judge Jennifer Wilson
September 14, 2023
Page 2

- David Barasch – the former Chairman of the PGCB at the time when the PGCB adopted Defendants' anti-skill position and just after the PGCB's Director met with Defendant Stewart;

- Susan Yocum – a Partner at Eckert involved in Defendants' campaign to destroy POM;

- Corporate representative for the Pennsylvania State Police – which effectuated Defendants' campaign by targeting and seizing POM games, claiming they were illegal gambling devices;

- Bob Green – the Chairman of Parx Casino who directed Defendants in their campaign to destroy POM;

- Defendant Kevin Skjodal – Partner at Eckert involved in Defendants' campaign to destroy POM.

That would put the total number of depositions at thirteen (not including experts). Pursuant to Rule 30, a party must obtain leave of Court if the parties (1) have not stipulated to the requested deposition, and (2) the deposition would result in more than 10 depositions taken by one side. *See* Fed. R. Civ. P. 30(a)(2). When determining whether leave to conduct additional depositions is warranted, the Court must consider the factors outlined in Rule 26(b)(2), which provides:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

*Wertz v. GEA Hart Exchangers Inc.*, No. 1:14-CV-1991, 2015 WL 8959408 (M.D. Pa. Dec. 16, 2015).

Here, the depositions sought would not be unreasonably cumulative or duplicative. Each witness has unique knowledge that relates to different aspects of Defendants' wrongful conduct, which is certainly within the scope of Rule 26(b)(1). For instance, although POM has already deposed PGCB's corporate representative, there were certain details that Mr. O'Toole likely would not have had access to from Mr. Sherman and Mr. Barash, who are no longer employed by the PGCB. Therefore, it is necessary to obtain their testimony regarding their personal recollections on certain issues – information which cannot be obtained from another source. POM anticipates both could be completed in a single day.

# HUSCH BLACKWELL

Judge Jennifer Wilson
September 14, 2023
Page 3

Similarly, it is necessary to obtain testimony from the Pennsylvania State Police regarding the fact that they targeted POM's legal skill games.  POM is doing so in the most efficient manner possible – via a corporate representative deposition – to avoid having to depose multiple officers involved in the multitude of unlawful seizures of POM games. POM cannot get this information through any other means due to the fact that many of the current and former officers involved would be reluctant to voluntarily discuss these matters absent the compulsion of a subpoena given the ongoing other litigation.

Although the Third Circuit has not addressed the issue, some district courts have held that a party should exhaust its quota of depositions before seeking leave for additional depositions.  *See Bobrick Washroom Equip., Inc. v. Scranton Prod., Inc.*, No. 3:14-CV-853, 2021 WL 5863997, at *1 (M.D. Pa. Mar. 30, 2021).    Other district courts have permitted such early and proactive requests.  *See L.W. v. Lackawanna Cnty., Pa.*, No. 3:14-CV-01610, 2015 WL 2384229, at *1 (M.D. Pa. May 19, 2015) (granting plaintiff's motion to exceed the limit where only four depositions had been taken and specifically noting that plaintiff "proactively sought leave from the Court early in the discovery phase.")

Here, judicial economy militates in favor of addressing the issue now so that POM can continue to make progress in discovery by deposing primarily non-party witnesses, while putting off certain important Eckert depositions, as POM awaits a ruling from the Third Circuit.  Like in *Lackawanna Cnty., Pa.*, POM anticipates the total number of depositions will exceed the presumptive limit of ten and is proactively seeking leave from the Court so it can plan its course of action accordingly.  To hold otherwise, and follow *Bobrick* would prevent POM from moving forward with the depositions of important non-party witnesses for fear that it would reach its limit of ten depositions without having deposed Defendant Stewart, Mr. Coon, and Eckert's corporate representative and without assurance that it would be granted leave to do so.

Therefore, POM respectfully requests that this Court grant it leave to take the above-listed depositions and grant it such other relief as this Court deems appropriate.

Respectfully,

HUSCH BLACKWELL LLP
*/s/ Michael P. Nolan*

Michael P. Nolan

cc:  All counsel of record (via CM/ECF)