# EXHIBIT C

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Pennsylvania  ▾

| | |
|---|---|
| PACE-O-MATIC, INC., _____ *Plaintiff* | ) ) ) |
| v. | ) Civil Action No.  1:20-CV-292-JPW |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, et al _____ *Defendant* | ) ) ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Pennsylvania State Police
_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Notice of Deposition and Exhibit A

| Place: TBD at a place to be agreed upon by the parties. | Date and Time: TBD at a date and time to be agreed upon by the parties. |
|---|---|

The deposition will be recorded by this method: ___Court Reporter - Video_____

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | Michael P. Nolan |
|---|---|---|
| _____ *Signature of Clerk or Deputy Clerk* | | _____ *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Pace-O-Matic _____ , who issues or requests this subpoena, are:

Husch Blackwell LLP- see attached Notice of Deposition for contact information.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-CV-292-JPW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,      )
                )
     Plaintiff,      )      No. 1:20-cv-292-JPW
                )
     v.      )      Judge Wilson
                )
ECKERT SEAMANS CHERIN &      )
MELLOTT, LLC, et al.,      )
                )
     Defendants.      )

**PLAINTIFF PACE-O-MATIC, INC.'S NOTICE OF
VIDEOTAPED DEPOSITION OF PENNSYLVANIA STATE POLICE'S
CORPORATE REPRESENTATIVE**

**TO**:   Peter Buckley, Esquire
     Abraham C. Reich, Esquire
     Robert S. Tintner, Esquire
     Fox Rothschild LLP
     2000 Market Street, 10th Floor
     Philadelphia, PA 19103-3291
     **Attorneys for Defendant**

**PLEASE TAKE NOTICE THAT** Plaintiff Pace-O-Matic, Inc. through its

undersigned counsel will take the videotaped deposition of **Pennsylvania State**

**Police's Corporate Representative** pursuant to Rule 30 of the Federal Rules of

Civil Procedure and Middle District of Pennsylvania Local Rule 30.2, before a

notary public or some other officer authorized to administer oaths under law,

date and location To Be Determined, and continuing from day to day thereafter

until completed. The examination will be recorded by stenographic and

audiovisual means by Planet Depos, 1650 Market Street, Suite 3600,

Philadelphia (888) 433-3767. Pursuant to Rule 30(b)(2) of the Federal Rules of

1

Civil Procedure, the deponent is directed to bring with him/her to the deposition any and all documents requested in Plaintiff's First and Second Requests for Production of Documents that have not already been produced.

DATED:  April 27, 2023

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Michael P. Nolan*
Jeffrey B. Jensen*
Michael Nolan*
Michael Martinich-Sauter*
Bola Adeniran*
8001 Forsyth Boulevard
Suite 1500
St. Louis, Missouri 63105
314-345-6464 (Telephone)
314-480-1505 (Facsimile)
Jeff.jensen@huschblackwell.com

* Appearing by special admission

George W. Westervelt, Jr.
Attorney ID No. 18195
706 Monroe Street, PO Box 549
Stroudsburg, Pennsylvania 18360
570-421-6100
geowwest@ptd.net

*Counsel for Plaintiff Pace-O-Matic, Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

I, Michael P. Nolan, hereby certify that a true and correct copy of the foregoing Notice of

Videotaped Deposition was served upon the following counsel of record via electronic mail on

this 27th day of April, 2023:

Peter Buckley, Esquire
Abraham C. Reich, Esquire
Robert S. Tintner, Esquire
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
Attorneys for Defendant

*/s/ Michael P. Nolan*

3

HB: 4874-9131-3239.1

## EXHIBIT A

## DEFINITIONS

"**Communication**" includes every expression, statement, or dissemination of any words, thoughts, statements, ideas, or information, regardless of form, format, medium, or kind. "Communication" includes but is not limited to oral and written communications of any kind, including telephone conversations, discussions, meetings, notes, letters, agreements, emails and other electronic communications, facsimiles, and all other forms of written or oral exchange that are recorded in any way, including video recordings, audio recordings, written notes, or otherwise. Any communication that falls within the definition of "document" shall constitute both a document and a communication for purposes of this Subpoena. To the extent that any item constitutes a "Communication" under this definition, all attachments to that item also constitute "Communications," regardless of whether those items would independently constitute "Communications."

"**Document**" encompasses and includes every item, material, file, expression, document, and other thing that would constitute a "document" as that term is used in Federal Rule of Civil Procedure 34. "Document" includes every item, whether in electronic or tangible form, upon which any expression or communication has been recorded by any means, including but not limited to electronic documents, files, databases, and records, including but not limited to emails, voicemails, text messages, calendar entries, instant messages, MMS messages, SMS messages, iMessages, computer files, spreadsheets, and metadata. The term "document" includes every draft of any other material that falls within the definition of "document."

"**Eckert**" means Eckert, Seamans, Cherin & Mellott, LLC.

A person is "**party to**" a Communication if the person is involved in any way in the Communication, including but not limited to any speaker, listener, writer, drafter, reader, sender, or recipient (whether directly, via "cc," via "bcc," or via forward or similar mechanism).

"**Parx**" means Greenwood Gaming and Entertainment, Inc. d/b/a Parx Casino.

"**POM**" means Pace-O-Matic, Inc.

"**Pennsylvania State Police**" includes any employee, agent or representative of the Pennsylvania State Police as well as any component or subdivision thereof, including but not limited to the Bureau of Liquor Control Enforcement and the Bureau of Gaming Enforcement.

4

"**You**," and "**your(s)**" refers to the Pennsylvania State Police and includes every component and subdivision, including but not limited to Bureau of Liquor Control Enforcement and Bureau of Gaming Enforcement.

## TOPICS

1.      A description of all Communications relating to games of skill, skill games, "gray market" gaming, purportedly illegal gaming, or purportedly unregulated gaming between You and any of the following persons:

        a.      Mark Stewart;
        b.      Kevin Skjoldal;
        c.      David (a/k/a Neil) Hittinger;
        d.      Kristine Marsilio;
        e.      Any other employee, officer, or owner of Eckert, including but not limited to any individual whose email address includes the domain "@eckertseamans.com."
        f.      Robert ("Bob") Green;
        g.      Thomas Bonner;
        h.      Bryan Schroeder;
        i.      Any other employee, officer, or agent of Parx;
        k.      Richard Gmerek
        l.      Pete Shelly
        m.      Adrian King
        n.      Senator Robert "Tommy" Tomlinson
        o.      Alex Urrea
        p.      Dave Thomas
        q.      Joseph Uliana

2.      A description of all Communications between You and any other person relating to POM, "Pennsylvania Skill," "PA Skill," "Queen of Virginia".

3.      Your policy/agency position regarding the legality of any POM game and/or skill game; any change in position on that issue between January 1, 2016 and the present; the persons involved in any such change and the basis therefore, including the identify of any documents upon which such change is based or which memorialize the decision.

4.      A description of all Communications between You and any other person relating to a change in Your policy/agency position referenced in the preceding topic between January 1, 2015 and the present.

5

5.      A description of all meetings, telephone calls, and videoconferences involving You, relating in any way to POM, "Pennsylvania Skill," "PA Skill," "Queen of Virginia," games of skill, skill games, "gray market" gaming, purportedly illegal gaming, or purportedly unregulated gaming that were attended by any of the following or to which any of the following were invited:

        a.      Mark Stewart;
        b.      Kevin Skjoldal;
        c.      David (a/k/a Neil) Hittinger;
        d.      Kristine Marsilio;
        e.      Any other employee, officer, or owner of Eckert;
        f.      Robert ("Bob") Green;
        g.      Thomas Bonner;
        h.      Bryan Schroeder;
        j.      Any other employee, officer, or agent of Parx.
        k.      Richard Gmerek
        l.      Pete Shelly
        m.     Adrian King
        n.      Senator Robert "Tommy" Tomlinson
        o.      Alex Urrea
        p.      Dave Thomas
        q.      Joseph Uliana

6.      A description of all Communications relating to any actual or proposed joint or coordinated efforts with casinos or participants in the gaming industry and/or their representatives relating to:

        a.      POM, "Pennsylvania Skill," "PA Skill," or "Queen of Virginia"; or

        b.      games of skill, skill games, "gray market" gaming, purportedly illegal gaming, or purportedly unregulated gaming in either Pennsylvania or Virginia.

7.      A description of all Communications relating to any actual or proposed target or focus of Pennsylvania State Police related to:

        a.      POM, "Pennsylvania Skill," "PA Skill," or "Queen of Virginia"; or

        b.      games of skill, skill games, "gray market" gaming, purportedly illegal gaming, or purportedly unregulated gaming in either Pennsylvania or Virginia.

8.      A description of all Communications relating to Captain James Jones and Pace-O-Matic, POM, "Pennsylvania Skill," "PA Skill," or "Queen of Virginia."

6

9.      A description of all investigations in which Captain James Jones was the target of the investigation and involving Pace-O-Matic, POM, "Pennsylvania Skill," "PA Skill," or "Queen of Virginia.

10.      A description of all Communications related to Captain James Jones, Sergeant Fischer, or any of your employees, agents, or officers providing direction or instruction or suggestion to anyone to look for, find, or target Pace-O-Matic, POM, "Pennsylvania Skill," "PA Skill," or "Queen of Virginia games ("POM games") including but not limited calendar entries, notes, records, or minutes of meetings or briefings, descriptions or depictions of the POM games logo, descriptions regarding distinguishing POM games from Banilla games, instructions on writing reports related to seizure of POM games, instruction or descriptions characterizing the legality or illegality of the POM games, or instructions regarding communication with licensees of the POM games.

11.      A description of all training received by the Vice Unit or other specific Pennsylvania State Police Units related to games of skill, skill games, "gray market" gaming, purportedly illegal gaming, purportedly unregulated gaming, or POM games, including documents related to the cost of the training.

12.      All grant applications submitted by the Monroe County District Attorney's Office to the Pennsylvania Gaming Control Board.

13.      All prepared remarks, slide decks, Powerpoint presentations, handouts, outlines, agendas, and other Documents reflecting or memorializing any aspect of the content of a training event delivered on or about September 28, 2021 by the Pennsylvania State Police's CAGE Unit.

14.      A description of any actions taken by You or anyone on Your behalf who has conducted and an analysis of any POM game or POM software.

15.      All seizures of POM games by You, their locations from the time of seizure to present, any testing or analysis of such games and all chain of custody documents related thereto.

16.      A description of any evidence, and when and how acquired, regarding the play and operation, or the presence or absence of skill, of a POM game or POM software.

17.      A description of all communications with PGCB regarding the POM games or POM software and the participants and purpose of those communications.

18.      A description of any and all exculpatory evidence regarding the POM games or POM software and when it became known to the Pennsylvania State Police.

19.      An identification of the highest ranking member of the Pennsylvania State Police who authorized or directed the seizure of POM games in Dauphin County on March 14, 2023, from the Herr Street Stop.  A description of all personnel also involved in the implementation of the decision to conduct the seizure of March 14, 2023.

7

20.    A description of all communications, from within the Pennsylvania State Police, and with any entity or individual from another state agency or from outside of the Pennsylvania State Police regarding this seizure.

21.    A description of all communications, training actions or directives, or policies that resulted from the decision in *In re: Pace-O-Matic, Inc. Equipment, Terminal I.D. No. 142613*, No. M.D. 965-2013 (Beaver County C.C.P. December 23, 2014).

22.    A description of all communications with BMM Testlabs or Peter Nikiper regarding the testing or evaluation of POM games or POM software.

23.    A description of any attempt, instance or effort to examine POM software by You or any third Party on Your request or behalf.

24.    A description of all communications, writings, policies or directives prepared by Major Scott Miller regarding Skill games or POM games.

25.    A description of any and all communications between you and District Attorney Ryan Sayers or Peter Weeks regarding POM games or POM software, including but not limited to issues regarding seizures of such games and the lack of basis for such seizures.

8

HB: 4874-9131-3239.1

9

HB: 4874-9131-3239.1