

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com

PETER C. BUCKLEY, ESQUIRE
Direct Dial: 215-299-2854
Email Address: PBuckley@foxrothschild.com

October 10, 2023

**VIA ECF**

The Honorable Jennifer P. Wilson, United States District Judge
United States District Court for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

> Re:    *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, No. 1:20-cv-00292-JPW (M.D. Pa.) – Defendants' Motion to Compel Damages Discovery

Dear Judge Wilson:

Pursuant to the Court's Rules, Defendants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin M. Skjoldal (collectively, "Eckert") write to notify the Court of a discovery dispute relating to Plaintiff Pace-O-Matic, Inc.'s ("POM") failure to produce requested documents relating to its allegation that it directly incurred fees in litigating the Commonwealth Court Cases and the State Court Cases.[1]  Although the parties' counsel conferred regarding this dispute on April 27, July 5, and July 13, they were unable to resolve it.  Accordingly, Eckert respectfully requests that the Court order POM to produce the requested documents or that POM be precluded from recovering any attorneys' fees relating to the Commonwealth and State Court Cases.

**I.    A Key Disputed Issue in this Case Is Whether POM Directly Incurred Attorneys' Fees in Certain State Court Proceedings in Which POM Is Not a Party**

A critical and unresolved issue in this case is whether "POM can[] recover attorneys' fees for the Commonwealth Court Cases, in which no POM entity was a party, or the State Court Cases,

---

[1] The terms "Commonwealth Court Cases" and "State Court Cases" shall have the same meanings herein as ascribed to them on pages 2 and 3, respectively, of the Memorandum issued by the Court on June 12, 2023 (ECF No. 301) (the "June 12 Decision").

A Pennsylvania Limited Liability Partnership

California     Colorado     Connecticut     Delaware     District of Columbia     Florida
Illinois     Minnesota     Nevada     New Jersey     New York     Pennsylvania     Texas

in which cases POM-PA, and not POM, was a party." June 12 Decision at 23. "POM asserts that it has directly incurred fees in litigating the Commonwealth and State Court Cases," even though it is not a party in any of those cases. *Id.* at 25.

The parties briefed this issue in connection with Defendants' Motion to Dismiss Portions of Second Amended Complaint of Plaintiff, Pace-O-Matic, Inc. *See* ECF Nos. 254, 258, 259, 261. In the Court's ruling on that motion, the Court concluded that while "POM pleads a plausible case for attorneys' fees related to the Commonwealth and State Court Cases," "**discovery may show that the cases which Eckert cites apply—and the fees were actually incurred by other entities** . . . ." June 12 Decision at 25 (emphasis added). Thus, a key unresolved factual issue in this case is whether POM itself in fact paid and/or is obligated to pay attorneys' fees that non-POM entities purportedly incurred in the Commonwealth Court Cases and the State Court Cases.

## II. POM Refuses to Produce Documents Showing Whether and to What Extent It Directly Incurred Attorneys' Fees in the Commonwealth and State Court Cases

Eckert propounded discovery requests seeking production of POM's documents showing its alleged damages. Those requests included within their scope the contested damages issue highlighted by the Court in the June 12 Decision—*i.e.*, whether any attorneys' fees purportedly incurred by non-POM entities in the Commonwealth Court Cases and the State Court Cases were, in fact, paid by POM. Specifically, in Eckert Seamans Cherin & Mellott, LLC's First Set of Requests for the Production of Documents Directed to Plaintiff ("Eckert's RFPs"), Eckert requested that POM produce, *inter alia*, the following:

> 4. All documents and/or communications and/or tangible things, electronically stored or otherwise, that refer or relate to POM's claim(s) for damages allegedly suffered as a result of the conduct alleged in the Complaint.[2]

In response to this request ("Request No. 4"), POM stated as follows:

> POM objects to this request to the extent it purports to require the production of information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.
>
> Without waiver of these objections, POM responds as follows:
>
> POM will make responsive documents available for Eckert's review and inspection.

Plaintiff's Objections and Responses to Defendant's First Request for Production of Documents ("POM's R&Os") at 6.[3] POM asserted no other objections to Request No. 4. *See id.*

Despite agreeing to produce all non-privileged documents responsive to Request No. 4,

---

[2] A true and correct copy of the relevant pages of Eckert's RFPs is attached hereto as Exhibit A.

[3] A true and correct copy of POM's R&Os is attached hereto as Exhibit B.

POM has failed to do so.  Specifically, POM has produced *zero* documents showing whether and to what extent POM paid and/or is obligated to pay the attorneys' fees purportedly incurred by non-POM entities in the Commonwealth Court Cases and the State Court Cases.

**III.    The Court Should Order POM to Produce the Requested Documents Showing Whether and to What Extent POM Directly Incurred the State Court Attorneys' Fees It Seeks to Recover in this Case, or Preclude POM from Presenting Evidence <u>Concerning Those Alleged Damages and from Recovering Them</u>**

The Court itself concluded that while "POM pleads a plausible case for attorneys' fees related to the Commonwealth and State Court Cases," "**discovery may show that** . . . **th[os]e fees were actually incurred by other entities** . . . ." June 12 Decision at 25 (emphasis added).  Thus, POM's non-privileged documents showing whether and to what extent *POM* paid and/or is obligated to pay the attorneys' fees purportedly incurred by or on behalf of *non-POM entities* in the Commonwealth Court Cases and the State Court Cases unquestionably are relevant and discoverable.  Accordingly, POM must produce them.  FED. R. CIV. P. 26(b)(1).  These documents include (i) all unredacted invoices showing or describing the attorneys' fees relating to the Commonwealth Court Cases and State Court Cases that POM itself paid and/or is obligated to pay; (ii) all cancelled checks, wire transfers, and other documents showing POM's payment of such attorneys' fees; (iii) all documents relating to any indemnification agreements or other agreements pursuant to which POM paid, agreed to pay, and/or is obligated to pay such attorneys' fees.  Eckert requested these documents more than a year ago and needs them now to proceed with depositions.

If POM continues to withhold these documents, then the Court should preclude POM from presenting evidence concerning the attorneys' fees related to the Commonwealth Court Cases and the State Court Cases.  *See, e.g.*, FED. R. CIV. P. 37(b)(2)(A)(ii); *Deitrick v. Costa*, No. 4:06-CV-1556, 2019 WL 6717839, at *4 (M.D. Pa. Dec. 10, 2019) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . unless the failure was substantially justified or is harmless.") (citing FED. R. CIV. P. 37(b)(2)(A)(i)-(vi)); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 697 (3d Cir. 1988) (order "precluding [party] from producing evidence as to cost of completion damage . . . . was plainly justified" where party refused to produce requested evidence); *Cap. City Cab Serv., Inc. v. Susquehanna Area Reg'l Airport Auth.*, No. CIV.A. 1:06-CV-671, 2008 WL 4838465, at *2, 6 (M.D. Pa. Nov. 5, 2008) ("preclud[ing plaintiffs] from admitting testimony regarding damages and lost profits because they failed to produce sufficient information during discovery").  Precluding POM from recovering this category of alleged damages would be appropriate, since POM alone controls the documents necessary to determine whether it "directly incurred fees in litigating the Commonwealth and State Court Cases." June 12 Decision at 25.

For all of these reasons, Eckert respectfully requests that the Court issue an Order in the form attached hereto as Exhibit C.

Respectfully submitted,

*/s/ Peter C. Buckley*
Peter C. Buckley

cc:    All counsel of record (via ECF)

3