# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

*Phone:*    *(215) 569-5447*

*Fax:*    *(215) 832-5447*

*Email:*    *william.cruse@blankrome.com*

October 18, 2023

**VIA ECF**

Hon. Jennifer P. Wilson
United States District Judge
United States District Court
for the Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 North 6th Street
Harrisburg, PA 17102

> **Re:    Motion for Confidentiality Designations in Connection with the Deposition of Peter Shelly in the Matter:**
> ***Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellot, LLC et al.,***
> **M.D. Pa. Case No. 1:20-cv-292-JPW**

Dear Judge Wilson:

This firm represents nonparty Peter Shelly in response to a subpoena for his deposition issued by Plaintiff Pace-O-Matic, Inc. ("POM") in the above-referenced matter (the POM/Eckert Litigation"). On September 20, 2023, POM deposed Mr. Shelly in the POM/Eckert Litigation. In accordance with the Court's July 21, 2023, Order Denying Mr. Shelly's Motion to Quash (ECF No. 324), Mr. Shelly's deposition transcript remains designated as "for attorneys' eyes only" until October 20, 2023—a period of thirty days. Pursuant to the same Order, we write to seek protection of specific portions of Mr. Shelly's transcript.[1]

As anticipated by Mr. Shelly, POM leveraged Mr. Shelly's deposition to bolster its position in wholly unrelated contemporaneous litigation.[2] Indeed, the crux of Mr. Shelly's time was not spent answering questions related to the breach of fiduciary duty and fraud claims against Defendants Eckert Seamans, Stewart, and Skjoldal. Rather, POM primarily questioned Mr. Shelly about, *inter alia*, the legality of POM's devices and his interpretation of case law (despite him not

---

[1] Counsel to Mr. Shelly received the final transcript of Mr. Shelly's deposition on October 6, 2023.

[2] *See* Letter Moving to Quash Subpoena for Deposition to Peter Shelly, ECF No. 316 at 2; Mr. Shelly's Reply Letter, ECF No. 322 at 2.

BLANKROME

October 18, 2023
Page 2

being an attorney).[3] Notably, these questions mirror those posed to the Pennsylvania Gaming Control Board Executive Director, Kevin O'Toole, in the POM/Eckert Litigation, which were then excerpted into POM's **publicly filed** *Amicus Curiae* brief before the Commonwealth Court.[4] POM's motive to use these depositions for improper purposes unrelated to its case against Eckert Seamans defendants becomes transparent when considering that over the course of this three-and-a-half-year litigation, POM has only conducted four depositions, all of whom are nonparties.[5]

A.    Testimony Containing Competitively Sensitive Information is Expressly Protected Under the Terms of the Protective Order and Case Law

Pursuant to the Stipulated Confidentiality Agreement and Protective Order (ECF No. 196) (the "Protective Order"),[6] documents, including deposition testimony, "may be designated 'CONFIDENTIAL' where it contains (i) information protected from disclosure by statute, rule, common law or agreement between the Designating Party and another party; (ii) information received in confidence from a non-Party; and/or (iii) non-public business, commercial, financial, or personal information, the public disclosure of which would likely, in the good faith opinion of the Designating Party, harm the Designating Party's business, commercial, or financial interests or cause the Designating Party to violate his, her, or its privacy or confidentiality obligations to others."[7]

While the Protective Order permits a confidential designation, in some instances, as here, a protective order alone may fall short of granting the protections needed. *See Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, No. CV 3:15-290, 2017 WL 4310221, at *9 (M.D. Pa. Sept. 28, 2017) (finding that the governing protective order was "insufficient to protect against the competitive advantage that would be afforded to the [nonmoving party's] counsel if the court were to allow the subpoenas."). Thus, district courts have the flexibility to construct protective orders that permit discovery while including protections for the disclosing party. *See Deman Data Sys., LLC v. Schessel,* No. 4:13-MC-00520, 2014 WL 204248, at *4 (M.D. Pa. Jan. 16, 2014). "Protective orders that allow for 'attorneys' eyes only' designations have been utilized often in circumstances where the requesting party could use the information to the disadvantage of the

---

[3] *See* **Exhibit 1**, Shelly Dep. Tr.
[4] *See* **Exhibit 2**, Brief of *Amicus Curiae* Pace-O-Matic, Inc., *In re: Three Pennsylvania Skill Amusement Devices, One Green Bank Bag Containing $525.00 in U.S. Currency and Seven Receipts*, No. 707 CD 2023 (Sept. 12, 2023) at 14-16. Notably, POM's counsel strongly requested Mr. Shelly's deposition be taken in advance of POM's *Amicus Curiae* filing deadline and reacted with great professional discourtesy when Mr. Shelly's unfortunate health issues delayed the deposition past the filing date.
[5] Eckert Seamans Cherin & Mellot, LLC's Opposition to POM's Motion to Exceed Ten-Deposition Limit, ECF No. 330 at 2.
[6] Protective Order, ECF No. 196 at ¶ 20 (extending the Protective Order's provisions to third parties).
[7] Protective Order, ECF No. 196 at ¶ 2(a).

BLANKROME

October 18, 2023
Page 3

disclosing party." *Id.*

Mr. Shelly serves as an agent of Greenwood Gaming and Entertainment, Inc., d/b/a Parx Casino ("Parx Casino")—a direct competitor to POM. Beyond inquiring as to Mr. Shelly's legal conclusions, POM questioned him for insights into Parx Casino's marketing strategy, details of its contractual arrangements, and other non-public business information. This information, if public, places both Parx Casino and Mr. Shelly at distinct competitive disadvantages. Consequently, these segments of Mr. Shelly's transcript necessitate protective measures.

### B.    Certain Portions of Mr. Shelly's Deposition Transcript Should Be Designated as Confidential or Attorneys' Eyes Only

Mr. Shelly respectfully requests that the following testimony be designated as Confidential or Attorneys' Eyes Only ("AEO"):

| Page/Line | Designation | Reason |
|---|---|---|
| 56:20-58:9 | Confidential | Parx Casino non-public business information |
| 68:24-71:4 | Confidential | Parx Casino non-public business information |
| 94:4-98:2 | Confidential | Parx Casino non-public business information |
| 98:3-100:17 | Confidential | Shelly non-public business information |
| 101:15-108:22 | AEO | Parx Casino/Shelly non-public business and pricing information |
| 109:14-114:10 | Confidential | Parx Casino non-public business information |
| 114:11-20 | AEO | Parx Casino/Shelly non-public business information |
| 115:8-116:6 | Confidential | Parx Casino non-public business information |
| 116:24-117:3 | Confidential | Parx Casino non-public business information |
| 117:17-123:11 | AEO | Shelly non-public business information |
| 133:21-136:8 | AEO | Shelly non-public business information |
| 136:9-149:21 | Confidential | Parx Casino non-public business information |
| 150:13-219:8 | Confidential | Parx Casino/Shelly non-public business information |
| 219:19-324:9 | Confidential | Parx Casino/Shelly non-public business information |
| 325:9-406:18 | Confidential | Parx Casino/Shelly non-public business information |
| 406:20-409:4 | Confidential | Parx Casino/Shelly non-public business information |

Respectfully submitted,

*/s/ William R. Cruse*

WILLIAM R. CRUSE

BLANKROME

October 18, 2023
Page 4


Encls.
cc: All counsel of record (via ECF, w/encls.)