# HUSCH BLACKWELL

Jeff B. Jensen
Partner

8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Direct: 314.345.6464
Fax: 314.480.1505
jeff.jensen@huschblackwell.com

October 20, 2023

Judge Jennifer P. Wilson
United States District Judge
United States District Court for the Middle
District of Pennsylvania
228 Walnut Street
Harrisburg, Pennsylvania 17101

> **Re:** ***Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC, et al.***
> **Civil No. 1:20-CV-00292**

Dear Judge Wilson:

Defendants' October 10 discovery letter contends that Plaintiff Pace-O-Matic, Inc. ("POM") must choose between two options: either produce its invoices relating to ongoing collateral litigation, or else abandon its request to recover fees incurred in that collateral litigation as damages in this litigation. On this much, Defendants are correct. After substantial consideration since the last meet-and-confer identified in Defendants' discovery letter, POM has decided to abandon its request for fees incurred in collateral litigation caused by Defendants' misconduct. Among other factors, POM has concluded that there is no feasible way to prove up that category of damages without permitting adverse parties to gain potential access to POM's current case strategy and work product in ongoing, high-stakes collateral litigation. POM has now served amended Rule 26 disclosures that make clear that POM is no longer seeking such damages. *See* Exhibit 1.[1] In light of that stipulation, evidence regarding POM's fees incurred in collateral litigation is not relevant to any issue in this case, and requiring POM to produce such evidence would not be proportional to the needs of this case. For this reason, POM respectfully requests that the Court deny Defendants' request to compel production of such evidence.

---

[1] As described in Exhibit 1, POM still seeks recovery of the following amounts: (1) fees received by Defendants in connection with Eckert's representation of POM; (2) disgorgement of fees received by Defendants for their representation of other clients, where those representations breached fiduciary duties owed to POM; (3) punitive damages; and (4) court costs and interest permitted by law. POM also still seeks the declaratory and injunctive relief described in the Second Amended Complaint.

1

**HUSCH BLACKWELL**

In addition to their request to compel production of evidence, Defendants also request that the Court preclude POM from introducing at trial evidence regarding the fees incurred in collateral litigation caused by Defendants' misconduct.  While POM believes that such a request would be more appropriately presented in a motion in limine, POM agrees that it should not be permitted to present evidence regarding the fact or amount of attorneys' fees incurred in collateral litigation if the Court denies Defendants' request to compel the production of such evidence.

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Jeff B. Jensen*

Jeff B. Jensen

2