# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:20-cv-292-JPW |
| | ) | |
| v. | ) | Judge Wilson |
| | ) | |
| ECKERT SEAMANS CHERIN & | ) | |
| MELLOTT, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PACE-O-MATIC, INC'S FIRST AMENDED RULE 26(a)(1) DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Pace-O-Matic, INC. ("POM"), makes the following amended disclosures ("Amended Disclosures").

POM makes these Amended Disclosures in good faith based upon the information reasonably available at this time and without the benefit of complete investigation or discovery. Pursuant to Rule 26(e), POM reserves the right to supplement or amend these disclosures. In particular, these disclosures should not be construed to limit POM's ability to later identify individuals with knowledge of relevant facts or documents as they may become known to POM through discovery, investigation, or otherwise.

**A. Individuals likely to have discoverable information that may be used to support the claims asserted in this matter:**

1. **Greg Cline**
   **Former General Counsel, Pace-O-Matic, Inc.**
   **c/o Husch Blackwell, LLP**
   **190 Carondelet Plaza, Suite 600**
   **St. Louis, MO 63131**

Greg Cline has knowledge and information concerning the matters summarized in the Declaration filed in this matter including, inter alia, POM's engagement of Eckert, Seamans, Cherin & Mellott, LLC ("Eckert") to provide legal services, the circumstances surrounding the

1

engagement, the legal services that were requested and the confidential and proprietary information provided to Eckert in furtherance of the requested legal services.

2. **Thomas A. Lisk**
   **Cozen O'Connor**
   **Two James Center**
   **1021 E. Cary Street, Suite 1420**
   **Richmond, VA 23219**

Thomas Lisk has knowledge and information concerning the matters summarized in the Declaration filed in this matter, including, inter alia, POM's engagement of Eckert to provide legal services, the circumstances surrounding the engagement, the legal services that were requested and the confidential and proprietary information provided to Eckert in furtherance of the requested legal services.

3. **Tony Troy**
   **The Stanley Law Group**
   **13508 Booker T. Washington Highway**
   **Moneta, VA 24121**

Tony Troy has knowledge and information concerning the matters summarized in the Declaration filed in this matter, including, inter alia, POM's engagement of Eckert to provide legal services, the circumstances surrounding the engagement, the legal services that were requested and the confidential and proprietary information provided to Eckert in furtherance of the requested legal services.

4. **Jim McCauley**
   **Bank of America Center**
   **1111 E Main St. Suite 700**
   **Richmond, VA 23219**

Jim McCauley has knowledge and information concerning Eckert's conflicts of interest in representing POM and other clients adverse to POM.

5. **Mark Stewart**
   **May be contacted through counsel for Defendants**

Mark Stewart has knowledge of all aspects of Defendants' conflicts of interest, breaches of fiduciary duty, and fraudulent misrepresentations at issue in this litigation.

6. **Kevin Skjoldal**
   **May be contacted through counsel for Defendants**

Kevin Skjoldal has knowledge of all aspects of Defendants' conflicts of interest, breaches of fiduciary duty, and fraudulent misrepresentations at issue in this litigation.

7. **Robert Green**
   **Parx Casino**
   **Contact information unknown**

Robert Green has knowledge of Defendants' work on behalf of Parx Casino that was adverse to POM, as well as fees paid by Parx to Defendants for such work.

8. **Peter Shelly**
   **May be contacted through counsel**

Peter Shelly has knowledge of many aspects of Defendants' conflicts of interest, breaches of fiduciary duty, and fraudulent misrepresentations at issue in this litigation.

9. **Tim Coon**
   **May be contacted through counsel for Defendants**

Tim Coon has knowledge of many aspects of Defendants' conflicts of interest, breaches of fiduciary duty, and fraudulent misrepresentations at issue in this litigation.

10. **Kevin O'Toole**
    **May be contacted through counsel**

Kevin O'Toole has knowledge regarding Defendants' efforts to lobby the Pennsylvania Gaming Control Board to take action adverse to POM and to finance local law enforcement activities directed against POM.

11. **David Barasch**
    **May be contacted through counsel**

David Barasch has knowledge regarding Defendants' efforts to lobby the Pennsylvania Gaming Control Board to take action adverse to POM and to finance local law enforcement activities directed against POM.

12. **R. Douglas Sherman**
    **May be contacted through counsel**

R. Douglas Sherman has knowledge regarding Defendants' efforts to lobby the Pennsylvania Gaming Control Board to take action adverse to POM and to finance local law enforcement activities directed against POM.

13. **Paul Goldean**
    **May be contacted through counsel for POM**

Paul Goldean has knowledge regarding the nature of POM's operations, the importance of proper regulatory classification to POM's operations, POM's reliance on its regulatory counsel,

and the sensitivity of the confidential information disclosed by POM to Eckert in connection with Eckert's representation of POM.

**B.** **Documents, electronically stored information and tangible things that may be used to support the claims asserted in this matter:**

1. September 13, 2011 Engagement Letter
2. December 20, 2016 Engagement Letter
3. Records regarding payment of legal fees to Eckert for Eckert's representation of POM.
4. Filings in Queen of Virginia Skill & Entertainment, LLC, et al. v. Joseph D. Platania.
5. Documents filing in this litigation (including exhibits thereto).
6. Filings in Greenwood Gaming & Entertainment, Inc. v. Smoker 's Express and other actions commenced by Eckert on behalf of Parx Casino in Bucks County and Montgomery County.
7. Documents produced by Defendants in discovery in this litigation.
8. Documents produced by POM in discovery in this litigation.
9. Documents produced by third parties in response to subpoenas issued in this litigation.

**C. Computation of damages claimed by Plaintiff:**

POM seeks to recover the following categories of monetary recovery from Defendants:[1]

1.    **Fees Paid to Eckert for Eckert's Representation of POM**: POM seeks to recover all amounts paid to Eckert for Eckert's representation of POM. Based on information currently available to POM, POM calculates this amount to be $811,245.87.

2.    **Fees Paid to Eckert for Eckert's Representations of Other Clients in Breach of Its Fiduciary Duties to POM**: POM seeks disgorgement of all amounts received by Defendants for their representation of other clients that breached Defendants' fiduciary duties to POM. Based on the information currently available to POM, this category would include at least amounts received by Defendants for representing Parx Casino, Mohegan Sun, Stadium Casino, Cordish Companies, Hollywood Casino, Wind Creek, and Harrah's. At this time, because Defendants have not produced any invoices or other evidence reflecting these amounts, POM cannot specifically quantify the amount at issue in this category of recovery.

3.    **Punitive Damages, in an amount to be determined by a jury.**

4.    **Court costs, pre-judgment interest, and post-judgment interest as permitted by law.**

---

[1] POM also seeks injunctive and declaratory relief, as described in the Second Amended Complaint.

For the sake of clarity, except as identified in #1 above, POM does not seek to recover amounts incurred by POM or any entity related to POM in any litigation. In particular, POM does not seek to recover any fees incurred by POM or any POM affiliate in connection with collateral litigation caused by Defendants' misconduct.

**D. Insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

N/A

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Jeffrey B. Jensen*
Jeffrey B. Jensen*
Michael Nolan*
Michael Martinich-Sauter*
Bola Adeniran*
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-345-6464 (Telephone)
314-480-1505 (Facsimile)
Jeff.jensen@huschblackwell.com

* Appearing by special admission

George W. Westervelt, Jr.
Attorney ID No. 18195
706 Monroe Street, PO Box 549
Stroudsburg, Pennsylvania 18360
570-421-6100
geowwest@ptd.net

***Counsel for Plaintiff Pace-O-Matic, Inc.***

5

## CERTIFICATE OF SERVICE

I, Jeffrey B. Jensen, hereby certify that a true and correct copy of the foregoing Amended Rule 26(A)(1) Disclosures was served upon the following counsel of record via electronic and first-class mail, postage prepaid, on October 20, 2023:

*/s/ Jeffrey B. Jensen*