**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS, CHERIN & | : | |
| MELLOTT, LLC., *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**ORDER**

**AND NOW**, on this 26th day of October 2023, the court having reviewed

letters from third-party deponent Peter Shelly and Plaintiff regarding Shelly's

request for designations of confidentiality and attorneys' eyes for significant

portions of his deposition, the court will deny Shelly's request. (Docs. 337, 344.)[1]

In a July 21, 2023 order, the court denied Shelly's motion to quash the

subpoena for his deposition. (Doc. 324.) In doing so, the court provided a 30-day

period after his deposition during which time Shelly's counsel could move to

protect specific portions of the transcript. (*Id.*) But that provision allowing for the

filing of a motion for protective designation had a condition precedent. Shelly's

counsel could make a motion "if necessary after conferring with counsel for POM

in an effort to resolve any concerns." (*Id.*)

---

[1] Because the court writes this order for the benefit of the parties, which are well-aware of the procedural and factual history of this case, it omits the relevant background.

Shelly's counsel made no such effort to meet and confer.  In fact, POM's counsel went beyond their obligations and repeatedly attempted to gain clarity on which portions of the deposition Shelly's counsel wished to protect.  (Doc. 336-2.) Even when requested to do so, Shelly's counsel provided none of the requested information, and failed to meet and confer per this court's order.  Because of this procedural failure, the court will deny this motion.

Notwithstanding the procedural failure, however, the request for protective designation would fail.  In requesting confidential and attorneys' eyes only designations, Shelly's counsel makes no attempt to meet the relevant "good cause" standard, which requires showing how disclosures "will work a clearly defined and serious injury."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).  For this reason, too, Shelly's request must be denied.

For these reasons, **IT IS ORDERED THAT**:

1) Shelly's request is **DENIED**.  (Doc. 337.)

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania