# EXHIBIT A

**Exhibit A to Nonparty Witness Peter Shelly's Letter Brief in Response/Opposition to
November 16, 2023 Letter Motion of Plaintiff to Overrule Objections and Grant Extension of Deposition
Time in Excess of Seven Hours**

| POM's "Categories" and Citations from Exhibit B to Its November 16, 2023 Letter Motion | Mr. Shelly's Response in Opposition |
|---|---|
| POM's "Category 1: Questions regarding Defendants' conflicts of interest" | |
| 61:14-62:10 | Question at 61:14-16 asked for information about his communications *with Parx* (*not Defendants*) after he learned about POM's lawsuit alleging claims based on Defendants' conflicts of interest. Prior to the objection and instruction not to disclose communications he had with Parx's counsel about that issue, Mr. Shelly already had testified that 90-95% of his discussions with *anyone* at Parx involved Parx attorneys. *See* 60:2-11. He confirmed that he did have discussions with Parx attorneys about the claims POM made against Defendants based on conflicts of interest. *Id.* at 62:4-10.<br><br>In response to follow-up questions, he thereafter described substance of *other* discussions with Parx personnel who were *not* attorneys. *See* 62:11 – 64:12.<br><br>***The question seeks information about Mr. Shelly's discussions with Parx – <u>not</u> Defendants -- about POM's allegations that Defendants' representation of Parx was a conflict of interest. The information sought is not relevant to any claim or defense in this action.*** |
| 63:25-66:10 | There are no objections/instructions not to answer from 63:25 – 64:12 – the only objections were to form, and the witness responded to the questions posed in that range.<br><br>Objections and instructions not to answer were made to questions calling for the *content* of discussions he had *with Parx* (not Defendants) regarding the "impact" of POM's suit against Defendants from 64:14-66:10. Mr. Shelly testified he limited memory about such discussions and ultimately testified that he could not answer in any more detail without disclosing discussions with Parx's counsel. |

1

130298.00614/133684619v.2

| POM's "Categories" and Citations from Exhibit B to Its November 16, 2023 Letter Motion | Mr. Shelly's Response in Opposition |
|---|---|
| | ***The questions seek information about Mr. Shelly's discussions with Parx – not Defendants -- about POM's allegations that Defendants' representation of Parx was a conflict of interest. The information sought is not relevant to any claim or defense in this action.*** |
| POM's "Category 2: Questions regarding the PR implications of the *POM* decision" | |
| **152:11-153:1**<br><br>**153:3-12** | Questions seeking information about discussions about court opinion marked as Exhibit 3; questions were not about email communications with Defendants for which the Court has already made a privilege ruling. Rather, questions were posed as part of lengthy questioning of Mr. Shelly regarding his own understanding of the court opinion, what steps if any he took or should have taken to understand the legal import of the court opinion, and if statements he included in draft documents or communications to nonparties were truthful or accurate descriptions of the legal import of the court opinion.<br><br>***To the extent the information sought by these questions is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants.*** |
| **169:13-170:5** | Questions seeking information about discussions about court opinion marked as Exhibit 3; questions were not about email communications with Defendants for which the Court has already made a privilege ruling. Rather, questions were posed as part of lengthy questioning of Mr. Shelly regarding his own understanding of the court opinion, what steps if any he took or should have taken to understand the legal import of the court opinion, and if statements he included in draft documents or communications to nonparties were truthful or accurate descriptions of the legal import of the court opinion.<br><br>***To the extent the information sought by these questions is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants.*** |

| POM's "Categories" and Citations from Exhibit B to Its November 16, 2023 Letter Motion | Mr. Shelly's Response in Opposition |
|---|---|
| 178:15-25 | Questions seeking information about discussions about court opinion marked as Exhibit 3; questions were not about email communications with Defendants for which the Court has already made a privilege ruling. Rather, questions were posed as part of lengthy questioning of Mr. Shelly regarding his own understanding of the court opinion, what steps if any he took or should have taken to understand the legal import of the court opinion, and if statements he included in draft documents or communications to nonparties were truthful or accurate descriptions of the legal import of the court opinion.<br><br>***To the extent the information sought by these questions is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants***. |
| 208:5-16 | Question seeks information about discussions *other than those reflected in Exhibit 4* between Mr. Stewart and Mr. Shelly about court opinion marked as Exhibit 3, *i.e.,* what discussions did Mr. Shelly have with Mr. Stewart, if any, about what Mr. Stewart meant by certain language in Exhibit 4.<br><br>***To the extent the information sought by these questions is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants***. |
| 212:11-213:14 | Question seeks information about discussions *other than those reflected in Exhibit 4* between Mr. Stewart and Mr. Shelly about court opinion marked as Exhibit 3, *i.e.,* what discussions did Mr. Shelly have with Mr. Stewart, if any, about what Mr. Stewart meant by certain language in Exhibit 4.<br><br>***To the extent the information sought by this question is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants***. |

3

| POM's "Categories" and Citations from Exhibit B to Its November 16, 2023 Letter Motion | Mr. Shelly's Response in Opposition |
|---|---|
| 218:13-219:7 | Question seeks information about discussions *other than those reflected in Exhibit 4* between Mr. Stewart and Mr. Shelly about court opinion marked as Exhibit 3, *i.e.,* what discussions did Mr. Shelly have with Mr. Stewart, if any, about what Mr. Stewart meant by certain language in Exhibit 4.<br><br>*Assuming information about Mr. Stewart's opinion of a judge is somehow relevant to the claims in this case, to the extent the information sought by this question is relevant nonprivileged and discoverable, then it can be obtained from the Defendants*. |
| 223:19-225:7 | Question seeks information about discussions *other than those reflected in Exhibit 5* between Mr. Stewart and Mr. Shelly about bases for Mr. Shelly's use of the word "illegal" in Exhibit 5.<br><br>*Note: In response to a differently phrased question seeking the same information, Mr. Shelly explicitly testified that the source of the language he used was Mr. Stewart.  See 224:16-22.*<br><br>*Further, assuming there is any additional relevant, nonprivileged and discoverable information to be obtained about what Mr. Stewart or any other Eckert attorney said to Mr. Shelly, then it can be obtained from Defendants.* |
| 229:23-230:18 | Questions seeking information about discussions *other than those reflected in Exhibit 5* between Mr. Stewart and Mr. Shelly about the bases for Mr. Shelly's statements about the court decision marked as Deposition Exhibit 3.<br><br>*Note: In response to a differently phrased question seeking the same information, Mr. Shelly explicitly testified that the source of the language he used was Mr. Stewart.  See 229:12-21*<br><br>*Further, assuming there is any additional relevant, nonprivileged and discoverable information to be obtained about what Mr. Stewart or any other Eckert attorney said to Mr. Shelly, then it can be obtained from Defendants.* |

4

| POM's "Categories" and Citations from Exhibit B to Its November 16, 2023 Letter Motion | Mr. Shelly's Response in Opposition |
|---|---|
| 246:9-247:11 | Questions calling for information about discussions with attorneys / who told him to make edits.<br><br>*Note: Mr. Shelly ultimately provided the information sought by the question, testifying that he couldn't recall who made any specific revisions. See, e.g., 248:6-14.* |
| 270:6-25<br><br>284:16-285:4<br><br>283:4-20 | Questions seek information about discussions *other than those reflected in Exhibit 7* between Mr. Stewart and Mr. Shelly about whether Mr. Stewart was source of, or why Mr. Stewart used certain language in part of attachment to email in Exhibit 7.<br><br>*To the extent the information sought by these questions is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants.*<br><br>*Further, to the extent Mr. Shelly has any information to provide about who selected (and why) language used in the attachment in Exhibit 7, Mr. Shelly has already testified more than once that he did not know who drafted the document, though he believed it was Mr. Stewart, and therefore could not answer questions about who provided information forming the bases of any of the statements in the document. See 267:14-19, 270:6-9, 271:23-272:5, 274:4-5. Thus, any questions about why the attachment was written the way it was written, or whether it accurately portrays the court decision marked as Deposition Exhibit 3, Mr. Shelly's testimony is sheer speculation – and only Mr. Stewart can answer questions about that document.* |
| 285:24-286:8 | Questions seek information about discussions *other than those reflected in Exhibit 7* between Mr. Stewart and Mr. Shelly about Mr. Stewart's communications with the Attorney General's office.<br><br>*To the extent the information sought by this question is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants.* |

130298.00614/133684619v.2

| POM's "Categories" and Citations from Exhibit B to Its November 16, 2023 Letter Motion | Mr. Shelly's Response in Opposition |
|---|---|
| 293:2-15 | Question about whether he had known about and/or discussed with Mr. Stewart the content of an email exchange in Exhibit 8 between Mr. Stewart and a nonparty attorney, and that nonparty's interpretation of court opinion.<br><br>*Note: Mr. Shelly had already testified by this point that he was unaware of the email exchange.  See 292:20-25. Defendants' Counsel for Defendants twice noted that the question was asked and answered. Id. at 293:12-13 and 294:1-2. Mr. Shelly then provided the requested information directly. Id. at 294:3-8 and 296:24 – 297:8.*<br><br>*To the extent any additional information about Exhibit 8 is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants, and cannot be obtained from Mr. Shelly.* |
| 329:17-330:17 | Question seeks information about discussions *other than those reflected in Exhibit 10* between Mr. Stewart and Mr. Shelly about a state trial court opinion.<br><br>*To the extent the information sought by this question is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants.* |
| 334:4-23 | Question seeks information about discussions *other than those reflected in Exhibit 10* between Mr. Stewart and Mr. Shelly about what Mr. Stewart meant in making certain statements about a state trial court opinion.<br><br>*To the extent the information sought by this question is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants.*<br><br>*Further, Mr. Shelly had already indirectly answered the question when he stated immediately before that "I have no idea what Mark Stewart meant … I don't know." See 334:4-14.* |

130298.00614/133684619v.2

| POM's "Categories" and Citations from Exhibit B to Its November 16, 2023 Letter Motion | Mr. Shelly's Response in Opposition |
|---|---|
| 351:9-352:23 | Questions seeks information about discussions *other than those reflected in Exhibit 11* between/among Mr. Shelly, Mr. Stewart and/or Mr. Skjodal about what POM contended in questioning was a difference in opinion between Messrs. Stewart and Skjodal regarding the legality or illegality of skill games in Pennsylvania.<br><br>More specifically, the questions ask Mr. Shelly what he did or didn't do to resolve in his own mind that purported difference of opinion between Messrs. Stewart and Skjodal. Whether Mr. Shelly did anything to reconcile the purportedly differing conclusions of Messrs. Stewart and Skjodal, however, is irrelevant to POM's claims against Defendants. It can only be relevant to claims against *Mr. Shelly* in Lycoming County. In any event, Mr. Shelly testified that regardless of whether Messrs. Stewart and Skjodal had any difference of opinion, the public statement at issue about legality vs. illegality had already been released and he couldn't even remember the context of the email exchange in question. *See 350:19-351:7.*<br><br>***To the extent any additional information sought by these questions is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants.*** |
| POM's "Category 3: Questions regarding efforts to persuade municipalities to outlaw skill games" | |
| 300:5-19 | Question seeks information about discussion between Mr. Stewart and Mr. Shelly *other than those reflected in Exhibit 9* relating to Mr. Stewart's efforts relating to ordinances.<br><br>***Note: By this point, Mr. Shelly had already testified he had no involvement in, nor knowledge of, Mr. Stewart's activities with regard to ordinances. See 299:20 – 300:3. He later testified again he has "zero knowledge" about Mr. Stewart's activities in this area and had no involvement in it himself. Id. at 302:18 – 303:11.***<br><br>***To the extent any other information about any Defendants' efforts relating to ordinances is relevant, nonprivileged and discoverable, then it can be obtained*** |

| POM's "Categories" and Citations from Exhibit B to Its November 16, 2023 Letter Motion | Mr. Shelly's Response in Opposition |
|---|---|
| | *from the Defendants. Mr. Shelly has already testified he has no personal knowledge on this issue.* |
| POM's "Category 4: Questions regarding PR advocacy with legislators" | |
| 386:24-387:16 | Question seeks information about discussion between Mr. Stewart and Mr. Shelly *other than those reflected in Exhibit 17*, more specifically why Mr. Stewart used certain language in documents written by Mr. Stewart. <br><br> *To the extent any information sought by these questions is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants* |
| 390:15-24 | Question seeks information about discussion Mr. Shelly had *either* with Mr. Stewart *or* another Parx lobbyist, Richard Gmerek. *other than those reflected in Exhibit 19* relating to the attachment to the parent email. The objection/instruction not to answer related *only* to the portion of POM's compound question seeking information about discussions with Mr. Stewart – there was no objection/instruction not to answer as to discussions between Messrs. Shelly and Gmerek; however, POM failed to ask any questions about such discussions that did not involve Mr. Stewart. <br><br> *To the extent any information sought by this question is relevant, nonprivileged and discoverable, then it can be obtained from the Defendants* |
| 393:8-23 | Question seeks information about discussions *other than those reflected in Exhibit 19, i.e.,* what were the bases for Mr. Shelly's statement in a draft document marked as Exhibit 19 which discusses the court opinion marked as Exhibit 3. More specifically, POM asked Mr. Shelly for the source of the statement that skill games are "illegal." <br><br> *By this point, Mr. Shelly had already testified at least four times in response to other questions about his use of the word "illegal" in relation to the court opinion marked as Exhibit 3 – and each time confirmed that Mr. Stewart was the source of his statement.  See, e.g., 224:16-22, 386:2-5, 386:9-21, 389:19-23.* |

8

130298.00614/133684619v.2