## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS, CHERIN & MELLOTT, LLC., *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **ORDER**

**AND NOW**, on this 11th day of December 2023, in light of the recent mandate of the appellate court, this court revisits the resolution of a discovery dispute that was initiated in July 2020 regarding the production of certain documents.  In order to appropriately consider this matter, the court has reviewed the initial briefing of the parties and movants regarding their motions to compel, quash, and establish protective orders; Magistrate Judge Saporito's initial memorandum and order; the appeals from that memorandum and order and the ensuing briefing; this court's order reversing and remanding; Judge Saporito's memorandum and order on remand; this court's order affirming Judge Saporito; and the opinion and mandate of the United States Court of Appeals for the Third Circuit.  (Docs. 44–45, 48–53, 59–63, 70, 75–77, 87–88, 105, 114, 128–31, 134–35, 137, 166–68, 170, 172, 223, 356.)

1

Based on the court's review of these filings, the court's preliminary assessment is that the court must now determine whether the 182 documents that were the subject of the appeal to the Third Circuit should be protected on the basis of attorney-client privilege, or in the alternative, produced.  Because it appears that Judge Saporito did not reach a conclusion as to the application of attorney-client privilege with respect to these 182 documents, the court will make a determination based either on the briefing originally submitted in 2020 or based on new briefing to be submitted in 2024.

However, because of the complex procedural history on this discovery issue, the court shall convene a telephonic conference to hear argument from the parties and movants on this preliminary assessment.[1]  Should the parties or movants disagree with the court's preliminary assessment, they may explain their position during the call.  The court shall also invite Plaintiff to identify and propose remedies based on the Third Circuit's instruction that "[o]n remand, the District Court should consider whether the appellants' perceived misconduct merits sanctions and, if so, whether

---

[1] The court also seeks clarification on a procedural issue.  The paragraph of Judge Saporito's initial order, which was appealed, Doc. 88, ¶ 4, ordered disclosure of 182 documents based on judicial estoppel and 125 documents on a different basis.  This court reversed paragraph 4 of that order. (Doc. 114.)  The appeals only objected to the disclosures directed on the basis of judicial estoppel. Because of the limited nature of the appeal, and because the subsequent orders, appeals, and analyses dealt solely with the 182 documents related to the application of judicial estoppel, the court assumes that the 125 documents that were not found to be subject to judicial estoppel have been disclosed.

sanctions available under the Federal Rules or pertinent statutes are appropriate," if it wishes to pursue this issue.  (Doc. 356-2, pp. 10–11.)[2]

Accordingly, **IT IS ORDERED** that an on-the-record telephone status conference is scheduled for **Friday, January 12, 2024, at 1:30 p.m.**  Counsel shall call in for this status conference using the court's conference line at (877)336-1828, access code 2529544.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.