**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS, CHERIN & | : | |
| MELLOTT, LLC., *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**ORDER**

**AND NOW**, on this 14th day of December 2023, the court having carefully considered letters from Plaintiff Pace-O-Matic, Inc. ("POM"), third-party deponent Peter Shelly ("Shelly"), and third-party Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx") regarding POM's request to compel Shelly to sit for a second deposition and answer certain questions, the court will deny POM's request.  (Docs. 347, 350, 351, and 355.)[1]

POM asserts that during the deposition of Shelly, he repeatedly refused to answer legitimate questions on the basis of attorney-client privilege when such privilege clearly did not apply.  (Doc. 347.)  Therefore, POM requests the court to compel a second deposition under Federal Rule of Civil Procedure 37(a)(3)(B)(i),

---

[1] Because the court writes this order for the benefit of the parties, who are well aware of the procedural and factual history of this case, it omits the relevant background.

which allows a party to move for an order compelling an answer when a deponent fails to answer a question asked during a deposition.

Shelly raises various counterarguments as to why POM has failed to show good cause why he, as a non-party deponent, should be compelled to sit for an additional deposition.  (Doc. 350.)  Shelley notes that under Rule 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."  In this instance, POM declined to reserve any time, and used its full seven hours.  Shelly points out that a movant bears the burden of showing good cause when seeking to extend the durational limit.  He also asserts that, if POM is correct about the privilege issue, and if its questions are relevant, it can obtain answers from Defendants themselves.  (Doc. 35, p. 2–3.)[2]  Parx also raised objections to POM's request.  Their objections relate to privilege and work product doctrine.

The court issued an order instructing POM to file a letter responding to the arguments that Shelly and Parx raised.  (Doc. 352.)  While POM filed such a letter, it did not substantively address the Rule 30(d)(1) durational limitation and the bulk of Shelly's argument.  Instead, the analysis in POM's reply is focused on attorney-client privilege and work-product doctrine.[3]  (Doc.  355.)

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[3] POM's reply does mention in a footnote that Rule 30 provides for additional time where a deponent impedes or delays the examination.  (Doc. 355, p. 4 n.2.)  POM asserts that Shelly

2

The court will rule in Shelly's favor without addressing whether attorney-client privilege or the work-product doctrine apply.  During Shelly's deposition, he refused to answer questions on the basis of attorney-client privilege.  POM was aware of his objections.  It was also aware that it may need to seek resolution from the court on the assertion of privilege.  Nevertheless, it used all seven hours without reserving time for potential follow up questioning.

In its letter brief, counsel for the deponent sought the protection of Rule 30(d)(1) to limit Shelly's deposition to seven hours.  The court gave POM's counsel an opportunity to respond to that argument.  Counsel has not persuaded the court with respect to good cause.  As such, POM has not met its burden in showing good cause to extend the deposition.  In coming to this decision, the court finds it noteworthy that Shelly is a non-party.  Further, POM's counsel may be able to obtain the relevant information from other deponents, such as Defendants.

For these reasons, **IT IS ORDERED THAT** POM's request is **DENIED**. (Doc. 347.)

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

---

impeded the deposition by failing to answer POM's questions.  (*Id.*)  But under Third Circuit precedent, "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."  *John Wyeth & Bro. LTD. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (citation omitted).