# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC. )
                           )
           *Plaintiff,* ) [ELECTRONICALLY FILED]
                           )
          *vs.* ) Docket No. 20-292
                           )
ECKERT, SEAMANS, CHERIN ) JUDGE WILSON
& MELLOT, LLC, *et al.* )
                           )
       *Defendants* )

## NOTICE OF APPEAL OF GREENWOOD GAMING & ENTERTAINMENT, INC., D/B/A PARX CASINO

### (From a December 1, 2023 Non-Dispositive Order of Magistrate Judge Saporito)

Pursuant to Fed. R. Civ. P. 72(a) and L.R.72.2, non-party Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), files an appeal from and objection to the non-dispositive order and supporting opinion issued on December 1, 2023 by Magistrate Judge Saporito (Docs. 353 & 354) (collectively the "Order").

1. The Order requires that Eckert disclose documents that Parx contends is protected from disclosure by its attorney-client privilege and work-product immunity.

2.     Consequently, Parx appeals from and objects to the following portions of the Order:

a.     The portions of numbered paragraph 2 concluding, "[w]ith respect to PRIV-00366 (Control No. 304699)," that "the objection to production on attorney-client privilege grounds is OVERRULED," that "the objection to production on federal work-product is OVERRULED in part," and that "this document shall be produced, but with [only] the first three paragraphs (following the salutation 'Guys') redacted."  Order at 2.  For the avoidance of doubt, Defendants appeal all portions of numbered paragraph 2 concluding that any portion of PRIV-00366 (Control No. 304699) is not protected from disclosure by the attorney-client privilege and the work-product doctrine, and all portions of numbered paragraph 2 directing that any portion of PRIV-00366 (Control No. 304699) be produced without redaction.

b.     The portions of numbered paragraph 5 concluding, "[w]ith respect to all other documents challenged by POM and submitted for in camera review," that "the objections to production on attorney-client privilege and federal . . . work-product protection

grounds are OVERRULED—these documents shall be produced without redaction." Order at 3 (footnote omitted).

3. Parx respectfully requests that the District Court reverse and vacate the aforementioned portions of the Order.

4. The opinion supporting the Order states that Eckert should disclose the documents within 21 days "[a]bsent a timely appeal of this decision." *See* Doc. 353 at p. 97.

5. In light of Magistrate Judge Saporito's acknowledgement and this ensuing appeal, Parx requests that, for the avoidance of doubt, the Court expressly stay the Order pending resolution of this appeal.

6. As Parx will describe in more detail in its forthcoming brief, the aforementioned portions of the Order are clearly erroneous and contrary to law because the portions of the documents directed to be produced without redaction are protected from disclosure by Parx's attorney-client privilege and work-product immunity.

7. In support of this statement of appeal and objection, and pursuant to the Order entered by the Court on December 14, 2023 (ECF No. 360), Parx will file a brief on or before January 12, 2024.

December 15, 2023            Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Parx*

# CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel of record and the magistrate judge will be served automatically.

/s George A. Bibikos
George A. Bibikos