# In the United States District Court for the Middle District of Pennsylvania

| | | |
|---|---|---|
| PACE-O-MATIC, INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | [ELECTRONICALLY FILED] |
| | ) | |
| *vs.* | ) | Docket No. 20-292 |
| | ) | |
| ECKERT, SEAMANS, CHERIN | ) | WILSON, J. |
| & MELLOT, LLC, *et al.*, | ) | SAPORITO, JR., M.J. |
| | ) | |
| *Defendants.* | ) | |

---

## BRIEF OF GREENWOOD GAMING & ENTERTAINMENT, INC., d/b/a PARX CASINO IN SUPPORT OF ITS APPEAL

---

## GA BIBIKOS LLC

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for*
*Greenwood Gaming & Entertainment, Inc.*
*d/b/a Parx Casino*

January 12, 2024

# **TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................1

II.  BACKGROUND ....................................................................2

III. BASIS FOR OBJECTIONS ...........................................................6

    A.   The attorney-client privilege applies to the documents. ........6

    B.   The magistrate judge erred by concluding that the attorney-client privilege does not apply to the documents. ...............................................................9

IV.  CONCLUSION ....................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc.*, 255 F. Supp. 3d 561, 572–73 (M.D. Pa. 2017) .................................................. 7

*BouSamra v. Excela Health*, 210 A.3d 967, 985 (Pa. 2019).................... 7

*Commonwealth v. Chmiel*, 738 A.2d 406, 414 (Pa. 1999)........................ 6

*Harrington v. Freedom of Info. Comm'n*, 323 Conn. 1, 24 (2016)..........11

*In re Cty. of Erie*, 473 F.3d 413, 420–21 (2d Cir. 2007) (emphasis added) ...............................................................................................10

*In re Investigating Grand Jury of Phila. County No. 88-00-3503*, 593 A.2d 402, 406 (Pa. 1991) ............................................................... 7

*In re Investigating Grand Jury of Philadelphia Cnty.*, 593 A.2d 402, 407 (Pa. 1991) .................................................................................. 8

*In re Search Warrant B-21778*, 521 A.2d 422, 428 (Pa. 1987)................ 7

*Nationwide Mut. Ins. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007) ................................................................................................... 7

*Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*, No. 22-2445, 2023 WL 7491133, at *4 n.6 (3d Cir. Nov. 13, 2023)............14

*Scampone v. Grane Healthcare Co.*, 169 A.3d 600, 608 (Pa. Super. 2017) ................................................................................................... 2

*Serrano v. Chesapeake Appalachia*, LLC, 298 F.R.D. 271 (W.D. Pa. 2014) .................................................................................................10

*Weissman v. Fruchtman*, No. 83 Civ. 8958(PKL), 1986 WL 15669, at *15 (S.D.N.Y. Oct. 31, 1986) ..........................................................10

*Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311 (7th Cir. 1978) ...........................................................................................11

**Other Authorities**

1 Paul R. Rice, *Attorney Client Privilege in the United States* § 7:9
    (2d ed. 1999) .................................................................................. 9

**Rules**

F.R.E. 501 ....................................................................................... 7

L.R. 72.2 ......................................................................................... 6

Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), files its brief in support of its appeal from an order issued by Magistrate Judge Saporito, which compels one of Parx's law firms – the defendant Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") – to turn over Parx's privileged documents to Pace-O-Matic, Inc. ("POM"). As described below, the Court should reverse and hold that the attorney-client privilege precludes discovery of these documents.

## I.     INTRODUCTION

Parx is constrained to file yet another appeal from an order of the magistrate judge that compels the disclosure of Parx's privilege documents based on a novel legal theory. In this case, a magistrate judge concluded that the attorney-client privilege does not apply to communications between Parx's lawyers and its agents acting on its behalf because the communications involve "legislative advice," not legal advice. The magistrate judge erred. The attorney-client privilege applies to confidential communications between lawyers and clients (and their respective agents) reflecting advice on legislative matters. The Court should reverse and order that Parx's privileged documents in dispute here shall not be disclosed to POM in this litigation.

## II.   BACKGROUND

The Court is by now familiar with the background of this case. As it relates to this appeal, the Court may benefit from a brief summary of Parx's relationships with its lawyers and third-party professionals engaged to act on behalf of the company.

As the Court is aware, Parx is a corporation. As a corporation, Parx can only act through its authorized officers or directors or professional agents engaged to speak and act on its behalf. *Scampone v. Grane Healthcare Co.*, 169 A.3d 600, 608 (Pa. Super. 2017). To that end, Parx engages lawyers to provide legal advice on a variety of topics and expects its counsel to understand the company's business and be proactive regarding laws and regulations affecting the company's business. *See* Doc. 351-1, Ex. A, Bonner Decl. at ¶ 7, attached at Tab "A."[1]

---

[1] Mr. Bonner's sworn declaration is filed of record at Doc. 351-1. Parx submitted Mr. Bonner's declaration as part of POM's failed attempt to take a second deposition of one of Parx's lobbying and communications professionals (Mr. Shelly). Mr. Bonner's sworn statements help inform the Court's analysis of the privilege issues in this appeal. Parx recognizes that the declaration has been submitted with another filing but notes for the Court's consideration that this appeal is the first opportunity for the company to weigh in on the latest discovery order and therefore must rely on the extant record to support it.

Parx also engages professionals to provide lobbying and public-relations services. *Id.* Parx expects its lawyers to work with its other professionals so they may assist counsel in providing legal advice regarding legislative and policy matters affecting Parx's interests.

By engaging lawyers and other professionals to act on Parx's behalf and encouraging their cooperation, Parx does *not* intend to forgo the protections of the attorney-client privilege. *Id.* at ¶17. To the contrary, Parx expressly instructs its lawyers and agents to maintain confidentiality so they may freely discuss legal matters affecting Parx's interests without fear of having those communications disclosed. *Id.*

With that background in mind, Parx is not a party here. This is a dispute between POM and Eckert. POM alleges that Eckert breached a fiduciary duty to POM by having separate attorneys in separate offices represent POM in Virginia and also represent Parx with respect to state-court litigation in Pennsylvania in which the interests of Parx and POM are adverse.

As reflected in the magistrate judge's opinion, *see* Doc. 353, POM requested documents from Eckert during discovery. Eckert responded by producing thousands of documents and a privilege log identifying more

3

than one thousand privileged documents. *Id.* at 2 & 18-19. POM challenged the privilege log with respect to 120 documents withheld from disclosure and requested an *in camera* review. *See* Doc. 295. Eckert filed a responsive letter. *See* Doc. 298. The Court assigned the matter to Magistrate Judge Saporito to conduct an *in camera* review of the documents at issue and render a decision on privilege. *See* Doc. 300.

The vast majority of the documents at issue include email communications to or from Eckert lawyers (on one hand) and to or from Parx's agents (on the other), including lobbyists and public relations professionals. The emails discuss legislative matters, including drafting, reviewing, and commenting on proposed legislation, monitoring, summarizing, and reporting on existing law or proposed changes to the law, and other discussions about legal matters that are intended to help counsel inform Parx of its legal rights, obligations, and interests under existing law or any proposed changes to existing law.

After his *in camera* review, the magistrate judge issued an order on December 1, 2023, upholding the privilege for one document and rejecting the privilege claim for all others. The order states, in relevant part, as follows:

2.      With respect to PRIV-00366 (Control No. 304699), the objection to production on attorney-client privilege grounds is **OVERRULED** . . . this document shall be produced, but with the first three paragraphs (following the salutation "Guys,") redacted.

* * *

5.      With respect to all other documents challenged by POM and submitted for in camera review, the objections to production on attorney-client privilege and federal or state work-product protection grounds are **OVERRULED**—these documents shall be produced without redaction . . . .

*See* Doc. 354.

In his opinion supporting the order, the magistrate judge concluded that the attorney-client privilege and/or work-product doctrine did not apply to the documents he reviewed. For the vast majority of documents, the magistrate judge reasoned that "[t]he subject matter of th[e] communication concerns legislative, political, or policy advice only—not *legal* advice—and thus it is not protected by attorney-client privilege." *See generally* Doc. 353 (emphasis in original).

On December 15, 2023, Parx filed a timely appeal under Local Rule 72.2. Eckert also appealed. *See* Doc. 361. The Court approved a stipulation to file supporting briefs on or before January 12, 2024. *See* Doc. 362. This is Parx's supporting brief.

5

## III.  BASIS FOR OBJECTIONS

The Court may review any non-dispositive order of a magistrate judge in a case in which the magistrate is not presiding.  *See* L.R. 72.2. "A judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.  The judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule." *Id.*

As described below, the attorney-client privilege protects from disclosure confidential communications among Parx's lawyers and other professionals Parx has engaged for lobbying and public relations services because their discussions are confidential to the client and are necessary to inform the legal advice Parx received from its lawyers. The magistrate judge erred as a matter of law by concluding otherwise for more than 100 documents containing communications that are privileged to Parx. The Court should reverse the magistrate judge's opinion and order.

### A.    *The attorney-client privilege applies to the documents.*

The attorney-client privilege is the oldest and most revered of all the common law privileges. *Commonwealth v. Chmiel*, 738 A.2d 406, 414 (Pa. 1999). The privilege is broad. *In re Search Warrant B-21778*, 521

6

A.2d 422, 428 (Pa. 1987). It promotes frank and open client-attorney communication that, in turn, fosters an orderly administration of the justice system. *In re Investigating Grand Jury of Phila. County No. 88-00-3503*, 593 A.2d 402, 406 (Pa. 1991).

Under Pennsylvania law, which applies in this diversity action, *see* F.R.E. 501, the attorney-client privilege attaches to confidential communications between lawyers and clients regarding legal advice. *See, e.g.*, *Nationwide Mut. Ins. v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007) (affirmed by equally divided court at 605 Pa. 468, 992 A.2d 65 (2010)). The privilege also extends to confidential communications between lawyers and agents of the client who assist lawyers with providing legal advice. *BouSamra v. Excela Health*, 210 A.3d 967, 985 (Pa. 2019). An agent of the client is "the client" for purposes of evaluating whether the privilege applies. *Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc.*, 255 F. Supp. 3d 561, 572–73 (M.D. Pa. 2017).

Applying these principles here, the attorney-client privilege attaches to the documents at issue in this appeal:

- Parx and Eckert have a long-standing attorney-client relationship. *See* Doc. 351-1, Ex. A, Bonner Decl. at ¶ 7.

- That relationship extends to Parx's agents who assist in-house counsel and Eckert with providing legal advice to the company regarding existing law or proposed new legislation and other legal matters. *Id.* at ¶¶ 5-8, 10.

- The email communications are confidential to Parx. Parx has authorized its agents to discuss legal matters with Eckert lawyers in confidence to preserve privilege. *Id.* at ¶ 17.

- Finally, the documents at issue involve advice on legislative matters, including drafting, reviewing, and commenting on proposed legislation, monitoring, summarizing, and reporting on existing law or proposed changes to the law, and other discussions that are intended to help counsel inform Parx of its legal rights, obligations, and interests under existing law or any proposed changes to existing law. *Id.* at 12.

Simply put, the privilege applies. Eckert met its burden of demonstrating that that privilege applies, and (to Parx's knowledge) POM has not come forward with evidence demonstrating that the privilege does not apply. *In re Investigating Grand Jury of Philadelphia Cnty.*, 593 A.2d 402, 407 (Pa. 1991) (burden of proof is upon party asserting that disclosure of information would not violate privilege).

Accordingly, the attorney-client privilege applies and precludes the discovery of the documents at issued.

**B.**     ***The magistrate judge erred by concluding that the attorney-client privilege does not apply to the documents.***

Notwithstanding that straightforward analysis, the magistrate judge concluded that the privilege *per se* does not apply to the vast majority of documents at issue here because they involve "legislative advice" and not "legal advice." *See generally* Doc. 353.  Pennsylvania law does not recognize such an exception. The magistrate judge erred.

"Legal advice" generally means "the interpretation and application of legal principles to guide future conduct or to assess past conduct." *See* 1 Paul R. Rice, *Attorney Client Privilege in the United States* § 7:9 (2d ed. 1999). As the Second Circuit has explained, "legal advice" means more than just applying law to fact for a given client.  The modern and "complete" lawyer does much more than that when rendering legal advice to a client:

> The complete lawyer may well promote and reinforce the legal advice given, weigh it, and lay out its ramifications by explaining: how the advice is feasible and can be implemented; the legal downsides, risks and costs of taking the advice or doing otherwise; what alternatives exist to present measures or the measures advised; what other persons are doing or thinking about the matter; or the collateral benefits, risks or costs in terms of expense, politics, insurance, commerce, morals, and appearances. ***So long as the predominant purpose of the communication is legal***

> ***advice, these considerations and caveats are not other than legal advice or severable from it. ...*** [I]t should be assessed dynamically and in light of the advice being sought or rendered, as well as the relationship between advice that can be rendered only by consulting the legal authorities and advice that can be given by a non-lawyer.

*In re Cty. of Erie*, 473 F.3d 413, 420–21 (2d Cir. 2007) (emphasis added).

*See also Serrano v. Chesapeake Appalachia*, LLC, 298 F.R.D. 271 (W.D. Pa. 2014) (communications about strengths/weaknesses of claim or defense, options, strategy, settlement constitute legal advice for purposes of apply attorney-client privilege).

The question then becomes whether "legislative advice" – for example, advice on pending legislation, drafting proposed legislation, monitoring and reviewing legislative efforts, and related matters – constitutes "legal advice" that is protected from disclosure. The answer is yes.

Although Pennsylvania courts have yet to weigh in, several courts have concluded that the legal advice contemplated by the attorney-client privilege analysis includes the type of "legislative" advice involved here:

- ▪ *Weissman v. Fruchtman*, No. 83 Civ. 8958(PKL), 1986 WL 15669, at *15 (S.D.N.Y. Oct. 31, 1986) (finding attorney-client privilege properly invoked where client sought legal advice on pending legislation) (attached at Tab "B").

10

- *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311 (7th Cir. 1978) ("legal assistance" for privilege analysis included "preparation for possible testimony and analysis of the probable legal consequences and antitrust considerations of the proposed legislation").

- *Harrington v. Freedom of Info. Comm'n*, 323 Conn. 1, 24 (2016) ("If a lawyer who is also a lobbyist gives advice that requires legal analysis of legislation, such as interpretation or application of the legislation to fact scenarios, that is certainly the type of communication that the privilege is meant to protect.").

As in these cases, the documents at issue reflect legal analysis of existing and proposed legislation at both the state and local level. *See* Doc. 351-1, Ex. A, Bonner Decl. at ¶ 8. For example, documents reflect analysis of legal consequences associated with certain pending legislation, preparing testimony, making recommendations about legislation, evaluating whether proposed legislation withstands judicial review, and evaluating the interests of the client in the event proposed legislation becomes law. *See, e.g.*, PRIV-0074, PRIV-00106, PRIV-00107, PRIV-00108, PRIV-00900, PRIV-000679 at 6, PRIV-00684 at 2, 6; PRIV-00755 at 2, 6; PRIV-00685 at 2, 6, PRIV-000679 at 1, PRIV-00684 at 1, PRIV-00755 at 1, and PRIV-00685 at 1.

Yet, the magistrate judge here interpreted "legal advice" so narrowly as to *per se* preclude the application of the privilege if a

communication between lawyers and clients (or their agents) contains advice about legislation (*i.e.*, "legislative advice"). That was error. Rather than casting the legal advice in the documents as "legislative" advice to circumvent the privilege, the magistrate judge should have considered the representation of Parx in totality before applying an improper, *per se* rule precluding application of the privilege altogether simply because a communication discussed legislation or legislative matters.

To illustrate, consider the enormity and complexity of the topics reflected in the documents.  The legality or illegality of so-called "skill games" is a topic that all three branches of Pennsylvania's government are to this day evaluating. The legislatures at the state and local level are considering legislation regarding the legality or illegality of so-called "skill games"; the executive branch is evaluating the legality skill games; and state courts at all levels are considering cases involving that very issue. No clear consensus has been reached by any of the three branches.

This uncertain landscape favors a broader application of the attorney-client privilege. Parx's lawyers and agents must be free to communicate about legislative and other initiatives that affect Parx's

interests without fear that those communications will become matters of public knowledge.

Moreover, it is bad policy to construe "legal advice" so narrowly as to exclude a lawyer's discussions about legislative matters from the protections of the attorney-client privilege. The better rule is that communications regarding legislation of the type reflected in the documents should be covered by the privilege. Common law has considered the attorney-client privilege sacrosanct and entitled to broad protection for centuries for good reason. This is just as true with respect to advice about legislation because:

- This confidentiality encourages the client to provide all relevant information to its attorneys, including details about pending legislation that may impact the company.

- Upholding the privilege ensures the preservation of trust and confidentiality in the attorney-client relationship. Clients such as Parx need assurance that their communications with attorneys, especially regarding legislative matters, will be kept confidential to facilitate effective legal representation.

- Applying the privilege to documents related to pending legislation allows attorneys to provide well-informed and comprehensive legal advice. This is crucial for clients such as Parx to navigate the complex legal landscape surrounding legislative matters that affect the client's interests.

- Providing the privilege for documents related to pending legislation encourages clients to seek legal advice on compliance matters. This, in turn, promotes adherence to

- laws and regulations, contributing to the overall stability and fairness of the legal system.

  ▪ Recognizing the attorney-client privilege in the context of pending legislation aligns with the longstanding legal tradition of confidentiality between attorneys and clients.

In the end, the magistrate judge's *per se* rule is wrong on the law and undermines the privilege. Forcing the disclosure of all communications that relate in any way to legislative and policy matters is flat out wrong. If left to stand, the decision risks creating a chilling effect on clients seeking legal advice in these crucial areas. *See Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*, No. 22-2445, 2023 WL 7491133, at *4 n.6 (3d Cir. Nov. 13, 2023) ("Parties rely on the privilege as essential to open communications with counsel. To have it denied after the fact . . . gives us serious pause.") (attached at Tab "B").

The point is not merely academic. Parx (and other clients of other lawyers reading the magistrate judge's opinion) may be reluctant to engage in open and candid discussions with their attorneys for fear that, as in this case, such communications are susceptible to disclosure in litigation *that does not even involve the client* and that is based on allegedly tortious conduct *the client was not even aware of, much less participated in*. This hesitancy undermines the very purpose of the

attorney-client privilege, which is to foster trust and facilitate the uninhibited exchange of information between clients and their lawyers.

Accordingly, the magistrate judge erred when he concluded that "legal advice" *per se* does not include advice on legislative matters for purposes of the attorney-client privilege.

## IV.   CONCLUSION

WHEREFORE, the Court should reverse the order and opinion of the magistrate judge and hold that the attorney-client privilege precludes disclosure of documents to POM.

January 12, 2024                               Respectfully submitted,

                                               **GA BIBIKOS LLC**

                                               /s George A. Bibikos
                                               George A. Bibikos
                                               5901 Jonestown Rd. #6330
                                               Harrisburg, PA 17112
                                               (717) 580-5305
                                               gbibikos@gabibikos.com

                                               *Counsel for Counsel for Greenwood*
                                               *Gaming & Entertainment, Inc.,*
                                               *d/b/a Parx Casino*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel will be served automatically.

/s George A. Bibikos
George A. Bibikos

**WORD-COUNT CERTIFICATION**

Pursuant to L.R. 7.8, I hereby certify that the foregoing document contains 3,421 words based on the word-count feature of Microsoft Word.

/s George A. Bibikos
George A. Bibikos