# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                      :
                                         :
                    Plaintiff,           :
        v.                               :          Docket No. 1:20-cv-00292
                                         :
ECKERT SEAMANS CHERIN &                  :
MELLOTT, LLC, MARK S. STEWART,           :          (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                   :
                                         :
                    Defendants.          :
_____  :

## BRIEF OF DEFENDANTS ECKERT SEAMANS CHERIN & MELLOTT, LLC, MARK S. STEWART, AND KEVIN SKJOLDAL; THIRD-PARTY GREENWOOD GAMING & ENTERTAINMENT, INC. D/B/A PARX CASINO; AND THIRD-PARTY HAWKE MCKEON & SNISCAK, LLP IN RESPONSE TO COURT'S JANUARY 12, 2024 ORDER

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming &
Entertainment, Inc. d/b/a Parx Casino*

Dennis A. Whitaker, I.D. #53975
Melissa A. Chapaska, I.D. # 319449
HAWKE MCKEON & SNISCAK, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
(717) 236-4841 (facsimile)

*Counsel for Hawke, McKeon & Sniscak,
LLP*

Robert S. Tintner, Esq. (No. 73865)
Peter C. Buckley, Esq. (No. 92313)
Nathan Huddell, Esq. (No. 321472)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766/2854 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com
pbuckley@foxrothschild.com
nhuddell@foxrothschild.com

*Counsel for Defendants Eckert Seamans
Cherin & Mellott, LLC, Mark S. Stewart,
and Kevin M. Skjoldal*

Dated:  January 26, 2024

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iii

I.     INTRODUCTION ............................................................................. 1

II.    PROCEDURAL HISTORY OF THE CASE ............................................. 1

III.   STATEMENT OF FACTS ............................................................... 6

IV.   STATEMENT OF QUESTIONS INVOLVED ........................................ 6

V.    ARGUMENT.................................................................................. 7

     A.    Judge Saporito's February 16, 2021 Decision Shows that He Made Deliberate Privilege Determinations as to Each Category of Documents Subject to that Decision ........................... 7

     B.    Judge Saporito's Prior Decisions Are Based on the Premise that He Determined that the Attorney-Client Privilege Applies to the 182 Withheld Documents ........................................ 8

     C.    The Third Circuit's Decision Neither Directs nor Contemplates any New Finding, on Remand, that the 182 Withheld Documents Are Not Privileged........................................ 10

     D.    POM Thrice Waived Its Right to Challenge Judge Saporito's Finding that the 182 Withheld Documents Are Privileged Attorney-Client Communications..................................... 13

VI.   CONCLUSION ................................................................................ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bankers Tr. Co. v. Bethlehem Steel Corp.*,
   761 F.2d 943 (3d Cir. 1985) ...................................................................11

*Braden v. Univ. of Pittsburgh*,
   552 F.2d 948 (3d Cir. 1977) ...................................................................15

*Crowe v. Smith*,
   261 F.3d 558 (5th Cir. 2001) ............................................................11, 12

*Guy v. United Healthcare Corp.*,
   154 F.R.D. 172 (S.D. Ohio 1993)............................................................13

*Inmates of the Allegheny Cnty. Jail v. Wecht*,
   873 F.2d 55 (3d Cir. 1989) .....................................................................14

*Klein v. Stahl GMBH & Co. Maschinefabrik*,
   185 F.3d 98 (3d Cir. 1999) .......................................................................9

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*,
   337 F.3d 314 (3d Cir. 2003) .....................................................................9

*\*Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*,
   No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023)............................5, 11

*People's Bank of Buffalo v. Brown*,
   112 F. 652 (3d Cir. 1902) .......................................................................12

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*,
   81 F.3d 355 (3d Cir. 1996) .......................................................................9

*In re Sunrise Sec. Litig.*,
   130 F.R.D. 560 (E.D. Pa. 1989)...............................................................10

*Valente v. Pepsico, Inc.*,
   68 F.R.D. 361 (E.D. Pa. 1975)................................................................10

**Statutes**

28 U.S.C. §1292(b) ..................................................................................5, 14

**Other Authorities**

Federal Rule of Civil Procedure 72(a)....................................................14

*This unpublished decision is attached to the Brief as Exhibit 1.

## I.    INTRODUCTION

Pursuant to the Court's January 12, 2024 Order (ECF 364), Defendants, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), Mark S. Stewart, and Kevin M. Skjoldal (collectively, "Defendants"); third-party Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx"); and third-party Hawke McKeon & Sniscak, LLP ("HMS") (collectively with Defendants and Parx, the "Privilege Appellants"), by and through their respective counsel, hereby jointly file this brief in support the position that Judge Saporito determined that the attorney-client privilege applies to the 182 documents subject to the recent decision issued in this matter by the United States Court of Appeals for the Third Circuit.

## II.    PROCEDURAL HISTORY OF THE CASE[1]

Plaintiff Pace-O-Matic, Inc. ("POM") is a former client of Eckert. ECF 243 at 1. In this case, POM alleges that Eckert breached the fiduciary duties that it owed to POM by concurrently representing POM and Parx, one of POM's purported or potential competitors. *Id.* at 2. Parx is not a party to this action. *See id*. Nor is HMS, although it previously represented Parx in other matters involving POM. *Id.* at 2, 16.

---

[1] In the interest of brevity, and because the full procedural history of this case is set forth in the parties' prior submissions to the Court, the Privilege Appellants recite herein only those portions of the procedural history pertinent to the issue at bar.

During discovery, POM propounded on Eckert discovery requests seeking production of privileged attorney-client communications between Parx and its counsel at Eckert and HMS.  ECF 87 at 4-5.  Eckert objected to those requests on the basis of, *inter alia*, the attorney-client privilege and work-product doctrine and moved for a protective order.  *Id.* at 5; ECF 44.  POM, for its part, moved to compel production of the same attorney-client communications.  ECF 87 at 4-5; ECF 50.

POM also issued subpoenas directly to Parx and HMS seeking production of the same privileged materials.  ECF 87 at 5.  Both Parx and HMS moved to quash those subpoenas.  *Id.*; ECF 48; ECF 52.  In their motions to quash, Parx and HMS asserted, *inter alia*, that the materials POM sought are protected from disclosure by the attorney-client privilege and the work-product doctrine.  ECF 49 at 2; ECF 53 at 8.

The Privilege Appellants and POM briefed Eckert's motion for a protective order, POM's motion to compel, and Parx's and HMS's motions to quash.  *See* ECF 45, 49, 51, 53, 59-63, 75-77.  On October 20, 2020, the Privilege Appellants and POM participated in an oral argument before Judge Saporito on all four of those motions.  *See* ECF 131-5 (transcript of October 20, 2020 oral argument); ECF 87 at 2.  In December 2020, the Privilege Appellants submitted to Judge Saporito an "agreed-upon selection of purportedly privileged or protected documents for *in*

*camera* review." ECF 87 at 2. Thereafter, "[t]hose documents [were] reviewed by the court *in camera*." *Id.* at 5.

On February 16, 2021, Judge Saporito issued a Memorandum (ECF 87) (the "February 16 Memorandum) granting in part and denying in part each of the four motions at issue. ECF 87 at 46. In the February 16 Memorandum, Judge Saporito concluded, "[b]ased on our *in camera* review," that sixteen documents he reviewed "are non-privileged communications involving attorneys representing government regulators," *id.* at 22; that thirty-three documents he reviewed "are non-privileged transmittal messages," *id.* at 23; that certain text messages he reviewed "do not involve any legal advice or services," *id.* at 25; that seventy-three documents he reviewed are "non-privileged communications concerning lobbying or public relations advice or services," *id.* at 29; that "defendant is estopped from asserting attorney-client privilege with respect to" 182 documents he reviewed, *id.* at 36, 40-42, and that those 182 documents "are not protected by the work-product doctrine," *id.* at 38; that another forty-one documents he reviewed "are protected by the attorney-client privilege," *id.* at 43-44; that twenty-five documents produced by Parx and reviewed by Judge Saporito "are protected by attorney-client privilege," *id.* at 44-45; and that ten documents he reviewed "are properly withheld from disclosure under the work-product doctrine." *Id.* at 45.

3

The Privilege Appellants appealed the portion of Judge Saporito's February 16, 2020 decision "dealing with judicial estoppel and implied waiver of the privilege." ECF 94 at 2. *See also* ECF 95, 97. The District Court granted the Privilege Appellants' appeal, overruled the relevant portion of Judge Saporito's February 16, 2020 decision, and "recommit[ted] the matter to Judge Saporito for further consideration." ECF 113 at 11.

On remand, "Judge Saporito allowed the parties to brief the issue of judicial estoppel." ECF 222 at 4 (footnote omitted). Judge Saporito also performed a "reinspection *in camera*" of the 182 documents at issue (the "182 Withheld Documents"). ECF 166 at 3, 35. Judge Saporito then "reach[ed] the same conclusion for essentially the same reasons," finding that as to all of the 182 Withheld Documents, "any attorney-client privilege has been judicially estopped and work-product doctrine does not apply." *Id.* at 35-36 (the "November 2021 Memorandum"). In the November 2021 Memorandum, Judge Saporito cited two district court cases "suggest[ing] that the purportedly privileged communications at issue may not be protected by attorney-client privilege in the first instance." *Id.* at 32 n.19 (citations omitted). Yet Judge Saporito declined to make such a finding as to the 182 Withheld Documents. *Id.* ("We are, however, reluctant to make a definitive ruling that Eckert's concurrent representation[s] constituted an impermissible conflict . . . .").

4

After further proceedings, the District Court affirmed Judge Saporito's ruling with respect to the 182 Withheld Documents. ECF 222 at 15 (the "July 5 Order"). The Privilege Appellants appealed the July 5 Order, which the District Court certified for interlocutory review pursuant to 28 U.S.C. §1292(b). ECF 252 at 12.

On November 13, 2023, the United States Court of Appeals for the Third Circuit vacated the July 5 Order and remanded the matter for further proceedings. *Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*, No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023). In its decision, the Third Circuit concluded, *inter alia*, that "the requirements for applying judicial estoppel have not been met," and that "the District Court abused its discretion in finding that Eckert, HMS, and Parx acted in bad faith." *Id.* at *2, 3.

On December 11, 2023, the District Court issued an Order stating that "[b]ecause it appears that Judge Saporito did not reach a conclusion as to the application of attorney-client privilege with respect to these 182 documents, the court will make a determination based either on the briefing originally submitted in 2020 or based on new briefing to be submitted in 2024." ECF 357 at 2. Following a status conference held on January 12, 2024, the District Court issued an Order directing the Privilege Appellants to file, by January 26, 2024, "a joint or individual

5

briefs in support of the position that Judge Saporito determined that attorney-client privilege applies to the 182 documents now at issue." ECF 364 at 1.

## III.    STATEMENT OF FACTS

The facts pertinent to the issue at bar are set forth in the portions of the record cited above. Accordingly, Defendants cite those portions of the record where appropriate herein.

## IV.    STATEMENT OF QUESTIONS INVOLVED

Question 1: Did Judge Saporito determine that the attorney-client privilege applies to the 182 documents now at issue?

Proposed Answer: *Yes*.

Question 2: Did POM waive any claim that the attorney-client privilege does not apply to the 182 documents now at issue by failing to timely appeal Judge Saporito's orders?

Proposed Answer: *Yes*.[2]

---

[2] The Privilege Appellants respectfully submit that any presumption that they must point to statements in Judge Saporito's decisions where he explicitly ruled that the attorney-client privilege does apply to the 182 documents now at issue is misplaced. Those documents were logged and identified as privileged by the Privilege Appellants. Accordingly, the Privilege Appellants submit that the questions before the Court should be whether and where Judge Saporito explicitly ruled that those 182 documents are *not* attorney-client privileged, as he did with the initially withheld documents that have already been produced by the Privilege Appellants. The answer is that he did not.

## V.    ARGUMENT

### A.    Judge Saporito's February 16, 2021 Decision Shows that He Made Deliberate Privilege Determinations as to Each Category of Documents Subject to that Decision

Prior to issuing his February 16, 2021 decision, Judge Saporito conducted an *in camera* review of the 182 Withheld Documents and various other documents withheld on privilege and work-product grounds. *See* ECF 87 at 5 (stating that all of the documents provided to Judge Saporito following the October 20, 2020 oral argument, including the 182 Withheld Documents, were "reviewed by the court *in camera*."). The detailed findings Judge Saporito included in that decision make clear that he reached privilege determinations as to all of the documents to which the ruling applied. *See, e.g.*, *id.* at 22 (concluding, "[b]ased on our *in camera* review," that sixteen documents he reviewed "are non-privileged communications involving attorneys representing government regulators,"); *id.* at 23 (concluding that thirty-three documents he reviewed "are non-privileged transmittal messages"); *id.* at 25 (concluding that certain text messages he reviewed "do not involve any legal advice or services"); *id.* at 29 (concluding that seventy-three documents he reviewed are "non-privileged communications concerning lobbying or public relations advice or services"); *id.* at 36, 40-42 (concluding that "defendant is estopped from asserting attorney-client privilege with respect to" 182 Withheld Documents); *id.* at 38 (concluding that the 182 Withheld Documents "are not protected by the work-

7

product doctrine"); *id.* at 43-44 (concluding that another forty-one documents he reviewed "are protected by the attorney-client privilege"); *id.* 44-45 (concluding that twenty-five documents produced by Parx and reviewed by Judge Saporito "are protected by attorney-client privilege"); *id.* at 45 (concluding that ten documents Judge Saporito reviewed "are properly withheld from disclosure under the work-product doctrine").

What those detailed findings show is that Judge Saporito made deliberate privilege determinations as to category after category of the documents subject to his decision. *See, e.g.*, *id.* at 22, 23, 25, 29 (explicitly finding an absence of privilege as to the documents in question); *id.* at 43, 44, 45 (explicitly finding that the attorney-client privilege or the work-product doctrine applies to the documents in question). To conclude that Judge Saporito did not make such a determination with respect to the 182 Withheld Documents would require one to conclude that Judge Saporito treated those documents differently than he treated every other set of materials subject to his February 16, 2021 decision. Yet nothing in the record states or even suggests that Judge Saporito did so.

**B.    Judge Saporito's Prior Decisions Are Based on the Premise that He Determined that the Attorney-Client Privilege Applies to the 182 <u>Withheld Documents</u>**

More broadly, both Judge Saporito's February 16, 2021 decision and his November 16, 2021 decision are based on the premise that he determined that the

attorney-client privilege applies to the 182 Withheld Documents. Indeed, had Judge Saporito not concluded that those documents are privileged, then he would have had no reason in the first instance to invoke judicial estoppel, which "is often the harshest remedy" a court can use against a party (or, in this case, a non-party). *Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98, 110 (3d Cir. 1999) (citation omitted). *See also Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 365 (3d Cir. 1996) ("[J]udicial estoppel is an 'extraordinary remed[y].'") (quoting *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 424 (3d Cir. 1988)); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 324 (3d Cir. 2003) (judicial estoppel "is to be used sparingly").

Yet Judge Saporito did invoke the "extraordinary remed[y]" of judicial estoppel. *Ryan Operations*, 81 F.3d at 365 (citation and internal quotation marks omitted). In fact, he did so twice—including once *after* this Court remanded the matter to Judge Saporito for further consideration concerning the issue of judicial estoppel specifically. ECF 113 at 11. To conclude that Judge Saporito twice invoked a remedy that the Third Circuit has held should be used only "sparingly," *Krystal Cadillac*, 337 F.3d at 324, without *first* determining that the 182 Withheld Documents are privileged defies logic.

Such a conclusion also would ignore that after remand, Judge Saporito performed a "reinspection *in camera*" of the 182 Withheld Documents—and only

9

those documents.  ECF 166 at 3, 35.  As part of that second *in camera* review of the 182 Withheld Documents, Judge Saporito explicitly concluded that "th[o]se documents are not protected by the work-product doctrine."  ECF 166 at 30.  Thus, it is clear that Judge Saporito did not limit the scope of his second *in camera* review to estoppel-specific issues.  Instead, he assessed whether the documents at issue are protected from compelled disclosure on other bases.

In fact, in his November 16, 2021 decision, Judge Saporito cited two district court cases "suggest[ing] that the purportedly privileged communications at issue may not be protected by attorney-client privilege in the first instance."  *Id.* at 32 n.19 (citing *In re Sunrise Sec. Litig.*, 130 F.R.D. 560 (E.D. Pa. 1989) and *Valente v. Pepsico, Inc.*, 68 F.R.D. 361 (E.D. Pa. 1975)).  Yet Judge Saporito *declined* to make such a finding as to the 182 Withheld Documents.  *Id.* ("We are, however, reluctant to make a definitive ruling that Eckert's concurrent representation[s] constituted an impermissible conflict . . . .").  The reason why is apparent:  Judge Saporito *did* determine that the 182 Withheld Documents are privileged.  Had he not, then he would have had no reason to cite but to refuse to follow *Sunrise* and *Valente*.

### C.  The Third Circuit's Decision Neither Directs nor Contemplates any New Finding, on Remand, that the 182 Withheld Documents Are <u>Not Privileged</u>

"A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion *and the circumstances it embraces*."

10

*Bankers Tr. Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949-50 (3d Cir. 1985) (emphasis added) (citing *Piambino v. Bailey*, 757 F.2d 1112 (11th Cir. 1985)). This rule extends to those issues "implicitly disposed of by the appellate decision." *Bankers Tr.*, 761 F.2d at 950 (citations omitted). *See also, e.g.*, *Crowe v. Smith*, 261 F.3d 558, 562-63 (5th Cir. 2001) (concluding that "district court exceeded our mandate by" making factual findings on remand that were "rejected by necessary implication" in appellate court's prior decision).

Here, the Third Circuit vacated the July 5 Order, which had compelled the production of the 182 Withheld Documents. *Pace-o-Matic*, 2023 WL 7491133, at *1. No portion of the Third Circuit's decision directs or even contemplates a new finding, on remand, that the 182 Withheld Documents are not privileged and that their production may be compelled anew on that basis. Indeed, while the Third Circuit "remand[ed] for further proceedings" and even encouraged this Court to "consider" certain sanctions issues, it made no mention whatsoever of any reexamination of Judge Saporito's prior determinations that the 182 Withheld Documents are privileged. *Id.* at *4. Instead, the Court noted that the prospect of "hav[ing Parx's attorney-client privilege] denied after the fact . . . gives us serious pause." *Id.* at *4 n.6. Yet this is precisely the prospect that these proceedings raise: That the attorney-client privilege of Parx, a non-party, will be invalidated "after the fact"—again—on the basis of a *sua sponte* re-examination of Judge Saporito's prior

11

privilege determinations. The Privilege Appellants respectfully submit that doing so would be inconsistent with the Third Circuit's decision in this matter and inconsistent with the mandate rule. *See, e.g.*, *Crowe*, 261 F.3d at 562-63 (5th Cir. 2001).

Moreover, even if the Court were to conclude that Judge Saporito did not determine that the attorney-client privilege applies to the 182 Withheld Documents, that would not resolve the question of whether the Privilege Appellants may be compelled, again, to produce those materials to POM. Rather, the Court would then be required to assess, again, *each* of the 182 Withheld Documents to determine whether it is protected from disclosure by the privilege. *People's Bank of Buffalo v. Brown*, 112 F. 652, 654 (3d Cir. 1902) ("[I]t is requisite that in *every* instance it shall be judicially determined whether the *particular* communication in question be really privileged, and, in order that such primary determination may be advisedly made, it is indispensable that the court shall be apprised, through preliminary inquiry, of the characterizing circumstances.") (emphasis added). Yet no portion of the Third Circuit's decision in this case contemplates such proceedings on remand.

The Privilege Appellants also submit, respectfully, that a document-by-document re-examination of each of the 182 Withheld Documents—and the briefing or motion practice that may follow it—would be an inefficient use of the Court's, the parties', and the relevant third-parties' resources. As the Court is aware, it, the

12

parties, Parx, and HMS already have spent more than three years litigating this collateral issue relating to the attorney-client privilege held by an entity that is not and never has been a party to this action. The Court is not obligated to expend additional resources on that peripheral issue. *See, e.g.*, *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 176 (S.D. Ohio 1993) (declining to perform *in camera* review of documents on privilege log despite "[b]oth parties['] assum[ption] that the Court" would do so, because "[s]uch a procedure would constitute, in this Court's estimation, an expenditure of judicial resources that could be justified only by an implicit determination that the representations made by defense counsel [on the privilege log] are untrue. That determination is unwarranted . . . .") (footnote omitted). Here, as in *Guy*, the circumstances do not warrant further expenditure of the Court's resources—not to mention the resources of the parties and the relevant third-parties)—on yet another document-by-document review of the 182 Withheld Documents and any briefing or motion practice that may follow it.

    **D.**    **POM Thrice Waived Its Right to Challenge Judge Saporito's Finding that the 182 Withheld Documents Are Privileged Attorney-Client Communications**

As explained above, Judge Saporito twice concluded that the 182 Withheld Documents are privileged attorney-client communications not subject to disclosure but for his application of judicial estoppel. *See* ECF 87 at 36 (finding "the defendant is estopped from asserting attorney-client privilege with respect to" the 182

Withheld Documents); ECF 166 at 3, 35-36 ("reach[ing] the same conclusion for essentially the same reasons," finding that as to all of the 182 Withheld Documents, "any attorney-client privilege has been judicially estopped and work-product doctrine does not apply."). The District Court affirmed Judge Saporito's findings on remand, including, necessarily, his finding that the 182 Withheld Documents are subject to the privilege, but that Defendants were judicially estopped from asserting the privilege as to them. *See* July 5 Order at 15.

POM *thrice* waived its right to challenge the privilege findings of Judge Saporito and the District Court's affirmation of the same. Federal Rule of Civil Procedure 72(a) requires a party objecting to a magistrate judge's ruling to do so "within 14 days after being served with a copy. *A party may not assign as error a defect in the order not timely objected to*." FED. R. CIV. P. 72(a) (emphasis added). POM did not file objections to either Judge Saporito's original privilege order (ECF 87) or his order on remand. ECF 166. Nor did POM seek interlocutory appeal of the District Court's affirmation of Judge Saporito's order on remand (ECF 222), thus waiving any right to do so now. 28 U.S.C. § 1292(b) (providing that a party may only seek permissive interlocutory appeal of a district court order by filing an application with the appellate court "within ten days after the entry of the order"); *see also Inmates of the Allegheny Cnty. Jail v. Wecht*, 873 F.2d 55, 57 (3d Cir. 1989) (holding that an untimely application for permission to appeal warrants dismissal for

14

"lack of jurisdiction") (citation omitted); *Braden v. Univ. of Pittsburgh*, 552 F.2d 948, 950 (3d Cir. 1977) ("It is well-settled that the neglect of a party to petition for leave to appeal within ten days of the entry of the certification order deprives an appellate court of jurisdiction"). Because POM failed to timely object to or appeal the privilege findings by Judge Saporito and the District Court implicit in their application of judicial estoppel (as later overruled by the Third Circuit), POM cannot now be heard to contest the application of the attorney-client privilege to the 182 Withheld Documents.

## VI.   **CONCLUSION**

For all of the foregoing reasons, the Privilege Appellants respectfully submit that the Court should conclude that Judge Saporito determined that the attorney-client privilege applies to and protects from disclosure the 182 Withheld Documents.

Respectfully submitted,

/s/ George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming &
Entertainment, Inc. d/b/a Parx Casino*

/s/ Melissa A. Chapaska
Melissa A. Chapaska, I.D. # 319449
Dennis A. Whitaker, I.D. #53975
HAWKE MCKEON & SNISCAK, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
(717) 236-4841 (facsimile)

*Counsel for Third-Party Hawke,
McKeon & Sniscak, LLP*

/s/ Robert S. Tintner
Robert S. Tintner, Esq. (No. 73865)
Peter C. Buckley, Esq. (No. 92313)
Nathan Huddell, Esq. (No. 321472)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766/2854 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com
pbuckley@foxrothschild.com
nhuddell@foxrothschild.com

*Counsel for Defendants Eckert Seamans
Cherin & Mellott, LLC, Mark S. Stewart,
and Kevin M. Skjoldal*

Dated:  January 26, 2024

16

## CERTIFICATE OF COMPLIANCE WITH
## WORD-COUNT LIMIT PURSUANT TO LOCAL RULE 7.8(b)(2)

I, Robert S. Tintner, Esquire, hereby certify, pursuant to Local Rule 7.8(b)(2), that this brief complies with Local Rule 7.8(b)(2) because it contains 3,437 words, excluding the unnumbered title page, the Table of Contents, the Table of Authorities, this Certificate, counsels' signature blocks, and the Certificate of Service. In making this certification, I relied on Microsoft Word's "Word Count" tool.

_____
ROBERT S. TINTNER, ESQUIRE

Date:  January 26, 2024

17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

_____
PACE-O-MATIC, INC.,                     :
                                        :
                  Plaintiff,            :
    v.                                  :    Docket No. 1:20-cv-00292
                                        :
ECKERT SEAMANS CHERIN &                 :
MELLOTT, LLC, MARK S. STEWART,          :    (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                  :
                                        :
                  Defendants.           :
_____:

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that on this 26th day of January, 2024, I served a true and correct copy of the foregoing upon all counsel of record via email.

_____
ROBERT S. TINTNER, ESQUIRE