IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:20-cv-292-JPW |
| | ) | |
| v. | ) | Judge Wilson |
| | ) | |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PACE-O-MATIC, INC.'S BRIEF PURSUANT TO JANUARY 12, 2024 ORDER**

Pursuant to the Court's January 12, 2024 Order (ECF No. 364), Plaintiff Pace-O-Matic, Inc. ("POM") respectfully submits this response to the joint brief (ECF No. 369) filed by Defendants; Greenwood Gaming & Entertainment, Inc. ("Parx"); and Hawke McKeon & Sniscak, LLP (together, the "Privilege Appellants"). For the reasons described below, POM respectfully submits that the Magistrate Judge did not determine that the attorney-client privilege applies to the 182 documents at issue here (the "Withheld Documents").

**I.   The Magistrate Judge Did Not Decide That the Withheld Documents Fall Within the Scope of the Attorney-Client Privilege.**

The Court directed the parties to brief whether "Judge Saporito determined that attorney-client privilege applies to the 182 documents now at issue." ECF No. 364, at 1. In addressing this issue, the Privilege Appellants do not point to a single passage in either of the Magistrate Judge's Memoranda in which he expressly finds those documents to fall within the attorney-client privilege. *See generally* ECF No. 369. The absence of any statement to that effect—anywhere in the combined 82 pages of analysis in the two Memoranda—constitutes strong evidence that the Magistrate Judge did not determine that the attorney-client privilege applies to those Documents. In stark contrast, those Memoranda refer to the Withheld Documents at least 14 times as

1

"*purportedly* privileged documents." *See* ECF No. 166, at 8, 14, 18, 21, 22, 28, 29, 32, 35 (emphasis added in each instance); ECF No. 87, at 37 (emphasis added). It is difficult to understand why the Magistrate Judge would have repeatedly described the Withheld Documents as *purportedly* privileged if he had determined those Documents to actually be privileged.

Rather than pointing to any express finding by the Magistrate Judge regarding the Withheld Documents, the Privilege Appellants instead seek to read between the lines of the Memoranda, drawing various inferences to support the notion that the Magistrate Judge tacitly found the Documents to be privileged. None of these arguments has merit.

First, the Privilege Appellants point to several passages in the Magistrate Judge's February 16, 2021 Memorandum that—they contend—"make clear that he reached privilege determinations as to all of the documents to which the ruling applied." ECF No. 369, at 11; *see also id.* at 11-12.[1] None of these passages supports the inference that the Magistrate Judge found the Withheld Documents to be privileged. In most of those passages, the Magistrate Judge expressly found that certain documents (other than the Withheld Documents) were, or were not, covered by the attorney-client privilege and/or the work-product doctrine. *See* ECF No. 87 at 22, 23, 25, 29, 43-44, 44-45, 45; *see also* ECF No. 369, at 11-12 (citing those passages). But those passages *cut against* the Privilege Appellants' arguments. The most reasonable inference from those passages is that, when the Magistrate Judge determined whether the privilege applies to particular documents, he expressly said so. The fact that the Magistrate Judge did not expressly state that the privilege applies to the Withheld Documents—in stark contrast to every other document that he reviewed—strongly implies that he *did not* find that the privilege applies to those Documents.

---

[1] All page numbers refer to the page numbering added by the CM/ECF system and printed at the top of documents in the version accessible on the Court's electronic docket.

Similarly, the Privilege Appellants point to the fact that the Magistrate Judge expressly found that the work-product doctrine does not protect the Withheld Documents. *See* ECF No. 369, at 11-12 (citing ECF No. 87, at 38). Again, this passage undermines the Privilege Appellants' position rather than supporting it: it shows that when the Magistrate Judge determines whether a privilege or protection applies to a set of documents (even as to the Withheld Documents), he will expressly state that determination. In light of this, the fact that the Magistrate Judge did not state expressly that the attorney-client privilege applies to the Withheld Documents strongly implies that he did not find that the privilege applies to those documents. Finally, the Privilege Appellants point to the fact that the Magistrate Judge expressly found that "defendant is estopped from asserting attorney-client privilege with respect to" the Withheld Documents. ECF No. 87, at 36 (quoted in ECF No. 369, at 11). But this conclusion does not imply that the Magistrate Judge had found the privilege to apply to those Documents. Instead, it lays bare the fact that the Magistrate Judge—in contrast to his handling of every other document at issue—*did not* expressly state whether the attorney-client privilege applies to the Withheld Documents.

Second, the Privilege Appellants contend that, because the doctrine of judicial estoppel should only be invoked "sparingly," it would "def[y] logic" for the Magistrate Judge to have applied judicial estoppel without first determining whether the documents were privileged. *See* ECF No. 369, at 12-13. In effect, the Privilege Appellants argue for an approach similar to constitutional avoidance that would prevent a court from applying judicial estoppel unless it has first exhausted all alternate legal bases to avoid having to reach the issue of judicial estoppel. No authority supports this approach. To be sure, the Third Circuit has directed courts to apply the doctrine "sparingly." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 324 (3d Cir. 2003). But this directive does not mean that district courts must exhaust

3

every alternate legal basis to rule against a party before finding that party to be estopped.[2]  Instead, as the Third Circuit made clear, it means that judicial estoppel should be "reserved for the most egregious case."  *Id.*  The fact that the Magistrate Judge found the misconduct here to constitute an "egregious case" does not imply that he tacitly found the Withheld Documents to fall within the attorney-client privilege.

Moreover, Footnote 19 of the Magistrate Judge's November 16 decision directly refutes the Privilege Appellants' argument.  In that footnote, the Magistrate Judge cited two cases that "suggest that the purportedly privileged communications at issue may not be protected by attorney-client privilege in the first instance because Eckert faced a conflict of interest in undertaking the representation of one client in a litigation matter *directly adverse* to another current client."  ECF No. 166, at 32 n.19.  The Magistrate Judge declined to address this theory, however, because it would have required him to resolve an issue central to the merits of the case, *i.e.*, whether Eckert's representation of Parx "constituted an impermissible conflict of interest."  *Id.*  For this reason, the Magistrate Judge did not address whether these two cases defeated Eckert's and Parx's assertion of attorney-client privilege.  *Id.*  This approach is inconsistent with the Privilege Appellants' claim that the Magistrate Judge must have exhausted every possible alternative basis before applying judicial estoppel.  To the contrary, the Magistrate Judge expressly declined to resolve an argument that—if decided in POM's favor—would have obviated the need to apply judicial estoppel.

---

[2] To be sure, the Third Circuit has held that judicial estoppel is appropriate only if "no lesser sanction would adequately remedy the damage done by the litigant's misconduct."  *Krystal Cadillac*, 337 F.3d at 319 (quotation omitted).  But that principle would not have required the Magistrate Judge to resolve the privilege issue before reaching the judicial estoppel issue.  Finding that documents do not satisfy the requirements of the attorney-client privilege is not a "sanction"; it is simply a reasoned legal conclusion.

4

Counterintuitively, the Privilege Appellants claim that Footnote 19 actually supports *their* position. *See* ECF No. 369, at 14. Their reasoning appears to rest on the claim that the Magistrate Judge "refuse[d] to follow *Sunrise* and *Valente* [*i.e.*, the two cases cited in Footnote 19]." *Id.* But the Magistrate Judge did not "refuse to follow" those cases. *See* ECF No. 166, at 19. For instance, he never rejected the reasoning in those cases, nor did he distinguish those cases from the facts presented here. Instead, he declined to resolve whether those cases undermined the assertion of privilege, presumably because he had already found that Eckert and Parx were estopped from asserting the attorney-client privilege and thus there was no need to address those cases. Footnote 19 does not support the notion that the Magistrate Judge, *sub silentio*, found the Withheld Documents to be privileged.

For the reasons described above, the Privilege Appellants have not identified any portion of the Magistrate Judge's Memoranda that shows—either expressly or implicitly—that he found the Withheld Documents to fall within the attorney-client privilege. Moreover, the Privilege Appellants' position is, at best, in tension with the nature of judicial estoppel. "Judicial estoppel applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted." *PDX North, Inc. v. Commissioner, N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 881 (3d Cir. 2020) (quotation omitted). By applying judicial estoppel, the Magistrate Judge precluded Eckert and Parx "from asserting attorney-client privilege with respect to the [Withheld Documents]." ECF No. 166, at 19. If judicial estoppel *precluded* the Privilege Appellants from even *asserting* attorney-client privilege as to the Withheld Documents, then the Magistrate Judge would have had no reason to assess whether the Documents were, nevertheless, privileged. Doing so would involve deciding an entirely unnecessary and hypothetical issue. Nothing in the Magistrate Judge's Memoranda suggest that he undertook to resolve such an

5

unnecessary issue.  For the reasons described above, the Magistrate Judge did not determine whether the Withheld Documents fall within the attorney-client privilege.

II. **The Third Circuit's Resolution of the Interlocutory Appeals Does Not Preclude the Court from Determining Whether the Withheld Documents Fall Within the Attorney-Client Privilege.**

The Privilege Appellants assert that "[n]o portion of the Third Circuit's decision directs or even contemplates a new finding, on remand, that the 182 Withheld Documents are not privileged and that their production may be compelled anew on that basis."  ECF No. 369, at 15.  This observation is, perhaps, true, but it is also irrelevant.  It is equally true that no portion of the Third Circuit's decision prohibits this Court from considering whether the Withheld Documents actually fall within the attorney-client privilege.  The Third Circuit did not address whether the privilege applies to the Withheld Documents.  Instead, the Third Circuit addressed only whether judicial estoppel should have been applied to prevent the Privilege Appellants from relying on the attorney-client privilege altogether.  It is well-established that "upon remand, [a district court] may consider, as a matter of first impression, those issues not expressly or implicitly disposed of by the appellate decision."  *Pardini v. Allegheny Intermediate Unit*, 524 F.3d 419, 423 (3d Cir. 2008) (quoting *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 950 (3d Cir. 1985)).  Because the Third Circuit did not address or resolve the question of whether the attorney-client privilege applies to the Withheld Documents, this Court may freely consider that issue.  *Id.*  It is irrelevant whether the Third Circuit "directed" or "contemplated" that this Court would consider an issue that is distinct from the one resolved in the interlocutory appeal.

The Privilege Appellants also complain that "the attorney-client privilege of Parx, a non-party, will be invalidated 'after the fact'—again—on the basis of a *sua sponte* re-examination of Judge Saporito's prior privilege determinations."  ECF No. 369, at 15-16.  This contention puts

the cart before the horse. The Court has not yet determined whether the documents at issue are, in fact, privileged—that is what the Court intends to determine. And those documents will be produced to POM *only if* the Court finds that they do not fall within the attorney-client privilege. Thus, there is no risk that Parx's privilege "will be invalidated": if the documents are privileged, they will not be produced; if the documents are not privileged, then no privilege will be "invalidated."

### III. POM Did Not Waive Any Arguments Regarding Whether the Attorney-Client Privilege Applies to the Withheld Documents.

The Privilege Appellants claim that POM "waived its right to challenge the privilege findings of Judge Saporito and the District Court's affirmation of the same," because POM did not file objections to the Magistrate Judge's discovery orders and did not pursue an interlocutory appeal of this Court's order upholding the application of judicial estoppel. ECF No. 369, at 18. This contention lacks merit. As an initial matter, this argument necessarily rests on the assumption that the Magistrate Judge ruled against POM by finding the Withheld Documents to be privileged. For the reasons described above, the Magistrate Judge *did not* find those Documents to be privileged. Thus, there was no adverse privilege ruling for POM to appeal, either to this Court or to the Third Circuit. In addition, "a prevailing party need not object to a magistrate judge's report and recommendation to preserve arguments that the magistrate judge did not address." *Marsalis v. Pa. Dep't of Corrections*, 37 F.4th 885, 888 (3d Cir. 2022).

Moreover, this waiver argument would fail even if the Magistrate Judge had ruled that the privilege applies to the Withheld Documents. There is no dispute that the Magistrate Judge ordered the Withheld Documents to be produced to POM, which was the entirety of the relief sought by POM as to those Documents. *See* ECF Nos. 88; 187. Where a magistrate judge grants all the relief that a prevailing party sought, that party need not object to portions of the magistrate's

decision that reject alternate arguments supporting the same relief. *See, e.g.*, *United States v. Street*, 917 F.3d 586, 597-599 (7th Cir. 2019) (collecting cases, and holding that a "prevailing party [need not] object to the reasoning of the magistrate judge if the recommendation is a decision in the party's favor and the prevailing party seeks no more favorable relief"); *Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005) ("[A] party, who substantially prevails in a magistrate judge's recommendation, does not waive the right to appeal secondary issues resolved against him by failing to object to the recommendation."). Because the Magistrate Judge ordered all the relief that POM sought with respect to the Withheld Documents, POM had no obligation to appeal the Magistrate Judge's decision, even if that decision had found that the Withheld Documents fall within the attorney-client privilege. *See id.*

Similarly, POM would have lacked standing to appeal the Court's order upholding the Magistrate Judge's decision and ordering the Withheld Documents to be produced. "In order to have standing to appeal a party must be aggrieved by the order of the district court from which it seeks to appeal." *McLaughlin v. Pernsley*, 876 F.2d 308, 313 (3d Cir. 1989). The Court granted POM all the relief it sought with respect to the Withheld Documents, *i.e.*, it ordered that those Documents be produced to POM. *See* ECF Nos. 222; 223. Thus, POM was not aggrieved by the Court's order. *Watson v. City of Newark*, 746 F.2d 1008, 1010 (3d Cir. 1984) (holding that parties who "received all of the relief which they sought" lacked standing to appeal); *see also Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939) ("A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining review of findings he deems erroneous which are not necessary to support the decree."). For the reasons described above, POM has not waived the argument that the Withheld Documents do not fall within the attorney-client privilege.

## **CONCLUSION**

For the reasons stated above, the Magistrate Judge did not determine that the attorney-client privilege applies to the Withheld Documents.

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Jeffrey B. Jensen*
Jeffrey B. Jensen*
Michael Nolan*
Michael Martinich-Sauter*
Bola Adeniran*
8001 Forsyth Blvd., Suite 1500
St. Louis, Missouri 63105
314-345-6464 (Telephone)
314-480-1505 (Facsimile)
Jeff.jensen@huschblackwell.com

* Appearing by special admission

George W. Westervelt, Jr.
Attorney ID No. 18195
706 Monroe Street, PO Box 549
Stroudsburg, Pennsylvania 18360
570-421-6100
geowwest@ptd.net

***Counsel for Plaintiff Pace-O-Matic, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon counsel of record for all parties via the Court's CM/ECF system on February 9, 2024.

/s/ Jeffrey B. Jensen