# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                          :
                                             :
                          Plaintiff,         :
        v.                                   :        Docket No. 1:20-cv-00292
                                             :
ECKERT SEAMANS CHERIN &                      :
MELLOTT, LLC, MARK S. STEWART,               :        (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                       :
                                             :
                          Defendants.        :
_____     :


**REPLY BRIEF OF DEFENDANTS ECKERT SEAMANS CHERIN &
MELLOTT, LLC, MARK S. STEWART, AND KEVIN SKJOLDAL;
THIRD-PARTY GREENWOOD GAMING & ENTERTAINMENT, INC.
D/B/A PARX CASINO; AND THIRD-PARTY HAWKE MCKEON &
SNISCAK, LLP IN RESPONSE TO COURT'S JANUARY 12, 2024 ORDER**

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming &
Entertainment, Inc. d/b/a Parx Casino*


Dennis A. Whitaker, I.D. #53975
Melissa A. Chapaska, I.D. # 319449
HAWKE MCKEON & SNISCAK, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
(717) 236-4841 (facsimile)

*Counsel for Hawke, McKeon & Sniscak,
LLP*

Robert S. Tintner, Esq. (No. 73865)
Peter C. Buckley, Esq. (No. 92313)
Nathan Huddell, Esq. (No. 321472)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766/2854 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com
pbuckley@foxrothschild.com
nhuddell@foxrothschild.com

*Counsel for Defendants Eckert Seamans
Cherin & Mellott, LLC, Mark S. Stewart,
and Kevin M. Skjoldal*


Dated:  February 23, 2024

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

I.    INTRODUCTION ...................................................................................... 1

II.   ARGUMENT ............................................................................................. 1

A.    POM Concedes that Judge Saporito Never Determined that the 182 Withheld Documents Are Not Privileged ........................... 1

B.    POM Ignores the Judicial Economy and Inefficiency Concerns that Would Be Implicated by Yet Another Round of *in Camera* Review and Briefing on the Privilege Questions at Bar ... 4

III.  CONCLUSION ......................................................................................... 5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Guy v. United Healthcare Corp.*,
   154 F.R.D. 172 (S.D. Ohio 1993)....................................................................4, 5

*People's Bank of Buffalo v. Brown*,
   112 F. 652 (3d Cir. 1902) .........................................................................2, 3, 4

## I.    <u>INTRODUCTION</u>

Pursuant to the Court's January 12, 2024 Order (ECF 364), Defendants, Eckert Seamans Cherin & Mellott, LLC ("Eckert"), Mark S. Stewart, and Kevin M. Skjoldal (collectively, "Defendants"); third-party Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx"); and third-party Hawke McKeon & Sniscak, LLP ("HMS") (collectively with Defendants and Parx, the "Privilege Appellants"), by and through their respective counsel, hereby jointly file this reply brief concerning whether Judge Saporito determined that the attorney-client privilege applies to the 182 Withheld Documents.[1]

## II.    <u>ARGUMENT</u>

### A.    **POM Concedes that Judge Saporito Never Determined that the 182 Withheld Documents Are Not Privileged**

On February 9, 2024, POM filed its own brief in response to the Privilege Appellants' Opening Brief.  *See* Pace-O-Matic, Inc.'s Brief Pursuant to January 12, 2024 Order (ECF No. 372) (the "Opposition" or "Opp.").  In the Opposition, POM makes an important concession:  It acknowledges that Judge Saporito never determined that the attorney-client privilege does not apply to the 182 Withheld

---

[1] The relevant background facts are set forth in the Brief of Defendants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin Skjoldal; Third-Party Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino; and Third-Party Hawke McKeon & Sniscak, LLP in Response to Court's January 12, 2024 Order (ECF No. 369) (the "Opening Brief").  All capitalized defined terms used but not defined herein have the definitions set forth in the Opening Brief.

Documents.   Opp. at 7[2] ("[I]f the documents are privileged, they will not be produced."). This of course is of critical significance because, contrary to the thrust of POM's Opposition, and contrary to what the initial question presented presumes, there has never been any express determination by Judge Saporito that the 182 Withheld Documents are *not* protected by the attorney-client privilege—even after two *in camera* reviews. Yet Judge Saporito did order the production of many other documents based upon his express finding that those documents were not protected by the attorney-client privilege or work-product doctrine. *See, e.g.*, ECF No. 87 at 22, 23, 25, 29.

This concession also matters because it underscores that, even if the Court disagrees with the Privilege Appellants' position—*i.e.*, that Judge Saporito already determined that the attorney-client privilege applies to the 182 Withheld Documents—the Court cannot compel production of those materials on this record. For more than 120 years, the Third Circuit has held that before a court may compel production of purportedly privileged documents, it must make an informed privilege determination specific to *each* such document. *See People's Bank of Buffalo v. Brown*, 112 F. 652, 654 (3d Cir. 1902) ("[I]t is requisite that in every instance it shall be judicially determined whether the *particular communication* in question be really

---

[2] Page-specific citations to the parties' prior filings cite the page number in the stamped ECF line at the top of the cited page(s).

privileged, and, in order that such primary determination may be advisedly made, it is indispensable that the court shall be apprised, through preliminary inquiry, of the characterizing circumstances.") (emphasis added).  POM effectively concedes this point, too.  Opp. at 7 (conceding that the withheld documents can "be produced to POM *only if* the Court finds that they do not fall within the attorney-client privilege.") (emphasis in original).  Neither Judge Saporito nor the Court has made a determination that the "particular communication[s]" at issue here are not privileged.  Under the rule articulated by the Third Circuit in *People's Bank of Buffalo*, this settles the question of whether the Court may, on the record that currently exists, compel production of those documents.  112 F. at 654.

This conclusion is particularly reasonable in light of how extensively the issue at bar already has been litigated.  Since this privilege dispute was first raised July of 2020, the Privilege Appellants produced a privilege log substantiating their privilege assertions; the Privilege Appellants and POM filed, briefed, and appealed multiple rulings on a total of four discovery motions seeking to preclude or compel production of, *inter alia*, the 182 Withheld Documents (ECF Nos. 44-45, 48-53, 59-63, 70, 75-77, 87-88, 105, 114, 128-131, 134-135, 137, 166-168, 170, 172, 223, 356); the Privilege Appellants and POM participated in oral argument before Judge Saporito (ECF 131-5 (transcript of October 20, 2020 oral argument)); and Judge Saporito conducted two *in camera* reviews of the 182 Withheld Documents.  ECF

No. 87 at 5 (stating that all of the documents provided to Judge Saporito following the October 20, 2020 oral argument, including the 182 Withheld Documents, were "reviewed by the court *in camera*."); ECF No. 166 at 3, 35 (after remand, Judge Saporito performed a "reinspection *in camera*" of the 182 Withheld Documents).

Yet none of those proceedings yielded a determination that the 182 Withheld Documents are <u>not</u> privileged.  Thus, both common sense and *People's Bank of Buffalo* preclude the compelled production of those materials on this record.  For those reasons, the Privilege Appellants respectfully request that the Court grant the Privilege Appellants' motions for a protective order and to quash (ECF Nos. 44, 48, and 52) and appropriately shield the 182 Withheld Documents from production.

> **B.    POM Ignores the Judicial Economy and Inefficiency Concerns that Would Be Implicated by Yet Another Round of *in Camera* Review and Briefing on the Privilege Questions at Bar**

In their Opening Brief, the Privilege Appellants noted that yet another document-by-document re-examination of each of the 182 Withheld Documents— and the briefing or motion practice that likely would follow it—would be an inefficient use of the Court's, the parties', and the relevant third-parties' resources. Opening Brief at 16-17.  In its Opposition, POM ignores that issue.  *See* Opp. *passim*. POM also ignores the persuasive decision the Privilege Appellants cited for an explanation of why those efficiency concerns are cogent.  *See id. passim*; *see also Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 176 (S.D. Ohio 1993) (explaining

4

why *in camera* review was "unwarranted" despite "[b]oth parties['] assum[ption] that the Court" would conduct one).

POM's silence is telling. For all of the reasons explained in *Guy* and left unaddressed by POM, this Court should not conduct a *third* round of *in camera* review and briefing on the privilege issue at bar. Instead, the Privilege Appellants respectfully request that the Court grant the Privilege Appellants' motions for a protective order and to quash (ECF Nos. 44, 48, and 52) and appropriately shield the 182 Withheld Documents from production.

## III. CONCLUSION

Over the course of the last three-and-half years, Judge Saporito has had ample opportunity to determine and state that the 182 Withheld Documents are not privileged. He has never done so. It strains credulity to suggest, as POM does here, that Judge Saporito must have made such a finding but opted never to mention it, even as the parties and the Court participated in multiple rounds of motions practice, multiple appeals, two *in camera* reviews, and oral argument. The Court need not, and should not, entertain POM's invitation to extend this exercise even further.

For all of the foregoing reasons and those set forth in their Opening Brief, the Privilege Appellants respectfully submit that the Court should conclude that Judge Saporito determined that the attorney-client privilege applies to and protects from disclosure the 182 Withheld Documents.

Respectfully submitted,

/s/ George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming &*
*Entertainment, Inc. d/b/a Parx Casino*

/s/ Dennis A. Whitaker
Melissa A. Chapaska, I.D. # 319449
Dennis A. Whitaker, I.D. #53975
HAWKE MCKEON & SNISCAK, LLP
100 North Tenth Street
Harrisburg, PA 17101
(717) 236-1300
(717) 236-4841 (facsimile)

*Counsel for Third-Party Hawke,*
*McKeon & Sniscak, LLP*

/s/ Robert S. Tintner
Robert S. Tintner, Esq. (No. 73865)
Peter C. Buckley, Esq. (No. 92313)
Nathan Huddell, Esq. (No. 321472)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766/2854 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com
pbuckley@foxrothschild.com
nhuddell@foxrothschild.com

*Counsel for Defendants Eckert Seamans*
*Cherin & Mellott, LLC, Mark S. Stewart,*
*and Kevin M. Skjoldal*

Dated:  February 23, 2024

6

## CERTIFICATE OF COMPLIANCE WITH
## WORD-COUNT LIMIT PURSUANT TO LOCAL RULE 7.8(b)(2)

I, Robert S. Tintner, Esquire, hereby certify, pursuant to Local Rule 7.8(b)(2), that this brief complies with Local Rule 7.8(b)(2) because it contains 1,200 words, excluding the unnumbered title page, the Table of Contents, the Table of Authorities, this Certificate, counsels' signature blocks, and the Certificate of Service. In making this certification, I relied on Microsoft Word's "Word Count" tool.

_____
ROBERT S. TINTNER, ESQUIRE

Date:  February 23, 2024

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,                              :
                                                 :
                          Plaintiff,             :
                                                 :
     v.                                          :          Docket No. 1:20-cv-00292
                                                 :
ECKERT SEAMANS CHERIN &                          :
MELLOTT, LLC,  MARK S. STEWART,                  :          (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,                           :
                                                 :
                          Defendants.            :
_____:

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that on this 23rd day of February, 2024, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system.  I also certify that the foregoing document is being served this day on counsel of record via the Court's CM/ECF system.


_____
ROBERT S. TINTNER, ESQUIRE