

2000 Market Street
20th Floor
Philadelphia, PA 19103
215.299.2000  215.299.2150
www.foxrothschild.com

ROBERT S. TINTNER, ESQUIRE
Direct Dial: 215-299-2766
Email Address: rtintner@foxrothschild.com

April 5, 2024

**VIA ECF**

The Honorable Jennifer P. Wilson
United States District Judge
United States District Court for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

Re:    *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, No. 1:20-cv-00292-JPW
       (M.D. Pa.) – Discovery Dispute Regarding Attorney Invoices

Dear Judge Wilson:

The undersigned represent defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin M. Skjoldal (collectively, "Eckert"), in the above-captioned action. Pursuant to the Court's Rules, we write in response to the March 26, 2024 request of plaintiff Pace-O-Matic, Inc. ("POM") for an order compelling Eckert to produce "invoices relating to work that Eckert performed for Parx casino and other casino clients that was adverse to POM." (ECF No. 376) (the "Request"). As set forth more fully below, the Court should deny the Request.

### I.    The Request Is Premature and Unnecessary Because Depositions May Obviate Any Need for Production of the Attorney Invoices POM Seeks

The only potentially relevant, non-privileged fact at issue here is the amount of the invoices in question. Depositions thus may moot the Request, as one or more deponents may be able to testify to the non-privileged facts POM purports to seek—*i.e.*, the amount "of the fees that Eckert earned from engaging in conflicted representations." Request at 2. POM has made no attempt to obtain such deposition testimony. *See* ECF 329 at (letter from POM stating that "POM is holding off on taking certain key depositions, including named Defendant Mark Stewart, Tim Coon (Eckert's Chief Legal Officer) and Eckert's corporate representative"). Those depositions, or others, might yield the underlying, non-privileged information at issue in the Request. Accordingly, Eckert respectfully submits the Court should, at a minimum, defer ruling on POM's

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington



April 5, 2024
Page 2

Request unless and until POM has deposed the persons referenced above, who likely are knowledgeable with respect to the facts POM purportedly seeks.

## II.    POM's Request Is Premature Because the Parties Have Not Conferred About This Matter in Many Months

Your Honor's Rules provide that "for all discovery disputes in civil matters" not resolved through the meet-and-confer process, "counsel is directed to file a letter . . . explaining the nature of the dispute and stating whether *and when* counsel conferred in an effort to resolve the dispute." MOTIONS, https://www.pamd.uscourts.gov/content/judge-jennifer-p-wilson (last visited April 4, 2024) (emphasis added).  POM alleges that "[t]he parties have conferred about these issues by telephone several times," (Request at 1), but does not state *when* those conferences occurred.  Thus, the Request lacks information that Your Honor's Rules require.

In fact, the parties have not discussed "these issues" in many months and possibly for over a year.  The last conference between the parties relating to the topic at bar was so long ago that the undersigned does not recall the exact date of that discussion, but we are confident that it was not within the last year.  That delay is pertinent because until POM filed the Request, Eckert's counsel was unaware that POM still intended to pursue discovery of the attorney invoices in question.  During that last discussion, a reasonable alternative was proffered, and it has not yet been rejected.  Thus, Eckert respectfully submits that the parties should confer about this long dormant issue before burdening the Court with motion practice.  Moreover, depositions may moot the Request, and the undersigned will confer with POM's counsel about that possibility.

## III.    POM Has Not Even Attempted to Make the Showing Necessary to Overcome the Protections Afforded to Eckert's Invoices by the Work-Product Doctrine

"[T]he clear weight of authority . . . holds that attorney time records while not *per se* protected by the work product privilege, may nonetheless contain protected work product." *Judicial Watch, Inc. v. United States Department of Justice*, 118 F. Supp. 3d 266, 274 (D.D.C. 2015) (citations omitted).  "[A]n attorney's work product"—such as that contained in the attorney billing records POM seeks—"may be discovered only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 592 (3d Cir. 1984) (citing FED. R. CIV. P. 26(b)(3)).

POM has not made this showing.  In fact, POM has not even *attempted* to show that it "cannot, without undue hardship, obtain the[] substantial equivalent [of the fee information it



April 5, 2024
Page 3

purportedly seeks] by other means." FED. R. CIV. P. 26(b)(3)(A)(ii).  That is fatal to the Request. *See, e.g.*, *Dingler v. Halcyon Lijn N. V.*, 50 F.R.D. 211, 212 (E.D. Pa. 1970) (denying motion for production of written witness statement on work-product grounds where "there has been no showing that the witness cannot be made available for further deposition").[1]

### IV. Any Order Granting the Request Is Likely to Result in Further Time- and Resource-Intensive Briefing of Third-Party Privilege Issues

POM concedes that the invoices it seeks contain "purportedly privileged information." Request at 3; *see also Montgomery Cnty. v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) (concluding that attorney's "billing records are also privileged because they reveal the nature of the services Shamos rendered.") (citation omitted).  POM also concedes that the holders of those privileges here are "Parx and other casino clients" of Eckert.  Request at 1.  Thus, the Request threatens to invade the attorney-client privilege held by those non-parties.  An order compelling production of those invoices—even in heavily redacted form—therefore is likely to result in yet more collateral litigation regarding third-party privilege issues and the propriety of any redactions made by or on behalf of those third-party privilege holders.  Litigation over those same issues already has consumed a great deal of the parties' and the Court's time and resources.  Eckert respectfully submits that the cost of yet more litigation in that vein would outweigh the likely benefit of the discovery POM seeks, particularly given that POM may be able to obtain all of the information at issue through depositions or other means.  Accordingly, Eckert submits that the Court should exercise its discretion by not, at this early juncture, ordering the disclosure of the Eckert invoices in question.  *See Schiavone v. Luzerne Cnty.*, 343 F.R.D. 34, 41 (M.D. Pa. 2023) ("Even if discovery is proportional to the needs of the case, courts have the discretion to impose limits . . . where the burden or expense of the proposed discovery outweighs its likely benefit.") (citation and internal quotation marks omitted); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995) ("courts have broad discretion to manage discovery") (citations omitted).

For all of these reasons, Eckert respectfully requests that the Court deny POM's Request.

---

[1] Nor has POM shown that "*invoices* relating to work that Eckert performed for Parx Casino and other casino clients" are relevant.  Request at 1 (emphasis added).  The primary authority on which POM relies—*Avco Corp. v. Turner*, No. 21-2750, 2022 WL 2901015 (3d Cir. July 22, 2022)—stated only that disgorgement "may consist of an accounting of *profits* wrongfully made."  *Id.* at *3 (emphasis added) (footnote omitted).  While the invoices at issue may show revenue, they do not show profit. Thus, their relevance is highly dubious, at best.



April 5, 2024
Page 4

Respectfully submitted,

ROBERT S. TINTNER, ESQUIRE
PETER C. BUCKLEY, ESQUIRE

cc:     All counsel of record (via ECF)