## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS, CHERIN & | : | |
| MELLOTT, LLC., *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

**AND NOW**, on this 9th day of April 2024, the court having reviewed discovery letters from Plaintiff, Defendant, and third-party Greenwood Gaming and Entertainment, Inc. ("Parx"), the court will grant Plaintiff's request in part. (Docs. 376, 379, 380.)[1] Plaintiff seeks copies of invoices relating to work that Defendant performed for Parx and other casino clients that was adverse to POM. (Doc. 376, p. 1.)[2]

The court finds that Plaintiff's request for Defendant's invoices is a proper discovery request. The invoices reflect amounts that Plaintiff maintains contributed to profits that Defendant allegedly accrued by breaching its fiduciary duty to Plaintiff. In this lawsuit, Plaintiff seeks disgorgement of Defendant's allegedly ill-gotten profits deriving from payments that Parx and other entities made to Defendant. (Doc. 243,

---

[1] Because the court writes this order for the benefit of the parties, who are well aware of the procedural and factual history of this case, it omits the relevant background.

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

p. 30.)  Therefore, the invoices are relevant to a determination of Defendant's profits from certain clients, and thereby Plaintiff's claimed damages.  As a result, the court will order Defendant to produce copies of the invoices that Plaintiff has requested.

However, the court is only persuaded that the invoices are relevant insofar as they provide the dates and amounts for which Defendant billed Parx and other casino clients for work that was adverse to Plaintiff.  Therefore, the court will allow Defendant to redact all information contained in the invoices other than the date of the invoice, the amount billed, and to what extent the invoice was paid.

For these reasons, **IT IS ORDERED THAT**:

1) Plaintiff's request is **GRANTED IN PART AND DENIED IN PART**. (Doc. 376.)

2) Specifically, Plaintiff's request is **GRANTED** insofar as Defendant **SHALL, by April 30, 2024,** produce to Plaintiff copies of invoices relating to work that Defendant performed for Parx and other casino clients that was adverse to Plaintiff.  (Doc. 337.)  Plaintiff's request is **DENIED** insofar as Defendant need not submit a privilege log and may redact all portions of the aforementioned invoices except for the date of the invoice, total amount billed, and to what extent Defendant collected the billed amount.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

2