# In the United States District Court for the Middle District of Pennsylvania

| | |
|---|---|
| PACE-O-MATIC, INC. | ) |
| | ) [ELECTRONICALLY FILED] |
| Plaintiff, | ) |
| | ) Docket No. 20-292 |
| vs. | ) |
| | ) JUDGE WILSON |
| ECKERT, SEAMANS, CHERIN | ) |
| & MELLOT, LLC | ) CHIEF MAGISTRATE JUDGE |
| | ) JOSEPH F. SAPORITO, JR. |
| Defendant. | ) |

## COMBINED MOTION OF GREENWOOD GAMING & ENTERTAINMENT, INC., D/B/A PARX CASINO FOR A STAY AND RECONSIDERATION OR CERTIFICATION OF APPEAL PURSUANT TO 28 U.S.C. § 1292

Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), moves for a stay and for reconsideration or certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Chief Magistrate Judge Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") must produce documents in its custody that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM.

1. POM initiated the above matter by filing a complaint against Eckert Seamans Cherin & Mellot, LLC ("Eckert").

2. The complaint alleges that Eckert breached a fiduciary duty to POM.

3. POM served discovery requests on Eckert calling for, among other things, confidential and privileged communications between Parx and Eckert and the attorney work-product of lawyers and/or law firms representing Parx.

4. Eckert lodged objections based on attorney-client privilege and attorney work product and produced a privilege log.

5. The Court assigned the dispute to Chief Magistrate Judge Saporito.

6. Magistrate Judge Saporito ordered that approximately 120 should be produced over Eckert's privilege objections.

7. Parx as the non-party privilege holder appealed and supported its appeal with briefing and a declaration. *See, e.g.*, Docs. 362, 366, 366-1, and 374.

8. On April 29, 2024, this Court affirmed in part and reversed in part, holding that the privilege applied to a few pages out of 4 legal

memos but otherwise upheld the magistrate judge's order to disclose the remaining documents. *See* Docs. 382 and 383.

9. At the outset, Parx requests that the Court stay the order pending resolution of reconsideration or any ensuing appeal for the reasons set forth in the accompanying brief, incorporated here by reference.

10. The Court should reconsider its decision to correct manifest errors of law or fact.

11. The Court's opinion and order affirming Chief Magistrate Judge Saporito's decision is based on manifest errors of law and fact as described in more detail in the accompanying brief, incorporated here by reference.

12. If the Court is not inclined to grant reconsideration, then Parx requests that the Court certify its order for appeal pursuant to 28 U.S.C. § 1292.

13. The Court may certify an order for immediate appeal if (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate

appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

14. As the Supreme Court explained with respect to certifying orders adversely affecting privilege, "[t]he preconditions for §1292(b) review— 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate termination of the litigation'—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11 (2009).

15. The Court's decision involves the novel question of whether "legal advice" includes "legislative advice" for purposes of the attorney-client privilege.

16. There is substantial grounds for disagreement over whether "legal advice" includes "legislative advice" for purposes of the attorney-client privilege.

17. The resolution of that issue now will determine whether and to what extent Parx's privileged information should be part of the record in this case.

4

18. Accordingly, if the Court does not reconsider its decision to order the disclosure of Parx's privileged communications, the Court should certify the order for appeal under 28 U.S.C. § 1292 so the Third Circuit may weigh in on the issue substantially as follows:

> Lawyers frequently advise clients about legislative and public policy matters, including analysis and strategy regarding pending legislation, drafting proposed legislation, monitoring and reviewing legislative efforts, preparing testimony for legislative hearings, summarizing legislative efforts, making recommendations about legislation, evaluating whether proposed legislation withstands judicial review, and evaluating the interests of the client in the event proposed legislation becomes law.

> In a case of first impression, does this type of "legislative" advice constitute "legal advice" that is protected by the attorney-client privilege?

WHEREFORE, the Court should grant Parx's motion to stay and for reconsideration or certify the order for appeal and order such other and further relief as the Court deems necessary or appropriate. Parx incorporates its brief in support filed contemporaneously with this motion. Parx has attached proposed orders for a stay and reconsideration or certification.

May 13, 2024

Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino*

**CERTIFICATE OF NON-CONCURRENCE**

I hereby certify that the defendants concur in the motion and relief requested, but POM does not concur in the motion or the relief requested.

/s George A. Bibikos
George A. Bibikos

## CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel will be served automatically.

/s George A. Bibikos
George A. Bibikos