# In the United States District Court for the Middle District of Pennsylvania

| | |
|---|---|
| PACE-O-MATIC, INC. | ) |
| | ) [ELECTRONICALLY FILED] |
| Plaintiff, | ) |
| | ) Docket No. 20-292 |
| vs. | ) |
| | ) JUDGE WILSON |
| ECKERT, SEAMANS, CHERIN & MELLOT, LLC | ) |
| | ) CHIEF MAGISTRATE JUDGE |
| | ) JOSEPH F. SAPORITO, JR. |
| Defendant. | ) |

## ORDER ON MOTION FOR CERTIFICATION

AND NOW, this ___ day of _____, 2024, upon consideration of the motion of Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), for a stay and for reconsideration or certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Chief Magistrate Judge Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") must produce documents in its custody that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM, and it appearing that:

a. the order involves (1) a "controlling question of law" regarding "legislative" advice and the attorney-client privilege; (2)

"as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation" with respect to the privilege and judicial-estoppel issues; *see* 28 U.S.C. § 1292(b); and it further appearing that:

b. with respect to certifying orders adversely affecting privilege, "[t]he preconditions for §1292(b) review— 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate termination of the litigation'—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases"; *see Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11 (2009); the motion for certification is GRANTED as to the following issue and any issues fairly subsumed therewith:

Lawyers frequently advise clients about legislative and public policy matters, including analysis and strategy regarding pending legislation, drafting proposed legislation, monitoring and reviewing legislative efforts, preparing testimony for legislative hearings, summarizing legislative efforts, making recommendations about legislation, evaluating whether proposed legislation withstands judicial

review, and evaluating the interests of the client in the event proposed legislation becomes law.

In a case of first impression, does this type of "legislative" advice constitute "legal advice" that is protected by the attorney-client privilege?

Except with respect to the issue certified for appeal and the non-parties, this matter shall not be stayed pending the Third Circuit's review.

_____

Wilson, J.