# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC.      )

     ) [ELECTRONICALLY FILED]

     *Plaintiff,*     )

     ) Docket No. 20-292

     *vs.*     )

     ) JUDGE WILSON

ECKERT, SEAMANS, CHERIN      )

& MELLOT, LLC      ) CHIEF MAGISTRATE JUDGE

     ) JOSEPH F. SAPORITO, JR.

     *Defendant.*     )

## BRIEF OF GREENWOOD GAMING & ENTERTAINMENT, INC., D/B/A PARX CASINO, IN SUPPORT OF ITS MOTION FOR A STAY AND RECONSIDERATION OR CERTIFICATION OF APPEAL PURSUANT TO 28 U.S.C. § 1292

### GA BIBIKOS LLC

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming & Entertainment, Inc.*
*d/b/a Parx Casino*

May 13, 2024

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................ 1

II.   BACKGROUND................................................................ 3

III.  BASIS FOR RECONSIDERATION............................................. 6

   A.   The Court should reconsider its decision because advice
        from lawyers on legislative matters is legal advice that
        is protected by the attorney-client privilege.......................... 6

   B.   The Court should reconsider its decision because it
        overlooked Parx's sworn affidavit (the only evidence any
        participant submitted in this ancillary dispute). .................10

   C.   The Court should reconsider its decision because it
        ordered the disclosure of documents containing
        privileged information without redaction.............................13

   D.   The Court should clarify that the privilege is not limited
        to several pages of legal memoranda at PRIV-00679;
        PRIV-00684; PRIV-00685; and PRIV-00755. .......................15

   E.   The Court should hold that the attorney-client privilege
        applies to communications about permit or licensing
        application requirements...................................................17

IV.   STAY PENDING RECONSIDERATION/APPEAL.......................17

V.    BASIS FOR CERTIFICATION.......................................................18

VI.   CONCLUSION.........................................................................20

i

# TABLE OF AUTHORITIES

**Cases**

*Commonwealth v. McCullough*, 201 A.3d 221 (Pa. Super.
2018)..................................................................................17

*Consumer Fin. Prot. Bureau v. Navient Corp.*, 522 F. Supp.
3d 107, 120 (M.D. Pa. 2021).........................................18

*Harrington v. Freedom of Info. Comm'n*, 323 Conn. 1, 24
(2016) ..................................................................................8

*In re Cty. of Erie*, 473 F.3d 413, 420–21 (2d Cir. 2007) .......................6, 8

*In re Ford Motor Co.*, 110 F.3d 954, 966 (3d Cir. 1997).........................15

*In re Investigating Grand Jury of Philadelphia Cnty.*, 593
A.2d 402, 407 (Pa. 1991) ..............................................12

*Janesch v. Pennsylvania House of Representatives*, 299 A.3d
1030 (Pa. Cmwlth. 2023)................................................15

*Joe v. Prison Health Servs., Inc.*, 782 A.2d 24, 31 (Pa.
Cmwlth. 2001)................................................................11

*Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir.
1999)..................................................................................6

*Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11
(2009) ................................................................................19

*Serrano v. Chesapeake Appalachia*, LLC, 298 F.R.D. 271
(W.D. Pa. 2014) ................................................................7

*Township of Neshannock v. Kirila Contractors, Inc.*, 181 A.3d
467, 474 (Pa. Super. 2018) ............................................12

*United States v. Agnew*, 385 F.3d 288, 291-92 (3d Cir. 2004) ...............14

*Weissman v. Fruchtman*, No. 83 Civ. 8958(PKL), 1986 WL
15669, at *15 (S.D.N.Y. Oct. 31, 1986) .........................7

*Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311
(7th Cir. 1978) ..............................................................................7

**Statutes**

28 U.S.C. § 1292 .............................................................................19

**Other Authorities**

1 Paul R. Rice, *Attorney Client Privilege in the United
States* § 7:9 (2d ed. 1999) ...........................................................6

Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), files its brief in support of its motion for a stay and reconsideration or certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Chief Magistrate Judge Joseph F. Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") must produce documents that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM.

## I.    INTRODUCTION

Parx does not seek reconsideration or certification lightly, but the Court's decision leaves Parx in yet another untenable position.

The Court is by now familiar with POM's relentless pursuit of confidential and privileged information that belongs to Parx, a non-party in this dispute between Eckert and POM. After an *in camera* review, the magistrate judge ordered the disclosure of more than 100 documents despite privilege objections lodged by Eckert. The magistrate judge concluded that these documents do not contain any "legal advice" because they discuss pending legislation, lobbying, or policy matters. Although Parx did not have the opportunity to weigh in before the magistrate judge

issued his order, Parx appealed and submitted an affidavit supporting the privilege claim. The Court ultimately agreed with the magistrate judge and upheld his order except that the Court applied the privilege to a few pages out of four copies of legal memoranda.

The Court should take a second look at its decision because it contains manifest errors of law and fact that stem from the magistrate judge's analysis. As described in more detail below:

- "Legislative" advice is "legal" advice for purposes of the attorney-client privilege. They are not mutually exclusive. In finding that a document contained "legislative" advice but did not contain "legal" advice, the magistrate judge committed an error of law. The error was in treating legislative advice as different from legal advice to circumvent the attorney-client privilege. In turn, the Court *sub silentio* endorsed a *per se* approach to the privilege analysis that exposes far more of Parx's privileged materials to public disclosure than it should.

- The Court overlooked Parx's evidence that supports its privilege claim. Parx is the only participant in this ancillary proceeding that submitted evidence to satisfy its burden. The Court erred by stating that Parx did not mention any affidavit except in its reply brief such that Parx waived its right to rely on it. In fact, Parx submitted that affidavit as an exhibit to its opening brief, not its reply. That mistake justifies reconsideration. Moreover, POM submitted nothing to satisfy its burden. Parx should have prevailed without further analysis based on the burdens.

- The Court erred by ordering disclosure of privileged information in communications that include both privileged and non-privileged information. At a minimum, the privileged

portions of these mixed-purpose communications should be redacted, yet the Court ordered disclosure in their entirety.

▪ Although the Court correctly concluded that the privilege applies to the legal memoranda at PRIV-00679; PRIV-00684; PRIV-00685; and PRIV-00755, the Court mistakenly limited the privilege to a few pages of those documents. The Court should order that each document is privileged in its entirety.

▪ The Court did not address the privilege as it relates to communications about requirements for licensing applications. The Court should hold that such information is privileged and not subject to disclosure.

Parx requests that the Court stay its opinion and order dated April 29, 2024 (Docs. 382 and 383) pending reconsideration or any ensuing appeal to avoid a situation in which Parx's privilege may be lost while the courts sort out this dispute.  In addition, if the Court is not inclined to reconsider its decision, then Parx requests as a protective measure that the Court certify the order for appeal so the Third Circuit may weigh in on whether lawyers advising clients on legislation and policy matters is "legal advice" that is protected by attorney-client privilege.

## II.    BACKGROUND

Parx is not a party here.  This is a dispute between POM and Eckert.  POM alleges that Eckert breached a fiduciary duty to POM by having some of its attorneys in one office represent POM in Virginia and while separate attorneys in separate offices represented Parx with

3

respect to state-court litigation in Pennsylvania in which the interests of Parx and POM were adverse.

As reflected in the magistrate judge's opinion, *see* Doc. 353, POM requested documents from Eckert during discovery. Eckert responded by producing thousands of documents and a privilege log identifying more than one thousand privileged documents withheld. *Id.* at 2 & 18-19. POM challenged the privilege log with respect to, among other documents, the 120 documents withheld from disclosure at issue here and requested an *in camera* review of those documents. *See* Doc. 295. Eckert filed a responsive letter. *See* Doc. 298. The Court assigned the matter to Chief Magistrate Judge Saporito to conduct an *in camera* review of the documents at issue and render a decision on privilege. *See* Doc. 300.

The vast majority of the documents at issue include email communications to or from Eckert lawyers (on one hand) and to or from Parx's agents (on the other), including lobbyists and public relations professionals. The emails discuss legislative matters, including drafting, reviewing, and commenting on proposed legislation; monitoring, summarizing, and reporting on existing law or proposed changes to the law; and other discussions about legal matters that are intended to help

4

counsel inform Parx of its legal rights, obligations, and interests under existing law or any proposed or desired changes to existing law.

After his *in camera* review, the magistrate judge issued an order on December 1, 2023, upholding the privilege for one document and rejecting the privilege claim for all others. *See* Doc. 354. In his opinion supporting the order, the magistrate judge concluded that the attorney-client privilege and/or work-product doctrine did not apply to the documents he reviewed. For the vast majority of documents, the magistrate judge reasoned that "[t]he subject matter of th[e] communication concerns legislative, political, or policy advice only—not *legal* advice—and thus it is not protected by attorney-client privilege." *See generally* Doc. 353 (emphasis in original).

On December 15, 2023, Parx filed a timely appeal under Local Rule 72.2. Eckert also appealed. *See* Doc. 361. The Court issued its opinion and order on April 29, 2024. The Court upheld the magistrate judge's opinion and order except with respect to portions of four documents. *See* Docs. 382 and 383. Parx timely moved for a stay and reconsideration or certification on May 13, 2024. This is the brief in support.

## III.    BASIS FOR RECONSIDERATION

The Court should grant Parx's motion.  Motions for reconsideration are appropriate "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Parx respectfully submits that the decision affirming the magistrate judge's opinion and order is based on manifest errors of law and fact that the Court should correct.

### A.    *The Court should reconsider its decision because advice from lawyers on legislative matters is legal advice that is protected by the attorney-client privilege.*

The Court erred by concluding that lawyers advising clients on pending or desired changes to legislation is different from providing legal advice and therefore not protected by privilege. *See* Slip Op. at 7. The Court should reconsider.

As Parx explained in its briefs on appeal from the magistrate judge's order, "legal advice" is broad.  Generally, the phrase means "the interpretation and application of legal principles to guide future conduct or to assess past conduct." *See* 1 Paul R. Rice, *Attorney Client Privilege in the United States* § 7:9 (2d ed. 1999); *In re Cty. of Erie*, 473 F.3d 413, 420–21 (2d Cir. 2007); *Serrano v. Chesapeake Appalachia*, LLC, 298 F.R.D.

6

271 (W.D. Pa. 2014) (communications about strengths/weaknesses of claim or defense, options, strategy, settlement constitute legal advice for purposes of applying attorney-client privilege).

Although the Pennsylvania courts have yet to weigh in, courts in other jurisdictions have suggested that communications about legislative matters constitute legal advice that is protected by the attorney-client privilege. *See, e.g.*, *Weissman v. Fruchtman*, No. 83 Civ. 8958(PKL), 1986 WL 15669, at *15 (S.D.N.Y. Oct. 31, 1986); *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311 (7th Cir. 1978); *Harrington v. Freedom of Info. Comm'n*, 323 Conn. 1, 24 (2016).

Here, the vast majority of documents at issue largely contain communications advising on pending legislation; drafting proposed legislation; monitoring and reviewing legislative efforts; preparing testimony for legislative hearings; summarizing legislation; making recommendations about legislation; evaluating whether proposed legislation withstands judicial review; evaluating the interests of the client in the event proposed legislation becomes law; and related communications.

7

This is the essence of providing legal advice to clients. Regardless of labels the magistrate judge used, the documents in question should be protected from disclosure as surely as any other legal advice would be protected. It matters not that the subject matter is pending legislation or public policy issues; it matters that lawyers are using their skill set to advise on legislative matters in ways that require the input of trained lawyers. *In re Cty. of Erie*, 473 F.3d 413, 420–21 (2d Cir. 2007).

Indeed, how could advice from lawyers about legislative matters involve anything other than "legal" advice? Advice about legislation is not accounting advice, or financial advice, or business advice, or personal advice, or medical advice, or even lobbying advice. The documents contain legal advice and should not be subject to public consumption merely because lawyers are discussing pending legislation or public policy matters as opposed to enacted law.

In its opinion, however, the Court differentiated between "legislative" and "legal" advice. The Court described the documents at issue as "***communications that, as a matter of content, primarily contain lobbying or legislative advice, and either entirely lack or only include a relatively small portion of legal advice***." *See* Slip

Op. at 7 (emphasis added). From the premise that legal advice and legislative advice (distinct from lobbying advice) are different, the Court upheld the magistrate judge's conclusions that the privilege does not apply to documents addressing legislative matters.

The distinction drawn by the magistrate judge and the Court is incorrect. *Legislative* advice – particularly, legislative advice that is explicitly not lobbying advice – is a category of *legal* advice. As Parx argued, the magistrate judge improperly denied Parx's privilege claim based solely on the presence of legislative matters in a communication. *See* Doc. 366 at 9-15; Doc. 374 at 7-14. In its opinion, the Court disagreed with Parx that the magistrate judge created a *per se* rule, concluding instead that he "conducted a fact-specific inquiry to determine whether each of the communications at issue concerned legal advice." *See* Slip Op. at 11. But the Court is incorrect.

The magistrate judge created a short-hand to circumvent the privilege when legislative matters are involved. The Court adopted that approach. Although such a rule might be expedient to apply, it was wrong for the magistrate judge (and the Court) to treat entire documents that

9

contain what the magistrate judge labeled as "legislative" advice as unprotected by the attorney-client privilege.

The point is not merely academic. By treating legislative advice as different from legal advice to circumvent the attorney-client privilege, the Court *sub silentio* endorsed a *per se* approach to the privilege analysis that exposes far more of Parx's privileged materials to public disclosure than it should. In the end, legislative advice and legal advice are not mutually exclusive. The type of advice embodied in the documents at issue is legal advice for purposes of the attorney-client privilege, and the Court erred by concluding otherwise.

Accordingly, the Court should reconsider its decision because advice on legislative matters is legal advice that is protected by the attorney-client privilege.

### B. *The Court should reconsider its decision because it overlooked Parx's sworn affidavit (the only evidence any participant submitted in this ancillary dispute).*

The Court also erred by overlooking Parx's sworn declaration to support the privilege claim. That oversight warrants a second look.

The privilege analysis involves a shifting burden of proof. That is, "[t]he party asserting the privilege has the initial burden to prove that it

10

is properly invoked, and the party seeking to overcome the privilege has the burden to prove an applicable exception to the privilege." *Joe v. Prison Health Servs., Inc.*, 782 A.2d 24, 31 (Pa. Cmwlth. 2001).

As the Court correctly pointed out, the proponent of the attorney-client privilege should support the claim with affidavits. *See Township of Neshannock v. Kirila Contractors, Inc.*, 181 A.3d 467, 474 (Pa. Super. 2018) ("To sustain this burden of proof, the party asserting the privilege must show, by record evidence such as affidavits, sufficient facts as to bring the [communications at issue] within the narrow confines of the privilege.") (cleaned up). In turn, the opponent of the privilege has the burden to prove that an exception or waiver applies. *In re Investigating Grand Jury of Philadelphia Cnty.*, 593 A.2d 402, 407 (Pa. 1991) (burden of proof is upon party asserting that disclosure of information would not violate privilege).

Here, Parx submitted with its opening brief on appeal the declaration of Thomas Bonner, Esq., who served as Parx's General Counsel when the communications in the documents took place. *See*

11

Bonner Decl. at ¶ 7.[1] Mr. Bonner's declaration explains how documents at issue involve legal matters, including drafting, reviewing, and commenting on proposed legislation; monitoring, summarizing, and reporting on existing law or proposed changes to the law; and other discussions that are intended to help counsel inform Parx of its legal rights, obligations, and interests under existing law or any proposed changes to existing law. *Id.* at ¶ 8.

In its opinion, however, the Court seemed to overlook the fact that Parx submitted Mr. Bonner's affidavit with its opening brief on appeal and suggested that Parx waived the right to rely on it by only mentioning the affidavit in a reply brief:

> Of note, in their central arguments, ***Eckert and Parx make no reference to affidavits regarding privilege. Parx does in its reply brief***. (Doc. 374, pp. 6–7.)  But as a general matter, "[a]rguments raised for the first time in a reply brief are generally waived." *Loving v. FedEx Freight, Inc.*, 2020 WL 2306901, at *14 (M.D. Pa. May 8, 2020) (citation omitted).

*See* Slip. Op. at 6-7 n.5.

The Court erred. Parx met its burden with sworn testimony in a declaration supporting its privilege claim. Parx submitted that evidence

---

[1] Mr. Bonner's sworn declaration is filed of record at Doc. 351-1 and attached to Parx's appeal brief, Doc. 361-1, as Tab "A."

with its opening brief in this appeal. Indeed, there appears to be no mention of Mr. Bonner's declaration in the Court's opinion. After Parx filed that declaration, the burden shifted to POM to demonstrate that the privilege does not apply or that an exception to the privilege applies. POM did not support its position with evidence. Consequently, Parx should have prevailed without further analysis.

The Court seemed to overlook the only evidence that any participant here submitted to support the privilege claim in this ancillary dispute. That is reason enough for the Court to take a second look at its decision. If the Court in fact reviewed and rejected the affidavit, it did not explain why in its opinion. That approach may constitute an abuse of discretion subject to reversal on appeal and remand for further proceedings. *United States v. Agnew*, 385 F.3d 288, 291-92 (3d Cir. 2004).

Accordingly, the Court should reconsider its decision because it did not consider the evidence that Parx submitted in support of its privilege.

### C. *The Court should reconsider its decision because it ordered the disclosure of documents containing privileged information without redaction.*

The Court also erred when it concluded that Eckert should produce PRIV-0074 without redaction, even though the Court expressly

acknowledged that it contains privileged information. *See* Slip Op. at 14-16. The Court misapplied the predominant purpose test.

Although the Court is correct that the predominant-purpose test applies to communications with privileged and non-privileged material, *see In re City of Erie, supra*; *In re Ford Motor Co.*, 110 F.3d 954, 966 (3d Cir. 1997), privileged information within a mixed-purpose communication should be redacted. *See, e.g., Janesch v. Pennsylvania House of Representatives*, 299 A.3d 1030 (Pa. Cmwlth. 2023).

Here, the Court expressly stated that "[t]he sixth bullet point on the first page of PRIV-0074 ***does pertain to a legal analysis of the proposed legislation***" but then concluded that "***under the standard Judge Saporito applied, it was appropriate to conclude that attorney-client privilege did not apply***." *See* Slip Op. at 14-15.

At the outset, the Court erred by endorsing the magistrate judge's "standard" that the privilege does not apply to legislative advice. *See supra* Section III.A; Docs. 366 & 374. Beyond that threshold problem, this statement is contradictory. The Court acknowledged the privileged nature of the documents in substantial part, yet it concluded that the

14

privilege does not apply. The same information the Court identified in the document cannot be privileged and non-privileged simultaneously.

Apart from those errors, the Court ordered that PRIV-0074 should be produced in its entirety despite privileged material within it. *See* Slip Op. at 14-15. That is manifestly incorrect under the predominant-purpose test because, at a minimum, the Court should order the privileged material redacted. *See Janesch, supra.*

Accordingly, the Court should order that the documents are privileged for the reasons stated in previous sections of this brief. Should the Court not do so, it should at a minimum, clarify that PRIV-0074 should be produced with appropriate redactions.

### D. *The Court should clarify that the privilege is not limited to several pages of legal memoranda at PRIV-00679; PRIV-00684; PRIV-00685; and PRIV-00755.*

The Court misunderstood the arguments of Parx and Eckert regarding PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6.

As the holder of the privilege, Parx's intent controls. *See Commonwealth v. McCullough*, 201 A.3d 221 (Pa. Super. 2018). Although the Court correctly concluded that these legal memoranda are protected

15

by privilege, the Court limited the privilege to a few pages. That was a mistake. In their briefs, both Parx and Eckert identified those pages as examples to illustrate the point that legislative advice is legal advice for purposes of the attorney-client privilege. *See* Doc 366 at 11. Parx never intended to limit its request to protect the memos from disclosure in their entirety. *See also The Bluebook* Rule 1.2 (19th ed. 2012) (explaining that the introductory signal "E.g." as used by Parx and Eckert in the citations at issue "states the proposition; other authorities also state the proposition, but citation to them … is not necessary.").

Moreover, the Court's order with respect to PRIV-00679, PRIV-00684, PRIV-00685, and PRIV-00755 is inconsistent. Although all four documents are identical, the Court has permitted the redaction of page 2 in only three of the four copies, finding that it was privileged in those copies, but not PRIV-00679. The same page cannot be privileged and non-privileged simultaneously in different copies of the same document.

Accordingly, the Court should reconsider its decision and order that the legal memoranda be withheld from production in their entirety. If the Court disagrees, it should, at a minimum, clarify that page 2 of PRIV-00679 also is privileged and should be redacted.

16

### E.    *The Court should hold that the attorney-client privilege applies to communications about permit or licensing application requirements.*

Finally, the Court did not address the privilege as it relates to communications about requirements for licensing applications such as PRIV-0925 (for example). Confidential communications about obtaining legal authorizations such as permits and licenses are protected by attorney-client privilege. *See, e.g.*, *Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331, 336, 1996 WL 50746 (E.D.N.Y. 1996) (lawyer-client communications regarding patent applications are considered privileged). The Court should reconsider and hold that such information is privileged and not subject to disclosure.

## IV.    STAY PENDING RECONSIDERATION/APPEAL

Parx requests that the Court stay its April 29 opinion and order (Docs. 382 and 383) pending resolution of this motion and any ensuing appeal. The Court has the inherent power to stay its orders. *See, e.g.*, *Consumer Fin. Prot. Bureau v. Navient Corp.*, 522 F. Supp. 3d 107, 120 (M.D. Pa. 2021). As before, *see, e.g.*, Doc. 237, the Court should stay the order compelling disclosure of Parx's privileged documents pending reconsideration and any ensuing appeal because, otherwise, the

17

documents at issue will be produced, and the attorney-client privilege will be lost. Accordingly, the Court should stay the case pending resolution of this motion and any ensuing appeal.

## V.     BASIS FOR CERTIFICATION

If the Court is not inclined to grant reconsideration, then Parx requests that the Court certify its order for appeal pursuant to 28 U.S.C. § 1292.  The Court may certify an order for immediate appeal if (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

As the Supreme Court explained with respect to certifying orders adversely affecting privilege, "[t]he preconditions for §1292(b) review— 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate termination of the litigation'—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11 (2009).

18

Here, the Court acknowledged on pages 7-8 of its opinion that this dispute involves a question of privilege that the courts in this Circuit and the Pennsylvania state courts have not squarely addressed: namely, whether advice on legislative matters is legal advice that is protected by the attorney-client privilege. There is substantial grounds for disagreement over whether "legal advice" includes advice on legislative matters as evidenced by competing views of the courts in other jurisdictions that addressed the question, and the resolution of that question now will determine whether and to what extent Parx's privileged information should be part of the record in this case.

Accordingly, if the Court does not reconsider its decision to order the disclosure of Parx's privileged communications, the Court should certify the order for appeal under 28 U.S.C. § 1292 so the Third Circuit may weigh in on the following issue:

> Lawyers frequently advise clients about legislative and public policy matters, including analysis and strategy regarding pending legislation, drafting proposed legislation, monitoring and reviewing legislative efforts, preparing testimony for legislative hearings, summarizing legislative efforts, making recommendations about legislation, evaluating whether proposed legislation withstands judicial review, and evaluating the interests of the client in the event proposed legislation becomes law.

19

In a case of first impression, does this type of "legislative" advice constitute "legal advice" that is protected by the attorney-client privilege?

## VI.    CONCLUSION

WHEREFORE, the Court should (a) stay its order pending reconsideration and any ensuing appeal; (b) grant Parx's motion for reconsideration or certify the order for appeal; and (c) order such other and further relief as the Court deems necessary or appropriate.

May 13, 2024                                          Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino*

20

## CERTIFICATES

Service. I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel and the magistrate judge will be served automatically.

Word Count. I hereby certify that the foregoing brief contains less than 4,452 words as calculated by the word-count feature of Microsoft Word.

/s George A. Bibikos
George A. Bibikos