# HUSCH BLACKWELL

Michael P. Nolan
Partner

8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Direct: 314.480.1770
Fax: 314.480.1505
michael.nolan@huschblackwell.com

May 13, 2024

Judge Jennifer P. Wilson
United States District Judge
United States District Court for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

      Re:    ***Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC, et al.***
               **Civil No. 1:20-CV-00292**

Dear Judge Wilson:

On May 13, 2024, third-party Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), filed a motion requesting three categories of relief: (1) reconsideration of the Court's April 29, 2024 Order; (2) certification of the April 29 Order for immediate appeal under 28 U.S.C. § 1292(b); and (3) a stay of the April 29 Order. Parx inquired about Plaintiff's position on the stay request just six hours before filing the Motion, and Plaintiff's counsel did not have the opportunity to consider that request until after Parx had already filed its Motion.

The deadline for Plaintiff to respond to the Motion is not until May 27, 2024. *See* LR 7.6. However, as a practical matter, Parx's request for a stay requires resolution by May 20, 2024 (*i.e.*, the production deadline set in the Court's April 29 Order). To facilitate the Court's resolution of Parx's stay request, Plaintiff submits this letter regarding that issue. Plaintiff intends to respond to the remainder of Parx's motion by May 27, and nothing in this letter should be construed as a waiver of any argument in opposition to Parx's Motion or a concession that any portion of Parx's Motion has merit.

Plaintiff does not oppose the entry of an administrative stay of the April 29 Order pending the Court's resolution of Parx's May 13 Motion. "Administrative stays do not typically reflect the Court's consideration of the merits of the stay application." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring in the denial of applications to vacate stay). Instead, an administrative stay preserves the status quo while the Court considers a request for interim relief. *Id.* Plaintiff agrees that, under the specific circumstances here, an administrative stay would facilitate the Court's orderly resolution of Parx's request for reconsideration or

# HUSCH BLACKWELL

Judge Wilson
May 13, 2024
Page 2

certification.  And the Court can grant such an administrative stay without finding that Parx is likely to prevail on the merits of its Motion, an issue that necessarily would be implicated under the traditional stay framework as articulated in *Nken v. Holder*, 556 U.S. 418 (2009).  *See id.*  If the Court does grant such an administrative stay, then it would be premature to determine whether to grant a stay pending appeal.  At this time, there is no pending appeal, and the Court has not yet determined whether to certify its Order for appeal.  For the time being, the administrative stay would obviate the risk of any irreparable harm.

For the reasons stated above, Plaintiff respectfully submits that the Court should stay the April 29 Order pending its resolution of Parx's May 13 Motion (as well as any comparable motion that Defendants may file), but should deny without prejudice Parx's request for a stay pending appeal.

Very truly yours,

HUSCH BLACKWELL LLP

*/s/ Michael P. Nolan*

cc: All counsel of record (via ECF)

Husch Blackwell LLP