# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC. )
) [ELECTRONICALLY FILED]
*Plaintiff,* )
) Docket No. 20-292
*vs.* )
) JUDGE WILSON
ECKERT, SEAMANS, CHERIN )
& MELLOT, LLC ) CHIEF MAGISTRATE JUDGE
) JOSEPH F. SAPORITO, JR.
*Defendant.* )

---

**REPLY BRIEF OF GREENWOOD GAMING & ENTERTAINMENT, INC., D/B/A PARX CASINO, IN SUPPORT OF ITS MOTION FOR A STAY AND RECONSIDERATION OR CERTIFICATION OF APPEAL PURSUANT TO 28 U.S.C. § 1292**

---

**GA BIBIKOS LLC**

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for*
*Greenwood Gaming & Entertainment*
*d/b/a Parx Casino*

June 5, 2024

**TABLE OF CONTENTS**

I.    INTRODUCTION ......................................................................... 1

II.   REPLY ARGUMENT.................................................................. 3

    A.    The Court should reconsider its decision. ............................ 3

        1.    Parx submitted uncontradicted testimony to meet its burden as the privilege holder that both the Court and POM have ignored. ...................................... 4

        2.    At a minimum, privileged information in mixed-purpose communications should be redacted. .............. 5

    B.    The Court should certify the order. ...................................... 9

    C.    The Court should maintain the stay pending appeal...........15

III.  CONCLUSION...........................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Com. v. Schultz*, 133 A.3d 294, 312 (Pa. Super. 2016)............................12

*Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 155
        (W.D.N.Y.1982) ...............................................................................8

*In re Cty. of Erie*, 473 F.3d 413, 420–21 (2d Cir. 2007) ................. *passim*

*Janesch v. Pennsylvania House of Representatives*, 299 A.3d
        1030 (Pa. Cmwlth. 2023)..............................................................7

*Maness v. Meyers*, 419 U.S. 449, 460–61 (1975) ...................................16

*Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir.
        1999)................................................................................................4

*Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009)........... *passim*

*Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott,
        LLC*, No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13,
        2023)......................................................................................... 10, 13

*United States v. Sciarra*, 851 F.2d 621, 636 (3d Cir. 1988)....................16

*United States v. Weisman*, No. 94 Cr. 760, 1995 WL 244522,
        at *4 (S.D.N.Y. Apr. 26, 1995) ......................................................8

**Statutes**

28 U.S.C. 1292(b) .......................................................................... *passim*

Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), files its reply brief in support of its motion for a stay and reconsideration or certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Chief Magistrate Judge Joseph F. Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") must produce documents that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM.

## I.    INTRODUCTION

In its opening brief, Parx asked the Court to reconsider and vacate an order compelling Eckert to disclose Parx's privileged communications regarding legislative matters, including things like pending or desired legislation and related legal advice. Alternatively, Parx requested that the Court certify the order for interlocutory review by the Third Circuit and issue a stay pending appeal as it has done in prior decisions in this case involving novel privilege determinations that adversely affect Parx as a non-party. A stay pending reconsideration is currently in place.

In its opposition brief, POM argues in response to Parx's reconsideration bid that, among other things, (a) the Court neither

overlooked nor failed to consider sworn testimony that Parx submitted in support of its privilege claim; and (b) the Court properly ordered the disclosure of documents containing admittedly privileged information without any redactions. As for certifying the order for immediate review, POM claims that the order does not qualify under Section 1292(b). Finally, POM argues against a further stay pending appeal because the disclosure of privileged information, before the Third Circuit weighs in, does not engender any harm to Parx as the privilege holder.

As described below, the Court should reject POM's arguments and reconsider its decision:

- Parx submitted uncontradicted testimony to meet its burden as the privilege holder that both the Court and POM have ignored.

- For "mixed purpose" communications involving legal and non-legal advice, the Court should at a minimum revise its decision to order privileged information redacted.

- As for certification, POM ignores both the United States Supreme Court's decision in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), and this Court's previous decision certifying another novel privilege determination that adversely affected Parx as a non-party.

- Finally, an order to disclose privileged documents before the Third Circuit weighs in – particularly when (a) Parx is more than likely to prevail on the merits and (b) POM essentially has admitted that it will not suffer prejudice without access

2

to the documents at issue right now – would cause Parx the type of irreparable harm that justifies a stay pending appeal.

Accordingly, the Court should reject POM's arguments, reconsider its decision or certify the order for immediate appellate review, and maintain a stay pending appeal to assure Parx as a non-party suffers no harm while it seeks relief from the Third Circuit.

## II.    REPLY ARGUMENT

Parx's opening brief adequately addresses and disposes of virtually all of POM's misguided positions on these issues.  Parx submits this reply to address several points raised by POM that the Court should reject.

### A.    *The Court should reconsider its decision.*

The Court should reject POM's arguments and reconsider its decision. First, Parx submitted uncontradicted testimony to meet its burden as the privilege holder that both the Court and POM have ignored. Second, for "mixed purpose" communications involving legal and non-legal advice, the Court should revise its decision to order privileged information redacted from PRIV-0074 and order that the entirety of PRIV-00679; PRIV-00684; PRIV-00685; and PRIV-00755 be precluded from production.

3

### 1. Parx submitted uncontradicted testimony to meet its burden as the privilege holder that both the Court and POM have ignored.

First, POM argues that the Court neither overlooked the declaration that Parx submitted to satisfy its burden nor erred in evaluating that declaration. *See* POM's Opp. Br. at 1-3. POM is wrong.

Nothing in the Court's opinion suggests that it considered the substance of the declaration. The Court concluded that (a) Parx did not submit a declaration to meet its burden (which is wrong because Parx did); and (b) Parx waived any reliance on that declaration by only mentioning it in a reply brief (which also is wrong because Parx submitted the affidavit with its opening brief and relied on it). The Court erred twice, and these are the types of manifest errors that reconsideration is designed to address. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Despite POM's contrary arguments, this is not a question of Parx disagreeing with the Court's analysis about the impact of the declaration because there is no analysis with which to agree or disagree. The Court did not engage in any analysis of the declaration. It should have. That is the point of Parx's request for reconsideration.

It is not as though the Court sifted through a mountain of evidence and overlooked some inconsequential declaration, as POM suggests in its argument. Parx submitted Mr. Bonner's declaration to the Court to satisfy its burden as the privilege holder. POM submitted nothing in response. The evidence Parx submitted is uncontradicted. In fact, there is no other evidence on the privilege issue at all.  The declaration therefore is dispositive. Yet, Parx did not prevail.

Moreover, the Court's explanation for why Parx did not prevail – that Parx only mentioned the declaration in a reply brief and therefore waived arguments about it – is manifestly incorrect. *See* Doc. 366 at 2, 7, 11; Doc. 374 at 4-5. POM offered nothing in its appeal briefs or opposition to this motion – neither evidence nor argument – to compel a conclusion other than that the Court should reconsider its decision.

Accordingly, the Court should reject POM's arguments and reconsider its decision regarding Parx's evidentiary support for its privilege claim.

### 2.    At a minimum, privileged information in mixed-purpose communications should be redacted.

Second, POM argues that the Court properly ordered disclosure of privileged portions of PRIV-0074 without redaction. POM further argues,

in contradictory fashion, that the Court properly ordered the redaction of portions of PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6.

As a threshold matter, POM claims that Parx waived arguments about PRIV-0074 and redactions by raising them on reconsideration for the first time. But Parx raised arguments during briefing on appeal from the magistrate judge's order. *See, e.g.*, Doc. 374 at 4, 7, 10, 11. In any event, redaction is always an option for the Court. Even if Parx did not specifically argue for redaction in the alternative, the Court is duty bound to order redactions of privileged information and should do so even without prompting in order to protect against disclosure of privileged information as prohibited by Fed. R. Civ. Pro. 26(b)(1) and Fed. R. Civ. Pro. 45(d)(3)(A)(iii). Moreover, as a practical matter, Parx's first opportunity to raise arguments in response to the Court's order to produce these documents without redaction was on reconsideration.

Beyond those failed waiver traps, POM misunderstands the law. If legal advice in a document predominates, the document is privileged in its entirety because legal and non-legal advice are so intertwined that they cannot be sorted out. *See, e.g.*, *In re Cty. of Erie*, 473 F.3d 413, 420–

6

21 (2d Cir. 2007). If legal advice in a document does not predominate, the privileged portions – however small – nevertheless should be redacted. *County of Erie*, 473 F.3d at 421. In other words, the party requesting privileged information is not entitled to it merely because it is located within a document that contains non-privileged information. *See, e.g.*, *Janesch v. Pennsylvania House of Representatives*, 299 A.3d 1030 (Pa. Cmwlth. 2023) (redacting privileged information from non-privileged documents such as invoices).

Here, the Court and POM acknowledge that PRIV-0074 contains privileged information, yet the Court ordered Eckert to produce the entire document unredacted.  POM defends that here. As Parx explained in its opening brief, however, the Court is duty bound to order the privileged portions redacted. *See County of Erie*, 473 F.3d at 421 (stating that "redaction is available for documents which contain legal advice that is incidental to the nonlegal advice that is the predominant purpose of the communication").

Notwithstanding that straightforward analysis, POM attempts to cite *County of Erie* for the proposition that redaction somehow is *not* an option for mixed-purpose communications if their predominate purpose

7

is something other than legal advice.  *See* POM Opp. Br. at 3.  Again,

POM is wrong. The *Erie* court said this about redacting privileged

portions of mixed-purpose communications:

> ***Importantly, redaction is available for documents which contain legal advice that is incidental to the nonlegal advice that is the predominant purpose of the communication****. See, e.g., United States v. Weisman*, No. 94 Cr. 760, 1995 WL 244522, at \*4 (S.D.N.Y. Apr. 26, 1995) (recognizing the availability of redaction to protect legal advice in hybrid documents); *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 155 (W.D.N.Y.1982) ("In those instances where both privileged and non-privileged material exist, the privileged material has been deleted.").

*County of Erie*, 473 F.3d at 421 n.8 (emphasis added). *County of Erie*

favors Parx, not POM.

POM's confusion is not surprising.  On one hand, POM argues that

the Court should not order redaction of privileged material in mixed-

purpose communications, *see* POM Opp. Br. at 3-4; and on the other,

POM defends the Court's decision to redact privileged information from

various legal memoranda at PRIV-00679; PRIV-00684; PRIV-00685; and

PRIV-00755 on the theory that they are mixed-purpose communications.

*See* POM Opp. Br. at 3-4.

POM cannot have it both ways.  Simply put, the privileged

information in PRIV-0074 should be redacted, and PRIV-00679; PRIV-

00684; PRIV-00685; and PRIV-00755 should be protected in their entirety either because their only purpose is for legal advice or the legal advice that predominates cannot be sorted from any purported non-legal communications within those documents.

Accordingly, the Court should reject POM's arguments and reconsider its decision regarding PRIV-0074; PRIV-00679; PRIV-00684; PRIV-00685; and PRIV-00755.

## B.    The Court should certify the order.

POM argues against certifying the Court's order for immediate appellate review, claiming that the question that Parx presented for certification is neither a controlling question of law over which there may be substantial disagreement, nor will its resolution materially advance the case.  Again, POM is wrong.

At the outset, POM ignores this Court's previous decision to certify an interlocutory order affecting Parx as a non-party privilege holder.  The Court certified an order for interlocutory review involving the question of whether judicial estoppel is an exception to or waiver of the attorney-client privilege. *See* Doc. 252 at 8-12. The Court noted that the judicial estoppel/privilege question was a novel legal issue over which there are

9

substantial grounds for disagreement, and the Third Circuit's resolution would help advance the case. *Id.*

Ultimately, the Third Circuit agreed with Parx to accept the permissive appeal and agreed with Parx on the merits. *Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*, No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023) ("Parties rely on the privilege as essential to open communications with counsel. To have it denied after the fact, and with little evidence of the role of Parx, the client, in the positions Eckert was taking, gives us serious pause.").

There is no meaningful reason to depart from the analysis in the Court's prior decision to certify an order involving similar circumstances. In this latest dispute, for example, the magistrate judge – *without* Parx's participation – ordered Eckert to disclose Parx's privileged documents. After having an opportunity to appeal the magistrate judge's decision, the Court overlooked Parx's evidence and arguments in favor of upholding a new rule of law that advice on legislative matters (*e.g.*, drafting legislation desired by the client) is not "legal advice" for purposes of a non-party's attorney-client privilege.

As before, the Court's decision presents a novel issue of special consequence as the Court acknowledged. *See, e.g.*, Doc. 382 at 8 ("With respect to the first category of issues, there is a dearth of factually analogous and binding case law."). That alone justifies an appeal as noted by the Supreme Court in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009) (novel issues are most likely to qualify for certified appeal "when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases.").

The Court's analysis may end here based on the Court's precedent in this case as supported by the Supreme Court's decision in *Mohawk*. Of course, POM does not mention (or ignores) both *Mohawk* and this Court's prior decision, arguing instead that the question Parx presented is not "controlling" because it "will not impact whether a trial occurs, or what claims or theories of recovery are presented at trial." *See* POM Opp. Br. at 10. If these third-party documents are so inconsequential, query POM's motives for requesting them from Eckert in the first place and why POM is fighting so hard to get them (and most importantly, why POM is fighting so hard to keep the Third Circuit from deciding the case).

11

In any event, POM incorrectly analyzes the Section 1292(b) factors. *See* POM Opp. Br. at 11. The Court must view the factors through the lens of a non-party uninvolved in the decision to order one of its law firms to disclose privileged documents in the first place not as counsel but as a party-defendant in this matter. Viewed through that lens, the resolution of the privilege issue controls the outcome of this ancillary dispute involving a non-party and the disclosure of its privileged materials.

POM also errs when it argues that the question Parx presented is a factual issue that does not qualify under Section 1292(b). Not so. Under Pennsylvania privilege law, the question presented is one of law and not fact. *See, e.g.*, *Com. v. Schultz*, 133 A.3d 294, 312 (Pa. Super. 2016) ("An issue concerning whether a communication is protected by the attorney-client privilege presents a question of law.").

The question presented certainly is more "legal" than "factual" as compared to the highly fact-intensive, judicial-estoppel analysis that did not stop the Court from certifying the prior order or the Third Circuit from accepting it for appellate review. *See Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*, No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023). Of course, every legal question involves application of the

12

law to the facts of a case. But the question here is whether the types of communications at issue (*i.e.*, lawyers' advice to their client about pending or desired legislation) can constitute "legal advice" that is protected by the attorney-client privilege.  That is a question of law.

Moreover, POM is wrong to suggest that the Court may not certify the order unless there is conflicting authority on the question presented. If that were so, the Court in *Mohawk* would not have expressly mentioned an interlocutory review process for novel privilege issues or stated that district courts should not hesitate to certify such issues for immediate review. *See Mohawk Industries*, 558 U.S. at 110-11.

Finally, the resolution of the question now will determine whether and to what extent Parx's privileged communications should (or should not) be part of the record in this case. The resolution of this novel issue now will advance the case by avoiding a situation in which the Court may be compelled to retry the case without the privilege documents after the Third Circuit weighs in at a later time.

If the Court orders one of Parx's law firms to disclose privileged documents now without resolving an adverse privilege determination affecting a non-party, then Parx's privilege is lost while the trial proceeds

13

even if the Third Circuit later rules in Parx's favor.  The Court then would be compelled to retry the case without the privileged documents as part of the record. Simply put, an appeal now avoids the prospect of two trials.

Most importantly, POM suffers no prejudice if the Court certifies the order for appeal.  The privileged documents would reveal only an incremental element of Eckert's work for clients on legislative matters that may or may not be adverse to POM's business interests.  POM is fully aware that Eckert represented multiple casino clients (Parx among them) with interests adverse to POM's and does not need access to Parx's privileged documents to prove that. (Again, it is curious that POM insists on seeking *Parx's* privileged materials and not those of other clients of Eckert with adverse business interests.)

In fact, POM admits that "[d]iscovery in this case has provided extensive, concrete, and compelling evidence that Eckert pursued each of these courses of conduct against its own client, POM." *See* POM Opp. Br. at 15-16. POM even says, "the documents at issue are not indispensable to proceeding with this case." *Id.* at 16. By these and other similar admissions, POM essentially confirms that it will not suffer meaningful

14

harm if the matter proceeds on a parallel track with a non-party appeal of a narrow privilege issue affecting only a handful of documents.

The Court therefore should reject POM's arguments and certify an appeal under 28 U.S.C. § 1292(b).

## C.    *The Court should maintain the stay pending appeal.*

Finally, POM argues that the Court should not stay the case pending appeal because Parx has not demonstrated a likelihood of success on the merits and will not suffer irreparable injury if its privileged documents are disclosed to POM before the Third Circuit weighs in. POM is wrong.

The Court already stayed the order pending its review on reconsideration. *See* Doc. 390. In the meantime, Parx filed a direct appeal docketed in the Third Circuit at 24-1984. As POM admits, the Third Circuit expressly acknowledged that a stay pending appellate review is appropriate when the Court compels disclosure of a non-party's privileged information. *See* POM Opp. Br. at 19.   Indeed, the Third Circuit has stated this about irreparable harm suffered by a privilege holder without a stay pending appeal:

> We acknowledge that compelling a witness to disclose privileged information might indeed result in an irreparable

15

injury "because appellate courts cannot always 'unring the bell' once the information has been released."

*United States v. Sciarra*, 851 F.2d 621, 636 (3d Cir. 1988) (quoting *Maness v. Meyers*, 419 U.S. 449, 460–61 (1975)).

Here, Parx asked for certification of the order here for interlocutory review as a protective measure. If the Court does not reconsider or certify the order, the Court at a minimum should maintain the stay pending appellate review as the Court did before to avoid the untenable situation of having a non-party's privileged materials disclosed before the non-party can test the propriety of the disclosure order on appeal.

POM's contrary arguments are misplaced. Parx has set forth at length (both in its briefing on appeal from the magistrate judge's order and in its reconsideration papers) many reasons why Parx is likely to succeed on the merits when the Third Circuit decides whether advice on legislative matters constitutes legal advice under Pennsylvania law. *See* Docs. 366, 374, and 388. Despite POM's attempts to argue otherwise, Parx will suffer irreparable harm and the Third Circuit will be unable to "un-ring the bell" if the Court does not stay the disclosure order pending appellate review.

As noted above, moreover, POM will not suffer prejudice if the Court maintains a stay pending appeal.  POM's brief confirms that it will not suffer any meaningful harm if the matter proceeds on a parallel track with a non-party appeal of a narrow privilege issue affecting only a handful of documents. *See* POM Opp. Br. at 15-16.

Finally, the Court's decision transcends the parties to this case such that a stay favors the public interest. Lawyers advise clients every day about pending or desired legislation, with many making their entire practice of it, yet the Court's decision suggests none of those discussions are privileged.  The Court should maintain the stay pending appeal to avoid the inevitable chilling effect such an order engenders for lawyers and their clients, especially if there is any chance that it will not withstand appellate review.

Accordingly, the Court should maintain the stay pending the Third Circuit's review of the issue.

## III.  CONCLUSION

WHEREFORE, the Court should grant Parx's motion for reconsideration or certify the order for appeal, maintain the current stay pending appeal, and order such other and further relief as the Court deems necessary or appropriate.

June 5, 2024                    Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino*

18

## CERTIFICATES

Service. I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel and the magistrate judge will be served automatically.

Word Count. I hereby certify that the foregoing brief contains 3,837 words as calculated by the word-count feature of Microsoft Word.

/s George A. Bibikos
George A. Bibikos