## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS CHERIN & | : | |
| MELLOTT, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a motion filed by third-party Greenwood Gaming &

Entertainment, Inc. d/b/a Parx Casino ("Parx") to reconsider this court's

memorandum and order affirming in part and reversing in part United States

Magistrate Judge Joseph Saporito, Jr.'s resolution of a discovery dispute.

(Doc. 387.)

Defendants Eckert, Seamans, Cherin & Mellott, LLC; Kevin M. Skjoldal;

and Mark S. Stewart (collectively, "Eckert") and Parx previously appealed Judge

Saporito's decision regarding one of many discovery disputes. Following an *in

camera* review of 120 purportedly privileged documents, Judge Saporito's order

determined which documents were protected by privilege and which were not.

(Doc. 354.) Judge Saporito ordered the unprotected documents to be produced

within 21 days unless the ruling was appealed. (*Id.*) Defendants and Parx

appealed. (Docs. 361, 362.)

1

The court granted the appeals with respect to PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6,[1] but otherwise denied the appeals.  Parx now seeks reconsideration or certification for appeal. (Doc. 387.)

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Plaintiff, Pace-O-Matic, Inc. ("POM"), initiated this action in February 2020 against Eckert for an alleged breach of fiduciary duty to POM.  (Doc. 1.)  POM alleges that this breach stems from Eckert's representation of both POM and a third-party competitor, Parx, in matters in which POM and Parx had competing and adverse commercial interests in the Commonwealth Court of Pennsylvania relating to POM's development, production, and licensure of electronic "skill games" sold in Pennsylvania.  (Doc. 166, pp. 1–2.)[3]

Eckert's representation of POM began in 2016 in Virginia and was limited to the state of Virginia despite POM's similar activity in Pennsylvania.  That was because Eckert represented Parx, a market competitor, in Pennsylvania.  (*Id.* at

---

[1]  These four documents are email communications with memoranda attachments.  When pin citing to these four documents, the court utilizes the page numbers at the bottom of the memoranda attached to the emails.

[2] Any additional factual recitation that is necessary for the discussion of each specific issue is included in the Discussion section of this Memorandum.

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

3–4.)  In the summer of 2018, POM filed two lawsuits in the Commonwealth

Court of Pennsylvania through other counsel relating to the seizure and removal of

some of its skill games in Pennsylvania.[4]  (*Id.* at 3.)   During this litigation in the

Commonwealth Court, Parx, purportedly through its counsel, Hawke McKeon &

Sniscak ("HMS") and Ballard Spahr, LLP ("Ballard"), filed amicus briefs in

opposition to POM's position, as well as motions to intervene.  (*Id.* at 4–5.)  In

January 2020, POM learned that Eckert was allegedly involved in some capacity

with Parx's representation in the Commonwealth Court cases, assuming positions

materially adverse to POM's position despite Eckert's ongoing representation of

POM in Virginia.  (*Id.* at 5.)  After POM requested that Eckert withdraw from

representing Parx in adverse litigation in Pennsylvania, Eckert instead withdrew

from representing POM in Virginia.  (*Id.*)

In his December 1, 2023 memorandum, Judge Saporito described the

procedural history of the discovery dispute underlying the instant motion:

> This is one of a series of discovery disputes that the parties have
> been unable to resolve without a court ruling. *See, e.g., Pace-O-Matic,
> Inc. v. Eckert Seamans Cherin & Mellott, LLC*, No. 20-cv-00292, 2021
> WL 602733 (M.D. Pa. Feb. 16, 2021), *rev'd in part & remanded*, 2021
> WL 1264323 (M.D. Pa. Apr. 6, 2021), *on remand*, 2021 WL 5330641
> (M.D. Pa. Nov. 16, 2021), *aff'd*, 2022 WL 2441556 (M.D. Pa. July 5,
> 2022), *rev'd*, No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023).

> In response to Rule 34 requests for production served by POM,
> Eckert produced a 116-page privilege log describing 1,010 responsive

---

[4] These cases are located at docket numbers 418 MD 2018 and 503 MD 2018.  (Doc. 166, p. 4.)

email messages withheld from disclosure, including the legal basis for
withholding each document. Based on the information set forth in that
privilege log, POM filed a letter challenging Eckert's assertion of
attorney-client privilege and work-product protection with respect to
120 of these documents. (Doc. 295.) Eckert filed a responsive letter.
(Doc. 298.)

Upon review of these letters, the presiding United States district
judge granted the plaintiff's request for an *in camera* review of the
documents at issue. She directed Eckert to submit copies of the
challenged documents for in camera review. She also directed POM to
file a reply letter. (Doc. 300.)

As directed, POM filed its reply letter (Doc. 304), and Eckert
submitted a tabbed binder containing copies of the 120 challenged
documents for in camera review (see Doc. 305). Shortly thereafter, the
discovery dispute was referred to the undersigned United States
magistrate judge for resolution. (Doc. 313.)

(Doc. 353, pp. 2–3.)  The initial discovery dispute was litigated solely between

POM and Eckert.  The court referred this discovery dispute to Judge Saporito on

June 28, 2023.  (Doc. 313.)

On December 1, 2023, following an *in camera* review of the disputed

documents and the parties' briefs, Judge Saporito issued a memorandum and order

resolving which documents were protected by privilege and which were not.

(Docs. 353, 354.)  In his order, Judge Saporito sustained in part the assertions of

privilege regarding four documents.  (*Id.*)  He determined that the majority of

documents were not protected from production and ordered the unprotected

documents to be produced within 21 days unless the ruling was appealed.  (*Id.*)

On December 15, 2023, Eckert and Parx appealed Judge Saporito's decision.[5]  (Docs. 361, 362.)  In their appeals, they asserted that Judge Saporito's order was clearly erroneous and contrary to law in ruling that the documents were not protected from disclosure by attorney-client privilege and the federal work-product doctrine.  (Doc. 361, pp. 2–3; Doc. 362, p. 3.)

On April 29, 2024, this court affirmed in part and reversed in part Judge Saporito's decision.  (Doc. 383.)  The court ordered the production of all of the documents at issue, instructing that PRIV-00679, PRIV-00684, PRIV-00685, and PRIV-00755 should be redacted.  (*Id.*)  On May 13, 2024, Parx filed the instant motion asking the court to reconsider its order or otherwise certify it for appeal to the Third Circuit.  (Doc. 387.)  Meanwhile, Parx requested that the court stay its order for production, which the court did on May 14, 2024.  (Doc. 390.)  While this motion was pending, Parx filed a notice of appeal on May 28, 2024.  (Doc. 394.)  The motion for reconsideration has been briefed and is ripe for disposition.  (Docs. 388, 393, 396.)

## STANDARD OF REVIEW

A party seeking reconsideration of a district court's order must show either (1) "an intervening change in the controlling law"; (2) the availability of new

---

[5] Despite not having litigated the underlying discovery dispute, Parx appealed Judge Saporito's decision.  No party protested Parx's appeal on this basis.

evidence that was not available when the court issued its prior order; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration "cannot be used to reargue issues that the court has already considered and disposed of." *McSparren v. Pennsylvania*, 289 F. Supp. 3d 616, 621 (M.D. Pa. 2018) (citing *Blanchard v. Gallick*, No. 1:09-CV-01875, 2011 WL 1878226 at *1 (M.D. Pa. May 17, 2011)). Additionally, a motion for reconsideration "may not be used to present a new legal theory for the first time" or "to raise new arguments that could have been made in support of the original motion." *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 474 (M.D. PA. 2020) (citing *Vaidya Xerox Corp.*, No. 97-CV-00547, 1997 WL 732464, *2 (E.D. Pa. Nov. 25, 1997)). A "mere disagreement" with a court's legal conclusion is not a sufficient basis for reconsideration. *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (citing *Mpala v. Smith*, No. 3:06-CV-00841, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007)).

Although a court may reconsider a prior order based on a party's motion, motions for reconsideration "should be granted sparingly as federal courts have a strong interest in the finality of judgments." *Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 488 (M.D. Pa. 2005). The decision of whether to grant a

motion for reconsideration is left to the discretion of the district court.  *Le v. Univ. of Pa.*, 321 F.3d 403, 405 (3d Cir. 2003).

DISCUSSION

A. Reconsideration

Parx argues that this court should reconsider for five reasons, all of which are based on purportedly manifest errors of law and fact.  (Doc. 388, pp. 10–24.) The court will consider each argument in turn.

1.  **Parx's argument regarding legislative advice fails.**

Parx argues that this court erred by concluding that there is a difference between legislative advice and legal advice.  (Doc. 388, p. 10.)  While admitting that "Pennsylvania courts have yet to weigh in," Parx insists that this court has erred in finding that legislative and legal advice are distinct.[6]  (*Id.* at 11.)  Parx further argues that this court was incorrect in its understanding of Judge Saporito's

---

[6] So the record is clear, Parx makes multiple arguments regarding the relationship between legislative and legal advice for purposes of attorney-client privilege.  First, Parx argues that the two are not mutually exclusive.  (Doc. 388, p. 6.)  The court agrees.  Second, Parx argues that the court effectively found that the two are mutually exclusive.  (*Id.* ("[T]he Court sub silentio endorsed a per se approach to the privilege analysis that exposes far more of Parx's privileged materials to public disclosure than it should.").)  The assertion that this court applied a per se approach is demonstrably incorrect.  The court found that portions of PRIV-00679, PRIV-00684, PRIV-00685, and PRIV-00755 were protected by attorney-client privilege.  (Doc. 382, pp. 16–17; Doc. 383.)  The court found that these documents, which concern legislative strategy, also concern legal advice.  (Doc. 382, pp. 16–17 ("These communications circulate a legislative strategy memorandum.  That memorandum addresses how to achieve legislative objectives within the context of existing state law.  The memorandum's application of legislative objectives to the existing legal framework constitutes legal advice."))  Third, Parx argues that advice from lawyers on legislative matters is *per se* legal advice, though it admits that no Pennsylvania court has found as such.  (Doc. 388, pp. 10–11.)

ruling.  (*Id.*)  Though this court apparently misapprehended his ruling, Parx asserts that Judge Saporito erroneously "created a *per se* rule" determining that legislative advice could *never* constitute legal advice.  (*Id.*)

Regarding the purported factual errors, Parx merely disagrees with this court's reading of Judge Saporito's memorandum.  Because the court was not persuaded by this argument the first time, Parx seeks reconsideration to air its argument a second time.  But, Parx points to no error.

Parx's legal argument likewise falls flat.  It argues that this court erred.  But Parx concedes that no binding case law supports its assertion of error.  Nor does it point to any binding or persuasive authority for the proposition that legislative advice is per se legal advice.[7]  The court will deny Parx's motion regarding legislative advice.

### 2. The court erred in overlooking Parx's declaration, but the error was harmless.

Parx next argues that this court erred by overlooking the declaration, which it provided on appeal to support its privilege claim.  (*Id.* at 14.)  In its reply brief in

---

[7] Indeed, for most of the cases cited by Parx, there is no explanation whatsoever as to the legal significance.  (Doc. 388 (citing *Weissman v. Fruchtman*, No. 83 Civ. 8958, 1986 WL 15669, at *15 (S.D.N.Y. Oct. 31, 1986); *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311 (7th Cir. 1978); *Harrington v. Freedom of Info. Comm'n*, 323 Conn. 1, 24 (2016)).)  In its prior memorandum, the court addressed two of these cases.  (Doc. 382, pp. 11–14 (explaining why *Westinghouse* and *Harrington* were inapplicable to certain documents that Eckert argued were protected by attorney-client privilege).)  Yet, in its current motion, Parx provides no explanation for how the court erred in its discussion of these cases.

support of its appeal from Judge Saporito's decision, Parx pointed to this sworn

declaration, referring to it as an affidavit.  (Doc. 374, p. 6.)  When the court denied

Parx's appeal, it stated that Parx had first raised the issue of an affidavit in its

reply.  (Doc. 382, p. 7 n.5.)  The court concluded, therefore, that Parx had waived

the issue.  (*Id.*)  But, in fact, Parx had raised the issue in its initial brief in support

of its appeal, where it cited to a sworn declaration.  (Doc. 366, p. 6 & n.1; Doc.

366-1.)

Accordingly, this court erred by not recognizing that Parx had referenced its

sworn declaration with its initial supporting brief.  But, upon further analysis, that

error was harmless.

In support of its appeal from Judge Saporito's decision, Parx presented a

declaration to support its claim of attorney-client privilege.  (Doc. 366, p. 6 n.1 &

Doc. 351-1.)  Parx first filed the declaration on November 21, 2023, in connection

with another discovery dispute in this case.  (Doc. 351-1.)  This declaration was

docketed nearly five months after the court referred the instant dispute to Judge

Saporito, on June 28, 2023.  (Doc. 313.)  In presenting its appeal, Parx

"recognize[d] that the declaration has been submitted with another filing but

note[d] for the Court's consideration that this appeal is the first opportunity for the

company to weigh in on the latest discovery order and therefore must rely on the

extant record to support it."  (Doc. 366, p. 6 n.1.)  In effect, Parx asks this court to

9

consider evidence on appeal that was not presented to Judge Saporito in the

original discovery dispute.[8]

---

[8] The court seeks to clarify one issue for the record.  In opposing Parx's appeal, POM argues that the declaration is inconsequential, because this court conducted a document-by-document review of all of the documents at issue.  (Doc. 393, p. 7.)  To be clear, based on the arguments that Parx and Eckert presented on appeal, the court did not conduct an *in camera* review of all 120 documents.  The court did not perceive that such a review was necessary based on the arguments that were presented.

On appeal, Parx effectively raised four arguments.  First, it argued that all of the documents are protected based on its declaration.  (Doc. 366, pp. 10–12.)  Second, it argued that Judge Saporito erred by concluding that legislative advice cannot be legal advice per se.  (*Id.* at 13, 19.)  Third, it argued that the documents are protected because legislative advice is per se legal advice.  (*Id.* at 13–15 ("The question then becomes whether 'legislative advice' – for example, advice on pending legislation, drafting proposed legislation, monitoring and reviewing legislative efforts, and related matters – constitutes 'legal advice' that is protected from disclosure.").)  The court perceived this argument to hinge on the legal issue of whether legislative advice constitutes legal advice.  (Doc. 366, p. 15 (Parx arguing "[a]s in these cases, the documents at issue reflect legal analysis of existing and proposed legislation at both the state and local level.").)  The court did not find it necessary to conduct an in camera review of all 120 documents to address the legal question of whether the authorities Parx presented stood for the proposition that legislative advice was per se legal advice.

However, interspersed within its third argument, Parx also argued that "[f]or example, documents reflect analysis of legal consequences associated with certain pending legislation," and Parx cited nine documents as examples.  (*Id.*)  Parx did not specify *which* documents reflect such analysis beyond the examples it provided.  (*Id.*)  The court perceived this argument as a qualitatively different argument from the third explained above and addressed it as a separate argument.  This separate argument did not merely implicate "advice on pending legislation" and argue that such advice was legal advice.  Instead, it asserted that "documents" reflected "analysis of legal consequences" associated with consequences of pending legislation.  It was not arguing that legislative advice was per se legal advice.  Instead, it was asserting that certain documents contained legal advice in the form of analyzing the legal consequences of, among other things, pending legislation.  The court did not perceive this argument as extending to *all* of the documents then on appeal, but rather the documents specifically referenced by Parx.  Accordingly, the court reviewed the nine documents Parx cited.  The court found that five were not protected by privilege and four were partially protected.  Although the court conducted additional in camera review in response to Eckert's appeal, it concluded that no further review was required to adjudicate Parx's arguments.

Under Pennsylvania law, "[w]hether attorney-client privilege protects a particular communication is a question of law." *Yocabet v. UPMC Presbyterian*, 119 A.3d 1012, 1019 (Pa. Super. Ct. 2015) (quoting *In re Thirty-Third Statewide Investigating Grand Jury*, 86 A.3d 204, 215 (Pa. 2014)).  This court reviews matters of law de novo on appeal from non-dispositive orders of a magistrate judge. *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).

Parx has presented no authority for its argument that a court must consider new evidence when reviewing a matter of law being appealed from a non-dispositive order by a magistrate judge.  (Doc. 366, p. 6 n.1.)  The court has not found any authority directly on point.  Federal Rule of Civil Procedure 72(a), governing non-dispositive pretrial orders by magistrate judges, is silent on the issue.  But Rule 72(b), governing dispositive motions handled by magistrate judges, offers helpful guidance.

When reviewing a magistrate judge's opinion on dispositive motions and prisoner petitions, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In addressing Rule 72(b), the Notes of Advisory Committee on Rules—1983 noted that "[t]he term 'de novo' signifies that the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second

evidentiary hearing is required." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. This suggests that when making de novo determinations, the district court need not include new evidence in its deliberations. If the court need not consider new evidence when reviewing dispositive motions, it seems illogical that it would be required to do so for appeals of non-dispositive orders.

Because Parx presented its declaration with its supporting brief appealing Judge Saporito's decision, the court erred in stating that Parx had only done so in its reply. But this court was not obligated to consider this new evidence in any event.

Even if the declaration had been timely filed, Parx's declaration would be insufficient to bear its burden and show privilege in the documents now at issue. That is because the declaration was submitted in a different discovery dispute and makes no reference to the specific 120 documents at issue in this dispute.

### 3. Parx cannot raise a new argument for redaction.

Parx argues that, although this court applied the correct predominant-purpose test, it misapplied this test to PRIV-0074. (Doc. 388, p. 18.) This court found that "the majority of this communication does not relate to legal advice or analysis." (Doc. 382, p. 14.) The court found that one small portion of the document, the sixth bullet point on the first page, did pertain to a legal analysis. (*Id.*) But under the relevant legal standard, which Parx concedes was correct to

apply, "[l]egal advice must predominate for the communication to be protected. The [attorney-client] privilege does not apply where the legal advice is merely incidental to business advice." (*Id.* at 15 (quoting *Burton v. R.J. Reynolds Tobacco Co., Inc.*, 170 F.R.D. 481, 484 (D. Kan. 1997)).)

On appeal, Parx argued that PRIV-0074 was protected by attorney-client privilege. (Doc. 366, p. 15.) It made no argument in the alternative that, if the court disagreed and found that only portions of the document pertained to legal advice, a redacted copy should be produced.[9] POM argues that Parx may not raise this new alternative argument for redaction in its motion for reconsideration. (Doc. 393, pp. 8–9.) POM is correct. A motion for reconsideration "may not be used to present a new legal theory for the first time [or] to raise new arguments that could have been made in support of the original motion." *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 474 (M.D. Pa. 2020).[10]

---

[9] Parx argues that it did make this argument on appeal from Judge Saporito's order. (Doc. 396, p. 9 (citing Doc. 374, pp. 4, 7, 10–11).) But the cited pages do not appear to address either redaction or PRIV-0074. Moreover, Doc. 374, to which Parx cites, was its reply brief on appeal. As Parx should be aware, "[a]rguments raised for the first time in a reply brief are generally waived." *Loving v. FedEx Freight, Inc.*, 2020 WL 2306901, at *14 (M.D. Pa. May 8, 2020) (citation omitted).

[10] Had Parx raised this issue on its initial appeal, the court would have considered it. The reason the court now rejects Parx's argument is because it has waived the issue.

Parx displays a knack for untimely developing its arguments. For example, in its reply brief for the instant motion, Parx presents a clear and cogent argument as to how this court should have applied the predominant purpose test and when and how redaction should be used. (Doc. 396, pp. 9–10.) But this argument, raised on reply, is deemed waived. Had it presented this argument earlier, it may well have prevailed. But its initial brief was cursory.

13

### 4. The court rejects Parx' argument regarding PRIV-00679; PRIV-00684; PRIV-00685; and PRIV-00755.

In its appeal from Judge Saporito's decision, Parx made few specific arguments regarding specific documents that concerned specific legal advice. One exception to that is the following passage from Parx's brief in support of its appeal:

> [T]he documents at issue reflect legal analysis of existing and proposed legislation at both the state and local level. *See* Doc. 351-1, Ex. A, Bonner Decl. at ¶ 8. For example, documents reflect analysis of legal consequences associated with certain pending legislation, preparing testimony, making recommendations about legislation, evaluating whether proposed legislation withstands judicial review, and evaluating the interests of the client in the event proposed legislation becomes law. *See, e.g.*, PRIV-0074, PRIV-00106, PRIV-00107, PRIV-00108, PRIV-00900, PRIV-000679 at 6, PRIV-00684 at 2, 6; PRIV-00755 at 2, 6; PRIV-00685 at 2, 6, PRIV-000679 at 1, PRIV-00684 at 1, PRIV-00755 at 1, and PRIV-00685 at 1.

(Doc. 366, p. 15.)

In doing so, Parx specifically cited to pages 1 and 6 of PRIV-00679; pages 1, 2, and 6 of PRIV-00684; pages 1, 2, and 6 of PRIV-00685; and page 1 of PRIV-00755. Parx argued that these pages reflect legal analysis and thereby advice. The court agreed. (Doc. 382, p. 16.)

---

In another untimely argument, Parx asserts in its reply brief that "[e]ven if [it] did not specifically argue for redaction in the alternative, the Court is duty bound to order redactions of privileged information and should do so even without prompting in order to protect against disclosure of privileged information as prohibited by Fed. R. Civ. Pro. 26(b)(1) and Fed. R. Civ. Pro. 45(d)(3)(A)(iii)." (Doc. 396, p. 9.) Once again, this is an argument Parx could have included in its initial brief in support of its motion, but did not.

The court found that "legal advice was the predominant purpose of the specific pages that Parx and Eckert identify." (*Id.* at 17.) However, "[n]o other portions of these [four] documents consist of legal advice. Nor do Parx or Eckert explain any reason for why the other portions should be protected." (*Id.*) Therefore, the court granted the appeals with respect to PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6. (Doc. 383, ¶¶ 2–3.) The court ordered that Defendants produce PRIV-00679, PRIV-00684, PRIV-00685, and PRIV-00755 with redactions in accordance with its order and the findings of its memorandum. (*Id.* ¶ 4.) It ordered the production of the other documents at issue without redaction. (*Id.*)

Parx argues that it did not intend to protect only the cited pages of those documents. (Doc. 388, p. 20.) Instead, it sought to protect those documents in their entirety. (*Id.*) Citing *The Bluebook*, Parx argues that its use of the signal *e.g.* did not in any way limit its assertion of privilege to the pages it cited.[11] (*Id.* (citing *The Bluebook: A Uniform System of Citation* R. 1.2 (Columbia Law Review Ass'n et al eds., 19th ed. 2012)).) While the court appreciates the significance of the use of the signal *e.g.*, that does not eliminate Parx's burden as an appellant or movant to clearly explain to the court the relief it is seeking. Where Parx specifically cited

---

[11] Apparently for the court's benefit, Parx also provides an explanatory parenthetical of *The Bluebook*'s assessment that, when using *e.g.*, additional citation is unnecessary. (Doc. 388, p. 20.)

certain documents purportedly containing legal advice, the court conducted an in camera review.  In some instances, the court found specific portions of documents protected by attorney-client privilege and sua sponte ordered those portions to be redacted.  Parx assumed that the court would somehow intuit its argument with respect to other unspecified documents or portions of documents.  That is not effective advocacy in a dispute over whether specific documents are privileged, even if it involves the technically correct usage of an introductory signal pursuant to *The Bluebook*.

Parx also argues that the court erred by not finding that page 2 of PRIV-00679 was privileged.  (*Id.*)  According to Parx, PRIV-00679 is identical to PRIV-00684, PRIV-00685, and PIV-00755.  (*Id.*)  Being identical, page 2 of PRIV-00679 must be privileged because the second page of PRIV-00684, PRIV-00685, and PIV-00755 are privileged.  (*Id.*)  When appealing Judge Saporito's decision, Parx specifically cited the latter as examples of privilege but omitted the former.  Parx asserts that its omission was not intended to waive privilege.  (*Id.* at 19–20.)  Because Parx is the client to whom the privilege belongs, its intent controls.  (*Id.* at 19 (citing *Commonwealth v. McCullough*, 201 A.3d 221 (Pa. Super. Ct. 2018)).)[12]

_____

[12] Parx provides no pin cite for this assertion or any explanation for how this case applies to its instant motion.  (Doc. 388, pp. 19–20.)  It does not explain how or why *McCullough* stands for the proposition that a party's subjective intent not to waive an argument impacts the analysis of that party's objective failure to raise an argument on appeal.

Parx's factual assertion that "all four documents are identical" is factually
incorrect.  Page 2 of PRIV-00679 is not the same as page 2 of the other documents.
Rather, it is similar if not identical to portions of pages 3 and 4 of PRIV-00684,
PRIV-00685, and PRIV-00755.  The court found these pages did not consist of
legal advice and that Parx did not explain any reason why they should be protected.
(Doc. 382, p. 17.)

For the reasons stated above, the court will deny Parx's motion insofar as it
is raised regarding PRIV-00679, PRIV-00684, PRIV-00685, and PRIV-00755.

### 5. Parx may not raise new arguments regarding permitting and licensing on its motion for reconsideration.

Parx argues that "[c]onfidential communications about obtaining legal
authorizations such as permits and licenses are protected by attorney-client
privilege."  (Doc. 388, p. 21 (citing *Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331,
336, 1996 WL 50746 (E.D.N.Y. 1996)).)  This is an entirely new argument.  Parx
did not raise this argument on appeal, though it could have.  The court will deny
Parx's motion with respect to this newly raised argument.

### B. Certification

A district court may certify an order for appeal if the court finds that it
"involves a controlling question of law as to which there is substantial ground for
difference of opinion and that an immediate appeal from the order may materially
advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Thus,

certification under § 1292(b) is only proper when "(1) the issue involve[s] a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation." *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003).  The party seeking a certificate of appealability bears the burden of showing that the certificate should issue. *Consumer Fin. Protection Bureau v. Navient Corp.*, 522 F. Supp. 3d 107, 113 (M.D. Pa. Feb. 26, 2021) (citing *Orson Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994)).

Rather than providing a comprehensive analysis of these three requirements, Parx relies primarily on a single quote as the legal basis for the sufficiency of its request for certification:

> The preconditions for § 1292(b) review—"a controlling question of law," the prompt resolution of which "may materially advance the ultimate termination of the litigation"—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases.

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009).  Parx argues that, as this court acknowledged in its memorandum, whether legislative advice per se constitutes legal advice is a question of law.  (Doc. 388, p. 23 (citing Doc. 382, pp. 7–8).)  It argues, without citation, that there are substantial grounds for disagreement on whether legislative advice is per se legal advice.  (*Id.*)  And Parx

makes no argument about whether an immediate appeal of this issue would advance the ultimate termination of litigation.

While *Mohawk* may provide this court with discretion to certify the issue, Parx does not present argument to persuade the court to do so. And, other than its aforementioned quote of *Mohawk*, Parx presents nothing more than cursory conclusions as to why the first two elements of § 1292(b) are met. (*Id.*)

Although POM presents many counterarguments, the court here will only recount three of them. First, it argues that Parx has failed to show that the issue involves a controlling question of law. (Doc. 393, pp. 12–15.) The issue is not controlling, which the Third Circuit has explained to mean "serious to the conduct of the litigation, either practically or legally." (*Id.* at 13 (quoting *Katz v. Carte Blanceh Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (en banc)).) Here, POM argues, the resolution of this issue will not impact "whether a trial occurs, or what claims or theories of recovery are presented at trial."[13] (*Id.* (citing *Union Pac. R. Co. v. ConAgra Poultry Co.*, 189 F. App'x 576, 579 (8th Cir. 2006)).)

Second, POM argues that Parx has not identified substantial grounds for difference of opinion. (*Id.* at 16–18.) That requirement is met when "there is

---

[13] POM argues that, even if this court's ruling were incorrect, it would not be reversible error under Third Circuit precedent. (Doc. 393, p. 13 (quoting *Summy-Long v. Penn St. Univ.*, 715 F. App'x 179, 184 (3d Cir. 2017) ("[A] district court's discovery ruling will not be reversed without determining that it resulted in actual and substantial prejudice and was a gross abuse of discretion resulting in fundamental unfairness.").)

genuine doubt or conflicting precedent as to the correct legal standard to be applied in the order at issue."  (*Id.* (quoting *Small v. Lower Paxton Twp.*, No. 1:22-cv-1146, 2024 WL 691360, at *7 (M.D. Pa. Feb. 20, 2024)).)  Neither are present here.  (*Id.*)  While Parx disagrees with the court's legal ruling, it has provided no precedent showing that legislative advice is per se legal advice.  (*Id.*)  But "a party's disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of the statute." (*Id.* (quoting *Small*, 2024 WL 691360, at *7).)

In response, Parx raises a new argument: that the instant dispute is akin to this court's prior decision in which it certified a question to clarify how judicial estoppel interacts with attorney-client privilege.  (Doc. 396, pp. 12–14.)  Perhaps Parx should have raised that issue in its initial brief.  Because it failed to do so, the issue is deemed waived.  Parx raises no other meaningful argument that there are substantial ground for difference of opinion.  It therefore fails to establish the second requirement for certification.

Third, POM argues that certification would not materially advance the ultimate termination of this litigation.  (Doc. 393, pp. 18–22.)  POM explains the theory underlying its case and how, while it expects that the documents at issue here would strengthen its case, they are not indispensable.  (*Id.* & n.2.)  For that

reason, an immediate appeal of the instant dispute would not impact termination of this litigation.  (*Id.* at 21.)

In response, Parx argues that allowing an appeal of this issue would impact the ultimate termination of this litigation by "avoiding a situation in which the Court may be compelled to retry the case without the privilege documents after the Third Circuit weighs in at a later time."  (Doc. 396, p. 16.)  Once again, Parx could have raised this issue in its initial brief but failed to.  The issue is deemed waived.[14] Other than the above quote from *Mohawk*, Parx presented no other argument regarding the third certification requirement.  (Doc. 388, pp. 22–24.)  It has not met its burden as to the third requirement for certification.

Because Parx has failed to meet its burden in showing the second and third requirements for certification, the court will deny its request.

### CONCLUSION

For the reasons stated above, the court will deny Parx's motion insofar as it seeks reconsideration and certification to appeal.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 3, 2024

---

[14] Parx also argues that POM would suffer no prejudice if the court certified the order for appeal. (Doc. 396, p. 17.)  Yet again, Parx has waived the issue by not raising it earlier.