IN THE COMMONWEALTH COURT OF PENNSYLVANIA

POM of Pennsylvania, LLC,                          :
                                Petitioner          :
                                              :
                 v.                                   :    No. 503 M.D. 2018
                                              :
Pennsylvania State Police, Bureau of          :
Liquor Control Enforcement,                       :
                            Respondent          :

# **O R D E R**

AND NOW, this 25th day of May, 2023, upon consideration of POM of Pennsylvania, LLC's (POM) December 14, 2020 "Motion to Compel Full and Complete Responses to Petitioner's First and Second Sets of Requests for Production of Documents and First Set of Interrogatories Addressed to Pennsylvania State Police, Bureau of Liquor Control Enforcement" (PSP), and PSP's response thereto, and upon further consideration of PSP's January 14, 2021 "Motion for Protective Order" and POM's response thereto, it is hereby ORDERED as follows:

1.     POM's Motion to Compel is GRANTED IN PART and PSP's Motion for Protective Order is DENIED IN PART, as follows:

a.     Per stipulation, PSP agrees to produce investigative reports related to unlawful gambling devices manufactured by POM, regardless of software version, for matters in which the investigation is concluded and the administrative process is completed (*i.e.*, an adjudication has been issued by an Administrative Law Judge on the pending administrative citation involving gambling, and no appeal has been filed). These documents will be redacted to protect any privileged

information, and a privilege log will be provided. PSP will also provide an updated list of witnesses that it intends to call at the time of trial.

2. POM's Motion to Compel is DENIED IN PART and PSP's Motion for Protective Order is GRANTED IN PART, as follows:

a. PSP is not required to produce investigative information related to unlawful gambling devices manufactured by companies other than POM (whether contained in administrative investigative reports (AIRs), Gambling Device Inspection forms, third party complaints about such devices, property records of seizures, gambling inspection summaries, inspection log entries, questionnaires used by enforcement officers, sample questions asked about such devices, intelligence memos or communications with other law enforcement agencies regarding such devices, all of which is requested by POM in the above discovery requests).

b. PSP is not required to produce investigative information related to unlawful gambling devices manufactured by POM (whether contained in administrative investigative reports (AIRs), Gambling Device Inspection forms, third party complaints about such devices, property records of seizures, gambling inspection summaries, inspection log entries, questionnaires used by enforcement officers, sample questions asked about such devices, intelligence memos or communications with other law enforcement agencies regarding such devices, all of which is requested by POM in the above discovery requests) for matters in which the investigation is ongoing or the administrative process is not completed.

      c.     PSP is not required to produce training materials.

      3.     In all other aspects not set forth in this Order, POM's Motion to Compel is DENIED and PSP's Motion for Protective Order is GRANTED.

      4.     All documents or information to be produced hereunder shall be produced on or before June 23, 2023, unless otherwise agreed by the parties or ordered by the Court.

*s/ Patricia A. McCullough*
PATRICIA A. McCULLOUGH, Judge