

**VIA ECF FILING**

The Honorable Jennifer P. Wilson
United States District Court for the
Middle District of Pennsylvania
Ronald Reagan Federal Building & US Courthouse
228 Walnut Street
Harrisburg, PA 17101

> RE:    **Pace-O-Matic v. Eckert Seamans Cherin Mellott, LLC**
>        **U.S.D.C., Middle District of Pennsylvania Docket No. 1:20-cv-00292**

Dear Judge Wilson,

Our firm represents non-party Downs Racing LP ("Downs Racing") in connection with a subpoena from Plaintiff, Pace-O-Matic, Inc. ("POM") directed to Richard Gmerek requesting, *inter alia*, communications between Gmerek and "[a]ny officer, employee, agent or owner of Mohegan Sun." See Exhibit A.  These communications are not relevant to this lawsuit, and most of the requested information is protected by the attorney work product doctrine and potentially the attorney-client privilege.  The Gmerek subpoena is substantially similar to POM issuing a subpoena to Eckert Seamans, Cherin & Mellott, LLC ("Eckert") regarding communications with non-party Greenwood Gaming & Entertainment, Inc. d/b/a "Parx Casino".  Compliance with the subpoena would necessitate the disclosure of work product, and potentially attorney-client privileged information.  Due to Parx's appeal to the Third Circuit Court of Appeals and Your Honor's July 3, 2024, Order staying production of Parx's communications with Eckert pending resolution by the Third Circuit (Doc. 398), Downs Racing requests the same relief here.

Thus, per Your Honor's Civil Practice Rules, we respectfully request a stay of the production of Downs Racing's work product communications with Gmerek pending resolution of non-party Parx's appeal.  Alternatively, Downs Racing seeks the opportunity to file a motion to quash this non-party subpoena, or in the alternative file for a motion for a protective order.

By way of background, Downs Racing is the owner and operator of the Category 1 licensed gaming facility located in Plains Township, Luzerne County, Pennsylvania known as "Mohegan Pennsylvania".[1]

---

[1] We understand from POM's counsel that the subpoena is directed to Downs Racing LP and not Mohegan Sun. "Mohegan Sun" is a registered trade name of a gaming and entertainment facility located in Connecticut and operated by the Mohegan Tribal Gaming Authority.

The Honorable Jennifer P. Wilson
July 19, 2024
Page 2 of 4

POM initiated this action against its now-former counsel, Eckert, seeking injunctive and other relief related to their claim that Eckert breached its fiduciary duty to POM by advocating on behalf of Parx, while simultaneously representing POM.  Specifically, POM claims that Eckert was engaged with Parx in efforts directly counter to POM's interests within the Commonwealth of Pennsylvania.

At all relevant times, Gmerek, an attorney, was engaged by Downs Racing to provide certain governmental relations services.  As such, Downs Racing relied on Gmerek's expertise in the legislative process in Pennsylvania to provide strategic business and legal analysis. Notwithstanding the scope of its suit against Parx, POM served a wide-ranging subpoena on Gmerek, seeking communications between Gmerek and a host of entities and individuals including Downs Racing.  Specifically, POM's non-party subpoena directed to Gmerek seeks:[2]

1. *All Communications relating to games of skill, skill games, "gray market" gaming, purportedly illegal gaming, or purportedly unregulated gaming to which any of the following persons was a party:*

    *...*
    b.  *Any officer, employee, agent or owner of Mohegan Sun.*

    *...*
2. *All Communications with any person relating to POM, "Pennsylvania Skill," "PA Skill," or "Queen of Virginia."*

3. *All Communications relating to a change in PGCB policy/agency position after November 2019 relating in any way to POM, "Pennsylvania Skill," "PA Skill," "Queen of Virginia," games of skill, skill games, "gray market" gaming, purportedly illegal gaming, or purportedly unregulated gaming.*

4. *Documents relating to your work for Parx Casino or any other casino having to do with skill games, including but not limited to any contracts between you and the casino, your billing statements or invoices, income, communications, and case file or work product.*

On or about June 6, 2024, my colleague, Kevin C. Hayes, received a link to a secure folder containing invoices from Gmerek and addressed to representatives of Downs Racing.  On June 19, 2024, Mr. Hayes reported to counsel for POM and Gmerek that Downs Racing objected to the

---

[2] The subpoena also includes a request to depose Gmerek.

The Honorable Jennifer P. Wilson
July 19, 2024
Page 3 of 4

production of these records as private and confidential and not reasonably calculated to lead to the discovery of admissible evidence. On June 24, 2024, Mr. Hayes participated in a "Meet and Confer" with counsel to POM and Gmerek, and POM's counsel would not agree to place any limits on the subpoenaed communications and invoices exchanged between Downs Racing and Gmerek. Since then, Gmerek's counsel has provided me with additional records, including copies of electronic communications between Gmerek and representatives from Downs Racing, for review.

To be sure, the invoices and electronic communication exchanged between Gmerek and Downs Racing are not relevant to any of POM's asserted claims. POM's sole claim against Eckert is that it breached its fiduciary duty owed to POM by representing Parx in matters allegedly adverse to POM's interest. While we take no position as to that claim, private and confidential communications between Gmerek and Downs Racing, who are not parties to the case, are not relevant to and are not probative of any of POM's claims. There is no claim that work performed by Gmerek on behalf of Downs Racing violated any fiduciary duty owed to POM.

POM's requests for records directed to Gmerek include communications between Downs Racing and Eckert and are protected by the attorney work product doctrine and potentially the attorney-client privilege. Initially, POM is required to articulate a legitimate or cognizable basis to overcome the work product doctrine. Particularly important is that POM seeks the privileged information and communications of <u>non-parties</u> to this action and has not yet deposed Mr. Gmerek.

The work product doctrine protects the mental impressions and process of an attorney on behalf of a client, regardless of whether the work was performed in anticipation of litigation. *Bousamra v. Excela Health*, 653 Pa. 365, 381 (Pa. 2019). The doctrine may not be pierced unless the work product is shared with an adversary, or otherwise disclosed so that an adversary or anticipated adversary will obtain it.

The work product doctrine plainly applies here because Downs Racing sought the professional services of Eckert for the purpose of securing legal advice. While not retained as an attorney for Downs Racing, Gmerek's involvement was indispensable for Downs Racings attorneys' ability to provide legal advice. *See Bousamra*, 653 Pa. at 396. There is no allegation that Gmerek shared information obtained from Downs Racing with its competitors, and thus, the communications are work product and are not discoverable.

The issue of subpoenaed non-party documents that seek work product or privileged communications is squarely before the Third Circuit. POM's subpoena to Gmerek, like its subpoena to Parx, implicates the same issue. If Gmerek is forced to comply with the subpoena before the Third Circuit renders its decision – and produce his work product for Downs Racing –

The Honorable Jennifer P. Wilson
July 19, 2024
Page 4 of 4

a favorable ruling by the Appellate Court would not cure the irreparable harm suffered by Downs Racing if the information is ordered to be produced now.

For the foregoing reasons, we respectfully request that compliance with the Gmerek subpoena be stayed pending the Third Circuit's decision on this important issue. Alternatively, we respectfully request leave to file a motion to quash, or a motion for a protective order, if the Court believes it is ripe for disposition.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

 *s/ Marc E. Wolin*

Marc E. Wolin, Esq.
Kevin C. Hayes, Esq.[3]

MEW/sd
Enclosure

CC:    Counsel (*Via ECF*)

---

[3] Mr. Hayes, who is out of town, will file a limited Notice of Appearance upon his return.

# EXHIBIT A

# HUSCH BLACKWELL

Michael P. Nolan
Partner

8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Direct: 314.480.1770
Fax: 314.480.1505
michael.nolan@huschblackwell.com

November 9, 2023

Richard Gmerek
Gmerek Government Relations, Inc.
212 Locust Street, No. 300
Harrisburg, PA 17101

> Re:    Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC, et al.
> Case No.:  1:20-cv-292-JPW

Dear Mr. Gmerek:

Enclosed please find a subpoena to produce documents on or before November 24, 2023 and a notice of deposition for December 6, 2023.  If December 6th deposition date does not work for you, please contact me to reschedule, or if you are represented by counsel, have your counsel contact me to reschedule.

Thank you.

Very truly yours,

HUSCH BLACKWELL LLP

*/s/ Michael P. Nolan*

Michael P. Nolan

Enclosures

cc:    Peter Buckley
Robert Tintner
Nathan Huddell

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                    )
                                       )
                    Plaintiff,         )        No. 1:20-cv-292-JPW
                                       )
        v.                             )        Judge Wilson
                                       )
ECKERT SEAMANS CHERIN &                )
MELLOTT, LLC, et al.,                  )
                                       )
                    Defendants.        )

## PLAINTIFF PACE-O-MATIC, INC.'S NOTICE OF VIDEOTAPED DEPOSITION OF RICHARD GMEREK

**TO**:   Peter Buckley, Esquire
        Abraham C. Reich, Esquire
        Robert S. Tintner, Esquire
        Fox Rothschild LLP
        2000 Market Street, 10th Floor
        Philadelphia, PA 19103-3291
        **Attorneys for Defendant**

**PLEASE TAKE NOTICE THAT** Plaintiff Pace-O-Matic, Inc. through its undersigned counsel will take the videotaped deposition of **Richard Gmerek,** pursuant to Rule 30 of the Federal Rules of Civil Procedure and Middle District of Pennsylvania Local Rule 30.2, before a notary public or some other officer authorized to administer oaths under law, on December 6, 2023, beginning at 9:00 a.m. EST at the Harrisburg Hilton, One North Second Street, Dauphin, Harrisburg, PA 17101-1601, (717) 233-6000, and continuing from day to day thereafter until completed. The examination will be recorded by stenographic and audiovisual means by Planet Depos, 1650 Market Street, Suite 3600, Philadelphia (888) 433-3767. Pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure, the deponent is directed to bring with him/her to the

1

HB: 4856-1697-8060.1

deposition any and all documents requested in Exhibit A attached hereto which have not already been produced as directed on November 24, 2023.

DATED:  November 9, 2023

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Michael P. Nolan*
Jeffrey B. Jensen*
Michael Nolan*
Michael Martinich-Sauter*
Bola Adeniran*
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-345-6464 (Telephone)
314-480-1505 (Facsimile)
Jeff.jensen@huschblackwell.com

* Appearing by special admission

George W. Westervelt, Jr.
Attorney ID No. 18195
706 Monroe Street, PO Box 549
Stroudsburg, Pennsylvania 18360
570-421-6100
geowwest@ptd.net

***Counsel for Plaintiff Pace-O-Matic, Inc.***

2

3

## **CERTIFICATE OF SERVICE**

I, Michael P. Nolan, hereby certify that a true and correct copy of the foregoing Notice of Videotaped Deposition was served upon the following counsel of record via electronic mail on this 9th day of November, 2023:

Peter Buckley, Esquire
Abraham C. Reich, Esquire
Robert S. Tintner, Esquire
Nathan Huddell, Esquire
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
**Attorneys for Defendant**

*/s/ Michael P. Nolan*

HB: 4856-1697-8060.1

# EXHIBIT A

## DEFINITIONS

"**Communication**" includes every expression, statement, or dissemination of any words, thoughts, statements, ideas, or information, regardless of form, format, medium, or kind. "Communication" includes but is not limited to oral and written communications of any kind, including telephone conversations, discussions, meetings, notes, letters, agreements, emails and other electronic communications, facsimiles, and all other forms of written or oral exchange that are recorded in any way, including video recordings, audio recordings, written notes, or otherwise. Any communication that falls within the definition of "document" shall constitute both a document and a communication for purposes of this Subpoena. To the extent that any item constitutes a "Communication" under this definition, all attachments to that item also constitute "Communications," regardless of whether those items would independently constitute "Communications."

"**Document**" encompasses and includes every item, material, file, expression, document, and other thing that would constitute a "document" as that term is used in Federal Rule of Civil Procedure 34. "Document" includes every item, whether in electronic or tangible form, upon which any expression or communication has been recorded by any means, including but not limited to electronic documents, files, databases, and records, including but not limited to emails, voicemails, text messages, calendar entries, instant messages, MMS messages, SMS messages, iMessages, computer files, spreadsheets, and metadata. The term "document" includes every draft of any other material that falls within the definition of "document."

"**Eckert**" means Eckert, Seamans, Cherin & Mellott, LLC.

A person is "**party to**" a Communication if the person is involved in any way in the Communication, including but not limited to any speaker, listener, writer, drafter, reader, sender, or recipient (whether directly, via "cc," via "bcc," or via forward or similar mechanism).

"**Parx**" means Greenwood Gaming Entertainment, Inc. d/b/a/ Parx Casino.

"**POM**" means Pace-O-Matic, Inc., as well as its affiliates and subsidiaries, including but not limited to those operating under the trade names "Pennsylvania Skill" and "Queen of Virginia."

"**PGCB**" means the Pennsylvania Gaming Control Board.

4

**REQUESTS**

1.      All Communications relating to games of skill, skill games, "gray market" gaming, purportedly illegal gaming, or purportedly unregulated gaming to which any of the following persons was a party:

        a.     Richard Gmerek
        b.     Any officer, employee, agent, or owner of Mohegan Sun.
        c.     Any officer, employee, agent, or owner of Parx including but not limited to Robert ("Bob") Green, Thomas Bonner, or Bryan Schroeder
        d.     Any attorney or other employee of Eckert, including but not limited to Mark Stewart and Kevin Skjoldal.
        e.     Pete Shelly
        f.     Ryan Skoczylas
        g.     Senator Robert ("Tommy") Tomlinson or any member of his staff
        h.     Adrian King
        i.     Any officer, employee, agent, Director or Board Member of the PGCB
        j.     Any officer, employee, agent, or attorney for the Pennsylvania State Police
        k.     Any Pennsylvania, Legislator or their staff
        l.     Any Pennsylvania Governor or the staff of the Governor
        m.    Any District Attorney in the Commonwealth or their staff

2.      All Communications with any person relating to POM, "Pennsylvania Skill," "PA Skill," or "Queen of Virginia."

3.      All Communications relating to a change in PGCB policy/agency position after November 2019 relating in any way to POM, "Pennsylvania Skill," "PA Skill," "Queen of Virginia," games of skill, skill games, "gray market" gaming, purportedly illegal gaming, or purportedly unregulated gaming.

4.      Documents relating to your work for Parx Casino or any other casino having to do with skill games, including but not limited to any contracts between you and the casino, your billing statements or invoices, income, communications, and case file or work product.

5.      Documents reflecting all meetings, telephone calls, and videoconferences relating to POM, "Pennsylvania Skill," "PA Skill," "Queen of Virginia," games of skill, skill games, "gray market" gaming, purportedly illegal gaming, or purportedly unregulated gaming that were attended by any of the following or to which any of the following were invited:

        a.     Mark Stewart
        b.     Kevin Skjoldal
        c.     David (a/k/a Neil) Hittinger
        d.     Kristine Marsilio;
        e.     Any other employee, officer, or owner of Eckert
        f.     Robert ("Bob") Green

5

HB: 4856-1697-8060.1

g.    Thomas Bonner
h.    Bryan Schroeder
j.    Any other employee, officer, or agent of Parx
k.    Any employee, officer, Director, or Board Member of the Pennsylvania Gaming Control Board, including but not limited to Kevin O'Toole, Doug Sherman, Stephen Cook, David Barasch, Cyrus Pitre, and Dan Stambaugh
l.    Pete Shelly
m.    Ryan Skoczylas
n.    Adrian King
o.    Any officer, employee, agent, or attorney for the Pennsylvania State Police
p.    Any Pennsylvania, Legislator or their staff
q.    Any Pennsylvania Governor or the staff of the Governor
r.    Any District Attorney in the Commonwealth or their staff
s.    Richard Gmerek

6.    All Documents relating to any actual or contemplated meeting on January 17, 2020 you had with anyone at the PGCB, including but not limited to an invitation list, topics to be discussed, and any documents referencing the meeting.

7.    All Documents relating any analysis or study of the impact of skill games on regulated gaming within the Commonwealth of Pennsylvania.

8.    All Documents referencing any actual, contemplated, or potential meeting between you and any employee, agent, Director, or Board Member of the PGCB and in March or April 2021.

9.    All Documents relating to any grants requested by or awarded to the Pennsylvania State Police, Bureau of Liquor Control Enforcement, or Bureau of Gaming Enforcement to target skill games, "gray market" gaming, purportedly illegal gaming, or purportedly unregulated gaming.

10.    All Documents relating to any grant application submitted by the Monroe County District Attorney's Office.

11.    All Documents and Communications relating to any decision to award any grant to the Monroe County District Attorney's Office.

13.    All Communications (including all voicemails) to which John Ward was a party, including but not limited to emails involving the email address ridgewoodpdchief@gmail.com.

14.    All Communications to which Andrew Throckmorton was a party.

15.    All Documents and Communications relating to any application for local law enforcement grant money in which skill games is mentioned.

6

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania ▾

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:20-CV-292-JPW |
| | ) | |
| ECKERT SEAMANS CHERIN & MELLOTT, LLC, et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                    Richard Gmerek

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Harrisburg, Hilton, One North Second Street, Dauphin, Harrisburg, PA 17101-1601 | Date and Time: 12/06/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:    Court Reporter - Video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A. Documents are to be produced on or before November 24, 2023.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/09/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Michael P. Nolan |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff, Pace-O-Matic                                      , who issues or requests this subpoena, are:

Husch Blackwell LLP

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-CV-292-JPW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____        on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).