EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & MELLOTT, | : | |
| LLC, MARK S. STEWART | : | |
| and KEVIN M. SKJOLDAL, | : | (Judge Jennifer P. Wilson) |
| | : | |
| Defendants. | : | |

**ECKERT SEAMANS CHERIN & MELLOTT, LLC'S
SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PACE-O-MATIC, INC.'S THIRD SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Eckert Seamans Cherin & Mellott, LLC ("Eckert"), by and through its attorneys, Fox Rothschild LLP, hereby supplements its objections and responses to Plaintiff Pace-O-Matic, Inc.'s Third Set of Interrogatories Propounded to Defendant Eckert Seamans Cherin & Mellott, LLC (the "Interrogatories"), specifically Interrogatories 3 and 4. Pursuant to the Stipulated Confidentiality Agreement and Protective Order issued by Judge Wilson on February 18, 2022 (ECF No. 196), Eckert hereby designates as "Confidential" all portions of its responses to the Interrogatories.

**DEFENDANT'S SUPPLEMENTAL
OBJECTIONS AND ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 3**:

Describe all work done by Defendant Eckert related to skill games, the nature of work, and identify the client, if any, for whom that work was performed and by client, please provide the total hours spent on this work, revenues received for the work, and the time frame and the attorneys who performed the work.

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3</u>**

Eckert objects to this Interrogatory because it is overbroad, imposes an unreasonable burden on Eckert, and seeks disclosure of information that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the information in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, including insofar: (a) as it demands that Eckert "[d]escribe all work done by Defendant Eckert related to skill games," without regard to whether all such "work" relates to so-called "skill games" developed, produced, or licensed by Plaintiff Pace-O-Matic, Inc. ("POM") or to so-called "skill games" developed, produced, or licensed by one or more non-parties; (b) as it demands that Eckert "[d]escribe all work done by Defendant Eckert related to skill games" regardless of when such "work [was] done;" and (c) as it demands that Eckert provide granular information about "all work done by Defendant Eckert related to skill games" regardless of the relevance or significance of each instance or aspect of such work.

Eckert further objects to this Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, or any other privilege, doctrine, exemption, immunity, or other protection from disclosure. By providing the non-privileged information below, Eckert expressly reserves and does not waive any applicable privilege.

Subject to and without waiver of the foregoing objections, Eckert responds as follows:

Eckert performed legal services relating to so-called "skill games" on behalf of Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino and Mohegan Tribal Gaming Authority.

The Eckert personnel who participated in the performance of those services, the number of hours worked, and the fees charged are identified on Eckert's invoices produced in discovery and the burden of compiling that information from a review of the invoices would be substantially the same for Eckert as it would be for POM.  See ECKERT020404 - ECKERT021259.

The nature of Eckert's work was as follows: (a) analyzing, researching, and drafting proposed legislation (including amendments) relating to the regulation of skill games and/or video game terminals, drafting communications and communicating regarding the same, and advising clients about same; (b) analyzing and researching existing gaming, criminal, and other law and its application to skill games and advising clients about same; (c) communicating with clients' agents to coordinate and support provision to client(s) of legal services relating to skill games; (d) monitoring news coverage, regulatory developments, and law enforcement and other legal proceedings concerning skill games and advising clients regarding legal implications of same; (e) outreach on behalf of client(s) to regulators, elected officials, government employees and law enforcement personnel relating to skill game oversight and regulation; (f) strategizing and advising clients regarding potential and actual litigation relating to skill games; (g) reviewing, analyzing, and strategizing with client(s) and client(s)' agents regarding Pennsylvania legal proceedings involving POM or business entities hosting skill games; and (h) drafting, reviewing and analyzing correspondence and court documents in connection with Pennsylvania legal proceedings involving POM or business entities hosting skill games.  Further information and details about the nature of Eckert's work is contained in Eckert's document production and the burden of compiling that information from a review of the documents would be substantially the same for Eckert as it would be for POM.  See ECKERT00001 - ECKERT021259.

**INTERROGATORY NO. 4**:

Describe all work performed by Defendant Eckert that was adverse to Plaintiff or any related entity, the nature of work, and identify the client, if any, for whom that work was performed and by client, please provide the total hours spent on this work, revenues received for the work, and the time frame and the attorneys who performed the work.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Eckert objects to this Interrogatory because it is vague, ambiguous, overbroad, imposes an unreasonable burden on Eckert, and seeks disclosure of information that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the information in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, including insofar: (a) as it demands that Eckert "[d]escribe all work done by Defendant Eckert that was adverse to Plaintiff or any related entity," without defining the unworkably vague and ambiguous term "any related entity;" (b) as it demands that Eckert "[d]escribe all work done by Defendant Eckert that was adverse to Plaintiff or any related entity" regardless of when such "work [was] done;" and (c) as it demands that Eckert provide granular information about "all work done by Defendant Eckert that was adverse to Plaintiff or any related entity" regardless of the relevance or significance of each instance or aspect of such work.

Eckert further objects to this Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, or any other privilege, doctrine, exemption, immunity, or other protection from disclosure. By providing the non-privileged information below, Eckert expressly reserves and does not waive any applicable privilege.

Subject to and without waiver of the foregoing objections, Eckert incorporates its response to Interrogatory no. 3 above; provided, however, that whether any specific work "was adverse to Plaintiff" can only be assessed in the context of that particular item of work and its surrounding events and circumstances.  Eckert specifically states that work related to the legalization of video gaming terminals was not adverse to Plaintiff.

_____
ROBERT S. TINTNER, ESQUIRE (No. 73865)
PETER C. BUCKLEY, ESQUIRE (No. 92313)
NATHAN HUDDELL, ESQUIRE (No. 321472)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com
pbuckley@foxrothschild.com
nhuddell@foxrothschild.com

*Counsel for Defendants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin M. Skjoldal*

Date:  July 10, 2024

**VERIFICATION OF ECKERT SEAMANS CHERIN &
MELLOTT, LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO PACE-O-MATIC, INC.'S THIRD SET OF INTERROGATORIES**

I, Mark Stewart, declare as follows:

I am a former member of Eckert Seamans Cherin & Mellott, LLC ("Eckert") and am authorized to sign Eckert Seamans Cherin & Mellott, LLC's Second Supplemental Objections and Responses to Pace-O-Matic, Inc.'s Third Set of Interrogatories (the "Responses") on behalf of Eckert. I have read the Responses, and I am familiar with the contents thereof. Speaking only as of the date of signing, the Responses are true and correct to the best of my knowledge, information and belief, subject to the objections set forth therein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 10th, 2024

Mark Stewart

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| PACE-O-MATIC, INC., | : |
| | : |
| Plaintiff, | : |
| v. | :    Docket No. 1:20-cv-00292 |
| | : |
| ECKERT SEAMANS CHERIN & MELLOTT, | : |
| LLC, MARK S. STEWART | : |
| and KEVIN M. SKJOLDAL, | :    (Judge Jennifer P. Wilson) |
| | : |
| Defendants. | : |
| | : |

---

## **CERTIFICATE OF SERVICE**

I, Robert S. Tintner, Esquire, hereby certify that, on this 10th day of July, 2024, I served a

true and correct copy of the foregoing document upon the following:

Jeff Jensen
Michael P. Nolan
Omobolanle A. Adeniran
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
Clayton, Missouri 63105
jeff.jensen@huschblackwell.com
michael.nolan@huschblackwell.com
bola.adeniran@huschblackwell.com

Michael Martinich-Sauter
James Otis Law Group LLC
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO 63017
michael.martinich-sauter@james-otis.com

*Counsel for Plaintiff Pace-O-Matic, Inc.*

George W. Westervelt, Jr., Esquire
706 Monroe Street
P.O. Box 549
Stroudsburg, PA  18360-0549
geowwest@ptd.net

*Counsel for Plaintiff Pace-O-Matic, Inc.*

*Counsel for Plaintiff Pace-O-Matic, Inc.*

---

ROBERT S. TINTNER, ESQUIRE