**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS CHERIN & | : | |
| MELLOTT, LLC, | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

**ORDER**

**AND NOW**, on this 26th day of July 2024, upon consideration of the discovery dispute raised by Downs Racing LP ("Downs Racing") and responded to by Plaintiff Pace-O-Matic, Inc. ("POM"), for the reasons provided below, the court will deny the requests of Downs Racing.  (Docs. 404, 411.)  POM subpoenaed Richard Gmerek ("Gmerek") for document production and to sit for a deposition related to his work for Downs Racing.  (Doc. 404.)  Though an attorney, Gmerek was "not retained as an attorney for Downs Racing."  (*Id.* at 3.)[1]  Rather, he worked for Downs Racing as a lobbyist.  Downs Racing asserts that Gmerek's involvement as a lobbyist "was indispensable for Downs Racing attorneys' ability to provide legal advice."  (*Id.*)  Therefore, it argues that the communications which

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

POM seeks are not relevant, mostly protected by work product doctrine, and potentially protected by attorney-client privilege. (*Id.* at 1.)

For these reasons, Downs Racing requests that the court stay the production of documents which POM seeks pending resolution of the appeal now before the United States Court of Appeals for the Third Circuit, which was brought by third-party Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx").[2] (*Id.*) In the alternative, Downs Racing requests an opportunity to file a motion to quash POM's subpoena or file a motion for a protective order. (*Id.*)

First, the court will address Downs Racing's request for stay. Downs Racing has not even attempted to provide a legal basis for such a stay. Therefore, the court will deny this request for this reason, among others.

Next, Downs Racing asserts that "most of the requested information is protected by the attorney work product doctrine." (*Id.*) But Downs Racing incorrectly relies on Pennsylvania work product doctrine, which may apply "regardless of whether the work was performed in anticipation of litigation." (*Id.* at 3 (citing *Bousamra v. Excela Health*, 210 A.3d 967, 976 (Pa. 2019)).) Downs Racing fails to apprehend that, unlike in *Bousamra* in which Pennsylvania work product doctrine applied, federal work product doctrine applies in this case. And

---

[2] Downs Racing either is unaware of or else ignores the fact that Parx' appeal relates to attorney-client privilege rather than work product doctrine.

2

the federal doctrine "protects from discovery materials prepared or collected by an attorney 'in the court of preparation for possible litigation.'"  *In re Grand Jury Subpoena*, 745 F.3d 681, 693 (3d Cir. 2014); *Faloney v. Wachovia Bank, N.A.*, 254 F.R.D. 204, 214 (E.D. Pa. 2008) ("The doctrine does not protect documents prepared 'in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes.'").

Downs Racing does not show, or even allege, that any documents were prepared for litigation.  Rather, it argues that Gmerek's involvement was indispensable for Downs Racing' attorneys to provide legal advice—on that basis, Downs Racing argues that work product doctrine applies.  (Doc. 404, p. 3 (citing *Bousamra*, 210 A.3d at 985).  But the portion of *Bousamra* which Downs Racing cites does not relate to work product doctrine.  Rather, it deals with attorney-client privilege.  And, as noted above, Downs Racing does not explicitly assert that any document at issue is protected by attorney-client privilege.  It merely suggests a possibility of such privilege.

Because Downs Racing has not alleged sufficient facts to suggest that the documents at issue are protected, it has no apparent good faith basis to move to quash the subpoena or for protective order.  Rather, the letter filed by Downs Racing would seem to be a delay tactic.  For these reasons, the court will deny the

request by Downs Racing for leave to file a motion to quash or seek a protective order.

Accordingly, **IT IS ORDERED THAT** the requests presented by Downs Racing in its July 19, 2024, letter are **DENIED,** and the objections contained therein are **OVERRULED**.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania