

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

August 6, 2024

Nicole J. Boland, Esquire
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA 17110
Phone (717) 678-9654
nboland@pa.gov

The Honorable Jennifer P. Wilson
United States Judge
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N. 6th Street
Harrisburg, Pennsylvania 17102
***Via Electronic Filing***

**Re: *Pace-O-Matic, Inc. v. Eckert Seamans
Cherin & Mellott, LLC*, 1:20-cv-292**

Dear Honorable Judge Wilson,

PSP would like to briefly take the opportunity to respond to Pace-O-Matic, Inc.'s July 22, 2024 letter regarding PSP's need for a protective order.

In its letter, Pace-O-Matic, Inc. (POM) fails to acknowledge the filing in Commonwealth Court regarding the discovery in this case—the catalyst of PSP's request for relief. This is unsurprising because there is no good explanation for its untrue representation in that filing—that PSP has "refused" to comply with discovery in this matter—particularly, when POM never bothered to bring the subpoenas to this Honorable Court's attention and PSP has exceeded its obligations in producing thousands of pages of documents. Further, PSP has never refused to adduce testimony—rather, it has asked for reasonable parameters.

In its July 22, 2024, letter, for the first time, POM has intimated that is not seeking any more documents (which appears contrary to the position in the Commonwealth Court filing). Rather, POM desires to proceed with an unfettered

1



COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

deposition exploring its twenty-five topics, which are premised on the theories at-issue in state court. This should not be permitted, and reasonable parameters should be put in-place should the deposition proceed, as PSP has requested from POM for over a year.

The parameters should be tied to POM's express proffers. In its letter, POM relayed its theory indirectly connecting PSP to this lawsuit against Eckert, Seamans, Cherin & Mellott, LLC ("Eckert Seamans"). POM admits that there is no conspiracy between PSP and Eckert Seamans—but, instead, argues that PSP has been "manipulated" by intermediaries at the behest of Eckert Seamans. As an initial measure of protective relief, POM should be required to lay a foundation and depose and obtain information from those who were allegedly "manipulating" PSP before embarking on a fishing expedition of PSP's documents regarding how it was purportedly "manipulated." This form of protective relief makes particular sense in light of POM (by and through POM of Pennsylvania LLC) using discovery for an improper purpose to advance state court litigation by making a false representation in Commonwealth Court regarding PSP.[1] This will ensure that there is foundation for the testimony and discovery and will cabin topics or cases at-issue.

As an alternative or additional measure of protective relief, POM should be limited to its proffers in any deposition and precluded from delving into cases or files that have not been produced as part of the document production. POM should not be permitted to pursue discovery for the state court litigation in this context, to the burden of PSP.[2]

---

[1] This Honorable Court should also consider the protective relief of quashing the subpoena for testimony. Despite its claims that the information is crucial, POM has not acted on the subpoena for over a year. Moreover, there is no indication that POM has attempted to obtain this information in a less burdensome manner. Finally, the subpoenas have been used for an improper purpose against PSP.

[2] POM of Pennsylvania, LLC also filed a second lawsuit against PSP and former PSP officials in Commonwealth Court, docketed at 222 MD 2022, for reputational damages, which has also been stayed pending the PA Supreme Court's



COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

Finally, PSP refutes for the record POM's representations regarding the legal landscape in state court.  In his July 22, 2024 letter, counsel spends pages attempting to demonstrate that Eckert Seamans manipulated PSP to "target" POM and its devices, at the exclusion of all other so-called "skill game" manufacturers. This distorts the facts and law.

To be sure, the Pennsylvania Supreme Court is currently reviewing whether POM's devices constitute unlawful gambling devices or slot machines under the Pennsylvania Crimes Code (Title 18) and whether they constitute slot machines under the Pennsylvania Gaming Act (Title 4). Further, while POM argues that PSP has "targeted" POM because of its seizures of POM's devices, compared to the number of POM devices seized, PSP's Bureau of Liquor Control Enforcement ("BLCE") seized approximately four times as many so-called "skill games" made by Banilla Games, and almost twice as many "skill games" made by Jenka Labs, over the last four (4) years.  *See* PSP Commonwealth Court Answer, (Exhibit "A"). Moreover, PSP operates according to the law and it statutory mandates, and is motivated by public protection, including responding to consumer complaints and calls regarding criminal activities.

In sum, POM's silence regarding the Commonwealth Court filing speaks volumes. Discovery was used for an improper purpose in this case. Indeed, the Commonwealth Court, today, denied POM's request for relief indicating that the discovery dispute is appropriately resolved by this Honorable Court. *See* August 6, 2024 Order (Exhibit "B"). Further, despite PSP's efforts to set reasonable parameters on a corporate designee deposition—POM refuses to agree. Thus, PSP requests protective relief from this Court in the form of: 1) quashing the subpoena for corporate designee testimony; 2) alternatively, requiring that POM seek the desired information elsewhere first, and; 3) that the topics be reasonably limited in scope.

---

review of whether POM's devices should be considered gambling devices under section 5513 of the Crimes Code [18 Pa. C.S. § 5513].  PSP believes that POM of Pennsylvania LLC's filing in 503 MD 2018 regarding the discovery in the instant matter is intended to bolster its claim in 222 MD 2022, which, again, is stayed pending the PA Supreme Court's review.



COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

Thank you very much for your time and attention.

Very Truly Yours,

*s/ Nicole J. Boland*

Nicole J. Boland
Assistant Counsel
Pennsylvania State Police

cc: Counsel of record