### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS CHERIN & | : | |
| MELLOTT, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### **ORDER**

**AND NOW**, on this 7th day of August, 2024, upon consideration of the

discovery dispute raised by the Pennsylvania State Police ("PSP") and addressed

by Plaintiff Pace-O-Matic, Inc. ("POM"), Docs. 400, 408, & 416, for the reasons

provided below, the court will permit PSP to file a motion for protective order

pursuant to Federal Rule of Civil Procedure 26(c) and/or to quash pursuant to

Federal Rule of Civil Procedure 45(d)(3) regarding the subpoena at issue, Doc.

400-2.

POM issued a document subpoena to PSP in November 2022.  (Doc. 400-1.)

PSP produced over 6,000 pages of documents to POM in response to the document

subpoena.  (Doc. 400, p. 2.)[1]  In response to POM's July 11, 2024 letter, POM has

stated that it is "not currently requesting further documents from PSP."  (Doc. 408,

p. 5 (emphasis in original.))  Based on a review of the discovery letters, the court

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

finds that there is no dispute regarding the discovery sought from PSP by POM in the November 2022 document subpoena, Doc. 400-1.  As a result, PSP is not given leave to file any motion regarding the document subpoena at this time.

POM also issued a deposition subpoena for PSP's corporate designee in April 2023, along with an exhibit that identifies 25 topics for examination.  (Doc 400-2.)  Although counsel for POM and PSP have engaged in discussions regarding this deposition, their letters detail substantial disagreement as to whether the deposition should proceed and, if so, the appropriate scope of topics for examination.  (*See* Docs. 400, 408, 416.)  PSP requests leave of the court to file a motion seeking to: 1) quash the subpoena for corporate designee testimony; 2) require POM to seek the desired information elsewhere first; or 3) limit the scope of the topics identified in the exhibit to the subpoena.  (Doc. 416, p. 3.)  The court will benefit from a full briefing on this matter.

Accordingly, **IT IS ORDERED THAT** the request made by PSP to file a motion for protective order and/or to quash the corporate designee subpoena is **GRANTED,** and the motion shall be filed by **September 9, 2024**.  This motion shall be briefed according to the usual briefing requirements and deadlines in this court's Local Rules.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

2