**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PACE-O-MATIC, INC.,** | **:** | |
| **Plaintiff :** | | **No.  1:20-CV-292** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **ECKERT SEAMANS CHERIN &** | **:** | **Electronically filed document** |
| **MELLOT, LLC, et al.** | **:** | |
| | **:** | |
| **Defendant :** | | |

**PENNSYLVANIA STATE POLICE'S MOTION TO QUASH
CORPORATE DESIGNEE SUBPOENA AND/OR
FOR A PROTECTIVE ORDER**

The Pennsylvania State Police (PSP), by and through its undersigned counsel, hereby sets files this Motion to Quash Corporate Designee Subpoena and/or For a Protective Order, as follows.

1. Plaintiff Pace-O-Matic, Inc. (POM) served a document subpoena to PSP in November 2022, setting forth thirteen requests for documents, to which PSP responded with over six-thousand pages of documents.

2. POM subsequently issued a subpoena for corporate designee testimony in May 2023 (attached, with PSP's objections, as Exhibit "A") that directs PSP to designate a corporate representative to testify as to twenty-five (25) separate topics.

3. PSP objected to the subpoena on grounds including: "because it is being used as a vehicle to obtain discovery for pending matters filed by POM against PSP

1

in Commonwealth Court that is irrelevant to the above-captioned matter and beyond the scope of discovery," because the subpoena requests information and testimony protected by a May 25, 2023 Protective Order entered by the Commonwealth Court in the POM litigation, and because "it seeks information protected by the attorney-client and work product privileges," "mental impressions, conclusions, opinions, and legal theories of PSP's attorneys," and "confidential and/or sensitive law enforcement information and strategies." *See* Exhibit B.

4.    PSP further contested the subpoena because it does not describe with reasonable particularity the matters for examination and because it is overly broad, burdensome, and disproportionate to the needs of the above-captioned litigation. *See* Exhibit A.

5.    PSP repeatedly articulated its concerns to POM that, among other things, the subpoena for testimony was being used for an improper purpose to advance the state court litigation and end-run the Commonwealth Court Protective Order.

6.    PSP requested reasonable parameters, citing POM's obligation under Federal Rule of Civil Procedure 45(d)(1) to make efforts to avoid imposing an undue burden on the subject of the subpoena, to no avail.

7.    PSP's concern that the subpoena was being used for an improper purpose was confirmed when POM filed an Application for Relief in

Commonwealth Court, using the subpoena as a vehicle to seek relief from the Commonwealth Court Protective Order, and to cast PSP in a negative light (in a case where PSP is a party) indicating that PSP has "refused to comply" with the subpoena, without ever bringing the subpoena to this Court's attention.

8.      POM's subpoena "must" be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3)(A) because it requires the disclosure of privileged and protected matters and because it imposes an undue burden.

9.      FRCP 45(d)(3)(B) also allows for the quashing or modifying a subpoena that seeks confidential research and an unretained expert's opinion, and FRCP 45(d)(3)(C) allows for specifying conditions as an alternative.

10.      The documents that were produced to POM evidence no direct connection between PSP and the Defendant in this matter.

11.      The twenty-five items in the corporate designee notice are largely premised on the theories at-issue in state court.

12.      POM admits that there is no conspiracy between PSP and Eckert, Seamans, Cherin & Mellott, LLC ("Eckert Seamans")—but, instead, argues that PSP has been "manipulated" by intermediaries. *See* doc. 408.

13.      While the subpoena should be quashed, as a secondary request, POM should be required to lay a foundation and depose and obtain information from those

who were allegedly "manipulating" PSP before embarking on a fishing expedition of PSP's documents regarding how it was purportedly "manipulated."

14.     Further, POM should be limited to its proffers and precluded from delving into cases or files that have not been produced as part of the document production.

15.     POM should not be permitted to pursue discovery for the state court litigation in this context, to the burden of PSP.

16.     PSP is also and/or alternatively entitled to protective relief pursuant to FRCP 26(C) because the subpoena will cause, and has caused, annoyance, oppression, harassment, and undue burden and expense and is disproportionate to the needs of the case.

17.     The information that POM seeks is not relevant or likely to lead to discoverable information.

18.     PSP has attempted to confer with POM in good faith.

19.     For the foregoing reasons, PSP requests that this Honorable Court: 1) quash the subpoena for corporate designee testimony; 2) require POM to seek the desired information elsewhere first; or 3) limit the scope of the topics identified in the exhibit to the subpoena.

20.     PSP will file a brief within the time allotted under the Local Rules.

WHEREFORE, PSP respectfully requests that this Honorable Court grant this Motion and quash the subpoena and/or alternatively modify the subpoena and/or enter any other protective relief this Honorable Court deems appropriate.

**Respectfully submitted,**

**By:** *s/ Nicole J. Boland*
**NICOLE J. BOLAND**

**Pennsylvania State Police**          **Assistant Counsel**
**1800 Elmerton Ave.**                 **Attorney ID 31406**
**Harrisburg, PA 17110**
**Phone: (717) 787-0338**              **BRENDAN J. O'MALLEY**
                                        **Chief Counsel**
**nboland@pa.gov**

**Date:  September 9, 2024**            *Counsel for Pennsylvania State Police*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PACE-O-MATIC, INC.,** | **:** | |
| **Plaintiff** | **:** | **No.  1:20-CV-292** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **ECKERT SEAMANS CHERIN &** | **:** | |
| **MELLOT, LLC, et al.** | **:** | |
| | **:** | |
| **Defendant** | **:** | |

## CERTIFICATE OF SERVICE

I, Nicole J. Boland, Assistant Counsel for the Pennsylvania State Police,

hereby certify that on September 9, 2024, I caused to be served a true and correct

copy of the foregoing document to the following:

## VIA ELECTRONIC FILING

**Jeffrey Jensen**
**Husch Blackwell**
**8001 Forsyth Blvd**
**Suite 1500**
**St. Louis, MO 63105**
**314-480-1500**
**jeff.jensen@huschblackwell.com**
*Attorney for POM*

**Abraham C Reich**
**Fox Rothschild LLP**
**2000 Market St.**
**10th Floor**
**Philadelphia, PA 19103**
**215-299-2090**

**Email: areich@foxrothschild.com**
*Attorney for Eckert Seamans*

*s/ Nicole J. Boland*
**NICOLE J. BOLAND**