## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT,SEAMANS, CHERIN & | : | |
| MELLOTT, LLC, et al., | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **ORDER**

Before the court is a discovery dispute concerning whether a document produced to Plaintiff by a non-party was properly designated as confidential under the Stipulated Confidentiality Agreement and Protective Order.  (Doc. 196.)  The court has reviewed the letters submitted respectively by Plaintiff Pace-O-Matic, Inc. ("POM") dated August 30, 2024, Doc. 423, non-party Richard Gmerek ("Gmerek") dated September 5, 2024, Doc. 427, and non-party Greenwood Gaming & Entertainment, Inc. (d/b/a Parx Casino) ("Parx") dated September 6, 2024, Doc. 429, concerning their respective positions on the confidentiality designation.  The document at issue is Exhibit 1 to POM's August 30, 2024 letter.  (Doc. 423-1.)  Having reviewed these submissions, the court will grant leave for the non-parties to submit further letters in support of their position that Exhibit 1 to

1

POM's August 30, 2024 letter should be designated confidential and will provide POM the opportunity to respond to the additional submissions.[1]

The court has previously ruled on a dispute in this matter over a confidentiality designation under the protective order. (Doc. 328.) As previously noted, the protective order permits a producing party to designate documents as confidential. (Doc. 196, p. 4.)[2] But, paragraph 14 of the protective order provides that a receiving party may move for the court to determine the designation status of the documents in the event of disagreement. (*Id.* at 10–11.)

The court's order on that previous dispute made clear the analytical framework for resolving these disputes. (Doc. 328, at pp. 3–5.) Generally, when a dispute arises after the issuance of a protective order, "the party seeking to maintain the seal" of confidentiality has "the burden of proof with respect to those documents" at issue. *Id*. at 4 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 n.17 (3rd Cir. 1994).) As the court explained specifically to this case, even though paragraph 2(b) of the protective order places the burden on a receiving party to show that disputed materials do not warrant the designation of "confidential," the Third Circuit's *Pansy* and *Glenmede* opinions require,

---

[1] The court writes this order for the benefit of the parties as well as Gmerek and Parx and thus omits an overview of the factual and procedural history of the case, given their awareness of this case's history.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

notwithstanding the protective order's terms, the burden to show good cause to remain with the party seeking to maintain the seal of confidentiality *See id.* at 4 n.4 (citing *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 481 n.8 (3rd Cir. 1995); *Oliveri v. U.S. Food Serv.*, 3:09-cv-0921, 2011 WL 13350508, at \*2 (M.D. Pa. Jan. 13, 2011); *Chinniah v. E. Pennsboro Twp.*, 08-cv-1330, 2010 WL 11489088, at \*2 (M.D. Pa. Nov. 18, 2010).)

It is clear in reviewing Gmerek's and Parx's letters that they were unaware of this court's prior order.[3]  Given their status as non-parties and their understandable unawareness of the court's prior order on the voluminous docket in this case, the court finds it is appropriate to grant leave for Gmerek and Parx, as the parties seeking to maintain the seal of confidentiality with respect to Exhibit 1, to file further letters explaining why maintaining confidentiality of the document at issue is appropriate under the *Pansy* standard.

For the reasons provided above, **IT IS ORDERED AS FOLLOWS**:

1. Gmerek and Parx are each granted leave to file letters limited to three single-spaced pages by September 26, 2024, explaining why Exhibit 1 to POM's August 30, 2024 letter, Doc. 423-1, should be designated confidential under *Pansy*.

---

[3] For its part, POM did the bare minimum to bring this prior order to the non-parties' attention, providing nothing more than a "see also" cite to the docket number with no explanation.  As the party initiating this discovery dispute, POM should have advised the non-parties of this court's prior ruling in this case that would govern this discovery dispute with greater specificity.  POM's failure to direct the non-parties to this prior order has prolonged the resolution of this dispute.

2.  POM shall file a reply letter limited to three single-spaced pages by October 1, 2024.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 19, 2024