# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

*Phone:*     *(215) 569-5447*

*Fax:*       *(215) 832-5447*

*Email:*     *william.cruse@blankrome.com*

September 25, 2024

**VIA ECF**

The Honorable Jennifer P. Wilson
United States District Court for the
Middle District of Pennsylvania
Sylvia H. Rambo U. S. Courthouse
1501 North 6th Street
Harrisburg, PA 17102

> Re:   **Richard Gmerek's Response to Plaintiff's September 16, 2024 Letter:** *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC, et al.*, **No. 1:20-cv-292**

Dear Judge Wilson:

This firm represents Richard Gmerek in response to a third-party subpoena for documents and testimony issued by Plaintiff Pace-O-Matic, Inc. ("POM") in the above-referenced matter. We write in response to POM's letter dated September 16, 2024 requesting that the Court: (1) overrule objections on the basis of attorney-client privilege raised by the undersigned, counsel for Greenwood Gaming and Entertainment, Inc. ("Parx"), and counsel for Eckert Seamans Cherin & Mellot, LLC ("Eckert") during Mr. Gmerek's deposition; and (2) compel Mr. Gmerek to sit for a second deposition.

Mr. Gmerek respectfully requests that the Court deny POM's requested relief. First, counsel's instructions and objections were proper—even necessary—under the Federal Rules of Civil Procedure to prevent a waiver of the attorney-client privilege held by Parx. Moreover, contrary to POM's mischaracterizations, counsel directed Mr. Gmerek to answer POM's question to the fullest extent possible (without invading the attorney-client privilege), which Mr. Gmerek in fact did on most occasions cited in POM's letter. Second, POM's failure to exhaust lines of questioning on non-privileged matters during Mr. Gmerek's deposition does not warrant a second deposition. POM had its chance to depose Mr. Gmerek and obtain all non-privileged information to which it is entitled, as well as to ask foundational questions to test any assertion of privilege. It failed to do so, and the Court should not allow POM a second bite of the apple.

BLANKROME

Judge Wilson
September 25, 2024
Page 2

**I.     The Court Should Deny POM's Request to Overrule Counsel's Objections and <u>Cautionary Instructions.</u>**

POM seeks to overrule nearly all of the privilege objections and cautionary instructions raised by counsel for Mr. Gmerek, Parx, and Eckert. POM asserts that these objections are "overbroad and unsupported" to the extent they apply to apply to "all communications involving counsel." *See* POM Letter at 2. For the reasons stated below, counsel's objections and instructions were proper and the Court should deny POM's request.

**A.     The Federal Rules of Civil Procedure Require Counsel to Raise Objections on the Record to Prevent Waiver of the Attorney-Client Privilege**

Counsel's various objections and limiting instructions were necessary and proper under Rule 30 in order to deter POM's attempts to invade the attorney-client privilege held by Parx. Rule 30(c)(2) requires that "[a]n objection at the time of the examination . . . must be noted on the record." Moreover, where a deposition question implicates matters covered by the attorney-client privilege, the Rule permits counsel to "instruct a deponent not to answer only when necessary to preserve a privilege." Fed. R. Civ. P 30(c)(2).

Accordingly, privilege objections and instructions not to answer are proper where the questions "seek to elicit answers about a particular subject for which counsel was consulted and/or legal advice was given." *Jorjani v. New Jersey Inst. of Tech.*, No. CV 18-11693 (WJM), 2023 WL 2986694, at *5 (D.N.J. Apr. 18, 2023), *aff'd,* No. 2:18-CV-11693, 2023 WL 7895856 (D.N.J. Nov. 14, 2023). What's more, "Rule 30 . . . recognizes the *necessity* of instructing a witness not to answer when privilege is at stake. . . . That is true even where the witness is not counsel's client." *Shaffer v. Pennsbury Sch. Dist.*, 525 F. Supp. 3d 573, 580-81 (E.D. Pa. 2021) (emphasis added). Absent an objection, counsel risks a waiver of the privilege at the expense of his or her client. *See id*. at 581 (finding that counsel's failure to object and/or instruct witness not to answer questions during deposition waived the attorney-client privilege over witness's responses); *see also* Fed. R. Evid. 502(b)(2) (privilege holder must take "reasonable steps to prevent disclosure").

**B.     Counsel's Objections and Instructions Were Proper Because POM's Questioning Sought to Invade the Attorney-Client Privilege Held by Parx.**

POM's contention that counsel's objections and instructions on the basis of attorney-client privilege were improper because Mr. Gmerek is a lobbyist is without merit. It is well-established that "privilege[d] persons for purposes of the attorney-client privilege include not only the lawyer and the client, but also *agents of either who facilitate communications between them.*" *Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc.*, 255 F. Supp. 3d 561, 572–73 (M.D. Pa. 2017) (emphasis added; internal quotations omitted); *see also SmithKline Beecham Corp. v. Apotex Corp.*, 232

BLANKROME

Judge Wilson
September 25, 2024
Page 3

F.R.D. 467, 476–77 (E.D. Pa. 2005) ("Presence of a third-party…does not destroy the attorney-client privilege where that party is the client's agent or possesses a commonality of interest with the client."). Accordingly, communications involving the client, its counsel, and the client's third-party consultants may be privileged. *See BouSamra v. Excela Health*, 210 A.3d 967, 983 (Pa. 2019) ("[T]he attorney-client privilege extends to communications between its attorney and agents or employees authorized to act on the corporation's behalf.") (internal quotation marks omitted); *SmithKline*, 232 F.R.D. at 477 (finding communications between counsel and client's third-party consultants privileged because the consultants "assist[ed] in obtaining facts and information needed to provide legal advice and assistance").

Here, Mr. Gmerek is a lobbyist whom Parx engaged as its agent in various lobbying and related activities in the Commonwealth of Pennsylvania. *See* Ex. A, Decl. of Thomas C. Bonner, Esq. ("Bonner Decl."), ¶¶ 5-6. Specifically, Mr. Gmerek's engagement has involved him in substantive legal discussions with Parx's in-house and outside counsel, during which Parx's attorneys have provided their legal analysis, advice, and mental impressions. *Id.* ¶ 7. During these discussions, Mr. Gmerek contribute his expertise as a longtime lobbyist and consultant to aid counsel's legal analyses and advance Parx's legal positions, thereby facilitating the provision of legal advice to Parx. *See id.* ¶¶ 8-14.  Both Parx and Mr. Gmerek understood these communications to be subject to Parx's privilege, and that Mr. Gmerek may not disclose their substance without Parx's consent. *Id.* ¶ 19.

      **C.**      **Mr. Gmerek Provided Answers to the Majority of the Disputed Questions.**

Furthermore, not only were counsel's cautionary instructions to Mr. Gmerek proper, but Mr. Gmerek *did* provide substantive answers to POM's questions in most of the instances cited in POM's letter. The table below summarizes Mr. Gmerek's responses to the objections identified in POM's letter:

| Transcript Citation | Nature of Objection/Instruction | Mr. Gmerek's Response |
|---|---|---|
| 67:5-16 | Cautionary Instruction | Declined to Answer (71:2-3) |
| 71:2-3 | Cautionary Instruction | Declined to Answer (71:2-3) |
| 72:20-73:10 | Cautionary Instruction | Answered (74:3) |
| 74:22-75:9 | Cautionary Instruction | Answered (75:10-11) |
| 78:20-79:6 | Cautionary Instruction | Answered (79:4-6) |
| 79:8-80:7 | Cautionary Instruction | Answered (79:16-17; 80:8; 80:11-19) |
| 82:3-12 | Cautionary Instruction | Answered (82:15-21) |

BLANKROME

Judge Wilson
September 25, 2024
Page 4

| 86:7, 11-12 | Cautionary Instruction | Answered (86:13-17) |
|---|---|---|
| 94:9-16 | Cautionary Instruction | Answered (94:17-21) |
| 94:23-95:7 | Cautionary Instruction | Answered (95:8-12) |
| 98:9-15 | Cautionary Instruction | Answered (98:16-20) |
| 100:7-23 | Cautionary Instruction | Answered (102:18-22) |
| 101:11-21 | Cautionary Instruction | Answered (102:18-22) |
| 120:7-17 | Cautionary Instruction | Answered (121:8-18) |
| 122:12-19 | Cautionary Instruction | Answered (122:20-23) |
| 124:15-125:3 | Cautionary Instruction | Answered (128:3-16) |
| 127:20-128:2 | Cautionary Instruction | Answered (128:3-16) |
| 130:17-131:5 | Cautionary Instruction | Answered (131:2-5) |
| 133:22-134:16 | Cautionary Instruction | Answered (134:17-21) |
| 161:2-22 | Cautionary Instruction | Answered (162:25-163:1) |
| 163:21-164:15 | Instruction Not to Answer | Declined to Answer (164:19) |
| 165:19-166:10 | Instruction Not to Answer | Declined to Answer (166:6-10) |
| 174:1-15 | Instruction Not to Answer | Declined to Answer (174:20) |

As the table illustrates, Mr. Gmerek declined to answer a question based on counsel's instructions only *five* times and provided answers to all others notwithstanding counsel's cautionary instructions. Accordingly, the Court should deny POM's request to overrule counsel's objections for all questions to which Mr. Gmerek provided answers.

**II.**     **The Court Should Deny POM's Request for a Second Deposition of Mr. Gmerek.**

In its letter, POM requests that the Court permit a second deposition of Mr. Gmerek and "compel him to provide answers to the objected-to questions." The Court should deny POM's request for two reasons. First, as discussed above, Mr. Gmerek either provided responses to POM's questioning or properly declined to answer on the basis of privilege. As a result, there are no further "answers" for Mr. Gmerek to provide to which POM is entitled to receive at a second deposition.

Second, POM already had ample opportunity to seek whatever non-privileged testimony it required from Mr. Gmerek and the Court should not excuse its failure to do so at the first deposition. Rule 30 limits a deposition to "1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Although the Court may permit additional examination, the mere fact that counsel raised privilege objections is not grounds for a second deposition where the party failed to exhaust the line of questioning in the first deposition. In *Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, 232 F.R.D. 103

BLANKROME

Judge Wilson
September 25, 2024
Page 5

(S.D.N.Y. 2005), the defendant sought to re-depose a witness where plaintiff had lodged objections on the basis of the attorney-client and deliberative process privilege. The court denied the request, noting that the plaintiff "had a good faith basis for its objections," and the defendant already "had its opportunity to obtain . . . the non-privileged information to which it is entitled." *Id.* at 112. *See also Rodriguez v. Delta Air Lines, Inc.*, No. 04-CV-750 (WJM), 2005 WL 8165155 (D.N.J. July 22, 2005) (denying motion to compel second deposition where the party "had ample opportunity to obtain the information sought at its first deposition."). Similarly, in *Novartis Pharms. Corp. v. Abbott Lab'ys*, 203 F.R.D. 159 (D. Del. 2001), the plaintiff sought to re-depose a witness, arguing that counsel improperly instructed him not to answer questions regarding a telephone conversation. The court denied the request, concluding that the plaintiff "had an ample opportunity to examine [the witness] about the telephone conversation, and . . . [the witness] did not refuse to answer any relevant questions." Importantly, the court observed that "[t]he appropriate time . . . to pursue this avenue of discovery" relating to the asserted privilege was at the deposition in order to establish a record to support the privilege challenge. *Id.* at 166.

Here, just as in *Exp.-Imp. Bank* and *Novartis*, POM simply failed to exhaust its opportunity to seek non-privileged testimony from Mr. Gmerek. Counsel properly raised good faith objections to POM's questioning and, on the few occasions where Mr. Gmerek actually declined to answer, POM inexplicably failed to ask foundational questions to support its challenges to the privilege assertions. In the absence of that record, POM is not entitled to a second chance.

For the foregoing reasons, Mr. Gmerek respectfully requests that the Court deny POM's requested relief.

Respectfully submitted,

*/s/ William R. Cruse*

William R. Cruse

WRC:

cc:     All counsel of record