# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

*Phone:*     *(215) 569-5447*

*Fax:*       *(215) 832-5447*

*Email:*     *william.cruse@blankrome.com*

September 26, 2024

**VIA ECF**

The Honorable Jennifer P. Wilson
United States District Court for the
Middle District of Pennsylvania
Sylvia H. Rambo U. S. Courthouse
1501 North 6th Street
Harrisburg, PA 17102

> Re:    **Richard Gmerek's Response to the Court's September 19, 2024 Order:** *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC, et al.*, **No. 1:20-cv-292**

Dear Judge Wilson:

This firm represents Richard Gmerek in response to a third-party subpoena for documents and testimony issued by Plaintiff Pace-O-Matic, Inc. ("POM") in the above-referenced matter. We write in response to Your Honor's Order dated September 19, 2024, ECF No. 437, directing Mr. Gmerek to file a response letter explaining why Exhibit 1 to POM's August 30, 2024 letter, ECF No. 423-1, should be designated confidential under the factors articulated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

Mr. Gmerek produced the document attached Exhibit 1 to POM's letter in response to POM's third-party subpoena. The document consists of a task list and transmittal email prepared by Mr. Gmerek's firm, Gmerek Government Relations, LLC, at the direction of Mr. Gmerek's client Greenwood Gaming and Entertainment, Inc. d/b/a Parx ("Parx"). The task list sets forth various action items and documents Parx's non-public business, public relations, legislative relations, executive relations, and fundraising strategies. As such, Mr. Gmerek designated the document as "CONFIDENTIAL" pursuant to the Protective Order entered in this action, ECF No. 196.

Good cause exists to support Mr. Gmerek's confidentiality designation. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy*, 23 F.3d at 786 (quoting *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir.1984)). In *Pansy*, the Third Circuit set forth several factors, which are neither mandatory nor exhaustive, to aid the court in assessing whether good cause exists:

# BLANKROME

Judge Wilson
September 26, 2024
Page 2

1)  whether disclosure will violate any privacy interests;
2) whether the information is being sought for a legitimate purpose or for an improper purpose;
3) whether disclosure of the information will cause a party embarrassment;
4) whether confidentiality is being sought over information important to public health and safety;
5) whether the sharing of information among litigants will promote fairness and efficiency;
6) whether a party benefitting from the order of confidentiality is a public entity or official; and
7) whether the case involves issues important to the public.

*Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787–91). Applied here, the *Pansy* factors weigh in favor of designating the document as confidential.

First, Mr. Gmerek's "privacy interest in [his] proprietary business information is legitimate." *Brand Energy & Infrastructure Servs., Inc. v. Irex Corp.*, No. CV 16-2499, 2017 WL 9512135, at *4 (E.D. Pa. May 4, 2017), *report and recommendation adopted sub nom. Brand Energy & Infrastructure Servs., Inc. v. Irex Contracting Grp.*, No. CV 16-2499, 2017 WL 2889066 (E.D. Pa. July 7, 2017). The task list contains Mr. Gmerek's confidential strategies which he designed at Parx's request—strategies which remain in place and ongoing to this day. *See* Declaration of Richard Gmerek, ECF No. 427-1 (filed under seal) ("Gmerek Decl."), ¶¶ 20-22. Because Mr. Gmerek and Parx have "a strong and legitimate interest in maintaining the confidentiality of their commercial strategies," this factor weighs in favor of designation. *BTG Int'l Ltd. v. Amneal Pharms. LLC*, No. 15CV5909KMJBC, 2018 WL 11355042, at *3 (D.N.J. May 31, 2018)

Second, it is apparent that POM seeks de-designation for an improper purpose. Both Parx and Mr. Gmerek are non-parties to this action, which centers around a dispute between POM and its former law firm Eckert Seamans Cherin & Mellott, LLC ("Eckert"). However, POM, through a subsidiary, has separately sued Mr. Gmerek in the Common Pleas of Lycoming County, Pennsylvania, *see POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic v. Richard Gmerek, et al.*, No. CV-22-362 (Pa. Com. Pl. Lycoming Cnty.), claiming that Mr. Gmerek's lobbying activities, such as those described in the task list, somehow "tortiously interfered" with POM's business relations. Given that the Protective Order does not restrict POM's ability to reference confidential documents for "discovery and other trial preparation" purposes, *see* ECF No. 196 at 6, ¶ 6, it is clear that POM seeks de-designation so that it may utilize the documents *outside* of this litigation, and potentially in connection with its separate action against Mr. Gmerek.

Third, disclosure will cause Mr. Gmerek embarrassment because, as a lobbyist, confidentiality is the cornerstone of his livelihood, and a breach of this confidentiality would

BLANKROME

Judge Wilson
September 26, 2024
Page 3

embarrass him among his clients, potential clients, and competitors. *See* Gmerek Decl. ¶¶ 14-16.

Fourth, disclosure of Mr. Gmerek's and Parx's confidential business information is hardly important to public health and safety. *See Bobrick Washroom Equip., Inc. v. Scranton Prod., Inc.*, No. 3:14-CV-00853, 2017 WL 928917, at *3 (M.D. Pa. Mar. 8, 2017) ("[T]he fact that this litigation may have some importance to public health and safety does not mean that disclosure of . . . confidential business information to the CEO of its competitor is warranted.").

Fifth, as already discussed, the Protective Order does not restrict POM's ability to reference confidential documents for "discovery and other trial preparation" purposes, *see* ECF No. 196 at 6, ¶ 6, and thus de-designation will not promote fairness and efficiency among the parties to the litigation, as the Protective Order already adequately ensures this goal is met. *See Crum & Crum Enterprises, Inc. v. NDC of California, L.P.,* No. CIV. 09-145 RBK, 2011 WL 886356, at *4 (D. Del. Mar. 10, 2011) (finding that this factor weighs against disclosure where the protective order in place ensures "the Court has access to the information necessary to fairly adjudicate Plaintiff's claim").

Sixth, none of the parties "is a public official or entity, which weighs against" de-designation. *Bobrick*, 2017 WL 928917, at *4.

Seventh, and finally, "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788. Here, again, all parties are private litigants, and the claims in this case center around a dispute between a law firm and its former client. Simply put, the public has no interest in "the details of a contract between two private parties." *Crum*, 2011 WL 886356, at *5; *see also Glenmede*, 56 F.3d at 484 ("there is no legitimate public interest to be served by widespread dissemination" of a private party's business documents).

Accordingly, for the reasons stated herein and in the accompanying letter of Greenwood Gaming & Entertainment, Inc., Mr. Gmerek's client for whom Exhibit 53 was prepared, Mr. Gmerek respectfully submits that good cause exists to maintain the confidentiality designation over the disputed documents, and requests that the Court deny POM's request.

Respectfully submitted,

*/s/ William R. Cruse*

William R. Cruse

WRC:

cc:    All counsel of record