

2001 Market Street
Suite 1700
Philadelphia, PA 19103
☎ 215.299.2000  🖶 215.299.2150
www.foxrothschild.com

NATHAN HUDDELL
Direct No: 215.444.7166
Email: nhuddell@FoxRothschild.com

December 20, 2024

**VIA ECF**

The Honorable Jennifer P. Wilson, U.S.D.J.
United States District Court for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

Re:    *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, Case No. 1:20-cv-292-JPW
       (M.D. Pa.) – Discovery Dispute Regarding Request to Conduct Deposition Remotely

Dear Judge Wilson:

The undersigned represent defendants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin M. Skjoldal (collectively, "Eckert") in the above-captioned action. Pursuant to the Court's Rules, we submit this letter to notify the Court of a discovery dispute and to request the Court's permission to conduct the deposition of non-party Jeffrey McGuinness by remote videoconferencing means pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure. Mr. McGuinness lives in a rural area and would prefer to be deposed remotely, which would allow him to avoid the unnecessary burden of traveling to an office location for an in-person deposition. Eckert, which noticed the deposition, consents to conducting Mr. McGuinness's deposition remotely via videoconferencing technology. Plaintiff Pace-O-Matic Inc. ("POM") does not and wants instead to force Mr. McGuinness to appear at an in-person deposition. Because there is good reason to honor Mr. McGuinness's preference to be deposed remotely—and because POM's insistence on a more burdensome and expensive in-person deposition lacks good cause—Eckert respectfully requests that the Court issue an order stating that the parties shall conduct Mr. McGuinness's deposition remotely pursuant to Rule 30(b)(4).

**I.    Eckert Notices Mr. McGuinness's Deposition and POM Requests that the Deposition Be Rescheduled to Accommodate POM's Counsel's Personal Calendar.**

Mr. McGuinness is a non-party witness. On November 26, 2024, Eckert served on POM a notice scheduling Mr. McGuinness's deposition for December 20, 2024. *See* November 26, 2024 email from Nathan Huddell, attached hereto as Exhibit A, at 1; *see also* Notice of Deposition

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington

December 20, 2024
Page 2

of Jeffrey McGuinness (the "Notice"), attached hereto as Exhibit B, at 1.  The Notice advised that Eckert would depose Mr. McGuinness in Binghamton, New York.  *Id*.  Mr. McGuinness appears to reside in rural Dundee, New York, which is roughly 80 miles from Binghamton.  Because Eckert anticipated that a remote deposition might prove more convenient for Mr. McGuinness, the Notice also advised that the deposition may "be recorded by," *inter alia*, "videoconferencing means."  *Id*.

On December 6, 2024, POM's counsel requested that Eckert reschedule Mr. McGuinness's deposition and proposed that the parties "discuss alternative dates" during a meet-and-confer.  During a December 13 meet-and-confer, one attorney representing POM stated that he will be unavailable on December 20 due to an event on his personal calendar and proposed January 7, 2025 as an alternative date for Mr. McGuinness's deposition.  POM's counsel also stated that he would not consent to conducting Mr. McGuinness's deposition remotely and would instead insist on Mr. McGuinness appearing in person.

**II.     Mr. McGuinness and Eckert Accommodate POM's Schedule but POM Persists in Its Refusal to Honor Mr. McGuinness's Preference for a Remote Deposition.**

Eckert's counsel thereafter contacted Mr. McGuinness via telephone.  During that call, Mr. McGuinness stated that he would be available to be deposed on January 7; he also stated that he prefers to be deposed remotely via videoconferencing technology.  Eckert then served on POM an amended notice rescheduling Mr. McGuinness's deposition for January 7.  *See* December 13, 2024 email from Nathan Huddell, attached hereto as Exhibit C, at 1; *see also* Amended Notice of Deposition of Jeffrey McGuinness (the "Amended Notice"), attached hereto as Exhibit D, at 1.  Both the Amended Notice and the email attaching it advise that Eckert will depose Mr. McGuiness remotely via videoconferencing means.  *See id.* at 1; Ex. C at 1.

On December 18, 2024, counsel for POM informed Eckert that POM continues to refuse to stipulate to Mr. McGuinness being deposed remotely.  *See* December 18, 2024 email from Michael Nolan, attached hereto as Exhibit E, at 1.  POM requested instead that Eckert "issue an updated notice that calls for Mr. McGuinness to appear at a physical location . . . ."  *Id*.

**III.    Counsel Conferred in an Effort to Resolve the Dispute.**

Counsel for the parties conferred about this issue both by emails sent on December 13 and 18, *see* Exs. C and E, and during a telephonic meet-and-confer conducted on December 13.  *See* Ex. C at 1 ("as I stated during our call this morning, Mr. McGuinness's deposition will be taken by remote means . . . .").  Despite those efforts, the parties were unable to resolve this dispute.

**IV.     The Court Should Order that the Parties Shall Depose Mr. McGuinness Remotely.**

Rule 30(b)(4) permits the Court to "order . . . that a deposition be taken by . . . remote means."  FED. R. CIV. P. 30(b)(4).  "Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally."  *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) (citing cases).  A party seeking such leave need not show good cause; instead, "[a]ll that is required to authorize a remote

December 20, 2024
Page 3

deposition is a legitimate reason put forward by the party proposing to take a deposition by remote means." *Id.* (citing *Kaseberg v. Conaco, LLC*, No. 15-cv-01637-JLS (DHB), 2016 WL 8729927, at \*5 (S.D. Cal. Aug. 19, 2016)); *see also Doe v. Bd. of Regents of Univ. of Nebraska*, No. 4:21CV3049, 2022 WL 17343852, at \*2 (D. Neb. Nov. 30, 2022) ("'30(b)(4) . . . does not literally require the existence of good cause. Rather, it appears to leave it to the court[] . . . to determine whether there is a legitimate reason . . . .'") (quoting *Broiler*, 2020 WL 3469166, at \*7).

Here, the reasons for the parties to depose Mr. McGuinness by remote means are more than legitimate; they are compelling. *First*, Mr. McGuinness—a non-party—*prefers* to be deposed by remote means rather than being forced to travel to a physical location outside of his home. Honoring that preference will allow Mr. McGuinness to avoid unnecessary burden and expense, which is an interest that federal courts protect. *See Tech v. United States*, 284 F.R.D. 192, 197–98 (M.D. Pa. 2012) ("[F]ederal courts have demonstrated willingness to protect the interests of non-parties who are the targets of discovery demands.") (citations omitted); FED. R. CIV. P. 45(d) (requiring issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). *Second*, because Eckert is the only party that noticed Mr. McGuinness's deposition, its chosen "mode of examination" warrants deference. *Interlego A.G. v. Leslie-Henry Co.*, 32 F.R.D. 9, 11 (M.D. Pa. 1963) ("In the absence of special circumstances, the court should ordinarily allow the examining party to choose his own mode of examination.") (citation omitted); *Vogl v. Homeland at Home*, No. 1:19-CV-924, 2020 WL 12764868, at \*1 (M.D. Pa. Oct. 5, 2020) ("Generally, the examining party sets the place of deposition, subject to the power of the court to order otherwise.") (citation omitted). *Third*, conducting Mr. McGuinness's deposition remotely will promote efficiency and avoid unnecessary expense to Eckert, as well. *See Broiler*, 2020 WL 3469166, at \*7 ("A desire to save money taking out of state depositions can suffice to show good cause to take a deposition by remote means.") (citation omitted). These considerations warrant the relief that Eckert seeks (and that Mr. McGuinness wants, as well).

Moreover, POM cannot show special circumstances that would justify its request to override Mr. McGuinness's and Eckert's preference for a remote deposition. POM did not include Mr. McGuinness on its list of the thirteen witnesses it plans to depose in this case. *See* ECF No. 329 at 1-2. Thus, Mr. McGuinness is not a key witness for POM. Nor does POM's apparent preference for in-person observation warrant overriding Mr. McGuinness's and Eckert's preference. *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 575 (S.D.N.Y. 2020) ("If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless.") (citation omitted).

For all of these reasons, Eckert respectfully requests that the Court issue an Order stating that the parties shall conduct Mr. McGuinness's deposition remotely pursuant to Rule 30(b)(4).

Respectfully submitted,

*/s/ Nathan Huddell*
Nathan Huddell

cc:     All counsel of record (via ECF)