# HUSCH BLACKWELL

Michael P. Nolan
Partner

8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Direct: 314.480.1770
Fax: 314.480.1505

December 24, 2024

Hon. Jennifer P. Wilson
U.S. District Court for the Middle District of Pennsylvania

> **Re:** ***Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC***, **No. 1:20-cv-00292-JPW (M.D. Pa.) – Reconsideration of the Court's December 23, 2024 Order Granting Defendants' Request to Conduct McGinness Deposition Remotely**

Dear Judge Wilson:

Plaintiff Pace-O-Matic, Inc. ("POM") respectfully submits this letter pursuant to the Court's December 23, 2024 Order. POM seeks reconsideration of the Court's order granting Defendants' (together, "Eckert") December 20, 2024 request to conduct the deposition of third-party witness Jeff McGinness remotely via videoconferencing pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure. *See* ECF No. 454.

On November 26, 2024, Eckert unilaterally noticed Mr. McGinness' deposition without any attempt to confer with POM regarding the date or location of the deposition. The deposition notice provided that the deposition would occur at 71 State St., Binghamton, NY 13901.

Mr. McGinness is the former Vice President of Compliance for POM, who ceased working for POM in or around 2019. On December 6, 2024, POM's counsel informed Eckert's counsel that they were not available for the deposition on December 20th and requested a meet and confer to discuss alternative dates along with other pending discovery issues. The parties conferred on December 13, 2024, at which time, POM's counsel advised Eckert's counsel that they intended to attend Mr. McGinness' deposition in person at the location noticed. POM's counsel also provided a number of other dates on which they would be available for the deposition, including January 7th. Later that day, apparently after conferring with Mr. McGinness, Eckert's counsel issued an amended notice of deposition, rescheduling the deposition for January 7th, but stating that the deposition would only be held via remote means.

On Friday, December 20, 2024, POM's counsel objected to the amended notice, stating that they felt it important they attend in person, but acknowledging they had no objection if Eckert's counsel wished to attend remotely. Eckert filed its letter dispute later that same day

# HUSCH BLACKWELL

without any further consultation with POM, requesting that the deposition be held solely by remote means.  This Court granted Eckert's request on Monday, December 23, 2024, before POM was able to file its response.

1. **POM requests this Court grant its request to attend Mr. McGinness' deposition in person.**

A party seeking reconsideration must demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice.  *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  POM seeks reconsideration of this Court's Order entered December 23, 2024, based primarily on the second prong of this analysis, as the Court lacked a complete and accurate view of POM's position regarding Mr. McGinness's deposition and key facts demonstrating that POM has strong, legitimate legal interests that can only be adequately preserved and protected by permitting POM to attend the deposition in person.

It is important to emphasize at the outset what was, and was not, in dispute. POM has no opposition to Eckert's counsel participating via remote means in the deposition of Mr. McGinness. However, we request that the Court grant POM permission to attend the deposition in-person in the same location as Mr. McGinness.  POM is willing to travel to whatever location is most convenient for Mr. McGinness, including Dundee, New York, where Mr. McGinness apparently resides.  If Eckert opts to attend remotely, POM is also willing to bear the cost of securing a conference room or comparable location for the deposition.  POM would also be willing to bear the mileage cost of Mr. McGinness's travel to the deposition.  Under these circumstances, there is no basis for prohibiting POM from attending the deposition in-person.  We therefore respectfully request that the Court grant reconsideration of its December 23, 2024 Order and permit POM to attend Mr. McGinness's deposition in-person.

Remote depositions certainly have value in certain circumstances.  Most relevant here, where counsel for the parties reside far from the deponent, a remote deposition can avoid the need for counsel to travel for the deposition.  POM has no opposition to Eckert's counsel participating remotely to avoid the need to travel from Philadelphia to Upstate New York.

2. **POM has a strong and legitimate interest in attending Mr. McGinness's deposition in-person, and there is no legal authority prohibiting POM from doing so.**

While POM is, and has been, amenable to Mr. McGinness being deposed remotely, remote depositions are not perfectly interchangeable with in-person depositions. "A significant amount of nonverbal information is gained through an in-person deposition and such information may not be as easily ascertained through a Zoom deposition.  Non-verbal cues are less evident, and the exchange of documents is more difficult." *L.D.M. by and through Matheny v. LMH Health*, No. 20-cv-2491, 2021 WL 5906039, at *4 (D. Kan. Dec. 14, 2021) (denying request to conduct deposition remotely); *see also, e.g., Greco v. Nat'l Football League*, No. 3:13-cv-1005, 2017 WL

# HUSCH BLACKWELL

11679599, at *2 (N.D. Tex. Mar. 30, 2017) ("Courts have found live testimony far superior to video or telephone testimony and recognized that the ability to observe a party as he or she answer questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship." (quotation omitted)).  "The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Excerpt from the Report of the Judicial Conference Committee on Rules of Practice and Procedure, September 1995*, 167 F.R.D. 209, 218. The factors favoring an in-person deposition are particularly salient where, as here, the deponent may testify regarding highly-sensitive proprietary information and trade secrets.

For these reasons, POM has a strong and legitimate interest in attending the McGinness deposition in-person, even if Eckert participates remotely.  In similar circumstances, courts have consistently adopted precisely the approach requested by POM: they have allowed one party to participate remotely while allowing the other party to attend in-person.  *See, e.g.*, *Cressler v. Neuenschwander*, 170 F.R.D. 20, 22 (D. Kan. 1996); *Edgar v. Deere & Co.*, No. 3:00-cv-2729, 2002 WL 34722223, at *2 (N.D. Tex. April 9, 2002); *Greco*, 2017 WL 11679599 at *2-3; *Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 77 (E.D. Pa. 2005).

Moreover, several of these cases have emphasized that there is no legal authority to prevent a party's counsel from attending a deposition in-person, even if the noticing party participates remotely.  *Greco*, 2017 WL 11679599 at *2 ("Plaintiffs offer no legal authority for prohibiting a party's counsel from appearing in person at a deposition when the opposing counsel chooses not to, and the Court has found none."); *Cressler*, 170 F.R.D. at 22 ("The plaintiff has provided the court with no authority, and the court has located none, which would restrain the defendant from being present during these depositions.").  Eckert does not cite a single case supporting the notion that POM can be prohibited from attending the deposition in-person.

3. **POM is willing to shoulder the burden of deposing Mr. McGinness at a place of his choosing, thereby minimizing any burden to Mr. McGinness and Eckert.**

Eckert asserts that "Mr. McGinness [sic]—a non-party—*prefers* to be deposed by remote means rather than being forced to travel to a physical location outside of his home." ECF No. 454, at 3.  To be sure, the parties must seek to minimize the burdens imposed on third parties like Mr. McGinness.  It is important to note, Eckert originally noticed Mr. McGinness' deposition to occur in Binghamton, New York, 80 miles from where Mr. McGinness presumably lives.  Eckert clearly vetted the date of the deposition with Mr. McGinness and apparently the location too.  It was only *after* POM expressed its intention to attend the deposition in person that Eckert re-noticed it to be taken solely by remote means.  Furthermore, as noted above, POM is willing to travel to any location that Mr. McGinness prefers, including Dundee, New York.  Thus, Mr. McGinness would face at most a very brief drive, with POM covering the cost of his mileage.[1]  Eckert has cited no

---

[1] In principle, POM would be willing to attend the deposition in Mr. McGuinness's home if that were his preference.

# HUSCH BLACKWELL

authority suggesting that this negligible burden justifies prohibiting POM from attending the deposition in-person.  Moreover, if that negligible burden *did* justify prohibiting a party from attending in-person, then deponents could unilaterally avoid in-person depositions in almost every case.  That is not the law.  *See, e.g.*, *L.D.M.*, 2021 WL 5906039, at *3-4 (ordering deposition to be conducted in-person despite deponent's desire to be deposed remotely).

Eckert asserts that "Mr. McGuiness's deposition remotely will promote efficiency and avoid unnecessary expense to Eckert, as well."  ECF 454, at 3. But, as noted above, POM has no objection to Eckert participating remotely, and POM is willing to bear the costs of securing a physical location for the deposition if Eckert opts not to attend in-person.   Under these circumstances, prohibiting POM from attending in-person will not "avoid unnecessary expense to Eckert."  Indeed, it will not lead to any cost savings at all to Eckert.

Eckert also asserts that "because Eckert is the only party that noticed Mr. McGinness's [sic] deposition, its chosen 'mode of examination' warrants deference."  ECF 454, at 3.  This contention lacks merit on several grounds.  For one thing, POM does not object to Eckert using "its chosen mode of examination"—POM has no opposition at all to Eckert conducting its examination via remote means.  Whether POM attends the deposition remotely or in person has no bearing at all on whether Eckert can conduct its examination remotely.  Moreover, neither of the cases cited by Eckert for this proposition involve comparable situations, and one of those cases actually *rejected* the noticing party's chosen means of examination.  *See Interlego A.G. v. Leslie-Henry Co.*, 32 F.R.D. 9 (M.D. Pa. 1963) (requiring deponent to sit for oral deposition and overruling deponent's request for the deposition to be conducted by written interrogatory); *Vogl v. Homeland at Home*, No. 19-cv-924, 2020 WL 12764868, at *1-2 (M.D. Pa. Oct. 5, 2020) (rejecting noticing party's preferred means of examination).

In light of the foregoing, POM respectfully requests that the Court grant reconsideration of its December 23, 2024 Order and permit the parties to resume conferring over the mode of deposition or, alternatively, to permit POM to attend Mr. McGinness' deposition in-person. Eckert simply has not identified any authority or legitimate justification for prohibiting POM from attending Mr. McGinness' deposition in-person.

Very truly yours,

HUSCH BLACKWELL LLP

*/s/ Michael P. Nolan*

Michael P. Nolan