

2001 Market Street
Suite 1700
Philadelphia, PA 19103
☏ 215.299.2000  🖶 215.299.2150
www.foxrothschild.com

NATHAN HUDDELL
Direct No: 215.444.7166
Email: nhuddell@FoxRothschild.com

December 31, 2024

**VIA ECF**

The Honorable Jennifer P. Wilson, U.S.D.J.
United States District Court for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

Re:    *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, Case No. 1:20-cv-292-JPW
       (M.D. Pa.) – Response in Opposition to Plaintiff's Letter-Motion for Reconsideration

Dear Judge Wilson:

The undersigned represent defendants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin M. Skjoldal (collectively, "Eckert"). Eckert submits this letter in opposition to Plaintiff Pace-O-Matic Inc.'s ("POM") letter-motion seeking reconsideration of the Court's December 23, 2024 order (ECF No. 455) (the "Order"). In its motion (ECF No. 456) (the "Reconsideration Motion" or "Mot."), POM requests that the Court reverse the Order, which granted Eckert's motion that non-party Jeffrey McGinness[1] be deposed by remote means pursuant to Federal Rule of Civil Procedure 30(b)(4).

The Reconsideration Motion is meritless. It ignores the standard applicable to a motion to conduct a deposition remotely under Rule 30(b)(4); offers no explanation as to why POM's vaguely referenced "legal interests . . . can only be adequately preserved and protected by . . . attend[ing] the deposition in person"; makes at least one inaccurate factual assertion; and cites zero cases in which a Court granted the extraordinary relief POM seeks here—*i.e.*, an order overriding both the third-party witness's and the noticing party's preference for a fully remote videographic deposition. Moreover, POM does not dispute any of the key facts Eckert identified in its Rule 30(b)(4) motion. Accordingly, Eckert respectfully requests that the Court deny POM's Reconsideration Motion.

---

[1] In the Reconsideration Motion, POM spells the witness's surname "McGinness" rather than "McGuinness." *See* Mot. at 1. Eckert adopts POM's spelling herein.

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington

December 31, 2024
Page 2

*First*, the Reconsideration Motion does not dispute any of the key facts Eckert identified in its motion—namely, that Mr. McGinness prefers to be deposed remotely rather than being forced to travel; that Eckert, and only Eckert, has noticed Mr. McGinness's deposition; that Mr. McGinness is not a key witness for POM; and that Mr. McGinness does not even rank among the thirteen fact witnesses POM already told the Court it will depose in this case.  *See* Mot. *passim*. These implicit concessions are fatal to POM's position.  *C.f., e.g., Robinson v. Tracy*, 16 F.R.D. 113, 115 (W.D. Mo. 1954) (*plaintiff's* deposition ordered taken on written interrogatories rather than in person because, *inter alia*, the plaintiff was a "more or less a nominal, though necessary, party to the suit"); *see also Tech v. United States*, 284 F.R.D. 192, 197-98 (M.D. Pa. 2012) ("[F]ederal courts have demonstrated willingness to protect the interests of non-parties who are the targets of discovery demands.") (citations omitted); *Vogl v. Homeland at Home*, No. 1:19-CV-924, 2020 WL 12764868, at *1 (M.D. Pa. Oct. 5, 2020) ("Generally, the examining party sets the place of deposition, subject to the power of the court to order otherwise.") (citation omitted).

*Second*, POM ignores the standard applicable to a motion to conduct a deposition remotely under Rule 30(b)(4).[2]  As Eckert noted in its Rule 30(b)(4) motion, under that standard "leave to take remote depositions . . . should be granted liberally," *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) (citing cases), and requires only that the party seeking such leave put forward "a legitimate reason" for the relief it seeks.  *Id.* (citing *Kaseberg v. Conaco, LLC*, No. 15-cv-01637-JLS (DHB), 2016 WL 8729927, at *5 (S.D. Cal. Aug. 19, 2016)).  POM does not even attempt to argue that Eckert failed to satisfy this standard.  *See* Mot. *passim* (ignoring "legitimate reason" standard).  In fact, POM concedes that Mr. McGinness will be "burden[ed]" if POM gets its way and overrides both Mr. McGinness's and Eckert's preferences by forcing Mr. McGinness to travel to an in-person deposition.  *See id.* at 4 (requesting that Court impose purported "negligible [travel] burden" on Mr. McGinness).

*Third*, POM likewise ignores that a party opposing a colorable Rule 30(b)(4) motion must "show *how* it *would* be prejudiced if the deposition were taken" remotely.  *Broiler*, 2020 WL 3469166, at *7 (emphasis added) (citations omitted); *see also* Mot. *passim* (zero references to requirement to show prejudice).  Instead, POM vaguely asserts only that "the deponent *may* testify regarding highly-sensitive proprietary information and trade secrets."  Mot. at 3 (emphasis added).  But POM makes no attempt to develop this cursory argument and does not even try to explain *how*

---

[2] POM also misstates the standard that governs its motion.  While POM points the Court to a three-factor reconsideration standard, *see* Mot. at 2 (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)), it ignores that where, as here, the order at issue is interlocutory, the movant seeking reconsideration "'must still establish *good cause* for why the court should revisit its prior decision,'" regardless of whether the purported error in that decision is legal, factual, or otherwise.  *Stockton v. Wetzel*, No. 1:16-CV-00613, 2023 WL 5751409, at *2 (M.D. Pa. Sept. 6, 2023) (emphasis added) (Wilson, J.) (quoting *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016)).  The Reconsideration Motion does not even acknowledge the "good cause" standard, much less show good cause.  *See* Mot. *passim*; *see also infra passim*.  The Court therefore should deny the motion.  *See, e.g.*, *Stockton*, 2023 WL 5751409, at *3 (denying reconsideration motion for "fail[ure] to establish good cause").

December 31, 2024
Page 3

the remote—rather than in-person—provision of such testimony "*would . . . prejudice*" POM.  This failure is fatal to POM's argument.  *See, e.g.*, *United States v. Kolodesh*, 787 F.3d 224, 232 n.6 (3d Cir. 2015) (argument is "is waived due to the cursory nature of" it) (citations omitted).

Nor could POM show any such prejudice (even if it had attempted to do so), as there is no reason to conclude that the remote nature of Mr. McGinness's deposition testimony might jeopardize any of POM's alleged "trade secrets."  This is particularly obvious here because the Protective Order entered by the Court permits POM to designate as confidential deposition testimony that "would likely, in [POM's] good faith opinion[,] harm [POM's] business, commercial, or financial interests."  Stipulated Confidentiality Agreement and Protective Order, (ECF No. 196) at 3.[3]  POM's position, in effect, is that no deposition—third party or otherwise— should be conducted fully remotely if an objecting party asserts, with zero explanation or supporting evidence, that the deponent "may testify . . . regarding [unidentified and unexplained] trade secrets."  But this is not the law.  Indeed, courts often permit remote depositions in cases involving alleged trade secrets.  *See, e.g.*, *Guardant Health, Inc. v. Found. Med., Inc.*, No. CV 17-1616-LPS-CJB, 2020 WL 7397005, at *2 (D. Del. Dec. 17, 2020) (ordering remote deposition in case in which ESI contained "'extremely sensitive trade secrets'").  *See also, e.g.*, *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 575 (S.D.N.Y. 2020) ("If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless.") (citation omitted); *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602 (D. Kan. 2012) ("Taking the depositions via videoconferencing, as proposed by Plaintiffs here, addresses Defendant's objection that the deponent's nonverbal responses and demeanor cannot be observed.").

Rather than address the actual legal standard applicable to Eckert's motion, POM attempts to supply its own by asserting that "there is no basis for prohibiting POM from attending the deposition in-person."  Mot. at 2.  But that argument ignores the plain text of Rule 30(b)(4).  Rule 30(b)(4) empowers the Court "on motion [to] order . . . that a deposition be taken by . . . remote means."  FED R. CIV. P. 30(b)(4).  That language is clear and it authorizes the Court to do exactly what it did in this case:  To order that a deposition be taken remotely, even over the non-movant's objection.  The Rule does not require, nor even contemplate, that objecting litigants be exempted from such orders simply because they disagree with them or prefer in-person observation.  If that were the case, "then Rule 30(b)(4) would be rendered meaningless." *Rouviere*, 471 F. Supp. 3d at 575 (citation omitted).  Indeed, if an objecting party's mere preference for in-person observation were sufficient to exempt it from the Rule, then there would be no need for it to prove how it would be prejudiced by the remote format. *Broiler*, 2020 WL 3469166, at *7 (citations omitted)*; see also, e.g.*, *Robert Smalls Inc. v. Hamilton*, No. 09 Civ. 7171(DAB)(JLC), 2010 WL 2541177, at *4 (S.D.N.Y. June 10, 2010) (denying motion to compel in-person attendance at deposition and noting that "accepting Plaintiffs' arguments absent a particularized showing of prejudice would be tantamount to repealing [Fed.R.Civ.P. 30(b)(4) ].") (citation and internal quotation marks

---

[3] POM is familiar with this designation procedure:  It already has raised and forced the Court to referee challenges to confidentiality designations made pursuant to the Protective Order.  *See* ECF Nos. 271 - 273, 422 – 423, 443 (POM filings relating to various confidentiality designation challenges it raised).

December 31, 2024
Page 4

omitted).  The Court should reject POM's invitation to ignore the plain text of Rule 30(b)(4).

The purportedly "similar" cases POM cites are distinguishable and only underscore the baselessness of POM's position.  In fact, in all three of the cases POM claims are "similar" to this one, the movants sought leave to conduct *telephonic*, not videographic, depositions, and in all three the court applied a *prior* version of Rule 30(b) that neither authorized nor even contemplated other, non-telephonic means of remote deposition, such as the videographic means that Eckert will use to depose Mr. McGinness here.  Thus, all three of those cases are inapt.

In *Cressler v. Neuenschwander*, 170 F.R.D. 20 (D. Kan. 1996), the movant sought leave to conduct *telephonic* depositions and the court's decision to permit the non-movant's counsel to attend in-person was based on both the "lack of face-to-face questioning" the movant proposed, and on the "extreme[] difficult[y] [of] identify[ing], mark[ing], and utiliz[ing] the witnesses' extensive medical records during a telephonic deposition."  *Id*. at 21 – 22.  None of those circumstances exists here, as the videographic nature of Mr. McGinness's deposition will permit all counsel to observe the witness's facial expressions and demeanor and will facilitate easy use of documentary exhibits.  Moreover, the court in *Cressler* applied a prior version of Rule 30 that neither authorized nor contemplated "other[, *non-telephonic*] remote means" of deposition.  *Id.* at 21 (citing and applying former Rule 30(b)(7), not the current Rule 30(b)(4)).  The same is true of POM's second purported "similar" case—in it, the movant sought leave to take a telephonic, not videographic, deposition, and the court applied the prior version of Rule 30 that did not contemplate other, non-telephonic remote means of deposition.  *Edgar v. Deere & Co.*, No. 3:00-CV-2729-D, 2002 WL 34722223, at *1, 2 (N.D. Tex. Apr. 9, 2002) (granting motion to take telephonic deposition and applying former Rule 30(b)(7)—which permitted "that a deposition be taken by telephone"—while omitting any mention of the current rule 30(b)(4)).  POM's third and final purportedly "similar" case is distinguishable on the same bases.  *Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 77 (E.D. Pa. 2005) (granting "motion to compel telephonic depositions under Federal Rule of Civil Procedure 30(b)(7)").  That POM cannot point the Court to even one case construing Rule 30(b)(4) the way POM wants this Court to apply that Rule speaks volumes.  Its position is baseless.[4]

In short, POM has failed to carry its burden to show good cause that would warrant reversal

---

[4] POM's two other cases—neither of which POM characterizes as "similar" to this one—likewise are distinguishable.  *See L.D.M. by & through Matheny v. LMH Health*, No. 20-2491-DDC-GEB, 2021 WL 5906039, at *1 - 5 (D. Kan. Dec. 14, 2021) (denying plaintiff's Rule 26(c) and 30(b)(4) motion to *prohibit* in-person deposition of plaintiff's own expert, a "vital witness"; not involving a third-party witness whose preference is for a fully remote deposition, and not involving objection to remote format by the non-noticing party); *Greco v. Nat'l Football League*, No. 3:13-CV-1005-M-BK, 2017 WL 11679599, at *2 (N.D. Tex. Mar. 30, 2017) (denying plaintiffs' motion to *prohibit* defendants from deposing certain *plaintiffs* in-person where plaintiffs' arguments "focus[ed] on the expense and inconvenience for counsel to travel to defend the depositions, rather than on the circumstances of the individual deponents"; not involving any third-party witness whose preference is for a fully remote deposition, and not involving objection to remote format by the non-noticing party).

December 31, 2024
Page 5

of the Order.  Instead, POM ignores or misstates the relevant legal standards; attempts to pass off as "similar" three inapt cases that apply the wrong version of Rule 30; and has not identified even a single decision in which a court granted the extraordinary relief POM seeks here—*i.e.*, an order applying Rule 30(b)(4) to override both the third-party witness's and the noticing party's preference for a fully remote videographic deposition.[5]  For all of these reasons and the others set forth above and in Eckert's Rule 30(b)(4) motion, Eckert respectfully requests that the Court deny the Reconsideration Motion.

Respectfully submitted,

*/s/ Nathan Huddell*
Nathan Huddell

cc:    All counsel of record (via ECF)

---

[5] POM also distorts the record and makes inaccurate factual claims.  POM asserts, for instance, that "[i]t was only *after* POM expressed its intention to attend the deposition in person that Eckert re-noticed it to be taken solely by remote means."  Mot. at 3.  In fact, and as Eckert explained in its motion, "[b]ecause Eckert anticipated that a remote deposition might prove more convenient for Mr. McGuinness, the [original] Notice also advised that the deposition may 'be recorded by,' *inter alia*, 'videoconferencing means.'"  ECF No. 454 at 2 (citation omitted).  Thus, POM's attempt to suggest bad faith on Eckert's part is groundless.  POM also claims that "Eckert [apparently] vetted . . . the location" of Mr. McGinness's deposition with him ahead of time.  Mot. at 3.  That assertion is false, too.