

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

February 5, 2025

Nicole J. Boland, Esquire
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA 17110
Phone (717) 678-9654
nboland@pa.gov

The Honorable Jennifer P. Wilson
United States Judge
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N. 6th Street
Harrisburg, Pennsylvania 17102
***Via Electronic Filing***

**Re: *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, 1:20-cv-292**

Dear Honorable Judge Wilson,

The Pennsylvania State Police ("PSP") takes this opportunity to respond to counsel's February 3, 2025 correspondence to address statements that are beyond the verbiage contained within the unsealed grand jury presentment regarding Ricky Goodling (attached to counsel's letter) and are factually inaccurate.

First, as to counsel's contention that "PSP conducted a now-terminated, years-long undercover surveillance operation inside of POM," it should be noted that the referenced investigation was solely a Federal Bureau of Investigation ("FBI") captioned investigation which involved using a PSP Trooper whose retirement was orchestrated due to operational necessity. The PSP Trooper remained a detached, full-time FBI Task Force Officer ("TFO") working in an undercover capacity solely at the direction of the FBI. To PSP's knowledge, the FBI's investigation remains ongoing and has not been terminated. Second, regarding counsel's contention that the undercover Trooper conducted the investigation while "working undercover for PSP," the record should reflect that





COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

the Trooper was advised by the Department, upon successful completion of his orchestrated retirement to operate as an FBI TFO, that he was to be operationally divorced from PSP for the duration of the FBI undercover investigation. In sum, this was not a PSP-initiated or PSP-directed investigation of POM.

Nothing contained in counsel's letter supports POM's position relative to PSP's pending Motion to Quash or for Protective Order. POM has not produced any evidence that Eckert Seamans directed PSP to "target" POM and its devices to the exclusion of POM's competitors in the "skill games" marketplace. POM refers to an email between an attorney from Eckert and others involved in the casino industry (no one from PSP) about getting elected officials, government employees, regulators, and law enforcement to "go on the offensive and get a successful prosecution" regarding skill games, followed by an email commenting on a subsequent seizure of devices. This seizure was not specifically related to POM and its devices; in fact, the devices that were seized were those made by competitors of POM. POM and its lobbying and compliance teams were actively encouraging law enforcement to target POM's competitors in the "skill games" marketplace.[1]

PSP very much appreciates this opportunity to respond and to correct the record.

Very Truly Yours,

*s/ Nicole J. Boland*
Nicole J. Boland
Assistant Counsel
Pennsylvania State Police

cc: Counsel of record

---

[1] Chrissy Suttles, Gaming Company Demands Crackdown on "Unlawful" Gambling Amid Legal Ambiguity, Beaver County Times, Sept. 23, 2020. https://www.timesonline.com/story/news/2020/09/23/pennsylvania-skill-demandscrackdown/3503164001/.



Pennsylvania
State Police