

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

July 23, 2025

Nicole J. Boland, Esq.
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA 17110
Phone (717) 678-9654
nboland@pa.gov

The Honorable Jennifer P. Wilson
United States District Judge
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N. 6th Street
Harrisburg, Pennsylvania 17102
***Via Electronic Filing***

 Re: ***Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC,*** **1:20-cv-292**

Dear Honorable Judge Wilson,

Reminiscent of its Commonwealth Court filing last year, POM is improperly trying to use this lawsuit as a vehicle to obtain information and relief unrelated to this case. Nothing about the Motion to Supplement and the attached Affidavit signed by Attorney Matthew Haverstick ("Haverstick affidavit") is connected to this lawsuit or the allegations against Eckert Seamans law firm. [1]

---

[1]     Attorney Haverstick is also counsel of record for POM in both lawsuits POM filed against PSP in Commonwealth Court, docketed at 503 MD 2018 and 222 MD 2022. Both of those lawsuits, including discovery proceedings, have been stayed by Commonwealth Court pending resolution of the Commonwealth's appeal to the Supreme Court in 50 MAP 2024, which relates to the legality of POM's devices under the Crimes Code (Title 18). Attorney Haverstick is also counsel of record for one of the Appellees in that pending Supreme Court appeal. Finally, Attorney Haverstick is counsel for POM in a separate but related appeal to the Supreme Court on the issue of whether the Gaming Act (Title 4) applies to POM's devices, docketed at 2 EAP 2024.



COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

Although not relevant to this litigation, PSP must rebut some of the representations made publicly on the docket. POM has made self-serving assertions and conclusory statements about the FBI's investigation involving former PSP Trooper Ryan Kelley and subsequent state investigations of former POM employee Rick Goodling, and others, without making any necessary distinctions. PSP cannot fully address all aspects of POM's filing, however, either because doing so would disclose information involving grand jury proceedings that remain sealed, prosecuted by the Pennsylvania Office of Attorney General ("OAG"), or involving unresolved federal investigations of the FBI and IRS, which are being prosecuted by the U.S. Attorney's Office.  Accordingly, to the extent that this response does not counter a given statement made by POM in its filing and/or the Haverstick affidavit, such should not be construed as PSP agreeing with that statement.

Alarmingly, POM made factual assertions in its publicly available filing related to an October 16, 2023, court-sealed affidavit related to an application for an order authorizing a wiretap ("wiretap affidavit") which was applied for and approved during the proceedings of the 50th Statewide Investigating Grand Jury.  (*See* Paragraphs 8-14 of the Haverstick Affidavit).  Attorney Haverstick, as counsel for POM, was permitted to review the affidavit for a limited purpose. However, it is unclear what authority, if any, POM's attorneys obtained before disclosing any information related to the wiretap affidavit, as it is PSP's understanding that the affidavit remains sealed.  PSP cannot directly respond to assertions and conclusory statements contained within the Haverstick Affidavit related to the wiretap affidavit unless PSP obtains authorization by the judge who sealed the affidavit. PSP has advised OAG of POM's filing for any action it may deem appropriate.

Paragraph 11 of Haverstick's affidavit contends that former PSP Trooper Kelley's "undercover operation was commenced by PSP" and that it was not until later that the FBI "joined the operation."  To the contrary, the undercover operation involved an initial investigation of the Federal Bureau of Investigation ("FBI"), followed by an investigation of the Internal Revenue Service ("IRS").  As PSP advised this Honorable Court in its letter dated February 5, 2025, former PSP

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

Trooper Kelley became a Task Force Officer for the FBI and was operationally divorced from PSP for the duration of the FBI's undercover investigation. Accordingly, when Kelley left PSP and started employment with POM, he was solely working undercover at the direction of the FBI.

It was brought to PSP's attention that POM's counsel was specifically told by an Assistant United States Attorney that the AUSA could not categorize the investigation as a "joint investigation" because that would imply that PSP had some ability to exercise control or discretion involving the federal investigation, which PSP did not have. It was also confirmed in writing by the AUSA that "POM was never the 'target' of that investigation, merely a subject. Mr. Goodling was the target of the investigation." As to the source of the FBI investigation, or why it wanted former PSP Trooper Ryan Kelly as a TFO, it is up to the U.S. Attorney's Office and/or the FBI to disclose that information, not PSP. Regardless, it would not be appropriate for a PSP corporate representative to testify, in the instant matter, regarding any aspect of the federal investigation.

Paragraph 4 of POM's Motion makes reference to a "parallel investigation" of PSP involving POM, although it is unclear what is meant by that statement. If this is referencing the charges stemming from the 50th Statewide Investigating Grand Jury, the focus of the investigations, as referenced in the actual presentments, was on the conduct of **vendors and distributors** of illegal gambling machines and/or so-called "skill games." If Paragraph 4 is instead referencing seizures of POM's devices or affiliated administrative citations issued to licensees allowing patrons to gamble using POM's devices, those matters were not related in any way to Kelley's undercover work as a TFO for the FBI.[2]

---

[2]    It should be noted that the PSP seizure of POM devices in 2018 from a licensee in Bucks County (the Otter Street Grill), which ultimately resulted in POM filing its declaratory judgment action in 503 MD 2018, stemmed from an investigation of the licensed premises that began in August 2017 and was closed in October 2018, a year before Kelley started as a TFO for the FBI. POM was previously provided copies of that investigative file via discovery in 503 MD 2018.



COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

PSP reiterates its position that a PSP corporate representative cannot provide any testimony regarding the federal FBI or IRS investigations involving Goodling, as it is for the U.S. Attorney's Office and/or the FBI or IRS to disclose such information. Nor can a PSP corporate representative provide testimony regarding state grand jury investigations involving Goodling or any other individual unless such information is unsealed by court order.

This Honorable Court should encompass testimony related to the foregoing proceeding within a protective order preventing POM from inquiring into these sensitive and irrelevant matters.

PSP very much appreciates this opportunity to respond.

Very Truly Yours,

*s/ Nicole J. Boland*
Nicole J. Boland
Assistant Chief Counsel for Litigation
Pennsylvania State Police

cc: Counsel of record

4