# EXHIBIT 2

**James Otis Law Group, LLC** ————————————————
530 Maryville Center Drive, Suite 230, St. Louis, Missouri 63141

August 1, 2025

**VIA ELECTRONIC MAIL**

Robert Tintner, Esq.
Peter Buckley, Esq.
Nathan Huddell, Esq.
Fox Rothschild LLP

Dear Counsel:

I write to follow up on the issues raised in my August 22, 2024 letter. As explained in that letter, POM reached an agreement with third-party Richard Gmerek pursuant to which Mr. Gmerek agreed to search his email using certain ESI search parameters. For emails where Eckert personnel were senders or recipients, Mr. Gmerek agreed to produce a log of those emails in lieu of producing the emails themselves.

As noted in the August 2024 letter, POM compared Mr. Gmerek's log to Eckert's document productions and privilege logs, and we identified numerous relevant emails that appeared to be missing from Eckert's productions and/or logs. Contemporaneously with the August 2024 letter, we transmitted a version of Mr. Gmerek's log highlighting those emails that appeared to be missing from Eckert's productions and logs. The August 2024 letter specifically requested that Eckert produce or log all emails highlighted on that log.

The parties met and conferred several times regarding these issues. Our understanding is that, to resolve the issues addressed in the August 2024 letter, Eckert agreed to conduct additional searches using the same ESI search parameters as Mr. Gmerek had used. Over the course of several months, Eckert made several additional document productions and also produced an additional privilege log.

After reviewing Eckert's additional productions and logs,[1] it appears that there are still more than 1,600 emails from Mr. Gmerek's log that Eckert has neither produced nor logged. Contemporaneously with this letter, we are transmitting an updated version of Mr. Gmerek's log highlighting those emails still missing from Eckert's productions and privilege logs.

Among those missing emails are numerous communications with subject lines that explicitly reference POM and/or POM's "Pennsylvania Skill" trade name, including subject lines

---

[1] We also conducted further review of Eckert's prior productions and logs to ensure accuracy on our part.

such as "FW: POM PARX statement" (#210634.1);[2] "Re: Parx; POM actions – skill games" (#348890.1); "Re: [External] Re: Your press release on POM" (#60858.1); "Re: [External] Fwd: POM Skill Games – Update" (#262325.1); "POM – PSP's Answer" (#275823.1); "Re: [External] Fwd: Pace O Matic Lawsuit" (#30194.1); "Re: POM letter" (#243637.1); "RE: New POM Game in DC" (#63562.1); "Pace-O-Matic announces lawsuit against The Bar in Boalsburg" (224071.1); "RE: POM of Pennsylvania skills games" (#34411.1); "Re: Pace O Matic Media Buy info" (#7663.1); "Poms" (#12091.1); "Paceomatic" (#500290.1); "Meeting Updates and New Pace-O-Matic Lobbyist" (#352351.1); "RE: FRPOM Pace-O-Matic to senators: FW: Vote NO on VGT Bill" (#400871.1); "FW: PA skill website update" (#48338.1);  "Re: [External] FW: Pennsylvania Skill statement on casino industry comments about skill games during Feb. 24 state House Gaming Oversight Committee hearing (#603903.1); "RE: PA Lawmakers Say Regulating Pace-O-Matic Skill Games Would Benefit the State" (#532618.1); and so on.

We have tried to work productively with Eckert to resolve the issues raised by the August 2024 letter. The parties have met and conferred regarding these issues via telephone or videoconference at least four times, and the parties have also exchanged numerous emails. We also provided a detailed spreadsheet identifying with specificity emails encompassed by the issues raised in the August 2024 letter.

However, after nearly a year, Eckert has almost entirely failed to address the omissions raised by the August 2024 letter. More than a thousand highly relevant emails—all of which contain search terms narrowly tailored to the issues in this litigation—remain unaccounted for, including numerous emails that expressly address POM by name.

At this point, we feel that we have no option but to raise these issues with the Court. Resolution of this dispute poses a barrier to further progress in discovery in this case, as emails encompassed by this dispute are likely to be exhibits to any future depositions. Thus, we feel that we must seek resolution of these issues without further delay. As a result, we intend to submit a discovery dispute letter seven days from today. We are providing this notice in hopes that Eckert will moot the need for Court involvement in this dispute by producing or logging all emails highlighted on the Gmerek log prior to that date.

Respectfully,

Mike Martinich-Sauter

*Counsel for Pace-O-Matic, Inc.*

---

[2] These numbers correspond to the Control Numbers reflected on the Gmerek Log.