

2001 Market Street
Suite 1700
Philadelphia, PA 19103
215.299.2000  215.299.2150
www.foxrothschild.com

NATHAN HUDDELL
Direct No: 215.444.7166
Email: nhuddell@FoxRothschild.com

September 24, 2025

**VIA ECF**

The Honorable Jennifer P. Wilson, U.S.D.J.
United States District Court for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

Re:  *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, No. 1:20-cv-292-JPW (M.D. Pa.) – Response in Opposition to Plaintiff's Motion to Appoint Special Master

Dear Judge Wilson:

The undersigned represent defendants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin M. Skjoldal (collectively, "Eckert"). Eckert submits this letter in opposition to Plaintiff Pace-O-Matic Inc.'s ("POM") letter-motion to appoint a special master (ECF No. 477).

POM's motion is meritless and seeks to burden the parties and the Court with a needless (and expensive) detour. There is no actual substantive discovery dispute between the parties. Rather, POM demanded certain documents, Eckert agreed to produce them, and already has begun the process of doing so. There is no dispute for a special master to resolve and thus no reason to appoint one. In addition, because POM has not shown that there exist "matters that cannot be effectively and timely addressed by" the Court and/or a Magistrate Judge, POM has not satisfied the requirements for appointment of a special master under Rule 53. What's more, POM has not shown that it will suffer any prejudice absent the relief it seeks. In fact, POM continues to assert that it will not take any further depositions until the Third Circuit resolves a pending interlocutory appeal, a process that likely will take far longer than Eckert's production of the records at issue here. And finally, POM filed its motion in violation of this Court's rules requiring a pre-motion meet-and-confer. Instead, POM chose motion-by-ambush and rushed to Court without even *once* telling Eckert that it was interested in the appointment of a special master—a plain violation of the Local Rules that alone warrants denial of the motion. For these reasons more fully articulated below, the Court should deny POM's motion.

*First*, the Court should deny POM's motion because there is no actual substantive

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Massachusetts   Minnesota   Missouri
Nevada   New Jersey   New York   North Carolina   Oklahoma   Pennsylvania   South Carolina   Texas   Washington

September 24, 2025
Page 2

discovery dispute between the parties. POM does not—and cannot—assert that Eckert has refused to produce even one of the documents at issue. *See* Mot. *passim*. In fact, POM concedes that Eckert is taking steps "to be sure that they have collected the universe of relevant documents" and that Eckert has committed to producing *all* of the non-privileged and relevant documents at issue. *See id.* at 3. Thus, there is no actual dispute among the parties concerning those records. Indeed, nowhere in its motion does POM articulate any actual substantive discovery dispute between it and Eckert. Rather, POM demands appointment of a special master to "supervise the production" of documents Eckert already agreed to produce and to referee potential future "disputes [that may arise] relating to those documents." *Id.* at 3; *see also id.* ("POM anticipates that the parties may disagree"). But the potential for unspecified *future* "disagree[ments]" that "*may*" arise is not sufficient cause to warrant appointment of (and the expense associated with) a special master today. *See* FED. R. CIV. P. 53(a)(1)(C). Indeed, discovery in this matter has gone on for some time without the appointment of a special master and there is no reason to incur the expense of educating another person about this action—especially in the absence of any actual dispute.

*Second*, POM's motion fails because POM has not shown that there exist "matters that cannot be effectively and timely addressed by" the Court and/or a Magistrate Judge. *Id*. Indeed, as noted above, POM has not shown that there is *any* actual substantive discovery dispute between it and Eckert, much less one so complex that this Court and/or a Magistrate Judge could not timely and effectively adjudicate it—as the Court has done throughout this action. POM effectively concedes this point by failing to argue otherwise. Instead, POM cites three inapt cases that do not support its position. All three of those litigations were far larger and more procedurally complex than this case, which involves just four parties and relatively straightforward factual issues. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. MDL 1014, 1995 WL 925665, at *1 (E.D. Pa. Sept. 14, 1995) ("MDL action" in which "[o]ver 420 cases have either originated in, or been transferred to, this district, involving over 2,300 plaintiffs from 38 different states, . . . and it is expected that hundreds or possibly thousands of additional cases will follow a like course in the near future."); *In re Diet Drugs (Phentermine/fenfluramine/dexfenfluramine) Prods. Liab. Litig.*, No. MDL 1203, 2001 WL 497313, at *1, 3 (E.D. Pa. May 9, 2001) (pharmaceutical products MDL in which "18,010 users had filed lawsuits," to which "3,000 civil actions had been transferred," and in which "in excess of 6,000,000 documents" were produced); *In re Chambers Dev. Sec. Litig.*, 912 F. Supp. 822, 824, 827–28 (W.D. Pa. 1995) ("multidistrict class action securities litigation" settled via "three separate stipulations . . . which . . . will create a settlement fund in the neighborhood of $95 million").

Courts routinely deny Rule 53 motions for failure to show that a special master's appointment is necessary. *See, e.g.*, *Thomas v. Lawler*, No. 1:CV-10-2437, 2013 WL 3367488, at *6 (M.D. Pa. July 3, 2013) (denying motion for failure to show, *inter alia*, existence of "matters that cannot be effectively and timely addressed by an available district judge or magistrate judge in this district") (citing FED. R. CIV. P. 53(a)); *Highlander Holdings, Inc. v. Fellner*, No. 3:18-CV-1506-AHG, 2020 WL 3498174, at *9 (S.D. Cal. June 29, 2020) (denying motion because "[o]n the record before the Court, it is not at all clear that the issues that arose during Defendant Fellner's deposition 'cannot be effectively and timely addressed' by the Court, as necessary to justify such an appointment.") (quoting FED. R. CIV. P. 53(a)(1)(C)); *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17CV05554JSTTSH, 2019 WL 1855989, at *7 (N.D. Cal. Apr. 25, 2019) (same); *Toloza v.*

September 24, 2025
Page 3

*Ruiz*, No. 24-CV-22033, 2024 WL 5057623, at *2 (S.D. Fla. Nov. 19, 2024) ("[T]he appointment of a special master is unnecessary."). Because POM likewise has not shown the existence of any actual substantive discovery dispute, much less one that this Court and/or a Magistrate Judge cannot "effectively and timely address[]," this Court should deny POM's motion.

*Third*, POM has not shown that it will suffer any prejudice absent the relief it seeks. In fact, POM continues to assert that it cannot and will not take any further depositions until the Third Circuit resolves a pending interlocutory appeal filed by a non-party. *See* ECF No. 478 at 1 - 2 (POM's motion to amend scheduling order asserting that "Parx's appeal currently remains pending" and that "[w]ithout resolution of whether POM will receive the[] documents" at issue in that appeal, "POM has been unable to complete certain necessary depositions"). Because the resolution of that appeal likely will take much longer than Eckert's production of the remaining records at issue here, that appeal is the actual gating issue in this case and the cause of any delay that POM might face. Moreover, POM waited *more than four years* into this litigation to demand, for the first time, that Eckert use any particular search terms to identify responsive documents; Eckert has agreed to apply the new search terms POM requested and to produce all relevant, non-privileged documents responsive to those terms. Under these circumstances and considering POM's choice to delay depositions until the conclusion of the pending appeal, there is no meaningful prejudice to POM that would warrant the appointment of a special master to supervise production of documents Eckert has agreed to gather, review, and produce (subject to appropriate privilege withholding).

*Fourth*, POM violated this Court's rule and the Local Rules prohibiting motion-by-ambush. POM concedes that the parties conferred nearly a dozen times regarding Eckert's prior and forthcoming productions of the records at issue. Mot. at 2 n.2. Yet POM does not assert that during any of those conferences, POM even *once* mentioned the prospect of seeking appointment of a special master. *See id. passim*. That is because POM never did. Instead, POM chose to conceal the very existence of this purported dispute and to make no effort—much less a good faith effort—to resolve it without the Court's intervention. In so doing, POM violated both this Court's rules and the Local Rules. *See* LR 26.3 (requiring discovery movant's counsel to "confer[] with counsel for the opposing party *in a good faith effort* to resolve by agreement the issues raised by the motion without the intervention of the court" and to file a statement certifying same "together with a detailed explanation why such agreement could not be reached.") (emphasis added); MOTIONS, https://www.pamd.uscourts.gov/content/judge-jennifer-p-wilson (last visited Sept. 22, 2025) ("For all discovery disputes in civil matters, counsel is directed to confer with one another to attempt to resolve the dispute without court intervention."). Courts in this District often deny motions on this basis. *See Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 3:10-CV-1559, 2014 WL 1516152, at *3 (M.D. Pa. Apr. 15, 2014) ("In the absence of certification, or any other evidence, of a good faith effort to resolve these discovery disputes prior to seeking court intervention, the Court concludes that these motions must be denied . . . .") (citations omitted); *Lofton v. Wetzel*, No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 29, 2015) (same); *Manning v. Herman*, No. 1:13-CV-01426, 2016 WL 4991431, at *1 (M.D. Pa. Sept. 19, 2016) (same). This Court should do the same here.

For all of these reasons, Eckert respectfully requests that the Court deny POM's motion.

September 24, 2025
Page 4

Respectfully submitted,

*/s/ Nathan Huddell*
Nathan Huddell

cc:   All counsel of record (via ECF)