# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| Plaintiff, | : | |
| v. | : | |
| ECKERT, SEAMANS CHERIN & MELLOTT, LLC, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

On September 19, 2025, Plaintiff, Pace-O-Matic, Inc. ("POM"), submitted a discovery-dispute letter, which asks the court to appoint a special master pursuant to Federal Rule of Civil Procedure 53 to address a purported discovery dispute between POM and Defendant Eckert, Seamans Cherin & Mellott, LLC ("Eckert").[1] (Doc. 477.) Eckert filed a responsive letter on September 24, 2025.[2] (Doc. 480.) This order addresses these letters.

---

[1] POM filed its letter as a "motion [for] appointment of special master." (Doc. 477.) This was improper and contrary to the court's civil practice order. (*See* Doc. 308, ¶ 10 ("Prior to filing a motion to compel or any other type of discovery-related motion, the moving party must utilize [the] procedure [in this paragraph] and request leave of court.").) POM knows this. POM has plenty of practice invoking the court's procedure for resolving discovery disputes. Accordingly, the court corrected the title of POM's letter on the docket.

[2] Because POM filed its letter as a motion, Eckert understandably filed its letter as a brief in opposition. (Doc. 480.) The court corrected the title of Eckert's letter to reflect that POM's letter is not a motion.

1

In summary, POM has discovered deficiencies in Eckert's prior productions of email communications and associated privilege logs. (Doc. 477, p. 1.)[3] It made this discovery by comparing those productions against a document produced by non-party Richard Gmerek, which identified many emails involving Eckert personnel that Eckert had not previously produced or identified as privileged. (*Id.*) POM notified Eckert of the deficiencies, *id.* at 1–2, and Eckert has been working to address them, Doc. 480, p. 1. Nevertheless, POM wants a special master to oversee Eckert's collection and production of these emails and to resolve privilege disputes that may arise therefrom. (Doc. 477, p. 3.)

The court starts with the procedural. Counsel must confer in a good-faith effort to resolve discovery disputes before filing either a discovery-dispute letter, Doc. 308, ¶ 10, or a discovery motion, M.D. Pa. L.R. 26.3. Eckert's counsel avers that POM's counsel never conferred with them about POM's request for appointment of a special master. (Doc. 480, p. 3.) POM's counsel makes no representation to the contrary. POM's counsel may have conferred with Eckert's counsel regarding the email-production issues, Doc. 477, p. 2 n.2, but they were required to specifically confer regarding the special-master request before filing the instant letter. POM's counsel has enough experience raising discovery disputes with this court that the failure to confer before making this request is indefensible.

---

[3] For ease of reference, the court uses the page numbers from the CM/ECF header.

Given this blatant procedural failure, the court is hesitant to address the merits of the underlying dispute. Nevertheless, the court's interest in judicial economy counsels the undersigned to do so, given the strong likelihood that otherwise this dispute will be back in front of the court in short order. But, make no mistake. The court will not permit, as Eckert calls it, "motion-by-ambush." (Doc. 480, p. 3.) Any future failure to comply strictly with this court's civil practice order or the local rules will not be tolerated. In any event, because POM's request is being denied, there is no prejudice to Eckert in the "motion-by-ambush."

Turning to the merits, POM's request is denied because it is premature. POM seeks appointment of a special master pursuant to Rule 53(a)(1)(C). That rules states, "a court may appoint a master . . . [to] address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). At the present juncture, there are no "matters" that must be "addressed" by any judicial officer. POM has requested the production of additional communications from Eckert. Eckert has represented to the court that it is willing and working to produce the responsive materials that are relevant and not privileged. (Doc. 480, p. 1–2.) Nowhere in their respective letters do POM or Eckert state that Eckert has yet refused to produce the remaining requested communications. Given this, the court discerns no ripe discovery dispute between the parties.

## CONCLUSION

For the reasons stated above, POM's request for appointment of a special master is **DENIED WITHOUT PREJUDICE**. The court will take no further action on POM's discovery-dispute letter dated September 19, 2025. (Doc. 477.)

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 29, 2025