# GA BIBIKOS LLC
relentless. advocacy. period.

**VIA ECF**

George A. Bibikos
(717) 580-5305
gbibikos@gabibikos.com
www.gabibikos.com

The Honorable Jennifer P. Wilson
U.S. District Court for the Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 North 6th Street, Harrisburg, PA 17102

April 7, 2026

Re:     *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellot, LLC et al.*, No. 1:20-cv-292-JPW; Notice of Third Circuit
        Ruling; Request to Maintain Stay; Request for Status Conference

Dear Judge Wilson:

I represent Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"). By order dated July 3, 2024, the Court directed Parx to provide notice within 14 days of the Third Circuit's resolution of Parx's non-party appeal from the Court's disclosure order at Docs. 383 and 398.  The Third Circuit dismissed Parx's non-party appeal in a non-precedential, unpublished opinion for lack of jurisdiction but, critically, did not reach the merits of the privilege issue. Parx moved for panel and/or *en banc* rehearing on the jurisdictional issue, but a majority did not vote in favor. The Third Circuit issued its mandate on April 1, 2026, and the time for petitioning the Supreme Court for *certiorari* to the Third Circuit has not yet expired. As directed, Parx now provides notice to this Court as to the Third Circuit's resolution of the appeal.

Although the Third Circuit may have resolved the appeal on procedural grounds, the non-party privilege issue on the merits is not resolved.  In fact, Parx continues to weigh its options as to next steps in protecting documents that should be shielded from discovery by the attorney-client privilege. Despite this, Parx believes that an amicable resolution can be achieved and therefore requests a status conference with counsel for the parties and with the Court to discuss such a possibility. If acceptable to Your Honor, Parx requests that the status conference be scheduled in the coming weeks in an attempt to find a speedy resolution to the issues surrounding these documents.

In the meantime, because of the unique procedural posture of this matter,[1] and because of language included in the Third Circuit's opinion, Parx has prepared a protective mandamus petition pursuant to the All Writs Act, 28 U.S.C. § 1651.  In doing so, Parx will request that the Third Circuit review the merits of the privilege issue, which has not yet been addressed by that court.

Given the importance of the privilege issue and the fact that it may be lost forever without a stay and without further review, Parx is prepared to file this mandamus petition and would request a further stay in that circumstance either from this Court or from the Third Circuit in order to avoid irreparable harm. *See, e.g., United States v. Keystone Sanitation Co.*, 885 F. Supp. 672, 678 (M.D. Pa. 1994); *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587,

---

[1] Parx has pursued and exhausted all available appellate procedures before pursing mandamus relief, as required by the case law, to have the Third Circuit review this Court's disclosure order on the merits (including a request to certify the order for interlocutory appeal pursuant to 28 U.S.C. 1291(b), which this court denied, and a direct appeal under *Perlman v. United States*, 247 U.S. 7 (1918), which the Third Circuit dismissed on jurisdictional grounds). Parx therefore has no available appellate relief. *See Hahnemann University Hospital v. Edgar*, 74 F.3d 456, 460-462 (3d Cir. 1996) ("Given its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal."). Parx also has no right to appeal following a final judgment in this litigation because it is not a party.



591 (3d Cir. 1984) ("When a district court orders production of information over a litigant's claim of a privilege not to disclose, appeal after a final decision is an inadequate remedy, for compliance with the production orders complained of destroys the right sought to be protected. ... [T]o delay review in such cases is to deny it altogether.") (cleaned up).

The threat to Parx without a stay is particularly strong in this case. POM almost certainly will disseminate documents it receives in this case for improper purposes – *i.e.*, to use in other cases involving POM's illegal gambling machines, to use in the press, and otherwise to disseminate in the public domain – all to Parx's detriment. POM's intent is obvious. It has repeatedly attempted to de-designate confidential documents in this case in an attempt to use them improperly, as this Court has expressly acknowledged. *See* Doc. 452 ("Finally, the court takes note that POM failed to respond meaningfully to the contention it would use the Task List [a confidential document in this case] in the press. Such silence is telling. This factor weighs strongly in favor of Gmerek and Parx.").

Perhaps even more egregious, one of POM's lawyers already has publicly discussed – in open court in a wholly unrelated case involving the murder of a convenience store clerk – the very confidential document that is subject to Your Honor's order denying POM's request to de-designate it:

> *There is, through other litigation that I'm involved in, a plan, it's a written plan to -authored by the casino industry to contact district attorneys, to contact other groups, to contact police . . . it was, like I said, a plan that became -- that was in discovery in another case, a different case, where they had the name of the plan was "Kill Skill", and it's discovery in other cases.*

*See* Statement of POM's Counsel, Tab "A," at 81.

Clearly, Parx has every reason to be concerned about the protection of its privilege and is willing to continue to assert its privilege via every available avenue, including mandamus. After all, the Court's interlocutory decision on privilege in this case – although unreported and non-binding – may undermine Parx's ability to press privilege objections on similar bases in other pending and future cases. Parx therefore has no choice but to continue to seek a decision on the merits as it pertains to the privileged nature of the documents in question.

That being said, Parx is cognizant of the fact that all involved parties, and the Court, desire for this non-party privilege dispute to end. Parx has, unfortunately, been thrust into this yearslong dispute between the parties in the case and has been forced to engage in a fight which may no longer be necessary if the parties, the Court, and Parx can find common ground regarding these documents.

To address all these concerns and to give the parties sufficient time to discuss the possibility of resolution, Parx requests that the Court (1) stay production of the documents; and (2) schedule a status conference to discuss a framework that could obviate the need for Parx to pursue mandamus or other relief, including a discussion of the Court's opinion and terms for (a) possible disclosure of the documents at issue for purposes of this litigation only; (b) preserving Parx's privilege objections for purposes of this and other pending or future cases in state or federal court; and (c) preserving Parx's right to appeal the disclosure order after a final judgment despite its non-party status. If the Court and parties agree to a framework that addresses the concerns of the Court and parties and Parx, Parx would agree to forgo the mandamus petition without prejudice such that there would be no need to stay the production of these documents at issue any longer.

Parx acknowledges that any attempt to resolve the privilege dispute may be unusual in some respects and requires discussion with and approval from clients and ultimately the Court. However, Parx desires to bring closure to this privilege dispute without further litigation if possible provided there are reasonable measures in place to protect its non-party interests. Parx firmly believes that the Court and counsel are equipped to craft a solution in a manner acceptable to all involved.



Thank you for your consideration of this letter.

**GA BIBIKOS LLC**

George A. Bibikos

Enclosures

c:      Counsel (via ECF)