1

THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

- - -

EDWARD M. BIGGIN,            :
ESQUIRE, as                  :
Administrator of the         :
Estate of ASHOKKUMAR         :
PATEL, deceased,             :

        PLAINTIFF(S),        :
                             :
    vs.                      :    NOVEMBER TERM, 2022
                             :
MIELE MANUFACTURING,         :
INC., et al.,                :
                             :        NO. 01639
                             :
        DEFENDANT(S),        :
                             :
    vs.                      :
                             :
JAFET DEJESUS RODRIGUEZ,     :
                             :
        ADDITIONAL DEFT.     :

- - -

November 4, 2025

- - -

COURTROOM 443
CITY HALL
PHILADELPHIA, PENNSYLVANIA

- - -

BEFORE:  THE HONORABLE, CAROLINE TURNER, J.

(And a Jury)

- - -
TRIAL
*Day 2*
*AM SESSION*
- - -

*TRIAL - DAY 2 - AM SESSION*

*EDWARD BIGGIN, ESQ. Vs. MIELE MANUFACTURING, INC., ET AL*

2

APPEARANCES:

SALTZ MONGELUZZI & BENDESKY
BY:   ROBERT ZIMMERMAN, ESQ.
      JOHN LANG, ESQ.
      LARRY BENDESKY, ESQ.
650 Market Street
52nd Floor
Philadelphia, PA 19103
(215)575-2986
rzimmerman@smbb.com
COUNSEL FOR THE PLAINTIFFS


McCORMICK LAW FIRM
BY:   MARK F. LOVECCHIO, ESQ.
835 West Fourth Street
Williamsport, PA 17701
(570) 326-5131
Mlovecchio@mcclaw.com
COUNSEL FOR THE DEFENDANT, MIELE MANUFACTURING, INC.


McMONAGLE, PERRI, McHUGH, MISCHAK & DAVIS
BY:   BRIAN J. McMONAGLE, ESQ.
      WILLIAM DAVIS, ESQ.
1845 Walnut Street
19th Floor
Philadelphia, PA 19103
(215)981-0999
bmcmonagle@mpmpc.com
COUNSEL FOR THE DEFENDANTS, PACE-O-MATIC and POM OF
PENNSYLVANIA

*TRIAL - DAY 2 - AM SESSION*

*EDWARD BIGGIN, ESQ. Vs. MIELE MANUFACTURING, INC., ET AL*

3

INDEX

PLAINTIFFS' EVIDENCE

WITNESS                                                    PAGE

FRANK FINA

Direct Examination By Mr. Davis                           6

As If On Recross-Examination By Mr. Zimmerman             43

Redirect Examination by Mr. Davis                         94

                        - - -


BHAVESH PATEL

(Video Testimony)                                         95


                        - - -


LOUIS D. MIELE

As of Cross-Examination Mr. Lang                          96

*TRIAL - DAY 2 - AM SESSION*

the letter, but you can't actually ask him about that letter. Okay?

MR. ZIMMERMAN: I cannot?

THE COURT: No.

MR. ZIMMERMAN: Okay.

THE COURT: Not directly that it's from the DA. You can ask about whether he's seen any letters, seen any complaints, seen anything. He's already said he didn't hear of anything.

MR. ZIMMERMAN: Your Honor, I wrote my question down to avoid it being vague. The court reporter has it. And I think just to refresh everyone's memory, it would be good to know exactly what I asked and what he answered with the follow-up. I believe it is crystal clear that he -- entirely was the word -- entirely attributes the news stories and public comments that skill games are a risk to the community on the casino industry, entirely.

MR. LOVECCHIO: Can I add?

THE COURT: Yes, you can, if you use the microphone.

MR. LOVECCHIO: The Court's not aware

of this, and I think the Court is making some presumptions about him lying. There is, through other litigation that I'm involved in, a plan, it's a written plan to -- authored by the casino industry to contact district attorneys, to contact other groups, to contact police.

So I'm not so sure Mr. Fina is lying here. And the point being that he does attribute it all to the casino industry, because this -- it was, like I said, a plan that became -- that was in discovery in another case, a different case, where they had the name of the plan was "Kill Skill", and it's discovery in other cases.

MR. ZIMMERMAN: Your Honor, if you want to talk about another case, Philadelphia banned these skill games, and --

THE COURT: By the ordinance.

MR. ZIMMERMAN: By the ordinance. And POM hired a law firm, who is represented -- who was representing POM in this case to have an operator sue the City so that that ordinance banning the skill games would be retracted. They have paid for a

lawyer from the firm who has been handling POM's case throughout this litigation before Mr. Davis and Mr. McMonagle entered their appearance. And they represent an operator. There were three days of public testimony over the safety of this skill game.

For Mr. Fina to claim that he is aware of none of those issues, that he's not aware of the three days of public hearings about the safety of these machines in Philadelphia, that he's not aware of the same firm that they have chosen -- they are paying their lawyers out of their own pocket, there is not insurance money for this -- the lawyers that they chose sued the city. GMB Amusements, LLC, an operator, sued the City of Philadelphia, same law firm.

So, you know, if we are talking about -- not Mr. Davis' firm. I want to make that very clear.

But, you know, how far are we going to allow this to go?

THE COURT: So that wasn't instigated by the casino industry?

MR. LOVECCHIO: Excuse me, Your

Honor.

THE COURT: Those public hearings weren't instigated by the casino industry, were they?

MR. LOVECCHIO: Well, the question is whether Mr. Fina believes they were initiated by the casino industry.

MR. McMONAGLE: Once we start peeling back the onion, who's donated to who, how much money the casinos are putting into the packs, that's what I was telling everybody yesterday.

THE COURT: You did warn us.

MR. McMONAGLE: We are going to have a trial over a trial over -- and the issue here is in 2020 what did they know and what did they do? That's this case. Either they are responsible as a software engineer for not doing what they say they should have done, or we win, that's it. I mean, we are now down the rabbit hole, what Frank Fina, who wasn't even in their employ in 2020, knows now, that's where we are. It's absurd, respectfully, it's absurd. It's a central issue in this case. And now we're going to