# HUSCH BLACKWELL

Michael P. Nolan
Partner
Direct: 314.480.1770
michael.nolan@huschblackwell.com

April 13, 2026

Hon. Jennifer P. Wilson
U.S. District Court for the Middle District of Pennsylvania

> **Re:** ***Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC***
> **No. 1:20-cv-00292-JPW (M.D. Pa.)**

Dear Judge Wilson

This discovery dispute commenced in May 2023, nearly three years ago. This Court ordered the production of 120 documents in April 2024, nearly two years ago. *See* ECF No. 383 (the "Disclosure Order"). With the Third Circuit having rejected Parx's improper appeal of the Disclosure Order, Parx now threatens to file a mandamus petition unless the Court enters a stay and convenes "a status conference to discuss a framework that could obviate the need for Parx to pursue mandamus or other relief." ECF No. 488 at 2. Parx has identified no basis for this relief.

    **I.    Parx has identified no basis for a stay.** Parx's request for a stay appears to be premised on the possibility that it may file a mandamus petition challenging the Disclosure Order.[1] But the mere filing of a mandamus petition does not warrant a stay. "A stay is an intrusion into the ordinary processes of administration and judicial review and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (cleaned up). For that reason, a party seeking a stay pending resolution of a mandamus petition must satisfy a four-part test based on "(1) whether [Parx is] sufficiently likely to obtain mandamus relief; (2) whether [Parx] would suffer irreparable injury absent a stay; (3) whether a stay would substantially injure [POM]; and (4) where the public interest lies." *In re Citizens Bank, N.A.*, 15 F.4th 607, 615 (3d Cir. 2021). Parx does not even acknowledge the applicable legal standard, let alone demonstrate that the application of this standard warrants a stay here. That standard does not authorize a stay here.

First, it is exceedingly unlikely that Parx could obtain mandamus relief if it were to file a petition. Parx's privilege arguments rest on the contention that *all* legislative advice *necessarily* constitutes legal advice. As POM's prior briefing demonstrates, no authority supports this position, nor do the policies underlying the attorney-client privilege. Indeed, key cases cited by Parx directly contradict Parx's absolutist approach. *See, e.g.*, *Harrington v. Freedom of Info. Comm'n*, 144 A.3d 405, 419 (Conn. 2016). Thus, Parx cannot demonstrate that this Court committed any error at all.

But Parx would have to do far more than demonstrate mere error in order to obtain mandamus relief. "The writ of mandamus is an extreme remedy reserved for only the most extraordinary situations." *In re Abbott Labs.*, 96 F.4th 371, 379 (3d Cir. 2024) (quotation omitted).

---

[1] Parx also alludes to the possibility that it may seek Supreme Court review of the Third Circuit's jurisdictional decision. But Parx does not acknowledge the standard applicable to stays pending the resolution of a petition for writ of certiorari, nor does Parx argue that it could satisfy that standard. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (setting out the relevant standard).

# HUSCH BLACKWELL

"Mandamus petitions are subject to a stringent standard of review—in order to grant mandamus relief, an appellate court must find a *clear legal error . . . .*" *Delalla v. Hanover Ins.*, 660 F.3d 180, 183 n.2 (3d Cir. 2011) (emphasis added; quotation omitted). Parx plainly cannot meet that standard.

Notably, Parx previously represented to this Court that its privilege argument presents "a case of first impression" based on issues "that the courts in this Circuit and the Pennsylvania state courts have not squarely addressed." ECF No. 388 at 25, 24. This concession alone would defeat mandamus relief. In *Abbott Laboratories*, the Third Circuit considered whether to grant mandamus relief regarding an order compelling the production of allegedly privileged documents. 96 F.4th at 375, 378. The privilege holder disputed that "sham litigation" could trigger the crime-fraud exception to the attorney-client privilege. *Id.* at 378, 380-82. The Third Circuit denied mandamus relief, emphasizing that the privilege holder's argument did not rest on any "binding authority." *Id.* at 380. The Third Circuit explained that, "[w]ithout such authority, mandamus petitioners do not come close to demonstrating that the District Court committed a clear error or an abuse of discretion." *Id.* (quotation omitted). Here, Parx has already conceded that no binding authority supports its novel privilege arguments. *See* ECF No. 388 at 24, 25. Thus, like the petitioner in *Abbott Laboratories*, Parx simply cannot satisfy the stringent mandamus standard.

Setting aside the absence of a clear error, the Third Circuit likely would deny Parx's threatened mandamus petition as untimely. "As with all remedies that are governed by equitable principles, mandamus must be sought with reasonable promptness." *United States v. Olds*, 426 F.2d 562, 565-66 (3d Cir. 1970) (denying as untimely mandamus petition filed less than three months after adverse ruling). Here, Parx's mandamus petition would be filed nearly two years after the Disclosure Order, far longer than the three- to five-month delays that courts have found make a mandamus petition untimely. *See, e.g.*, *id.*; *In re Telular Corp.*, 319 F. App'x 909, 911 (Fed. Cir. 2009); *United States v. Braasch*, 542 F.2d 442, 444 (7th Cir. 1976). Parx cannot justify its delay by pointing to the pendency of its improper direct appeal. Parx could have asked the Third Circuit to construe its notice of appeal as a mandamus petition in the alternative. *See, e.g.*, *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 920 F.2d 1127, 1133 (3d Cir. 1990). Or it could have filed a protective mandamus petition alongside its notice of appeal. *See, e.g.*, *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 351, 353, 357 (3d Cir. 1993) (where party filed both notice of appeal and mandamus petition, the Third Circuit consolidated the two matters, concluded that it lacked direct appellate jurisdiction, and resolved the dispute under mandamus review). But Parx opted not to pursue either of these paths, despite the fact that it has been on notice of the risk that the Third Circuit might dismiss the direct appeal for lack of jurisdiction. Indeed, on the same day that Parx filed its notice of appeal, POM filed a motion to dismiss the appeal arguing that mandamus was the proper way to seek appellate review of the Disclosure Order. Now, two years later, it is simply too late for Parx to seek the extraordinary remedy of mandamus relief. *Olds*, 426 F.2d at 565-66. Parx is extremely unlikely to obtain mandamus relief, making a stay inappropriate.

Second, Parx cannot demonstrate the risk of irreparable harm absent a stay. In the unlikely event that the Third Circuit were to grant mandamus relief, this Court could remedy any harm associated with the interim disclosure of the documents at issue. For example, the Court could "ameliorate any harm by imposing protective conditions on the use of the evidence and testimony or requiring the destruction and/or return of the documents." *JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *2 (6th Cir. Sept. 14, 2018) (denying stay of disclosure order pending appeal, finding that there was no risk of irreparable harm); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 112 (2009) (holding that interlocutory appeals of privilege issues are

Husch Blackwell LLP

## HUSCH BLACKWELL

not necessary, because "protective orders are available to limit the spillover effects of disclosing sensitive information"); *Rubin v. United States*, 524 U.S. 1301, 1301-02 (1998) (Rehnquist, C.J., in chambers) (denying stay of order compelling allegedly privilege documents, and rejecting argument that "any privileged information would be lost forever" absent a stay). Parx does not face the risk of any irreparable harm absent a stay.

As described above, Parx cannot satisfy either of the first two stay requirements. Those two requirements "are the most critical." *Citizens Bank*, 15 F.4th at 616 (quotation omitted). Moreover, the remaining factors also cut against Parx's request. A stay while Parx pursues a futile mandamus petition would prevent the parties from resuming discovery, which has largely been dormant due to the pendency of Parx's appeal. Further, indefinite delay in the resolution of this case both harms POM and undermines "the public's interest in expeditious resolution of litigation." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quotation omitted). The Court should deny Parx's request for a stay.

**II.     Parx has not demonstrated any need to schedule "a status conference to discuss a framework that could obviate the need for Parx to pursue mandamus or other relief."** ECF No. 488 at 2. Parx's request for a status conference is both inefficient and unnecessary. On the first point, the Court conducted a status conference on March 25. Parx was on notice of that conference; its counsel is entered in this case and presumably received the ECF notice setting that hearing. The Third Circuit denied Parx's en banc petition prior to the status conference. Thus, had Parx wished to discuss a "framework" for responding to the Third Circuit's ruling, it could and should have done so at the March 25 status conference. Parx's request for another status conference will simply cause further delay and burden both the Court and the parties.

Moreover, it is entirely unclear what Parx believes would be accomplished at another status conference. Parx already has mechanisms to achieve each of the core components of its proposed "framework." First, the Court's protective order already restricts the use of materials properly designated as "Confidential" to this litigation or ancillary proceedings associated with it. ECF No. 196, at 6. Second, complying with this Court's disclosure order does not amount to a waiver of Parx's attorney-client privilege over other documents or in other litigation. *Newmark Grp., Inc. v. Avison Young (Canada) Inc.*, No. 2:15-cv-531, 2020 WL 5514156, at *7 (D. Nev. Sept. 14, 2020) ("[I]f a party withholds a document from disclosure on the basis of privilege and, on motion of its adversary, the Court holds that the document is not privileged, the resulting disclosure of the document will not be deemed a waiver of privilege"). That is especially true since it would be *Eckert*—not Parx—complying with this Court's order, and only a client can waive the attorney-client privilege. *Haines v. Liggett Grp. Inc.*, 975 F.3d 81, 90 (3d Cir. 1992). Finally, Parx already has the ability to pursue a post-judgment appeal of the privilege issue: it can intervene for the limited purpose of asserting its privilege, *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001), and as an intervenor it would have the right to appeal a final judgment, *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375-76 (1987). Thus, conducting a status conference will serve no purpose, because Parx can already achieve what it claims to seek.

For the foregoing reasons, the Court should not stay the disclosure order pending the resolution of Parx's as-yet-unfiled mandamus petition. Nor should the Court schedule a new status conference. Instead, POM respectfully requests that the Court set a specific deadline by which Eckert must comply with the Court's disclosure order. Only such an order will allow the parties to recommence discovery and move this litigation toward completion.

# HUSCH BLACKWELL

Respectfully,

HUSCH BLACKWELL LLP

Signed by:

*Michael P. Nolan*

26B3F13A1515401...

Michael P. Nolan

Husch Blackwell LLP